

# Lovtidende A

## 2019

**Udgivet den 13. september 2019**

10. september 2019.                                                                                  Nr. 938.

## Bekendtgørelse af lov om rettens pleje

Herved bekendtgøres lov om rettens pleje, jf. lovbekendtgørelse nr. 1284 af 14. november 2018, med de ændringer, der følger af § 1 i lov nr. 1540 af 18. december 2018, § 2 i lov nr. 1541 af 18. december 2018, lov nr. 1544 af 18. december 2018, § 15 i lov nr. 1711 af 27. december 2018, § 2 i lov nr. 1719 af 27. december 2018, § 2 i lov nr. 329 af 30. marts 2019, lov nr. 370 af 9. april 2019, § 1 i lov nr. 463 af 29. april 2019, lov nr. 485 af 30. april 2019, § 5 i lov nr. 497 af 1. maj 2019 og § 2 i lov nr. 505 af 1. maj 2019.

Den bekendtgjorte lovtekst vedrørende § 186, stk. 2, 3. pkt., og stk. 3-6, træder i kraft efter justitsministerens nærmere bestemmelse, jf. § 106, stk. 3, i lov nr. 538 af 8. juni 2006 om ændring af retsplejeloven og forskellige andre love (Politi- og domstolsreform).

Den bekendtgjorte lovtekst vedrørende § 130 a og § 143, stk. 11, træder i kraft efter justitsministerens nærmere bestemmelse, jf. § 8, stk. 2, i lov nr. 505 af 12. juni 2009 om ændring af lov for Færøerne om rettens pleje og forskellige andre love (Behandling af værgemålssager, ajourføring af regler om advokaters virksomhed, digital-, tele- og videokommunikation, afskaffelse af hæftestraffen m.v.).

Den bekendtgjorte lovtekst vedrørende § 116 b træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 5 i lov nr. 715 af 25. juni 2010 om ændring af lov om Det Centrale Dna-profil-register, retsplejeloven og lov om registrering af køretøjer (Udveksling af oplysninger om dna-profiler, fingeraftryk og køretøjer med stater uden for Den Europæiske Union).

Den bekendtgjorte lovtekst vedrørende § 8, stk. 6, § 13, stk. 5, § 27 b og § 79, stk. 4, træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2 i lov nr. 1621 af 26. december 2013 om ændring af retsplejeloven (Sikkerhed i retssale).

Den bekendtgjorte lovtekst vedrørende § 225, stk. 2, § 225 a, § 254 a, stk. 2, og § 411, stk. 5, træder i kraft på det tidspunkt, erhvervsministeren fastsætter, jf. § 3, stk. 1, i lov nr. 551 af 2. juni 2014 om en fælles patentdomstol m.v.

Den bekendtgjorte lovtekst vedrørende § 330, stk. 2, træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2, stk. 2, i lov nr. 710 af 8. juni 2018 om ændring af retsplejeloven (Vidneudelukkelse for patentrådgivere, obligatorisk digital selvbetjening ved ansøgning om fri proces m.v.).

Den bekendtgjorte lovtekst vedrørende § 368, stk. 5, 2. og 3. pkt., træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2, stk. 2, i lov nr. 370 af 9. april 2019 om ændring af retsplejeloven (Sagsomkostninger til statslige myndigheder, indførelse af adgang til at klage over advarsler meddelt dommere og dommerfuldmægtige m.v.).

**Første bog.**

**Domsmagten m.m.**

———————

**Første afsnit.**

**Domstolenes ordning**

Kapitel 1

*Retterne*

**§ 1.** De almindelige domstole er Højesteret, landsretterne og byretterne samt Sø- og Handelsretten og Tinglysningsretten.

*Stk. 2.* Denne lovs regler finder alene anvendelse på rettens pleje ved de almindelige domstole, medmindre andet er bestemt i denne eller anden lov.

*Stk. 3.* Militære straffesager behandles efter militær retsplejelov.

**§ 1 a.** Den Særlige Klageret behandler og påkender
1) begæringer om genoptagelse af en straffesag, jf. kapitel 86,
2) kæremål vedrørende udelukkelse af en forsvarer, jf. § 737,
3) klager, der henvises efter § 48,
4) klager over advarsler meddelt efter § 48,

5)   sager om suspension, disciplinærforfølgning og afsked på grund af sygdom i de i §§ 49, 49 a, 50 og 55 nævnte tilfælde,

6)   sager efter § 51 f om afsked før tilkaldeperiodens udløb,

7)   sager efter § 54 a om afsked og ændring af tjenestested og

8)   sager om afsættelse af medlemmer af Domstolsstyrelsens bestyrelse, jf. § 6, stk. 3, i lov om Domstolsstyrelsen.

*Stk. 2.* Klageretten består af 5 medlemmer, der efter indstilling af justitsministeren beskikkes af kongen for en periode på 10 år. Rettens medlemmer kan kun afsættes ved dom. Et medlem udtræder, når betingelserne for medlemmets beskikkelse bortfalder. Beskikkelsen ophører senest ved udgangen af den måned, hvori den pågældende fylder 70 år. Genbeskikkelse kan ikke finde sted.

*Stk. 3.* Klagerettens medlemmer skal være en højesteretsdommer (Klagerettens formand), en landsdommer og en byretsdommer, der beskikkes efter indstilling til justitsministeren fra henholdsvis Højesteret, landsretterne og Den Danske Dommerforening, samt en advokat, der beskikkes efter indstilling til justitsministeren fra Advokatrådet, og en universitetslærer i retsvidenskab eller anden jurist med særlig videnskabelig uddannelse.

*Stk. 4.* For hvert af rettens medlemmer beskikker kongen efter tilsvarende regler som for vedkommende medlem en første- og andensuppleant. Suppleanterne tiltræder om nødvendigt retten, således at førstesuppleanten går forud for andensuppleanten.

*Stk. 5.* Klagerettens sekretariatsopgaver udføres af Højesteret efter aftale mellem Højesterets præsident og Klagerettens formand.

**§ 2.** Højesteret er øverste domstol for hele riget. Den har sit sæde i København og består af en præsident og 15 andre højesteretsdommere.

*Stk. 2.* Præsidenten er ansvarlig for varetagelsen af de bevillingsmæssige og administrative forhold, der er henlagt til embedet. Præsidenten skal herunder sørge for en forsvarlig og hensigtsmæssig drift af embedet og skal tage de fornødne initiativer til sikring heraf.

*Stk. 3.* I præsidentens sted træder i fornødent fald den efter embedsalder ældste af rettens tilstedeværende dommere.

**§ 3.** I afgørelsen af sager ved Højesteret deltager, medmindre andet er bestemt, mindst 5 dommere. Præsidenten træffer efter forhandling med rettens medlemmer bestemmelse om sagernes fordeling mellem dommerne og om sagernes administrative behandling. Er i en sag det nødvendige antal højesteretsdommere ikke til rådighed, kan præsidenten tilkalde en eller flere landsdommere til at deltage i sagens behandling.

*Stk. 2.* Når præsidenten ikke deltager i behandlingen af en sag, beklædes formandspladsen af den dommer, præsidenten efter forhandling med rettens medlemmer udpeger dertil.

*Stk. 3.* Efter rettens nærmere bestemmelse kan følgende afgørelser træffes af udvalg, der består af mindst 3 dommere, og som sammensættes af præsidenten efter forhandling med rettens medlemmer:

1)   Beslutninger og kendelser, der ikke træffes under hovedforhandlingen i domssager,

2)   i borgerlige sager domme, hvorved anke afvises, domme i sager, hvor indstævnte møder uden at rejse indsigelse, og domme, hvorved der alene tages stilling til spørgsmål om sagsomkostninger, og

3)   domme i kæresager.

*Stk. 4.* I det omfang retten finder det formålstjenligt, kan et enkelt af medlemmerne handle på udvalgets vegne. I vedtagelsen af domme og kendelser bortset fra kendelser om afvisning af kæremål skal dog alle udvalgets medlemmer deltage.

**§ 4.** Fuldmægtige ved Højesteret kan optage bevis, i det omfang Højesteret bestemmer det, jf. § 340, stk. 3.

*Stk. 2.* For at kunne give møde for anden advokat i bevisoptagelse efter stk. 1 skal en advokat have møderet for Højesteret, jf. § 134.

*Stk. 3.* Klage over afgørelser truffet under bevisoptagelse efter stk. 1 fremsættes over for Højesteret. Fristen for klage er 2 uger efter, at afgørelsen er truffet. Afgørelse af klagen sker ved kendelse.

**§ 5.** Der skal være to landsretter: Østre Landsret og Vestre Landsret. Under Østre Landsret hører Øerne, og under Vestre Landsret hører Jylland.

*Stk. 2.* Østre Landsret, der har sit sæde i København, består af en præsident og mindst 56 andre landsdommere. Vestre Landsret, der har sit sæde i Viborg, består af en præsident og mindst 36 andre landsdommere.

*Stk. 3.* For at give mulighed for, at landsdommere kan overgå til ansættelse på deltid, jf. § 51 a, kan der udnævnes yderligere op til 4 landsdommere. Ved ledighed i en dommerstilling ved en landsret, hvor der er udnævnt en eller flere yderligere dommere efter 1. pkt., bestemmer Domstolsstyrelsen, om stillingen skal søges besat, og i givet fald ved hvilken landsret stillingen skal placeres.

*Stk. 4.* Varetages hvervet som formand for en undersøgelseskommission af en landsdommer, kan der udnævnes yderligere en landsdommer i den pågældende landsret. Stillingen bortfalder ved første ledighed i en fast landsdommerstilling i den pågældende landsret, efter at den pågældende landsdommer er vendt tilbage.

*Stk. 5.* Præsidenten er ansvarlig for varetagelsen af de bevillingsmæssige og administrative forhold, der er henlagt til embedet. Præsidenten skal herunder sørge for en forsvarlig og hensigtsmæssig drift af embedet og skal tage de fornødne initiativer til sikring heraf.

*Stk. 6.* Præsidenten træffer efter forhandling med rettens øvrige dommere bestemmelse om, hvem af disse der skal fungere som præsident under dennes fravær eller forfald.

**§ 6.** Landsretternes domsmyndighed omfatter dels behandling og påkendelse i 1. instans af retssager i det omfang, som bestemmes ved reglerne i denne lov, dels prøvelse i 2. instans af byretternes og Sø- og Handelsrettens behandlinger og afgørelser overensstemmende med de nævnte reg-

ler. Endvidere kan kære rejses for landsretten over byrettens afgørelser vedrørende de i § 11, stk. 2, nr. 2 og 4, omhandlede forhold og over Tinglysningsrettens afgørelser.

**§ 7.** I afgørelsen af sager ved landsretterne deltager, medmindre andet er bestemt, mindst 3 dommere. Uden for hovedforhandlingen kan dog en enkelt dommer handle på rettens vegne. Præsidenten træffer efter forhandling med rettens øvrige dommere bestemmelse om sagernes fordeling mellem dommerne og om sagernes administrative behandling.

*Stk. 2.* Når rettens præsident ikke deltager i behandlingen af en sag, beklædes formandspladsen af den af rettens dommere, som præsidenten har beskikket dertil. Sådan beskikkelse sker for 1 år ad gangen og kan fornys. I fornødent fald træder den efter embedsalder ældste af dommere, af hvilke retten dannes, i formandens sted.

*Stk. 3.* I nævningesager og domsmandssager deltager 3 dommere. I nævningesager deltager 9 nævninger. I domsmandssager tiltrædes landsretten af 3 domsmænd.

*Stk. 4.* Hvis hovedforhandlingen i en nævninge- eller domsmandssag antages at ville blive af længere varighed, kan rettens præsident efter indstilling fra rettens formand bestemme, at suppleanter for dommerne og nævningerne eller domsmændene skal overvære hovedforhandlingen. Suppleanterne deltager ikke i rettens rådslagninger og afstemninger, men kan efter retsformandens bestemmelse overvære disse. I øvrigt finder reglerne om nævninger og domsmænd tilsvarende anvendelse på suppleanter for disse. En suppleant tiltræder retten, hvis en af dommerne, nævningerne eller domsmændene bliver forhindret i at medvirke ved sagens behandling og pådømmelse.

**§ 8.** Landsretten har hovedtingsted på det sted, hvor den har sit sæde.

*Stk. 2.* Hovedforhandling i nævningesager og domsmandssager foregår endvidere på andre af Domstolsstyrelsen dertil fastsatte tingsteder i landsretskredsen. Domstolsstyrelsen bestemmer, hvilke dele af landsretskredsen der skal henlægges til hvert af disse tingsteder.

*Stk. 3.* Retten kan bestemme, at retten skal sættes uden for det sædvanlige tingsted, herunder også uden for landsretskredsen, når det findes hensigtsmæssigt af hensyn til sagens oplysning.

*Stk. 4.* Retten kan endvidere bestemme, at retten skal sættes uden for det sædvanlige tingsted, herunder undtagelsesvis også uden for landsretskredsen, når det findes hensigtsmæssigt af hensyn til sagens behandling inden for rimelig tid eller af andre særlige grunde.

*Stk. 5.* Inden retten i medfør af stk. 4 træffer afgørelse om, hvorvidt en sag skal behandles uden for landsretskredsen, skal parterne have lejlighed til at udtale sig om spørgsmålet.

*Stk. 6.* [1] Efter begæring sættes retten i en særligt sikret retssal som nævnt i § 27 b, når særlige sikkerhedsmæssige hensyn tilsiger det. Rettens afgørelse herom træffes ved kendelse.

**§ 9.** Landet inddeles i 24 retskredse. Justitsministeren kan foretage forandringer i retskredsenes område, medmindre forandringen indebærer oprettelse eller nedlæggelse af en retskreds.

*Stk. 2.* Københavns Byret består af en præsident og mindst 39 andre dommere.

*Stk. 3.* Retten i Glostrup består af en præsident og mindst 14 andre dommere.

*Stk. 4.* Retterne i Aarhus og Odense består af en præsident og mindst 11 andre dommere.

*Stk. 5.* Retten i Aalborg og retten på Frederiksberg består af en præsident og mindst 10 andre dommere.

*Stk. 6.* Retten i Roskilde består af en præsident og mindst 9 andre dommere.

*Stk. 7.* Retterne i Kolding og Sønderborg består af en præsident og mindst 8 andre dommere.

*Stk. 8.* Retterne i Randers, Næstved, Hillerød og Lyngby består af en præsident og mindst 7 andre dommere.

*Stk. 9.* Retterne i Hjørring, Esbjerg, Nykøbing Falster og Helsingør består af en præsident og mindst 6 andre dommere.

*Stk. 10.* Retterne i Viborg, Holstebro, Herning, Horsens, Svendborg og Holbæk består af en præsident og mindst 5 andre dommere.

*Stk. 11.* Retten på Bornholm består af en præsident og mindst 1 anden dommer.

*Stk. 12.* Ud over det antal dommere, der er nævnt i stk. 2-11, udnævnes yderligere 25 dommere ved byretterne. For at give mulighed for, at dommere kan overgå til ansættelse på deltid, jf. § 51 a, kan der udnævnes yderligere op til 8 dommere. Der kan højst udnævnes yderligere 6 dommere ved Københavns Byret, yderligere 5 dommere ved hver af de retter, der er nævnt i stk. 3-5, yderligere 4 dommere ved hver af de retter, der er nævnt i stk. 6-10, og yderligere 1 dommer ved retten på Bornholm. Ved ledighed i en dommerstilling ved en ret, hvor der er udnævnt en eller flere yderligere dommere, bestemmer Domstolsstyrelsen, ved hvilken ret stillingen skal placeres.

**§ 10.** Byrettens præsident er ansvarlig for varetagelsen af de bevillingsmæssige og administrative forhold, der er henlagt til embedet. Præsidenten skal herunder sørge for en forsvarlig og hensigtsmæssig drift af embedet og skal tage de fornødne initiativer til sikring heraf.

*Stk. 2.* Præsidenten træffer efter forhandling med rettens øvrige dommere bestemmelse om, hvem af disse der skal fungere som præsident under dennes fravær eller forfald.

**§ 11.** Byrettens virkekreds omfatter behandling og påkendelse af retssager i 1. instans og foretagelse af retshandlinger i det omfang, som bestemmes ved reglerne i denne lov.

*Stk. 2.* Til byretternes virkekreds hører uden for den egentlige retspleje, hvortil også regnes skifteforvaltning og foged- og auktionsforretninger,

1) opkrævning af retsafgifter og regnskabsaflæggelse herfor,
2) udmeldelse af skønsmænd uden for retsplejen, for så vidt den ikke kan ske administrativt,
3) retshjælpsforretninger og
4) notarialforretninger.

*Stk. 3.* Justitsministeren fastsætter regler om notarialforretninger.

**§ 12.** I afgørelsen af sager ved byretterne deltager, medmindre andet er bestemt, 1 dommer. Præsidenten træffer efter forhandling med rettens øvrige dommere bestemmelse om sagernes fordeling mellem dommerne og om sagernes administrative behandling.

*Stk. 2.* Hvis flere deltager i afgørelsen af sagen, beklædes formandspladsen af den af rettens dommere, som præsidenten har beskikket dertil. I fornødent fald træder den efter embedsalder ældste af de dommere, af hvilke retten dannes, i formandens sted. Uden for hovedforhandlingen kan en enkelt dommer handle på rettens vegne.

*Stk. 3.* I borgerlige sager og ved afgørelse af tvister i konkursboer og sager om konkurskarantæne og midlertidige afgørelser om forbud eller påbud efter kapitel 40 kan retten bestemme, at 3 dommere skal deltage i afgørelsen af sagen, hvis

1) sagen er af principiel karakter,
2) sagens udfald kan få væsentlig betydning for andre end parterne,
3) sagen frembyder særlig omfattende eller vanskelige retlige eller bevismæssige spørgsmål eller
4) sagens særlige karakter i øvrigt undtagelsesvis gør kollegial behandling påkrævet.

*Stk. 4.* Før retten træffer afgørelse efter stk. 3, skal parterne have adgang til at udtale sig om spørgsmålet. Afgørelsen træffes ved kendelse. En kendelse om, at der skal deltage 3 dommere, kan ikke indbringes for højere ret.

*Stk. 5.* I nævningesager deltager 3 dommere og 6 nævninger.

*Stk. 6.* I domsmandssager tiltrædes retten af 2 domsmænd, jf. dog stk. 8.

*Stk. 7.* Hvis hovedforhandlingen i en nævninge- eller domsmandssag antages at ville blive af længere varighed, kan rettens præsident efter indstilling fra rettens formand bestemme, at suppleanter for dommeren eller dommerne og nævningerne eller domsmændene skal overvære hovedforhandlingen. Suppleanterne deltager ikke i rettens rådslagninger og afstemninger, men kan efter retsformandens bestemmelse overvære disse. I øvrigt finder reglerne om nævninger og domsmænd tilsvarende anvendelse på suppleanter for disse. En suppleant tiltræder retten, hvis en af dommerne, nævningerne eller domsmændene bliver forhindret i at medvirke ved sagens behandling og pådømmelse.

*Stk. 8.* I domsmandssager om økonomisk kriminalitet, der forventes at have en længere varighed, kan rettens præsident efter indstilling fra rettens formand bestemme, at retten sammensættes af 2 dommere og 3 domsmænd. Stk. 7 finder ikke anvendelse.

**§ 13.** Domstolsstyrelsen fastsætter efter forhandling med den enkelte byretspræsident tingstederne for byretterne.

*Stk. 2.* Retten kan bestemme, at retten skal sættes uden for det sædvanlige tingsted, herunder også uden for retskredsen, når det findes hensigtsmæssigt af hensyn til sagens oplysning.

*Stk. 3.* Retten kan endvidere bestemme, at retten skal sættes uden for det sædvanlige tingsted, herunder undtagelsesvis også uden for retskredsen, når det findes hensigtsmæssigt af hensyn til sagens behandling inden for rimelig tid eller af andre særlige grunde.

*Stk. 4.* Inden retten i medfør af stk. 3 træffer afgørelse om, hvorvidt en sag skal behandles uden for retskredsen, skal parterne have lejlighed til at udtale sig om spørgsmålet.

*Stk. 5.* [2] Efter begæring sættes retten i en særligt sikret retssal som nævnt i § 27 b, når særlige sikkerhedsmæssige hensyn tilsiger det. Rettens afgørelse herom træffes ved kendelse.

**§ 14.** Sø- og Handelsretten, der har sit sæde i København, består af en præsident, 2 vicepræsidenter og mindst 2 andre dommere samt et antal sagkyndige medlemmer.

*Stk. 2.* For at give mulighed for, at dommere eller vicepræsidenter kan overgå til ansættelse på deltid, jf. § 51 a, kan der udnævnes yderligere 1 dommer.

*Stk. 3.* Præsidenten er ansvarlig for varetagelsen af de bevillingsmæssige og administrative forhold, der er henlagt til embedet. Præsidenten skal herunder sørge for en forsvarlig og hensigtsmæssig drift af embedet og skal tage de fornødne initiativer til sikring heraf.

*Stk. 4.* Præsidenten træffer efter forhandling med rettens øvrige dommere bestemmelse om, hvem af disse der skal fungere som præsident under dennes fravær eller forfald.

**§ 15.** Sø- og Handelsrettens domsmyndighed omfatter behandling og påkendelse i 1. instans af retssager i det omfang, som følger af §§ 225 og 227.

*Stk. 2.* Til Sø- og Handelsrettens virkekreds hører endvidere

1) midlertidige afgørelser om forbud og påbud i det omfang, som følger af kapitel 40, varemærkelovens § 43 b, stk. 2 og 3, og designlovens § 43, stk. 2 og 3,
2) sager om begrænsningsfonde, jf. sølovens kapitel 12, og
3) behandling af begæringer om rekonstruktionsbehandling, konkurs eller gældssanering i de områder, der er henlagt under Københavns Byret, retten på Frederiksberg og retterne i Glostrup og Lyngby, jf. konkurslovens § 4.

**§ 16.** I afgørelsen af sager ved Sø- og Handelsretten deltager, medmindre andet er bestemt, 1 dommer. Præsidenten træffer efter forhandling med rettens øvrige dommere bestemmelse om sagernes fordeling mellem dommerne og om sagernes administrative behandling. Reglerne i § 12, stk. 2, 3. pkt., og stk. 3 og 4, finder tilsvarende anvendelse i sager ved Sø- og Handelsretten.

*Stk. 2.* Når rettens præsident ikke deltager i behandlingen af en sag, beklædes formandspladsen af den af rettens dommere, som præsidenten har beskikket dertil. I fornødent fald træder den efter embedsalder ældste af de dommere, af hvilke retten dannes, i formandens sted.

*Stk. 3.* Retten tiltrædes under hovedforhandlingen i borgerlige sager af 2 sagkyndige medlemmer. Retten kan tilkalde de sagkyndige medlemmer til retsmøder uden for hoved-

forhandlingen, når den finder særlig anledning hertil, herunder navnlig i tilfælde af afhøring af parter eller vidner, afhjemling af syn og skøn eller afsigelse af kendelse om et omtvistet punkt.

*Stk. 4.* Ved afgørelse af tvister i konkursboer og sager om konkurskarantæne kan retten tilkalde 2 sagkyndige medlemmer.

*Stk. 5.* Retten kan i alle sager tilkalde 4 sagkyndige medlemmer i stedet for 2, når sagens karakter taler derfor.

*Stk. 6.* Ved behandling af anmodninger om meddelelse af forbud og påbud efter kapitel 40 kan retten bestemme, at retten skal tiltrædes af 2 sagkyndige medlemmer, hvis fagkundskab skønnes at være af betydning for sagen. Stk. 5 finder tilsvarende anvendelse.

**§ 17.** Sø- og Handelsretten har hovedtingsted på det sted, hvor den har sit sæde.

*Stk. 2.* Domstolsstyrelsen kan efter forhandling med Sø- og Handelsrettens præsident træffe bestemmelse om et eller flere yderligere tingsteder for Sø- og Handelsretten. Domstolsstyrelsen bestemmer, hvilke dele af landet der skal henlægges til hvert af disse tingsteder.

*Stk. 3.* En sag behandles ved tingstedet for det område, hvor sagen kunne være anlagt i medfør af kapitel 22, jf. dog stk. 4-6.

*Stk. 4.* Sø- og Handelsretten kan bestemme, at retten skal sættes uden for det sædvanlige tingsted, herunder også uden for det til tingstedet henlagte område, når det findes hensigtsmæssigt af hensyn til sagens oplysning.

*Stk. 5.* Sø- og Handelsretten kan endvidere bestemme, at retten skal sættes uden for det sædvanlige tingsted, herunder undtagelsesvis også uden for det til tingstedet henlagte område, når det findes hensigtsmæssigt af hensyn til sagens behandling inden for rimelig tid eller af andre særlige grunde.

*Stk. 6.* Inden Sø- og Handelsretten i medfør af stk. 5 træffer afgørelse om, hvorvidt en sag skal behandles uden for det til tingstedet henlagte område, skal parterne have lejlighed til at udtale sig om spørgsmålet.

**§ 18.** Tinglysningsretten, der har sit sæde i Hobro, består af en præsident og 1 anden dommer. Præsidenten træffer efter forhandling med den anden dommer bestemmelse om sagernes fordeling mellem dommerne og om sagernes administrative behandling.

*Stk. 2.* Præsidenten er ansvarlig for varetagelsen af de bevillingsmæssige og administrative forhold, der er henlagt til embedet. Præsidenten skal herunder sørge for en forsvarlig og hensigtsmæssig drift af embedet og skal tage de fornødne initiativer til sikring heraf.

*Stk. 3.* Under præsidentens fravær eller forfald fungerer den anden dommer ved Tinglysningsretten som præsident.

*Stk. 4.* Tinglysningsretten varetager tinglysningen for hele landet.

**§ 19.** Fuldmægtige ved byretterne, Sø- og Handelsretten og Tinglysningsretten kan behandle sager, der hører under vedkommende ret, i det omfang rettens præsident bestemmer det.

*Stk. 2.* Domstolsstyrelsen fastsætter regler for fuldmægtiges uddannelse ved byretterne, Sø- og Handelsretten og Tinglysningsretten.

*Stk. 3.* Ved byretterne og Sø- og Handelsretten kan rettens præsident meddele andre personer bemyndigelse til at træffe afgørelser efter § 350, stk. 2, og § 477 d, stk. 2, og at udføre foged-, skifte- og notarialforretninger samt faderskabssager, hvis der ikke skal træffes afgørelse i tvistigheder, og at beslutte, at en part, skønsmand m.v. er undtaget fra kravet om anvendelse af domstolenes sagsportal, jf. § 148 a, stk. 4. Personer, der er bemyndiget til at udføre fogedforretninger, kan dog efter præsidentens nærmere bestemmelse træffe afgørelser efter § 490, § 494, stk. 2 og 3, og § 525. Rettens præsident kan endvidere meddele andre personer bemyndigelse til at underskrive retsbøger, som alene indeholder

1) indgåede forlig i borgerlige sager, jf. § 270, stk. 1,
2) meddelelse om, at en sag hæves af sagsøgeren efter § 359 eller § 362, stk. 2, og
3) meddelelse om, at der i en sag er meddelt fri proces efter § 328, stk. 5.

*Stk. 4.* Ved Tinglysningsretten kan præsidenten meddele andre personer bemyndigelse til at behandle tinglysningssager, hvis der ikke skal træffes afgørelse i tvistigheder.

**§ 20.** I borgerlige sager i 1. instans, der behandles ved byretten eller landsretten, kan retten bestemme, at retten under hovedforhandlingen skal tiltrædes af 2 sagkyndige medlemmer, hvis fagkundskab skønnes at være af betydning for sagen. 1. pkt. finder tilsvarende anvendelse ved byrettens behandling af anmodninger om meddelelse af forbud eller påbud efter kapitel 40.

*Stk. 2.* I ankesager i landsretten kan retten bestemme, at retten under hovedforhandlingen skal tiltrædes af sagkyndige medlemmer. 1. pkt. finder tilsvarende anvendelse under landsrettens behandling af kæresager om midlertidige afgørelser om forbud eller påbud, der er afgjort ved byretten eller Sø- og Handelsretten i 1. instans under medvirken af sagkyndige.

*Stk. 3.* Før retten træffer afgørelse efter stk. 1 eller 2, skal parterne have adgang til at udtale sig om spørgsmålet. Afgørelsen træffes ved kendelse. En kendelse om, at retten skal tiltrædes af sagkyndige, kan ikke indbringes for højere ret.

*Stk. 4.* Når der er truffet bestemmelse om medvirken af sagkyndige efter stk. 1 eller 2, kan retten tilkalde de sagkyndige til retsmøder uden for hovedforhandlingen, når den finder særlig anledning hertil, herunder navnlig i tilfælde af afhøring af parter eller vidner, afhjemling af syn og skøn eller afsigelse af kendelse om et omtvistet punkt.

*Stk. 5.* Reglerne i stk. 1-4 gælder ikke for de i kapitel 42, 42 a, 43, 43 a, 43 b og 44 omhandlede sager.

**§ 20 a.** Under behandling i byretten eller landsretten af tvister i konkursboer og sager om konkurskarantæne kan sagkyndige tilkaldes efter reglerne i § 20.

**§ 20 b.** I straffesager i byretten, i hvilke fagkundskab til søforhold skønnes at være af betydning, tiltrædes retten under hovedforhandlingen af 2 sagkyndige medlemmer. Retten kan tilkalde de sagkyndige til retsmøder uden for ho-

vedforhandlingen, når den finder særlig anledning hertil. Tilkaldelse af sagkyndige er dog ikke nødvendig i straffesager, som fremmes til dom uden udfærdigelse af anklageskrift i medfør af § 831, eller i sager, som afgøres ved dom i henhold til § 897, stk. 1, eller § 898, stk. 1, eller sluttes i henhold til § 899 eller § 900. Sagkyndige deltager ikke i nævningesager.

*Stk. 2.* I ankesager i landsretten, der i byretten er behandlet under medvirken af sagkyndige i medfør af stk. 1, tiltrædes retten under hovedforhandlingen af 2 sagkyndige medlemmer. Det samme gælder ankesager i landsretten, hvor tilkaldelse af sagkyndige i byretten er undladt i medfør af stk. 1, 3. pkt.

*Stk. 3.* Under afgivelse af søforklaring tiltrædes byretten af 2 sagkyndige medlemmer.

**§ 21.** (Ophævet)

### Kapitel 1 a

#### *Procesbevillingsnævnet*

**§ 22.** Procesbevillingsnævnet behandler ansøgninger om meddelelse af anden- og tredjeinstansbevilling efter regler i denne lov og anden lovgivning.

*Stk. 2.* Procesbevillingsnævnet behandler endvidere klager over afslag på fri proces efter regler i denne lov og afslag på retshjælp efter lov om retshjælp til indgivelse og førelse af klagesager for internationale klageorganer i henhold til menneskerettighedskonventioner.

**§ 23.** Nævnet består af 5 medlemmer, en højesteretsdommer (formand), en landsdommer, en byretsdommer, en advokat med møderet for Højesteret og en universitetslærer i retsvidenskab eller en anden jurist med særlig videnskabelig uddannelse. Beskikkelsen af de fire førstnævnte medlemmer sker efter indstilling til justitsministeren fra henholdsvis Højesteret, landsretterne, Den Danske Dommerforening og Advokatrådet. Kongen beskikker efter indstilling fra justitsministeren medlemmerne for en periode på to år. Et medlem har ret til genbeskikkelse for yderligere to år. Herudover kan genbeskikkelse ikke finde sted.

*Stk. 2.* I sager om meddelelse af appeltilladelse til landsretten vedrørende familierettens afgørelser består nævnet af en landsdommer (afdelingsformand), en byretsdommer og en advokat. Beskikkelsen af de 3 medlemmer sker efter indstilling til justitsministeren fra henholdsvis landsretterne, Den Danske Dommerforening og Advokatrådet. Stk. 1, 3.-5. pkt., finder tilsvarende anvendelse.

*Stk. 3.* Ved afgørelse af klager over afslag på fri proces består nævnet af en landsdommer (afdelingsformand), en byretsdommer og en advokat. Beskikkelsen af de 3 medlemmer sker efter indstilling til justitsministeren fra henholdsvis landsretterne, Den Danske Dommerforening og Advokatrådet. Stk. 1, 3.-5. pkt., finder tilsvarende anvendelse.

*Stk. 4.* Der beskikkes en eller flere suppleanter for hvert af nævnets medlemmer. Stk. 1-3 finder tilsvarende anvendelse.

**§ 24.** Nævnets medlemmer kan kun afsættes efter de regler, der gælder for dommere. Et medlem udtræder, når betingelserne for medlemmets beskikkelse bortfalder.

**§ 25.** Procesbevillingsnævnet fastsætter selv sin forretningsorden.

*Stk. 2.* Der kan i forretningsordenen fastsættes regler om indhentning og videregivelse af oplysninger til brug ved sagernes behandling. Der kan endvidere bl.a. fastsættes bestemmelser om skriftlig votering og om, at formanden (afdelingsformanden) kan træffe visse nærmere bestemte afgørelser på nævnets vegne, eller at sager om meddelelse af appeltilladelse til landsretten kan afgøres af tre af nævnets medlemmer, nemlig en landsdommer (afdelingsformand), en byretsdommer og en advokat.

**§ 26.** Procesbevillingsnævnet offentliggør hvert år en beretning om sin virksomhed.

*Stk. 2.* Til Procesbevillingsnævnet knyttes et sekretariat.

*Stk. 3.* Domstolsstyrelsen varetager Procesbevillingsnævnets bevillingsmæssige og administrative forhold.

**§ 27.** Såfremt en offentlig myndighed i medfør af § 252, stk. 2, er indtrådt i en sag til fordel for en af sagens parter eller agter at gøre dette, kan myndigheden ved skriftlig erklæring støtte partens ansøgning til Procesbevillingsnævnet.

### Kapitel 1 b

#### *Sikkerhedsforanstaltninger ved retterne*

**§ 27 a.** Vedkommende retspræsident kan bestemme, at personer, som ønsker adgang til retten, skal lade det tøj, som de er iført ved fremmødet, visitere og medbragte effekter undersøge, når sikkerhedsmæssige hensyn taler derfor. Retspræsidenten kan bestemme, at en sådan adgangskontrol ikke omfatter personer, som søger adgang til retten i medfør af deres erhverv.

*Stk. 2.* Afvises en person, som er lovligt indkaldt til at møde i retten, fra retsbygningen, som følge af at vedkommende ved fremmødet nægter at lade sit tøj visitere eller medbragte effekter undersøge, sidestilles nægtelsen heraf med udeblivelse, hvis det af indkaldelsen fremgår, at adgang til retten kan være betinget af en sådan adgangskontrol.

*Stk. 3.* Justitsministeren fastsætter nærmere regler om gennemførelsen af visitationer og undersøgelser som nævnt i stk. 1.

**§ 27 b.** [3)] Domstolsstyrelsen etablerer en eller flere retsbygninger med særligt sikrede retssale, hvor landsretterne og byretterne kan sættes i medfør af § 8, stk. 4 og 6, og § 13, stk. 3 og 5, når sikkerhedsmæssige grunde tilsiger det.

### Kapitel 2

#### *Retsmøder*

**§ 28.** Justitsministeren fastsætter regler om udarbejdelse og bekendtgørelse af retslister, herunder om adgangen til mod betaling at modtage eksemplarer af retslisterne.

**§ 28 a.** Retsmøder er offentlige, medmindre andet er bestemt ved lov eller i medfør af lov.

*Stk. 2.* Retsmøder, hvori der afsiges dom, er altid offentlige.

**§ 28 b.** Rettens formand kan begrænse antallet af personer, der får adgang til et offentligt retsmøde, for at hindre, at retslokalet overfyldes.

*Stk. 2.* Rettens formand kan nægte adgang til et offentligt retsmøde for personer,
1) som er under 15 år, eller
2) som befinder sig i en sådan tilstand, at vedkommendes tilstedeværelse ville stride imod rettens værdighed eller god orden.

*Stk. 3.* Rettens formand skal nægte adgang til et offentligt retsmøde for bestemte personer eller grupper af personer, hvis det skønnes nødvendigt for at opnå en sandfærdig forklaring af et vidne eller en part.

**§ 29.** Retten kan bestemme, at et retsmøde skal holdes for lukkede døre (dørlukning),
1) når hensynet til ro og orden i retslokalet kræver det,
2) når statens forhold til fremmede magter eller særlige hensyn til disse i øvrigt kræver det, eller
3) når sagens behandling i et offentligt retsmøde vil udsætte nogen for en unødvendig krænkelse, herunder når der skal afgives forklaring om erhvervshemmeligheder.

*Stk. 2.* I borgerlige sager kan der endvidere efter anmodning fra parterne træffes bestemmelse om dørlukning, hvis det er af særlig betydning for parterne at undgå offentlighed om sagen og ingen afgørende offentlig interesse strider herimod.

*Stk. 3.* I straffesager kan der endvidere træffes bestemmelse om dørlukning,
1) når en sigtet (tiltalt) er under 18 år,
2) når der skal afgives forklaring af en politjenestemand med en særlig tjenestefunktion og det af hensyn til denne særlige tjenestefunktion er nødvendigt at hemmeligholde identiteten,
3) når sagens behandling i et offentligt retsmøde må antages at bringe nogens sikkerhed i fare, eller
4) når sagens behandling i et offentligt retsmøde må antages på afgørende måde at hindre sagens oplysning.

*Stk. 4.* Under hovedforhandlingen kan dørlukning i medfør af stk. 3, nr. 4, kun ske i 1. instans og kun, når det må forventes, at der senere rejses tiltale for samme forhold mod andre end de under sagen tiltalte, og ganske særlige hensyn gør det påkrævet, at dørene lukkes. Hovedforhandlingen gengives så udførligt i retsbogen, at offentligheden ved domsafsigelsen kan orienteres om hovedforhandlingens forløb, i det omfang formålet med dørlukningen tillader det.

*Stk. 5.* Der kan ikke træffes bestemmelse om dørlukning, hvis det er tilstrækkeligt at anvende reglerne om referat- eller navneforbud, jf. §§ 30 og 31, eller om udelukkelse af enkeltpersoner, jf. § 28 b.

**§ 29 a.** I sager om overtrædelse af straffelovens § 210, § 216, § 222, stk. 2, eller § 223, stk. 1, lukkes dørene under den forurettedes forklaring, når den pågældende anmoder om det. Det samme gælder i sager om overtrædelse af straffelovens § 225, jf. § 216, § 222, stk. 2, eller § 223, stk. 1.

*Stk. 2.* Stk. 1 finder tilsvarende anvendelse under afspilning eller anden forevisning af lyd- eller billedoptagelser,

som gengiver forhold, der er rejst sigtelse eller tiltale for under sagen.

*Stk. 3.* Når en politjenestemand har udført foranstaltninger som nævnt i § 754 a, lukkes dørene under politjenestemandens forklaring, når anklagemyndigheden anmoder om det.

**§ 29 b.** Retten træffer afgørelse om dørlukning efter anmodning eller af egen drift.

*Stk. 2.* Dørlukning af hensyn til en sigtet (tiltalt) på 18 år eller derover, der er til stede, kan kun bestemmes efter anmodning fra den pågældende selv.

**§ 29 c.** Afgørelse om dørlukning efter § 29 træffes ved kendelse, efter at parterne og tilstedeværende personer, der er omfattet af § 172, stk. 1, 2 eller 4, har haft lejlighed til at udtale sig. Retten kan, især hvis afgørende hensyn til fremmede magter eller til sagens oplysning kræver det, ved kendelse bestemme, at også forhandling om, hvorvidt dørene skal lukkes, skal foregå for lukkede døre.

*Stk. 2.* Kendelse om dørlukning efter stk. 1 kan afsiges i begyndelsen af retsmødet eller i løbet af dette og kan straks eller senere indskrænkes til en del af retsmødet. Kendelsen afsiges altid i et offentligt retsmøde.

**§ 29 d.** Offentlig gengivelse af, hvad der forhandles i retsmøder, der holdes for lukkede døre, er forbudt, medmindre dørlukning alene er sket af hensyn til ro og orden i retslokalet.

**§ 29 e.** Rettens formand kan, når særlige grunde taler for det, give andre end dem, der har med sagen at gøre, tilladelse til at overvære et retsmøde, der afholdes for lukkede døre. Forurettede i straffesager har ret til at overvære et retsmøde, der afholdes for lukkede døre, medmindre dørlukningens formål taler imod det. De pågældende må ikke give meddelelse om forhandlingen til nogen, der ikke har haft adgang til mødet, medmindre dørlukning alene er sket af hensyn til ro og orden i retslokalet.

**§ 30.** Retten kan i straffesager forbyde offentlig gengivelse af forhandlingen (referatforbud),
1) når en sigtet (tiltalt) er under 18 år,
2) når offentlig gengivelse må antages at bringe nogens sikkerhed i fare,
3) når offentlig gengivelse kan skade sagens oplysning, eller
4) når offentlig gengivelse vil udsætte nogen for en unødvendig krænkelse.

**§ 30 a.** Retten træffer afgørelse om referatforbud efter anmodning eller af egen drift.

*Stk. 2.* Referatforbud af hensyn til en sigtet (tiltalt) på 18 år eller derover, der er til stede, kan kun bestemmes efter anmodning fra den pågældende selv.

**§ 30 b.** Afgørelse om referatforbud træffes ved kendelse, efter at parterne og tilstedeværende personer, der er omfattet af § 172, stk. 1, 2 eller 4, har haft lejlighed til at udtale sig. Kendelse kan afsiges i begyndelsen af retsmødet eller i løbet

af dette og kan straks eller senere indskrænkes til en del af retsmødet.

*Stk. 2.* Retten kan efter anmodning, herunder fra personer omfattet af § 172, stk. 1, 2 eller 4, eller af egen drift i en senere kendelse ophæve referatforbuddet.

**§ 31.** Retten kan i straffesager forbyde, at der sker offentlig gengivelse af navn, stilling eller bopæl for sigtede (tiltalte) eller andre under sagen nævnte personer, eller at den pågældendes identitet på anden måde offentliggøres (navneforbud),
1) når offentlig gengivelse må antages at bringe nogens sikkerhed i fare, eller
2) når offentlig gengivelse vil udsætte nogen for unødvendig krænkelse.

*Stk. 2.* Retten kan under samme betingelse som i stk. 1, nr. 2, forbyde offentlig gengivelse af en juridisk persons navn, herunder binavn eller kaldenavn, og adresse.

*Stk. 3.* Retten skal ved afgørelsen om navneforbud tage hensyn til lovovertrædelsens grovhed og samfundsmæssige betydning. Det taler endvidere imod nedlæggelse af navneforbud, såfremt sigtede (tiltalte) har indtaget en stilling, som i forhold til offentligheden er særligt betroet.

*Stk. 4.* Navneforbuddet kan udstrækkes til at gælde også under en eventuel anke af sagen, hvis anken omfatter bedømmelse af beviserne for tiltaltes skyld.

**§ 31 a.** Retten træffer afgørelse om navneforbud efter anmodning. Afgørelsen træffes ved kendelse, efter at parterne og tilstedeværende personer, der er omfattet af § 172, stk. 1, 2 eller 4, har haft lejlighed til at udtale sig. Afgørelsen kan træffes i et retsmøde, der afholdes alene med henblik på at tage stilling til en anmodning om navneforbud.

*Stk. 2.* Retten kan efter anmodning, herunder fra personer omfattet af § 172, stk. 1, 2 eller 4, eller af egen drift i en senere kendelse ophæve navneforbuddet.

*Stk. 3.* Navneforbuddet bortfalder senest ved afsigelsen af endelig dom.

**§ 31 b.** Anvendes der i en sag skriftlig forelæggelse eller procedure, jf. §§ 366, 387, 850, 878 og 930 a, eller er dokumenter undladt oplæst, jf. § 871, stk. 6, kan retten forbyde offentlig gengivelse heraf, i det omfang der under en tilsvarende mundtlig forelæggelse eller procedure kan ske dørlukning eller nedlægges referatforbud, jf. §§ 29 og 30. §§ 29 b, 29 c, 30 a og 30 b finder tilsvarende anvendelse.

**§ 31 c.** Retten kan i private straffesager om overtrædelse af straffelovens §§ 264 d, 267 og 267, jf. § 268, efter anmodning under et særskilt retsmøde forud for hovedforhandlingen træffe afgørelse om
1) referatforbud efter § 30 eller
2) navneforbud efter § 31, stk. 1.

**§ 32.** Det er forbudt under retsmøder at optage eller transmittere billeder og lyd, medmindre retten undtagelsesvis tillader dette. Offentliggørelse af billeder og lyd, der er optaget i strid hermed, er forbudt. Retten kan i øvrigt på ethvert tidspunkt under sagen forbyde offentlig gengivelse af bille-

der og lyd, der er optaget under et retsmøde. Rettens afgørelse efter 1. og 3. pkt. træffes ved kendelse.

*Stk. 2.* Personer, der afgiver forklaring under retsmødet, skal gøres bekendt med, at der optages billeder og lyd.

*Stk. 3.* Retten kan på ethvert tidspunkt forbyde advokater, anklagere, bevogtningspersonale, tolke og personer, der er omfattet af § 172, stk. 1, 2 eller 4, at transmittere tekst under retsmødet. Afgørelsen træffes ved kendelse. For andre personer er det under retsmøder forbudt at transmittere tekst, medmindre retten undtagelsesvis tillader det.

*Stk. 4.* Retten kan på ethvert tidspunkt forbyde, at apparater, der kan optage eller transmittere billeder, lyd eller tekst, medbringes eller anbringes i lokaler, hvor der afholdes retsmøder.

*Stk. 5.* Billedoptagelse i rettens bygninger er forbudt, medmindre rettens præsident giver tilladelse dertil. Stk. 1, 2.-4. pkt., finder tilsvarende anvendelse.

*Stk. 6.* Billedoptagelse uden for rettens bygninger af sigtede, tiltalte og vidner, der er på vej til eller fra et retsmøde i en straffesag, er forbudt, medmindre den pågældende har samtykket i optagelsen. Stk. 1, 2. pkt., finder tilsvarende anvendelse.

**§ 32 a.** Retten kan under særlige omstændigheder forbyde tegning under retsmøder eller offentliggørelse af tegninger fra et retsmøde. Afgørelsen træffes ved kendelse.

**§ 32 b.** Med bøde straffes den, der overtræder § 29 d, § 29 e, 3. pkt., og § 32, stk. 1, 1. og 2. pkt., stk. 3, 3. pkt., og stk. 5 og 6, eller rettens forbud efter § 30, § 31 b, 1. pkt., § 32, stk. 1, 3. pkt., stk. 3, 1. pkt., og stk. 4, og § 32 a.

*Stk. 2.* Overtrædelse af rettens forbud efter § 31 straffes med bøde, hvis den pågældende var bekendt med forbuddet. Det samme gælder, hvis den pågældende vidste eller burde vide, at sagen verserede ved retten, eller at politiet efterforskede sagen, og den pågældende ikke havde forhørt sig hos politiet, anklagemyndigheden eller retten om, hvorvidt der var nedlagt navneforbud.

**§ 32 c.** Når retten i medfør af denne eller anden lov har tilladt, at en part eller rettergangsfuldmægtig deltager i et retsmøde ved anvendelse af telekommunikation, anses den pågældende som deltager i retsmødet på samme måde som ved fremmøde i retten. Dette gælder dog ikke i de i § 760, stk. 2, og § 764, stk. 2, nævnte tilfælde.

**§ 32 d.** Skal nogen afgive forklaring i et retsmøde, må en part eller rettergangsfuldmægtig, der ikke er advokat, kun deltage i retsmødet ved anvendelse af telekommunikation med billede, såfremt fremgangsmåden i § 192 følges eller den pågældende er ledsaget af en advokat.

## Kapitel 3
*Retsbøger og sagens dokumenter*

**§ 33.** Justitsministeren fastsætter regler om, hvilke retsbøger der skal føres ved de forskellige retter, og om retsbøgernes og stemmegivningsbogens autorisation, indretning og førelse.

*Stk. 2.* Justitsministeren kan fastsætte regler om gennemførelsen af billed- og lydoptagelse, jf. § 186, stk. 3, og om opbevaring og sletning af sådanne optagelser.

**§ 33 a.** (Ophævet)

**§ 34.** Angående alle retshandlinger optages beretning i retsbogen.

*Stk. 2.* I retsbogen indføres angivelse af:
1) tiden og stedet for retsmødet;
2) navnene på de personer, der fungerer som dommere, nævninger, domsmænd, sagkyndige retsmedlemmer, protokolfører og retsvidner;
3) sagens nummer med parternes navne;
4) navnene på de personer, der er til stede som parter eller på disses vegne eller til deres bistand, eller bemærkning om de forholdsregler, som måtte være trufne med hensyn til deres tilkaldelse eller udelukkelse;
5) om retsmødet er offentligt eller ikke.

**§ 35.** Retsbogen skal indeholde en kort fremstilling af forhandlingerne.

*Stk. 2.* Fuldstændigt optages parternes påstande, begæringer og indsigelser, for så vidt de ikke indeholdes i skrifter, som overleveres retten, i hvilket fald henvisning er tilstrækkelig, samt indsigelser, som fremsættes af vidner eller skønsmænd.

*Stk. 3.* Af udviklinger og foredrag til begrundelse af påstande, begæringer eller indsigelser optages intet i retsbogen, hvor ikke det modsatte udtrykkelig er bestemt; dog kan formanden beslutte, at enkelte udtalelser skal optages.

*Stk. 4.* Særlig bemærkning gøres i retsbogen om, hvorledes der er gået til værks med hensyn til former, som efter loven skal iagttages, om, hvad der fremlægges i retten, og hvilke dokumenter der er blevet oplæst.

*Stk. 5.* Domme og kendelser og i fornødent omfang rettens øvrige beslutninger optages i retsbogen.

*Stk. 6.* Om noget i øvrigt skal optages i retsbogen, beror på, om sådant særlig er foreskrevet i loven.

**§ 36.** Der foretages kun oplæsning og efter omstændighederne vedtagelse af rettens gengivelse af en forklaring, når rettens formand finder det hensigtsmæssigt.

**§ 37.** (Ophævet)

**§ 38.** (Ophævet)

**§ 39.** I borgerlige sager forbliver stævningerne og parternes øvrige processkrifter i rettens arkiv.

*Stk. 2.* For straffesager fastsætter justitsministeren regler om opbevaring af sagens dokumenter og om udlevering af dokumenter, der har været benyttet som bevis, jf. dog § 807 d, stk. 1.

**§ 40.** (Ophævet)

Kapitel 3 a

*Aktindsigt*

**§ 41.** Enhver har ret til aktindsigt i domme og kendelser m.v. efter reglerne i §§ 41 a-41 c, 41 e og 41 g.

*Stk. 2.* Den, der uden at være part har en særlig interesse i en sag, har endvidere ret til aktindsigt efter reglerne i §§ 41 d og 41 e.

*Stk. 3.* Massemedier omfattet af medieansvarsloven har endvidere ret til aktindsigt efter reglen i § 41 f.

*Stk. 4.* § 255 a indeholder regler om parters aktindsigt i borgerlige sager.

*Stk. 5.* §§ 729 a-729 c indeholder regler om sigtedes aktindsigt i verserende straffesager. § 729 d indeholder regler om sigtedes aktindsigt i afsluttede straffesager.

**§ 41 a.** Enhver kan forlange at få adgang til at gennemse en doms konklusion, når anmodning herom fremsættes inden 1 uge efter dommens afsigelse.

**§ 41 b.** Enhver kan forlange at få udleveret kopi af domme og kendelser samt af beslutninger om sagsomkostninger i borgerlige sager.

*Stk. 2.* Retten til aktindsigt omfatter ikke
1) de i kapitel 42, 42 a, 42 b, 43, 43 a og 43 b omhandlede sager,
2) straffesager, der er endeligt afsluttet for mere end 1 år siden, medmindre aktindsigt søges til brug for videnskabelig forskning eller af redaktører og redaktionelle medarbejdere ved et massemedium til brug for journalistisk eller redaktionelt arbejde,
3) kendelser i straffesager, der ikke er endeligt afsluttet, medmindre aktindsigt søges af personer, der er omfattet af § 172, stk. 1, 2 eller 4, til brug for journalistisk eller redaktionelt arbejde,
4) forklaringer, der er afgivet i lukkede retsmøder, medmindre dørlukning alene er sket af hensyn til ro og orden i retslokalet, eller
5) forklaringer, der er omfattet af et referatforbud.

*Stk. 3.* Retten til aktindsigt kan begrænses, i det omfang
1) det er af væsentlig betydning for statens sikkerhed,
2) fortrolighed følger af EU-retlige eller folkeretlige forpligtelser el.lign.,
3) det er nødvendigt til beskyttelse af væsentlige hensyn til forholdet til fremmede magter eller mellemfolkelige institutioner,
4) det af ganske særlige grunde er påkrævet af hensyn til forebyggelse, opklaring eller forfølgning af lovovertrædelser eller
5) dommen eller kendelsen indeholder oplysninger om enkeltpersoners rent private forhold eller virksomheders erhvervsvhemmeligheder og offentlighedens indsigt i retssager findes at burde vige for væsentlige hensyn til de pågældende, der ikke kan varetages ved anonymisering i medfør af § 41 e, stk. 4.

**§ 41 c.** Er der i en sag anvendt skriftlig forelæggelse eller procedure, jf. §§ 366, 387, 850, 878 og 930 a, har enhver ret til at få udleveret kopi heraf, når der er afsagt dom i sagen, medmindre dokumenterne er omfattet af et forbud mod offentlig gengivelse, jf. § 31 b.

*Stk. 2.* Undlades oplæsning af dokumenter, der indgår i hovedforhandlingen, jf. § 871, stk. 6, kan disse gennemses i retten den pågældende dag og en uge frem.

*Stk. 3.* Er der i en sag anvendt endelige påstandsdokumenter eller sammenfattende processkrifter, jf. § 357, stk. 1 og 2, har enhver ret til at få udleveret kopi heraf fra 2 arbejdsdage før hovedforhandlingens begyndelse.

*Stk. 4.* § 41 b, stk. 2 og 3, finder tilsvarende anvendelse.

**§ 41 d.** Den, der har en individuel, væsentlig interesse i et konkret retsspørgsmål, kan forlange at blive gjort bekendt med dokumenter, der vedrører en borgerlig sag eller en straffesag, herunder indførsler i retsbøgerne, i det omfang dokumenterne har betydning for vurderingen af det pågældende retsspørgsmål. Det samme gælder forurettede i straffesager eller, hvis forurettede er afgået ved døden, forurettedes nære pårørende. I straffesager gælder retten til aktindsigt først, når sagen er endeligt afsluttet.

*Stk. 2.* Retten til aktindsigt omfatter ikke fortrolige dokumenter, der alene er indgået i en retsmægling, jf. § 277, stk. 1.

*Stk. 3.* Retten til aktindsigt omfatter ikke interne dokumenter. Som interne dokumenter anses
1) dokumenter, der ikke er afgivet til udenforstående,
2) voteringsprotokoller og andre referater af rettens rådslagninger og afstemninger og
3) brevveksling mellem forskellige enheder inden for politiet og anklagemyndigheden.

*Stk. 4.* Dokumenter omfattet af stk. 3, der afgives til udenforstående, mister deres interne karakter, medmindre afgivelsen sker af retlige grunde, til forskningsmæssig brug eller af andre lignende grunde.

*Stk. 5.* Retten til aktindsigt kan begrænses, i det omfang
1) en part efter reglerne i denne lovs anden, tredje og fjerde bog har været afskåret fra at gøre sig bekendt med oplysninger i sagen,
2) det er af afgørende betydning for statens sikkerhed, medmindre ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv taler imod,
3) fortrolighed følger af EU-retlige eller folkeretlige forpligtelser,
4) ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv findes at burde vige for afgørende hensyn til forholdet til fremmede magter eller mellemfolkelige institutioner,
5) dokumentet indeholder oplysninger om enkeltpersoners rent private forhold eller virksomheders erhvervshemmeligheder og ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv findes at burde vige for væsentlige hensyn til de pågældende, der ikke kan varetages ved anonymisering i medfør af § 41 e, stk. 4, eller
6) ansøgerens interesse i at kunne benytte kendskab til en straffesags dokumenter til varetagelse af sit tarv findes at burde vige for hensynet til forebyggelse, opklaring og forfølgning af lovovertrædelser eller for særlige hensyn til beskyttelse af sigtede, tiltalte, vidner eller andre.

*Stk. 6.* Den myndighed, der behandler en anmodning om aktindsigt, afgør, om aktindsigt skal gives i form af gennem-

syn eller udlevering af kopi, jf. dog 2. pkt. Efter anmodning udleveres der kopi af skriftlige dokumenter i borgerlige sager, medmindre hensyn som nævnt i stk. 5, nr. 2-5, taler herimod.

**§ 41 e.** Anmodning om aktindsigt efter §§ 41 a-41 d skal angive det dokument eller den sag, som den pågældende ønsker at blive gjort bekendt med. Anmodninger om aktindsigt i et større antal sager kan afslås, medmindre anmodningen er rimeligt begrundet, herunder når der søges aktindsigt til brug for videnskabelig forskning eller af redaktører og redaktionelle medarbejdere ved et massemedium til brug for journalistisk eller redaktionelt arbejde.

*Stk. 2.* Anmodning om aktindsigt efter §§ 41 a-41 c og anmodning om aktindsigt i borgerlige sager efter § 41 d indgives til retten. Rettens afgørelse, der efter anmodning træffes ved kendelse, kan påkæres efter reglerne i kapitel 37. Anmodning om aktindsigt i straffesager efter § 41 d indgives til politidirektøren. Politidirektørens afgørelse kan påklages til den overordnede anklagemyndighed efter reglerne i kapitel 10.

*Stk. 3.* Retten eller politidirektøren afgør snarest, om en anmodning om aktindsigt kan imødekommes. En anmodning om aktindsigt skal færdigbehandles inden 7 arbejdsdage efter modtagelsen, medmindre dette på grund af f.eks. sagens omfang eller kompleksitet undtagelsesvis ikke er muligt. Ansøgeren skal i givet fald underrettes om grunden til fristoverskridelsen og om, hvornår anmodningen kan forventes færdigbehandlet.

*Stk. 4.* Hvis dokumentet indeholder oplysninger om enkeltpersoners rent private forhold eller virksomheders erhvervshemmeligheder, kan den myndighed, der behandler anmodningen om aktindsigt, bestemme, at dokumentet inden gennemsynet eller kopieringen anonymiseres, således at de pågældendes identitet ikke fremgår. I straffesager skal dokumentet inden gennemsynet eller kopieringen anonymiseres, således at medvirkende lægdommeres identitet ikke fremgår. I sager om overtrædelse af straffelovens § 210 og kapitel 24 om seksualforbrydelser skal dokumentet inden gennemsynet eller kopieringen anonymiseres, således at forurettedes identitet ikke fremgår.

*Stk. 5.* Personnummer er ikke omfattet af retten til aktindsigt.

**§ 41 f.** Efter anmodning giver retten personer, der er omfattet af § 172, stk. 1, 2 eller 4, adgang til at gennemse domme, der er afsagt inden for de seneste 4 uger. § 41 b, stk. 2, nr. 1 og 4, og stk. 3, samt § 41 e, stk. 2, 2. pkt., og stk. 4 og 5, finder tilsvarende anvendelse.

*Stk. 2.* Efter anmodning udleverer anklagemyndigheden kopi af anklageskrift eller retsmødebegæring til de i stk. 1 nævnte personer. § 41 b, stk. 3, nr. 1-3, og § 41 e, stk. 5, finder tilsvarende anvendelse. Dokumentet skal inden kopieringen anonymiseres, således at forurettedes eller vidners identitet ikke fremgår. Justitsministeren fastsætter regler om, i hvilken periode retten til aktindsigt gælder.

*Stk. 3.* Efter anmodning udlåner retten under hovedforhandlingen eller et retsmøde efter § 831 hjælpebilag og rids over gerningsstedet, som er udarbejdet af anklagemyndighe-

den og forsvaret, til de i stk. 1 nævnte personer, medmindre dokumentets karakter eller særlige hensyn til beskyttelse af sigtede, tiltalte, vidner eller andre taler herimod. § 41 b, stk. 3, nr. 1-3, og § 41 e, stk. 5, finder tilsvarende anvendelse.

*Stk. 4.* I borgerlige sager kan et eller flere af sagens dokumenter med parternes samtykke udlånes til de i stk. 1 nævnte personer under et retsmøde.

*Stk. 5.* Efter anmodning udleverer retten kopi af andre indførsler i retsbøgerne end domme og kendelser samt afskrifter som nævnt i § 713, stk. 3, til de i stk. 1 nævnte personer. Er retsmødet holdt helt eller delvis for lukkede døre, kan udlevering kun ske, hvis dørlukning alene er sket af hensyn til ro og orden i retslokalet. § 41 b, stk. 2, nr. 1 og 5, og stk. 3, samt § 41 e, stk. 1, 1. pkt., stk. 2, 2. pkt., og stk. 4 og 5, finder tilsvarende anvendelse.

*Stk. 6.* Dokumenter og kopier, der gives adgang til i medfør af stk. 1-5, må ikke være tilgængelige for andre end massemediets journalister og redaktionsmedarbejdere og må kun bruges til støtte for journalistisk og redaktionelt arbejde. Kopier af kendelser i straffesager, der udleveres til de i stk. 1 nævnte personer i medfør af § 41 b, må, indtil sagen er endeligt afsluttet, ikke være tilgængelige for andre end massemediets journalister og redaktionsmedarbejdere og må kun bruges til støtte for journalistisk og redaktionelt arbejde. Justitsministeren fastsætter regler om massemediers opbevaring af kopier. De i stk. 3 og 4 nævnte dokumenter skal tilbageleveres senest ved retsmødets afslutning.

*Stk. 7.* Overtrædelse af stk. 6, 1., 2. og 4. pkt., straffes med bøde. I forskrifter, der udfærdiges i medfør af stk. 6, 3. pkt., kan der fastsættes straf af bøde for overtrædelse af bestemmelser i forskrifterne.

**§ 41 g.** Enhver kan forlange at få udleveret kopi af et bødeforelæg, jf. § 832, som en juridisk person har vedtaget.

*Stk. 2.* Anmodning om aktindsigt efter stk. 1 skal
1)  indeholde de oplysninger, som er nødvendige, for at den sag eller de dokumenter, der ønskes aktindsigt i, kan identificeres, og
2)  angive det tema, sagen eller dokumentet vedrører.

*Stk. 3.* Behandlingen af en anmodning om aktindsigt efter stk. 1 kan, uanset at betingelserne i stk. 2 er opfyldt, afslås, i det omfang
1)  behandlingen af anmodningen vil nødvendiggøre et uforholdsmæssigt ressourceforbrug eller
2)  anmodningen må antages at skulle tjene et retsstridigt formål el.lign.

*Stk. 4.* § 41 b, stk. 3, og § 41 e, stk. 2, 3. og 4. pkt., og stk. 3 og 5, finder tilsvarende anvendelse.

**§ 41 h.** I forbindelse med behandlingen af en anmodning om aktindsigt skal det overvejes, om der kan gives aktindsigt i videre omfang end fastsat i §§ 41 a-41 g. Der kan gives aktindsigt i videre omfang, medmindre det vil være i strid med anden lovgivning, herunder regler om tavshedspligt og Europa-Parlamentets og Rådets forordning nr. 2016/679 af 27. april 2016 om beskyttelse af fysiske personer i forbindelse med behandling af personoplysninger og om fri udveksling af sådanne oplysninger og regler i databe-

skyttelsesloven og lov om retshåndhævende myndigheders behandling af personoplysninger.

*Stk. 2.* Retten kan bestemme, at en person uden for domstolene og den offentlige forvaltning har tavshedspligt med hensyn til fortrolige oplysninger, som retten videregiver til den pågældende uden at være forpligtet hertil. Straffelovens §§ 152 og 152 c-152 f finder tilsvarende anvendelse på overtrædelse af et sådant pålæg om tavshedspligt.

## Kapitel 4

### *Dommere, fuldmægtige m.m.*

**§ 42.** Faste dommere ved rigets almindelige domstole beskikkes af kongen.

*Stk. 2.* Til Højesteret sker udnævnelse som »højesteretsdommer«, til landsret som »landsdommer«, til hver af de andre retter som »dommer« med angivelse af, hvor pågældende ansættes.

*Stk. 3.* Kun den, der har bestået juridisk kandidateksamen, kan beskikkes.

*Stk. 4.* Beskikkelse som landsdommer eller dommer i en byret, Sø- og Handelsretten eller Tinglysningsretten kræver i reglen, at den pågældendes egnethed som dommer har været bedømt i landsretten.

*Stk. 5.* Før nogen kan beskikkes til højesteretsdommer, skal den pågældende have godtgjort sin egnethed til at have sæde i retten ved som prøve at votere først i mindst 4 sager, af hvilke mindst den ene skal være borgerlig.

**§ 43.** Besættelsen af dommerstillinger skal ske ud fra en samlet vurdering af ansøgernes kvalifikationer til den pågældende stilling. Der skal herved lægges afgørende vægt på ansøgernes juridiske og personlige kvalifikationer. Også bredden i ansøgernes juridiske erfaringsgrundlag skal tillægges vægt, ligesom det skal indgå i vurderingen, at der ved domstolene bør være dommere med forskellig juridisk erhvervsbaggrund.

**§ 43 a.** Der oprettes et dommerudnævnelsesråd, som afgiver indstilling til justitsministeren om besættelse af stillinger som
1)  højesteretsdommer,
2)  landsretspræsident og landsdommer,
3)  præsident, vicepræsident og dommer i Sø- og Handelsretten,
4)  byretspræsident og byretsdommer,
5)  præsident og dommer i Tinglysningsretten,
6)  midlertidigt beskikket dommer i henhold til § 44 b og
7)  midlertidigt beskikket dommer i henhold til § 44 c.

*Stk. 2.* Rådets indstillinger skal være begrundede. Rådet kan kun indstille én ansøger til en ledig stilling. Såfremt der ikke i rådet er enighed om, hvem af ansøgerne der skal indstilles, afgøres spørgsmålet ved afstemning. Ved stemmelighed gør formandens stemme udslaget. Det skal tilkendegives i rådets indstilling, såfremt der har været uenighed om indstillingen, og de enkelte medlemmers standpunkter skal fremgå.

**§ 43 b.** Dommerudnævnelsesrådet består af 6 medlemmer, en højesteretsdommer (formand), en landsdommer, en

byretsdommer, en advokat og to repræsentanter for offentligheden.

*Stk. 2.* Dommerne beskikkes af justitsministeren efter indstilling fra henholdsvis Højesteret, landsretterne og Den Danske Dommerforening.

*Stk. 3.* Advokaten beskikkes af justitsministeren efter indstilling fra Advokatrådet.

*Stk. 4.* Offentlighedsrepræsentanterne beskikkes af justitsministeren efter indstilling fra henholdsvis KL (Kommunernes Landsforening) og Dansk Folkeoplysnings Samråd.

*Stk. 5.* Medlemmer af Folketinget, regionsråd og kommunalbestyrelser kan ikke være medlemmer af Dommerudnævnelsesrådet.

*Stk. 6.* Medlemmerne beskikkes for 4 år. Genbeskikkelse kan ikke finde sted.

*Stk. 7.* Der beskikkes en suppleant for hvert af rådets medlemmer. Stk. 1-5 og stk. 6, 1. pkt., finder tilsvarende anvendelse på beskikkelse af suppleanter.

**§ 43 c.** Dommerudnævnelsesrådet fastsætter selv sin forretningsorden.

*Stk. 2.* Der kan i forretningsordenen fastsættes bestemmelser om, at formanden kan afgive indstilling i visse, nærmere bestemte sager på rådets vegne, eller at indstillinger kan afgives af 3 af rådets medlemmer, nemlig en dommer, en advokat og en offentlighedsrepræsentant.

**§ 43 d.** Dommerudnævnelsesrådet offentliggør hvert år en redegørelse for sin virksomhed.

*Stk. 2.* Dommerudnævnelsesrådets sekretariatsopgaver varetages af Domstolsstyrelsen.

**§ 44.** Midlertidig beskikkelse til højesteretsdommer kan ikke finde sted. En pensioneret højesteretsdommer kan dog tilkaldes for at virke som dommer efter § 51 e. En ledig stilling skal besættes inden 6 måneder.

*Stk. 2.* Ved andre dommerstillinger kan midlertidig beskikkelse meddeles af Domstolsstyrelsen efter reglen i § 44 a, af justitsministeren efter reglerne i §§ 44 b og 44 c og af landsretspræsidenterne efter reglerne i §§ 44 d og 45.

*Stk. 3.* Den, som beskikkes til midlertidigt at beklæde en dommerstilling, skal opfylde betingelsen i § 42, stk. 3.

*Stk. 4.* Bestemmelserne i §§ 54 og 54 a finder tilsvarende anvendelse på midlertidigt beskikkede dommere. Dette gælder dog ikke for faste dommere, som midlertidigt er beskikket i en anden dommerstilling.

*Stk. 5.* Midlertidigt beskikkede dommere kan efter beskikkelsens ophør færdigbehandle sager, i hvilke mundtlig forhandling er påbegyndt inden beskikkelsens ophør.

**§ 44 a.** Domstolsstyrelsen kan meddele midlertidig beskikkelse, når det er nødvendigt ved ledighed i en stilling eller ved en fast dommers forfald.

*Stk. 2.* Når det af de grunde, der er nævnt i stk. 1, skønnes nødvendigt, er enhver byretsdommer forpligtet til at modtage beskikkelse til foruden sit eget embede midlertidigt at beklæde et andet embede som byretsdommer.

*Stk. 3.* Bortset fra tilfælde af forfald på grund af sygdom kan en stilling ikke holdes midlertidigt besat i mere end ét år.

*Stk. 4.* Etårsfristen kan dog forlænges i op til et år ad gangen, hvis ganske særlige grunde taler for det, og hvis samtykke gives af præsidenten for vedkommende ret eller for retspræsidenters vedkommende af præsidenten for den nærmeste overordnede ret.

*Stk. 5.* Forlængelser af etårsfristen kan dog højst ske for en samlet periode på 3 år.

*Stk. 6.* Midlertidig beskikkelse meddelt efter stk. 1 bortfalder, når den ledige stilling besættes eller forfaldsgrunden ophører at bestå. Domstolsstyrelsen kan dog efter indstilling fra vedkommende landsretspræsident tilbagekalde beskikkelsen fra et tidligere tidspunkt.

**§ 44 b.** Justitsministeren kan meddele midlertidig beskikkelse som landsdommer eller byretsdommer ud over det antal dommere, der i §§ 5 og 9 er fastsat for landsretterne og byretterne.

*Stk. 2.* Beskikkelsen meddeles for en tidsbegrænset periode på indtil 1 år. Under særlige omstændigheder og efter indstilling fra landsrettens præsident eller byrettens præsident kan justitsministeren forlænge beskikkelsen ud over 1 år.

**§ 44 c.** Justitsministeren kan meddele advokater midlertidig beskikkelse som landsdommer eller byretsdommer ud over det antal dommere, der i §§ 5 og 9 er fastsat for landsretterne og byretterne.

*Stk. 2.* Beskikkelsen meddeles for en periode på 3 måneder.

**§ 44 d.** Landsrettens præsident kan i påtrængende tilfælde meddele midlertidig beskikkelse til at beklæde en stilling som landsdommer. Beskikkelsen tilbagekaldes af præsidenten.

**§ 44 e.** Landsrettens præsident kan meddele en byretsdommer midlertidig beskikkelse i op til 1 år som dommer ved en anden byret, som led i at to byretsdommere midlertidigt bytter stilling. Midlertidig beskikkelse efter 1. pkt. meddeles efter ansøgning fra de pågældende byretsdommere og efter indstilling fra vedkommende retspræsidenter.

*Stk. 2.* Landsretternes præsident kan meddele landsdommere midlertidig beskikkelse i op til 1 år som landsdommer ved den anden landsret, som led i at to landsdommere midlertidigt bytter stilling. Midlertidig beskikkelse meddeles efter ansøgning fra de pågældende landsdommere.

*Stk. 3.* Den midlertidige beskikkelse tilbagekaldes af landsretspræsidenten.

**§ 45.** Landsrettens præsident kan meddele midlertidig beskikkelse som yderligere dommer ved en byret, når byrettens forhold tilsiger det.

*Stk. 2.* Beskikkelse efter stk. 1 kan uden ansøgning kun meddeles dommere eller fuldmægtige i en tilstødende retskreds inden for landsretskredsen. Beskikkelse som yderligere dommer ved retten på Bornholm kan uden ansøgning meddeles dommere og fuldmægtige ved Københavns Byret efter drøftelse med rettens præsident. Beskikkelse kan uden ansøgning kun meddeles for et tidsrum af højst 3 måneder for den enkelte dommer eller fuldmægtig. Beskikkelse af en

dommer eller fuldmægtig for et tidsrum ud over 1 måned kan kun ske efter drøftelse med Domstolsstyrelsen. Beskikkelse til tjeneste ved en bestemt byret kan i intet tilfælde meddeles ud over et tidsrum af 2 år.

*Stk. 3.* Den midlertidige beskikkelse tilbagekaldes af landsretspræsidenten.

**§ 46.** Hvis det på grund af en dommers inhabilitet er nødvendigt, beskikkes en sættedommer, for byretternes vedkommende af landsrettens præsident og i øvrigt af Højesterets præsident.

**§ 47.** En dommer må kun have beskæftigelse ved siden af sin dommerstilling under de betingelser, der er angivet i §§ 47 a og 47 b og i tjenestemandslovens § 17.

*Stk. 2.* Der oprettes et Bibeskæftigelsesnævn, jf. § 47 e og § 47 f, til varetagelse af de opgaver, der er nævnt i §§ 47 a-47 d.

**§ 47 a.** En dommer må kun have fast indtægtsgivende bibeskæftigelse, hvis det ved lov er bestemt, at det pågældende hverv skal varetages af en dommer, eller hvis dommerens varetagelse af hvervet tillades af Bibeskæftigelsesnævnet.

*Stk. 2.* Hverv som medlem af et offentligt eller privat råd eller nævn må kun varetages af højesteretsdommere, landsdommere og præsidenten og vicepræsidenterne for Sø- og Handelsretten, hvis det er bestemt ved lov eller godkendt af Bibeskæftigelsesnævnet, og kun varetages af en sådan dommer. Nævnets godkendelse kan begrænses til at gælde for en bestemt dommer eller for et bestemt tidsrum.

*Stk. 3.* Udpegning af en dommer som medlem af et offentligt eller et privat råd eller nævn, som medlem af en voldgiftsret eller til anden tvistløsning uden for domstolene skal foretages af vedkommende retspræsident eller af en anden dommer, som en retspræsident har bemyndiget hertil.

*Stk. 4.* Bibeskæftigelsesnævnet offentliggør årligt en oversigt over de tilladelser, som nævnet har givet i medfør af stk. 1, og de hverv, som nævnet i medfør af stk. 2 har bestemt kan varetages af højesteretsdommere, landsdommere eller præsidenten eller en vicepræsident i Sø- og Handelsretten.

**§ 47 b.** En dommers indtægter ved bibeskæftigelse må i gennemsnit ikke overstige 50 pct. af dommerens løn i hovedstillingen og må maksimalt udgøre 50 pct. af en højesteretsdommers løn i hovedstillingen, jf. dog stk. 2. Indtægtsopgørelsen sker i faste perioder på 3 kalenderår.

*Stk. 2.* Indtægtsbegrænsningen i stk. 1 omfatter ikke indtægter ved forfattervirksomhed og hverv i særlige domstole. Indtægtsbegrænsningen i stk. 1 omfatter endvidere i 3 år fra tiltrædelsen af hvervet ikke indtægter ved varetagelse af hverv, hvor det ved lov er bestemt, at hvervet skal varetages af en dommer.

*Stk. 3.* Vedkommende retspræsident påser, at en dommers indtægter ikke overskrider indtægtsbegrænsningen i stk. 1. Overstiger en dommers indtægter i en opgørelsesperiode det tilladte, forelægger retspræsidenten sagen for Bibeskæftigelsesnævnet. Nævnet kan herefter

1) fastsætte en lavere indtægtsgrænse for den pågældende dommer i den kommende opgørelsesperiode og

2) bestemme, at dommeren fremover skal omfattes af den konkrete indberetnings- og tilladelsesordning i § 47 d.

*Stk. 4.* Bibeskæftigelsesnævnet offentliggør efter hver opgørelsesperiode en oversigt over de afgørelser, der er truffet i medfør af stk. 3.

**§ 47 c.** En dommer skal hvert år inden den 1. februar afgive indberetning om de indtægtsgivende hverv, som den pågældende dommer i det forudgående kalenderår har varetaget ved siden af hovedstillingen. Indberetning om voldgiftssager afgives for sager, hvori der er oppebåret vederlag i det foregående kalenderår, og for andre sager, der er verserende, og hvori der er udført vederlagsgivende arbejde.

*Stk. 2.* Indberetningerne skal indeholde oplysninger om hvervets art og hvervgiveren. I indberetninger om voldgiftssager skal parternes navne ikke angives, men derimod navnene på de advokater eller andre, som har repræsenteret parterne, samt hvorledes dommeren er udpeget. Dommeren skal endvidere afgive indberetning om indtægten ved de enkelte hverv.

*Stk. 3.* Indberetningerne indgives til rettens præsident. Præsidenterne for byretterne indgiver indberetning til vedkommende landsretspræsident. Præsidenterne for landsretterne samt præsidenten for Sø- og Handelsretten indgiver indberetning til Højesterets præsident.

*Stk. 4.* Oplysninger om antal og karakter af de enkelte dommeres bierhverv, jf. stk. 1 og stk. 2, 1. og 2. pkt., videregives af vedkommende retspræsident til Bibeskæftigelsesnævnet. Har en dommer overskredet indtægtsbegrænsningen i § 47 b, stk. 1, videregives tillige efter nævnets anmodning bestemmelse indtægtsoplysninger, jf. stk. 2, 3. pkt., med henblik på nævnets stillingtagen hertil efter § 47 b, stk. 3, 3. pkt. Nævnet offentliggør de oplysninger, der er nævnt i 1. pkt.

*Stk. 5.* Indberetninger i henhold til stk. 1 og stk. 2, 1. og 2. pkt., er undergivet aktindsigt.

**§ 47 d.** Såfremt det findes fornødent, kan vedkommende retspræsident pålægge en dommer at indsende en redegørelse for dommerens tidsforbrug i forbindelse med varetagelsen af hverv ved siden af hovedstillingen.

*Stk. 2.* Såfremt det findes fornødent, kan vedkommende retspræsident endvidere pålægge en dommer at indsende en opgørelse over de indtægter, som den pågældende i en nærmere angivet periode har modtaget i forbindelse med de enkelte hverv, som dommeren har varetaget ved siden af hovedstillingen. Pålægget kan også omfatte fremtidige indtægter.

*Stk. 3.* Finder vedkommende retspræsident, at de oplysninger, som dommeren afgiver i medfør af stk. 1 eller 2 eller i medfør af § 47 c, stk. 2, 3. pkt., giver anledning dertil, kan retspræsidenten efter drøftelse med Bibeskæftigelsesnævnet beslutte, at dommeren i en nærmere angivet periode eller indtil videre kun med retspræsidentens eller nævnets tilladelse må påtage sig hverv ved siden af hovedstillingen.

*Stk. 4.* Beføjelserne efter stk. 1-3 tilkommer de retspræsidenter, der modtager indberetning efter § 47 c, stk. 3.

**§ 47 e.** Bibeskæftigelsesnævnet består af 7 medlemmer: Præsidenten for Højesteret (formand), præsidenterne for landsretterne, én præsident valgt af de øvrige retspræsidenter, en dommer valgt af Den Danske Dommerforening og to repræsentanter for offentligheden.

*Stk. 2.* Den valgte retspræsident og dommer, jf. stk. 1, beskikkes af justitsministeren efter indstilling fra henholdsvis retspræsidenterne for byretterne og Sø- og Handelsretten og Den Danske Dommerforening. Offentlighedsrepræsentanterne beskikkes af justitsministeren efter indstilling fra henholdsvis Dansk Folkeoplysnings Samråd og Rektorkollegiet.

*Stk. 3.* Offentlighedsrepræsentanterne beskikkes for 6 år. Genbeskikkelse kan ikke finde sted.

*Stk. 4.* Medlemmer af Folketinget, regionsråd og kommunalbestyrelser kan ikke være medlemmer af Bibeskæftigelsesnævnet.

*Stk. 5.* Der beskikkes en suppleant for hver af de to offentlighedsrepræsentanter. Stk. 2, stk. 3, 1. pkt., og stk. 4 finder tilsvarende anvendelse på beskikkelsen af suppleanterne.

**§ 47 f.** Bibeskæftigelsesnævnet fastsætter selv sin forretningsorden. Der kan i forretningsordenen fastsættes bestemmelser om, at formanden i visse nærmere bestemte sager kan træffe afgørelse på nævnets vegne, eller at afgørelser kan træffes af 3 af nævnets medlemmer, nemlig en retspræsident, en dommer og en offentlighedsrepræsentant.

*Stk. 2.* Bibeskæftigelsesnævnet offentliggør hvert år en redegørelse for sin virksomhed.

*Stk. 3.* Bibeskæftigelsesnævnets sekretariatsopgaver varetages af Højesteret.

**§ 48.** Gør en dommer sig skyldig i forsømmelse eller skødesløshed i embedsførelsen, der dog ikke er af en sådan karakter, at den efter lovgivningen medfører straf, eller udviser dommeren i øvrigt utilbørligt eller usømmeligt forhold, kan der meddeles den pågældende en advarsel.

*Stk. 2.* Sager efter stk. 1 behandles af rettens præsident. For så vidt angår præsidenterne for byretterne, landsretterne, Sø- og Handelsretten og Tinglysningsretten, behandles sager efter stk. 1 dog af præsidenten for den nærmeste overordnede ret.

*Stk. 3.* Sager efter stk. 1 kan rejses ved klage eller af retspræsidenterne af egen drift. Klage skal indgives inden 4 uger efter, at klageren er blevet bekendt med det forhold, som giver anledning til klagen. Såfremt klagen efter sin beskaffenhed findes uegnet til afgørelse efter stk. 1, kan den henvises til Den Særlige Klageret.

**§ 48 a.** En advarsel meddelt efter § 48, stk. 1, kan påklages til Den Særlige Klageret af den dommer, som advarslen er rettet mod. Klagen skal være indgivet, inden 4 uger efter at dommeren er blevet meddelt advarslen. Klageretten kan se bort fra en overskridelse af klagefristen, når særlige forhold taler herfor.

*Stk. 2.* Klageretten anmoder vedkommende retspræsident om en skriftlig udtalelse. Herefter har dommeren lejlighed til skriftligt at komme med bemærkninger til retspræsidentens udtalelse. Klageretten kan anmode retspræsidenten og dommeren om yderligere bemærkninger.

*Stk. 3.* Finder klageretten behov for det, kan den indhente en skriftlig udtalelse fra andre. Retspræsidenten og dommeren skal i så fald have lejlighed til skriftligt at komme med bemærkninger til udtalelsen.

*Stk. 4.* Når sagens beskaffenhed gør det påkrævet, træffer klageretten beslutning om mundtlig forhandling og træffer samtidig bestemmelse om, hvorvidt denne skal ske for lukkede døre. De nærmere bestemmelser om hovedforhandlingen træffes i øvrigt af klagerettens formand i overensstemmelse med de regler, som gælder for hovedforhandling i borgerlige sager i 1. instans, med de fornødne lempelser. Fremsætter dommeren begæring derom, kan klageretten beskikke en advokat for dommeren.

*Stk. 5.* Klageretten kan stadfæste, ændre eller ophæve advarslen. Klagerettens afgørelse træffes ved kendelse.

*Stk. 6.* Lyder klagerettens afgørelse på stadfæstelse eller ændring af advarslen, kan afgørelsen indbringes for Højesteret efter reglerne om kære i borgerlige sager, dog således at mindst fem dommere deltager i påkendelsen.

**§ 49.** Enhver, der anser sig krænket ved utilbørligt eller usømmeligt forhold fra en dommers side under udøvelsen af dennes embedsvirksomhed, kan indgive klage herover til Den Særlige Klageret. Klagen skal indgives inden 4 uger efter, at klageren er blevet bekendt med det forhold, som giver anledning til klagen. Klageretten kan se bort fra en overskridelse af klagefristen, når særlige forhold taler herfor.

*Stk. 2.* Finder justitsministeren, at en dommer må antages at have gjort sig skyldig i et forhold, der må svække eller gøre dommeren uværdig til den agtelse og tillid, som dommerhvervet forudsætter, beder ministeren rigsadvokaten indbringe sag herom for klageretten.

*Stk. 3.* Afvises klagen ikke straks, anmoder retten vedkommende dommer om en erklæring om det påklagede forhold. Bestrider dommeren rigtigheden af den givne fremstilling af det faktisk passerede, fastslås sagens sammenhæng efter reglerne i kapitel 67 og 68 med de fornødne lempelser, for så vidt klageretten finder det nødvendigt.

*Stk. 4.* Herefter har parterne lejlighed til skriftligt at fremkomme med de bemærkninger, som det oplyste giver anledning til. Når den indklagede dommer fremsætter begæring herom eller sagens beskaffenhed gør det påkrævet, træffer klageretten dog beslutning om mundtlig forhandling og træffer samtidig bestemmelse om, hvorvidt denne skal ske for lukkede døre. De nærmere bestemmelser om hovedforhandlingen træffes i øvrigt af klagerettens formand i overensstemmelse med de regler, som gælder for hovedforhandling i borgerlige sager i 1. instans, med de fornødne lempelser. Fremsætter dommeren begæring derom, kan klageretten beskikke ham en advokat. I sager efter stk. 1 kan klageretten beskikke en advokat for klageren.

*Stk. 5.* Findes klagen ubegrundet, afviser klageretten sagen. I det tilfælde, der er omhandlet i stk. 1, kan der pålægges klageren en bødestraf, hvis klageren uden rimelig grund har foranlediget sagen rejst. Dette gælder uden hensyn til,

om klagerens adfærd måtte kunne pådrage denne ansvar efter straffelovens regler.

*Stk. 6.* Findes klagen begrundet, kan klageretten udtale sin misbilligelse af dommerens adfærd eller pålægge denne en bøde. Findes det forhold, som dommeren har udvist, at være af graverende karakter, eller er dommeren tidligere ved klageretten blevet dømt for forhold af sådan karakter, kan dommeren afsættes.

*Stk. 7.* Klageretten træffer afgørelse ved dom, der afsiges i et offentligt retsmøde.

*Stk. 8.* Lyder dommen på afsættelse, eller har der været nedlagt påstand herom, kan den indbringes for Højesteret efter reglerne om anke, i andre tilfælde efter reglerne om kære i borgerlige sager, dog således at mindst tre dommere deltager i påkendelsen.

*Stk. 9.* Klageretten træffer afgørelse om betaling af sagsomkostninger.

**§ 49 a.** Om en dommer bør afsættes mod sit ønske på grund af vedvarende åndelig eller legemlig sygdom, afgøres efter reglerne i § 49 med de fornødne lempelser.

**§ 50.** Når straffesag er rejst mod en dommer, eller når dommeren må antages at have gjort sig skyldig i sådant utilbørligt forhold, som omhandles i § 49, såvel som når dommeren er blevet uvederhæftig eller på grund af åndelig eller legemlig svaghed er ude af stand til at bestride sit embede, kan vedkommende suspenderes. Afgørelsen herom træffes af Den Særlige Klageret.

**§ 51.** En dommer, der afskediges på grund af alder, kan færdigbehandle sager, i hvilke mundtlig forhandling er påbegyndt inden ansættelsens ophør.

**§ 51 a.** En dommer, som er fyldt 65 år, kan efter aftale med vedkommende retspræsident overgå til deltidsansættelse, hvis retspræsidenten vurderer, at det vil være muligt og hensigtsmæssigt i forhold til tilrettelæggelsen af arbejdet ved det pågældende embede, jf. dog stk. 2. Arbejdstidens længde kan ikke nedsættes til under halv tid.

*Stk. 2.* Retspræsidenter og højesteretsdommere kan ikke overgå til deltidsansættelse.

**§ 51 b.** Domstolsstyrelsen kan efter anmodning fra en byretspræsident, som er fyldt 62 år, indstille til justitsministeren, at den pågældende udnævnes som yderligere dommer ved en af de byretter, der er nævnt i § 9, stk. 2-6. Det samme gælder for Tinglysningsrettens præsident.

*Stk. 2.* Udnævnelse kan ikke ske ved den byret, hvor den pågældende har været byretspræsident, eller ved en byret, hvor der allerede er udnævnt en yderligere dommer efter stk. 1.

*Stk. 3.* Stillingen bortfalder, første gang en fast dommerstilling bliver ledig ved den pågældende byret.

**§ 51 c.** Domstolsstyrelsen kan efter anmodning fra en landsretspræsident, som er fyldt 62 år, indstille til justitsministeren, at den pågældende udnævnes som yderligere dommer ved landsretten eller ved den anden landsret.

*Stk. 2.* Stillingen bortfalder, første gang en fast dommerstilling bliver ledig ved den pågældende landsret.

**§ 51 d.** Domstolsstyrelsen kan efter anmodning fra Sø- og Handelsrettens præsident indstille til justitsministeren, at den pågældende, når denne er fyldt 62 år, udnævnes som yderligere dommer ved en af de to landsretter.

*Stk. 2.* Stillingen bortfalder, første gang en fast dommerstilling bliver ledig ved den pågældende landsret.

**§ 51 e.** En dommer, der er pensioneret på grund af alder eller svagelighed, kan af vedkommende retspræsident tilkaldes for at virke som dommer ved det pågældende embede i en nærmere bestemt periode. Kun under særlige omstændigheder kan tilkaldeperioden forlænges ud over dommerens fyldte 72. år.

*Stk. 2.* En dommer, som er tilkaldt efter stk. 1, kan afskediges før tilkaldeperiodens udløb på grund af uegnethed eller sygdom.

**§ 51 f.** Sager om afsked uden ansøgning før tilkaldeperiodens udløb af en pensioneret dommer, som er tilkaldt efter § 51 e, indbringes af Domstolsstyrelsen for Den Særlige Klageret. § 54 a finder i den forbindelse tilsvarende anvendelse.

**§ 52.** Fuldmægtige ved domstolene ansættes med domstolene som ansættelsesområde.

*Stk. 2.* Til at beklæde disse stillinger kræves, at vedkommende har bestået juridisk kandidateksamen.

**§ 53.** Når en fuldmægtig på grund af inhabilitet er udelukket fra at virke i en sag, bestemmer vedkommende præsident, hvem der i stedet skal fungere i sagen.

**§ 54.** Fuldmægtige kan afskediges på grund af uegnethed eller sygdom.

*Stk. 2.* Afskedigelse kan endvidere ske i de tilfælde, hvor en omordning af domstolene finder sted. En fuldmægtig, der er fyldt 65 år, kan ligeledes afskediges, men uden tab af indtægter indtil det tidspunkt, til hvilket denne skulle være afskediget på grund af alder, hvis pågældende havde været dommer.

*Stk. 3.* Bestemmelserne i §§ 51, 51 e og 51 f finder tilsvarende anvendelse med hensyn til fuldmægtige.

*Stk. 4.* Uansøgt ændring af tjenestested kan ske, såfremt ændringen er begrundet i uddannelsesmæssige hensyn eller i hensynet til en hensigtsmæssig ressourceudnyttelse inden for domstolene.

*Stk. 5.* Uansøgt ændring af tjenestested kan endvidere ske i tilfælde, der er omfattet af stk. 1 og stk. 2, 1. pkt.

**§ 54 a.** Sager om afsked uden ansøgning af en fuldmægtig indbringes af Domstolsstyrelsen for Den Særlige Klageret. Afskedigelse uden ansøgning efter § 54, stk. 2, 2. pkt., sker dog administrativt.

*Stk. 2.* Fremsættes der indsigelse mod en varslet ændring af tjenestested, indbringer Domstolsstyrelsen sagen for Den Særlige Klageret. Indsigelse skal fremsættes senest 14 dage efter, at den pågældende har fået varsel om det nye tjenestested.

*Stk. 3.* På ansøgerens anmodning indbringer Domstolsstyrelsen afslag på ansættelse af en ansøger, der er eller har været ansat i en tidsbegrænset stilling som dommerfuldmægtig, for Den Særlige Klageret.

*Stk. 4.* Sager efter stk. 1-3 forelægges for klageretten af Domstolsstyrelsen. Den, sagen angår, skal herefter have lejlighed til skriftligt at fremkomme med sine bemærkninger. Fremsætter den pågældende begæring herom, eller gør sagens beskaffenhed det påkrævet, træffer klageretten dog beslutning om mundtlig forhandling og træffer samtidig bestemmelse om, hvorvidt denne skal ske for lukkede døre. De nærmere bestemmelser om hovedforhandlingen træffes i øvrigt af klagerettens formand i overensstemmelse med de regler, som gælder for hovedforhandling af borgerlige sager i 1. instans, med de fornødne lempelser. Fremsætter den pågældende begæring herom, kan klagerettens formand beskikke den pågældende en advokat.

*Stk. 5.* Klageretten træffer afgørelse ved dom, der afsiges i et offentligt retsmøde.

*Stk. 6.* Dommen kan af parterne indbringes for Højesteret efter reglerne om anke af borgerlige sager.

**§ 55.** Bestemmelserne i §§ 48, 48 a, 49 og 50 finder tilsvarende anvendelse med hensyn til fuldmægtige, midlertidigt beskikkede dommere, dommere og fuldmægtige tilkaldt efter § 51 e og sagkyndige retsmedlemmer, dog er det Domstolsstyrelsen, der har kompetencen til at bede rigsadvokaten indbringe sagen for Den Særlige Klageret.

**§ 56.** En dommer må i retsmøder ikke fremtræde på en måde, der er egnet til at blive opfattet som en tilkendegivelse om den pågældendes eventuelle religiøse eller politiske tilhørsforhold eller om den pågældendes holdning til religiøse eller politiske spørgsmål i øvrigt.

*Stk. 2.* Stk. 1 finder tilsvarende anvendelse på fuldmægtige, midlertidigt beskikkede dommere og de personer, der er nævnt i § 19, stk. 3.

**§ 56 a.** En dommer bærer kappe under hovedforhandlinger og retsmøder, der afholdes med henblik på sagens behandling i medfør af § 831.

*Stk. 2.* Stk. 1 finder tilsvarende anvendelse på fuldmægtige og midlertidigt beskikkede dommere.

**§ 57.** I hver retskreds samt ved landsretterne og Sø- og Handelsretten beskikker retspræsidenten et antal stævningsmænd til at foretage stævningsmandsforkyndelser og telefonforkyndelser. En forkyndelse er gyldig, selv om stævningsmanden har handlet uden for den retskreds, i hvilken den pågældende er beskikket.

*Stk. 2.* Stævningsmanden afgiver til den retspræsident, der har beskikket den pågældende, en erklæring om, at den pågældende vil opfylde de pligter, der påhviler den pågældende efter denne lov og de bekendtgørelser, der er udstedt i medfør af loven. Formen for denne erklæring fastsættes af Domstolsstyrelsen.

*Stk. 3.* Retten skal vejlede stævningsmændene med hensyn til deres pligter.

**§ 58.** I hver retskreds samt ved landsretterne og Sø- og Handelsretten kan retspræsidenten beskikke ansatte ved retten til at foretage stævningsmandsforkyndelser og telefonforkyndelser. Formanden for Arbejdsretten kan beskikke ansatte ved retten til at foretage telefonforkyndelser.

*Stk. 2.* Politijenestemænd og sognefogeder kan uden særlig beskikkelse foretage stævningsmandsforkyndelser og telefonforkyndelser.

*Stk. 3.* Politidirektøren kan beskikke ansatte i politikredsen til at foretage stævningsmandsforkyndelser og telefonforkyndelser, jf. dog stk. 2. Vedkommende statsadvokat kan beskikke ansatte ved statsadvokaten til at foretage telefonforkyndelser.

*Stk. 4.* Direktøren for kriminalforsorgen kan beskikke ansatte i kriminalforsorgen til at foretage stævningsmandsforkyndelser i kriminalforsorgens institutioner.

*Stk. 5.* Restanceinddrivelsesmyndigheden kan beskikke ansatte i restanceinddrivelsesmyndigheden til at foretage telefonforkyndelser i sager omfattet af lov om fremgangsmåden ved inddrivelse af skatter og afgifter m.v.

*Stk. 6.* Justitsministeren kan fastsætte regler om, i hvilket omfang retterne, politiet, statsadvokaterne, kriminalforsorgen og restanceinddrivelsesmyndigheden skal foretage og medvirke ved forkyndelser.

**§ 59.** (Ophævet)

## Kapitel 5

*Tilfælde, hvor rettens personer skal eller kan vige deres sæde*

**§ 60.** Ingen må handle som dommer i en sag, når han

1) selv er part i sagen eller er interesseret i dens udfald eller, hvis det er en straffesag, er forurettet ved forbrydelsen;

2) er beslægtet eller besvogret med nogen af parterne i en borgerlig sag eller med sigtede i en straffesag i op- eller nedstigende linje eller i sidelinjen så nær som søskendebørn eller er en af parternes eller sigtedes ægtefælle, værge, adoptiv- eller plejefader, adoptiv- eller plejesøn;

3) er gift med eller beslægtet eller besvogret i op- eller nedstigende linje eller beslægtet i sidelinjen så nær som søskende med nogen i en borgerlig sag optrædende advokat eller anden rettergangsfuldmægtig for en af parterne eller med den forurettede i en straffesag eller dennes rettergangsfuldmægtig eller med nogen i en sådan sag optrædende offentlig anklager eller politiembedsmand eller forsvarer for sigtede;

4) har aflagt vidnesbyrd eller været skønsmand i sagen eller har handlet i den, hvis det er en borgerlig sag, som advokat eller i øvrigt som rettergangsfuldmægtig for nogen af parterne og, hvis det er en straffesag, som politiembedsmand, offentlig anklager, forsvarer eller rettergangsfuldmægtig for den forurettede;

5) har handlet i sagen i den underordnede instans som dommer eller, hvis det er en straffesag, som nævning eller domsmand eller

6) har deltaget som dommer, domsmand, nævning eller sagkyndig under den tidligere hovedforhandling i en straffesag, der er hjemvist til ny hovedforhandling efter § 929 eller genoptaget efter §§ 976 eller 977.

*Stk. 2.* Ingen må deltage som dommer under hovedforhandlingen i en straffesag, såfremt den pågældende, vedrørende det forhold, som tiltalen angår, har truffet afgørelse

om at varetægtsfængsle den tiltalte efter § 762, stk. 2, eller om brevåbning og brevstandsning i medfør af § 781, stk. 4. Dette gælder dog ikke, hvis sagen behandles efter § 831 eller sagen i øvrigt vedrørende det forhold, der har begrundet indgreb som nævnt i 1. pkt., ikke omfatter bedømmelsen af beviserne for tiltaltes skyld.

*Stk. 3.* Afgørelse under hovedforhandlingen i en straffesag om varetægtsfængsling i medfør af § 762, stk. 2, om ophævelse af varetægtsfængsling i medfør af § 762, stk. 2, jf. § 766 eller § 768, eller om brevåbning og brevstandsning i medfør af § 781, stk. 4, skal træffes af en dommer, i landsretten en afdeling, der ikke deltager i hovedforhandlingen. Det gælder dog ikke, hvis sagen behandles efter § 831 eller sagen i øvrigt vedrørende det forhold, der begrunder indgreb som nævnt i 1. pkt., ikke omfatter bedømmelsen af beviserne for tiltaltes skyld.

*Stk. 4.* Ingen må deltage som dommer under hovedforhandlingen i en straffesag, såfremt den pågældende vedrørende det forhold, som tiltalen angår, i medfør af § 746, stk. 2, har truffet afgørelse om, at materiale, som politiet efter anmodning har fremlagt over for retten, ikke er omfattet af forsvarerens adgang til aktindsigt.

*Stk. 5.* Ingen må deltage som dommer under hovedforhandlingen i en straffesag, såfremt den pågældende vedrørende det forhold, som tiltalen angår, har truffet afgørelse om at undtage materiale fra forsvarerens og sigtedes adgang til aktindsigt i medfør af § 729 c eller har truffet anden afgørelse, hvor der har været fremlagt oplysninger, der efter § 729 c er undtaget fra forsvarerens og sigtedes adgang til aktindsigt.

*Stk. 6.* Under hovedforhandlingen i en straffesag skal de afgørelser, som er nævnt i stk. 4 og 5, træffes af en dommer, i landsretten en afdeling, der ikke deltager i hovedforhandlingen.

*Stk. 7.* Den omstændighed, at dommeren, fordi flere embedsvirksomheder er forenede i hans person, tidligere af den grund har haft med sagen at gøre, medfører ikke inhabilitet, når der ikke efter de foreliggende omstændigheder er grund til at antage, at han har nogen særegen interesse i sagens udfald.

**§ 61.** Ingen må handle som dommer i en sag, når der i øvrigt foreligger omstændigheder, som er egnede til at rejse tvivl om dommerens fuldstændige upartiskhed.

**§ 62.** Dommeren skal påse, om der efter § 60 eller § 61 foreligger grunde, der kan medføre inhabilitet. Beklædes retten af flere dommere, skal hver enkelt dommer give retten meddelelse om omstændigheder, der efter § 60 eller § 61 kan medføre den pågældendes eller en af de andre dommeres inhabilitet. Endvidere kan spørgsmål om en dommers habilitet rejses af sagens parter.

*Stk. 2.* Afgørelse om en dommers habilitet træffes af retten ved kendelse. Beklædes retten af flere dommere, er den dommer, om hvis habilitet der er rejst spørgsmål, ikke udelukket fra at deltage i afgørelsen.

**§ 63.** Spørgsmålet om en dommers fratræden, der, når det rejses af en af parterne, i borgerlige sager i processuel hen-

seende behandles som andre formalitetsindsigelser, bør så vidt muligt rejses før den mundtlige forhandlings begyndelse. Det kan afgøres, uden at parterne har haft adgang til at ytre sig derom.

**§ 64.** Kendelser, hvorved en enkeltdommer erklærer at ville vige sit sæde, eller hvorved det pålægges en dommer i en kollegialret at vige sit sæde, er ikke genstand for anke eller kære. Imod kendelser, hvorved indsigelser mod en dommers habilitet forkastes, kan kæremål rejses. Når det straks forlanges, kan i denne anledning en kort udsættelse af sagen tilstås.

**§ 65.** Fra det øjeblik, da retskendelse for, at en dommer skal vige sit sæde, er afsagt, er denne dommer kun berettiget til at foretage sådanne handlinger i sagen, som ej kan opsættes.

**§ 66.** De om dommere givne forskrifter finder også anvendelse på nævninger, domsmænd, sagkyndige retsmedlemmer, fuldmægtige ved domstolene og retsvidner. Afgørelsen af habilitetsspørgsmålet træffes af retten.

*Stk. 2.* Når nævninger, domsmænd eller sagkyndige retsmedlemmer medvirker, skal rettens formand, inden behandlingen af den enkelte sag begynder, spørge disse, om der foreligger nogen omstændighed, som er til hinder for, at de medvirker i sagen.

**§ 67.** En stævningsmand eller en anden, der foretager forkyndelse, må ikke foretage forkyndelsen eller deltage deri, når nogen af parterne er den pågældendes ægtefælle eller er beslægtet eller besvogret med den pågældende i lige op- eller nedstigende linje eller i første sidelinje eller den pågældende selv er part i sagen eller er interesseret i dens udfald.

**Andet afsnit.**

**Nævningers og domsmænds udtagelse**

Kapitel 6

*Almindelige bestemmelser*

**§ 68.** For hver landsretsnævningekreds vælges for et tidsrum af 4 år regnet fra en 1. januar et antal personer, der må anses for egnede til at virke som nævninger eller domsmænd. Listerne over disse personer benævnes grundlister. For hver landsretsnævningekreds dannes en nævninge- og domsmandsliste ved lodtrækning blandt de personer, der er opført på grundlisterne. På samme måde dannes en nævninge- og domsmandsliste for hver byret, der ligger i landsretsnævningekredsen.

*Stk. 2.* Ved landsretsnævningekreds forstås den del af en landsretskreds, som i henhold til § 8, stk. 1 og 2, er henlagt til samme landsretstingsted.

*Stk. 3.* Nævninger og domsmænd kan efter udløbet af det tidsrum, for hvilket grundlisten gælder, færdigbehandle sager, i hvilke mundtlig forhandling er påbegyndt inden for dette tidsrum.

**§ 69.** Til nævning eller domsmand kan med de af § 70 følgende undtagelser udtages enhver uberygtet mand eller kvinde, der har valgret til Folketinget, medmindre den på-

gældende fylder 80 år inden udløbet af det tidsrum, for hvilket grundlisten gælder, eller på grund af åndelig eller legemlig svaghed eller utilstrækkeligt kendskab til det danske sprog er ude af stand til at fyldestgøre en nævnings og domsmands pligter.

**§ 70.** Følgende personer er udelukket fra at være nævning og domsmand:
1) Ministre,
2) ansatte i ministeriers departementer og ansatte i chefstillinger i de under departementerne hørende underordnede myndigheder,
3) ansatte ved domstolene og i politiet, anklagemyndigheden, kriminalforsorgen og andre myndigheder på Justitsministeriets område,
4) advokater og advokatfuldmægtige og
5) præster i folkekirken og andre trossamfund.

**§ 71.** Følgende personer kan begære sig fritaget for nævninge- og domsmandshvervet:
1) Folketingets medlemmer og dets tjenestemænd,
2) tjenstgørende militærpersoner,
3) told- og postvæsenets tjenestemænd, faste brandfolk samt de ved jernbaner, telegrafer og telefoner ansatte personer,
4) læger og jordemødre,
5) lodser,
6) sagkyndige, der er beskikket efter § 92 i denne lov eller efter § 172 i lov om social service, og lægdommere ved boligretterne,
7) de, som er fyldt 60 år,
8) de, som på grund af deres helbredstilstand eller erhvervs- eller familieforhold ikke uden fare for deres velfærd eller uforholdsmæssig ulempe kan opfylde nævninge- eller domsmandspligten,
9) de, som har taget bopæl i en anden kreds end den, for hvilken deres udtagelse gælder,
10) de, som i to perioder har været udtaget til nævninge- og domsmandslister.

### Kapitel 7
*Grundlister*

**§ 72.** Udtagelsen til grundlisten foretages inden for hver kommune af et grundlisteudvalg på mindst 5 medlemmer, der udpeges af kommunalbestyrelsen for de kommunale råds valgperiode. I København kan kommunalbestyrelsen bestemme, at der skal nedsættes flere grundlisteudvalg. De nærmere regler om antallet af personer, der skal udtages, og om selve udtagelsen fastsættes af justitsministeren.

**§ 73.** I tilfælde af forsømmelse med grundlistens udarbejdelse kan landsrettens præsident under anvendelse af tvangsbøder pålægge grundlisteudvalget at træffe de foreskrevne foranstaltninger.

### Kapitel 8
*Nævninge- og domsmandslister*

**§ 74.** Efter modtagelsen af grundlisterne affatter landsrettens præsident nævninge- og domsmandslisterne.
*Stk. 2.* Byrettens nævninge- og domsmandsliste dannes ved lodtrækning blandt de personer, der er optaget på grundlisterne inden for retskredsen.
*Stk. 3.* Landsrettens nævninge- og domsmandsliste dannes for hver landsretsnævningekreds ved lodtrækning blandt de personer, der herefter er tilbage på grundlisterne inden for landsretsnævningekredsen.

**§ 75.** De på nævninge- og domsmandslisterne optagne personer underrettes om udtagelsen ved en skriftlig meddelelse, der skal indeholde opfordring til de pågældende om at rette henvendelse til landsrettens præsident, såfremt de anser sig udtaget med urette eller ønsker at fremsætte begæring om fritagelse efter § 71.

**§ 76.** Landsrettens præsident afgør, om de til nævninge- og domsmandslisterne udtagne opfylder betingelserne efter §§ 69 og 70 for at kunne være nævning eller domsmand, og om fremsatte begæringer om fritagelse efter § 71 skal imødekommes. De trufne afgørelser kan ikke påklages.

**§ 77.** Bliver landsrettens præsident efter nævninge- og domsmandslisternes udarbejdelse opmærksom på grunde, som udelukker nogen af de på listerne opførte personer fra nævninge- og domsmandshvervet, eller tager han en begæring om fritagelse efter § 71 til følge, foretager han fornøden berigtigelse af listerne.

**§ 78.** Landsrettens præsident fastsætter antallet af nævninger og domsmænd, der skal udtages efter § 74. Antallet skal fastsættes således, at en nævning eller domsmand må ventes at komme til at virke 4 gange årligt.

### Kapitel 9
*Udtagelse af nævninger for de enkelte sager*

**§ 79.** Når behandling skal finde sted af en sag, i hvilken nævninger skal medvirke, udtager ved landsretten retsformanden og ved byretterne præsidenten det fornødne antal nævninger og suppleanter af de øverst på nævninge- og domsmandslisten opførte personer, der ikke tidligere i det tidsrum, for hvilket listen gælder, har gjort tjeneste som nævninger eller domsmænd eller som suppleanter.
*Stk. 2.* Når man er nået listen til ende, sker udtagelse på ny forfra.
*Stk. 3.* Træffer landsretten i medfør af § 8, stk. 4, bestemmelse om, at en sag skal behandles uden for landsretsnævningekredsen, kan landsretten bestemme, at nævningerne skal udtages af nævninge- og domsmandslisten for den landsretsnævningekreds, hvor sagen skal behandles. Træffer byretten i medfør af § 13, stk. 3, bestemmelse om, at en sag skal behandles uden for retskredsen, kan byretten bestemme, at nævninger skal udtages af nævninge- og domsmandslisten for den retskreds, hvor sagen skal behandles. Inden der træffes afgørelse i medfør af 1. og 2. pkt., skal parterne have lejlighed til at udtale sig om spørgsmålet.

*Stk. 4.* [4)] Stk. 3 finder tilsvarende anvendelse, når landsretten eller byretten i medfør af § 8, stk. 6, og § 13, stk. 5, sættes i en særligt sikret retssal som nævnt i § 27 b.

**§ 80.** Meddelelse om, hvem der er udtaget som nævninger, tilstilles anklagemyndigheden samt tiltalte og forsvareren mindst to uger før hovedforhandlingen. Denne frist kan dog undtagelsesvis forkortes, dersom der er særlig grund til at fremskynde hovedforhandlingen.

**§ 81.** Når en nævningesag skal behandles ved byretten, har anklagemyndigheden og tiltalte ret til uden angivelse af grund hver at udskyde 1 nævning, i sager angående politiske overtrædelser dog 2 nævninger.

*Stk. 2.* Når en nævningesag skal behandles ved landsretten, har anklagemyndigheden og tiltalte ret til uden angivelse af grund hver at udskyde 2 nævninger, i sager angående politiske overtrædelser dog 3 nævninger.

*Stk. 3.* Anklagemyndigheden og tiltalte kan helt eller delvis give afkald på deres udskydningsret efter stk. 1 og 2.

*Stk. 4.* Er der i samme sag flere tiltalte, tilkommer der hver af disse udskydningsret. Anklagemyndigheden har i så fald ret til at udskyde samme antal nævninger som de tiltalte tilsammen.

*Stk. 5.* Såfremt en nævning udskydes, skal underretning herom gives retsformanden snarest muligt og senest 4 dage efter modtagelsen af den i § 80 nævnte meddelelse om, hvem der er udtaget som nævninger, eller, hvis fristen efter § 80, 1. pkt., er forkortet i medfør af § 80, 2. pkt., senest dagen efter modtagelsen af den nævnte meddelelse.

**§ 82.** Retsformanden drager omsorg for, at det fornødne antal af de udtagne nævninger med en uges varsel indkaldes til at give møde i retten. Indkaldelsen skal indeholde oplysning om, at det påhviler en nævning, der mener at have lovligt forfald, snarest muligt skriftligt at meddele retsformanden dette, og om følgerne af undladelse heraf eller udeblivelse uden lovligt forfald.

*Stk. 2.* Er fristen efter § 80, 1. pkt., forkortet i medfør af § 80, 2. pkt., kan indkaldelse ske med kortere varsel end en uge.

**§ 83.** Finder retsformanden efter de foreliggende oplysninger, at et opgivet forfald er gyldigt, indkalder han yderligere en eller flere af de udtagne nævninger. Indkaldelse kan i så fald ske med kortere varsel end en uge.

*Stk. 2.* Om fornødent kan retsformanden supplere antallet af udtagne nævninger i overensstemmelse med bestemmelserne i § 79. Med hensyn til de således udtagne nævninger iagttages bestemmelserne i §§ 80-82 snarest muligt. De her omhandlede frister forkortes så meget, som omstændighederne gør nødvendigt.

**§ 84.** De i §§ 79 og 83 omhandlede afgørelser er ikke genstand for anke eller kære.

**§ 85.** En nævning, som udebliver uden lovligt forfald eller uden rettidigt at have meldt sit forfald, straffes med bøde. Det samme gælder den nævning, som efter at være mødt uden oplyst forfald unddrager sig opfyldelsen af de ham som nævning påhvilende pligter.

*Stk. 2.* Den afsagte kendelse forkyndes snarest muligt for den pågældende nævning. Denne har i en uge fra kendelsens forkyndelse adgang til at fremkomme med oplysninger for retten om, at han har haft lovligt forfald. Findes disse fyldestgørende, kan retten omgøre sin kendelse.

*Stk. 3.* Afgørelse af de i denne paragraf omhandlede spørgsmål træffes af retten.

*Stk. 4.* De omhandlede kendelser kan ikke gøres til genstand for anke, men kan påkæres, når bøden er over 400 kr.

**§ 86.** Dersom det fornødne antal nævninger ikke er mødt, når retten skal sættes, kan retsformanden uden at iagttage bestemmelsen i § 79 udtage og tilkalde det manglende antal nævninger blandt de på nævninge- og domsmandslisten opførte personer. Det samme gælder, dersom en nævning, der har givet møde, ikke kan deltage i sagens behandling.

*Stk. 2.* Såfremt den i § 81 nævnte udskydningsret ikke er udnyttet fuldt ud, skal der forinden tilkaldelsen gives anklagemyndigheden og tiltalte adgang til at foretage udskydning.

**§ 86 a.** Nævninger deltager i afgørelsen af skyldsspørgsmålet, jf. § 891 og § 931, stk. 2, og i fastsættelsen af sanktionen, jf. § 894 og § 931, stk. 3, men deltager ikke i andre retshandlinger eller afgørelser under sagen.

**§ 87.** Domstolsstyrelsen fastsætter regler om vederlag og rejsegodtgørelse til nævninger.

Kapitel 9 a

*Udtagelse af domsmænd for de enkelte sager*

**§ 88.** Reglen i § 79 finder tilsvarende anvendelse ved udtagelse af domsmænd for de enkelte sager.

*Stk. 2.* Udtagelsen sker for en enkelt dag, således at de pågældende medvirker ved hovedforhandlingen og påkendelsen af alle de sager, hvis behandling påbegyndes den nævnte dag, selv om sagen ikke kan afsluttes samme dag.

**§ 89.** De udtagne domsmænd og suppleanter indkaldes med 3 dages varsel i overensstemmelse med reglerne i § 82, stk. 1.

**§ 90.** Bestemmelserne i §§ 83-86 og 87 finder tilsvarende anvendelse med hensyn til domsmænd.

**§ 91.** Forinden en domsmand træder i virksomhed, forelægger retsformanden ham en erklæring til underskrift, hvori han på ære og samvittighed lover, at han som domsmand opmærksomt vil følge forhandlingerne i retten og dømme således, som han finder ret og sandt at være efter loven og sagens bevisligheder.

*Stk. 2.* Domsmænd virker med samme beføjelse som dommere under hovedforhandlingen og de i forbindelse med denne stående afgørelser, men deltager ikke i andre under sagen forefaldende retshandlinger eller afgørelser. Dog træffes de i § 998 omhandlede afgørelser under medvirken af domsmænd.

*Stk. 3.* Domsmænd deltager ikke i de i § 60, stk. 3, § 62, stk. 2, eller § 90, jf. § 85, omhandlede afgørelser eller i afgørelser vedrørende borgerlige krav, der rejses under en straffesag.

### Tredje afsnit.
### Udtagelse af sagkyndige retsmedlemmer
#### Kapitel 9 b

**§ 92.** For hver landsretskreds beskikker landsrettens præsident for et tidsrum af 4 år et antal sagkyndige til at deltage i behandlingen af de i §§ 20-20 b nævnte sager. Præsidenten for Sø- og Handelsretten beskikker på tilsvarende måde et antal sagkyndige til at deltage i behandlingen af de i § 16 nævnte sager.

*Stk. 2.* Sagkyndige kan efter udløbet af det tidsrum, for hvilket beskikkelsen gælder, færdigbehandle sager, i hvilke mundtlig forhandling er påbegyndt inden for dette tidsrum.

**§ 93.** Beskikkelse af de i § 92 nævnte sagkyndige foretages efter indstilling af de organisationer, som justitsministeren godkender hertil.

*Stk. 2.* Præsidenten kan i begrænset omfang udpege sagkyndige, der ikke er indstillet af de i stk. 1 nævnte organisationer.

*Stk. 3.* Antallet af sagkyndige og deres fordeling efter faggrupper fastsættes af præsidenten.

*Stk. 4.* De, der beskikkes, skal være i besiddelse af indgående og tidssvarende praktisk kendskab til vedkommende sagsområde, have dansk indfødsret, ikke være fyldt 70 år, være ubergytede og ikke være umyndige, under værgemål efter værgemålslovens § 5 eller under samværgemål efter værgemålslovens § 7, og deres bo må ikke være under konkursbehandling. De skal endvidere have fast bopæl eller forretningssted inden for det område, for hvilket de skal beskikkes. Ophører nogen af de nævnte betingelser med at være opfyldt, tilbagekaldes beskikkelsen. De, der inden for det tidsrum, for hvilket beskikkelsen gælder, fylder 70 år, afgår ved udgangen af det år, i hvilket de fylder 70 år.

*Stk. 5.* Personer, der er fyldt 65 år eller kan anføre anden rimelig fritagelsesgrund, eller som har været beskikket for mindre end 4 år siden, kan begære sig fritaget for at blive beskikket.

*Stk. 6.* De sagkyndige skal inden tiltrædelsen af hvervet afgive en erklæring, hvori de på ære og samvittighed lover at udføre hvervet med upartiskhed og omhu.

*Stk. 7.* Domstolsstyrelsen fastsætter regler om vederlag og rejsegodtgørelse til sagkyndige retsmedlemmer.

**§ 94.** Retsformanden udtager de sagkyndige for den enkelte sag, således at den særlige sagkundskab, som i det foreliggende tilfælde anses for nødvendig, er repræsenteret. I sager, der opstår af ansættelsesforhold mellem arbejdsgivere og deres ansatte, skal halvdelen af de sagkyndige være beskikket efter indstilling fra arbejdsgiverorganisationer og halvdelen efter indstilling fra lønmodtagerorganisationer. I sager vedrørende lov om markedsføring eller lov om betalinger, der behandles ved Sø- og Handelsretten, skal halvdelen af de sagkyndige være beskikket efter indstilling fra organisationer, der repræsenterer erhvervsdrivende, og halvdelen efter indstilling fra organisationer, der repræsenterer forbrugere.

*Stk. 2.* I særlige tilfælde kan der udtages sagkyndige, der er beskikket for et af de øvrige områder.

*Stk. 3.* Retsformanden kan undtagelsesvis udtage sagkyndige, der ikke er beskikket i medfør af § 92, hvis det er påkrævet for at kunne inddrage den særlige sagkundskab, som i det foreliggende tilfælde anses for nødvendig. De pågældende skal opfylde betingelserne i § 93, stk. 4, 1. pkt. § 93, stk. 6 og 7, finder tilsvarende anvendelse. Før retsformanden træffer afgørelse efter 1. pkt., skal parterne have adgang til at udtale sig om spørgsmålet. Afgørelsen, der træffes ved kendelse, kan ikke indbringes for højere ret.

### Fjerde afsnit.
### Anklagemyndigheden
#### Kapitel 10
*Anklagemyndigheden*

**§ 95.** De offentlige anklagere er rigsadvokaten, statsadvokaterne, politidirektørerne samt de personer, der er antaget til bistand for disse ved den retlige behandling af straffesager.

**§ 96.** De offentlige anklageres opgave er i forbindelse med politiet at forfølge forbrydelser efter reglerne i denne lov.

*Stk. 2.* De offentlige anklagere skal fremme enhver sag med den hurtighed, som sagens beskaffenhed tillader, og derved ikke blot påse, at strafskyldige drages til ansvar, men også at forfølgning af uskyldige ikke finder sted.

**§ 97.** Den, der efter kapitel 2 i forvaltningsloven må anses for inhabil i forhold til en bestemt sag, må ikke virke som anklager i sagen.

**§ 98.** Justitsministeren er de offentlige anklagere overordnet og fører tilsyn med disse.

*Stk. 2.* Justitsministeren kan fastsætte bestemmelser om de offentlige anklageres udførelse af deres opgaver.

*Stk. 3.* Justitsministeren kan give de offentlige anklagere pålæg vedrørende behandlingen af konkrete sager, herunder om at begynde eller fortsætte, undlade eller standse forfølgning. Et pålæg i medfør af denne bestemmelse om at begynde eller fortsætte, undlade eller standse forfølgning skal være skriftligt og ledsaget af en begrundelse. Endvidere skal Folketingets formand skriftligt underrettes om pålægget. Hvis de hensyn, der er nævnt i § 729 c, stk. 1, gør det påkrævet, kan underretning udsættes. Pålægget betragtes i relation til aktindsigt i medfør af §§ 729 a-d som materiale, politiet har tilvejebragt til brug for sagen.

*Stk. 4.* Justitsministeren behandler klager over afgørelser truffet af rigsadvokaten som 1. instans, jf. dog bestemmelsen i § 1018 e, stk. 4.

**§ 99.** Rigsadvokaten varetager udførelsen af straffesager ved Højesteret og virker ved Den Særlige Klageret.

*Stk. 2.* Rigsadvokaten er de øvrige offentlige anklagere overordnet og fører tilsyn med disse. Rigsadvokaten kan fastsætte bestemmelser og meddele pålæg efter regler svarende til § 98, stk. 2 og stk. 3, 1. pkt.

*Stk. 3.* Rigsadvokaten behandler klager over afgørelser truffet af statsadvokaterne som 1. instans. Rigsadvokatens afgørelse i en klagesag kan ikke påklages til justitsministeren.

**§ 100.** Til bistand for rigsadvokaten udnævnes en eller flere statsadvokater ved Højesteret.

*Stk. 2.* Rigsadvokaten kan bemyndige også andre til at virke som anklager ved Højesteret eller ved Den Særlige Klageret.

**§ 101.** Statsadvokaterne varetager udførelsen af straffesager ved landsretterne. Rigsadvokaten kan bestemme, at statsadvokaterne inden for et nærmere afgrænset sagsområde indtil videre tillige varetager udførelsen af straffesager ved byretterne.

*Stk. 2.* Statsadvokaterne fører tilsyn med politidirektørernes behandling af straffesager og behandler klager over afgørelser truffet af politidirektørerne vedrørende strafforfølgning. Statsadvokaternes afgørelser i klagesager kan ikke påklages til rigsadvokaten eller justitsministeren. Statsadvokaterne kan fastsætte bestemmelser og meddele pålæg efter regler svarende til § 98, stk. 2 og stk. 3, 1. pkt.

**§ 102.** Fristen for klager efter § 98, stk. 4, § 99, stk. 3, 1. pkt., og § 101, stk. 2, 1. pkt., er 4 uger efter, at klageren har fået meddelelse om afgørelsen. Fremkommer klagen efter udløbet af denne frist, skal den behandles, såfremt fristoverskridelsen må anses for undskyldelig.

*Stk. 2.* Bestemmelserne i § 98, stk. 4, § 99, stk. 3, og § 101, stk. 2, finder tilsvarende anvendelse på klager over afgørelser om aktindsigt. Det samme gælder bestemmelsen i stk. 1.

**§ 103.** Justitsministeren fastsætter antallet af statsadvokater og fordelingen af forretningerne mellem disse.

*Stk. 2.* Rigsadvokaten beskikker de fornødne juridiske medhjælpere for statsadvokaterne ved udførelsen af straffesager for landsretten og ved byretten, jf. § 101, stk. 1, og § 104, stk. 1, 2. pkt.

*Stk. 3.* Rigsadvokaten kan bemyndige også andre til at virke som anklager ved landsretten i en enkelt sag.

*Stk. 4.* Rigsadvokaten kan pålægge en statsadvokat at overtage behandlingen af en eller flere sager, som henhører under en anden statsadvokat.

**§ 104.** Politidirektørerne og de offentlige anklagere, der er ansat hos disse, samt andre ansatte, der bemyndiges hertil, varetager udførelsen af straffesager ved byretterne jf. dog § 101, stk. 1, og § 103, stk. 2. Statsadvokaten kan i særlige tilfælde bestemme, at udførelsen af en straffesag, der behandles ved byretten under medvirken af nævninger eller under medvirken af domsmænd som følge af tiltaltes beslutning efter § 687, skal varetages af statsadvokaten.

*Stk. 2.* Rigsadvokaten kan bemyndige også andre til at virke som anklager ved byretten i en enkelt sag.

*Stk. 3.* Statsadvokaten kan pålægge en politidirektør at overtage behandlingen af en eller flere sager, der henhører under en anden politidirektør.

**§ 105.** Rigsadvokaten, statsadvokaterne og de personer, der er antaget til bistand for disse eller for en politidirektør ved den retlige behandling af straffesager, skal have bestået juridisk kandidateksamen. Rigsadvokaten og statsadvokaterne skal i reglen opfylde betingelserne for at blive beskikket som advokat med hensyn til forudgående praktisk virksomhed, jf. § 119.

*Stk. 2.* Medhjælpere for en statsadvokat og de, der bemyndiges til at virke som anklager ved Højesteret, landsretten eller byretten efter reglerne i § 100, stk. 2, § 103, stk. 3, eller § 104, stk. 2, skal opfylde betingelserne i stk. 1.

*Stk. 3.* Rigsadvokaten kan beskikke Forbrugerombudsmanden og ansatte i Konkurrence- og Forbrugerstyrelsen til at varetage udførelsen af straffesager for byretten og landsretten i sager vedrørende lov om markedsføring.

*Stk. 4.* Rigsadvokaten kan beskikke ansatte i Konkurrence- og Forbrugerstyrelsen til at varetage udførelsen af straffesager for byretterne i sager vedrørende konkurrenceloven.

**§ 106.** Virksomhed som advokat udelukker ikke fra antagelse som medhjælper for en statsadvokat eller fra bemyndigelse til at optræde som anklager i en enkelt sag.

**§ 107.** Personer, der virker som anklagere i en enkelt sag, jf. § 100, stk. 2, § 103, stk. 3, og § 104, stk. 2, modtager vederlag af det offentlige for den enkelte sag, medmindre udførelsen af sagen må anses som led i udførelsen af den pågældendes tjeneste.

### Femte afsnit.

### Politiet

### Kapitel 11

**§ 108.** Justitsministeren er politiets øverste foresatte og udøver sin beføjelse gennem rigspolitichefen og politidirektørerne. Rigspolitichefen drøfter politiets virksomhed med politidirektørerne (»koncernledelsen«).

**§ 109.** Rigspolitichefen har ansvar for politiets virksomhed i hele landet. Rigspolitichefen fører tilsyn med politidirektørerne.

*Stk. 2.* Rigspolitichefens afgørelser i klagesager over afgørelser truffet af politidirektørerne kan ikke påklages til justitsministeren.

*Stk. 3.* Rigspolitichefens afgørelser i 1. instans i ansættelses- og personalesager kan ikke påklages til justitsministeren. Det gælder dog ikke afgørelser i disciplinærsager og i andre sager, hvor der er truffet afgørelse om afsked, samt i sager om aktindsigt i ansættelses- og personalesager.

*Stk. 4.* Justitsministeren kan fastsætte regler om, at politidirektørernes afgørelser om nærmere angivne spørgsmål ikke kan påklages til rigspolitichefen.

**§ 110.** Landet inddeles i 12 politikredse. Justitsministeren kan foretage forandringer i politikredsenes område, medmindre forandringen indebærer oprettelse eller nedlæggelse af en politikreds.

*Stk. 2.* Hver politikreds ledes af en politidirektør, der har ansvar for politiets virksomhed i politikredsen.

**§ 111.** I hver politikreds oprettes et kredsråd vedrørende politiets virksomhed.

*Stk. 2.* Kredsrådet består af politidirektøren og borgmestrene i de kommuner, som politikredsen omfatter, jf. dog stk. 3 og 4.

*Stk. 3.* Bornholms Kommune repræsenteres i kredsrådet af borgmesteren og 3 medlemmer valgt af og blandt kommunalbestyrelsens øvrige medlemmer.

*Stk. 4.* I kommuner med magistratsstyre eller en styreform med delt administrativ ledelse, jf. §§ 64 og 64 a i lov om kommunernes styrelse, kan kommunalbestyrelsen i kommunens styrelsesvedtægt bestemme, at et magistratsmedlem henholdsvis en udvalgsformand er medlem i stedet for borgmesteren.

*Stk. 5.* Politidirektøren udpeger en stedfortræder for sig selv. Der vælges en stedfortræder for borgmesteren (magistratsmedlemmet eller udvalgsformanden) af og blandt kommunalbestyrelsens medlemmer. For hvert af Bornholms Kommunes medlemmer af kredsrådet vælges en stedfortræder af og blandt kommunalbestyrelsens medlemmer.

*Stk. 6.* Politidirektøren er formand for kredsrådet. Rådet vælger sin næstformand.

**§ 112.** Kredsrådet drøfter spørgsmål af almindelig karakter vedrørende politiets virksomhed og organisation i politikredsen samt spørgsmål vedrørende kriminalitetsudviklingen og samarbejdet mellem politiet og lokalsamfundet, herunder en lokal samarbejdsplan, jf. § 113.

*Stk. 2.* Politidirektøren afgiver hvert år en skriftlig redegørelse til kredsrådet vedrørende politiets virksomhed i politikredsen i det forløbne år, herunder om det kriminalitetsforebyggende samarbejde mellem politi, kriminalforsorgen og hver kommune, jf. § 114.

*Stk. 3.* Ethvert medlem af kredsrådet kan forlange, at spørgsmål af fælles interesse for politiet og kommunerne i politikredsen drøftes i rådet.

*Stk. 4.* Kredsrådet kan afgive udtalelse om spørgsmål vedrørende politikredsens almindelige organisation og tilrettelæggelse af politiets virksomhed. Kredsrådet kan henstille til politidirektøren, at politiet for et begrænset tidsrum særlig skal lægge vægt på løsningen af bestemte opgaver med hensyn til opretholdelsen af sikkerhed, fred og orden i politikredsen.

*Stk. 5.* Kredsrådet skal virke for, at der gives befolkningen i politikredsen oplysning om politiets virksomhed.

*Stk. 6.* Kredsrådet holder møde mindst 4 gange årligt. Justitsministeren kan fastsætte nærmere regler om kredsrådets virksomhed og om omfanget af politidirektørens oplysningspligt over for rådet.

**§ 113.** Politidirektøren udarbejder hvert år en plan for samarbejdet mellem politiet og kommunerne, andre offentlige myndigheder, interesseorganisationer, foreninger m.v. i politikredsen. Samarbejdsplanen offentliggøres af politidirektøren efter forudgående drøftelse i kredsrådet.

**§ 114.** Politidirektøren skal virke for at etablere et kriminalitetsforebyggende samarbejde mellem politiet, kriminal-forsorgen og hver kommune i politikredsen, herunder med inddragelse af skoler og sociale myndigheder.

*Stk. 2.* Politidirektøren skal virke for at etablere et samarbejde mellem politiet, de sociale myndigheder og social- og behandlingspsykiatrien som led i indsatsen over for socialt udsatte personer.

**§ 115.** Politiet kan videregive oplysninger om enkeltpersoners rent private forhold til andre myndigheder, hvis videregivelsen må anses for nødvendig af hensyn til

1) det kriminalitetsforebyggende samarbejde (SSP-samarbejdet),

2) politiets samarbejde med de sociale myndigheder og social- og behandlingspsykiatrien som led i indsatsen over for socialt udsatte personer (PSP-samarbejdet) eller

3) samarbejdet mellem kriminalforsorgen, de sociale myndigheder og politiet (KSP-samarbejdet) som led i indsatsen over for

   a) dømte, der løslades fra institutioner under kriminalforsorgen,

   b) dømte under 18 år, der løslades fra institutioner m.v. uden for kriminalforsorgen, hvor de er anbragt i henhold til § 78, stk. 2, i lov om fuldbyrdelse af straf m.v., og

   c) personer, der løslades fra varetægtsfængsling eller anden frihedsberøvende foranstaltning efter kapitel 70, hvis de skønnes at være radikaliserede eller i risiko for at blive det.

*Stk. 2.* I samme omfang som nævnt i stk. 1 kan en myndighed videregive oplysninger om enkeltpersoner til politiet og andre myndigheder, der indgår i de former for samarbejde, som er nævnt i stk. 1. Oplysningerne må i forbindelse med de nævnte former for samarbejde ikke videregives med henblik på efterforskning af straffesager.

*Stk. 3.* Inddrages selvejende institutioner, der løser opgaver for det offentlige inden for social-, undervisnings- og beskæftigelsesområdet eller social- og behandlingspsykiatrien, i de former for samarbejde, som er nævnt i stk. 1, kan der i samme omfang som nævnt i stk. 1 og 2 udveksles oplysninger mellem myndighederne og institutionerne.

*Stk. 4.* De myndigheder og institutioner, der indgår i de former for samarbejde, som er nævnt i stk. 1, er ikke forpligtet til at videregive oplysninger efter stk. 1-3.

**§ 115 a.** Politiet kan videregive fortrolige oplysninger vedrørende personer, der er fyldt 18 år, til forældre eller andre, herunder familiemedlemmer, der har lignende tætte relationer til den pågældende person, hvis videregivelsen må anses for nødvendig som led i en kriminalitetsforebyggende indsats over for personen.

**§ 116.** (Ophævet)

**§ 116 a.** Den kompetente retshåndhævende myndighed i en medlemsstat i Den Europæiske Union kan til brug for efterforskningen af en konkret straffesag ved elektronisk søgning sammenligne et fingeraftryk, der indgår i efterforskningen, med fingeraftryk i politiets centrale finger- og håndaftryksregister.

§ **116 b.** [5)] Justitsministeren kan på grundlag af en overenskomst herom med en stat uden for Den Europæiske Union fastsætte, at § 116 a finder anvendelse i forholdet mellem Danmark og denne stat.

§ **117.** Sognefogeder bistår politiet efter de hidtil gældende regler.

### Sjette afsnit.

### Den Uafhængige Politiklagemyndighed

#### Kapitel 11 a

§ **118.** Den Uafhængige Politiklagemyndighed (Politiklagemyndigheden) er en selvstændig myndighed, der ledes af Politiklagerådet og en direktør.

*Stk. 2.* Politiklagemyndigheden behandler klager over politiet, jf. kapitel 93 b, og efterforsker straffesager mod politipersonale, jf. kapitel 93 c.

*Stk. 3.* Politiklagemyndigheden udøver sine funktioner i fuld uafhængighed.

§ **118 a.** Politiklagerådet er Politiklagemyndighedens øverste ledelse og har det overordnede ansvar for myndighedens virksomhed.

§ **118 b.** Politiklagerådet består af 1 formand, som skal være landsdommer, 1 advokat, 1 universitetslærer i retsvidenskab og 2 repræsentanter for offentligheden.

*Stk. 2.* Medlemmerne beskikkes af justitsministeren for 4 år ad gangen. Genbeskikkelse kan finde sted én gang.

*Stk. 3.* Formanden beskikkes efter indstilling fra landsretterne.

*Stk. 4.* Advokaten beskikkes efter indstilling fra Advokatrådet.

*Stk. 5.* Offentlighedsrepræsentanterne beskikkes efter indstilling fra henholdsvis KL (Kommunernes Landsforening) og Dansk Folkeoplysnings Samråd.

*Stk. 6.* Medlemmer af Folketinget, regionsråd og kommunalbestyrelser kan ikke være medlemmer af Politiklagerådet.

*Stk. 7.* Der beskikkes en suppleant for hvert af rådets medlemmer. Stk. 1-6 finder tilsvarende anvendelse på beskikkelse af suppleanter.

§ **118 c.** Politiklagemyndighedens daglige ledelse varetages af direktøren, der udnævnes og afskediges af justitsministeren efter indstilling fra Politiklagerådet. Direktøren skal følge de anvisninger og retningslinjer, som gives af rådet.

*Stk. 2.* Direktøren deltager i Politiklagerådets møder, medmindre rådet undtagelsesvis bestemmer andet.

§ **118 d.** Politiklagerådet fastsætter selv sin forretningsorden og de nærmere regler om arbejdets fordeling mellem rådet og direktøren.

§ **118 e.** Politiklagemyndigheden afgiver en årlig beretning om sin virksomhed til Folketinget og justitsministeren. Beretningen offentliggøres.

### Syvende afsnit.

### Advokater

#### Kapitel 12

*Beskikkelse som advokat*

*Udøvelse af advokatvirksomhed*

§ **119.** Advokater beskikkes af justitsministeren.

*Stk. 2.* Ret til at få beskikkelse som advokat har enhver, der
1)   er myndig og ikke er under værgemål efter værgemålslovens § 5 eller under samværgemål efter værgemålslovens § 7,
2)   ikke er under rekonstruktionsbehandling eller konkurs,
3)   har bestået dansk juridisk bachelor- og kandidateksamen, jf. dog § 135 a,
4)   i mindst 3 år har været i praktisk juridisk virksomhed, jf. stk. 3 og 4, og
5)   har gennemført en teoretisk grunduddannelse og bestået en eksamen i forhold af særlig betydning for advokaterhvervet samt bestået en praktisk prøve i retssagsbehandling.

*Stk. 2.* Den i stk. 2, nr. 4, nævnte virksomhed består i deltagelse i almindelig advokatvirksomhed, herunder opnåelse af kendskab til behandlingen af retssager, som autoriseret fuldmægtig hos en advokat, der udøver advokatvirksomhed, eller i arbejde i en juridisk stilling ved domstolene, anklagemyndigheden eller politiet, hvori behandling af retssager indgår som en væsentlig del.

*Stk. 4.* Justitsministeren kan træffe afgørelse eller fastsætte regler om, at virksomhed i andre juridiske stillinger end dem, der er nævnt i stk. 3, helt eller delvis kan medregnes i den tid, der er nævnt i stk. 2, nr. 4.

*Stk. 5.* Justitsministeren fastsætter regler om den teoretiske grunduddannelse, eksamen og praktiske prøve i retssagsbehandling, herunder om indhold, tilrettelæggelse og betaling herfor. Justitsministeren kan i særlige tilfælde fritage for kravet om gennemførelse af den teoretiske grunduddannelse, kravet om eksamen og kravet om den praktiske prøve i retssagsbehandling. Advokatsamfundet forestår den teoretiske grunduddannelse, eksamen og den praktiske prøve i retssagsbehandling. Retten vurderer, om en retssag er egnet til at udgøre den praktiske prøve i retssagsbehandling.

§ **120.** Personer, der ikke har fået beskikkelse som advokat, og personer, der er udelukket fra at udøve advokatvirksomhed, eller hvis ret hertil er ophørt i medfør af denne lov, må ikke betegne sig som advokat eller benytte en anden betegnelse, der er egnet til forveksling hermed. En advokat, der har deponeret sin beskikkelse i Justitsministeriet, må ikke betegne sig som advokat i forbindelse med forretningsforhold.

*Stk. 2.* Overtrædelse af bestemmelserne i stk. 1 straffes med bøde, medmindre højere straf er forskyldt efter anden lovgivning.

§ **121.** Beskikkelse kan nægtes den, der er dømt for strafbart forhold, såfremt forholdet begrunder en nærliggende fa-

re for misbrug af adgangen til at udøve advokatvirksomhed eller gør den pågældende uværdig til den agtelse og tillid, der må kræves til udøvelse af advokatvirksomhed. Straffelovens § 78, stk. 3, gælder tilsvarende.

*Stk. 2.* Beskikkelse kan endvidere nægtes den, der i stilling eller erhverv har udvist en sådan adfærd, at der er grund til at antage, at den pågældende ikke vil udøve advokatvirksomhed på forsvarlig måde.

*Stk. 3.* Beskikkelse kan endvidere nægtes den, der har betydelig forfalden gæld til det offentlige, hvorved forstås beløb i størrelsesordenen 50.000 kr. eller derover.

*Stk. 4.* Afslår justitsministeren i medfør af stk. 2 og 3 at meddele en person advokatbeskikkelse, kan den pågældende forlange spørgsmålet indbragt for retten. Sagen anlægges af justitsministeren i den borgerlige retsplejes former. Godkender retten justitsministerens afgørelse, kan spørgsmålet først på ny indbringes for retten efter 2 års forløb.

**§ 122.** Udøvelse af advokatvirksomhed kan ikke forenes med en juridisk stilling ved domstolene, anklagemyndigheden eller politiet, jf. dog bestemmelsen i § 106.

*Stk. 2.* Udøvelse af advokatvirksomhed kan i øvrigt ikke forenes med nogen stilling i det offentliges tjeneste, medmindre justitsministeren i særlige tilfælde gør undtagelse herfra. Ved afgørelser om dispensation skal der navnlig lægges vægt på, at en advokat skal være uafhængig af det offentlige, således at der ikke kan opstå interessekonflikter mellem en offentlig ansættelse og den pågældendes udøvelse af advokatvirksomhed.

*Stk. 3.* Justitsministeren kan tillade, at en advokat, der efter stk. 1 eller stk. 2 ikke kan udøve advokatvirksomhed, udfører en retssag.

**§ 123.** En advokat skal i mindst 1 år enten have været i virksomhed som autoriseret fuldmægtig hos en advokat, der udøver advokatvirksomhed, eller som advokat have været ansat hos en anden advokat, der udøver advokatvirksomhed, for at kunne udøve advokatvirksomhed i fællesskab med en anden advokat, udøve enkeltmandsvirksomhed som advokat eller eje aktier eller anparter i et advokatselskab.

*Stk. 2.* Justitsministeren kan i særlige tilfælde gøre undtagelse fra bestemmelsen i stk. 1.

**§ 124.** Advokatvirksomhed må ud over i enkeltmandsvirksomhed eller i et fællesskab af advokater kun udøves af et advokatselskab, der drives i aktie-, anparts- eller kommanditaktieselskabsform (partnerselskabsform).

*Stk. 2.* Et advokatselskab må alene have til formål at drive advokatvirksomhed. Et advokatselskab, der alene ejes af advokater, og hvis eneste formål og aktivitet er at eje aktier eller anparter i et andet advokatselskab, kan dog eje aktier eller anparter i et advokatselskab.

*Stk. 3.* Uanset stk. 1 og 2 må foreninger, interesseorganisationer og lign. som mandatar udføre retssager for deres medlemmer inden for foreningens interesseområde.

**§ 124 a.** Et advokatselskab er pligtigt og eneberettiget til i navnet at benytte ordene advokataktieselskab, advokatanpartsselskab, advokatkommanditaktieselskab, advokatpartnerselskab eller deraf dannede forkortelser. Et advokatselskab, der er stiftet som et europæisk aktieselskab (SE-selskab), må i navnet endvidere benytte ordene europæisk advokataktieselskab, SE-advokataktieselskab eller SE-advokatselskab.

**§ 124 b.** En advokat, der udøver virksomhed i et advokatselskab, eller en anden ansat i selskabet, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter heri, hæfter personligt sammen med selskabet for ethvert krav, der er opstået som følge af vedkommendes bistand til en klient.

**§ 124 c.** Aktier eller anparter i et advokatselskab må, jf. dog § 124 f, kun ejes af
1) advokater, der aktivt driver advokatvirksomhed i selskabet, dets moderselskab eller dets datterselskab,
2) andre ansatte i selskabet eller
3) et andet advokatselskab.

*Stk. 2.* De personer, der er nævnt i stk. 1, nr. 2, må alene tilsammen eje under en tiendedel af aktierne eller anparterne i selskabet og må alene tilsammen have under en tiendedel af stemmerne i selskabet. Det er ikke tilladt i selskabets vedtægter eller ved aktionæroverenskomst at fastsætte bestemmelser, der begrænser selskabslovens bestemmelser om indløsning af aktier.

**§ 124 d.** De personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, skal bestå en prøve i de regler, der er af særlig betydning for advokaterhvervet. Justitsministeren fastsætter nærmere regler herom. Advokatsamfundet forestår afholdelsen af prøven.

*Stk. 2.* Klager over de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, kan indbringes for Advokatnævnet i overensstemmelse med reglerne i kapitel 15 a og 15 b.

**§ 124 e.** Bestyrelsesmedlemmer i et advokatselskab, bortset fra medarbejdervalgte bestyrelsesmedlemmer eller bestyrelsesmedlemmer, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i advokatselskabet, skal aktivt drive advokatvirksomhed i selskabet eller i dets moderselskab eller dets datterselskab.

*Stk. 2.* Medlemmer af direktionen i et advokatselskab, bortset fra medlemmer af direktionen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i advokatselskabet, skal aktivt drive advokatvirksomhed i selskabet.

*Stk. 3.* Flertallet af bestyrelsesmedlemmerne i et advokatselskab skal dog til enhver tid udgøres af advokater, der aktivt driver advokatvirksomhed i selskabet eller i dets moderselskab eller dets datterselskab. Det samme gælder for medlemmerne af direktionen i et advokatanpartsselskab, hvis anpartsselskabets ledelse kun består af en direktion.

*Stk. 4.* Det er en betingelse for, at personer, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab, kan deltage som medlemmer af advokatselskabets bestyrelse eller direktion, at de forinden har bestået den prøve, som er nævnt i § 124 d, stk. 1.

*Stk. 5.* De krav til sammensætningen af et advokatselskabs bestyrelse eller direktion, der er nævnt i stk. 1-4, finder ikke anvendelse på advokatselskaber omfattet af § 124, stk. 2, 2. pkt.

**§ 124 f.** Justitsministeren fastsætter nærmere regler om udøvelse af advokatvirksomhed i selskabsform, herunder regler om omdannelse af et advokatselskab til andet formål og regler om afhændelse af aktier og anparter.

**§ 124 g.** Medmindre højere straf er forskyldt efter den øvrige lovgivning, straffes med bøde den, der overtræder § 124, § 124 a, § 124 c og § 124 e, stk. 1-4.

*Stk. 2.* I forskrifter, der udstedes i medfør af § 124 d og § 124 f, kan der fastsættes straf af bøde for overtrædelse af bestemmelserne i forskrifterne.

**§ 125.** En advokat er kun i de tilfælde, hvor loven indeholder særlige bestemmelser derom, forpligtet til at påtage sig udførelsen af en retssag.

**§ 126.** En advokat skal udvise en adfærd, der stemmer med god advokatskik. Advokaten skal herunder udføre sit hverv grundigt, samvittighedsfuldt og i overensstemmelse med, hvad berettigede hensyn til klienternes tarv tilsiger. Sagerne skal fremmes med fornøden hurtighed.

*Stk. 2.* En advokat må ikke kræve højere vederlag for sit arbejde, end hvad der kan anses for rimeligt.

*Stk. 3.* En advokat skal medvirke til, at en fuldmægtig, der er autoriseret hos advokaten, kan deltage i den teoretiske grunduddannelse, eksamen og praktiske prøve i retssagsbehandling, jf. § 119, stk. 2, nr. 5. Advokaten skal afholde udgifterne til den teoretiske grunduddannelse, eksamen og praktiske prøve i retssagsbehandling.

*Stk. 4.* En advokat må ikke uden for sin advokatvirksomhed i forretningsforhold eller i andre forhold af økonomisk art udvise en adfærd, der er uværdig for en advokat.

*Stk. 5.* Enhver advokat og advokatfuldmægtig skal løbende deltage i efteruddannelse af betydning for advokaterhvervet. En advokat skal afholde udgifterne hertil for en fuldmægtig, der er autoriseret hos advokaten. Justitsministeren kan fastsætte regler herom.

*Stk. 6.* Advokater, der fungerer som forsvarsadvokater i en straffesag, må ikke give gaver til deres klienter i sagen eller disses nærtstående.

**§ 127.** Advokatsamfundet udarbejder regler om advokaters pligter med hensyn til behandlingen af betroede midler, sikkerhed mod økonomisk ansvar, som kan pådrages under udøvelse af advokatvirksomhed, og meddelelse af alle fornødne regnskabsmæssige og økonomiske oplysninger til Advokatsamfundet samt regler om iværksættelse af de fornødne kontrolforanstaltninger. Reglerne skal godkendes af justitsministeren.

**§ 127 a.** §§ 125-127 gælder også for advokatselskaber.

*Stk. 2.* § 126, stk. 1, 2 og 4, samt § 127 gælder også for de ansatte i et advokatselskab, som ejer aktier eller anparter i advokatselskabet, jf. § 124 c, stk. 1, nr. 2.

**§ 128.** (Ophævet)

**§ 129.** Straffelovens §§ 144, 150-152 og 155-157 finder tilsvarende anvendelse på advokater samt deres autoriserede fuldmægtige, partnere, personale og andre, som i øvrigt beskæftiges i advokatvirksomheden.

**§ 130.** Med henblik på opfyldelsen eller anvendelsen af Det Europæiske Fællesskabs vedtagelser kan justitsministeren fastsætte regler om beskikkelse som advokat og udøvelse af advokatvirksomhed, herunder om etablering og virksomhed i advokatfællesskaber, for advokater, der har opnået beskikkelse i en af Den Europæiske Unions medlemsstater eller i et land, hvormed Fællesskabet har indgået aftale. Justitsministeren kan fastsætte regler om sagsbehandling i sager om advokatvirksomhed med henblik på opfyldelsen af Det Europæiske Fællesskabs vedtagelser.

*Stk. 2.* Justitsministeren kan endvidere fastsætte regler om brug af advokattitler, som er omfattet af Det Europæiske Fællesskabs vedtagelser, og om straf af bøde for overtrædelse af disse regler.

**§ 130 a.** [6)] Justitsministeren kan efter forhandling med de færøske myndigheder fastsætte regler om, at bestemmelser om advokater i denne lov finder anvendelse på advokater beskikket af de færøske myndigheder.

### Kapitel 13

*Advokaternes møderet for domstolene*

*Autoriserede advokatfuldmægtige*

**§ 131.** Advokater er eneberettigede til at udføre retssager for andre, jf. dog §§ 136, 260 og 730. En bemyndigelse til at gøre en fordring eller anden rettighed gældende i eget navn giver ikke den, hvem bemyndigelsen er givet, ret til selv at møde i sagen, medmindre den pågældende er berettiget hertil efter reglerne i §§ 132-136.

**§ 132.** Enhver advokat har møderet for byret, for Sø- og Handelsretten i sager omfattet af § 15, stk. 2, nr. 3, og for Den Særlige Klageret.

**§ 133.** En advokat har møderet for landsret og i alle sager for Sø- og Handelsretten, når advokaten har bestået en prøve i procedure.

*Stk. 2.* Prøven kan foruden af advokater aflægges af autoriserede advokatfuldmægtige, der i medfør af § 136, stk. 4, kan give møde for landsretten.

*Stk. 3.* Prøven består i, at den pågældende udfører to retssager, der afsluttes med mundtlig hovedforhandling.

*Stk. 4.* Den ene retssag kan være en byretssag, herunder den praktiske prøve, der er omhandlet i § 119, stk. 2, nr. 5. I så fald skal dette være en sag med kollegial behandling eller en sag, hvor der medvirker sagkyndige dommere. Den anden retssag skal aflægges for en af landsretterne, for Grønlands Landsret som kollegial ret eller for Sø- og Handelsretten. En sag kan kun danne grundlag for prøven, hvis vedkommende ret finder sagen egnet hertil.

*Stk. 5.* Prøven er bestået, når de retter, hvor sagerne er udført, finder udførelsen tilfredsstillende. Vedkommende landsret, Grønlands Landsret som kollegial ret eller Sø- og Handelsretten kan dog, hvis sagen er udført for landsretten eller Sø- og Handelsretten, ud fra den første sags karakter og udførelsen heraf erklære prøven for bestået alene på grundlag af denne sag. Den anden sag skal udføres senest 5 år ef-

ter udførelsen af den første sag, medmindre den ret, hvor den anden sag udføres, meddeler undtagelse herfra.

*Stk. 6.* Der er ikke adgang til at indstille sig til prøven mere end to gange.

**§ 134.** En advokat har møderet for Højesteret, når den pågældende har indgivet anmeldelse til Højesterets justitskontor vedlagt en erklæring fra Advokatrådet om, at advokaten i mindst 5 år har været i virksomhed som advokat med møderet for landsret, og en erklæring fra vedkommende landsret, herunder Grønlands Landsret, om, at advokaten er øvet i procedure.

*Stk. 2.* Er en advokats udførelse af en sag for Højesteret uforsvarlig, kan Højesteret give advokaten en tilkendegivelse herom. Findes advokatens procedure for Højesteret fortsat uforsvarlig, kan retten ved beslutning fratage advokaten møderetten. Møderetten kan generhverves ved rettens beslutning herom.

**§ 135.** Enhver advokat kan have en eller to autoriserede fuldmægtige, der skal have bestået dansk juridisk bachelor- og kandidateksamen, jf. dog § 135 a, stk. 1.

*Stk. 2.* Autorisationen meddeles af præsidenten i den byretskreds, hvor vedkommende advokat har kontor. Bestemmelsen i § 121 gælder tilsvarende.

**§ 135 a.** Justitsministeren kan for personer, der i en af Den Europæiske Unions medlemsstater eller i et land, hvormed Fællesskabet har indgået aftale, har bestået en juridisk kandidateksamen, der i niveau svarer til den danske juridiske bachelor- og kandidateksamen, fastsætte en prøvetid som betingelse for ansøgerens autorisation som advokatfuldmægtig med henblik på at sikre, at ansøgeren har det fornødne kendskab til dansk procesret samt behersker det danske sprog på et sådant niveau, at ansøgeren kan gennemføre en hovedforhandling på forsvarlig vis. Det samme gælder for personer, der i en af Den Europæiske Unions medlemsstater eller i et land, hvormed Fællesskabet har indgået aftale, har bestået en juridisk bacheloreksamen og i Danmark har bestået en juridisk kandidateksamen.

*Stk. 2.* Justitsministeren kan i øvrigt, i det omfang det er nødvendigt til opfyldelse af Danmarks EU-retlige forpligtelser, fritage fra kravet om, at ansøgeren skal have bestået en dansk juridisk bachelor- eller kandidateksamen, herunder fastsætte en prøvetid som betingelse herfor.

**§ 136.** Under retssager kan en advokat kun give møde ved en anden, såfremt denne er advokat og berettiget til at give møde for vedkommende ret eller dette følger af stk. 2-8.

*Stk. 2.* Uden for mundtlig forhandling i retssager kan en advokat give møde for enhver ret ved sin autoriserede fuldmægtig eller en anden advokat.

*Stk. 3.* Ved mundtlig forhandling for byret og for Sø- og Handelsretten i sager omfattet af § 15, stk. 2, nr. 3, kan en advokat give møde ved sin autoriserede fuldmægtig.

*Stk. 4.* Ved mundtlig forhandling for landsretten og i alle sager for Sø- og Handelsretten kan en advokat med møderet for landsret give møde ved sin autoriserede fuldmægtig, såfremt der fremlægges dokumentation for, at den pågældende er advokat eller i mindst 2 år har været i en virksomhed,

som er nævnt i § 119, stk. 3. Fuldmægtigens adgang til at procedere for landsretten gælder dog kun for et tidsrum af 2 år fra den første procedure. Når det findes rimeligt, kan den landsret, i hvis kreds fuldmægtigen er autoriseret, forlænge dette tidsrum.

*Stk. 5.* Oplysning om adgangen til at procedere efter stk. 4 og om forlængelse heraf påtegnes fuldmægtigens autorisation af landsrettens præsident. En ny autorisation skal indeholde oplysning om procedureadgangen og en eventuel forlængelse heraf.

*Stk. 6.* En advokat kan under mundtlig forhandling ved alle retter ved enhver uberygtet person fremsætte og begrunde begæring om sagens udsættelse på grund af forhold, hvorved advokaten selv hindres i at give møde.

*Stk. 7.* Uden for mundtlig forhandling i retssager kan en advokat endvidere give møde ved enhver uberygtet person, der er fyldt 18 år, med angivelse af lovligt forfald. Retten og modparten kan kræve bevis for det lovlige forfald.

*Stk. 8.* Under fogedforretninger kan advokater give møde ved enhver uberygtet person, der er fyldt 18 år, medmindre der i mødet skal foregå forhandling om en tvist eller fogedretten i øvrigt finder sådant møde uhensigtsmæssigt.

## Kapitel 14

### Ophør af retten til at udøve advokatvirksomhed

**§ 137.** Retten til at udøve advokatvirksomhed bortfalder, såfremt vedkommende ikke længere opfylder betingelserne i § 119, stk. 2, nr. 1 og 2.

**§ 138.** Retten til at udøve advokatvirksomhed kan efter reglerne i straffelovens § 79 frakendes under en straffesag, såfremt forholdet begrunder en nærliggende fare for misbrug af stillingen eller gør den pågældende uværdig til den agtelse og tillid, der må kræves til udøvelse af advokatvirksomhed.

**§ 139.** Retten til at udøve advokatvirksomhed kan frakendes ved dom, såfremt det på grund af advokatens sindssygdom skønnes uforsvarligt, at vedkommende fortsat udøver advokatvirksomhed. Retten til at udøve advokatvirksomhed kan endvidere frakendes ved dom på tid fra 1 til 5 år eller indtil videre, såfremt advokaten har betydelig forfalden gæld til det offentlige, hvorved forstås beløb i størrelsesordenen 100.000 kr. og derover. Sagen anlægges af justitsministeren i den borgerlige retsplejes former.

*Stk. 2.* Skønnes det på grund af advokatens sindssygdom nødvendigt at afværge formuetab for klienter, kan retten under sagen ved kendelse efter påstand fra justitsministeren udelukke den pågældende fra at drive advokatvirksomhed, indtil sagen er endeligt afgjort.

*Stk. 3.* Er grunden til frakendelse efter stk. 1 ikke længere til stede, tilbagegiver justitsministeren vedkommende retten til at drive advokatvirksomhed, såfremt den pågældende i øvrigt opfylder betingelserne for at udøve advokatvirksomhed. Afslår justitsministeren en anmodning herom, kan den pågældende forlange spørgsmålet indbragt for retten. En sådan begæring kan kun fremsættes med 1 års mellemrum. Bestemmelsen i stk. 1, 3. pkt., gælder tilsvarende.

**§ 139 a.** Justitsministeriet kan offentliggøre oplysninger om de i § 138 og § 139, stk. 1 og 2, nævnte domme og kendelser, hvorved der er sket frakendelse af retten til at udøve advokatvirksomhed.

**§ 140.** Den, der under en retssag ved kendelse er udelukket fra at drive advokatvirksomhed, indtil sagen er endeligt afgjort, samt den, hvis ret hertil er bortfaldet eller frakendt i medfør af denne lov, skal tilbagelevere sin beskikkelse som advokat til Justitsministeriet.

*Stk. 2.* Når den pågældende på ny er berettiget til at udøve advokatvirksomhed, skal advokatbeskikkelsen udleveres efter begæring.

*Stk. 3.* Er retten til at udøve advokatvirksomhed faldet bort som følge af konkurs efter bestemmelsen i § 137, kan justitsministeren efter, at konkursboet er sluttet, afslå at udlevere beskikkelsen, såfremt der fortsat består anmeldte krav, som kan gøres gældende imod den pågældende.

**§ 141.** En advokat kan deponere sin beskikkelse i Justitsministeriet. Beskikkelsen kan kun udleveres på ny, såfremt advokaten opfylder betingelserne i §§ 119 og 121.

**§ 142.** For personer, der er udelukket fra at udøve advokatvirksomhed, eller hvis ret hertil er ophørt i medfør af §§ 137-139, gælder de regler, der er fastsat i medfør af § 127 om behandlingen af betroede midler, og Advokatrådet fører tilsyn med reglernes overholdelse. Reglerne gælder, indtil Advokatrådet bestemmer, at de skal ophøre hermed, dog højst i 6 måneder fra udelukkelsen eller ophøret. Advokatrådet kan underrette den pågældendes klienter om udelukkelsen eller ophøret og om betydningen heraf.

*Stk. 2.* Overtrædelse af reglerne som nævnt i stk. 1 straffes med bøde, medmindre højere straf er forskyldt efter anden lovgivning.

Kapitel 15

*Advokatsamfundet og Advokatnævnet*

**§ 143.** Det Danske Advokatsamfund udgøres af alle danske advokater.

*Stk. 2.* Advokatrådet, der er Advokatsamfundets bestyrelse, fører tilsyn med advokaterne og deres autoriserede fuldmægtige. Finder rådet, at en advokat ikke har handlet i overensstemmelse med de pligter, stillingen medfører, kan det indklage den pågældende for Advokatnævnet. 1. og 2. pkt. finder tilsvarende anvendelse for så vidt angår advokatselskaber, jf. § 124.

*Stk. 3.* Advokatrådet kan kræve alle oplysninger af advokater og deres autoriserede fuldmægtige, herunder arbejdspapirer, korrespondance og andre dokumenter, der skønnes at være nødvendige for rådets tilsyn af, om der er sket eller vil ske en overtrædelse af bestemmelserne i denne lov eller bestemmelser fastsat i medfør af denne lov. 1. pkt. finder tilsvarende anvendelse, for så vidt angår advokatselskaber, jf. § 124. Kapitel 4 i lov om retssikkerhed ved forvaltningens anvendelse af tvangsindgreb og oplysningspligt gælder for Advokatrådets varetagelse af opgaver efter 1. og 2. pkt.

*Stk. 4.* Advokater og deres autoriserede fuldmægtige må ikke foretage eller medvirke til handlinger eller undladelser,

som lægger hindringer i vejen for Advokatrådets tilsyn, eller hvis formål er at unddrage sig tilsynet.

*Stk. 5.* Advokatrådet skal årligt udarbejde en samlet plan for sin tilsynsvirksomhed. Rådet afgiver årligt en rapport over det udførte tilsyn til justitsministeren. Rapporten offentliggøres.

*Stk. 6.* Rådet skal til brug for udførelsen af sit tilsyn udfærdige arbejdsprogrammer, der på en detaljeret måde angiver, hvordan udførelsen af tilsynet skal foretages.

*Stk. 7.* Vurderer Advokatrådet, at der er en begrundet risiko for, at en advokat, en advokats autoriserede fuldmægtige eller et advokatselskab, jf. § 124, vil overtræde en pligt, der følger af denne lov, skal rådet iværksætte passende tilsynsforanstaltninger. Dette gælder tilsvarende, hvis der er en begrundet mistanke om, at en advokat, en advokats autoriserede fuldmægtige eller et advokatselskab, jf. § 124, har overtrådt en pligt, der følger af denne lov.

*Stk. 8.* Advokatrådet kan træffe bestemmelse om, at en advokat eller en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, skal indkaldes til en samtale med kredsbestyrelsen i en anden kreds end den, hvor advokaten har sin virksomhed, hvis det må antages, at advokaten eller den ovennævnte person har tilsidesat de pligter, som stillingen medfører. Advokatrådet kan endvidere i sager, hvor en advokat eller en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, er under mistanke for at have begået overtrædelser, der kan føre til frakendelse af retten til at udøve advokatvirksomhed eller retten til at eje aktier eller anparter i et advokatselskab, bestemme, at der skal iværksættes et kollegialt tilsyn med advokaten eller den ovennævnte person.

*Stk. 9.* Advokatsamfundet opdeles i et antal advokatkredse. Advokatkredsenes bestyrelser bistår Advokatrådet.

*Stk. 10.* Advokatsamfundet fastsætter regler om sin organisation og virksomhed i en vedtægt, der skal godkendes af justitsministeren.

*Stk. 11.* [7)] Justitsministeren kan efter anmodning fra de færøske myndigheder og efter forhandling med Advokatrådet tillade, at Advokatsamfundet varetager de i denne lov nævnte opgaver på Færøerne.

**§ 143 a.** Advokatrådet kan i forbindelse med udøvelsen af sit tilsyn med advokater indhente og modtage oplysninger om specifikke advokater fra

1)  domstolene om en advokats anmodning om salær i en sag, hvor den pågældende er beskikket af retten,

2)  politiet om en aktuel strafferetlig efterforskning mod en sigtet advokat, når den pågældende er eller har været sigtet i sagen, medmindre den pågældende advokat ikke er underrettet om efterforskningen,

3)  anklagemyndigheden om en verserende eller afsluttet straffesag mod en advokat, når den pågældende er eller har været sigtet i sagen, medmindre den pågældende advokat ikke er underrettet om efterforskningen, og

4)  skattemyndighederne om specificerede skatteoplysninger vedrørende en advokat og oplysninger om ansøg-

ninger om omkostningsgodtgørelse til bistand fra en advokat.

*Stk. 2.* Følgende offentlige myndigheder kan videregive bestemte oplysninger til Advokatrådet, hvis myndigheden vurderer, at oplysningerne er relevante for rådets tilsyn med advokater:

1) Politiet om en strafferetlig efterforskning mod en advokat.
2) Anklagemyndigheden om en verserende eller afsluttet straffesag mod en advokat.
3) Skattemyndighederne om en advokats skattesag og om oplysninger om ansøgninger om omkostningsgodtgørelse til bistand fra en advokat.
4) Advokatnævnet.

*Stk. 3.* Følgende offentlige myndigheder skal videregive bestemte oplysninger til Advokatrådet om en advokat, som myndigheden er kommet i besiddelse af som led i løsningen af sine opgaver:

1) Domstolene, når der mod en advokat indgives konkursbegæring, begæring om rekonstruktion, fogedretsbegæring af betydning for advokatens erhverv, begæring om konkurskarantæne eller tvangsauktionsbegæring.
2) Direktoratet for Kriminalforsorgen, når en af kriminalforsorgens institutioner foretager politianmeldelse af en advokat for forseelser begået i forbindelse med udførelsen af hvervet som advokat. Videregivelsen af oplysninger efter 1. pkt. kan dog undtages, hvis udleveringen af oplysninger vil kunne kompromittere en eventuel efterforskning mod den pågældende advokat.
3) Anklagemyndigheden, når der rejses tiltale mod en advokat med påstand om hel eller delvis frakendelse af retten til at drive advokatvirksomhed, jf. § 138.

*Stk. 4.* Stk. 1-3 finder tilsvarende anvendelse for oplysninger om autoriserede fuldmægtige, advokatselskaber, jf. § 124, og personer omfattet af § 124 c, stk. 1, nr. 2.

*Stk. 5.* Justitsministeren kan fastsætte nærmere regler om Advokatrådets muligheder for at indhente eller modtage oplysninger fra offentlige myndigheder.

**§ 143 b.** Forvaltningslovens § 27 om tavshedspligt finder anvendelse for Advokatrådets medlemmer, Advokatsamfundets ansatte og kredsbestyrelsernes medlemmer, for så vidt angår oplysninger, som de får kendskab til gennem tilsynsvirksomheden. Det samme gælder for personer, der udfører serviceopgaver for de organisationer, der er nævnt i 1. pkt. Det anførte i 1. og 2. pkt. gælder også efter ansættelses- eller kontraktforholdets ophør eller efter udløbet af en valgperiode eller udpegningsperiode. Straffelovens §§ 152 og 152 c-152 f finder i den forbindelse tilsvarende anvendelse på de personer, der er omtalt i 1. og 2. pkt.

*Stk. 2.* Fortrolige oplysninger, som Advokatrådets medlemmer, Advokatsamfundets ansatte eller kredsbestyrelsernes medlemmer modtager i henhold til dette kapitel, må kun anvendes i forbindelse med tilsynshvervet.

*Stk. 3.* Advokatrådets medlemmer, Advokatsamfundets ansatte og kredsbestyrelsernes medlemmer kan udelukkende videregive oplysninger til Advokatnævnet til varetagelsen af dets opgaver efter denne lov og til relevante offentlige myndigheder, herunder anklagemyndigheden, politiet og justitsministeren, til varetagelse af deres opgaver efter deres lovgivning.

**§ 144.** Advokatsamfundet opretter et Advokatnævn. Advokatnævnet består af en formand og 2 næstformænd, der alle skal være dommere, samt af 18 andre medlemmer. Formanden og næstformændene udpeges af Højesterets præsident. Af de øvrige medlemmer vælges 9 af Advokatsamfundet blandt advokater, der ikke er medlemmer af Advokatrådet, og 9, der ikke må være advokater, udpeges af justitsministeren. Justitsministerens udpegning af medlemmer og stedfortrædere herfor sker efter indstilling fra sådanne myndigheder, organisationer og lign., således at det sikres, at der til nævnet udpeges medlemmer og stedfortrædere herfor, der har kendskab til både private klienters, erhvervsklienters og offentlige klienters interesser. Medlemmer og stedfortrædere herfor udpeges for en periode af 6 år. Der er ikke mulighed for genudpegning.

*Stk. 2.* Ved nævnets behandling af en sag skal deltage et eller flere medlemmer af formandskabet, et eller flere af de medlemmer, der er udpeget af justitsministeren, og et antal advokater, der svarer til antallet af de medlemmer, der er udpeget af justitsministeren.

*Stk. 3.* Advokatnævnet kan ved sagernes forberedelse lade sig bistå af advokatkredsenes bestyrelser.

*Stk. 4.* Justitsministeren fastsætter nærmere regler om Advokatnævnets virksomhed, herunder om nævnets virksomhed i afdelinger. Justitsministeren kan desuden fastsætte regler om betaling og opkrævning af gebyr for indgivelse af klage til Advokatnævnet. Justitsministeren kan endvidere fastsætte regler om betaling af udgifter til honorarer m.v. til advokater, der udpeges som anklagere, forsvarer eller til at varetage klagerens interesser i disciplinærsager.

**§ 144 a.** Advokatrådet opretter en ordning, hvor personer kan indberette overtrædelser eller potentielle overtrædelser af de regler, der regulerer advokathvervet. Indberetninger til ordningen skal kunne foretages anonymt.

*Stk. 2.* Advokatsamfundets ansatte og medlemmer af Advokatrådet må ikke videregive oplysninger om en person, når vedkommende i medfør af stk. 1 har indberettet en virksomhed eller en person til rådet for overtrædelse eller potentiel overtrædelse af de regler, der regulerer advokathvervet. Straffelovens §§ 152 og 152 c-152 f finder i den forbindelse tilsvarende anvendelse på de personer, der er omtalt i 1. pkt.

**§ 145.** Ved behandlingen af sager, hvor kredsbestyrelserne skal bistå Advokatnævnet, tiltrædes bestyrelserne hver af et medlem, der ikke er advokat. Virker en kredsbestyrelse i flere afdelinger, tiltrædes kredsbestyrelsen dog af et medlem for hver afdeling. Disse medlemmer og stedfortrædere herfor udpeges af justitsministeren for 4 år ad gangen efter indstilling fra KL (Kommunernes Landsforening). Justitsministeren kan fastsætte regler om indstilling fra kommuner, der ikke er medlemmer af KL (Kommunernes Landsforening).

*Stk. 2.* Justitsministeren fastsætter nærmere regler om kredsbestyrelsernes behandling af sager, hvor de skal bistå

Advokatnævnet, samt kredsbestyrelsernes afholdelse af de samtaler, som er nævnt i § 143, stk. 8.

**§ 145 a.** Advokatnævnet afgiver en årlig beretning om sin virksomhed til justitsministeren. Beretningen trykkes og offentliggøres.

Kapitel 15 a

*Salærklager*

**§ 146.** Klager over vederlag, som en advokat, et advokatselskab eller en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, har forlangt for sit arbejde, kan af den, som har retlig interesse heri, indbringes for Advokatnævnet. Nævnet kan godkende vederlagets størrelse eller bestemme, at vederlaget skal nedsættes eller bortfalde.

*Stk. 2.* Klager skal indgives inden 1 år efter, at klageren er blevet bekendt med kravet om vederlag. Fristen regnes fra den endelige afregning af den pågældende sag. Advokatnævnet kan behandle en klage, der er indgivet senere, når fristoverskridelsen er rimeligt begrundet.

*Stk. 3.* Advokatnævnets afgørelse kan ikke indbringes for anden administrativ myndighed.

**§ 147.** (Ophævet)

**§ 147 a.** Så længe en sag behandles af Advokatnævnet, kan klagesagens parter ikke anlægge sag ved domstolene om de spørgsmål, der er omfattet af klagen. Når Advokatnævnet har truffet afgørelse, kan hver af parterne indbringe sagen for domstolene.

Kapitel 15 b

*Disciplinærsager*

**§ 147 b.** Klager over, at en advokat, et advokatselskab eller en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, har tilsidesat pligter, der følger af denne lov eller af forskrifter fastsat i medfør af denne lov, kan indbringes for Advokatnævnet.

*Stk. 2.* Klager skal indgives inden 1 år efter, at klageren er blevet bekendt med det forhold, som klagen vedrører. Nævnet kan dog behandle en klage, der er indgivet senere, når fristoverskridelsen findes rimeligt begrundet.

*Stk. 3.* Advokatnævnet kan afvise at behandle klager fra personer, der ikke har retlig interesse i det forhold, klagen angår, samt klager, der på forhånd må skønnes åbenbart grundløse.

*Stk. 4.* Advokatnævnet kan lade parter og vidner afhøre ved byretten på det sted, hvor de bor.

**§ 147 c.** Finder Advokatnævnet, at en advokat, et advokatselskab eller en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, har tilsidesat pligter, der følger af denne lov eller forskrifter fastsat i medfør af loven, kan nævnet tildele advokaten, advokatselskabet eller personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab, en irettesættelse eller pålægge vedkommende eller selskabet en bøde på indtil 300.000 kr. Er tilsidesættelsen af pligterne

af særlig grov karakter, kan Advokatnævnet forhøje bøden op til 600.000 kr.

*Stk. 2.* Advokatnævnet kan under anvendelse af tvangsbøder pålægge en advokat, et advokatselskab eller en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, at opfylde en forpligtelse som nævnt i stk. 1. Nævnet kan endvidere, hvis det skønnes fornødent, fratage advokaten eller personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab, en sag og lade en anden af klienten godkendt advokat eller person, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab, færdiggøre den.

*Stk. 3.* Har en advokat gjort sig skyldig i grov eller oftere gentagen overtrædelse af sine pligter som advokat, kan Advokatnævnet betinget frakende advokaten retten til at udføre sager eller forretninger af nærmere angiven karakter eller retten til at udøve advokatvirksomhed. Betinget frakendelse sker, på vilkår af at vedkommende i en prøvetid på op til 5 år regnet fra Advokatnævnets afgørelse ikke tilsidesætter de pligter, stillingen som advokat medfører, under sådanne omstændigheder, at vedkommende efter en samlet bedømmelse skal frakendes retten til at udøve advokatvirksomhed. Forlanger advokaten i medfør af § 147 e afgørelsen indbragt for retten, og stadfæster retten afgørelsen om betinget frakendelse, regnes prøvetiden fra endelig dom. Ved den betingede frakendelse udsættes fastsættelsen af frakendelsestiden. Begår advokaten i prøvetiden et nyt forhold, fastsætter Advokatnævnet en fælles frakendelse for dette forhold og det tidligere påkendte forhold.

*Stk. 4.* Har en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, gjort sig skyldig i grov eller oftere gentagen overtrædelse af de regler, som regulerer advokathvervet, kan Advokatnævnet betinget frakende vedkommende retten til at udføre sager eller forretninger af nærmere angiven karakter eller retten til at eje aktier eller anparter i et advokatselskab. Betinget frakendelse sker, på vilkår af at vedkommende i en prøvetid på op til 5 år regnet fra Advokatnævnets afgørelse ikke tilsidesætter de regler, som regulerer advokathvervet, under sådanne omstændigheder, at vedkommende efter en samlet bedømmelse skal frakendes retten til at udføre sager eller forretninger af nærmere angiven karakter eller retten til at eje aktier eller anparter i et advokatselskab. Forlanger vedkommende i medfør af § 147 e afgørelsen indbragt for retten, og stadfæster retten afgørelsen om betinget frakendelse, regnes prøvetiden fra endelig dom. Ved den betingede frakendelse udsættes fastsættelsen af frakendelsestiden. Begår den pågældende i prøvetiden et nyt forhold, fastsætter Advokatnævnet en fælles frakendelse for dette forhold og det tidligere påkendte forhold.

*Stk. 5.* Advokatnævnet kan under nævnets behandling af en sag efter stk. 8 midlertidigt frakende en advokat retten til at udføre sager eller forretninger af nærmere angiven karakter eller retten til at udøve advokatvirksomhed, hvis Advokatnævnet skønner, at der er en begrundet mistanke om, at betingelserne for frakendelse, jf. stk. 8, er opfyldt, og hvis der er overhængende fare for, at advokaten under sagens be-

handling groft eller oftere gentagent vil overtræde sine pligter som advokat. Advokatnævnets afgørelse om midlertidig frakendelse varer, indtil Advokatnævnets afgørelse i sagen efter stk. 8 er endelig, eller indtil retten har truffet afgørelse i medfør af § 147 e, stk. 3.

*Stk. 6.* Advokatnævnet kan under nævnets behandling af en sag efter stk. 9 midlertidigt frakende en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, retten til at udføre sager eller forretninger af nærmere angiven karakter eller retten til at eje aktier eller anparter i et advokatselskab, hvis Advokatnævnet skønner, at der er en begrundet mistanke om, at betingelserne for frakendelse, jf. stk. 9, er opfyldt, og hvis der er overhængende fare for, at den pågældende under sagens behandling groft eller oftere gentaget vil overtræde de regler, som regulerer advokathvervet. Advokatnævnets afgørelse om midlertidig frakendelse varer, indtil Advokatnævnets afgørelse i sagen efter stk. 9 er endelig, eller indtil retten har truffet afgørelse i medfør af § 147 e, stk. 3.

*Stk. 7.* Justitsministeren fastsætter nærmere regler om Advokatnævnets behandling af sager efter stk. 5 og 6. Justitsministeren vil i den forbindelse kunne fravige forvaltningslovens § 8, stk. 1, og § 21, stk. 1, og det forvaltningsretlige officialprincip.

*Stk. 8.* Har en advokat gjort sig skyldig i grov eller oftere gentagen overtrædelse af sine pligter som advokat, og de udviste forhold giver grund til at antage, at den pågældende ikke for fremtiden vil udøve advokatvirksomhed på forsvarlig måde, kan Advokatnævnet frakende advokaten retten til at udføre sager eller forretninger af nærmere angiven karakter eller retten til at udøve advokatvirksomhed. Frakendelsen kan ske i et tidsrum fra 6 måneder til 5 år eller indtil videre. Bestemmelsen i § 142 gælder tilsvarende.

*Stk. 9.* Har en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, gjort sig skyldig i grov eller oftere gentagen overtrædelse af de regler, som regulerer advokaterhvervet, og de udviste forhold giver grund til at antage, at den pågældende ikke for fremtiden vil overholde disse regler, kan Advokatnævnet frakende vedkommende retten til at udføre sager eller forretninger af nærmere angiven karakter eller retten til at eje aktier eller anparter i et advokatselskab. Frakendelse kan ske i et tidsrum fra 6 måneder til 5 år eller indtil videre.

*Stk. 10.* Nævnets afgørelser, der ikke kan indbringes for anden administrativ myndighed, skal indeholde oplysning om adgangen til domstolsprøvelse og fristen herfor.

*Stk. 11.* Advokatnævnet sender meddelelse om en afgørelse til klageren, advokaten, advokatselskabet, personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab, Advokatrådet og Justitsministeriet. Nævnet kan offentliggøre afgørelsen.

**§ 147 d.** Advokatnævnets afgørelse efter § 147 c, stk. 1 og 2, kan indbringes for retten af advokaten, advokatselskabet eller personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab. Retten kan stadfæste, ophæve eller ændre afgørelsen.

*Stk. 2.* Indbringelse skal ske inden 4 uger efter, at afgørelsen er meddelt den pågældende. Sagsanlæg har opsættende virkning for så vidt angår afgørelser, der er truffet i medfør af § 147 c, stk. 1.

*Stk. 3.* Afgørelsen indbringes ved, at advokaten, advokatselskabet eller personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab, anlægger sag mod Advokatnævnet i den borgerlige retsplejes former. Sagen anlægges ved den ret, i hvis kreds advokaten eller advokatselskabet har kontor.

**§ 147 e.** Advokaten eller personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab, kan forlange en afgørelse efter § 147 c, stk. 3, 4, 8 eller 9, indbragt for retten. Retten kan stadfæste, ophæve eller ændre afgørelsen.

*Stk. 2.* Anmodning om sagsanlæg skal fremsættes over for justitsministeren inden 4 uger efter, at afgørelsen er meddelt den pågældende. Justitsministeren anlægger herefter sag i den borgerlige retsplejes former mod advokaten eller personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab.

*Stk. 3.* Retten bestemmer på et forberedende retsmøde ved kendelse, om anmodning om sagsanlæg vedrørende en afgørelse truffet efter § 147 c, stk. 8 eller 9, har opsættende virkning. Retten kan bestemme, om kære af kendelsen har opsættende virkning. Det forberedende retsmøde afholdes inden 4 uger efter sagens anlæg. Retten bestemmer ved dommen, hvis retten helt eller delvis stadfæster Advokatnævnets afgørelse, om anke har opsættende virkning.

**§ 147 f.** Advokatnævnet kan til enhver tid ophæve en frakendelse efter § 147 c, stk. 3, 4, 8 og 9.

*Stk. 2.* Er frakendelsen sket indtil videre, og afslår Advokatnævnet en ansøgning om ophævelse af frakendelsen, kan den pågældende forlange spørgsmålet indbragt for retten, såfremt der er forløbet 5 år efter frakendelsen. Sagen anlægges af justitsministeren i den borgerlige retsplejes former. Godkender retten Advokatnævnets afgørelse, kan spørgsmålet først på ny indbringes for retten efter 2 års forløb.

**§ 147 g.** Advokaten eller personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab, kan forlange en afgørelse efter § 147 c, stk. 5 eller 6, indbragt for retten. Retten kan stadfæste, ophæve eller ændre afgørelsen.

*Stk. 2.* Anmodning om sagsanlæg skal fremsættes over for justitsministeren, inden 14 dage efter at afgørelsen er meddelt den pågældende. Justitsministeren anlægger herefter uden ugrundet ophold sag i den borgerlige retsplejes former mod advokaten eller personen, der i medfør af § 124 c, stk. 1, nr. 2, ejer aktier eller anparter i et advokatselskab. Retten træffer afgørelse inden for 4 uger efter sagens anlæg.

*Stk. 3.* Anmodning om sagsanlæg har ikke opsættende virkning, medmindre retten undtagelsesvis beslutter dette. Anke har ikke opsættende virkning.

**§ 147 h.** (Ophævet)

31

## Anden bog.

## Fælles bestemmelser for borgerlige sager og straffesager

———

### Kapitel 16

#### *Almindelige bestemmelser om procesmåden*

**§ 148.** Retssager forhandles mundtlig. Skrift anvendes kun i det omfang, i hvilket loven særlig bestemmer det.

*Stk. 2.* Ved den mundtlige forhandling benyttes frit foredrag.

*Stk. 3.* Når oplæsning skal finde sted, bestemmer rettens formand, ved hvem den skal foregå, for så vidt andet ikke i loven er foreskrevet.

**§ 148 a.** Borgerlige retssager, sager om forbud eller påbud i en borgerlig sag og sager om optagelse af bevis om borgerlige krav anlægges og behandles ved anvendelse af en digital sagsportal, som domstolene stiller til rådighed. Enhver skriftlig henvendelse om sagen skal ske på domstolenes sagsportal, jf. dog stk. 3-6.

*Stk. 2.* En digital meddelelse anses for at være kommet frem, når den er tilgængelig for retten.

*Stk. 3.* Sager i medfør af udlændingeloven anlægges og behandles ikke på domstolenes sagsportal. Betalingspåkrav og indsigelser mod betalingspåkrav, jf. kapitel 44 a, indleveres ikke på domstolenes sagsportal, jf. dog stk. 8. Fremkommer der rettidigt indsigelser mod kravet, eller træffer fogedretten afgørelse om genoptagelse, jf. § 477 e, stk. 1 eller 5, og har fordringshaveren anmodet om, at retssagsbehandling indledes uden indlevering af stævning, jf. § 477 b, stk. 4, nr. 3, overgår sagen til behandling på domstolenes sagsportal.

*Stk. 4.* Vurderer retten, at der foreligger særlige forhold, som gør, at en part, skønsmand m.v. ikke må forventes at kunne anvende domstolenes sagsportal, beslutter retten, at den pågældende fritages fra at anvende domstolenes sagsportal. Rettens beslutning om fritagelse fra at anvende domstolenes sagsportal eller afslag herpå kan ikke uden Procesbevillingsnævnets tilladelse indbringes for højere ret. Procesbevillingsnævnet kan dog meddele tilladelse til kære, hvis beslutningen angår spørgsmål af væsentlig betydning for sagens forløb eller af afgørende betydning for den, der ansøger om kæretilladelse, og der i øvrigt er anledning til at lade afgørelsen prøve af en højere ret. Ansøgning om kæretilladelse skal indgives til Procesbevillingsnævnet, inden 2 uger efter at beslutningen er truffet.

*Stk. 5.* Retten kan i øvrigt, når der foreligger særlige forhold, beslutte, at en sag ikke skal anlægges og behandles eller et processkrift eller et andet dokument ikke skal fremsendes ved anvendelse af domstolenes sagsportal.

*Stk. 6.* Vedkommende retspræsident kan, når der foreligger særlige forhold, beslutte, at rettens sager eller en del heraf i en nærmere afgrænset periode ikke skal behandles på domstolenes sagsportal.

*Stk. 7.* Beslutninger efter stk. 5 og 6 kan ikke indbringes for højere ret.

*Stk. 8.* Justitsministeren kan fastsætte regler om, at betalingspåkrav, jf. kapitel 44 a, kære af afgørelser, som træffes af Tinglysningsretten og fogedretten, og kære af afgørelser, som træffes af skifteretten i andre sager end dem, der efter dødsboskiftelovens § 98, ægtefælleskiftelovens § 2, stk. 4, og konkurslovens § 243 behandles efter den borgerlige retspleje, skal indleveres og behandles ved anvendelse af domstolenes sagsportal.

*Stk. 9.* Domstolsstyrelsen kan fastsætte nærmere regler om anvendelse af domstolenes sagsportal.

**§ 148 b.** Den, som er fritaget fra at anvende domstolenes sagsportal, jf. § 148 a, stk. 4, skal indlevere et processkrift til retten med de oplysninger, som vedkommende efter denne lov skal forsyne retten med. Bilag og øvrige dokumenter til brug for behandlingen af sagen skal den pågældende indlevere på papir eller på anden måde til retten. Retten gør processkriftet, bilag og øvrige dokumenter tilgængelige på domstolenes sagsportal.

*Stk. 2.* Retten sender meddelelser fra retten og sagens øvrige dokumenter til den, som er fritaget fra at anvende domstolenes sagsportal, jf. § 148 a, stk. 4. Retten kan pålægge en part at sende sine processkrifter, bilag og andre dokumenter til den, som er fritaget fra at anvende domstolenes sagsportal.

*Stk. 3.* Retten kan bestemme, at processkrifter skal forsynes med original underskrift, når den finder anledning hertil.

*Stk. 4.* For borgerlige retssager, sager om forbud eller påbud i en borgerlig sag og sager om optagelse af bevis om borgerlige krav, der ikke behandles på domstolenes sagsportal, finder stk. 1, 1. og 2. pkt., og stk. 2 og 3 tilsvarende anvendelse.

*Stk. 5.* Domstolsstyrelsen kan fastsætte regler om, at processkrifter, jf. stk. 1, som indleveres af den, som er fritaget fra at anvende domstolenes sagsportal, jf. § 148 a, stk. 4, skal udarbejdes på en blanket. Domstolsstyrelsen kan fastsætte nærmere regler om udformningen af blanketten.

**§ 148 c.** Krav om skriftlighed i strafferetsplejen er ikke til hinder for anvendelse af digital kommunikation eller anvendelse af digitale dokumenter m.v. under retsmøder.

*Stk. 2.* Regler, der stiller krav om underskrift, er ikke til hinder for, at meddelelser sendes med digital post, hvis meddelelsen er forsynet med digital signatur.

*Stk. 3.* En meddelelse, der sendes med digital kommunikation, anses for at være kommet frem, når den er tilgængelig for modtageren.

**§ 149.** Retssproget er dansk. Forhandling med og afhøring af personer, der ikke er det danske sprog mægtig, skal så vidt muligt ske ved hjælp af en uddannet translatør el.lign. Dog kan i borgerlige sager tilkaldelse af tolk undlades, når ingen af parterne gør fordring herpå, og retten tiltror sig fornødent kendskab til det fremmede sprog. Tilkaldelse af tolk kan endvidere undlades i straffesager, der behandles efter § 831 eller kapitel 80, såfremt retten og sagens andre aktører har det fornødne kendskab til det fremmede sprog og det i øvrigt findes ubetænkeligt.

*Stk. 2.* Dokumenter, der er affattede i fremmede sprog, skal ledsages af en oversættelse, der, når retten eller modparten forlanger det, skal bekræftes af en uddannet translatør

el.lign. Oversættelse kan dog frafaldes, når begge parter er enige derom, og retten tiltror sig fornødent kendskab til det fremmede sprog.

*Stk. 3.* En statsborger i et andet nordisk land kan uanset reglerne i stk. 1-2 indlevere dokumenter, der er affattet på den pågældendes eget sprog. Retten foranlediger dog dokumentet oversat til dansk, såfremt modparten forlanger det eller retten finder det nødvendigt. På begæring af en statsborger i et andet nordisk land skal retten foranledige dokumenter, der indleveres af modparten, oversat til det pågældende fremmede nordiske sprog.

*Stk. 4.* Udgifter til tolkning i sager, hvori en statsborger i et andet nordisk land er part, afholdes af statskassen. Det samme gælder udgifter til oversættelse efter reglerne i stk. 3. Retten kan bestemme, at udgifterne skal godtgøres af parterne i overensstemmelse med lovens almindelige regler om sagsomkostninger.

*Stk. 5.* Forhandling med og afhøring af døve og svært hørehæmmede skal så vidt muligt foregå ved hjælp af en uddannet tolk. Forhandling med og afhøring af øvrige hørehæmmede og døvblevne skal efter begæring fra vedkommende så vidt muligt foregå ved hjælp af en uddannet tolk. For så vidt angår stumme kan afhøring eller forhandling foregå ved skriftlige spørgsmål og svar eller efter begæring så vidt muligt ved hjælp af en tolk. Den døve, hørehæmmede, døvblevne eller stumme har endvidere adgang til at lade sig bistå af en døvekonsulent, tunghørekonsulent eller lignende under retsmøder.

*Stk. 6.* Til at bistå som tolk eller tegnsprogkyndig må ingen tilkaldes, der ifølge §§ 60 og 61 ville være udelukket fra at handle som dommer i sagen. I øvrigt bliver de om vidner gældende regler at anvende på de nævnte personer med de lempelser, der følger af forholdets natur, og for så vidt ikke andet særlig er foreskrevet.

*Stk. 7.* Tolkning kan ske ved anvendelse af telekommunikation med billede, hvis det vil være forbundet med uforholdsmæssige vanskeligheder, at tolken møder samme sted som parten, vidnet eller skønsmanden, og tolkning ved anvendelse af telekommunikation med billede findes forsvarlig. Når der tolkes for en part, et vidne eller en skønsmand, der deltager ved anvendelse af telekommunikation, skal tolken så vidt muligt befinde sig samme sted som parten, vidnet eller skønsmanden. Når der tolkes for en sigtet, der deltager i et retsmøde om forlængelse af fristen for varetægtsfængsling eller anden frihedsberøvende foranstaltning efter kapitel 70 ved anvendelse af telekommunikation med billede efter § 748 b, stk. 1, bestemmer retten, hvor tolken skal befinde sig.

**§ 150.** Rettens formand leder forhandlingen. Han bestemmer rækkefølgen af de enkelte dele af forhandlingen, for så vidt loven ikke indeholder forskrifter derom. Ingen må tage ordet uden ifølge hans tilladelse; han kan fratage den part ordet, som ikke vil rette sig efter hans ledelse. Han drager omsorg for så vidt muligt at fjerne alt, hvad der til unytte trækker forhandlingen i langdrag, og slutter forhandlingens enkelte dele, når han anser det foreliggende emne for tilstrækkelig behandlet.

**§ 150 a.** Finder en almindelig domstol, at et forhold, der er indbragt for Den Særlige Klageret, er af betydning for pådømmelsen af en for vedkommende domstol verserende sag, bliver denne sidste i det hele eller til dels at udsætte, indtil klagerettens afgørelse foreligger.

**§ 151.** Rettens formand våger over, at forhandlingen foregår med den tilbørlige orden og værdighed. Han er berettiget til i dette øjemed at afbryde og tilrettevise parter, vidner eller andre, når de tillader sig upassende udtalelser eller utilbørlige personlige angreb. Vedbliver en part hermed trods tilrettevisning, kan ordet fratages ham. Personer, der ved støjende eller anden utilbørlig adfærd forstyrrer forhandlingerne eller tilsidesætter den agtelse, som skyldes retten, kan udvises af retssalen, jf. endvidere §§ 32, stk. 1, 3 og 4, og 32 a. Bliver i en borgerlig sag ordet fratraget en part, eller bortfjernes han, kan forhandlingen fortsættes, hvis retten ikke finder en udsættelse nødvendig. Det samme gælder, når ordet fratages den sigtede i en straffesag. Bortfjernes han, forholdes efter reglerne i §§ 748, stk. 6, og 857. Er det den offentlige anklager eller sigtedes forsvarer, som bortfjernes, eller hvem ordet fratages, gås der frem, som om vedkommende var udeblevet.

*Stk. 2.* For fornærmelser mod retten eller nogen af de i retten mødende, uorden, hvorved forhandlingerne forstyrres, samt ulydighed mod formandens befalinger kan rettens formand (derunder også skifte- og fogedret) lade vedkommende fjerne fra retslokalet.

*Stk. 3.* Politiet er forpligtet til uvægerligt og øjeblikkeligt at yde retten bistand til udførelse af denne paragrafs forskrifter.

**§ 152.** De forretninger, som ifølge denne lov påhviler rettens formand, udføres, når retten beklædes af en enkeltdommer, af denne.

**§ 152 a.** En part kan forlange, at retten fastsætter tidspunktet for hovedforhandlingen, hvis det er nødvendigt på grund af kravet i artikel 6 i Den Europæiske Menneskerettighedskonvention om behandling af sagen inden for en rimelig frist.

## Kapitel 17
### *Meddelelser og forkyndelse af meddelelser*

**§ 153.** I borgerlige sager skal stævning og ankestævning forkyndes. Øvrige processuelle meddelelser, processkrifter og andre dokumenter skal gøres tilgængelige på domstolenes sagsportal, jf. § 148 a, stk. 1, medmindre andet er bestemt ved lov, jf. dog stk. 2.

*Stk. 2.* For parter omfattet af § 148 a, stk. 4, og i borgerlige retssager, sager om forbud eller påbud i en borgerlig sag og sager om optagelse af bevis om borgerlige krav, der ikke behandles på portalen, skal processuelle meddelelser forkyndes, medmindre andet er bestemt ved lov.

*Stk. 3.* I straffesager skal forkyndelse kun ske, når det er bestemt i denne lov.

**§ 154.** Meddelelser fra retten gives på den måde, som rettens formand bestemmer, medmindre loven indeholder anden forskrift herom.

*Stk. 2.* Rettens beslutning om, hvorledes meddelelser skal gives, er ikke genstand for kære.

**§ 154 a.** Anvendelse af digital kommunikation kan ske, hvis

1) der er tale om en meddelelse i en sag, der behandles på domstolenes sagsportal, jf. dog § 148 b, stk. 2,

2) modtageren ikke er fritaget fra Digital Post og meddelelsen sendes til den digitale postløsning, som anvises efter lov om Digital Post fra offentlige afsendere,

3) modtageren har samtykket i at modtage meddelelser på denne måde, jf. stk. 2,

4) der er tale om en meddelelse, der skal forkyndes,

5) der er tale om en efterfølgende bekræftelse på en telefonforkyndelse eller

6) der er tale om en påmindelse til den, der skal give møde i retten, om tid og sted for det pågældende retsmøde.

*Stk. 2.* Samtykke kan gives for den enkelte sag eller generelt.

*Stk. 3.* Meddelelser, der indeholder fortrolige oplysninger, skal krypteres eller sikres på anden forsvarlig måde.

**§ 155.** Forkyndelse sker, ved at den meddelelse, der skal forkyndes, med eventuelle bilag

1) sendes eller afleveres til den pågældende, der samtidig anmodes om at bekræfte modtagelsen på en genpart af dokumentet eller, hvis forkyndelsen foretages ved rettens eller anklagemyndighedens foranstaltning, et særligt modtagelsesbevis (brevforkyndelse),

2) ved digital kommunikation gøres tilgængelig for den pågældende, der samtidig anmodes om at bekræfte modtagelsen (digital forkyndelse),

3) gøres tilgængelig for den pågældende i en digital postkasse, der anvendes til sikker digital kommunikation med det offentlige (forenklet digital forkyndelse),

4) sendes til den pågældende i brev med afleveringsattest (postforkyndelse),

5) afleveres til den pågældende af en stævningsmand eller en anden dertil bemyndiget, jf. §§ 57 og 58, (stævningsmandsforkyndelse) eller

6) telefonisk gives den pågældende, der forinden eller efterfølgende får tilsendt eller overdraget dokumentet og efterfølgende får tilsendt en bekræftelse på forkyndelsen (telefonforkyndelse).

*Stk. 2.* Forkyndelse efter stk. 1, nr. 1-5, kan anvendes, når der skal ske forkyndelse for selskaber, foreninger, fonde og boer m.v. (juridiske personer), jf. § 157 a.

**§ 156.** Ved brevforkyndelse anses meddelelsen for forkyndt, hvis genparten eller modtagelsesbeviset er underskrevet af den pågældende personligt. Forkyndelse anses for sket, den dag modtageren anfører at have modtaget meddelelsen. Er ingen modtagelsesdag anført, eller er den angivne modtagelsesdag senere end datoen i poststemplet på tilbagesendelsen, anses forkyndelse for sket på poststemplets dato.

**§ 156 a.** Ved telefonforkyndelse anses meddelelsen for forkyndt, hvis personen vedkender sig at være den person, der skal ske forkyndelse for, og personen må antages at have forstået telefonsamtalen. Forkyndelsen anses for sket, den dag meddelelsen telefonisk gives den pågældende.

**§ 156 b.** Ved digital forkyndelse anses meddelelsen for forkyndt, hvis den pågældende bekræfter at have modtaget meddelelsen enten ved en meddelelse, der sendes ved digital kommunikation med anvendelse af digital signatur, eller ved at sende en personligt underskrevet kopi af meddelelsen. Forkyndelsen anses for sket, den dag modtageren anfører at have modtaget meddelelsen. Er ingen modtagelsesdag anført, eller er den angivne modtagelsesdag senere end den registrerede modtagelsesdato for den digitalt fremsendte bekræftelse eller datoen i poststemplet på tilbagesendelsen, anses forkyndelsen for sket på den registrerede modtagelsesdag eller på poststemplets dato.

**§ 156 c.** Ved forenklet digital forkyndelse anses meddelelsen for forkyndt, hvis der sker åbning eller anden behandling af meddelelsen, den besked, hvortil meddelelsen er vedhæftet, eller et bilag eller en anden meddelelse, der er vedhæftet beskeden. Forkyndelse anses for sket, den dag meddelelsen, bilaget eller den besked, hvortil meddelelsen er vedhæftet, åbnes eller på anden måde behandles.

**§ 157.** For postforkyndelse og stævningsmandsforkyndelse gælder følgende regler:

1) Forkyndelse bør så vidt muligt ske for den pågældende personligt på dennes bopæl, midlertidige opholdssted eller arbejdssted. Forkyndelse for den pågældende personligt er dog gyldig, uanset hvor den sker.

2) Træffes den pågældende ikke, kan forkyndelse ske

a) på bopælen eller opholdsstedet for personer, der hører til husstanden, eller, hvis den pågældende bor til leje i en andens bolig, for udlejeren eller dennes ægtefælle, for så vidt de pågældende træffes på bopælen eller opholdsstedet,

b) for ledelsen eller personalet på en institution eller et hospital, hvor den pågældende er bosat eller midlertidigt opholder sig, medmindre ledelsen eller personalet oplyser, at den pågældende ikke længere opholder sig på stedet, eller

c) på den pågældendes arbejdssted over for arbejdsgiveren eller dennes repræsentant eller, for vidt angår selvstændige næringsdrivende, på den pågældendes kontor, værksted eller forretningslokale over for personer, der er ansat i virksomheden.

*Stk. 2.* Forkyndelse efter stk. 1, nr. 2, kan ikke ske for personer under 18 år.

*Stk. 3.* Ved postforkyndelse overgives forsendelsen og ved stævningsmandsforkyndelse en genpart af meddelelsen og eventuelle bilag til den, for hvem forkyndelsen sker. Sker forkyndelse ikke over for vedkommende personligt, anføres på forsendelsen eller genparten af meddelelsen, hvornår og over for hvem forkyndelse er sket.

*Stk. 4.* Nægter en person, for hvem forkyndelse kan ske efter stk. 1, nr. 2, uden rimelig grund at modtage forkyndel-

se, eller undlader den pågældende, efter at forkyndelse er sket, at overlevere, hvad den pågældende har modtaget ved forkyndelsen, til vedkommende, selv om dette kunne være sket uden væsentlig udgift eller besvær, kan den pågældende ved kendelse tilpligtes at erstatte omkostninger, der er en følge af dennes nægtelse eller undladelse.

*Stk. 5.* Ved forkyndelse efter stk. 1, nr. 2, litra b, skal ledelsen eller personalet, der har modtaget en meddelelse, der skal forkyndes, returnere en frankeret svarkuvert, når meddelelsen er overbragt til den person, meddelelsen angår. Forkyndelsen anses for sket, den dag meddelelsen anføres at være overbragt.

**§ 157 a.** Brevforkyndelse, digital forkyndelse og forenklet digital forkyndelse for selskaber, foreninger, fonde og boer m.v. (juridiske personer) kan ske for et direktionsmedlem, et bestyrelsesmedlem eller en anden, som har ansvar for den juridiske persons anliggender, på den juridiske persons postadresse eller digitale adresse. Forkyndelse kan endvidere ske for den juridiske persons ansatte på den juridiske persons postadresse eller digitale adresse.

*Stk. 2.* For postforkyndelse eller stævningsmandsforkyndelse for selskaber, foreninger, fonde og boer m.v. (juridiske personer) gælder følgende regler:
1) Forkyndelse for et direktionsmedlem, et bestyrelsesmedlem eller en anden, som har ansvar for den juridiske persons anliggender, bør så vidt muligt ske på det sted, hvorfra den juridiske person drives. Forkyndelse kan endvidere ske på den pågældendes bopæl, midlertidige opholdssted eller arbejdssted, jf. dog nr. 4 og 5. Forkyndelse for den pågældende er dog gyldig, uanset hvor den sker.
2) Træffes et direktionsmedlem, et bestyrelsesmedlem eller en anden, som har ansvar for den juridiske persons anliggender, ikke på bopælen, kan forkyndelse endvidere ske dér for personer, der er fyldt 18 år, der hører til husstanden, jf. dog nr. 4 og 5.
3) Forkyndelse kan endvidere ske for ansatte, der er fyldt 18 år, på det sted, hvorfra den juridiske person drives, jf. dog nr. 4 og 5.
4) Forkyndelse for kurator, bobestyrer m.v. kan alene ske for kurator, bobestyrer m.v. selv eller for vedkommendes ansatte, der er fyldt 18 år, på det sted, hvorfra kurator, bobestyrer m.v. driver sin virksomhed.
5) Forkyndelse for en offentlig myndighed kan alene ske for myndighedens ansatte, der er fyldt 18 år, på myndighedens adresse.
6) Ved forkyndelse efter nr. 2 og 4 finder § 157, stk. 3 og 4, tilsvarende anvendelse.

**§ 158.** Har den pågældende kendt bopæl eller opholdssted i udlandet, og kan forkyndelse ikke ske her i riget efter § 155, stk. 1, nr. 4 og 5, jf. § 157, eller § 155, stk. 1, nr. 4 og 5, jf. stk. 2, sker forkyndelse ved brevforkyndelse eller på den måde, der er foreskrevet ved konvention eller ved vedkommende lands lov.

**§ 159.** Forkyndelse kan foretages i Statstidende, såfremt

1) den pågældendes bopæl eller opholdssted eller hans arbejdssted her i landet ikke kan oplyses, eller
2) vedkommende fremmede myndighed nægter eller undlader at efterkomme en anmodning om forkyndelse efter § 158.

*Stk. 2.* Forkyndelse sker ved, at en bekendtgørelse indeholdende et uddrag af meddelelsen og en bemærkning om, at meddelelsen kan fås ved henvendelse til retten, indrykkes i Statstidende. I bekendtgørelsen skal endvidere anføres, af hvilken grund denne forkyndelsesform anvendes.

*Stk. 3.* I de i stk. 1, nr. 2, nævnte tilfælde skal meddelelsen tillige tilsendes den pågældende med posten.

**§ 159 a.** Bestemmelserne i aftale af 19. oktober 2005 mellem Det Europæiske Fællesskab og Danmark om forkyndelse af retslige og udenretslige dokumenter i civile og kommercielle sager samt bestemmelserne i forkyndelsesforordningen gælder her i landet.

*Stk. 2.* Justitsministeren kan fastsætte nærmere bestemmelser om gennemførelse af stk. 1.

*Stk. 3.* Justitsministeren kan bestemme, at ændringer af og gennemførelsesforanstaltninger til den i stk. 1 nævnte forordning gælder her i landet og kan fastsætte nærmere bestemmelser om gennemførelse heraf.

**§ 160.** I borgerlige sager og straffesager kan en part eller et vidne ved skriftlig fuldmagt på en særlig blanket udpege en myndig person, over for hvem forkyndelse kan ske efter reglerne i §§ 155-157 a. Reglen i § 157, stk. 4, finder dog kun anvendelse, hvis den pågældende har erklæret sig villig til at modtage forkyndelse.

*Stk. 2.* I borgerlige sager kan en part give afkald på at få underretning om processuelle meddelelser ved forkyndelse.

**§ 161.** Har en part i en borgerlig sag antaget en advokat til at udføre sagen, kan forkyndelse vedrørende sagen ske for advokaten.

**§ 162.** Når der i et retsmøde træffes beslutning om tidspunktet for et nyt møde eller for en retshandlings foretagelse, anses beslutningen for at være forkyndt for de personer, der er til stede i retsmødet.

*Stk. 2.* Beslutningen anses endvidere for at være forkyndt for personer, der har været lovligt tilsagt til mødet, men som enten er udeblevet eller uberettiget har forladt mødet, forinden beslutningen blev truffet. Retten bør dog give de pågældende meddelelse om beslutningen, hvis denne må antages at være af særlig interesse for dem.

**§ 163.** En forkyndelse er gyldig, selv om meddelelsen ikke kommer til vedkommendes kundskab.

*Stk. 2.* Er det dokument, der skal forkyndes, kommet vedkommende i hænde, anses forkyndelse for sket, selv om forkyndelsen ikke er foretaget i overensstemmelse med reglerne i §§ 155-157 a.

**§ 164.** Medmindre andet er bestemt i den militære retsplejelov, sker forkyndelse for militærpersoner efter reglerne i dette kapitel. Forkyndelse for personer, der er indkvarteret på militært område, kan dog altid ske ved den pågældendes militære afdelings foranstaltning.

**§ 165.** Justitsministeren fastsætter nærmere regler om forkyndelse. Domstolsstyrelsen fastsætter regler om vederlag og befordringsgodtgørelse til stævningsmænd.

*Stk. 2.* I sager, der behandles af retten, afholdes vederlaget for forkyndelse af statskassen. I øvrigt betales vederlaget af den, der begærer forkyndelsen foretaget.

**§§ 166-167.** (Ophævet)

Kapitel 18

*Vidner*

**§ 168.** Enhver har med de i loven fastsatte undtagelser pligt til at afgive forklaring for retten som vidne.

*Stk. 2.* Medmindre retten undtagelsesvis tillader det, må et vidne ikke under forklaringen bære en beklædningsgenstand, der skjuler vedkommendes ansigt.

**§ 169.** Tjenestemænd eller andre, der handler i offentligt eller dermed ligestillet hverv, må ikke uden samtykke af vedkommende myndighed afkræves vidneforklaring om forhold, med hensyn til hvilke der i det offentliges interesse påhviler dem tavshedspligt. For medlemmer af Folketinget kræves samtykke af tingets formand og vedkommende minister.

*Stk. 2.* Nægtes samtykke, kan retten, såfremt forklaringens afgivelse findes at være af afgørende betydning for sagens udfald, pålægge vedkommende myndighed over for retten at redegøre for grundene til nægtelsen. Finder retten herefter, at hensynet til hemmeligholdelse bør vige for hensynet til sagens oplysning, kan den bestemme, at vidneforklaring skal afgives. Dette gælder dog ikke, hvis nægtelsen er begrundet med hensynet til statens sikkerhed, til dens forhold til fremmede magter eller med hensynet til tredjemands liv eller helbred.

**§ 170.** Mod dens ønske, som har krav på hemmeligholdelse, må vidneforklaring ikke afkræves præster i folkekirken eller andre trossamfund, læger, forsvarere, retsmæglere, patentrådgivere, som er optaget på den liste, der er anført i artikel 134, stk. 1, i den europæiske patentkonvention, og advokater om det, som er kommet til deres kundskab ved udøvelsen af deres virksomhed.

*Stk. 2.* Retten kan pålægge læger, retsmæglere, patentrådgivere som nævnt i stk. 1 og advokater, bortset fra forsvarere i straffesager, at afgive vidneforklaring, når forklaringen anses for at være af afgørende betydning for sagens udfald, og sagens beskaffenhed og dens betydning for vedkommende part eller samfundet findes at berettige til, at forklaring afkræves. Sådant pålæg kan i borgerlige sager ikke udstrækkes til, hvad en advokat har erfaret i en retssag, som har været betroet denne til udførelse, eller hvori dennes råd har været søgt. Det samme gælder for, hvad en patentrådgiver som nævnt i stk. 1 har erfaret i en retssag, hvori dennes råd har været søgt.

*Stk. 3.* Retten kan bestemme, at forklaring ikke skal afgives om forhold, med hensyn til hvilke vidnet i medfør af lovgivningen har tavshedspligt, og hvis hemmeligholdelse har væsentlig betydning.

*Stk. 4.* Reglerne i stk. 1-3 gælder også for de pågældende personers medhjælpere.

**§ 171.** En parts nærmeste har ikke pligt til at afgive forklaring som vidne.

*Stk. 2.* Pligt til at afgive forklaring foreligger ej heller, såfremt forklaringen antages at ville

1)   udsætte vidnet selv for straf eller tab af velfærd eller
2)   udsætte hans nærmeste for straf eller tab af velfærd eller
3)   påføre vidnet selv eller hans nærmeste anden væsentlig skade.

*Stk. 3.* I de i stk. 1 og stk. 2, nr. 2 og 3, nævnte tilfælde kan retten dog pålægge vidnet at afgive forklaring, når forklaringen anses for at være af afgørende betydning for sagens udfald, og sagens beskaffenhed og dens betydning for vedkommende part eller samfundet findes at berettige dertil.

*Stk. 4.* I de i stk. 2, nr. 3, nævnte tilfælde kan retten endvidere pålægge vidnet at afgive forklaring, såfremt vidnet har udført foranstaltninger som nævnt i § 754 a, og sagens beskaffenhed og dens betydning for vedkommende part eller samfundet findes at berettige dertil.

**§ 172.** Redaktører og redaktionelle medarbejdere ved et skrift, der er omfattet af § 1, nr. 1, i medieansvarsloven, har ikke pligt til at afgive vidneforklaring om:

1)   Hvem der er kilde til en oplysning eller forfatter til en artikel, eller hvem der har optaget et fotografi eller frembragt en anden billedlig fremstilling. Sker der offentliggørelse, er det en forudsætning for vidnefritagelsen, at kilden, forfatteren, fotografen eller fremstilleren ikke er identificeret i det trykte skrift.
2)   Hvem et billede forestiller, eller hvem der er genstand for omtale, når de pågældende har fået tilsagn om anonymitet. Sker der offentliggørelse, gælder vidnefritagelsen, blot identiteten ikke fremgår af teksten.

*Stk. 2.* Redaktører og redaktionelle medarbejdere ved et radio- eller fjernsynsforetagende, der er omfattet af § 1, nr. 2, i medieansvarsloven, har ikke pligt til at afgive vidneforklaring om:

1)   Hvem der er kilde til en oplysning eller forfatter til et værk, eller hvem der har optaget et fotografi eller frembragt en anden billedlig fremstilling. Udsendes oplysningen, værket m.v., er det en forudsætning for vidnefritagelsen, at kilden, forfatteren, fotografen eller fremstilleren ikke er identificeret i udsendelsen.
2)   Identiteten af medvirkende, som har fået tilsagn om at medvirke uden at kunne identificeres. Udsendes en optagelse, er det en forudsætning for vidnefritagelsen, at de pågældende ikke er angivet ved navn, og at der er truffet rimelige forholdsregler for at skjule identiteten.

*Stk. 3.* Vidnefritagelse som nævnt i stk. 1 og 2 gælder også andre, der i kraft af deres tilknytning til skriftet eller dets fremstilling eller deres tilknytning til radio- og fjernsynsforetagendet eller til fremstillingen af vedkommende udsendelse har fået kendskab til kildens, forfatterens eller den medvirkendes identitet.

*Stk. 4.* Bestemmelserne i stk. 1-3 finder tilsvarende anvendelse for de massemedier, der er omfattet af § 1, nr. 3, i medieansvarsloven.

*Stk. 5.* Angår sagen en lovovertrædelse, som er af alvorlig karakter, og som efter loven kan medføre straf af fængsel i 4 år eller derover, kan retten dog pålægge de i stk. 1-4 nævnte personer vidnepligt, såfremt vidneførslen må antages at have afgørende betydning for sagens opklaring og hensynet til opklaringen klart overstiger massemediernes behov for at kunne beskytte deres kilder.

*Stk. 6.* Retten kan ligeledes pålægge de i stk. 1-4 nævnte personer vidnepligt, hvis sagen angår en overtrædelse af straffelovens §§ 152-152 c. Dette gælder dog ikke, hvis det må antages, at forfatteren eller kilden har villet afdække forhold, hvis offentliggørelse er af samfundsmæssig betydning.

**§ 172 a.** En person, der er blevet videoafhørt efter § 745 e eller § 183, stk. 3, har ikke pligt til at afgive forklaring som vidne under hovedforhandlingen.

*Stk. 2.* Retten kan helt undtagelsesvis pålægge en person, der er omfattet af stk. 1, at afgive forklaring som vidne under hovedforhandlingen, hvis dette er af afgørende betydning for sagens afgørelse og det ikke er tilstrækkeligt, at personen genafhøres til video.

**§ 173.** Retten vejleder, såfremt omstændighederne giver grund dertil, vidnet om indholdet af bestemmelserne i §§ 169-172 a.

*Stk. 2.* Afgives forklaring i de i §§ 169-172 a nævnte tilfælde, påser retten, at særligt hensyn tages til vidnet eller den, der har krav på hemmeligholdelse. Retten kan i dette øjemed bestemme, at dørene skal lukkes, medens forklaringen afgives, eller forbyde offentlig gengivelse af forklaringen. Overtrædelse af rettens forbud straffes med bøde.

**§ 174.** Vidneforklaring afgives for den ret, ved hvilken sagen behandles. Retten kan dog beslutte, at vidneforklaring i stedet skal afgives for den byret, hvor det findes mest hensigtsmæssigt.

*Stk. 2.* Retten kan bestemme, at et vidne skal afgive forklaring ved anvendelse af telekommunikation med billede, hvis det findes hensigtsmæssigt og forsvarligt, herunder hvis særlig hensyn til vidnet taler derfor. Vidnet indkaldes til at møde et nærmere angivet sted, jf. § 192.

*Stk. 3.* Retten kan bestemme, at et vidne skal afgive forklaring ved anvendelse af telekommunikation uden billede, hvis det vil være forbundet med uforholdsmæssige vanskeligheder, at forklaringen afgives i retten eller ved anvendelse af telekommunikation med billede, og afgivelse af forklaring ved anvendelse af telekommunikation uden billede findes forsvarlig. Vidnet pålægges at være til rådighed for rettens etablering af telekommunikationen på en nærmere angiven måde. Reglerne i § 175 finder tilsvarende anvendelse.

**§ 175.** Indkaldelse til at møde som vidne udstedes, hvor ikke andet er bestemt, af den ret, for hvilken vidneforklaringen skal afgives. Rettens indkaldelse af vidner i civile sager skal ske hurtigst muligt efter berammelsen af hovedforhandlingen, og parterne skal underrette deres egne vidner om tidspunktet for hovedforhandlingen, så snart den er berammet. Indkaldelsen skal forkyndes for vidnet. Udstedes indkaldelsen af retten, lader denne indkaldelsen forkynde på grundlag af de oplysninger, som vedkommende part har givet.

*Stk. 2.* Indkaldelsen skal indeholde:
1) fornøden betegnelse af vidnet,
2) angivelse af indkaldelsens øjemed,
3) angivelse af den ret, for hvilken der skal vidnes,
4) angivelse af tid og sted for mødet,
5) oplysning om, hvilket varsel vidnet har krav på,
6) oplysning om, at adgang til retten kan være betinget af, at vedkommende lader det tøj, som vedkommende er iført ved fremmødet, visitere eller medbragte effekter undersøge,
7) kravene til vidnets forberedelse, jf. § 180, og
8) oplysning om virkningerne af udeblivelse.

*Stk. 3.* I borgerlige sager er varslet en uge. I straffesager tilkommer der vidnet aftens varsel, hvortil lægges to døgn, såfremt afstanden til mødestedet er over 30 km.

*Stk. 4.* Retten kan fastsætte andet varsel eller pålægge vidnet at møde straks.

**§ 176.** Retten kan pålægge enhver, som er til stede i et retsmøde eller i umiddelbar nærhed af mødestedet, straks at afgive vidneforklaring. Det kan pålægges tilstedeværende vidner at møde til ny tid.

**§ 177.** Vidnet skal forblive på det sted, hvor retsmødet holdes, indtil mødet er sluttet, medmindre retten træffer anden bestemmelse.

**§ 178.** Udebliver et vidne uden lovligt forfald eller uden i tide at have meldt sit forfald, eller forlader vidnet i strid med § 177 det sted, hvor retsmødet holdes, eller vægrer vidnet sig uden lovlig grund ved at svare eller afføre sig en beklædningsgenstand, der skjuler vedkommendes ansigt, kan retten:
1) pålægge vidnet en bøde,
2) lade vidnet afhente ved politiet,
3) tilpligte vidnet at erstatte de udgifter, som vidnet har forårsaget,
4) pålægge vidnet en løbende bøde, i samme sag dog ikke for længere tidsrum end 6 måneder, uafbrudt eller sammenlagt,
5) lade vidnet tage i forvaring ved politiets foranstaltning eller lade vidnet undergive en af de i § 765 nævnte foranstaltninger, indtil fremstilling for retten til afgivelse af vidneforklaring kan finde sted eller vidnet indvilliger i at svare eller afføre sig en beklædningsgenstand, der skjuler vedkommendes ansigt, dog ikke ud over 6 måneder i samme sag, uafbrudt eller sammenlagt.

*Stk. 2.* Afgørelse om anvendelse af tvangsmidler imod vidnet træffes af den ret, for hvilken vidnet er indkaldt til at møde. Afgørelsen, der træffes ved kendelse, kan omgøres af retten. Kendelse, hvorved bøde eller erstatning er pålagt et fraværende vidne, skal forkyndes for den pågældende. Begæring om omgørelse af en sådan afgørelse skal fremsættes i det første retsmøde, i hvilket vidnet møder, eller, hvis vid-

net ikke senere møder, inden 14 dage efter, at afgørelsen er forkyndt for vidnet eller kommet til hans kundskab.

*Stk. 3.* Tager politiet i medfør af stk. 1, nr. 5, et vidne i forvaring, og kan fremstilling for retten til afgivelse af vidneforklaring ikke ske inden 24 timer efter pågribelsen, giver politiet snarest muligt og senest inden samme frist retten meddelelse om, at vidnet er taget i forvaring.

*Stk. 4.* En person i forvaring er alene undergivet de indskrænkninger, som er nødvendige til sikring af forvaringens øjemed eller opretholdelse af orden og sikkerhed i institutionen.

*Stk. 5.* En person i forvaring kan modtage besøg, i det omfang opretholdelse af orden og sikkerhed i kriminalforsorgens institutioner tillader det. Den ret, der træffer afgørelse om forvaring, kan af hensyn til forvaringens øjemed træffe afgørelse om, at den forvarede ikke kan modtage besøg, eller forlange, at besøg finder sted under kontrol. Nægtes den forvarede besøg, skal den pågældende underrettes herom, medmindre retten af hensyn til sagens omstændigheder træffer anden bestemmelse.

*Stk. 6.* Den ret, der træffer afgørelse om forvaring, kan, når særlige omstændigheder taler derfor, bestemme, at kriminalforsorgsområdet med politiets samtykke kan give en person i forvaring udgangstilladelse med ledsager for et kortere tidsrum.

*Stk. 7.* En person i forvaring har ret til at modtage og afsende breve. Den ret, der træffer afgørelse om forvaringen, kan bestemme, at politiet eller retten skal gennemse brevene inden modtagelsen eller afsendelsen. Træffes der beslutning om brevkontrol, skal politiet eller retten snarest muligt udlevere eller sende brevene, medmindre indholdet vil kunne være til skade for formålet med forvaringen eller opretholdelsen af orden og sikkerhed i institutionen. Tilbageholdes et brev af politiet, skal spørgsmålet om tilbageholdelsens opretholdelse straks forelægges retten til afgørelse. Opretholdes tilbageholdelsen, skal afsenderen straks underrettes, medmindre retten af hensyn til forvaringens øjemed træffer anden bestemmelse.

*Stk. 8.* En person i forvaring har ret til ukontrolleret brevveksling med retten, justitsministeren, direktøren for kriminalforsorgen og Folketingets Ombudsmand. Justitsministeren kan fastsætte regler om den forvaredes ret til at afsende lukkede breve til andre offentlige myndigheder eller enkeltpersoner.

*Stk. 9.* Retten kan af hensyn til forvaringens øjemed foretage andre begrænsninger i den forvaredes rettigheder.

*Stk. 10.* Afgørelser vedrørende forvarede personer, der er truffet af en myndighed inden for kriminalforsorgen, kan ikke indbringes for højere administrativ myndighed, jf. dog stk. 11, 2. pkt.

*Stk. 11.* Justitsministeren fastsætter nærmere regler om behandlingen af personer, der er taget i forvaring. Ministeren kan i den forbindelse fastsætte regler om, at afgørelser, der er truffet af kriminalforsorgsområderne vedrørende personer, der er taget i forvaring, kan påklages til Direktoratet for Kriminalforsorgen. Ministeren kan endvidere fastsætte regler om klagefrist, behandling af klagesager og opsættende virkning af klager.

**§ 179.** Et vidne kan ikke undlade at møde for retten, fordi han mener sig berettiget til at nægte at afgive forklaring i sagen.

**§ 180.** Vidnet skal om fornødent opfriske sin viden om sagen, inden han møder i retten, f.eks. ved at efterse regnskabsbøger, breve eller optegnelser eller ved at bese genstande, hvortil han uden omkostning eller besvær har adgang. Efterkommer vidnet ikke denne pligt, finder reglerne i § 178 tilsvarende anvendelse.

**§ 181.** Inden vidnet afhøres, forvisser retten sig om vidnets identitet, jf. dog § 856, stk. 5 og 6, og om, at intet er til hinder for vidneforklaringens afgivelse. Retten pålægger derefter alvorligt vidnet at tale sandhed og gør vidnet bekendt med strafansvaret for afgivelse af falsk forklaring.

**§ 182.** Hvert vidne afhøres for sig. Et vidne må ikke påhøre forklaringer af andre vidner, skønsmænd eller parter, medmindre andet bestemmes af retten, jf. dog § 209 a, stk. 2.

**§ 183.** Vidnet afhøres først af den part, som har begæret ham ført. Modparten har derefter adgang til at afhøre vidnet, hvorpå parten kan rette de spørgsmål til vidnet, som modafhøringen har givet anledning til. Retten kan tillade fremsættelse af yderligere spørgsmål eller genoptagelse af afhøringen.

*Stk. 2.* Retten kan stille spørgsmål til vidnet. Retten kan overtage afhøringen, såfremt parternes afhøring af vidnet sker på utilbørlig måde eller på en måde, som strider mod bestemmelsen i § 184, stk. 1, eller omstændighederne i øvrigt gør det påkrævet.

*Stk. 3.* Retten bestemmer, hvordan og ved hvem afhøring af børn under 15 år skal ske. I straffesager gælder dette endvidere for personer, der er blevet videoafhørt efter § 745 e, eller hvis retten bestemmer, at afhøringen af en person, som opfylder betingelserne i § 745 e, stk. 1, skal ske som videoafhøring. Den kan tilkalde en repræsentant for kommunalbestyrelsen eller en anden egnet person til at yde bistand under afhøringen. Retten kan tillægge den pågældende godtgørelse efter reglerne i § 188, stk. 1.

**§ 184.** Afhøringen skal ske på en sådan måde, at den er egnet til at fremkalde en tydelig og sandfærdig forklaring.

*Stk. 2.* Vidnet skal så vidt muligt have adgang til at udtale sig i sammenhæng. Det bør fremgå af forklaringen, om den støtter sig på vidnets egen iagttagelse.

*Stk. 3.* Retten afgør, om vidnet under afhøringen må benytte medbragte notater eller andre hjælpemidler.

**§ 185.** Bevisførelse om et vidnes almindelige troværdighed må kun finde sted på den måde og i den udstrækning, som retten bestemmer. Spørgsmål om, hvorvidt vidnet er under tiltale eller har været straffet, stilles og besvares skriftligt. Kun retten og parterne gøres bekendt med svaret.

*Stk. 2.* Bestemmelsen i stk. 1, 1. pkt., finder i sager vedrørende overtrædelse af straffelovens § 210 og kapitel 24 tilsvarende anvendelse med hensyn til bevisførelse om den forurettedes tidligere seksuelle adfærd. En sådan bevisførel-

se kan kun tillades, hvis den kan antages at være af væsentlig betydning for sagen.

§ 186. Vidneforklaring under hovedforhandling i en borgerlig sag optegnes i retsbogen i det omfang, retten bestemmer. Retten bør herved tage hensyn til ønsket fra parter eller vidner og til, om optegnelsen kan antages at få betydning under fornyet prøvelse af sagen.

*Stk. 2.* [8]) I øvrigt optegnes hovedindholdet af vidneforklaringen. De vigtigste udtalelser gengives så vidt muligt med vidnets egne ord. Hvis der sker billed- eller lydoptagelse af vidneforklaringen efter stk. 3, kan retten dog bestemme, at der ikke skal ske optegnelse i retsbogen.

*Stk. 3.* [8]) Retten kan bestemme, at der skal ske billed- eller lydoptagelse af en vidneforklaring. Afgives vidneforklaringen ikke under hovedforhandlingen, skal optagelsen så vidt muligt ske som billedoptagelse.

*Stk. 4.* [8]) En part har adgang til at gennemse billed- og lydoptagelser, som er foretaget i medfør af stk. 3, medmindre parten ikke havde adgang til at overvære vidneforklaringen. Gennemsyn kan ske hos retten eller hos partens advokat. Billed- og lydoptagelser, som er foretaget i medfør af stk. 3, er i øvrigt ikke genstand for aktindsigt.

*Stk. 5.* [8]) Medmindre højere straf er forskyldt efter lovgivningen i øvrigt, straffes med bøde den, der uberettiget videregiver billed- eller lydoptagelser, som er foretaget i medfør af stk. 3.

*Stk. 6.* [8]) Den, der efter regler i denne lov har ret til aktindsigt i indførelser i retsbogen vedrørende en vidneforklaring, hvor der i medfør af stk. 3 er sket billed- eller lydoptagelse, kan mod betaling af udgifterne herved forlange, at der tilvejebringes en udskrift af vidneforklaringen. Udskriften anses som et bilag til retsbogen. Domstolsstyrelsen kan fastsætte regler om opgørelsen af udgifterne ved tilvejebringelsen af udskrifter.

§ 187. Tvistigheder under vidneførsel afgøres efter begæring ved kendelse.

§ 188. Domstolsstyrelsen fastsætter regler om godtgørelse til vidner. Den godtgørelse, et vidne har krav på, eller, hvis den ikke kan beregnes nøjagtigt, et passende forskud herpå skal tilbydes betalt samtidig med indkaldelsen.

*Stk. 2.* Justitsministeren fastsætter regler om godtgørelse til personer, der efter indkaldelse har afgivet forklaring til politiet.

§ 189. Såfremt hensynet til fremmede magter, til statens sikkerhed eller til opklaring af alvorlige forbrydelser taler derfor, kan retten eller politiet pålægge en person, der er afhørt som vidne, tavshedspligt med hensyn til hans viden om sagen.

*Stk. 2.* Pålægget bortfalder, når sagen er afsluttet. Pålægget kan forinden ophæves af retten eller politiet. Politiets nægtelse af at ophæve et pålæg skal efter begæring forelægges retten. Den pågældende skal gøres bekendt med adgangen hertil.

*Stk. 3.* Overtrædelse af pålægget straffes med bøde eller fængsel indtil 4 måneder.

§ 190. Reglerne i denne lov finder anvendelse på vidneafhøring efter begæring af udenlandske myndigheder. En anmodning om iagttagelse af en særlig form eller fremgangsmåde, herunder afhøring fra udlandet ved anvendelse af telekommunikation, skal så vidt muligt imødekommes, medmindre dette vil være åbenbart uforeneligt med landets retsorden.

*Stk. 2.* Afhøring fra udlandet ved anvendelse af telekommunikation uden billede kan kun foretages, hvis vidnet har meddelt samtykke til, at afhøringen foregår på denne måde. § 178 finder ikke anvendelse.

*Stk. 3.* Ved afhøring fra udlandet ved anvendelse af telekommunikation finder § 186 ikke anvendelse.

§ 191. En person, der er frihedsberøvet i udlandet, og som har meddelt samtykke hertil, kan overføres til Danmark for at afgive forklaring eller medvirke ved andet efterforskningsskridt i en straffesag her i landet eller til brug for en straffesag i udlandet. Den pågældende skal under overførslen være frihedsberøvet og skal tilbageføres til den fremmede stat, uanset om den pågældende senere tilbagekalder sit samtykke til overførslen.

*Stk. 2.* Afgørelse om frihedsberøvelse træffes af retten efter anmodning fra politiet. Retten påser, at den pågældende har meddelt samtykke til midlertidig overførsel som nævnt i stk. 1. For frihedsberøvelsen fastsættes en frist, der kan forlænges. Rettens afgørelse træffes ved kendelse, der ikke kan kæres.

*Stk. 3.* Den pågældende må under opholdet her i landet ikke drages til ansvar eller udleveres videre til tredjeland for nogen strafbar handling begået før overførslen her til landet.

*Stk. 4.* Under frihedsberøvelsen er den pågældende alene undergivet de indskrænkninger, som er nødvendige for at sikring af frihedsberøvelsens øjemed og opretholdelse af orden og sikkerhed på anbringelsesstedet. Anbringelse kan ske i arresthus, jf. § 770, stk. 2.

*Stk. 5.* Justitsministeren kan fastsætte nærmere regler om behandlingen af personer, der er frihedsberøvet i medfør af stk. 1.

§ 192. Reglerne i denne paragraf gælder for telekommunikation med billede.

*Stk. 2.* Vidnet indkaldes til at møde for
1) en ret,
2) en offentlig myndighed, der er bemyndiget til at stille kommunikationsmidler til rådighed til brug for telekommunikation med billede i retssager, jf. stk. 3, eller
3) en fysisk eller juridisk person, der har autorisation til at stille kommunikationsmidler til rådighed til brug for telekommunikation med billede i retssager, jf. stk. 4.

*Stk. 3.* Domstolsstyrelsen kan bemyndige en offentlig myndighed til at stille kommunikationsmidler til rådighed til brug for telekommunikation med billede i retssager. Der kan i bemyndigelsen fastsættes vilkår for gennemførelsen af telekommunikationen. Domstolsstyrelsen kan tilbagekalde en bemyndigelse, hvis vilkårene overtrædes.

*Stk. 4.* Domstolsstyrelsen kan give en fysisk eller juridisk person autorisation til at stille kommunikationsmidler til rådighed til brug for telekommunikation med billede i retssa-

ger. Der kan i autorisationen fastsættes vilkår for gennemførelsen af telekommunikationen. Domstolsstyrelsen kan tilbagekalde en autorisation, hvis vilkårene overtrædes.

*Stk. 5.* Domstolsstyrelsen fastsætter nærmere regler om meddelelse og tilbagekaldelse af bemyndigelser efter stk. 3 og autorisationer efter stk. 4 og om fastsættelse af vilkår samt regler om betaling for telekommunikation og om betaling af gebyr for behandling af ansøgninger om bemyndigelse efter stk. 3 eller autorisation efter stk. 4.

*Stk. 6.* Retten kan tillade, at et vidne, der befinder sig i udlandet, afgiver forklaring ved anvendelse af telekommunikation med billede, hvis forklaringen skønnes at kunne afgives under lige så betryggende former som en forklaring, der afgives efter reglerne i stk. 2.

§ 193. Politiet eller anklagemyndigheden underretter retten, hvis der er behov for særlig hensyntagen i forbindelse med et vidnes møde i en straffesag. Retten bistår i fornødent omfang vidnet.

§§ 194-195. (Ophævet)

Kapitel 19

*Syn og skøn*

§ 196. Parter i en borgerlig sag kan over for retten fremsætte begæring om optagelse af syn og skøn. En kopi af begæringen sendes samtidig til modparten.

*Stk. 2.* Af begæringen skal fremgå oplysninger om genstanden for syn og skøn og formålet med forretningen. Begæringen kan være vedlagt spørgsmålene til skønsmanden.

*Stk. 3.* Retten træffer på baggrund af begæringen og en eventuel udtalelse fra modparten afgørelse om foretagelse af syn og skøn.

§ 197. Når retten har truffet afgørelse om foretagelse af syn og skøn i en borgerlig sag, skal den part, som har begæret syn og skøn, fremsende sine spørgsmål til skønsmanden til retten, hvis de ikke blev fremsendt sammen med begæringen om syn og skøn. Modparten skal herefter fremsende sine eventuelle spørgsmål til retten. Der kan fremsendes supplerende spørgsmål, når der anden parts spørgsmål er modtaget. Retten fastsætter en frist for parternes fremsendelse af spørgsmålene.

*Stk. 2.* Retten kan afvise spørgsmål, som ligger uden for skønsmandens faglige kompetence eller rettens afgørelse om foretagelse af syn og skøn, eller som skønnes at være uden betydning for sagen, jf. § 341. Retten kan endvidere afvise spørgsmål, som på en utilbørlig måde forsøger at lede skønsmanden i en bestemt retning, eller som forudsætter, at skønsmanden tager stilling til spørgsmål, som det er op til retten at tage stilling til.

§ 198. Når retten i en borgerlig sag har modtaget spørgsmålene fra parterne, tager retten skridt til at udpege en eller flere skønsmænd. Finder retten det hensigtsmæssigt under hensyn til sagens og skønstemaets karakter, kan den udpege flere skønsmænd til at besvare samme spørgsmål.

*Stk. 2.* Vil foretagelsen af syn og skøn medføre tilintetgørelse eller forandring af dets genstand, skal en del af gen-

standen så vidt muligt holdes uden for undersøgelsen. Hvis dette ikke er muligt, bør der udpeges mindst to skønsmænd.

*Stk. 3.* Enhver af parterne kan komme med forslag til skønsmand til retten, men retten er ikke bundet heraf. Retten skal inden udpegningen meddele parterne, hvilke personer der agtes udpeget, og give parterne adgang til at udtale sig om disse.

*Stk. 4.* Indsigelser, der ikke gøres gældende straks ved udpegningen, kan i borgerlige sager kun tages i betragtning, når parten oplyser, at parten uden egen skyld har været ude af stand til at fremsætte dem tidligere. Den part, der vil fremsætte sådanne indsigelser, skal fremsætte sine indsigelser inden 1 uge efter udpegningen.

§ 199. Kun personer, der er uberygtede, kan udpeges til skønsmænd.

*Stk. 2.* Personer, der ville være udelukkede fra at handle som dommere i sagen efter § 60, stk. 1, nr. 1 og 2, må ikke udpeges som skønsmænd, og de øvrige personer nævnt i § 60 må kun udpeges, når det ikke er muligt at finde andre lige så egnede skønsmænd.

§ 200. Retten kan bestemme, at en person, der har pligt til at vidne, også har pligt til at lade sig udpege som skønsmand.

§ 201. Inden udpegningen i en borgerlig sag sendes begæringen om syn og skøn samt spørgsmålene til den skønsmand, som påtænkes udpeget. Skønsmanden skal snarest meddele retten et overslag over de forventede omkostninger ved forretningens udførelse og ved skønsmandens møde i retten. Skønsmanden anmodes samtidig om at meddele, hvornår skønserklæringen forventes at foreligge.

*Stk. 2.* Parterne skal have lejlighed til at udtale sig om de indhentede overslag over vederlag og tidspunkt for skønserklæringen, inden retten udpeger skønsmanden.

*Stk. 3.* Retten kan afvise at udpege en skønsmand, som ikke kan svare inden rimelig tid.

§ 202. Spørgsmålene sendes i en borgerlig sag til skønsmanden til besvarelse, og retten fastsætter i den forbindelse en frist for, hvornår skønserklæringen skal foreligge.

*Stk. 2.* Hvis fristen ikke overholdes, kan retten tilbagekalde udpegningen af skønsmanden og udpege en ny skønsmand.

§ 203. Skønsmanden giver i borgerlige sager parterne underretning om sted og tidspunkt for skønsforretningen.

*Stk. 2.* Klage over en skønsmands fremgangsmåde ved skønsforretningen fremsættes over for den ret, der har udpeget skønsmanden. Retten kan pålægge skønsmanden at omgøre eller supplere forretningen.

§ 204. Skønsmanden besvarer i en borgerlig sag spørgsmålene ved en skriftlig erklæring til retten. Er erklæringen mangelfuld, kan retten pålægge skønsmanden at omgøre eller supplere den i en yderligere skriftlig erklæring.

*Stk. 2.* Afgives erklæring af to eller flere skønsmænd, skal hver enkelts mening fremgå af erklæringen, hvis der ikke er enighed, eller hvis skønsmændene repræsenterer forskellige fagområder.

*Stk. 3.* Domstolsstyrelsen fastsætter regler om, at der i forbindelse med syn og skøn skal anvendes særlige blanketter til spørgsmål og svar, og kan fastsætte regler om, at spørgsmål og svar skal fremsendes i et særligt format, herunder digitalt.

**§ 205.** Efter erklæringens afgivelse kan parterne i en borgerlig sag efter rettens bestemmelse stille supplerende spørgsmål til skønsmanden.

*Stk. 2.* Hvis en part ønsker at stille supplerende spørgsmål, skal disse fremsendes til retten og modparten inden en frist fastsat af retten. Retten træffer herefter afgørelse om, hvorvidt de supplerende spørgsmål skal besvares skriftligt af skønsmanden ved en supplerende skønserklæring eller mundtligt af skønsmanden i et retsmøde, jf. § 206.

**§ 206.** Skønsmænd kan i en borgerlig sag indkaldes til et retsmøde for at besvare spørgsmål i tilknytning til skønserklæringen.

*Stk. 2.* Er skønserklæringen afgivet af flere skønsmænd, som repræsenterer samme fagområde, møder som udgangspunkt en af skønsmændene i retten. Hvis der er meningsforskel, møder en skønsmand for hver af de meninger, hvori skønsmændene har delt sig. Skønsmændene udpeger selv den eller dem, der skal give møde. Hvis erklæringen er afgivet af flere skønsmænd, som repræsenterer hver deres fagområde, møder som udgangspunkt en skønsmand for hvert fagområde.

*Stk. 3.* Afhøring af skønsmænd sker efter reglerne om afhøring af vidner. Skønsmændene kan dog som udgangspunkt overhøre hinandens og andre vidners afhøring, og retten kan give skønsmændene lov til at rådføre sig med hinanden, inden de svarer.

**§ 207.** Reglerne om vidner anvendes på skønsmænd med de lempelser, der følger af forholdets natur, hvis ikke reglerne i dette kapitel er til hinder herfor.

**§ 208.** Retten fastsætter i en borgerlig sag vederlaget til skønsmanden for forretningens udførelse og møde i retten samt godtgørelse for afholdte udlæg. Forinden afgørelsen indhentes parternes bemærkninger. Retten træffer samtidig afgørelse om den foreløbige fordeling af vederlaget mellem parterne.

*Stk. 2.* Ved fastsættelsen af vederlaget kan det indgå, om skønsmanden har overskredet den frist, som retten, jf. § 202, stk. 1, har fastsat for erklæringens afgivelse.

*Stk. 3.* Den part, som begærer syn og skøn, og partens rettergangsfuldmægtig hæfter for omkostningerne hertil. Modparten og dennes rettergangsfuldmægtig hæfter dog også for den del af omkostningerne, der kan henføres til besvarelsen af modpartens spørgsmål. Den part, som har ønsket skønsmanden indkaldt til hovedforhandlingen, hæfter for omkostningerne hertil. Retten kan bestemme, at parterne skal stille sikkerhed for omkostningerne ved syn og skøn.

**§ 209.** At syn og skøn har fundet sted, udelukker ikke fornyet syn og skøn over samme genstand ved de samme skønsmænd. Det samme gælder fornyet syn og skøn ved andre skønsmænd, når retten finder det hensigtsmæssigt under

hensyn til fremførte indsigelser og andre muligheder for at få skønstemaet yderligere belyst eller til sagens og skønstemaets karakter.

**§ 209 a.** Retten kan i en borgerlig sag efter fælles anmodning fra sagens parter tillade, at parterne som supplement til eller i stedet for optagelse af syn og skøn fremlægger erklæringer, som parterne hver især indhenter fra sagkyndige, om konkrete forhold af teknisk, økonomisk eller lignende karakter. Rettens tilladelse omfatter også sagens behandling i ankeinstansen.

*Stk. 2.* Ved afhøring af sagkyndige, der har afgivet de i stk. 1 nævnte erklæringer, kan de sagkyndige som udgangspunkt overvære afhøringen af hinanden og eventuelle skønsmænd, og retten kan give de sagkyndige lov til at rådføre sig med hinanden, inden de svarer.

*Stk. 3.* Domstolsstyrelsen kan fastsætte regler om, at erklæringer som nævnt i stk. 1 skal afgives på særlige blanketter, og at erklæringen skal fremsendes til retten i et særligt format, herunder digitalt.

**§ 210.** I straffesager kan retten efter begæring fra tiltalte eller anklagemyndigheden bestemme, at der skal foretages syn og skøn.

*Stk. 2.* § 197, § 198, stk. 1-3, §§ 199-204, § 207, § 208, stk. 1, 1. og 2. pkt., og stk. 2, og § 209 finder med de ændringer, der følger af forholdets natur, anvendelse i straffesager.

*Stk. 3.* Efter skønserklæringens afgivelse kan tiltalte og anklagemyndigheden stille supplerende spørgsmål til skønsmanden inden en frist fastsat af retten.

*Stk. 4.* Skønsmanden kan indkaldes til hovedforhandlingen i straffesagen for at gennemgå skønserklæringen og besvare spørgsmål i tilknytning hertil. § 206, stk. 2 og 3, finder tilsvarende anvendelse.

**§§ 211-213.** (Ophævet)

Kapitel 20

*Rettens rådslagninger og afgørelser*

**§ 214.** Domme, kendelser og andre beslutninger af en ret, der ikke beklædes af en enkelt dommer, og som ikke hører til de beslutninger, rettens formand kan træffe, vedtages ved afstemning efter forudgående rådslagning. For afstemningsordenen fastsætter retten selv de fornødne regler. Retten kan bestemme sådanne forandringer i disse, som den til enhver tid måtte anse for hensigtsmæssige. Dog skal formanden altid stemme sidst og domsmænd altid først og således, at den yngre domsmand stemmer før den ældre. Formanden forestår rådslagningen og afstemningen og samler stemmerne. Afstemningen sker mundtligt; de afgivne stemmer indføres udtogsvis i en stemmegivningsbog. Enhver har ret til at påse, at hans stemme gengives rigtigt. I straffesager, der behandles ved byret under domsmænds medvirken, skal dommeren, når tiltalte mod hans stemme dømmes skyldig i et strafbart forhold, gøre bemærkning om afstemningen til retsbogen.

*Stk. 2.* Rettens rådslagninger og afstemninger må ikke overværes af tilhørere med undtagelse af protokolføreren, jf.

endvidere § 7, stk. 4, 2. pkt., og § 12, stk. 7, 2. pkt. Dog kan retten i særlige tilfælde tillade andre at være til stede.

*Stk. 3.* I en sags afgørelse kan ingen dommer, domsmand, nævning eller sagkyndig deltage, som ikke har overværet de mundtlige forhandlinger i deres helhed.

*Stk. 4.* Hvis en dommer, en nævning eller en domsmand i en nævningesag, i en domsmandssag ved landsret eller i en sag, der behandles efter § 12, stk. 8, får forfald eller af andre grunde må fratræde, efter at hovedforhandlingen er begyndt, kan forhandlingen fortsætte, hvis dog højst 1 dommer og 1 nævning eller 1 domsmand mangler.

*Stk. 5.* Hvis en dommer i en borgerlig sag, der behandles ved byretten eller Sø- og Handelsretten med 3 dommere, får forfald eller af andre grunde må fratræde, efter at hovedforhandlingen er begyndt, kan forhandlingen fortsætte, hvis dog højst 1 dommer mangler. Hvis en sagkyndig i en borgerlig sag, der behandles ved byretten eller Sø- og Handelsretten, får forfald eller af andre grunde må fratræde, efter at hovedforhandlingen er begyndt, kan forhandlingen fortsætte, hvis dog højst 1 sagkyndig mangler. 2. pkt. gælder ikke i de tilfælde, hvor de sagkyndige er udpeget efter § 94, stk. 1, 2. eller 3. pkt.

**§ 215.** (Ophævet)

**§ 216.** For enhver afgørelse i en af flere medlemmer bestående ret skal der være stemmeflerhed. Ved lige stemmetal gør formandens stemme udslaget. I afstemninger, i hvilke domsmænd deltager, gælder dog med hensyn til skyldsspørgsmålet og strafudmålingen ved lige stemmetal det for tiltalte gunstigste resultat. Kræver afgørelsen afstemning over flere punkter, er de medlemmer, som har befundet sig i mindretal, pligtige at deltage i de senere afstemninger, for så vidt det modsatte ikke særlig er bestemt.

*Stk. 2.* Danner der sig i en straffesag om det samme spørgsmål flere end to forskellige meninger, af hvilke ingen er i flertal, bliver de for tiltalte ugunstigste stemmer regnet sammen med de nærmeste mindre ugunstige, indtil der udkommer stemmeflerhed.

*Stk. 3.* Er der uenighed om, hvilken mening der er den ugunstigste for tiltalte, bliver der afstemt særskilt herom. Under denne afstemning gør ved lige stemmetal formandens stemme altid udslaget.

*Stk. 4.* Særskilt afstemning finder ligeledes sted, når der opstår meningsforskel om, hvorledes spørgsmålene skal stilles, eller om afstemningens resultat.

*Stk. 5.* Den vedtagne afgørelse føres i pennen af rettens formand eller af den af de i afgørelsen samstemmende dommere, hvem dette hverv af formanden overdrages. I sager, i hvilke domsmænd medvirker, skal alle i sagen deltagende medlemmer af retten være til stede, når afgørelsens ordlyd vedtages, og ved deres underskrift i stemmegivningsbogen bekræfte en i denne bog indført kort gengivelse af det passerede.

**§ 217.** Rettens afgørelser sker ved kendelse i de tilfælde, hvor denne form er særlig foreskrevet.

**§ 218.** Domme og kendelser skal ledsages af grunde. Andre beslutninger af retten eller rettens formand behøver ikke at begrundes, medmindre sådant særligt er foreskrevet.

*Stk. 2.* I nævningesager skal dommen indeholde oplysninger om de forskellige meninger under afstemningen om skyldsspørgsmålet vedrørende såvel resultatet som begrundelsen med angivelse af, hvor mange henholdsvis dommere og nævninger der har stemt for hvert enkelt resultat og hver anført begrundelse, men uden angivelse af de pågældende dommeres og nævningers navne.

*Stk. 3.* I borgerlige sager skal domme og kendelser, der ikke er afsagt af en enkelt dommer, indeholde oplysninger om de forskellige meninger under afstemningen vedrørende såvel resultatet som begrundelsen med angivelse af de pågældende retsmedlemmers navne. Det samme gælder domme og kendelser i straffesager ved Højesteret.

*Stk. 4.* Den i rettens afgørelse af en borgerlig sag givne fremstilling af parternes mundtlige angivelser og ytringer under sagens behandling afgiver fuldt bevis for disse, for så vidt ikke modbevis imod den føres.

**§ 218 a.** Domme skal indeholde parternes påstande og en fremstilling af sagen, herunder i fornødent omfang en gengivelse af de afgivne forklaringer, samt angive de faktiske og retlige omstændigheder, der er lagt vægt på ved sagens afgørelse. Domme i borgerlige sager skal endvidere indeholde en gengivelse af parternes anbringender. Domme i straffesager skal endvidere indeholde en gengivelse af tiltalen.

*Stk. 2.* I byretsdomme i borgerlige sager, der ikke har været undergivet kollegial behandling i medfør af § 12, stk. 3, kan sagsfremstillingen begrænses til en kort angivelse af parternes anbringender, såfremt der samtidig gives en udførlig begrundelse for afgørelsen. Det skal i givet fald fremgå af dommen, at dommen ikke indeholder en fuldstændig sagsfremstilling.

*Stk. 3.* I byretsdomme i borgerlige sager, der har været undergivet kollegial behandling, kan sagsfremstillingen forkortes, hvis retten finder det forsvarligt. Det skal i givet fald fremgå af dommen, at dommen ikke indeholder en fuldstændig sagsfremstilling.

*Stk. 4.* Ankes en dom, der er affattet efter reglen i stk. 2, skal retten afgive en supplerende redegørelse for sagen. Redegørelsen indsendes til landsretten snarest muligt efter, at retten har fået meddelelse om anken. Samtidig sendes en kopi af redegørelsen til parterne. Redegørelsen anses som et bilag til dommen og optages endvidere i retsbogen.

*Stk. 5.* Hvis indholdet af en forklaring i en straffesag ikke optages i retsbogen, jf. § 712, stk. 1, kan gengivelse af forklaringen i dommens fremstilling af sagen undlades.

**§ 218 b.** § 218 a, stk. 2 og 4, finder tilsvarende anvendelse for byretskendelser i borgerlige sager.

**§ 219.** Rettens afgørelse i en borgerlig sag træffes snarest muligt efter, at den pågældende forhandling er til ende.

*Stk. 2.* Har der været mundtlig forhandling, meddeler retten ved sagens optagelse til dom eller kendelse parterne, hvornår dommen eller kendelsen vil blive afsagt. Har der ikke været mundtlig forhandling, meddeler retten inden dom-

mens afsigelse parterne, hvornår der vil blive afsagt dom. Dette gælder dog ikke udeblivelsesdomme.

*Stk. 3.* Domme i sager, der behandles ved byretten af 1 dommer uden medvirken af sagkyndige, og domme i ankesager, der behandles ved landsretten, skal afsiges senest 4 uger efter optagelsen til dom. Domme i andre sager, der behandles ved byretten, landsretten eller Sø- og Handelsretten, skal afsiges senest 2 måneder efter optagelsen til dom. Domme i byretssager, der behandles efter kapitel 39, skal dog afsiges senest 14 dage efter optagelsen til dom.

*Stk. 4.* Hvis særlige omstændigheder gør det påkrævet, kan retten beslutte at fravige de i stk. 3 nævnte frister. I beslutningen skal anføres de omstændigheder, der bevirker, at fristen ikke kan overholdes. Beslutningen kan ikke kæres.

*Stk. 5.* Domme og kendelser kan afsiges i et retsmøde eller uden afholdelse af retsmøde. Afsiges dommen eller kendelsen i et retsmøde, oplæses dommens eller kendelsens konklusion.

*Stk. 6.* Efter afsigelsen af en dom eller kendelse gør retten dommen eller kendelsen tilgængelig på domstolenes sagsportal, jf. dog § 148 b, stk. 2 og 4.

**§ 219 a.** Rettens afgørelser i straffesager træffes snarest muligt, efter at den pågældende forhandling er til ende. Ved sagens optagelse til dom eller kendelse skal retten tilkendegive, hvornår dommen eller kendelsen vil blive afsagt. Kan afsigelsen ikke finde sted samme dag, skal dom eller kendelse dog afsiges senest inden en uge og, hvor nævninger har medvirket, senest dagen efter.

*Stk. 2.* Såfremt særlige omstændigheder gør det påkrævet, kan retten beslutte at fravige de i stk. 1 nævnte frister. I beslutningen skal anføres de omstændigheder, der bevirker, at fristen ikke kan overholdes. Beslutningen kan ikke kæres.

*Stk. 3.* Dommen afsiges i retsmøde. Er tiltalte ikke fængslet, kan dommen dog afsiges uden afholdelse af retsmøde, hvis afsigelsen ikke finder sted samme dag, som sagen er optaget til dom, eller hvis sagen er behandlet efter § 930 a. Dommen kan endvidere afsiges uden afholdelse af retsmøde, hvis sagen er behandlet efter § 896 a.

*Stk. 4.* Hvis tiltalte er fængslet, bør den pågældende bringes til stede ved dommens afsigelse.

*Stk. 5.* Retten meddeler tiltalte udskrift af dommen. Hvis sagen i medfør af § 855, stk. 3, nr. 1-5, er fremmet i tiltaltes fravær, skal udskriften forkyndes. Er sagen fremmet i tiltaltes fravær i medfør af § 855, stk. 3, nr. 4, skal forkyndelse af udskriften ske for tiltalte personlig, medmindre tilsigelsen har været forkyndt for denne personlig.

*Stk. 6.* Tiltalte vejledes om adgangen til at anke dommen. Vejledningen gives ved dommens afsigelse, hvis tiltalte er til stede, og ellers ved den efterfølgende meddelelse eller forkyndelse, jf. stk. 5. Hvis afsigelsen ikke finder sted samme dag, som sagen er optaget til dom, gives vejledningen samtidig med, at retten tilkendegiver, hvornår dommen vil blive afsagt, såfremt tiltalte er til stede, og ellers ved den efterfølgende meddelelse eller forkyndelse, jf. stk. 5. Det anføres i retsbogen, hvis vejledningen gives i et retsmøde, hvor tiltalte er til stede.

*Stk. 7.* Retten underretter den forurettede og andre, der har fremsat et borgerligt krav i en offentlig straffesag, om rettens afgørelse om kravet. I øvrigt meddeler retten den forurettede en udskrift af dommen, hvis den forurettede har anmodet om det.

**§ 220.** Stadfæstelse af en indanket dom kan gives enten i henhold til de i samme anførte grunde eller i henhold til ny begrundelse.

*Stk. 2.* I overordnet rets dom skal det altid anføres, ved hvilken ret den indankede dom er afsagt.

**§ 221.** Retten kan til enhver tid i embeds medfør eller ifølge begæring berigtige skrivefejl, som er indløbet i henseende til ord, navne eller tal, blotte regnefejl samt sådanne fejl og forglemmelser, som alene vedrører udfærdigelsens form. Øvrige fejl og forglemmelser kan berigtiges, hvis parterne ikke udtaler sig herimod.

*Stk. 2.* Fremdeles kan den også, når begæring derom fremkommer inden ankefristens udløb, og efter at der er givet parterne og i straffesager tillige forsvareren lejlighed til at ytre sig derom, berigtige den i afgørelsen af en borgerlig sag indeholdte fremstilling af parternes mundtlige angivelser og ytringer eller den i afgørelsen af en straffesag indeholdte fremstilling af sagens faktiske sammenhæng, for så vidt fremstillingen erkendes at lide af fejl, bestående i forbigåelser, uklarheder eller modsigelser, men derimod ikke i øvrigt foretage forandringer enten i begrundelsen eller resultatet. Beslutning angående slige berigtigelser træffes, og meddelelse om dem sker efter de samme regler, som gælder for den oprindelige afgørelse.

*Stk. 3.* Den i henhold til rettens beslutning berigtigede afgørelse træder i alle henseender i stedet for den oprindelige. Beslutningen angående berigtigelse er ikke genstand for anke eller kære.

**§ 222.** Kendelser af procesledende karakter og beslutninger kan omgøres, når nye oplysninger foreligger, samt når retten i øvrigt finder det hensigtsmæssigt.

**§ 223.** (Ophævet)

**§ 223 a.** Justitsministeren kan fastsætte bestemmelser, hvorefter afgørelser af udenlandske domstole og myndigheder om borgerlige krav og udenlandske offentlige forlig om sådanne krav skal have bindende virkning her i riget, når anerkendelsen ikke vil være åbenbart uforenelig med landets retsorden.

**§ 223 b.** Justitsministeren kan fastsætte bestemmelser om, at der ikke kan kræves legalisering, bekræftelse m.v. af offentlige dokumenter, der er udfærdiget af domstole eller myndigheder i et andet land.

*Stk. 2.* Justitsministeren kan endvidere fastsætte bestemmelser om fremgangsmåden ved besvarelse af henvendelser fra udlandet om ægtheden af offentlige dokumenter, der angives at være udfærdiget af danske domstole eller andre offentlige myndigheder.

### Tredje bog.
### Den borgerlige retspleje

---

### Første afsnit.
### Almindelige bestemmelser

Kapitel 21

*Saglig kompetence*

**§ 224.** Borgerlige retssager behandles i 1. instans ved byret, medmindre andet er bestemt i denne eller anden lov.

**§ 225.** Ved Sø- og Handelsretten behandles sager om EU-varemærker, jf. varemærkelovens § 43 a, og sager om EF-design, jf. designlovens § 42.

*Stk. 2.* [9)] Medmindre parterne har aftalt andet, kan endvidere følgende sager anlægges ved Sø- og Handelsretten, jf. dog § 225 a:
1) Internationale sager, hvor fagkundskab til internationale erhvervsforhold har væsentlig betydning,
2) sager mellem erhvervsdrivende, hvor fagkundskab til sø-, land-, luft- og jernbanetransport har væsentlig betydning,
3) sager, hvor Forbrugerombudsmanden er part og anvendelsen af lov om markedsføring, lov om finansiel virksomhed eller lov om betalinger har væsentlig betydning,
4) sager, hvor anvendelsen af varemærkeloven, fællesmærkeloven, designloven, patentloven, lov om brugsmodeller, lov om beskyttelse af halvlederprodukters udformning (topografi), plantenyhedsloven eller ophavsretslovens regulering af rettigheder til brugskunst eller edb-programmer har væsentlig betydning,
5) sager, hvor anvendelsen af konkurrenceloven har væsentlig betydning,
6) sager mellem erhvervsdrivende, hvor anvendelse af lov om markedsføring har væsentlig betydning, og
7) sager mellem erhvervsdrivende, hvor anvendelsen af lov om forretningshemmeligheder har væsentlig betydning.

*Stk. 3.* Anlægges en sag, der er omfattet af stk. 2, ved byretten, henviser retten efter anmodning fra en part sagen til Sø- og Handelsretten. § 226, stk. 3 og 4, finder tilsvarende anvendelse.

**§ 225 a.** [9)] Retssager, der er omfattet af aftale af 19. februar 2013 om en fælles patentdomstol, anlægges ved den fælles patentdomstol.

*Stk. 2.* Uanset stk. 1 kan retssager om krænkelse eller ugyldighed af et europæisk patent eller retssager om krænkelse eller ugyldighed af et supplerende beskyttelsescertifikat udstedt for et produkt, der er beskyttet af et europæisk patent, anlægges ved en dansk domstol efter reglerne i denne lov.

**§ 226.** Byretten kan efter anmodning fra en part henvise en sag til behandling ved landsret, hvis sagen er af principiel karakter og har generel betydning for retsanvendelsen og retsudviklingen eller væsentlig samfundsmæssig rækkevidde i øvrigt.

*Stk. 2.* Hvis parterne har aftalt, at sagen skal behandles ved byretten, kan henvisning kun ske efter anmodning fra begge parter. Henvisning kan ikke ske i de i kapitel 42, 42 a, 43, 43 a, 43 b og 44 omhandlede sager.

*Stk. 3.* Anmodning om henvisning skal fremsættes senest i det forberedende møde, jf. § 353, eller, hvis et sådant møde ikke afholdes, senest 4 uger efter rettens meddelelse om, at der ikke skal holdes et forberedende møde. Retten kan dog i særlige tilfælde henvise sagen efter en anmodning, der fremsættes senere, men inden forberedelsens slutning.

*Stk. 4.* Afgørelse af, om sagen skal henvises eller ikke, træffes ved kendelse.

*Stk. 5.* Landsretten påser af egen drift, at betingelserne for henvisning i stk. 1 er opfyldt. Er betingelserne ikke opfyldt, afviser landsretten at behandle sagen i 1. instans og sender sagen til byretten til fortsat behandling. Landsrettens afgørelse træffes ved kendelse.

**§ 227.** Byretten kan efter anmodning fra en part henvise en sag vedrørende ansættelsesforhold mellem arbejdsgivere og deres ansatte til behandling ved Sø- og Handelsretten, hvis sagen er af principiel karakter og fagkundskab til arbejdsmarkedsforhold har væsentlig betydning.

*Stk. 2.* Byretten kan efter anmodning fra en part henvise en sag om ophavsret, som ikke er omfattet af § 225, stk. 2, nr. 4, til Sø- og Handelsretten, hvis sagen er af principiel karakter og fagkundskab til erhvervsforhold har væsentlig betydning.

*Stk. 3.* Reglerne i § 226, stk. 2-4, finder tilsvarende anvendelse.

**§§ 228-231.** (Ophævet)

**§ 232.** Retten påser af egen drift, at den har saglig kompetence til at behandle sagen.

*Stk. 2.* Har retten ikke saglig kompetence til at behandle sagen eller et af de rejste krav, henviser den sagen eller kravet til afgørelse ved rette domstol, såfremt sagen eller kravet hører under en almindelig domstol eller boligret. Retten kan dog beslutte at færdigbehandle sagen, såfremt kompetencespørgsmålet først kommer til afgørelse under sagens gang.

*Stk. 3.* Afgørelse om henvisning træffes ved kendelse. Er retten ikke kompetent, og kan henvisning ikke ske, afviser retten sagen ved dom.

**§§ 233-234.** (Ophævet)

Kapitel 22

*Stedlig kompetence*

**§ 235.** Retssager anlægges ved sagsøgtes hjemting, medmindre andet er bestemt ved lov.

*Stk. 2.* Hjemtinget er i den retskreds, hvor sagsøgte har bopæl. Har sagsøgte bopæl i flere retskredse, er hjemtinget i enhver af dem.

*Stk. 3.* Har sagsøgte ingen bopæl, er hjemtinget i den retskreds, hvor han opholder sig.

*Stk. 4.* Har sagsøgte hverken bopæl eller kendt opholdssted, er hjemtinget i den retskreds, hvor han sidst har haft bopæl eller opholdssted.

**§ 236.** Danske statsborgere, der er bosat i udlandet uden tillige at have bopæl i Danmark, og som ikke er undergivet bopælslandets domsmyndighed, har hjemting i København.

**§ 237.** Sager mod personer, der driver erhvervsmæssig virksomhed, kan, når sagen vedrører virksomheden, anlægges ved retten på det sted, hvorfra virksomheden udøves.

**§ 238.** Selskaber, foreninger, private institutioner og andre sammenslutninger, der kan optræde som part i retssager, har hjemting i den retskreds, hvor hovedkontoret ligger, eller, hvis et sådant ikke kan oplyses, i den retskreds, hvor et af bestyrelsens eller direktionens medlemmer har bopæl.

*Stk. 2.* Sager mod de i stk. 1 nævnte sammenslutninger, der driver erhvervsvirksomhed uden for hjemtinget, kan, når sagen vedrører virksomheden, anlægges ved retten på det sted, hvorfra virksomheden udøves.

*Stk. 3.* Sager, der vedrører sammenslutningen, og som rejses af sammenslutningen mod de enkelte medlemmer eller opstår imellem disse, kan anlægges ved sammenslutningens hjemting.

*Stk. 4.* Sager om erstatning mod stiftere, bestyrelsesmedlemmer og direktører i de i stk. 1 nævnte sammenslutninger kan anlægges ved sammenslutningens hjemting.

**§ 239.** Regioner og kommuner har hjemting i den retskreds, hvor hovedkontoret ligger.

**§ 240.** Staten har hjemting i den retskreds, hvor den myndighed, som stævnes på statens vegne, har kontor.

*Stk. 2.* Sager om prøvelse af afgørelser truffet af en central statslig myndighed anlægges ved sagsøgerens hjemting, hvis sagsøgeren har hjemting i Danmark, jf. dog § 245.

**§ 241.** Sager vedrørende rettigheder over fast ejendom kan anlægges ved retten på det sted, hvor ejendommen ligger.

**§ 242.** Sager om kontraktsforhold kan anlægges ved retten på det sted, hvor den forpligtelse, der ligger til grund for sagen, er opfyldt eller skal opfyldes.

*Stk. 2.* Bestemmelsen i stk. 1 finder ikke anvendelse på pengekrav, medmindre kravet er opstået under ophold i retskredsen under sådanne omstændigheder, at det skulle opfyldes, inden stedet forlades.

**§ 243.** Sager, hvorunder der påstås straf, erstatning eller oprejsning i anledning af retskrænkelser, kan anlægges ved retten på det sted, hvor retskrænkelsen er foregået.

**§ 244.** I sager om forbrugeraftaler, som ikke er indgået ved personlig henvendelse på den erhvervsdrivendes faste forretningssted, kan forbrugeren anlægge sag mod den erhvervsdrivende ved sit eget hjemting.

**§ 245.** Parterne kan aftale, ved hvilken af flere ligeartede retter sagen skal anlægges.

*Stk. 2.* I sager om forbrugeraftaler er en forudgående aftale om værneting ikke bindende for forbrugeren.

**§ 245 a.** Hvis det samlede antal sager, der er til behandling ved en byret, og sagsbehandlingstiderne ved byretten taler for det, kan den byret, der efter reglerne i dette kapitel er rette værneting, henvise sagen til behandling ved en tilstødende byret efter aftale med vedkommende retspræsident, hvis en afgørelse ved denne ret kan forventes væsentlig hurtigere. Før retten træffer afgørelse om henvisning, skal parterne have adgang til at udtale sig om spørgsmålet.

**§ 246.** Sager mod personer, selskaber, foreninger, private institutioner og andre sammenslutninger, der ikke har hjemting i Danmark, kan anlægges her i landet, for så vidt nogen ret efter bestemmelserne i §§ 237, 238, stk. 2, 241, 242, 243 og 245 kan anses som værneting i sagen. I sager om forbrugeraftaler kan forbrugeren anlægge sag mod de i 1. pkt. nævnte personer og sammenslutninger ved sit eget hjemting, såfremt fremsættelsen af særligt tilbud eller reklamering i Danmark er gået forud for aftalens indgåelse og forbrugeren her i landet har foretaget de dispositioner, der er nødvendige til indgåelse af aftalen.

*Stk. 2.* Kan ingen ret efter stk. 1 anses som værneting i sagen, kan sager vedrørende formueretsforhold mod de i stk. 1 nævnte personer anlægges ved retten på det sted, hvor de ved stævningens forkyndelse opholder sig.

*Stk. 3.* Sager vedrørende formueretsforhold mod de i stk. 1 nævnte personer og sammenslutninger kan endvidere, hvis der ikke er værneting efter reglen i stk. 1, anlægges ved retten på det sted, hvor den pågældende person eller sammenslutning på tidspunktet for sagens anlæg har gods, eller hvor det gods, kravet angår, befinder sig på tidspunktet for sagens anlæg. Afværges arrest i gods gennem sikkerhedsstillelse, betragtes sikkerhedsstillelsen som gods, der befinder sig på det sted, hvor arrestbegæringen er eller i givet fald skulle være indgivet.

**§ 246 a.** Sager om stadfæstelse af arrest i et skib og om den fordring, for hvilken arresten er gjort, kan anlægges ved retten på det sted, hvor arresten er foretaget eller ville være foretaget, hvis den ikke var afværget ved sikkerhedsstillelse.

**§ 247.** I sager, der er omfattet af en international overenskomst, som er gennemført i dansk ret ved lov om EF-domskonventionen m.v. eller lov om anerkendelse og fuldbyrdelse af visse udenlandske retsafgørelser m.v. på det civil- og handelsretlige område, herunder ved bekendtgørelse i medfør af de nævnte love, anvendes overenskomstens værnetingsregler. Dette gælder dog ikke sager, der anlægges ved det i § 246 a nævnte værneting, og som er omfattet af konventionen af 10. maj 1952 om arrest i søgående skibe.

*Stk. 2.* Hvor der ikke efter dansk lovgivning i øvrigt er værneting for en sag, der efter en international overenskomst som nævnt i stk. 1, 1. pkt., skal eller kan anlægges her i landet, anlægges sagen ved sagsøgerens hjemting eller, såfremt sagsøgeren ikke har hjemting her i landet, i København.

**§ 248.** Retten påser af egen drift, om sagen er indbragt for rette værneting. Fremsætter sagsøgte ikke indsigelse mod rettens kompetence i svarskriftet eller i det i § 352, stk. 3, omhandlede retsmøde, anses retten for rette værneting.

10. september 2019. 45 Nr. 938.

*Stk. 2.* Er sagen anlagt ved en ret, som ikke er rette værneting til at behandle sagen eller et af de rejste krav, henviser retten om muligt sagen eller kravet til afgørelse ved rette domstol. Afgørelse om henvisning træffes ved kendelse. Kan henvisning ikke ske, afviser retten sagen ved dom.

## Kapitel 23

### Sammenlægning og adskillelse af krav

**§ 249.** Sagsøgeren kan under én sag fremsætte flere krav mod sagsøgte, såfremt:

1) der er værneting for alle kravene her i landet,
2) retten er værneting for ét af kravene,
3) retten er saglig kompetent med hensyn til ét af kravene, og
4) alle kravene kan behandles efter samme processuelle regler.

*Stk. 2.* Sagsøgte kan under sagen fremsætte modkrav med påstand om dom for modkravet eller en del af dette, såfremt

1) der er værneting for modkravet her i landet eller kravet udspringer af den samme kontrakt eller det samme forhold, som sagsøgerens krav støttes på, og
2) modkravet kan behandles efter samme processuelle regler som sagsøgerens krav.

*Stk. 3.* Har retten ikke saglig kompetence til at behandle et fremsat krav eller modkrav under en selvstændig sag, kan retten henvise kravet til afgørelse ved den rette domstol, jf. § 232, stk. 2. Retten kan i stedet for at henvise et modkrav til afgørelse ved den rette domstol henvise sagen i sin helhed til afgørelse ved denne.

*Stk. 4.* Om inddragelse af nye krav eller modkrav under sagen gælder tillige reglerne om fremsættelse af nye påstande og anbringender.

**§ 250.** Flere parter kan sagsøge eller sagsøges under én sag, såfremt:

1) der er værneting for alle kravene her i landet,
2) retten er værneting for ét af kravene,
3) retten er saglig kompetent med hensyn til ét af kravene,
4) alle kravene kan behandles efter samme processuelle regler, og
5) ingen af parterne gør indsigelse, eller kravene har en sådan sammenhæng, at de uanset fremsatte indsigelser bør behandles under én sag.

*Stk. 2.* Hver af parterne kan inddrage krav mod tredjemand under sagen, såfremt:

1) der er værneting for kravet mod tredjemand her i landet,
2) kravet kan behandles efter samme processuelle regler som de øvrige krav, og
3) hverken de øvrige parter eller tredjemand gør indsigelse, eller kravet har en sådan sammenhæng med et af de øvrige krav, at kravet uanset fremsatte indsigelser bør behandles under sagen.

*Stk. 3.* Er betingelserne efter stk. 1, nr. 5, eller stk. 2, nr. 3, ikke opfyldt, træffer retten i medfør af § 253 bestemmelse om særskilt behandling og afgørelse af kravene. Er retten ikke rette værneting for eller saglig kompetent med hensyn til

et krav, henvises kravet dog til afgørelse ved den rette domstol.

*Stk. 4.* Har retten ikke saglig kompetence til at behandle et krav under en selvstændig sag, kan den henvise kravet til afgørelse ved den rette domstol.

*Stk. 5.* Retten kan efter anmodning af en af de oprindelige parter afvise et krav mod tredjemand, såfremt kravet burde have været inddraget i sagen tidligere. Efter forberedelsens afslutning kan krav mod tredjemand kun inddrages i sagen med rettens samtykke.

**§ 251.** Tredjemand kan ved at indlevere stævning til retten indtræde som part i en sag i 1. instans, såfremt:

1) der er værneting her i landet for hans krav,
2) kravet kan behandles efter samme processuelle regler som de øvrige krav, og
3) tredjemand vil nedlægge selvstændig påstand med hensyn til sagens genstand, eller tredjemands krav har en sådan sammenhæng med det oprindelige krav, at kravet bør behandles under sagen, og dette ikke vil medføre væsentlige ulemper for de oprindelige parter.

*Stk. 2.* Har retten ikke saglig kompetence til at behandle tredjemands krav under en selvstændig sag, kan den henvise kravet til afgørelse ved den rette domstol. Byretten kan dog ikke henvise et krav til landsret, og landsretten kan ikke henvise et krav til byret.

*Stk. 3.* Retten kan efter anmodning af en af de oprindelige parter afvise tredjemands krav, såfremt indtræden i sagen burde være sket tidligere. Efter forberedelsens afslutning kan indtræden i sagen kun ske med rettens samtykke.

**§ 252.** Tredjemand, der har en retlig interesse i udfaldet af en sag, kan indtræde i sagen til støtte for en af parterne.

*Stk. 2.* Har afgørelsen af sagens retsspørgsmål væsentlig betydning for den offentlige forvaltnings behandling af samme spørgsmål eller spørgsmål af samme art, kan vedkommende myndighed på tilsvarende måde indtræde i sagen, hvis det kan ske uden væsentlig ulempe for sagens behandling. Retten kan, efter at parterne har haft adgang til at udtale sig, ved henvendelse til vedkommende myndighed give denne lejlighed til at indtræde i sagen.

*Stk. 3.* Anmodning om indtræden i sagen indgives skriftligt til retten eller fremsættes med rettens tilladelse mundtligt i et retsmøde i sagen. Retten giver parterne meddelelse om anmodningen. Afgørelse af spørgsmål om indtræden i sagen træffes efter anmodning ved kendelse.

*Stk. 4.* Retten bestemmer, på hvilken måde den indtrædende skal have adgang til at udtale sig under sagen og føre bevis. Retten kan tillægge eller pålægge den indtrædende sagsomkostninger.

**§ 253.** Retten kan bestemme, at forberedelsen eller hovedforhandlingen foreløbig skal begrænses til en del af det krav, som sagen angår, eller, hvor sagen omfatter flere krav eller spørgsmål, til et af disse.

*Stk. 2.* Retten kan træffe særskilt afgørelse om en del af det krav, som sagen angår. Omfatter sagen flere krav eller spørgsmål, kan retten træffe særskilt afgørelse om et af disse.

*Stk. 3.* Særskilte afgørelser om modkrav eller krav, over for hvilke der er fremsat modkrav, kan kun fuldbyrdes, hvis retten i afgørelsen har truffet bestemmelse om, at afgørelsen mod eller uden sikkerhedsstillelse skal kunne fuldbyrdes for en del eller i sin helhed. Det samme gælder særskilte afgørelser om et enkelt af sagens spørgsmål, der ikke afslutter rettens behandling af sagen eller et af kravene i sagen.

*Stk. 4.* De i stk. 3 nævnte afgørelser kan først indbringes for højere ret i forbindelse med den endelige afgørelse i sagen, medmindre afgørelsen kan fuldbyrdes eller Procesbevillingsnævnet har tilladt, at afgørelsen indbringes særskilt. Sådan tilladelse kan gives, hvis der foreligger særlige grunde. Hvis tilladelse skal gives til at indbringe en afgørelse for Højesteret som 3. instans, skal sagen desuden angå spørgsmål af principiel karakter, jf. § 371, stk. 1, og § 392, stk. 3. En tilladelse til at indbringe afgørelsen for Højesteret som 3. instans kan begrænses til en del af sagen, hvis særlige grunde taler for det.

*Stk. 5.* Ansøgning om tilladelse efter stk. 4 skal indgives til Procesbevillingsnævnet inden udløbet af den almindelige frist for indbringelse af afgørelsen. § 371, stk. 2, 2. pkt., og § 392, stk. 4, 2. pkt., finder tilsvarende anvendelse. Meddeles tilladelsen, skal sagen indbringes for den overordnede ret inden 4 uger.

**§ 254.** Retten kan bestemme, at flere sager, der verserer ved retten mellem samme eller forskellige parter, skal forhandles i forbindelse med hinanden. Rettens afgørelse herom kan ikke indbringes for højere ret.

*Stk. 2.* Retten kan efter anmodning fra en part henvise en sag i 1. instans til behandling ved en anden ret, hvis sagen efter indhentet udtalelse fra den anden ret findes mest hensigtsmæssigt at kunne behandles i forbindelse med en anden sag, der verserer ved den anden ret, jf. dog § 247, stk. 1. På samme måde kan en landsret henvise en ankesag til behandling ved den anden landsret.

Kapitel 23 a

*Gruppesøgsmål*

**§ 254 a.** Ensartede krav, som fremsættes på vegne af flere personer, kan behandles under et gruppesøgsmål efter reglerne i dette kapitel.

*Stk. 2.* [9]) Reglerne i dette kapitel gælder ikke for de i kapitel 42, 42 a, 43, 43 a, 43 b, 44 og 88 omhandlede sager eller for sager, der efter § 225 a, stk. 1, anlægges ved den fælles patentdomstol.

**§ 254 b.** Gruppesøgsmål kan anlægges, når
1)  der foreligger ensartede krav som nævnt i § 254 a,
2)  der er værneting for alle kravene her i landet,
3)  retten er værneting for et af kravene,
4)  retten er sagligt kompetent med hensyn til et af kravene,
5)  gruppesøgsmål skønnes at være den bedste måde at behandle kravene på,
6)  gruppemedlemmerne kan identificeres og underrettes om sagen på en hensigtsmæssig måde og
7)  der kan udpeges en grupperepræsentant, jf. § 254 c.

*Stk. 2.* Har retten ikke saglig kompetence til at behandle alle kravene under en selvstændig sag, kan retten henvise sagen til afgørelse ved en domstol, der har saglig kompetence til at behandle mindst ét krav.

**§ 254 c.** Gruppesøgsmål føres af en grupperepræsentant på gruppens vegne. Grupperepræsentanten udpeges af retten. Som grupperepræsentant kan, jf. dog stk. 2, udpeges
1)  et medlem af gruppen,
2)  en forening, privat institution eller anden sammenslutning, når søgsmålet falder inden for rammerne af sammenslutningens formål, eller
3)  en offentlig myndighed, der ved lov er bemyndiget til det.

*Stk. 2.* I gruppesøgsmål efter § 254 e, stk. 8, kan som grupperepræsentant kun udpeges en offentlig myndighed, der ved lov er bemyndiget til det.

*Stk. 3.* Grupperepræsentanten skal være i stand til at varetage gruppemedlemmernes interesser under sagen.

*Stk. 4.* Adgangen til at være grupperepræsentant ophører ikke alene af den grund, at der efter sagens anlæg sker forandringer i de omstændigheder, der er nævnt i stk. 1.

**§ 254 d.** Gruppesøgsmål anlægges ved indlevering af stævning til retten, jf. § 348. Stævningen kan indleveres af enhver, der efter § 254 c, stk. 1, kan udpeges som grupperepræsentant. Ud over, hvad der fremgår af § 348, skal stævningen indeholde
1)  en beskrivelse af gruppen,
2)  oplysninger om, hvordan gruppemedlemmerne kan identificeres og underrettes om sagen, og
3)  et forslag til grupperepræsentant, der er villig til at påtage sig hvervet.

*Stk. 2.* Opfylder stævningen ikke kravene i stk. 1, og er den herefter uegnet til at danne grundlag for sagens behandling, finder § 349 tilsvarende anvendelse.

**§ 254 e.** Retten udpeger en grupperepræsentant, hvis betingelserne i §§ 254 b og 254 c er opfyldt.

*Stk. 2.* Retten kan i forbindelse med udpegningen af grupperepræsentanten eller efter udløbet af fristen for at tilmelde sig henholdsvis framelde sig gruppesøgsmålet, jf. stk. 6 og 8, bestemme, at grupperepræsentanten skal stille sikkerhed for de sagsomkostninger, grupperepræsentanten kan blive pålagt at betale til modparten. Sikkerhedens art og størrelse fastsættes af retten. Stilles sikkerheden ikke, og udpeges der ikke en anden grupperepræsentant, afvises sagen.

*Stk. 3.* Retten kan senere udpege en ny grupperepræsentant, hvis det er påkrævet. I gruppesøgsmål med tilmelding, jf. stk. 6, skal retten tage stilling til, om der er påkrævet at udpege en ny grupperepræsentant, hvis mindst halvdelen af de gruppemedlemmer, der har tilmeldt sig gruppesøgsmålet, anmoder herom og anmodningen er ledsaget af et forslag til ny grupperepræsentant, der er villig til at påtage sig hvervet.

*Stk. 4.* Retten fastlægger rammen for gruppesøgsmålet. Retten kan senere ændre rammen, hvis det er påkrævet.

*Stk. 5.* Gruppesøgsmålet omfatter de gruppemedlemmer, der har tilmeldt sig gruppesøgsmålet, jf. stk. 6 og 7, medmindre retten bestemmer, at gruppesøgsmålet skal omfatte

de gruppemedlemmer, der ikke har frameldt sig gruppesøgsmålet, jf. stk. 8.

*Stk. 6.* Retten fastsætter en frist for ved skriftlig meddelelse at tilmelde sig gruppesøgsmålet. Retten bestemmer, hvortil tilmelding skal ske. Retten kan undtagelsesvis tillade, at tilmelding sker efter fristens udløb, hvis særlige grunde taler for det.

*Stk. 7.* Retten kan bestemme, at tilmelding til gruppesøgsmålet skal være betinget af, at gruppemedlemmet stiller en af retten fastsat sikkerhed for sagsomkostninger, medmindre gruppemedlemmet har en retshjælpsforsikring eller anden forsikring, der dækker omkostninger ved sagen, eller gruppesøgsmålet opfylder betingelserne for fri proces efter §§ 327-329 og gruppemedlemmet opfylder de økonomiske betingelser efter § 325. Justitsministeren meddeler efter ansøgning fra gruppemedlemmet, om gruppesøgsmålet opfylder betingelserne for fri proces efter §§ 328 og 329. § 327, stk. 6, 2. og 3. pkt., § 328, stk. 6, 2. pkt., og § 329, 3. pkt., finder tilsvarende anvendelse.

*Stk. 8.* Såfremt gruppesøgsmålet vedrører krav, hvor det er klart, at kravene på grund af deres ringe størrelse almindeligvis ikke kan forventes fremmet ved individuelle søgsmål, og det må antages, at et gruppesøgsmål med tilmelding ikke vil være en hensigtsmæssig måde at behandle kravene på, kan retten efter anmodning fra grupperepræsentanten bestemme, at gruppesøgsmålet skal omfatte de gruppemedlemmer, der ikke har frameldt sig gruppesøgsmålet. Retten fastsætter en frist for ved skriftlig meddelelse at framelde sig gruppesøgsmålet. Retten bestemmer, hvortil framelding skal ske. Retten kan undtagelsesvis tillade, at framelding sker efter fristens udløb, hvis særlige grunde taler for det.

*Stk. 9.* De personer, hvis krav falder inden for rammen af gruppesøgsmålet, skal underrettes om de i stk. 1-8 nævnte forhold og om retsvirkningerne af at tilmelde sig henholdsvis framelde sig gruppesøgsmålet. Underretningen gives på den måde, som retten bestemmer. Retten kan bestemme, at underretningen helt eller delvis skal ske ved offentlig bekendtgørelse. Retten kan pålægge grupperepræsentanten at foretage underretningen. Udgifterne ved underretningen betales foreløbig af grupperepræsentanten.

**§ 254 f.** Som parter i gruppesøgsmålet anses grupperepræsentanten og gruppens modpart.

*Stk. 2.* Rettens afgørelser i gruppesøgsmålet har bindende virkning for de gruppemedlemmer, der er omfattet af gruppesøgsmålet. Med hensyn til afgørelser om modkrav gælder dette dog kun krav, som udspringer af den samme kontrakt eller det samme forhold, som gruppemedlemmernes krav støttes på. I gruppesøgsmål efter § 254 e, stk. 8, har rettens afgørelser kun bindende virkning for gruppemedlemmer, der ved sagens anlæg kunne have været sagsøgt her i landet vedrørende det pågældende krav.

*Stk. 3.* Et gruppemedlem kan pålægges at betale sagsomkostninger til modparten og/eller grupperepræsentanten. Ved afgørelser efter 1. pkt. går modpartens krav forud for grupperepræsentantens. Gruppemedlemmet kan højst pålægges at betale sagsomkostninger med et beløb som fastsat i

medfør af § 254 e, stk. 7, med tillæg af beløb, der gennem retssagen kommer gruppemedlemmet til gode.

*Stk. 4.* I det omfang sagsomkostninger, der pålægges et gruppemedlem, som opfylder de økonomiske betingelser efter § 325, ikke er dækket af en retshjælpsforsikring eller anden forsikring, betales sagsomkostningerne af statskassen, hvis gruppesøgsmålet opfylder betingelserne for fri proces i §§ 327-329, dog højst med et beløb som fastsat i medfør af § 254 e, stk. 7.

*Stk. 5.* Reglerne i §§ 298 og 300, § 301, stk. 1, §§ 302 og 305 og § 344, stk. 2, 2. pkt., jf. 1. pkt., finder tilsvarende anvendelse for gruppemedlemmer, der er omfattet af gruppesøgsmålet.

**§ 254 g.** Opstår der spørgsmål om at hæve eller afvise gruppesøgsmålet, skal gruppemedlemmer, der er omfattet af gruppesøgsmålet, underrettes, medmindre underretning er åbenbart overflødig. Retten kan bestemme, at der skal ske underretning i andre tilfælde, herunder når der opstår spørgsmål om at godkende et forlig. Reglerne i § 254 e, stk. 9, 2.-5. pkt., finder tilsvarende anvendelse.

*Stk. 2.* Såfremt gruppesøgsmålet hæves eller afvises, kan et gruppemedlem, der er omfattet af gruppesøgsmålet, ved skriftlig meddelelse til retten inden 4 uger indtræde som part, for så vidt angår den pågældendes krav, og videreføre sagen efter reglerne om individuelle søgsmål. Det samme gælder, hvis retten i medfør af § 254 e, stk. 4, 2. pkt., bestemmer, at et krav ikke skal være omfattet af gruppesøgsmålet.

**§ 254 h.** Forlig, som grupperepræsentanten indgår om krav, der er omfattet af gruppesøgsmålet, opnår gyldighed, når forliget er godkendt af retten. Retten godkender forliget, medmindre der ved forliget sker usaglig forskelsbehandling af gruppemedlemmer eller forliget i øvrigt er åbenbart urimeligt. Gruppemedlemmer, der er omfattet af gruppesøgsmålet, skal underrettes om rettens godkendelse af et forlig. Reglerne i § 254 e, stk. 9, 2.-5. pkt., finder tilsvarende anvendelse.

**§ 254 i.** Retten underretter gruppemedlemmer, der er omfattet af gruppesøgsmålet, om sagens afgørelse. Reglerne i § 254 e, stk. 9, 2. og 3. pkt., finder tilsvarende anvendelse. Retten meddeler efter anmodning gruppemedlemmer, der er omfattet af gruppesøgsmålet, en ekstraktudskrift af dommen.

**§ 254 j.** Ankes en dom i et gruppesøgsmål af grupperepræsentanten, finder § 254 e, stk. 5-9, tilsvarende anvendelse.

*Stk. 2.* Anker grupperepræsentanten ikke, kan anke iværksættes af enhver, der efter § 254 c, stk. 1 og 2, kan udpeges som grupperepræsentant, og § 254 b, stk. 1, nr. 1, 5 og 7, og § 254 e, stk. 1 og 4-9, finder tilsvarende anvendelse. Anker grupperepræsentanten en del af en dom, finder 1. pkt. anvendelse på de øvrige dele af dommen.

*Stk. 3.* Ankes en dom i et gruppesøgsmål af gruppens modpart, behandles anken efter reglerne om gruppesøgsmål.

*Stk. 4.* Reglerne i § 254 c, § 254 e, stk. 2 og 3, og §§ 254 f-254 i finder tilsvarende anvendelse under anken. Reglerne i § 368, stk. 1, 2. pkt., og stk. 2, finder ikke anvendelse.

**§ 254 k.** Et gruppemedlem, der er omfattet af gruppesøgsmålet, og hvis krav ikke er omfattet af en anke efter § 254 j, kan anke en dom i et gruppesøgsmål, for så vidt angår det pågældendes krav. Anke eller ansøgning om anketilladelse anses som rettidig, såfremt ankestævningen eller ansøgningen om anketilladelse indleveres senest 4 uger efter udløbet af den almindelige frist herfor.

Kapitel 24

*Sagens parter*

**§ 255.** Hvor der er ret sagsøger eller sagvolder, afgøres efter lovgivningens almindelige regler.

*Stk. 2.* Ligeledes afgøres det efter lovgivningens almindelige regler, om det ifølge retsforholdets beskaffenhed er nødvendigt, at flere personer optræder som procesfæller for at udgøre ret sagsøger eller sagvolder.

**§ 255 a.** En part kan forlange at få adgang til dokumenter, der vedrører sagen, herunder indførsler i retsbøgerne, medmindre andet er bestemt.

*Stk. 2.* Retten til aktindsigt omfatter ikke interne dokumenter. Som interne dokumenter anses
1) dokumenter, der ikke er afgivet til udenforstående, og
2) voteringsprotokoller og andre referater af rettens rådslagninger og afstemninger.

*Stk. 3.* Dokumenter omfattet af stk. 2, der afgives til udenforstående, mister deres interne karakter, medmindre afgivelsen sker af retlige grunde, til forskningsmæssig brug eller af andre lignende grunde.

*Stk. 4.* Anmodning om aktindsigt indgives til den ret, der i øvrigt behandler eller har behandlet sagen. Rettens afgørelse, der efter anmodning træffes ved kendelse, kan påkæres efter reglerne i kapitel 37.

*Stk. 5.* Retten afgør snarest, om en anmodning om aktindsigt kan imødekommes. En anmodning om aktindsigt skal færdigbehandles inden 7 arbejdsdage efter modtagelsen, medmindre dette på grund af f.eks. sagens omfang eller kompleksitet undtagelsesvis ikke er muligt. Ansøgeren skal i givet fald underrettes om grunden til fristoverskridelsen og om, hvornår anmodningen kan forventes færdigbehandlet.

**§ 256.** Hvor et nødvendigt procesfællesskab mellem flere personer finder sted, og i et retsmøde en eller flere af disse udebliver, medens en eller flere af dem giver møde, repræsenterer den eller de, der møder, de udeblevne.

**§ 257.** I retssager kan en umyndig ikke optræde på egen hånd. Udøves værgemål af forældre i forening, og udebliver den ene af forældrene i et retsmøde, mens den anden møder, optræder den mødte på den umyndiges vegne under retsmødet.

*Stk. 2.* Værgen kan ikke uden samtykke fra den, der er umyndig, anlægge retssag, der angår formueretlighed, hvorover den pågældende har rådigheden, eller som vedrører en aftale, som den pågældende gyldigt har indgået på

egen hånd. Værgen kan heller ikke uden samtykke fra den, der er under værgemål med fratagelse af den retlige handleevne, jf. værgemålslovens § 6, anlægge retssag, der vedrører en legemskrænkelse eller en freds- og æreskrænkelse, der er tilføjet den pågældende, medmindre den, der er under værgemål, som følge af manglende forståelse for sagens betydning ikke kan tage stilling hertil.

**§ 258.** Retten har ikke på embeds vegne at afkræve parterne bevis for, at de er myndige til at råde over processen. Afvisning på grund af sagsøgerens eller sagvolderens mangel på myndighed til at råde over sagen finder derfor kun sted efter påstand.

*Stk. 2.* Dog kan retten på embeds vegne afvise sagen enten straks, eller når de fornødne oplysninger ikke fremskaffes, når der ifølge den måde, hvorpå parterne i processkrifterne betegnes, eller i øvrigt ifølge de foreliggende oplysninger er grund til at antage, at nogen af dem mangler myndighed til at råde over sagen.

**§ 259.** Enhver kan både som sagsøger og som sagvolder gå i rette for sig selv.

*Stk. 2.* Retten kan pålægge en part at lade sagen udføre af en advokat, dersom den ikke finder det muligt at behandle sagen på hensigtsmæssig måde, uden at parten har sådan bistand. Pålægget kan ikke indbringes for højere ret.

*Stk. 3.* Efterkommes et pålæg efter stk. 2 ikke, betragtes processkrifter, der indgives af parten efter pålæggets meddelelse, som ikke indgivne, ligesom parten anses for udeblevet fra de retsmøder, der afholdes efter pålæggets meddelelse. Hvor særlige hensyn taler derfor, kan retten dog beskikke parten en advokat.

Kapitel 25

*Rettergangsfuldmægtige*

**§ 260.** En part kan lade en anden møde for sig i retten efter nedenstående regler i stk. 2-10 om rettergangsfuldmægtige.

*Stk. 2.* Advokater er eneberettigede til at møde i retten som fuldmægtige for parterne, medmindre andet følger af stk. 3, 5, 6, 7, 9 og 10.

*Stk. 3.* Der kan dog mødes for en part i retten ved personer, der er
1) værge for en part, der er umyndig, under værgemål efter værgemålslovens § 5 eller under samværgemål efter værgemålslovens § 7,
2) beslægtet eller besvogret med en part i op- eller nedstigende linje eller i sidelinjen så nær som søskendebørn eller er partens ægtefælle, adoptiv- eller plejeforælder, adoptiv- eller plejebarn,
3) hører til samme husstand som parten, samt ved
4) personer, der er ansat hos parten for et tidsrum, der ikke er kortere end 1 måned, og – når parten ikke selv er advokat – ikke med det særlige formål at møde i retten.

*Stk. 4.* Personer omfattet af stk. 3 skal kunne føre bevis for deres tilknytning til parten, når retten eller modparten forlanger det. Retten kan undtagelsesvis tillade en passende udsættelse hertil.

*Stk. 5.* En part kan i sager om inddrivelse af forfaldne pengekrav efter reglerne i kapitel 44 a, i sager om mindre krav efter reglerne i kapitel 39 samt under udlægsforretninger i fogedretten møde i retten ved andre end de personer, der er nævnt i stk. 2 og 3.

*Stk. 6.* Justitsministeren kan tillade, at ansatte i foreninger, interesseorganisationer og lign., der virker som partsrepræsentanter i det arbejdsretlige system, kan møde for en part i byretten i retssager vedrørende løn- og ansættelsesforhold, som foreningerne, interesseorganisationerne og lign. som mandatar udfører for deres medlemmer inden for foreningens interesseområde. Det er en betingelse, at den ansatte har en dansk juridisk bachelor- og kandidatuddannelse, jf. dog § 135 a, stk. 2.

*Stk. 7.* Justitsministeren kan tillade, at forbrugerombudsmanden og ansatte i Forbrugerombudsmandens sekretariat kan møde for en part i byretten, landsretten i Sø- og Handelsretten i retssager inden for Forbrugerombudsmandens virksomhed, hvor Forbrugerombudsmanden optræder som mandatar. Det er en betingelse, at den ansatte har en dansk juridisk bachelor- og kandidatuddannelse, jf. dog § 135 a, stk. 2, og at den ansatte for at møde i landsretten eller Sø- og Handelsretten har opnået møderet for landsretten og for Sø- og Handelsretten efter bestemmelsen i § 133 eller møder med henblik på at opnå en sådan møderet.

*Stk. 8.* Justitsministeren kan fastsætte nærmere regler om ordningen i stk. 6 og 7.

*Stk. 9.* Hvor det under hensyn til sagens karakter og øvrige omstændigheder findes forsvarligt, kan retten tillade, at der mødes ved advokat fra andet nordisk land.

*Stk. 10.* Under skiftebehandlinger er det tilladt at lade møde for sig ved andre end de personer, der er nævnt i stk. 2 og 3. Det samme gælder under fogedforretninger, herunder auktionsforretninger, for den, imod hvem retshandlingen er rettet, og under auktionsforretninger for dem, der afgiver bud under auktionen. 1. og 2. pkt. finder dog ikke anvendelse, hvis der under retsmødet skal foregå forhandling om en tvist, jf. dog § 495, stk. 2.

*Stk. 11.* Hvis en part godtgør, at det ikke har været muligt for vedkommende at antage en advokat til at udføre en retssag, kan retten beskikke den pågældende en advokat. Beskikkelsen sker på betingelse af, at parten erklærer sig villig til at godtgøre statskassen udgifterne herved og efter rettens bestemmelse stiller sikkerhed for disse udgifter. Retten pålægger samtidig med sagens afslutning parten at erstatte statskassen dennes udgifter i forbindelse med beskikkelsen.

**§ 261.** Den, der uden at være advokat møder som fuldmægtig for parten, må være over 18 år og uberygtet.

*Stk. 2.* Retten har på embeds vegne at afvise personer, der ikke er berettigede til for den at give møde for andre, og at tilbagevise processkrifter fra andre end parten og de foran nævnte mødeberettigede personer.

**§ 262.** (Ophævet)

**§ 263.** En rettergangsfuldmægtigs handlinger eller undladelser er, for så vidt som de falder inden for bemyndigelsens grænser, lige så bindende for parten, som om de var foretagne af denne selv.

*Stk. 2.* Dog kan tilståelser eller andre erklæringer om det faktiske i sagen, som fremkommer under de mundtlige forhandlinger, tilbagekaldes eller berigtiges af parten selv, når dette sker straks og umiddelbart efter, at partens rettergangsfuldmægtig har talt.

**§ 264.** Rettergangsfuldmægtigens bemyndigelse til at handle for en part ophæves i forhold til modparten ikke derved, at parten er død, kommet under konkurs eller har mistet sin myndighed til at råde over sagen, ej heller derved, at parten er blevet myndig til selv at råde over processen, men kun ved en tilkendegivelse til modparten om befuldmægtigelsens ophør.

**§ 265.** Retten påser på embeds vegne, at den, der møder som rettergangsfuldmægtig for en part, er befuldmægtiget hertil.

*Stk. 2.* Dog afkræves der ikke på embeds vegne advokater bevis for, at de er befuldmægtigede for parten, og når deres befuldmægtigelse benægtes af modparten, kan de forlange udsættelse for at tilvejebringe det fornødne bevis.

*Stk. 3.* Andre rettergangsfuldmægtige end advokater må være i stand til straks for retten og modparten at føre bevis for befuldmægtigelsen, da de ellers straks kan afvises.

**§ 266.** Når en i øvrigt til at møde for en part berettiget person erklærer at ville varetage partens sag og forpligte sig til at tilvejebringe dennes billigelse, og ingen anden giver møde for parten, kan han, når sådant kan ske uden væsentlig ulempe, af retten stedes hertil enten mod eller uden sikkerhedsstillelse. Den pågældende har da inden næste retsmøde eller dog inden en anden af retten bestemt frist at tilvejebringe partens godkendelse af hans handlinger; i modsat fald afvises han og har at tilsvare modparten de ved retsmøderne foranledigede omkostninger så vel som muligt tab ved sagens forhaling.

**§ 267.** Om end en part i øvrigt lader sin sag udføre ved en rettergangsfuldmægtig, er han dog ikke udelukket fra selv at ytre sig under den mundtlige forhandling, umiddelbart efter at hans rettergangsfuldmægtig har talt.

**§ 267 a.** Den, som uden at være omfattet af § 260, stk. 2, 3, 6, 7, 9 og 10, samt § 136, stk. 8, i medfør af § 260, stk. 5, repræsenterer en part i sager om inddrivelse af forfaldne pengekrav efter reglerne i kapitel 44 a, i sager om mindre krav efter reglerne i kapitel 39 samt under udlægsforretninger i fogedretten, skal udvise en adfærd, som er i overensstemmelse med god skik for rettergangsfuldmægtige. Rettergangsfuldmægtigen skal udføre sit hverv grundigt, samvittighedsfuldt og i overensstemmelse med, hvad berettigede hensyn til klientens tarv tilsiger. Sagen skal fremmes med den fornødne hurtighed.

*Stk. 2.* Justitsministeren kan fastsætte nærmere regler om god skik for rettergangsfuldmægtige.

**§ 267 b.** Justitsministeren påser, at rettergangsfuldmægtige overholder reglerne om god skik i § 267 a og forskrifter udstedt i medfør heraf på grundlag af indberetning fra retter-

ne og klage fra klienter eller andre, der har en retlig interesse heri.

**§ 267 c.** Justitsministeren kan tildele en rettergangsfuldmægtig en irettesættelse i mindre grove eller enkeltstående tilfælde af overtrædelse af reglerne om god skik for rettergangsfuldmægtige. Har en rettergangsfuldmægtig gjort sig skyldig i grov eller oftere gentagen overtrædelse af reglerne om god skik for rettergangsfuldmægtige, og giver de udviste forhold grund til at antage, at den pågældende ikke for fremtiden vil overholde reglerne om god skik for rettergangsfuldmægtige, kan justitsministeren fratage rettergangsfuldmægtigen retten til at udføre sager for andre ved domstolene. Fratagelsen kan ske i et tidsrum fra 6 måneder til 5 år eller indtil videre.

*Stk. 2.* Justitsministerens afgørelse skal indeholde oplysning om adgangen til domstolsprøvelse og om fristen herfor.

*Stk. 3.* Rettergangsfuldmægtigen kan forlange en afgørelse efter stk. 1 om fratagelse af retten til at udføre sager for andre ved domstolene indbragt for retten. Retten kan stadfæste, ophæve eller ændre afgørelsen.

*Stk. 4.* Anmodning om sagsanlæg skal fremsættes over for justitsministeren inden 4 uger efter, at afgørelsen er meddelt den pågældende. Justitsministeren anlægger herefter sag mod rettergangsfuldmægtigen i den borgerlige retsplejes former.

*Stk. 5.* Anmodning om sagsanlæg har opsættende virkning, men retten kan, hvis justitsministeren har frataget rettergangsfuldmægtigen retten til at udføre sager for andre ved domstolene, ved kendelse udelukke den pågældende fra at udføre sager for andre ved domstolene, indtil sagen er endeligt afgjort. Det kan ved dommen bestemmes, at anke ikke har opsættende virkning.

**§ 267 d.** Justitsministeren kan til enhver tid ophæve en fratagelse efter § 267 c, stk. 1.

*Stk. 2.* Er fratagelsen sket indtil videre, og afslår justitsministeren en ansøgning om ophævelse af fratagelsen, kan den pågældende forlange spørgsmålet indbragt for retten, hvis der er forløbet 5 år efter fratagelsen. Sagen anlægges af justitsministeren i den borgerlige retsplejes former.

*Stk. 3.* Godkender retten justitsministerens afgørelse, kan spørgsmålet først på ny indbringes for retten, når der er forløbet 2 år efter rettens afgørelse.

## Kapitel 26
### Forligsmægling

**§ 268.** I alle borgerlige domssager i første instans mægler retten forlig.

*Stk. 2.* Forligsmægling kan dog undlades, såfremt det på grund af sagens beskaffenhed, parternes forhold eller lignende omstændigheder på forhånd må antages, at mægling vil være forgæves.

*Stk. 3.* Mægling kan også foretages, når sagen er indbragt for højere instans.

*Stk. 4.* Undladelse af mægling kan ikke medføre hjemvisning af sagen.

**§ 269.** Med parternes tiltræden kan det besluttes at lukke dørene under mæglingen i retten, såfremt dette må antages at fremme muligheden for opnåelse af forlig.

**§ 270.** Indgåede forlig indføres i retsbogen.

*Stk. 2.* Spørgsmålet om gyldigheden af indgåede forlig henhører under afgørelse ved retterne i første instans, jf. herved § 501, stk. 2. Dog må indsigelser, der støttes på fejl ved rettens handlinger, gøres gældende ved kære.

## Kapitel 27
### Retsmægling

**§ 271.** Bestemmelserne i dette kapitel finder anvendelse på sager, der verserer ved byret, landsret eller Sø- og Handelsretten.

**§ 272.** Retten kan efter anmodning fra parterne udpege en retsmægler til at bistå parterne med selv at nå frem til en aftalt løsning på en tvist, som parterne har rådighed over (retsmægling).

**§ 273.** Som retsmægler kan udpeges
1) en dommer eller fuldmægtig ved det pågældende embede, som af vedkommende retspræsident er udpeget til at fungere som retsmægler, eller
2) en advokat, som er antaget af Domstolsstyrelsen til at fungere som retsmægler i den pågældende landsretskreds.

*Stk. 2.* Dommere eller fuldmægtige, som er udpeget til at fungere som retsmægler, jf. stk. 1, nr. 1, kan efter aftale mellem retspræsidenterne fungere som retsmægler ved andre embeder end deres eget.

*Stk. 3.* Domstolsstyrelsen fastsætter nærmere regler om antagelse af advokater som retsmæglere.

**§ 274.** §§ 60 og 61 finder tilsvarende anvendelse for retsmæglere.

**§ 275.** Retsmægleren fastlægger forløbet af retsmæglingen i samråd med parterne. Med parternes samtykke kan retsmægleren holde møder med parterne hver for sig.

**§ 276.** En retsmægling afsluttes, hvis
1) parterne når frem til en aftalt løsning på tvisten,
2) retsmægleren bestemmer det eller
3) en af parterne anmoder om det.

*Stk. 2.* Retsmægleren afslutter en retsmægling, hvis det er nødvendigt for at hindre, at parterne under retsmæglingen indgår en aftale, der indebærer strafbare forhold eller i øvrigt strider mod ufravigelig lovgivning.

**§ 277.** Oplysninger, der fremkommer under en retsmægling, er fortrolige, medmindre parterne aftaler andet eller oplysningerne i øvrigt er offentligt tilgængelige.

*Stk. 2.* Uanset stk. 1 kan en part videregive oplysninger fra en retsmægling, hvis
1) oplysningen hidrører fra parten selv eller
2) det følger af lov eller bestemmelser fastsat i henhold til lov, at oplysningen skal videregives.

*Stk. 3.* Stk. 2 finder tilsvarende anvendelse for andre deltagere i retsmæglingen end parterne og retsmægleren.

10. september 2019. 51 Nr. 938.

*Stk. 4.* Hvis sagen fortsætter ved retten efter endt retsmægling, kan en part uanset stk. 1 om nødvendigt anvende oplysninger modtaget under retsmæglingen til at begrunde en anmodning til retten om at pålægge modparten eller andre at udlevere dokumenter, jf. kapitel 28.

**§ 278.** Hver part bærer egne omkostninger i forbindelse med en retsmægling, medmindre parterne aftaler andet.

**§ 279.** Efter en retsmæglings afslutning må retsmægleren ikke virke som dommer eller advokat under sagens fortsatte behandling.

*Stk. 2.* Uanset stk. 1 kan en dommer, der har fungeret som retsmægler, efter anmodning indføre en aftalt løsning som retsforlig i retsbogen og træffe beslutning om at hæve sagen.

**§§ 280-296.** (Ophævet)

## Kapitel 28

*Om parternes og tredjemands forpligtelse til at fremlægge synbare bevismidler*

**§ 297.** Retten kan tillade, at der indhentes en skriftlig erklæring fra en part eller fra en person, der ville kunne afhøres som vidne under sagen, hvis det findes ubetænkeligt. Før retten træffer afgørelse efter 1. pkt., skal modparten have adgang til at udtale sig om spørgsmålet.

*Stk. 2.* Retten kan henstille til parterne, at der indhentes en skriftlig erklæring fra et vidne, hvis forklaringen uden betænkeligheder vil kunne afgives skriftligt.

**§ 298.** Retten kan efter begæring af en part pålægge modparten at fremlægge dokumenter, der er undergivet hans rådighed, og som parten vil påberåbe sig under sagen, medmindre der derved vil fremkomme oplysning om forhold, som han ville være udelukket fra eller fritaget for at afgive forklaring om som vidne, jf. §§ 169-172.

*Stk. 2.* Undlader modparten uden lovlig grund at efterkomme pålægget, finder bestemmelsen i § 344, stk. 2, tilsvarende anvendelse.

**§ 299.** Retten kan efter begæring af en part pålægge tredjemand at forevise eller udlevere dokumenter, der er undergivet hans rådighed, og som har betydning for sagen, medmindre der derved vil fremkomme oplysning om forhold, som han ville være udelukket fra eller fritaget for at afgive forklaring om som vidne, jf. §§ 169-172.

*Stk. 2.* Undlader tredjemand uden lovlig grund at efterkomme pålægget, finder bestemmelsen i § 178 tilsvarende anvendelse.

**§ 300.** En part, der fremsætter begæring om fremlæggelse af dokumenter i henhold til §§ 298 og 299, må angive de kendsgerninger, der skal bevises ved dokumenterne, samt de grunde, hvorpå han støtter, at modparten eller den opgivne tredjemand er i besiddelse af dokumenterne.

*Stk. 2.* Bestemmelse om fremlæggelse af dokumenter træffes, efter at den, der har rådighed over dokumenterne, har haft lejlighed til at udtale sig.

*Stk. 3.* Tredjemand kan kræve sine udgifter ved fremlæggelsen forudbetalt af parten eller kræve stillet sikkerhed for udgifternes betaling.

**§ 301.** Når en syns- eller skønsforretning skal finde sted, har parterne at give de udmeldte mænd lejlighed til at bese eller gøre sig bekendt med forretningens genstand, for så vidt denne er i deres værge eller under deres rådighed. Vægrer en part sig uden lovlig grund herved, finder bestemmelsen i § 344, stk. 2, tilsvarende anvendelse.

*Stk. 2.* Er forretningens genstand i tredjemands værge, og nægter han at udmeldte adgang til at iagttage den, kan vedkommende part derom henvende sig til den ret, hvor afhjemlingen skal ske. Skønner retten, at tredjemands vægring ifølge grundsætningerne i § 299 er ubeføjet, pålægges det ham at tilstede skønsmændene adgang inden en vis frist. De i §§ 299 og 300 givne regler bliver i øvrigt i sådant tilfælde at anvende.

## Kapitel 29

*Afhøring af parter*

**§ 302.** Retten kan efter modpartens påstand indkalde en part til personligt møde for at besvare spørgsmål sigtende til sagens oplysning.

*Stk. 2.* Retten kan dog beslutte, at partsforklaring i stedet skal afgives for den byret, hvor det findes mest hensigtsmæssigt.

**§ 303.** Enhver part kan frivillig fremstille sig og begære personlig at afgive forklaring. Den part, der fremstiller sig for at afgive forklaring, er pligtig at besvare de yderligere spørgsmål, som modparten eller retten måtte gøre ham.

**§ 304.** (Ophævet)

**§ 305.** I øvrigt finder ved partsafhøring reglerne om vidner i kapitel 18, bortset fra §§ 178, 182 og 188, anvendelse med de fornødne lempelser.

## Kapitel 29 a

*Oplysningspligt ved krænkelse af immaterialrettigheder m.v.*

**§ 306.** I forbindelse med en sag om en krænkelse eller overtrædelse som nævnt i § 653, stk. 2, kan retten efter anmodning af en part, der er beføjet til at påtale krænkelsen eller overtrædelsen, pålægge en modpart eller tredjemand at give oplysninger, jf. stk. 2, som den pågældende råder over, om varer eller tjenesteydelser, der udgør en sådan krænkelse eller overtrædelse, såfremt

1) den pågældende som led i erhvervsvirksomhed er fundet i besiddelse af de pågældende krænkende varer,

2) den pågældende som led i erhvervsvirksomhed er fundet i færd med at anvende de pågældende krænkende tjenesteydelser,

3) den pågældende som led i erhvervsvirksomhed er fundet i færd med at yde tjenester, der anvendes i de pågældende krænkende aktiviteter, eller

4) den pågældende ifølge personer omfattet af nr. 1-3 har medvirket til produktion, fremstilling eller distribution

af de pågældende krænkende varer eller levering af de pågældende krænkende tjenesteydelser.

*Stk. 2.* De i stk. 1 nævnte oplysninger omfatter

1) navn og adresse på producenter, fremstillere, distributører, leverandører og andre tidligere indehavere af de pågældende varer og tjenesteydelser samt på grossister og detailhandlere, som de pågældende varer eller de pågældende tjenesteydelser var bestemt for, og

2) oplysninger om de producerede, fremstillede, leverede, modtagne eller bestilte mængder og den pris, der er opnået for de pågældende varer eller tjenesteydelser.

*Stk. 3.* Retten afslår helt eller delvis en anmodning efter stk. 1, hvis det må antages, at udlevering af oplysningerne vil påføre den, anmodningen vedrører, eller andre skade eller ulempe, som står i misforhold til den anmodede parts interesse i oplysningerne.

*Stk. 4.* Et pålæg efter stk. 1 omfatter ikke oplysninger, som den, anmodningen vedrører, i medfør af §§ 169-172 ikke har pligt til at afgive forklaring om som vidne. § 173 finder tilsvarende anvendelse.

*Stk. 5.* Undlader modparten uden lovlig grund at efterkomme pålægget, finder bestemmelserne i § 178 og § 344, stk. 2, tilsvarende anvendelse. Undlader tredjemand uden lovlig grund at efterkomme pålægget, finder bestemmelsen i § 178 tilsvarende anvendelse.

**§ 307.** En part, der fremsætter anmodning om pålæg efter § 306, skal angive de oplysninger, der ønskes, og begrundelsen for, at den, anmodningen vedrører, er omfattet af § 306, stk. 1, nr. 1-4.

*Stk. 2.* Bestemmelse om pålæg efter § 306 træffes, efter at modparten og den, anmodningen vedrører, har haft lejlighed til at udtale sig. Retten bestemmer, hvordan pålægget skal efterkommes.

*Stk. 3.* Tredjemand kan kræve sine udgifter ved at efterkomme pålægget forudbetalt af parten eller kræve stillet sikkerhed for udgifternes betaling.

**§§ 308-310.** (Ophævet)

Kapitel 30

*Sagsomkostninger*

**§ 311.** Enhver part skal foreløbig betale de omkostninger, der er forbundet med processuelle skridt, som parten har foretaget eller anmodet om.

*Stk. 2.* Retten kan efter anmodning fra en part, der efter stk. 1 foreløbig skal betale omkostningerne ved et syn og skøn eller lignende, bestemme, at modparten foreløbig skal betale en del af omkostningerne, hvis modpartens spørgsmål til skønsmanden m.v. i væsentlig grad har bevirket en forøgelse af omkostningerne.

*Stk. 3.* Retten bestemmer, i hvilket forhold parterne foreløbig skal betale de omkostninger, der er forbundet med processuelle skridt, som retten anordner af egen drift.

*Stk. 4.* Er parten ikke repræsenteret af advokat, kan retten betinge iværksættelse af et processuelt skridt af, at parten stiller en sikkerhed, hvis art og størrelse fastsættes af retten.

**§ 312.** Den tabende part skal erstatte modparten de udgifter, retssagen har påført modparten, medmindre parterne har aftalt andet.

*Stk. 2.* Ved kære af kendelser og beslutninger skal den tabende part i kæresagen erstatte modparten de udgifter, kæresagen har påført modparten, medmindre parterne har aftalt andet.

*Stk. 3.* Retten kan dog bestemme, at den tabende part ikke eller kun delvis skal erstatte modparten de påførte udgifter, hvis særlige grunde taler for det.

*Stk. 4.* Har den tabende part tilbudt modparten, hvad der tilkommer denne, skal modparten erstatte den tabende part udgifterne ved den derefter følgende del af processen. Stk. 3 finder tilsvarende anvendelse.

*Stk. 5.* Når sagen i det hele afvises, betragtes den med hensyn til sagsomkostninger som tabt af sagsøgeren.

*Stk. 6.* Den part, som ved appel ikke opnår nogen forandring af den appellerede afgørelse, betragtes med hensyn til sagsomkostninger som tabende.

*Stk. 7.* I de i kapitel 42, 42 a, 43, 43 a og 43 b omhandlede sager skal ingen part betale sagsomkostninger til nogen anden part. Retten kan dog pålægge en part at betale sagsomkostninger, hvis særlige grunde taler for det.

**§ 313.** Når hver af parterne for en del taber og for en del vinder sagen, pålægger retten en af parterne at betale delvise sagsomkostninger til modparten eller bestemmer, at ingen af parterne skal betale sagsomkostninger til modparten.

*Stk. 2.* Retten kan dog pålægge en af parterne at betale fulde sagsomkostninger til modparten, når modpartens påstand kun i en mindre betydelig grad afviger fra sagens udfald og afvigelsen ikke har medført særskilte omkostninger.

**§ 314.** Når en sag hæves, kan retten pålægge en af parterne at betale fulde eller delvise sagsomkostninger til modparten eller bestemme, at ingen af parterne skal betale sagsomkostninger til modparten.

**§ 315.** Opnås der ved appel en forandring i den appellerede afgørelse, finder §§ 312-314 anvendelse med hensyn til appelsagens omkostninger såvel som med hensyn til omkostningerne ved sagens tidligere behandling, for så vidt der skal træffes afgørelse herom.

**§ 316.** Som sagsomkostninger erstattes de udgifter, der har været fornødne til sagens forsvarlige udførelse. Udgifter til advokatbistand eller bistand fra en person, der i medfør af § 260, stk. 5, erhvervsmæssigt eller i medfør af § 260, stk. 6, repræsenterer en part eller i medfør af § 260, stk. 3, nr. 4, repræsenterer en statslig myndighed, erstattes med et passende beløb, og øvrige udgifter erstattes fuldt ud. Udgifter til sagkyndig bistand, der er indhentet med rettens tilladelse i medfør af § 209 a, stk. 1, erstattes dog ikke.

*Stk. 2.* Sagsomkostninger kan ikke tilkendes skadesløst eller efter regning.

**§ 317.** Procesfæller hæfter solidarisk for sagsomkostninger. Dog kan retten, når omstændighederne taler for det, pålægge en enkelt eller enkelte af dem at udrede visse dele af omkostningerne.

**§ 318.** Den part, som på uforsvarlig måde har foranlediget spildte møder, ufornødne udsættelser, unyttig bevisførelse eller andre overflødige processuelle skridt, skal, selv om parten i øvrigt vinder sagen, erstatte modparten udgifterne herved.

*Stk. 2.* Parter kan pålægges at bære de omkostninger, som de har forårsaget ved handlemåde, der er i strid med § 336 a.

**§ 319.** Advokater og andre rettergangsfuldmægtige kan ifølge modpartens påstand under sagen pålægges at bære de omkostninger, som de ved pligtstridig opførsel har forårsaget.

**§ 320.** Retten kan beslutte, at statskassen skal erstatte udgifter, som en part uden egen skyld er blevet påført som følge af, at sagen helt eller delvis har måttet gå om eller ikke har kunnet behandles.

**§ 321.** En sagsøger, der ikke har bopæl eller hjemsted i Det Europæiske Økonomiske Samarbejdsområde, skal efter sagsøgtes anmodning stille sikkerhed for de sagsomkostninger, som sagsøgeren kan blive pålagt at betale til sagsøgte. Sagsøgtes anmodning skal fremsættes i svarskriftet eller i det i § 352, stk. 3, omhandlede retsmøde. Sikkerhedens art og størrelse fastsættes af retten, der tillige kan fritage for sikkerhedsstillelse, hvis særlige grunde taler for det. Stilles sikkerheden ikke, afvises sagen.

*Stk. 2.* Stk. 1 finder ikke anvendelse, hvis sagsøgeren har bopæl eller hjemsted i et land, hvor en sagsøger, der har bopæl eller hjemsted i Danmark, er fritaget for at stille sikkerhed for sagsomkostninger.

**§ 322.** Retten træffer bestemmelse om sagsomkostninger, selv om der ikke er nedlagt påstand herom, jf. dog § 319.

*Stk. 2.* Ved kære af kendelser og beslutninger træffer retten i forbindelse med afgørelse af kæremålet bestemmelse om sagsomkostninger, jf. § 312, stk. 2.

Kapitel 31

*Retshjælp og fri proces*

**§ 323.** Justitsministeren yder tilskud til retshjælp ved advokatvagter i form af helt grundlæggende mundtlig rådgivning (trin 1). Justitsministeren yder endvidere tilskud til retshjælp ved advokater i form af rådgivning ud over helt grundlæggende mundtlig rådgivning (trin 2) og rådgivning i forbindelse med forligsforhandlinger (trin 3).

*Stk. 2.* Enhver har ret til vederlagsfri retshjælp på trin 1 vedrørende ethvert retsspørgsmål.

*Stk. 3.* Den, der opfylder de økonomiske betingelser efter § 325, har ret til delvis vederlagsfri retshjælp på trin 2, jf. dog stk. 4. Når der foreligger en tvist og der skønnes at være udsigt til, at sagen ved yderligere bistand fra advokat vil kunne afsluttes forligsmæssigt, har den pågældende endvidere ret til delvis vederlagsfri retshjælp på trin 3.

*Stk. 4.* Retshjælp på trin 2 og 3 kan ikke gives til

1) sigtede eller tiltalte i offentlige straffesager,
2) aktivt erhvervsdrivendes sager af overvejende erhvervsmæssig karakter,
3) sager om gældssanering eller

4) sager, der angår eller er under behandling ved en forvaltningsmyndighed eller et privat tvistløsningsorgan, der er godkendt af erhvervsministeren.

*Stk. 5.* Uanset stk. 4, nr. 4, kan der dog gives retshjælp på trin 2 og 3 ved klage over en forvaltningsmyndigheds afgørelse.

*Stk. 6.* Vederlaget til advokater for retshjælp på trin 2 udgør 800 kr. (2005-niveau) inkl. moms, hvoraf statskassen betaler 75 pct. Vederlaget til advokater for retshjælp på trin 3 udgør 1.830 kr. (2005-niveau) inkl. moms, hvoraf statskassen betaler halvdelen. Statskassen betaler dog hele vederlaget for retshjælp i forbindelse med en ansøgning om fri proces. Tilskud fra statskassen omfatter alene vederlag, der ikke er dækket af en retshjælpsforsikring eller anden form for forsikring.

*Stk. 7.* Justitsministeren fastsætter nærmere regler om ydelse af retshjælp, herunder om omfanget af retshjælp på trin 1, 2 og 3. Justitsministeren fastsætter nærmere regler om tilskud til retshjælp, herunder om tilskuddets beregning og udbetaling.

**§ 324.** Justitsministeren kan af statskassen yde tilskud til retshjælpskontorer. Justitsministeren fastsætter regler om tilskuddets beregning og udbetaling.

**§ 325.** Der kan efter ansøgning meddeles en person, der opfylder de økonomiske betingelser efter stk. 2-5, og som ikke har en retshjælpsforsikring eller anden forsikring, der dækker omkostninger ved sagen, fri proces efter reglerne i §§ 327 og 328.

*Stk. 2.* Personer, hvis indtægtsgrundlag ikke overstiger de i stk. 3-5 nævnte beløb, opfylder de økonomiske betingelser for at få fri proces, medmindre omkostningerne ved sagen må antages at blive uvæsentlige i forhold til ansøgerens indtægtsgrundlag. Justitsministeren fastsætter regler om opgørelse af indtægtsgrundlaget.

*Stk. 3.* Indtægtsgrænsen udgør 236.000 kr. (2005-niveau) for enlige.

*Stk. 4.* For samlevende anvendes parrets samlede indtægtsgrundlag, og indtægtsgrænsen udgør 300.000 kr. (2005-niveau). Hvis parret har modstående interesser i sagen, anvendes dog ansøgerens eget indtægtsgrundlag og indtægtsgrænsen for enlige. I sager om ægteskab eller forældremyndighed, jf. kapitel 42, kan ansøgerens eget indtægtsgrundlag og indtægtsgrænsen for enlige også anvendes.

*Stk. 5.* Indtægtsgrænsen forhøjes med 41.000 kr. (2005-niveau) for hvert barn under 18 år, herunder stedbørn eller plejebørn, som enten bor hos ansøgeren eller i overvejende grad forsørges af denne.

**§ 326.** De i § 323, stk. 6, og § 325, stk. 3-5, angivne beløb reguleres hvert år pr. 1. januar med 2,0 pct. tillagt eller fratrukket tilpasningsprocenten for det pågældende finansår, jf. lov om en satsreguleringsprocent. De regulerede beløb efter § 323, stk. 6, afrundes til det nærmeste hele kronebeløb, der kan deles med 10. De regulerede beløb efter § 325, stk. 3-5, afrundes til det nærmeste hele kronebeløb, der kan deles med 1.000. Reguleringen sker på grundlag af de på reguleringstidspunktet gældende beløb før afrunding. Justitsmini-

10. september 2019.                    54                    Nr. 938.

steren bekendtgør hvert år, hvilke reguleringer der skal finde sted.

**§ 327.** Fri proces kan, jf. § 325, gives til en sag i 1. instans
1) i sager omfattet af § 139, stk. 1, og § 147 e,
2) i sager om forældremyndighed, barnets bopæl, samvær, separation, skilsmisse, omstødelse af ægteskab, ændring eller anfægtelse af vilkår for separation, skilsmisse eller omstødelse af ægteskab og om, hvorvidt parterne er ægtefæller, og i sager mellem ægtefæller om, hvorvidt en separation består, jf. dog stk. 2,
3) til forbrugeren i sager om tilbagebetaling af pengeydelser, som er omfattet af et påbud efter markedsføringsloven nedlagt af retten eller meddelt af Forbrugerombudsmanden, og
4) når ansøgeren helt eller delvis har fået medhold i Advokatnævnet, jf. § 146, et huslejenævn eller et beboerklagenævn eller et centralt statsligt klagenævn med undtagelse af Forbrugerklagenævnet og sagen er indbragt af ansøgeren til opfyldelse af nævnets afgørelse eller et forlig indgået for nævnet eller af modparten til ændring af nævnets afgørelse eller et forlig indgået for nævnet.

*Stk. 2.* Stk. 1, nr. 2, omfatter ikke:
1) Sager om prøvelse af en afgørelse truffet af Familieretshuset.
2) Sager, der behandles i den forenklede familiesagsproces.
3) Sagsøgeren i sager om ændring af en aftale eller afgørelse efter § 14 eller § 17, stk. 2, i forældreansvarsloven.

*Stk. 3.* Fri proces kan, jf. § 325, gives til en appelsag, når ansøgeren helt eller delvis har fået medhold i den foregående instans, og sagen er appelleret af modparten.

*Stk. 4.* Fri proces kan, jf. § 325, gives under skifterettens behandling af boer omfattet af § 1 i lov om ægtefælleskifte m.v.

*Stk. 5.* Fri proces efter stk. 1, 3 og 4 kan ikke gives, hvis det er åbenbart, at ansøgeren ikke vil få medhold i sagen.

*Stk. 6.* Fri proces efter stk. 1, 3 og 4 meddeles af den ret, som sagen er indbragt for eller kan indbringes for. Afslås fri proces, træffes afgørelsen ved kendelse. Uanset § 389 a, stk. 1, § 392, stk. 3, og § 392 a, stk. 2, kan afslag på fri proces til en sag, der behandles af byretten eller af Sø- og Handelsretten eller af landsretten som 1. instans, kæres uden særlig tilladelse.

**§ 328.** Uden for de tilfælde, der er nævnt i § 327, kan fri proces, jf. § 325, gives, hvis ansøgeren skønnes at have rimelig grund til at føre proces.

*Stk. 2.* I vurderingen af, om ansøgeren har rimelig grund til at føre proces, indgår blandt andet
1) sagens betydning for ansøgeren,
2) udsigten til, at ansøgeren vil få medhold i sagen,
3) sagsgenstandens størrelse,
4) størrelsen af de forventede omkostninger og
5) muligheden for at få sagen behandlet ved Konkurrence- og Forbrugerstyrelsen, et administrativt nævn eller et

privat tvistløsningsorgan, der er godkendt af erhvervsministeren.

*Stk. 3.* I sager i 1. instans om opsigelse eller ophævelse af boliglejemål eller ansættelsesforhold eller om personskade anses henholdsvis lejeren, arbejdstageren og skadelidte for at have rimelig grund til at føre proces, medmindre forhold som nævnt i stk. 2, nr. 2-5, klart taler herimod.

*Stk. 4.* Fri proces efter stk. 1-3 kan kun undtagelsesvis gives til
1) sager, der udspringer af ansøgerens erhvervsvirksomhed, eller
2) sagsøgeren i sager om ærekrænkelse, medmindre en ærekrænkelse af en vis grovhed er udbredt gennem et massemedium eller i øvrigt til en videre kreds.

*Stk. 5.* Fri proces efter stk. 1-3 kan ikke gives i sager, der behandles i den forenklede familiesagsproces.

*Stk. 6.* Fri proces efter stk. 1-3 meddeles af justitsministeren. Afslås fri proces, kan afslaget påklages til Procesbevillingsnævnet inden 4 uger efter, at ansøgeren har fået meddelelse om afslaget.

**§ 329.** Uden for de tilfælde, der er nævnt i § 325, jf. §§ 327 og 328, kan justitsministeren efter ansøgning meddele en part fri proces, når særlige grunde taler for det. Dette gælder navnlig i sager, som er af principiel karakter eller af almindelig offentlig interesse, eller som har væsentlig betydning for ansøgerens sociale eller erhvervsmæssige situation. Afslås fri proces, kan afslaget påklages til Procesbevillingsnævnet inden 4 uger efter, at ansøgeren har fået meddelelse om afslaget.

**§ 330.** Justitsministeren kan fastsætte regler om indholdet af en ansøgning om fri proces og om de oplysninger, som ansøgeren skal meddele.

*Stk. 2.* [10)] Justitsministeren kan fastsætte regler om, at ansøgning om fri proces skal indgives ved anvendelse af den digitale løsning, som Civilstyrelsen stiller til rådighed (digital selvbetjening).

**§ 331.** Fri proces medfører for vedkommende part
1) fritagelse for afgifter efter lov om retsafgifter,
2) beskikkelse af en advokat til at udføre sagen mod vederlag af statskassen, jf. § 334,
3) godtgørelse fra statskassen for udgifter, som med føje er afholdt i forbindelse med sagen,
4) fritagelse for at erstatte modparten sagens omkostninger og
5) i boer omfattet af § 1 i lov om ægtefælleskifte m.v. fritagelse for
   a) sikkerhedsstillelse for omkostninger ved boets behandling,
   b) betaling af partens andel af bobehandlerens salær og
   c) hæftelse for statskassens krav mod den anden ægtefælle, jf. § 44, stk. 1, i lov om ægtefælleskifte m.v.

*Stk. 2.* Fri proces kan i bevillingen begrænses til enkelte af de i stk. 1 nævnte begunstigelser.

*Stk. 3.* I boer omfattet af § 1 i lov om ægtefælleskifte m.v. gælder følgende:

1) Fritagelsen for afgifter efter stk. 1, nr. 1, omfatter ikke skifteafgift efter §§ 34 a og 34 b i lov om retsafgifter.
2) Stk. 1, nr. 2, finder kun anvendelse, når skifteretten beskikker en advokat i medfør af § 23 i lov om ægtefælleskifte m.v.
3) Stk. 1, nr. 3, finder ikke anvendelse.

*Stk. 4.* Virkningerne af fri proces omfatter hele sagen i den pågældende instans, herunder den procedure, der er nødvendig for at opnå en ny foretagelse af sagen for samme ret, samt fuldbyrdelse af afgørelsen. Virkningerne omfatter tillige de foranstaltninger, som af hensyn til forberedelsen af sagsanlægget med føje er foretaget inden meddelelse af fri proces.

*Stk. 5.* Virkningerne af fri proces omfatter også behandlingen af sagen i 2. eller 3. instans, såfremt sagen er indbragt for højere ret af modparten og den part, der har fri proces, helt eller delvis har fået medhold i den foregående instans.

*Stk. 6.* Virkningerne af fri proces ophører ikke ved en parts død.

*Stk. 7.* Bevillingen kan tilbagekaldes, når de forudsætninger, under hvilke den er meddelt, viser sig ikke at være til stede eller at være bortfaldet. Når bevillingen tilbagekaldes, ophører virkningerne af fri proces.

**§ 332.** Retten træffer afgørelse om betaling af sagsomkostninger, som om der ikke var givet fri proces, herunder et skønsmæssigt fastsat beløb svarende til de afgifter, der efter sagsgenstandens værdi skulle have været betalt, jf. § 331, stk. 1, nr. 1. I det omfang en part er fritaget for betaling af sagsomkostninger til modparten, jf. § 331, stk. 1, nr. 4, betales sagsomkostningerne af statskassen. Pålægges modparten at betale sagsomkostninger, tilfalder beløbet statskassen. Har den part, der har fri proces, selv afholdt udgifter i anledning af sagen, fordeler retten dog beløbet mellem statskassen og parten.

*Stk. 2.* Retten kan pålægge en part, der har fri proces, helt eller delvis at erstatte statskassens udgifter ved den fri proces, i det omfang udgifterne ikke pålægges modparten, når partens forhold, herunder som disse er efter sagens udfald, taler for det.

**§ 333.** For hver ret antager justitsministeren et passende antal advokater til at udføre sager for parter, der har fri proces, eller for hvem der i øvrigt beskikkes en advokat efter reglerne i denne lov. Der tilkommer ikke en advokat, der er antaget ved en byret, godtgørelse for rejseudgifter ved møde inden for retskredsen.

*Stk. 2.* I ankesager kan den advokat, der har været beskikket under behandlingen i den foregående instans, beskikkes til også at føre sagen for den overordnede ret, såfremt advokaten er mødeberettiget for denne ret.

*Stk. 3.* Efter partens anmodning kan en advokat, der ikke er antaget ved vedkommende ret, beskikkes, såfremt det findes forsvarligt og advokaten er mødeberettiget for retten og villig til at lade sig beskikke.

*Stk. 4.* En autoriseret advokatfuldmægtig eller en advokat, der ikke har møderet for landsret, kan beskikkes i en sag, der anmeldes som prøvesag, hvis det findes forsvarligt. Det er dog en betingelse, at sagen ikke på forhånd skønnes uegnet som prøvesag, og at parten meddeler samtykke hertil.

*Stk. 5.* De i stk. 1 nævnte advokater skal yde retshjælp efter § 323, stk. 1, 2. pkt. Advokater, der ikke er omfattet af stk. 1, kan ved anmeldelse til den myndighed, som justitsministeren bestemmer, påtage sig en tilsvarende forpligtelse.

**§ 334.** Beskikkelse af advokat meddeles af rettens præsident. Beskikkelsen omfatter også retshandlinger ved anden ret.

*Stk. 2.* Der tilkommer den beskikkede advokat et passende salær samt godtgørelse for udlæg, herunder rejseudgifter, som advokaten med føje har haft i forbindelse med hvervet, jf. dog § 333, stk. 1, 2. pkt.

*Stk. 3.* Anmoder parten om beskikkelse af en bestemt advokat, tilkommer der ikke den pågældende advokat godtgørelse for rejseudgifter ud over, hvad en advokat, der er antaget ved den pågældende ret, ville være berettiget til, medmindre retten bestemmer andet.

*Stk. 4.* Salær og godtgørelse fastsættes af den ret, der har foretaget beskikkelsen. Hvis der er fastsat takster efter stk. 7, fastsættes salæret på baggrund af disse. Fastsættelsen af salær og godtgørelse sker ved særskilt beslutning samtidig med sagens eller retshandlingens afslutning.

*Stk. 5.* Den beskikkede advokat må ikke modtage salær eller godtgørelse ud over det beløb, der er fastsat af retten. I de i stk. 3 nævnte tilfælde og i tilfælde, hvor den beskikkede advokat giver møde ved en anden ret, jf. stk. 1, 2. pkt., kan der dog træffes aftale mellem parten og advokaten om, at parten skal betale rejseudgifter, der ikke dækkes af statskassen. Reglen i 1. pkt. gælder ikke, såfremt der er truffet særlig aftale mellem parten og advokaten om vederlaget og advokaten frafalder krav på vederlag af statskassen.

*Stk. 6.* Såfremt omkostninger ved sagen er dækket af en retshjælpsforsikring eller anden forsikring, skal salær og godtgørelse til den beskikkede advokat i første række betales af forsikringen.

*Stk. 7.* Justitsministeren kan fastsætte takster for salær til beskikkede advokater.

**§ 335.** Såfremt omkostninger ved sagen er dækket af en retshjælpsforsikring eller anden forsikring, indtræder statskassen i sikredes krav mod forsikringsselskabet, i det omfang statskassen har ydet dækning efter reglerne om retshjælp og fri proces. Dette gælder dog ikke dækning i form af fritagelse for afgifter efter § 331, stk. 1, nr. 1.

**§ 336.** Der kan efter ansøgning ydes en part, som har en retshjælpsforsikring eller anden forsikring, der dækker omkostninger ved sagen, godtgørelse fra statskassen af den del af omkostningerne, der overstiger forsikringens maksimum, såfremt sagens karakter eller omstændighederne i øvrigt kan begrunde, at omkostningerne ikke har kunnet afholdes inden for forsikringens maksimum. Bestemmelserne i §§ 325-328 finder tilsvarende anvendelse.

*Stk. 2.* Omkostninger ved sagen dækkes efter stk. 1, i det omfang statskassen, hvis der havde været meddelt fri proces, ville have ydet dækning efter §§ 331, 332 og 334.

*Stk. 3.* Når retten i medfør af § 327, stk. 6, har truffet afgørelse om, at betingelserne i stk. 1 for dækning af den del af omkostningerne, der overstiger forsikringens maksimum, er opfyldt, fastsætter retten samtidig, hvilket beløb der kan dækkes, jf. stk. 2.

*Stk. 4.* Når justitsministeren eller Procesbevillingsnævnet i medfør af § 328, stk. 6, har truffet afgørelse om, at betingelserne i stk. 1 for dækning af den del af omkostningerne, der overstiger forsikringens maksimum, er opfyldt, kan justitsministeren træffe afgørelse om udbetaling af det ansøgte beløb, såfremt dette kan godkendes, jf. stk. 2. Kan justitsministeren ikke godkende det ansøgte beløb, sender justitsministeren sagen til den ret, der behandler eller senest har behandlet sagen, hvorefter retten fastsætter, hvilket beløb der kan dækkes, jf. stk. 2.

### Andet afsnit.

### Rettergangsmåden

Kapitel 32

*Almindelige bestemmelser*

**§ 336 a.** Parterne har pligt til at fremme sagen med fornøden hurtighed, til at undgå unødige sagsskridt og til at undersøge muligheden for en forligsmæssig løsning også forud for sagens anlæg.

**§ 337.** Retten kan når som helst under forhandlingerne opfordre parterne til at udtale sig om grunde, som vil kunne føre til, at retten på embeds vegne må afvise eller henvise sagen.

**§ 338.** Retten kan ikke tilkende en part mere, end han har påstået, og kan kun tage hensyn til anbringender, som parten har gjort gældende, eller som ikke kan frafaldes.

**§ 339.** Er en parts påstand eller hans anbringender eller hans udtalelser om sagen i øvrigt uklare eller ufuldstændige, kan retten søge dette afhjulpet ved spørgsmål til parten.

*Stk. 2.* Retten kan opfordre en part til at tilkendegive sin stilling såvel til faktiske som til retlige spørgsmål, som synes at være af betydning for sagen.

*Stk. 3.* Retten kan opfordre en part til at fremlægge dokumenter, tilvejebringe syn eller skøn eller i øvrigt føre bevis, når sagens faktiske omstændigheder uden sådan bevisførelse ville henstå som uvisse.

*Stk. 4.* Møder en part i en sag, der behandles ved byret, ikke ved advokat, vejleder retten parten om, hvad han bør foretage til oplysning af sagen og i øvrigt til varetagelse af sine interesser under denne.

**§ 339 a.** Retsmøder under forberedelsen, hvor der ikke sker bevisførelse til brug for hovedforhandlingen, holdes for lukkede døre, medmindre retten bestemmer andet.

*Stk. 2.* Stk. 1 finder dog ikke anvendelse på retsmøder efter § 31 c.

**§ 340.** Bevisførelse i sager i 1. instans og i ankesager ved landsretten finder sted under hovedforhandlingen. Når omstændighederne taler derfor, kan retten dog bestemme, at bevisførelsen eller en del af denne skal ske inden hovedforhandlingen. Retten kan fastsætte en frist, inden hvilken en sådan bevisførelse skal være afsluttet. Bestemmelsen om bevisførelse inden hovedforhandlingen kan i påtrængende tilfælde træffes af den ret, ved hvilken bevis agtes ført.

*Stk. 2.* Vedkommende part skal underrette modparten om bevisførelse inden hovedforhandlingen med en uges varsel. Den ret, hvor bevisførelsen skal ske, kan dog i påtrængende tilfælde gøre undtagelse herfra og kan i så fald beskikke en advokat til at varetage modpartens interesser. Vederlaget til advokaten fastsættes af retten og afholdes foreløbigt af den part, der har ønsket bevisførelsen. Retten kan kræve, at parten stiller sikkerhed for betalingen af vederlaget.

*Stk. 3.* I Højesteret træffer retten bestemmelse om, hvor og hvornår bevisførelsen skal ske. Reglerne i stk. 1, 3. og 4. pkt., og stk. 2 finder tilsvarende anvendelse.

**§ 341.** Bevisførelse, der skønnes at være uden betydning for sagen, kan ikke finde sted.

**§ 341 a.** Erklæringer om konkrete forhold af teknisk, økonomisk eller lignende karakter, som en part inden sagsanlægget har indhentet hos sagkyndige, kan fremlægges som bevis, medmindre erklæringens indhold, omstændighederne ved dens tilblivelse eller andre forhold giver grundlag for at fravige udgangspunktet. Har en part fremlagt en sådan erklæring, kan modparten under i øvrigt samme betingelser fremlægge en tilsvarende erklæring, selv om denne erklæring først har kunnet indhentes efter sagens anlæg.

*Stk. 2.* Erklæringer om bedømmelsen af juridiske forhold efter dansk ret, som en part har indhentet fra retskyndige, kan inddrages til brug for den juridiske argumentation, men ikke under sagen i øvrigt.

**§ 342.** Skal der optages bevis i udlandet, udfærdiger retten på grundlag af oplysninger fra den part, der ønsker beviset optaget, en retsanmodning til vedkommende fremmede myndighed. Retten kan kræve, at parten stiller sikkerhed for de omkostninger, som bevisoptagelsen vil medføre. Anmodningen udfærdiges i overensstemmelse med de gældende konventioner om retsanmodninger.

*Stk. 2.* Justitsministeren kan fastsætte yderligere regler om retsanmodninger.

**§ 343.** Retten kan tillade, at der optages bevis, selv om dette ikke sker til brug for en verserende retssag. Anmodning om bevisførelse indgives til retten på det sted, hvor vidnet bor eller opholder sig, eller for så vidt angår syn og skøn til retten på det sted, hvor genstanden for forretningen findes. Anmodning om optagelse af bevis i udlandet indgives til retten på det sted, hvor sagen eventuelt skal anlægges her i landet.

*Stk. 2.* Udgifterne ved bevisoptagelse efter stk. 1 afholdes foreløbigt af den part, der ønsker beviset optaget. Retten kan kræve, at der stilles sikkerhed for de udgifter, som bevisoptagelsen vil medføre.

*Stk. 3.* Retten træffer bestemmelse om betaling af omkostningerne ved bevisoptagelsen, medmindre parterne har aftalt andet.

*Stk. 4.* Bestemmelserne i § 340, stk. 2, 1. og 2. pkt., finder tilsvarende anvendelse.

**§ 344.** På grundlag af det, der er passeret under forhandlingerne og bevisførelsen, afgør retten, hvilke faktiske omstændigheder der skal lægges til grund for sagens pådømmelse.

*Stk. 2.* Er en parts erklæringer vedrørende sagens faktiske omstændigheder uklare eller ufuldstændige, eller undlader han at udtale sig om modpartens erklæringer om disse spørgsmål eller at efterkomme modpartens opfordringer, kan retten ved bevisbedømmelsen tillægge dette virkning til fordel for modparten. Det samme gælder, hvis en part udebliver efter at være indkaldt til personligt møde, jf. § 302, hvis han undlader at besvare spørgsmål, der stilles i henhold til §§ 302 og 303, eller hvis hans svar er uklare eller ufuldstændige.

*Stk. 3.* Undlader en part at efterkomme rettens opfordringer til at føre bevis, jf. § 339, stk. 3, kan retten ved bevisbedømmelsen tillægge dette virkning til fordel for modparten.

**§ 345.** Retten kan udsætte behandlingen af en sag, når dette findes påkrævet, herunder for at afvente en administrativ eller retlig afgørelse, der vil kunne få indflydelse på sagens udfald. Retten underretter snarest alle vedkommende om udsættelsen.

**§ 346.** Retten kan genoptage behandlingen af en sag, der er optaget til afgørelse, når det findes betænkeligt at træffe afgørelsen på det foreliggende grundlag.

**§ 347.** Anmodning fra fremmede retter om bevisoptagelse eller foretagelse af andre retshandlinger udføres efter reglerne i denne lov og de gældende konventioner om retsanmodninger og så vidt muligt i overensstemmelse med anmodningen. Meddelelse til parterne om tidspunktet for retshandlingens foretagelse skal kun gives, hvis der er fremsat ønske herom i anmodningen.

*Stk. 2.* Udgifter ved de i stk. 1 nævnte retshandlinger afholdes af det offentlige i det omfang, dette følger af overenskomst med fremmed stat.

*Stk. 3.* Justitsministeren kan fastsætte yderligere regler om udførelse af retsanmodninger.

## Kapitel 33

*Sagsforberedelse i 1. instans*

**§ 348.** Sag anlægges ved indlevering af stævning til retten.

*Stk. 2.* Stævningen skal indeholde
1) parternes navn og adresse, herunder angivelse af en postadresse i Det Europæiske Økonomiske Samarbejdsområde, hvortil meddelelser til sagsøgeren vedrørende sagen kan sendes, og hvor forkyndelse kan ske,
2) angivelse af den ret, ved hvilken sagen anlægges,
3) sagsøgerens påstand, sagens værdi, sagstypen, sagsøgerens person- eller cvr-nummer, hvis sagsøgeren har et sådant, og en kort beskrivelse af sagen,
4) en udførlig fremstilling af de faktiske og retlige omstændigheder, hvorpå påstanden støttes,
5) angivelse af de dokumenter og andre beviser, som sagsøgeren agter at påberåbe sig, og

6) sagsøgerens forslag til sagens behandling, jf. § 12, stk. 3, og §§ 20, 226, 227 og 353, herunder forslag til temaer til drøftelse på det forberedende møde, jf. § 353.

*Stk. 3.* Stk. 2, nr. 4 og 6, finder ikke anvendelse i sager, der behandles efter kapitel 39, eller hvor sagsøgeren i stævningen har angivet, at sagsøgte forventes ikke at ville fremsætte indsigelser mod sagsøgerens påstand.

*Stk. 4.* Med stævningen skal indleveres kopier af de dokumenter, som sagsøgeren agter at påberåbe sig, for så vidt de er i sagsøgerens besiddelse.

*Stk. 5.* Domstolsstyrelsen fastsætter nærmere regler om indførelse af data på domstolenes sagsportal, jf. § 148 a, stk. 1, og om indlevering af dokumenter, jf. stk. 2 og 4. Domstolsstyrelsen kan fastsætte regler om, at parterne skal anføre ændringer af påstande og andre sagsoplysninger på domstolenes sagsportal, jf. § 148 a, stk. 1. Retten vejleder om at anlægge sag og om mulighederne for retshjælp og fri proces, jf. kapitel 31, og om mulighederne for at søge forsikringsdækning i henhold til retshjælpsforsikring.

**§ 349.** Opfylder stævningen ikke kravene i § 348, stk. 2, nr. 1-4, og stk. 5, 2. pkt., og er den herefter uegnet til at danne grundlag for sagens behandling, afvises sagen ved en beslutning, der meddeles sagsøgeren. Det samme gælder, hvis der ikke indleveres kopier som fastsat i § 348, stk. 4, eller hvis stævningen eller en anden anmodning til retten ikke indleveres til retten i overensstemmelse med kravene i § 148 a, stk. 1. Efter sagsøgerens anmodning træffes afgørelsen om afvisning ved kendelse.

*Stk. 2.* Retten kan indrømme sagsøgeren en frist til at afhjælpe mangler som nævnt i stk. 1.

**§ 350.** Retten lader stævningen forkynde for sagsøgte på grundlag af de oplysninger, som stævningen indeholder. Samtidig med forkyndelsen skal der udleveres en vejledning til sagsøgte om, hvad sagsøgte bør foretage sig til varetagelse af sine interesser.

*Stk. 2.* Retten kan afvise sagen, hvis angivelsen af sagsøgtes navn og adresse, jf. § 348, stk. 2, nr. 1, er unøjagtig, således at forkyndelse ikke kan foretages på grundlag af sagsøgerens oplysninger. § 349, stk. 1, 3. pkt., og stk. 2, finder tilsvarende anvendelse.

**§ 351.** Retten pålægger sagsøgte at indlevere et svarskrift til retten inden en frist, der i almindelighed skal være på mindst 2 uger. Fristen, der regnes fra pålæggets forkyndelse, kan efter anmodning forlænges.

*Stk. 2.* Svarskriftet skal indeholde
1) sagsøgtes påstand,
2) angivelse af eventuelle modkrav og disses værdi,
3) en fremstilling af de faktiske og retlige omstændigheder, hvorpå påstanden og eventuelle modkrav støttes,
4) angivelse af de dokumenter og andre beviser, som sagsøgte agter at påberåbe sig,
5) angivelse af en postadresse i Det Europæiske Økomiske Samarbejdsområde, hvortil meddelelser til sagsøgte vedrørende sagen kan sendes, og hvor forkyndelse kan ske, for så vidt sådan angivelse ikke allerede er foretaget, og

6)   sagsøgtes forslag til sagens behandling, jf. § 12, stk. 3, og §§ 20, 226, 227 og 353, herunder forslag til temaer til drøftelse på det forberedende møde, jf. § 353.

*Stk. 3.* Reglerne i stk. 2, nr. 3 og 6, finder ikke anvendelse i sager, der behandles efter kapitel 39. Svarskriftet skal i så fald indeholde en kort fremstilling af de faktiske og retlige omstændigheder, hvorpå påstanden og eventuelle modkrav støttes.

*Stk. 4.* Formalitetsindsigelser skal fremsættes i svarskriftet. Søger sagsøgte rettens tilladelse til, at sagens formalitet påkendes særskilt, jf. § 253, kan sagsøgte indskrænke sig til i sit svarskrift at fremsætte sine formalitetsindsigelser.

*Stk. 5.* Med svarskriftet skal indleveres kopier af de dokumenter, som sagsøgte vil påberåbe sig, for så vidt de er i sagsøgtes besiddelse.

*Stk. 6.* Domstolsstyrelsen fastsætter nærmere regler om indførelse af data på domstolenes sagsportal, jf. § 148 a, stk. 1, og om indlevering af dokumenter, jf. stk. 5. Retten vejleder om indlevering af svarskrift og dokumenter og om mulighederne for retshjælp og fri proces, jf. kapitel 31, samt om mulighederne for at søge forsikringsdækning i henhold til en retshjælpsforsikring.

**§ 352.** Indleverer sagsøgte ikke rettidigt svarskrift til retten, eller opfylder svarskriftet ikke kravene i § 351, stk. 2, nr. 1-3, og stk. 3, 2. pkt., og er det herefter uegnet til at danne grundlag for sagens behandling, afsiger retten dom efter sagsøgerens påstand, for så vidt denne findes begrundet i sagsfremstillingen og det i øvrigt fremkomne. Det samme gælder, hvis der ikke indleveres kopier som fastsat i § 351, stk. 5. Påstande og anbringender, som ikke er angivet i stævningen, kan kun tages i betragtning til skade for sagsøgte, hvis de er forkyndt for denne. Er sagsøgerens påstand uklar, eller må sagsfremstillingen i stævningen antages i væsentlige henseender at være urigtig, afvises sagen ved beslutning eller, hvis sagsøgeren anmoder derom, ved kendelse. Afgørelsen om afvisning meddeles parterne.

*Stk. 2.* Retten kan indrømme sagsøgte en frist til at afhjælpe mangler som nævnt i stk. 1, 1. og 2. pkt.

*Stk. 3.* Er sagsøgte ikke repræsenteret af en advokat, kan retten indkalde parterne til et møde med henblik på at give sagsøgte lejlighed til at supplere svarskriftet med en mundtlig udtalelse. § 353, stk. 6, finder tilsvarende anvendelse.

**§ 353.** Retten indkalder parterne til et forberedende møde, medmindre retten finder det overflødigt. Retten angiver i indkaldelsen, hvilke spørgsmål der særligt skal drøftes på mødet, herunder
1)   parternes stilling til sagens faktiske og retlige omstændigheder,
2)   tilrettelæggelse af og tidsrammerne for en eventuel yderligere forberedelse,
3)   tidspunktet for forberedelsens slutning og
4)   tidspunktet for hovedforhandlingen
samt eventuelt
5)   formalitetsindsigelser,
6)   henvisning af sagen til landsretten eller Sø- og Handelsretten, jf. §§ 226 og 227,

7)   kollegial behandling, jf. § 12, stk. 3,
8)   medvirken af sagkyndige, jf. § 20,
9)   udsættelse af sagen, herunder for at afvente en administrativ eller retslig afgørelse, der vil kunne få indflydelse på sagens udfald, jf. § 345,
10)  forelæggelse af præjudicielle spørgsmål for De Europæiske Fællesskabers Domstol,
11)  opfordringer til en part om at meddele faktiske oplysninger,
12)  anmodninger om pålæg om at fremlægge dokumenter eller andre beviser, jf. §§ 298-300,
13)  anmodninger om syn og skøn, jf. § 196, tilladelse til bevisførelse efter § 209 a eller indhentelse af sagkyndige erklæringer eller udtalelser fra organisationer eller myndigheder,
14)  formulering af spørgsmål til skønsmænd, jf. § 197, sagkyndige, organisationer eller myndigheder,
15)  indhentelse af skriftlige parts- eller vidneerklæringer, jf. § 297,
16)  afhøringer af parter eller vidner før hovedforhandlingen, jf. § 340,
17)  omkostninger, som sagen vil kunne give anledning til,
18)  hovedforhandlingens tilrettelæggelse,
19)  forligsmægling og
20)  alternativ konfliktløsning, herunder retsmægling.

*Stk. 2.* Hver af parterne skal så vidt muligt give møde ved en person, der er bemyndiget til at træffe bestemmelse med hensyn til sagen. Hver af parterne skal dog give møde ved en person, der er bemyndiget til at træffe bestemmelse om spørgsmål af processuel karakter.

*Stk. 3.* Dokumenter, som agtes påberåbt, skal så vidt muligt en uge før det forberedende møde sendes til retten, hvis dette ikke er sket tidligere. Retten kan, når det er nødvendigt af hensyn til drøftelserne på det forberedende møde, pålægge parterne at meddele deres foreløbige stillingtagen til bestemte problemstillinger. Parterne skal tillige oplyse, hvilke beviser der i øvrigt agtes ført. For vidner, som parterne ønsker ført, skal angives et tema for, hvad vidnet skal forklare om, og en begrundelse for, hvorfor vidnet ønskes ført.

*Stk. 4.* Anmodninger om bevisførelse, der forlænger sagsbehandlingstiden væsentligt, skal fremsættes senest i det forberedende møde eller, hvis et sådant møde ikke afholdes, senest 4 uger efter rettens meddelelse om, at der ikke skal holdes et forberedende møde.

*Stk. 5.* I det forberedende møde bringes parternes stilling til sagens faktiske og retlige omstændigheder på det rene, og det søges derunder klargjort, hvilke omstændigheder der ikke bestrides, og hvilke der skal være genstand for bevisførelse. Parterne redegør desuden for, hvilke drøftelser der forud for udtagelse af stævning har været mellem parterne, herunder om muligheden for forlig. Retten kan pålægge parterne at redegøre for, hvilke initiativer der har været i sagen forud for det forberedende møde. I det forberedende møde skal retten endvidere efter drøftelse med parterne så vidt muligt fastlægge sagens videre forløb, herunder tidsrammerne for en eventuel yderligere forberedelse. Retten skal end-

videre så vidt muligt fastsætte tidspunktet for hovedforhandlingen.

*Stk. 6.* Retten kan tillade, at en part eller rettergangsfuldmægtig deltager i det forberedende møde ved anvendelse af telekommunikation, medmindre sådan deltagelse er uhensigtsmæssig.

**§ 353 a.** Retten kan bestemme, at hovedforhandlingen skal foregå i tilslutning til et forberedende møde, hvis parterne samtykker heri, sagen findes tilstrækkeligt oplyst og også i øvrigt er egnet til straks at hovedforhandles, herunder at begge parter af retten skønnes at have tilstrækkelig mulighed for at varetage deres interesser.

**§ 354.** Er tidsrammerne for en yderligere forberedelse eller tidspunktet for hovedforhandlingen ikke blevet fastsat på et forberedende møde efter § 353, skal retten snarest muligt træffe bestemmelse herom.

*Stk. 2.* Retten kan ændre de tidsrammer for en yderligere forberedelse og det tidspunkt for hovedforhandlingen, der er fastsat på et forberedende møde efter § 353 eller i medfør af stk. 1, hvis det er påkrævet af hensyn til en forsvarlig behandling af sagen.

**§ 355.** Retten kan indkalde parterne til yderligere forberedende møder. Reglerne i § 353, stk. 1, 2. pkt., stk. 2 og stk. 6, finder tilsvarende anvendelse.

*Stk. 2.* Retten kan når som helst under forberedelsen bestemme, at en part skal indlevere et processkrift om et nærmere angivet spørgsmål inden en af retten fastsat frist. Fristen kan efter anmodning forlænges.

**§ 356.** Retten bestemmer, hvornår forberedelsen sluttes. Har retten ikke truffet anden bestemmelse, anses forberedelsen for sluttet 4 uger før det af retten fastsatte tidspunkt for hovedforhandlingens begyndelse.

*Stk. 2.* Foretager en part ikke rettidigt processkridt, som det ifølge den af retten fastlagte plan for sagens forberedelse, jf. § 353, stk. 5, og § 354, påhviler den pågældende at foretage, kan retten slutte forberedelsen, medmindre hensynet til modparten taler herimod.

*Stk. 3.* Finder retten, at yderligere forberedelse er nødvendig, kan den bestemme, at forberedelsen skal genoptages.

**§ 357.** Retten kan bestemme, at parterne inden en af retten fastsat frist før hovedforhandlingen til retten skal indlevere et endeligt påstandsdokument. Påstandsdokumentet skal indeholde parternes påstande og anbringender og en angivelse af de dokumenter, som parten vil påberåbe sig, og de beviser, som agtes ført under hovedforhandlingen.

*Stk. 2.* Retten kan opfordre parterne til inden en af retten fastsat frist før hovedforhandlingen til retten at indlevere et sammenfattende processkrift.

*Stk. 3.* I sager, der behandles med flere dommere eller under medvirken af sagkyndige retsmedlemmer, samler parterne senest 1 uge inden hovedforhandlingen de udvekslede processkrifter og de dokumenter eller dele af dokumenter, der agtes påberåbt under sagen, i en ekstrakt, som sagsøgeren sender til retten. Retten kan i sager, der behandles med 1 dommer, bestemme, at kopier af de udvekslede processkrif-

ter og af de dokumenter eller dele af dokumenter, der agtes påberåbt under sagen, skal samles i en ekstrakt, som sendes til retten. Afgøres sagen i medfør af § 366 uden mundtlig hovedforhandling, skal ekstrakten som nævnt i 1. og 2. pkt. indleveres til retten senest ved afslutningen af parternes udveksling af skriftlige procedureindlæg.

*Stk. 4.* Landsretspræsidenterne og præsidenten for Sø- og Handelsretten kan endvidere efter forhandling med Advokatrådet fastsætte regler om udformning af ekstrakter.

*Stk. 5.* Retten kan bestemme, at ekstrakter, jf. stk. 3 og 4, tillige skal indleveres til retten på papir i et nærmere angivet antal eksemplarer.

**§ 358.** Ønsker en part at udvide de påstande, parten har fremsat under sagens forberedelse, eller at fremsætte anbringender, der ikke er anført under forberedelsen, eller at føre beviser, som ikke er angivet under forberedelsen, skal parten give retten og modparten meddelelse herom. Modparten kan inden 1 uge efter at have modtaget meddelelsen give retten og den anden part underretning om sine bemærkninger, hvorefter retten træffer afgørelse, jf. stk. 6 og 7.

*Stk. 2.* Reglen i stk. 1 finder tilsvarende anvendelse, hvis sagsøgte ønsker at fremsætte formalitetsindsigelser, der ikke fremgår af svarskriftet, jf. dog § 248, stk. 1, 2. pkt.

*Stk. 3.* Reglen i stk. 1 finder tilsvarende anvendelse, hvis en part anmoder om bevisførelse, der forlænger sagsbehandlingstiden væsentligt, efter det forberedende møde, jf. § 353, eller, hvis et sådant møde ikke afholdes, senere end 4 uger efter rettens meddelelse om, at der ikke skal holdes et forberedende møde.

*Stk. 4.* Reglen i stk. 1 finder tilsvarende anvendelse, hvis en part efter udløbet af fristen for indlevering af et processkrift om et nærmere angivet spørgsmål, jf. § 355, stk. 2, ønsker at fremkomme med nye påstande, anbringender eller beviser vedrørende det pågældende spørgsmål.

*Stk. 5.* Reglen i stk. 1 finder tilsvarende anvendelse, hvis en part ønsker at udvide de påstande, der fremgår af et endeligt påstandsdokument eller et sammenfattende processkrift, jf. § 357, eller at fremsætte anbringender eller føre beviser, som ikke er angivet i påstandsdokumentet eller det sammenfattende processkrift.

*Stk. 6.* Retten kan, uanset at modparten ikke har givet samtykke, give tilladelse til udvidelse af påstande, fremsættelse af nye anbringender eller førelse af nye beviser efter stk. 1-5, når

1) det af særlige grunde må anses for undskyldeligt, at anmodningen ikke er fremkommet tidligere,

2) modparten har tilstrækkelig mulighed for at varetage sine interesser uden udsættelse af hovedforhandlingen eller

3) nægtelse af tilladelse vil kunne medføre et uforholdsmæssigt tab for parten.

*Stk. 7.* Retten kan, uanset at modparten har givet samtykke, modsætte sig udvidelse af påstande, fremsættelse af nye anbringender eller førelse af nye beviser, hvis en imødekommelse af anmodningen må antages at nødvendiggøre en udsættelse af hovedforhandlingen.

**§ 359.** Sagsøgeren kan hæve sagen. Har sagsøgte fremsat modkrav i et retsmøde, hvor sagsøgeren var repræsenteret, eller i et processkrift, der er forkyndt for sagsøgeren, fortsætter sagen dog efter sagsøgtes anmodning, for så vidt angår modkravet.

**§ 360.** Udebliver sagsøgeren fra et møde, som denne er indkaldt til efter § 352, stk. 3, § 353 eller § 355, stk. 1, afviser retten sagen ved en beslutning, der meddeles parterne. Har sagsøgte fremsat modkrav i et retsmøde, hvor sagsøgeren var repræsenteret, eller i et processkrift, der er forkyndt for sagsøgeren, afsiges dog efter sagsøgtes anmodning dom herom.

*Stk. 2.* Udebliver begge parter fra et møde, som de er indkaldt til efter § 352, stk. 3, § 353 eller § 355, stk. 1, hæver retten sagen.

*Stk. 3.* Udebliver sagsøgte fra et møde, som denne er indkaldt til efter § 352, stk. 3, § 353 eller § 355, stk. 1, afsiger retten dom efter sagsøgerens påstand, for så vidt denne findes begrundet i sagsfremstillingen og det i øvrigt fremkomne. Har sagsøgeren under sagen ændret sin påstand til ugunst for sagsøgte eller fremsat anbringender, der ikke er angivet i stævningen, tages kun hensyn hertil, hvis ændringen er foretaget i et retsmøde, hvor sagsøgte var repræsenteret, eller i et processkrift, der er forkyndt for sagsøgte. Er sagsøgerens påstand uklar, eller må sagsfremstillingen antages i væsentlige henseender at være urigtig, afvises sagen ved beslutning eller, hvis sagsøgeren anmoder derom, ved kendelse. Afgørelsen om afvisning meddeles parterne.

*Stk. 4.* Udeblivelse fra retsmøder under genoptagelse af forberedelsen, jf. § 356, stk. 3, og § 364, stk. 1, har den i stk. 1-3 angivne virkning, hvis dette er angivet i indkaldelsen.

*Stk. 5.* Såfremt et processkrift efter § 355, stk. 2, eller et endeligt påstandsdokument efter § 357, stk. 1, ikke indleveres rettidigt, finder reglerne i stk. 1-3 tilsvarende anvendelse, hvis retten i pålægget efter § 355, stk. 2, eller § 357, stk. 1, har angivet, at manglende efterkommelse af pålægget kan medføre udeblivelsesvirkning.

*Stk. 6.* Såfremt ekstrakt efter § 357, stk. 3 og 5, ikke indleveres rettidigt, kan retten bestemme, at reglerne i stk. 1 skal finde tilsvarende anvendelse.

*Stk. 7.* Retten kan undtagelsesvis undlade at tillægge en parts udeblivelse eller de forhold, som efter stk. 5 og 6 sidestilles med udeblivelse, virkning efter denne paragraf. Der tages herved navnlig hensyn til, om udeblivelsen må antages at skyldes lovligt forfald, om der i øvrigt må antages at foreligge undskyldende omstændigheder, eller om modparten ønsker sagen udsat.

**§ 361.** Anmoder en forbruger om, at en sag, der kan indbringes for Konkurrence- og Forbrugerstyrelsen, Forbrugerklagenævnet eller et privat tvistløsningsorgan, der er godkendt af erhvervsministeren, må blive behandlet ved Konkurrence- og Forbrugerstyrelsen, Forbrugerklagenævnet eller det pågældende godkendte private tvistløsningsorgan, hæver retten sagen og sender den til Konkurrence- og Forbrugerstyrelsen, Forbrugerklagenævnet eller det pågældende godkendte private tvistløsningsorgan. Dette gælder dog ik-

ke, hvis det må anses for åbenbart, at der ikke kan gives forbrugeren medhold i klagen, eller hvis sagen ikke skønnes egnet til behandling ved Konkurrence- og Forbrugerstyrelsen, Forbrugerklagenævnet eller det pågældende godkendte private tvistløsningsorgan.

*Stk. 2.* Anmodning efter stk. 1 skal fremsættes senest i det forberedende møde, jf. § 353, eller, hvis et sådant møde ikke afholdes, senest 4 uger efter rettens meddelelse om, at der ikke skal holdes et forberedende møde. Anmodningen kan fremsættes mundtligt til retsbogen. Retten kan, hvis særlige omstændigheder taler derfor, tage hensyn til en anmodning, der fremsættes senere end angivet i 1. pkt., men inden hovedforhandlingens begyndelse.

*Stk. 3.* Forbrugeren skal gøres bekendt med muligheden for behandling af sagen ved Konkurrence- og Forbrugerstyrelsen, Forbrugerklagenævnet eller et godkendt privat tvistløsningsorgan.

*Stk. 4.* Anlægger en af parterne på ny retssag, efter at Konkurrence- og Forbrugerstyrelsen, Forbrugerklagenævnet eller et godkendt privat tvistløsningsorgan har afsluttet behandlingen af sagen, anses sagen i henseende til beregning af procesrente og afbrydelse af frister for sagsanlæg for anlagt ved det oprindelige sagsanlæg, medmindre den pågældende part ikke har fremmet sagen behørigt.

*Stk. 5.* Reglerne i stk. 1-4 finder tilsvarende anvendelse i en sag om vederlag til en advokat eller en af de personer, der er nævnt i § 124 c, stk. 1, nr. 2, og som ejer aktier eller anparter i et advokatselskab, hvis den anden part anmoder om, at sagen behandles ved Advokatnævnet, jf. § 146.

## Kapitel 34

*Hovedforhandling i 1. instans*

**§ 362.** En parts udeblivelse under hovedforhandlingen, inden parten har nedlagt sin påstand, har samme retsvirkning som udeblivelse fra et retsmøde under sagens forberedelse, jf. § 360. Er hovedforhandlingen i henhold til § 253, stk. 1, opdelt i flere afsnit, gælder reglen i 1. pkt. for hvert enkelt afsnit af hovedforhandlingen.

*Stk. 2.* Sagsøgeren kan hæve sagen, indtil sagsøgeren har nedlagt sin påstand under hovedforhandlingen. Reglen i § 359, 2. pkt., finder tilsvarende anvendelse.

**§ 363.** Retten kan, uanset at modparten ikke har givet samtykke, tillade, at en part udvider de påstande, parten har fremsat inden hovedforhandlingen, fremsætter anbringender, der ikke er anført inden hovedforhandlingen, eller fører beviser, som ikke er angivet inden hovedforhandlingen, når

1) det af særlige grunde må anses for undskyldeligt, at anmodningen ikke er fremkommet tidligere,
2) modparten har tilstrækkelig mulighed for at varetage sine interesser uden udsættelse af hovedforhandlingen eller
3) nægtelse af tilladelse vil kunne medføre uforholdsmæssigt tab for parten.

*Stk. 2.* Retten kan, uanset at modparten har givet samtykke, modsætte sig udvidelse af påstande, fremsættelse af nye anbringender eller førelse af nye beviser, hvis en imøde-

kommelse af anmodningen må antages at nødvendiggøre en udsættelse af hovedforhandlingen.

*Stk. 3.* Reglerne i stk. 1 og 2 finder tilsvarende anvendelse, når en part ønsker at påberåbe sig dokumenter, som ikke er fremkommet inden forberedelsens slutning.

*Stk. 4.* Ved afgørelse efter stk. 1-3 skal hensyn tages til, om parten inden hovedforhandlingen kunne have givet meddelelse efter § 358, stk. 1, eller kunne være fremkommet med vedkommende dokument.

**§ 364.** Finder retten, at yderligere forberedelse undtagelsesvis er nødvendig, kan den bestemme, at forberedelsen skal genoptages.

*Stk. 2.* Reglerne i § 363 gælder under genoptagelsen.

**§ 365.** Hovedforhandlingen indledes med, at parterne nedlægger deres påstande. Retten kan bestemme, at påstanden skal være skriftligt affattet, medmindre de fremgår af tidligere afgivne processkrifter.

*Stk. 2.* Medmindre retten bestemmer andet, giver sagsøgeren herefter en kort fremstilling af sagen, hvorefter bevisførelsen finder sted. Oplæsning af de af parterne påberåbte dokumenter finder kun sted, i det omfang der er anledning dertil. Derefter gør sagsøgeren og sagsøgte rede for deres opfattelse af hele sagen, og sluttelig gives parterne lejlighed til replik og duplik.

*Stk. 3.* Når forhandlingerne er sluttet, optages sagen til afgørelse. Retten kan dog med parternes samtykke udsætte sagen på parternes stillingtagen til rettens forligsforslag.

*Stk. 4.* Retten kan tillade, at en part, der er repræsenteret i retten, deltager i hovedforhandlingen ved anvendelse af telekommunikation, medmindre sådan deltagelse er uhensigtsmæssig.

*Stk. 5.* Retten kan tillade, at en part, der ikke er repræsenteret i retten, eller en rettergangsfuldmægtig deltager i hovedforhandlingen ved anvendelse af telekommunikation, hvis sådan deltagelse af særlige grunde er hensigtsmæssig.

**§ 366.** Retten kan med parternes samtykke bestemme, at sagen afgøres uden mundtlig hovedforhandling, når særlige grunde taler derfor. Retten træffer i så fald bestemmelse om parternes udveksling af skriftlige procedureindlæg.

*Stk. 2.* Indleverer en part ikke rettidigt sit første procedureindlæg, finder § 362, stk. 1, tilsvarende anvendelse. Indleverer en part ikke et senere procedureindlæg, slutter retten den skriftlige procedure og optager sagen til afgørelse.

*Stk. 3.* Reglerne i § 362, stk. 2, § 363 og § 364 finder tilsvarende anvendelse under den skriftlige procedure.

### Kapitel 35
*Genoptagelse*

**§ 367.** Den, der er dømt som udebleven, kan kræve sagen genoptaget, når han skriftligt indgiver anmodning herom til retten inden 4 uger fra dommens afsigelse. Retten kan undtagelsesvis genoptage sagen, hvis anmodning indgives senere, men inden ét år efter afsigelsen. Retten kan betinge genoptagelse af, at sagsøgte betaler de sagsomkostninger, der er pålagt ham, eller stiller sikkerhed for betalingen. Anmod-

ning om genoptagelse af en sag har samme opsættende virkning som anke, jf. § 480.

*Stk. 2.* Genoptages sagen, træffer retten bestemmelse om sagens behandling. Udebliver den, der har krævet sagen genoptaget, under genoptagelsen, afvises genoptagelsen.

### Kapitel 36
*Anke*

**§ 368.** Domme afsagt af en byret kan af parterne ankes til den landsret, i hvis kreds byretten ligger. Angår sagen krav, der efter påstanden har en økonomisk værdi af højst 20.000 kr., kan dommen kun ankes med Procesbevillingsnævnets tilladelse, jf. stk. 2.

*Stk. 2.* Procesbevillingsnævnet kan meddele tilladelse til anke af domme, der er omfattet af stk. 1, 2. pkt., hvis sagen er af principiel karakter eller særlige grunde i øvrigt taler derfor. Ansøgning om tilladelse skal indgives til nævnet inden 4 uger efter dommens afsigelse. Nævnet kan dog undtagelsesvis meddele tilladelse, hvis ansøgning indgives senere, men inden 1 år efter afsigelsen.

*Stk. 3.* Domme, der er afsagt af en landsret som 1. instans, kan af parterne ankes til Højesteret, for så vidt ikke andet er bestemt ved lov.

*Stk. 4.* Domme, der er afsagt af Sø- og Handelsretten, kan af parterne ankes til Højesteret eller landsret. Anke kan ske til Højesteret, hvis sagen er af principiel karakter og har generel betydning for retsanvendelsen og retsudviklingen eller væsentlig samfundsmæssig rækkevidde i øvrigt, eller hvis andre særlige grunde i øvrigt taler for, at sagen behandles af Højesteret som 2. instans. Anke til landsret sker til den landsret, i hvis kreds sagen skulle have været anlagt efter reglerne i kapitel 22, hvis sagen ikke var blevet anlagt ved Sø- og Handelsretten.

*Stk. 5.* [11]) Når en part anker en dom afsagt af Sø- og Handelsretten til landsret, har andre parter i sagen, også selv om der alene påstås stadfæstelse, krav på, at ankesagen behandles af Højesteret, hvis betingelserne i stk. 4, 2. pkt., er opfyldt. Ønsker en anden part, at ankesagen behandles af Højesteret, indbringer denne part ankesagen for Højesteret ved at indlevere et svarskrift til landsretten med anmodning om sagens behandling i Højesteret inden udløbet af den frist, som landsretten har fastsat for afgivelse af svarskrift. Landsretten sender inden 1 uge efter modtagelse af svarskriftet sagen til Højesteret.

*Stk. 6.* Højesteret påser af egen drift, at betingelserne i stk. 4, jf. stk. 5, for anke til Højesteret er opfyldt. Er betingelserne for anke til Højesteret ikke opfyldt, afviser Højesteret anken ved kendelse. I de tilfælde, der er nævnt i stk. 4, kan sagen herefter inden den ordinære ankefrists udløb eller, hvis den ordinære ankefrist udløber inden 2 uger, inden 2 uger efter afsigelsen af Højesterets kendelse om ankens afvisning indbringes for landsretten. Indbringes sagen senere, finder § 372, stk. 2, 4.-8. pkt., tilsvarende anvendelse. I de tilfælde, der er nævnt i stk. 5, fortsættes sagens behandling ved landsretten.

*Stk. 7.* Anken kan omfatte afgørelser, der er truffet under sagen, for så vidt ikke andet er bestemt ved lov.

*Stk. 8.* Bestemmelser om sagsomkostninger i domme, som er afsagt af en landsret eller af Sø- og Handelsretten, kan kun ankes særskilt med tilladelse fra Procesbevillingsnævnet. Bestemmelserne i § 371 finder tilsvarende anvendelse.

*Stk. 9.* Ved særskilt anke af en bestemmelse om sagsomkostninger i en dom, der er afsagt af Sø- og Handelsretten, finder stk. 4-6 tilsvarende anvendelse.

**§ 368 a.** Landsretten kan afvise at behandle en sag i 2. instans, hvis der ikke er udsigt til, at sagen vil få et andet udfald end i byretten, og sagen ikke er af principiel karakter eller andre grunde ikke i øvrigt taler for, at sagen skal behandles af landsretten. Landsretten kan dog ikke afvise en sag, som er indbragt efter tilladelse fra Procesbevillingsnævnet.

*Stk. 2.* Hvis landsretten overvejer at afvise en anksag efter stk. 1, underrettes parterne herom. Parterne kan herefter inden 2 uger efter at have modtaget meddelelsen give retten og den anden part underretning om deres bemærkninger, hvorefter retten træffer afgørelse.

*Stk. 3.* Retten træffer ved dom afgørelse om afvisning på det indkomne skriftlige grundlag. Hvor særlige grunde taler derfor, kan retten bestemme, at der skal foretages mundtlig forhandling. Retten kan tillade, at en part eller rettergangsfuldmægtig deltager i den mundtlige forhandling ved anvendelse af telekommunikation, medmindre sådan deltagelse er uhensigtsmæssig.

**§ 369.** Anke kan ske til forandring, ophævelse eller hjemvisning.

*Stk. 2.* Bestemmelser i domme, der er afsagt af en byret, om sagsomkostninger kan kun indbringes særskilt for landsret ved kære, jf. § 391, stk. 1.

*Stk. 3.* Domme, hvorved retten afviser sagen, fordi den ikke er indbragt for rette domstol eller ikke rettidigt er indbragt for domstolene eller for ankeretten, kan kun indbringes for højere ret ved kære, jf. § 391, stk. 3. Det samme gælder domme, hvorved landsretten afviser sagen efter § 368 a, stk. 1, jf. § 391, stk. 4.

*Stk. 4.* Den, der er dømt som udebleven, kan kun anke dommen under påberåbelse af fejl ved sagsbehandlingen.

**§ 370.** Parterne kan, når tvisten er opstået, aftale, at en dom vedrørende sagens realitet ikke skal kunne ankes. I sager mellem erhvervsdrivende om forhold, der vedrører parternes erhverv, kan en sådan aftale indgås, før tvisten er opstået. Med erhverv sidestilles offentlig virksomhed.

*Stk. 2.* Angår dommen både krav, hvor parterne har aftalt, at dommen ikke kan ankes, og krav, hvor parterne ikke har indgået en sådan aftale, finder lovens almindelige regler anvendelse på anke af dommen, for så vidt angår sidstnævnte krav.

*Stk. 3.* Uanset stk. 1 kan en dom altid ankes under påberåbelse af fejl ved sagsbehandlingen.

*Stk. 4.* Reglerne i stk. 1 gælder ikke for de i kapitel 42, 42 a, 43, 43 a, 43 b og 44 omhandlede sager.

*Stk. 5.* En part kan give afkald på anke, når dommen er afsagt. Afkaldet skal være udtrykkeligt.

**§ 371.** Domme, der er afsagt af en landsret som 2. instans, kan ikke ankes. Procesbevillingsnævnet kan dog meddele tilladelse til prøvelse i 3. instans, hvis sagen er af principiel karakter. Hvis særlige grunde taler for det, kan tilladelsen begrænses til en del af det krav, som sagen angår, eller, hvor sagen omfatter flere krav eller spørgsmål, til et af disse.

*Stk. 2.* Ansøgning om tilladelse efter stk. 1, 2. pkt., skal indgives til Procesbevillingsnævnet inden 4 uger efter dommens afsigelse. Nævnet kan dog undtagelsesvis meddele tilladelse, hvis ansøgning indgives senere, men inden 1 år efter afsigelsen.

**§ 372.** Ankefristen er 4 uger. Fristen regnes fra dommens afsigelse.

*Stk. 2.* Anke sker ved indlevering af ankestævning til den ret, hvis dom indankes. Den ret, hvis dom indankes, sender inden 1 uge efter modtagelse af anken sagens dokumenter til ankeinstansen. Anke skal ske inden ankefristens udløb eller, hvis der er meddelt tilladelse efter § 368, stk. 2, § 371 eller § 453, stk. 2, inden 4 uger efter, at tilladelsen er meddelt ansøgeren. Indleveres stævningen senere, afvises anken. Ankeinstansen kan dog undtagelsesvis tillade anke indtil 1 år efter dommens afsigelse. Stævningen skal i så fald indleveres inden 4 uger efter tilladelsens meddelelse. Bestemmelserne i § 398 finder tilsvarende anvendelse ved behandlingen af ansøgning om tilladelse til anke efter fristens udløb. Landsrettens afgørelse kan kun indbringes for Højesteret efter reglerne i § 392, stk. 3-5.

*Stk. 3.* En anke, der hæves eller afvises af anden grund end overskridelse af fristen efter stk. 2, kan med rettens tilladelse på ny tages under behandling, såfremt ny ankestævning indleveres på rettens kontor inden 2 uger efter, at sagen blev hævet eller afvist.

**§ 373.** Ankestævningen skal indeholde:
1) angivelse af den dom, der ankes,
2) angivelse af indstævntes adresse,
3) appellantens påstand,
4) angivelse af de anbringender, dokumenter og andre beviser, som appellanten vil påberåbe sig, og som ikke var påberåbt i foregående instans, og
5) angivelse af en postadresse i Det Europæiske Økonomiske Samarbejdsområde, hvortil meddelelser til appellanten vedrørende sagen kan sendes, og hvor forkyndelse kan ske.

*Stk. 2.* Der indleveres kopier af de i stk. 1, nr. 4, nævnte dokumenter, hvis de er i appellantens besiddelse.

*Stk. 3.* Domstolsstyrelsen kan fastsætte nærmere regler om indførelse af data på domstolenes sagsportal, jf. § 148 a, stk. 1, og om indlevering af kopier, jf. stk. 1 og 2.

**§ 374.** Opfylder ankestævningen ikke kravene i § 373, stk. 1, nr. 1, 3 og 5, og er den herefter uegnet til at danne grundlag for sagens behandling, underrettes appellanten om, at sagen ikke kan fremmes. Efter appellantens anmodning træffes afgørelse om afvisning af anken ved kendelse. Det samme gælder, såfremt appellanten ikke inden en af retten fastsat frist fremsender kopier af de i § 373, stk. 2, nævnte dokumenter.

**§ 375.** Retten lader ankestævningen forkynde for indstævnte på grundlag af de oplysninger, som ankestævningen

indeholder, og pålægger indstævnte at afgive svarskrift, medmindre han alene påstår dommen stadfæstet i overensstemmelse med § 377, stk. 1. Indstævnte skal i forbindelse med forkyndelsen gøres bekendt med, at han anses for at have påstået stadfæstelse, hvis han ikke rettidigt indleverer svarskrift. Fristen for svarskriftets indlevering til retten skal i almindelighed være på mindst 2 uger. Fristen, der regnes fra forkyndelsen, kan efter anmodning forlænges.

§ 376. Svarskriftet skal indeholde:
1) indstævntes påstand,
2) angivelse af de anbringender, dokumenter og andre beviser, som indstævnte vil påberåbe sig, og som ikke var påberåbt i 1. instans, og
3) angivelse af en postadresse i Det Europæiske Økonomiske Samarbejdsområde, hvortil meddelelser til indstævnte vedrørende sagen kan sendes, og hvor forkyndelse kan ske.

*Stk. 2.* Indsigelser mod anken, som kan frafaldes, skal fremsættes i svarskriftet. Påstår indstævnte anken afvist, og ønsker han dette spørgsmål påkendt særskilt, jf. § 253, kan han indskrænke sig til i svarskriftet at fremsætte sine indsigelser mod anken.

*Stk. 3.* Svarskriftet skal være ledsaget af de i stk. 1, nr. 2, nævnte dokumenter, for så vidt de er i indstævntes besiddelse.

*Stk. 4.* Domstolsstyrelsen kan fastsætte nærmere regler om indførelse af data på domstolenes sagsportal, jf. § 148 a, stk. 1, og om indlevering af ledsagende dokumenter, jf. stk. 1 og 3.

§ 377. Afgivelse af svarskrift er unødvendig, såfremt indstævnte påstår dommen stadfæstet og ikke under anken ønsker at påberåbe sig andre anbringender, dokumenter og lignende end dem, der var påberåbt i foregående instans.

*Stk. 2.* Indstævnte anses for at have påstået stadfæstelse i henhold til stk. 1, såfremt han ikke rettidigt afgiver svarskrift i overensstemmelse med rettens bestemmelse, jf. § 375. Retten underretter appellanten, såfremt svarskrift ikke er indleveret rettidigt.

§ 378. Retten bestemmer, om forberedelsen af anken skal fortsætte ved udveksling af yderligere processkrifter eller afholdelse af retsmøder, eller om forberedelsen skal sluttes, og sagen straks berammes til hovedforhandling. § 376, stk. 3, finder tilsvarende anvendelse med hensyn til indlevering af yderligere processkrifter. De trufne bestemmelser kan senere ændres.

*Stk. 2.* Retten kan pålægge en part at indlevere et processkrift inden en af retten fastsat frist. Såfremt et processkrift ikke indleveres rettidigt, finder reglerne i § 386 tilsvarende anvendelse.

*Stk. 3.* Retten kan tillade, at en part eller rettergangsfuldmægtig deltager i et forberedende møde ved anvendelse af telekommunikation, medmindre sådan deltagelse er uhensigtsmæssig.

*Stk. 4.* Afholdes et forberedende møde, kan retten bestemme, at hovedforhandlingen skal foregå i tilslutning til dette, såfremt parterne er enige herom, eller sagen findes tilstræk-

keligt oplyst og også i øvrigt egnet til straks at hovedforhandles.

§ 379. Efter at ankestævningen er forkyndt for indstævnte, kan appellanten ikke hæve sagen, såfremt indstævnte rettidigt, jf. § 375, fremsætter anden påstand end stadfæstelse og ønsker sagen fremmet.

§ 380. Dokumenter, som en part ønsker at påberåbe sig, men som ikke tidligere er fremsendt, samt meddelelse om andre beviser, som en part ønsker at føre under hovedforhandlingen, men som ikke er angivet i hans processkrifter, skal sendes til retten snarest muligt og ikke senere end 2 uger før hovedforhandlingen. Afgøres sagen i medfør af § 387 uden mundtlig hovedforhandling, skal dokumenter som nævnt i 1. pkt. sendes til retten snarest muligt og senest 2 uger før fristen for indlevering af det første procedureindlæg.

*Stk. 2.* Anmodning om bevisførelse uden for hovedforhandlingen skal fremsættes snarest muligt og senest 2 uger efter, at retten har modtaget svarskrift eller et senere processkrift.

§ 381. Retten kan tillade en part at føre beviser, som ikke er angivet i overensstemmelse med § 380, såfremt overskridelse af fristen må anses for undskyldelig.

§ 382. Påstande, som har været gjort gældende i foregående instans, men ikke er fremsat i ankestævningen eller i et rettidigt afgivet svarskrift, jf. § 375, og som heller ikke er omfattet af § 377, kan retten nægte fremsat, selv om modparten ikke protesterer, såfremt påstanden burde have været fremsat tidligere under anken.

*Stk. 2.* Indsigelser som nævnt i § 376, stk. 2, der ikke i overensstemmelse med denne bestemmelse er angivet i svarskriftet, kan kun tages under påkendelse, såfremt de i § 383, stk. 2, angivne betingelser er opfyldt.

§ 383. Påstande og anbringender, som ikke har været gjort gældende i foregående instans, kan, hvis modparten protesterer, kun tages i betragtning med rettens tilladelse.

*Stk. 2.* Retten kan meddele tilladelse efter stk. 1, såfremt det anses for undskyldeligt, at de pågældende påstande og anbringender ikke tidligere er fremsat, eller der er grund til at antage, at nægtelse af tilladelse vil medføre et uforholdsmæssigt tab for parten. Ved anke til landsret kan tilladelse tillige meddeles, hvis modparten har tilstrækkelig mulighed for at varetage sine interesser.

*Stk. 3.* Er påstande, som ikke har været gjort gældende i foregående instans, ikke fremsat i ankestævningen eller i et rettidigt afgivet svarskrift, jf. § 375, kan retten, selv om modparten ikke protesterer, nægte fremsættelsen, såfremt de burde have været fremsat tidligere under anken. Det samme gælder anbringender, som ikke har været gjort gældende i foregående instans, og som ikke er fremsat under forberedelsen af anken.

§ 384. Påstande og anbringender, som ikke har været gjort gældende i foregående instans, og som ville gøre det nødvendigt for retten at tage stilling til forhold, som ikke har

foreligget for den foregående instans, kan retten nægte fremsat under anken, selv om modparten ikke protesterer.

**§ 385.** I ankesager tilsender appellanten inden en af retten fastsat frist inden hovedforhandlingen retten en ekstrakt med de udvekslede processkrifter og de dokumenter eller dele af dokumenter, der agtes påberåbt under sagen. Afgøres sagen i medfør af § 387 uden mundtlig hovedforhandling, skal en ekstrakt som nævnt i 1. pkt. indleveres til retten senest ved afslutningen af parternes udveksling af skriftlige procedureindlæg. Retten kan bestemme, at ekstrakten, jf. 1. og 2. pkt., inden for samme frist tillige skal indleveres til retten på papir i et nærmere bestemt antal. Retspræsidenten kan bestemme, at der i alle rettens sager skal indleveres en ekstrakt på papir i et bestemt antal.

*Stk. 2.* Retspræsidenten kan efter forhandling med Advokatrådet fastsætte regler om udformning af ekstrakter, jf. stk. 1.

**§ 386.** Udebliver appellanten fra noget retsmøde ved den ret, til hvilken sagen er anket, afviser retten anken. Det samme gælder, hvis appellanten ikke rettidigt har indsendt behørigt udformet ekstrakt til retten, jf. § 385, stk. 1. Har indstævnte nedlagt anden påstand end stadfæstelse, fremmes sagen efter indstævntes anmodning på grundlag af det foreliggende skriftlige materiale samt indstævntes bevisførelse og mundtlige indlæg. Sker udeblivelsen under sagens forberedelse, kan retten dog efter indstævntes anmodning i stedet tillade, at sagen fremmes på grundlag af det foreliggende skriftlige materiale og et skriftligt indlæg fra indstævnte. Afholdes yderligere retsmøder, indkaldes også appellanten hertil. Har indstævnte udvidet sin påstand eller fremsat anbringender, der ikke var påberåbt i 1. instans, kan hensyn hertil kun tages, såfremt ændringen eller fremsættelsen er foretaget i et retsmøde, hvor appellanten var mødt, eller i et processkrift, der er forkyndt for appellanten.

*Stk. 2.* Udebliver indstævnte fra noget retsmøde ved den ret, til hvilken sagen er anket, fremmes sagen på grundlag af det foreliggende skriftlige materiale samt appellantens bevisførelse og mundtlige indlæg. Sker udeblivelsen under sagens forberedelse, kan retten dog efter appellantens anmodning i stedet tillade, at sagen fremmes på grundlag af det foreliggende skriftlige materiale og et skriftligt indlæg fra appellanten. Afholdes yderligere retsmøder, indkaldes også indstævnte hertil. Har appellanten udvidet sin påstand eller fremsat anbringender, der ikke var påberåbt i 1. instans, kan hensyn hertil kun tages, såfremt ændringen eller fremsættelsen er foretaget i et retsmøde, hvor indstævnte var mødt, eller i et processkrift, der er forkyndt for indstævnte.

*Stk. 3.* Udebliver begge parter fra noget retsmøde ved den ret, til hvilken sagen er anket, hæver retten anken.

*Stk. 4.* Udeblivelse fra et retsmøde under genoptagelse af forberedelsen har kun den i stk. 1-3 angivne virkning, såfremt dette er angivet i indkaldelsen.

*Stk. 5.* Retten kan undlade at tillægge en parts udeblivelse virkning efter stk. 1-3, navnlig hvor udeblivelsen må antages at skyldes lovligt forfald, eller modparten ønsker sagen udsat.

**§ 386 a.** Retten kan tillade, at en part, der er repræsenteret i retten, deltager i hovedforhandlingen ved anvendelse af telekommunikation, medmindre sådan deltagelse er uhensigtsmæssig.

*Stk. 2.* Retten kan tillade, at en part, der ikke er repræsenteret i retten, eller en rettergangsfuldmægtig deltager i hovedforhandlingen ved anvendelse af telekommunikation, hvis sådan deltagelse af særlige grunde er hensigtsmæssig.

**§ 387.** Retten kan bestemme, at sagen afgøres uden mundtlig hovedforhandling, hvis
1) parterne er enige herom,
2) genstanden for forhandlingen alene er, om anken kan fremmes, eller
3) det i øvrigt på grund af sagens særlige beskaffenhed findes hensigtsmæssigt.

*Stk. 2.* Retten træffer i så fald bestemmelse om parternes udveksling af skriftlige procedureindlæg.

*Stk. 3.* Indleverer appellanten ikke rettidigt sit første procedureindlæg, finder § 386, stk. 1 og 5, tilsvarende anvendelse. Indleverer en part i øvrigt ikke rettidigt et procedureindlæg, slutter retten den skriftlige procedure og optager sagen til afgørelse.

**§ 388.** Har ankeinstansen hjemvist sagen, kan enhver af parterne inden 4 uger efter dommens afsigelse indgive skriftlig anmodning om fornyet behandling af sagen til den ret, til hvilken sagen er hjemvist. I tilfælde af fristoverskridelse finder § 372, stk. 2, tilsvarende anvendelse.

## Kapitel 37

### Kære

**§ 389.** Kendelser og beslutninger, der er afsagt af en byret, kan, medmindre andet er bestemt i loven, kæres til den landsret, i hvis kreds byretten ligger.

*Stk. 2.* Kendelser og beslutninger om sagsomkostninger, der er fastsat til højst 20.000 kr., kan ikke kæres. Hvis det er bestemt, at ingen af parterne skal betale sagsomkostninger til den anden part, kan afgørelsen herom kun indbringes uden tilladelse fra Procesbevillingsnævnet, hvis der er spørgsmål om tilkendelse af sagsomkostninger med mere end 20.000 kr. Procesbevillingsnævnet kan dog give tilladelse til kære, hvis særlige grunde taler derfor.

*Stk. 3.* Beslutning efter § 334, stk. 4, om salær, der er fastsat til højst 20.000 kr., kan ikke kæres. Procesbevillingsnævnet kan dog give tilladelse til kære, hvis særlige grunde taler derfor.

*Stk. 4.* Ansøgning om kæretilladelse efter stk. 2 og 3 skal indgives til Procesbevillingsnævnet inden 2 uger efter, at afgørelsen er truffet. Nævnet kan dog undtagelsesvis give tilladelse, hvis ansøgningen indgives senere, men inden 6 måneder efter, at afgørelsen er truffet.

**§ 389 a.** Kendelser og andre beslutninger, der afsiges af byretten under hovedforhandlingen eller under dennes forberedelse, kan ikke kæres. Procesbevillingsnævnet kan dog meddele tilladelse til kære, hvis kendelsen eller beslutningen angår spørgsmål af væsentlig betydning for sagens forløb eller af afgørende betydning for parten og der i øvrigt er an-

ledning til at lade afgørelsen prøve af landsretten som 2. instans.

*Stk. 2.* Ansøgning om kæretilladelse efter stk. 1 skal indgives til Procesbevillingsnævnet, inden 2 uger efter at afgørelsen er truffet.

**§ 390.** Efter at der er afsagt dom i en sag, kan afgørelser, der er truffet under sagen, ikke kæres af en part, og retten kan ophæve en allerede iværksat kære, såfremt det spørgsmål, afgørelsen angår, kan inddrages under en senere anke af sagen.

*Stk. 2.* Reglerne i § 370 finder tilsvarende anvendelse på kendelser, der afsiges efter reglerne i § 253.

**§ 391.** Bestemmelser i domme afsagt af en byret om sagsomkostninger, der er fastsat til mere end 20.000 kr., kan indbringes særskilt for landsret ved kære. Hvis det er bestemt, at ingen af parterne skal betale sagsomkostninger til den anden part, kan bestemmelsen herom kun indbringes særskilt, hvis der er spørgsmål om tilkendelse af sagsomkostninger med mere end 20.000 kr.

*Stk. 2.* Procesbevillingsnævnet kan give tilladelse til kære af bestemmelser i domme om sagsomkostninger, der efter stk. 1 ikke kan påkæres, hvis særlige grunde taler derfor. Bestemmelserne i § 389, stk. 4, finder tilsvarende anvendelse.

*Stk. 3.* Domme, hvorved retten afviser sagen, fordi den ikke er indbragt for rette domstol eller ikke rettidigt er indbragt for domstolene eller ankeretten, kan indbringes for højere ret ved kære. Hvis dommen er afsagt af en landsret som ankeinstans, kan kære kun ske med Procesbevillingsnævnets tilladelse. Sådan tilladelse kan gives, hvis kæren vedrører spørgsmål af principiel karakter. Ansøgning om kæretilladelse skal indgives til nævnet inden 2 uger efter, at afgørelsen er truffet. Procesbevillingsnævnet kan dog undtagelsesvis give tilladelse, hvis ansøgning indgives senere, men inden 6 måneder efter, at afgørelsen er truffet.

*Stk. 4.* Domme, hvorved landsretten afviser sagen efter § 368 a, kan indbringes for Højesteret ved kære. Kære kan kun ske med Procesbevillingsnævnets tilladelse. Sådan tilladelse kan gives, hvis særlige grunde taler derfor. Ansøgning om kæretilladelse skal indgives til nævnet, inden 2 uger efter at afgørelsen er truffet. Procesbevillingsnævnet kan dog undtagelsesvis give tilladelse, hvis ansøgning indgives senere, men inden 6 måneder efter at afgørelsen er truffet.

**§ 392.** Kendelser og beslutninger, der afsiges af en landsret efter reglerne i § 253 i en sag, der behandles af retten som 1. instans, kan kæres til Højesteret, hvis afgørelsen kan fuldbyrdes eller Procesbevillingsnævnet har tilladt, at afgørelsen indbringes særskilt. Sådan tilladelse kan gives, hvis der foreligger særlige grunde, jf. § 253, stk. 4.

*Stk. 2.* En kendelse om afvisning, der afsiges af en landsret efter § 226, stk. 5, kan kæres til Højesteret uden forudgående tilladelse fra Procesbevillingsnævnet.

*Stk. 3.* I andre tilfælde kan landsrettens kendelser og beslutninger kæres til Højesteret med Procesbevillingsnævnets tilladelse. Sådan tilladelse kan gives, hvis kæren vedrører spørgsmål af principiel karakter. Hvis kendelsen eller be-

slutningen er afsagt efter reglerne i § 253, skal der desuden foreligge særlige grunde, jf. § 253, stk. 4.

*Stk. 4.* Ansøgning om kæretilladelse efter stk. 1 og 3 skal indgives til Procesbevillingsnævnet, inden 2 uger efter at afgørelsen er truffet. Procesbevillingsnævnet kan dog undtagelsesvis give tilladelse efter stk. 3, 1. og 2. pkt., hvis ansøgning indgives senere, men inden 6 måneder efter at afgørelsen er truffet.

*Stk. 5.* Hvis særlige grunde taler for det, kan en tilladelse efter stk. 3 til at kære til Højesteret som 3. instans begrænses til en del af sagen.

**§ 392 a.** Kendelser og beslutninger, der afsiges af Sø- og Handelsretten efter reglerne i § 253, kan kæres til landsretten, hvis afgørelsen kan fuldbyrdes eller Procesbevillingsnævnet har tilladt, at afgørelsen indbringes særskilt. Sådan tilladelse kan gives, hvis der foreligger særlige grunde, jf. § 253, stk. 4. Kære sker til den landsret, i hvis kreds sagen skulle have været anlagt efter reglerne i kapitel 22, hvis sagen ikke var blevet anlagt ved Sø- og Handelsretten.

*Stk. 2.* I andre tilfælde kan Sø- og Handelsrettens kendelser og beslutninger kæres til landsretten med Procesbevillingsnævnets tilladelse. Sådan tilladelse kan gives, hvis kæren vedrører spørgsmål af principiel karakter. Kære sker til den landsret, i hvis kreds sagen skulle have været anlagt efter reglerne i kapitel 22, hvis sagen ikke var blevet anlagt ved Sø- og Handelsretten.

*Stk. 3.* Ansøgning om kæretilladelse efter stk. 1 og 2 skal indgives til Procesbevillingsnævnet, inden 2 uger efter at afgørelsen er truffet. Procesbevillingsnævnet kan dog undtagelsesvis give tilladelse efter stk. 2, hvis ansøgning indgives senere, men inden 6 måneder efter at afgørelsen er truffet.

**§ 393.** Kære kan iværksættes af enhver, over for hvem kendelsen eller beslutningen indeholder en afgørelse.

*Stk. 2.* Kendelser om dørlukning kan tillige kæres af personer, der
1) er omfattet af § 172, stk. 1, 2 eller 4, og
2) har været til stede eller været repræsenteret ved en person som nævnt i nr. 1 fra samme massemedie i det retsmøde, hvor retten behandlede spørgsmålet.

*Stk. 3.* Kære sker ved indlevering af et kæreskrift til den ret, hvis afgørelse kæres. Skriftet skal indeholde den kærendes påstand og om fornødent en angivelse af de grunde, hvorpå kæren støttes.

*Stk. 4.* Kære af afgørelser, der er afsagt af en byret, kan dog altid fremsættes mundtligt til retsbogen. Det samme gælder kære af afgørelser, der er afsagt af en landsret eller af Sø- og Handelsretten, og som iværksættes af vidner, skønsmænd eller de i § 299 eller § 306, stk. 1, nævnte tredjemænd.

*Stk. 5.* Kære kan støttes på nye anbringender og beviser.

**§ 394.** Kærefristen, der regnes fra den dag, afgørelsen er truffet, er 2 uger.

*Stk. 2.* Kære skal ske inden kærefristens udløb eller, hvis der er meddelt tilladelse efter § 148 a, stk. 4, § 389, § 389 a, stk. 1, § 391, § 392, § 392 a, stk. 2, eller § 453, stk. 3, jf. stk. 2, inden 2 uger efter, at tilladelsen er meddelt ansøgeren.

Hvis der er meddelt tilladelse efter § 392, stk. 3, jf. § 253, stk. 4, skal kære ske, inden 4 uger efter at tilladelsen er meddelt ansøgeren. Iværksættes kære senere, afvises kæren af den ret, hvortil afgørelsen kæres. Retten kan dog undtagelsesvis tillade kære indtil 6 måneder efter afgørelsen. Kæreskriftet skal i så fald indleveres inden 2 uger efter tilladelsens meddelelse. Bestemmelserne i § 398 finder tilsvarende anvendelse ved behandling af ansøgning om tilladelse til kære efter fristens udløb.

§ 395. Kære har ikke opsættende virkning, medmindre andet er bestemt i loven, eller det bestemmes af den ret, hvis afgørelse kæres, eller den ret, hvortil afgørelsen kæres. Det samme gælder ansøgning til Procesbevillingsnævnet om tilladelse til kære efter § 389 a.

§ 396. Den ret, hvis afgørelse kæres, indsender, for så vidt den ikke omgør sin afgørelse, jf. §§ 178 og 222, til den ret, hvortil afgørelsen kæres, inden en uge efter modtagelsen af kæreskriftet eller tilførsel til retsbogen om kæren:
1) kæreskriftet eller, i de i § 393, stk. 4, nævnte tilfælde, kopi af retsbogen,
2) kopi af den afgørelse, der kæres, og
3) bilag af betydning for kæresagen.
   Stk. 2. Retten kan vedlægge en erklæring om kæren.
   Stk. 3. Retten giver parterne meddelelse om sagens indsendelse og om indholdet af rettens erklæring.

§ 397. Parterne har adgang til at indsende skriftlige udtalelser til den ret, hvortil afgørelsen kæres. Udtalelser, der fremkommer til retten senere end 10 dage efter afgivelsen af den i § 396, stk. 3, nævnte meddelelse, tages kun i betragtning, såfremt der endnu ikke er truffet afgørelse i sagen.
   Stk. 2. Den ret, hvortil afgørelsen kæres, kan fra parterne og den ret, hvis afgørelse kæres, indhente oplysninger eller erklæringer.

§ 398. Retten træffer ved kendelse afgørelse i sagen på det indkomne skriftlige grundlag.
   Stk. 2. Hvor særlige grunde taler derfor, kan retten bestemme, at der skal foretages mundtlig forhandling. Parterne opfordres i så fald til at give møde. Retten kan tillade, at en part eller rettergangsfuldmægtig deltager i den mundtlige forhandling ved anvendelse af telekommunikation, medmindre sådan deltagelse er uhensigtsmæssig. Udebliver den kærende, afvises kæremålet.

§ 398 a. Omgørelse af en kendelse om dørlukning, der er kæret efter § 393, stk. 2, er uden retsvirkning for det retsmøde, der er afholdt i den ret, hvis afgørelse er kæret.

Kapitel 38

*Ekstraordinær genoptagelse og anke*

§ 399. Højesteret kan undtagelsesvis tillade, at en af retten afgjort sag genoptages, når:
1) det må anses for overvejende sandsynligt, at sagen uden ansøgerens fejl har været urigtigt oplyst, og at sagen efter en genoptagelse vil få et væsentlig forskelligt resultat,

2) det må anses for givet, at ansøgeren kun ad denne vej vil kunne undgå eller oprette et for ham indgribende tab, og
3) omstændighederne i øvrigt i høj grad taler for genoptagelse.
   Stk. 2. Højesteret kan under de i stk. 1 nævnte betingelser tillade, at en dom, der er afsagt af landsret eller byret, ankes efter udløbet af den i § 372, stk. 2, 5. pkt., nævnte frist på ét år.
   Stk. 3. Højesteret bestemmer, hvordan en ansøgning om tilladelse efter stk. 1 eller 2 skal behandles, og om lovens almindelige regler skal fraviges ved den fornyede behandling af sagen.
   Stk. 4. Når tilladelsen er givet, kan Højesteret eller den ret, der behandler sagen, efter anmodning bestemme, at virkningerne af den afsagte dom skal stilles i bero. Sådan bestemmelse kan betinges af, at der stilles sikkerhed.
   Stk. 5. Afkald på retten til ekstraordinær genoptagelse og anke er ikke bindende.

Kapitel 39

*Behandling af sager om mindre krav*

§ 400. Reglerne i dette kapitel anvendes på byretssager, herunder boligretssager, om følgende krav:
1) Krav, der ikke har økonomisk værdi, eller som har en økonomisk værdi af højst 50.000 kr.
2) Krav, hvor parterne, efter at tvisten er opstået, aftaler, at reglerne i dette kapitel skal finde anvendelse. I sager mellem erhvervsdrivende om forhold, der vedrører parternes erhverv, kan sådan aftale dog også indgås, før tvisten er opstået.
   Stk. 2. Parterne kan, efter at tvisten er opstået, aftale, at en sag, der er omfattet af stk. 1, nr. 1, ikke skal behandles efter reglerne i dette kapitel.
   Stk. 3. Reglerne i dette kapitel gælder ikke for de i kapitel 23 a, 40, 42, 42 a, 43, 43 a, 43 b, 44 og 88 omhandlede sager.

§ 401. Sagens værdi som nævnt i § 400 bestemmes efter påstanden i stævningen. Omfatter påstanden flere krav mellem de samme to parter, er sagens værdi den samlede værdi af disse krav. Renter og omkostninger medregnes ikke.
   Stk. 2. Angår påstanden en ydelse, der skal betales et ubestemt antal gange, beregnes værdien ved at gange ydelserne pr. år med 10, jf. dog stk. 3. Angår påstanden en ydelse, der skal betales et bestemt antal gange, beregnes værdien ved at gange ydelsen pr. gang med antallet af gange, ydelsen skal betales. Værdien kan dog ikke overstige ydelserne pr. år ganget med 10, jf. dog stk. 3. Er ydelserne ikke af samme størrelse, lægges ydelserne for det sidste år inden sagens anlæg til grund for beregningen.
   Stk. 3. Værdien af sager i henhold til lejelovgivningen beregnes, når sagen omfattes af stk. 2, 1. pkt., ved at gange den årlige ydelse, påstanden angår, med 5. Omfattes sagen af stk. 2, 2. pkt., kan værdien ikke overstige ydelserne pr. år ganget med 5. For sager om opsigelse eller ophævelse af lejemål fastsættes sagens værdi dog til 1 års leje.

**§ 402.** Retten kan efter anmodning fra en part eller af egen drift bestemme, at sagens videre behandling ved retten skal ske uden anvendelse af reglerne i dette kapitel, hvis sagen
1)   angår særlig komplicerede faktiske eller retlige spørgsmål eller
2)   har særlig betydning for en part ud over påstanden.

*Stk. 2.* Retten kan endvidere efter anmodning fra en part bestemme, at sagens videre behandling ved retten skal ske uden anvendelse af reglerne i dette kapitel, hvis påstanden udvides ud over beløbsgrænsen i § 400, stk. 1, nr. 1.

**§ 403.** Bevisførelse kræver rettens tilladelse. Tilladelse gives, når det må anses for sandsynligt, at bevisførelsen er af betydning for sagen.

**§ 404.** Efter anmodning fra en part kan sagkyndig oplysning af en sag tilvejebringes ved skriftlig besvarelse af spørgsmål stillet af retten til en sagkyndig person eller organisation. Når særlige grunde taler for det, kan retten bestemme, at en sagkyndig person eller en repræsentant for en sagkyndig organisation skal supplere den skriftlige besvarelse ved mundtlig forklaring.

*Stk. 2.* Parterne skal have mulighed for på forhånd at udtale sig om spørgsmålene og at få oplyst de forventede udgifter ved at tilvejebringe den sagkyndige oplysning.

*Stk. 3.* Domstolsstyrelsen fastsætter nærmere regler om den praktiske fremgangsmåde ved sagkyndig oplysning af en sag. Domstolsstyrelsen kan beskikke personer eller organisationer til at afgive sagkyndige vurderinger eller erklæringer.

*Stk. 4.* Reglerne i § 198, stk. 3 og 4, § 199, § 206, stk. 3, § 207 og § 208, stk. 1, 1. pkt., finder tilsvarende anvendelse.

**§ 405.** Domstolsstyrelsen kan fastsætte regler om afholdelse af retsmøder uden for sædvanlig kontortid.

**§ 406.** Forberedelsen sker efter reglerne i kapitel 33 med de ændringer, der fremgår af stk. 2-6.

*Stk. 2.* Retten forbereder sagen. Under forberedelsen bringes parternes stilling til sagens faktiske og retlige omstændigheder på det rene, og det søges derunder klargjort, hvilke omstændigheder der ikke bestrides, og hvilke der skal være genstand for bevisførelse. Det søges endvidere klargjort, hvilken bevisførelse der skal finde sted.

*Stk. 3.* Retten kan pålægge en part at svare på en henvendelse fra retten inden en nærmere angiven frist. Svarer parten ikke rettidigt på rettens henvendelse, finder reglerne i § 360 tilsvarende anvendelse, hvis retten i pålægget har angivet, at manglende efterkommelse af pålægget kan medføre udeblivelsesvirkning.

*Stk. 4.* Retten kan indkalde parterne til et retsmøde under forberedelsen. Reglerne i § 353, stk. 2 og 6, finder tilsvarende anvendelse. Indkaldelsen skal indeholde oplysning om retsvirkningerne af udeblivelse, jf. § 360.

*Stk. 5.* Retten udarbejder en fortegnelse over parternes påstande, anbringender og beviser. Forberedelsen sluttes tidligst 14 dage herefter. Retten kan dog beslutte, at der ikke skal udarbejdes en fortegnelse, hvis det findes forsvarligt at afholde hovedforhandling på det foreliggende grundlag.

*Stk. 6.* Reglerne i §§ 353-355 og 357 finder ikke anvendelse, jf. dog stk. 4, 2. pkt.

**§ 407.** Under hovedforhandlingen skal der ikke gives den fremstilling af sagen, der er nævnt i § 365, stk. 2, 1. pkt., 1. led.

*Stk. 2.* Det skal fremgå af dommen, at sagen har været behandlet efter dette kapitel.

**§ 408.** Sagsomkostningerne fastsættes efter reglerne i kapitel 30, jf. dog stk. 2.

*Stk. 2.* I sager om krav, der har en økonomisk værdi af højst 5.000 kr., erstattes udgifter til advokatbistand eller bistand fra en person, der i medfør af § 260, stk. 5, erhvervsmæssigt eller i medfør af § 260, stk. 6, repræsenterer en part eller i medfør af § 260, stk. 3, nr. 4, repræsenterer en statslig myndighed, med højst 1.500 kr. eksklusive moms. I sager om krav, der har en økonomisk værdi over 5.000 kr., men ikke over 10.000 kr., erstattes udgifter til advokatbistand eller bistand fra en person, der i medfør af § 260, stk. 5, erhvervsmæssigt eller i medfør af § 260, stk. 6, repræsenterer en part eller i medfør af § 260, stk. 3, nr. 4, repræsenterer en statslig myndighed, med højst 2.500 kr. eksklusive moms.

*Stk. 3.* Reglerne i stk. 2 kan ikke fraviges ved aftale, før tvisten er opstået.

**§ 409.** Såfremt parterne aftaler, at en sag ikke skal behandles efter reglerne i dette kapitel, jf. § 400, stk. 2, og der ikke ville have været grundlag for, at retten i medfør af § 402 bestemte, at sagen skulle behandles uden anvendelse af reglerne i dette kapitel, begrænses virkningen af fri proces til de omkostninger ved sagen, der ville have været forbundet med sagens behandling efter dette kapitel.

*Stk. 2.* Uanset § 334, stk. 5, kan der træffes aftale mellem parten og den beskikkede advokat om, at parten skal betale salær og godtgørelse, der i medfør af stk. 1 ikke dækkes af statskassen.

**§ 410.** Anke af domme til landsretten sker efter reglerne i kapitel 36 med de afvigelser, der følger af stk. 2-5.

*Stk. 2.* Anke sker ved indlevering af en ankestævning til byretten. Ankestævningen skal indeholde appellantens påstand og om fornødent en angivelse af de grunde, hvorpå anken støttes. Med ankestævningen skal indleveres eventuelle bilag. Byretten sender ankestævningen, kopi af den dom, der ankes, og bilag af betydning for ankesagen til landsretten.

*Stk. 3.* Ankestævningen forkyndes for indstævnte ved landsrettens foranstaltning, og appellanten underrettes herom. Indstævnte opfordres samtidig til at fremsætte sine bemærkninger til ankestævningen inden en af landsretten fastsat frist. Landsretten kan bestemme, at yderligere processkrifter skal udveksles.

*Stk. 4.* Anken afgøres på skriftligt grundlag, medmindre landsretten efter sagens beskaffenhed finder, at der er grund til mundtlig behandling. Fremsætter begge parter anmodning om mundtlig forhandling, skal anmodningen i almindelighed imødekommes.

*Stk. 5.* Følgende regler om anke finder ikke anvendelse:
1)   § 372, stk. 2, 1. pkt., om indlevering af ankestævning.

2) §§ 373-378 om ankestævning, svarskrift og yderligere forberedelse.
3) §§ 380 og 381 om angivelse af beviser.
4) § 382 om afskæring af påstande og anbringender, der er fremsat for sent.
5) § 385 om kopier til brug for hovedforhandlingen.
6) § 386 om udeblivelse, jf. dog stk. 6.
7) § 387 om afgørelse uden mundtlig hovedforhandling.

*Stk. 6.* § 386, stk. 1, 1., 3. og 6. pkt., stk. 2, 1. og 4. pkt., og stk. 3 og 5, finder anvendelse under en eventuel hovedforhandling.

*Stk. 7.* Domstolsstyrelsen kan fastsætte nærmere regler om indførelse af data på domstolenes sagsportal, jf. § 148 a, stk. 1, og om indlevering af dokumenter, jf. stk. 2.

Kapitel 40

*Midlertidige afgørelser om forbud og påbud i en borgerlig sag*

**§ 411.** Efter anmodning kan retten efter reglerne i dette kapitel ved et forbud eller påbud bestemme, at private og repræsentanter for stat, region og kommune i disses egenskab af parter i private retsforhold midlertidigt skal foretage, undlade eller tåle bestemte handlinger.

*Stk. 2.* Hvis formålet med en anmodning efter stk. 1 er at opnå sikkerhed for fyldestgørelse af et pengekrav, skal anmodning herom indgives og behandles efter reglerne i kapitel 56 om arrest.

*Stk. 3.* Hvis formålet med en anmodning efter stk. 1 er at sikre bevis for en krænkelse af immaterialrettigheder m.v., skal anmodning herom indgives og behandles efter reglerne om bevissikring i kapitel 57 a.

*Stk. 4.* Med hensyn til luftfartøjer, fremmede statsskibe og skibsladninger, der tilhører fremmede stater, kan forbud og påbud kun anvendes efter reglerne herom i anden lovgivning.

*Stk. 5.* [9)] Reglerne i dette kapitel finder ikke anvendelse på sager, der efter § 225 a, stk. 1, anlægges ved den fælles patentdomstol.

**§ 412.** Anmodning om meddelelse af forbud eller påbud indgives til en ret, der har saglig kompetence efter § 224 eller § 225, stk. 1 og 2, og stedlig kompetence efter kapitel 22 til at behandle en sådan sag. § 225, stk. 3, og § 227 finder tilsvarende anvendelse. Angår anmodningen et EU-varemærke eller et EF-design, finder § 225, stk. 2 og 3, tilsvarende anvendelse, hvis anvendelsen af EU-varemærkeforordningen eller EF-designforordningen har væsentlig betydning, jf. dog varemærkelovens §§ 43 c og 43 d og designlovens § 43, stk. 2 og 3.

*Stk. 2.* Hvis tvisten om den rettighed, der søges beskyttet ved forbuddet eller påbuddet, skal afgøres ved voldgift eller en udenlandsk domstol, indgives anmodning om meddelelse af forbud eller påbud til en ret, som ville have haft saglig og stedlig kompetence efter stk. 1.

**§ 413.** Forbud eller påbud kan meddeles, hvis den part, der anmoder om meddelelse af forbuddet eller påbuddet, godtgør eller sandsynliggør,

1) at parten har den ret, der søges beskyttet ved forbuddet eller påbuddet,
2) at modpartens adfærd nødvendiggør, at der meddeles forbud eller påbud, og
3) hvis partens mulighed for at opnå sin ret vil forspildes, hvis parten henvises til at afvente tvistens retlige afgørelse.

**§ 414.** Forbud eller påbud kan ikke meddeles, når det skønnes, at lovens almindelige regler om straf og erstatning og eventuelt en af modparten tilbudt sikkerhed yder parten tilstrækkeligt værn.

*Stk. 2.* Retten kan nægte at meddele forbud eller påbud, hvis det vil påføre modparten skade eller ulempe, der står i åbenbart misforhold til partens interesse i meddelelse af forbuddet eller påbuddet.

**§ 415.** Retten kan bestemme, at parten som betingelse for meddelelse af forbud eller påbud skal stille sikkerhed for den skade og ulempe, som kan påføres modparten ved forbuddet eller påbuddet.

*Stk. 2.* Retten bestemmer sikkerhedens art og størrelse.

*Stk. 3.* Har retten stillet krav om sikkerhed, meddeles forbud eller påbud først, når den forlangte sikkerhed er stillet. Retten giver parterne besked om tidspunktet for forbuddets eller påbuddets meddelelse, såfremt dette tidspunkt ikke allerede er oplyst i et retsmøde, jf. § 162.

*Stk. 4.* Parterne kan, når tvisten er opstået, aftale, at forbud og påbud kan meddeles uden sikkerhedsstillelse. I sager mellem erhvervsdrivende om forhold, der vedrører parternes erhverv, kan en sådan aftale også indgås, før tvisten er opstået. Med erhverv sidestilles offentlig virksomhed. Retten kan efter anmodning undtagelsesvis se bort fra en aftale som nævnt i 2. pkt., hvis hensynet til den ene part i særlig grad taler herfor.

**§ 416.** Anmodning om meddelelse af forbud eller påbud skal opfylde kravene i § 348. § 349 finder tilsvarende anvendelse.

**§ 417.** Anmodningen om meddelelse af forbud eller påbud behandles i et retsmøde, hvor den fornødne bevisførelse finder sted. Retten kan afskære en bevisførelse, som findes uforenelig med hensynet til forretningens fremme. § 344 finder tilsvarende anvendelse.

*Stk. 2.* Retten fastsætter tid og sted for det i stk. 1 nævnte møde og giver meddelelse herom til den part, der har anmodet om meddelelse af forbuddet eller påbuddet.

*Stk. 3.* Retten underretter så vidt muligt modparten om tid og sted for mødet. Underretning kan ske ved tilsigelse, jf. stk. 4 og 5. Underretning kan dog undlades, hvis retten finder det ubetænkeligt at afholde mødet uden forudgående meddelelse til modparten, eller hvis det må antages, at formålet med forbuddet eller påbuddet vil forspildes, hvis modparten underrettes.

*Stk. 4.* Retten kan med et af denne fastsat varsel tilsige den, som anmodningen om meddelelse af forbud eller påbud retter sig imod, til mødet, såfremt dette afholdes i den retskreds, hvor parten har bopæl eller opholdssted, eller hvorfra parten driver erhvervsmæssig virksomhed, eller i en tilstø-

dende retskreds. Afholdes mødet ved Sø- og Handelsrettens hovedtingsted, Københavns Byret, Retten på Frederiksberg, Retten i Glostrup eller Retten i Lyngby, kan parten tilsiges, såfremt denne har sådan tilknytning til en af disse retskredse. Det kan i tilsigelsen pålægges parten at møde personligt. Tilsigelsen skal indeholde oplysning om varslet og om virkningerne af udeblivelse.

*Stk. 5.* Er den part, som anmodningen om meddelelse af forbud eller påbud retter sig imod, en forening, et selskab el.lign., kan foreningens, selskabets el.lign.s direktør eller forretningsfører eller i fornødent fald et medlem af bestyrelsen tilsiges efter stk. 4, hvis vedkommende har bopæl eller opholdssted i retskredsen eller en tilstødende retskreds eller foreningen, selskabet el.lign. har hjemting i eller driver erhvervsmæssig virksomhed fra en af disse retskredse. Stk. 4, 2. pkt., finder tilsvarende anvendelse.

§ 418. Hvis den part, der har anmodet om meddelelse af forbuddet eller påbuddet, ikke møder, afvises anmodningen om meddelelse af forbud eller påbud.

*Stk. 2.* Hvis den part, som anmodningen om meddelelse af forbud eller påbud retter sig imod, ikke er til stede, kan anmodningen om meddelelse af forbud eller påbud imødekommes, hvis den er tilstrækkeligt begrundet i sagsfremstillingen og det i øvrigt fremkomne og parten er lovligt tilsagt eller underretning af parten er undladt i medfør af § 417, stk. 3, 3. pkt. Retten kan udsætte mødet, hvis retten finder det ønskeligt, at parten bør være til stede.

*Stk. 3.* § 365, stk. 4 og 5, finder tilsvarende anvendelse under mødet.

§ 419. Retten kan udsætte sagen, hvis
1) et retsforhold, hvis fastsættelse vil få indflydelse på sagens udfald, er under behandling ved en ret eller en administrativ myndighed eller
2) der foreligger andre særlige grunde.

§ 420. Tredjemand kan indtræde som part under behandlingen af anmodningen om meddelelse af forbud eller påbud, for så vidt angår spørgsmålet, om forbuddet eller påbuddet vil stride imod den pågældendes ret. Indtrædelsen sker ved en erklæring herom til retten.

*Stk. 2.* Tredjemand, der har en retlig interesse i udfaldet af en sag, kan indtræde i sagen til støtte for en af parterne. § 252, stk. 2-4, finder tilsvarende anvendelse.

§ 421. Retten træffer afgørelse om betaling af de omkostninger, der er forbundet med afgørelsen om forbud eller påbud. Rettens afgørelse træffes i overensstemmelse med reglerne i kapitel 30. Hvis sag om den rettighed, der påstås krænket, allerede er anlagt ved en dansk domstol, kan retten henskyde afgørelsen til afgørelsen om sagsomkostninger i den verserende sag.

§ 422. Retten vejleder i fornødent omfang den, der ikke møder ved advokat, om dennes retsstilling.

*Stk. 2.* Retten kan give en person, der opfylder de økonomiske betingelser efter § 325, fri proces, hvis den pågældende har behov for advokatbistand.

*Stk. 3.* Retten vejleder den, som forbuddet eller påbuddet retter sig imod, om retsvirkningerne af afgørelsen, herunder at overtrædelse af forbuddet eller påbuddet kan medføre strafansvar, jf. § 430.

§ 423. Hvis retten meddeler forbud eller påbud, kan retten efter anmodning fra den part, der har anmodet om meddelelse af forbuddet eller påbuddet, samtidig træffe afgørelse om at beslaglægge rørligt gods, såfremt der er bestemte grunde til at antage, at det vil blive anvendt til overtrædelse af forbuddet eller påbuddet. Hvis retten finder, at spørgsmålet om beslaglæggelse bør behandles særskilt, kan retten henvise spørgsmålet til særskilt behandling ved fogedretten efter reglerne i kapitel 57.

*Stk. 2.* Det beslaglagte opbevares på partens bekostning af retten eller af den, retten bemyndiger hertil.

*Stk. 3.* Retten kan betinge beslaglæggelse af, at parten stiller sikkerhed for de i stk. 2 nævnte omkostninger. Beslaglæggelse kan endvidere betinges af, at en i medfør af § 415 fastsat sikkerhed forhøjes.

*Stk. 4.* Under behandlingen af en anmodning om beslaglæggelse finder § 491, stk. 3, § 494, stk. 2, § 495, stk. 2, § 497 og § 498 tilsvarende anvendelse.

§ 424. Bistand til opretholdelse eller gennemførelse af et meddelt forbud eller påbud ydes af fogedretten efter reglerne i kapitel 57.

§ 425. Hvis sag om den rettighed, der påstås krænket, ikke allerede er anlagt ved en dansk eller udenlandsk domstol eller indledt ved en voldgiftsret, skal den, der har anmodet om meddelelse af forbud eller påbud, inden 2 uger efter at afgørelsen om at meddele forbud eller påbud er endelig, anlægge eller indlede en sådan sag. Hvis sagen anlægges ved en dansk domstol, skal sagen anlægges ved den ret, der har behandlet anmodningen om meddelelse af forbud eller påbud i 1. instans, eller ved Sø- og Handelsretten efter § 225, stk. 2. § 225, stk. 3, § 226 og § 227 finder tilsvarende anvendelse.

*Stk. 2.* Stk. 1 finder tilsvarende anvendelse, når forbud eller påbud er afværget ved sikkerhedsstillelse.

*Stk. 3.* Stk. 1 og 2 kan fraviges ved parternes aftale. En sådan aftale kan først indgås, når der er truffet endelig afgørelse om at meddele forbud eller påbud.

§ 426. Et forbud eller påbud gælder, indtil det ophæves efter stk. 2 eller 3 eller bortfalder efter stk. 4.

*Stk. 2.* Et forbud eller påbud kan ophæves helt eller delvis, hvis
1) betingelserne for rettens meddelelse af forbud eller påbud ikke længere er opfyldt,
2) den part, der har opnået forbuddet eller påbuddet, utilbørligt forhaler sagen eller
3) sag efter § 425 ikke anlægges eller indledes rettidigt, hæves eller afvises.

*Stk. 3.* Et forbud eller påbud i en sag, hvor sagen om den rettighed, der påstås krænket, skal afgøres ved udenlandsk domstol eller ved voldgift, kan endvidere ophæves, når afgørelsen i sagen om den rettighed, der påstås krænket, er endelig.

*Stk. 4.* Et forbud eller påbud i en sag, hvor sagen om den rettighed, der påstås krænket, skal afgøres ved en dansk domstol, bortfalder, hvis forbuddet eller påbuddet ikke forinden er ophævet efter stk. 2, når der er afsagt dom i sagen om den rettighed, der påstås krænket, og anke ikke er iværksat inden ankefristens udløb eller en rettidigt iværksat anke senere er frafaldet eller andet er bestemt i dommen.

*Stk. 5.* Anmodning om ophævelse af et forbud eller påbud indgives skriftligt til den ret, der har behandlet anmodningen om meddelelse af forbud eller påbud i 1. instans.

*Stk. 6.* Forinden et forbud eller påbud ophæves, skal retten så vidt muligt give den part, der har opnået forbuddet eller påbuddet, lejlighed til at udtale sig.

**§ 427.** Byrettens afgørelser om forbud og påbud, herunder en afgørelse om ophævelse af forbud eller påbud eller en selvstændig afgørelse om betaling af de omkostninger, der er forbundet med behandlingen af spørgsmålet, træffes ved kendelse, der kan kæres efter reglerne i kapitel 53. Kære har ikke opsættende virkning for afgørelsen om forbud eller påbud.

*Stk. 2.* Sø- og Handelsrettens afgørelser om forbud og påbud, herunder en afgørelse om ophævelse af forbud eller påbud eller en selvstændig afgørelse om betaling af de omkostninger, der er forbundet med behandlingen af spørgsmålet, træffes ved kendelse, der kan kæres til den landsret, i hvis kreds sagen skulle have været anlagt efter reglerne i kapitel 22, hvis sagen ikke var blevet anlagt ved Sø- og Handelsretten. Kapitel 53 finder tilsvarende anvendelse. Kære har ikke opsættende virkning for afgørelsen om forbud og påbud.

**§ 428.** Den, som har opnået et forbud eller påbud på grundlag af en rettighed, som viser sig ikke at bestå, skal betale modparten erstatning for tab og godtgørelse for tort. Det samme gælder, når forbuddet eller påbuddet bortfalder eller ophæves på grund af efterfølgende omstændigheder, såfremt det må antages, at rettigheden ikke bestod.

*Stk. 2.* Viser rettighedshaverens ret sig alene at bestå i et mindre omfang, skal rettighedshaveren betale modparten erstatning for det tab, der følger af, at forbuddet eller påbuddet har haft for stor udstrækning.

*Stk. 3.* Er forbuddet eller påbuddet ulovligt af andre grunde, skal rettighedshaveren betale modparten erstatning for tab og godtgørelse for tort, såfremt rettighedshaveren burde have undladt at begære forbud eller påbud.

*Stk. 4.* Krav efter stk. 1-3 kan gøres gældende som modkrav under sagen, hvis denne allerede verserer ved en dansk domstol, eller under selvstændig søgsmål. Selvstændigt søgsmål, der først kan anlægges, når forbuddet eller påbuddet er ophævet eller bortfaldet, jf. § 426, skal anlægges inden 3 måneder efter ophævelsen eller bortfaldet.

*Stk. 5.* Stk. 1-4 finder tilsvarende anvendelse, når et forbud eller påbud afværges ved sikkerhedsstillelse, jf. § 414, stk. 1.

*Stk. 6.* Ophæves et forbud eller påbud under kære, kan der ved afgørelsen i kæresagen tillægges modparten erstatning og godtgørelse efter stk. 1-3.

**§ 429.** Hvis sagen om den rettighed, der påstås krænket, afgøres ved en dansk domstol, træffes der ved afgørelsen bestemmelse om, hvorledes der skal forholdes med beslaglagt rørligt gods, herunder gods, der er beslaglagt af fogedretten i medfør af kapitel 57. En sådan bestemmelse kan også træffes ved ophævelse af et forbud eller påbud i medfør af § 426 eller ved dommen i en i medfør af § 430 anlagt sag. Ved afgørelsen kan det beslaglagte tilbagegives den part, som forbuddet eller påbuddet retter sig imod, udleveres til en rettighedshaver eller konfiskeres. Sker der konfiskation, kan det konfiskerede efter anmodning anvendes til dækning af erstatningskrav, der tilkommer den part, der har opnået forbuddet eller påbuddet.

**§ 430.** Den, der forsætligt overtræder et forbud eller påbud, kan idømmes straf af bøde eller fængsel indtil 4 måneder og i forbindelse hermed dømmes til at betale erstatning. Sag efter 1. pkt. anlægges af den part, der har opnået forbuddet eller påbuddet.

*Stk. 2.* Stk. 1 finder tilsvarende anvendelse over for den, der forsætligt yder den, som et forbud eller påbud retter sig imod, bistand til at overtræde forbuddet eller påbuddet.

*Stk. 3.* Spørgsmålet om idømmelse af straf eller erstatning kan udsættes, indtil sagen om den rettighed, der påstås krænket, er afgjort.

**§§ 431-447.** (Ophævet)

Kapitel 41

*(Ophævet)*

Kapitel 42

*Familieretlige sager*

*Anvendelsesområde*

**§ 448.** Efter reglerne i dette kapitel behandler familieretten de sager, som Familieretshuset indbringer for familieretten efter kapitel 13 i lov om Familieretshuset. En sag anses for indbragt for familieretten, når retten har modtaget den fra Familieretshuset.

*Stk. 2.* For sager om faderskab og medmoderskab til børn, herunder spørgsmål om genoptagelse af sådanne sager, finder der reglerne i kapitel 42 a tillige anvendelse.

*Kompetenceregler*

**§ 448 a.** I sager, som Familieretshuset indbringer for familieretten til afgørelse efter §§ 27 og 32 i lov om Familieretshuset, anses den part, der indgav anmodningen eller ansøgningen til Familieretshuset, som sagsøger under familierettens behandling af sagen.

*Stk. 2.* Den part, der anmoder om, at en afgørelse truffet af Familieretshuset indbringes for familieretten efter § 39 i lov om Familieretshuset, anses som sagsøger under familierettens behandling af sagen.

*Stk. 3.* Vedrører sagen eller afgørelsen en tvist mellem Familieretshuset og en part, anses parten som sagsøger og Familieretshuset som sagsøgte under familierettens behandling af sagen, jf. dog stk. 4 og 5.

*Stk. 4.* Indbringer Familieretshuset en sag omfattet af § 24 i lov om Familieretshuset for familieretten til afgørelse efter § 32 i lov om Familieretshuset, anses Familieretshuset som sagsøger og fædrene som sagsøgte under familierettens behandling af sagen.

*Stk. 5.* I en sag om omstødelse af ægteskab efter § 23 i lov om ægteskabs indgåelse og opløsning, der anlægges af Familieretshuset, anses Familieretshuset som sagsøger og ægtefællerne som sagsøgte under familierettens behandling af sagen.

*Stk. 6.* I andre situationer bestemmer Familieretshuset, hvem der anses som sagsøger under familierettens behandling af sagen.

**§ 448 b.** Familieretshuset indbringer en sag eller afgørelse for familieretten ved sagsøgtes hjemting. Har sagsøgte ikke hjemting her i landet, indbringes sagen for familieretten ved sagsøgerens hjemting. 1. og 2. pkt. finder ikke anvendelse, hvis sagen er omfattet af stk. 2-4.

*Stk. 2.* Familieretshuset indbringer en sag eller afgørelse efter forældreansvarsloven for familieretten i den retskreds, hvor barnet har bopæl. Har barnet ikke bopæl her i landet, indbringes sagen for familieretten ved sagsøgtes hjemting. Har sagsøgte ikke hjemting her i landet, indbringes sagen for familieretten ved sagsøgerens hjemting.

*Stk. 3.* Familieretshuset indbringer en sag eller afgørelse efter børneloven for familieretten i den retskreds, hvor barnets mor har hjemting. Har barnets mor ikke hjemting her i landet, indbringes sagen for familieretten i den retskreds, hvor den, der efter § 17 i børneloven er part i sagen, har hjemting. Er der flere parter, bestemmer Familieretshuset, hvilken familieret sagen skal indbringes for.

*Stk. 4.* Familieretshuset indbringer en sag eller afgørelse, hvor Familieretshuset er part, for familieretten ved modpartens hjemting.

*Stk. 5.* Uanset stk. 1-4 kan Familieretshuset bestemme, hvilken familieret en sag eller afgørelse skal indbringes for.

*Stk. 6.* Den familieret, som en sag er indbragt for, kan henvise sagen til behandling ved familieretten i en anden retskreds, hvis det er mest hensigtsmæssigt, at sagen behandles der.

**§ 448 c.** I forbindelse med familierettens behandling af en sag efter forældreansvarsloven, der er indbragt for familieretten til afgørelse efter § 27, stk. 1, eller § 32 i lov om Familieretshuset, kan familieretten efter anmodning fra en part træffe afgørelse i andre sager omfattet af § 2, nr. 1-11, i lov om Familieretshuset, der har nær sammenhæng med den sag, der er indbragt for Familieretshuset.

*Stk. 2.* I forbindelse med familierettens behandling af en sag, der er indbragt for familieretten til afgørelse efter § 27, stk. 2, i lov om Familieretshuset, kan familieretten efter anmodning fra en part også træffe afgørelse i andre sager omfattet af § 2, nr. 2-11, i lov om Familieretshuset, der har nær sammenhæng med den sag, der er indbragt for Familieretshuset.

*Stk. 3.* Til brug for behandlingen af en anmodning efter stk. 1 og 2 kan familieretten anmode Familieretshuset om en udtalelse om anmodningen og om akterne fra eventuelle tidligere sager af betydning for behandlingen af anmodningen.

**§ 448 d.** Familieretten kan i særlige tilfælde behandle en anmodning om at få indbragt en afgørelse truffet af Familieretshuset, selv om anmodningen er indgivet efter udløbet af fristen i § 41, stk. 1, i lov om Familieretshuset. Dette gælder dog ikke for afgørelser, der går ud på separation, skilsmisse eller omstødelse af ægteskab, eller hvorved et ægteskab er kendt ikkebestående, og for afgørelser om eksigibilitet efter § 3, stk. 2, i lov om Haagerkonventionen af 2007 eller efter artikel 30 i forordning (EF) nr. 4/2009 af 18. december 2008 om kompetence, lovvalg, anerkendelse og fuldbyrdelse af retsafgørelser og samarbejde vedrørende underholdspligt. Familierettens afgørelse efter 1. pkt. kan ikke indbringes for højere ret.

*Stk. 2.* Familieretten kan ved kendelse afvise at behandle en sag om en afgørelse, som Familieretshuset har truffet som klageinstans efter § 41, stk. 2, i forældreansvarsloven, § 58 b, stk. 1, i lov om ægteskabs indgåelse og opløsning eller § 21, stk. 1, 1. pkt., i navneloven, hvis sagen ikke er principiel eller har generel betydning.

**§ 448 e.** Efter en parts død kan der ikke indledes sag om separation, skilsmisse og omstødelse af ægteskab eller sag efter forældreansvarsloven.

*Stk. 2.* Dør en af parterne, inden familieretten har afgjort sagen, hæves sagen.

*International kompetence*

**§ 448 f.** En sag om separation, skilsmisse, omstødelse af ægteskab eller et ægteskabs beståen kan behandles her i riget, hvis
1)  sagsøgte har bopæl her,
2)  sagsøgeren har bopæl her og enten har boet her i de seneste 2 år eller tidligere har haft bopæl her,
3)  sagsøgeren er dansk statsborger og det godtgøres, at sagsøgeren på grund af sit statsborgerskab ikke vil kunne anlægge sag i det land, hvor sagsøgeren har bopæl,
4)  begge parter er danske statsborgere og sagsøgte ikke modsætter sig, at sagen behandles i Danmark, eller
5)  skilsmisse søges på grundlag af separation meddelt her i landet inden for de seneste 5 år.

*Stk. 2.* Endvidere kan en sag om separation og skilsmisse mellem to personer af samme køn behandles her i riget, når ægteskabet er indgået her og ingen af ægtefællerne bor i et land med en lovgivning om ægteskab mellem to personer af samme køn, der svarer til den danske.

*Stk. 3.* En sag om omstødelse af et ægteskab eller et ægteskabs beståen kan også behandles her i riget, når ægteskabet er indgået her.

*Stk. 4.* Stk. 1-3 kan fraviges ved overenskomst med fremmed stat.

**§ 448 g.** En sag om forældremyndighed, barnets bopæl, samvær og anden kontakt kan behandles her i riget, når barnet
1)  har bopæl her,

2) ulovligt er ført til udlandet eller ulovligt tilbageholdes i udlandet og barnet umiddelbart før bortførelsen eller tilbageholdelsen havde bopæl her,

3) opholder sig her og som følge af uroligheder eller lignende er fordrevet fra sit hjemland,

4) opholder sig her og barnets bopæl ikke kendes eller

5) opholder sig her og sagen er så hastende, at en afgørelse fra myndighederne i det land, hvor barnet har bopæl, ikke kan afventes.

*Stk. 2.* Stk. 1, nr. 2, gælder ikke, hvis

1) barnet har haft bopæl i udlandet, i mere end 1 år efter at indehaveren af forældremyndigheden har fået eller burde have fået kendskab til barnets bopæl,

2) der inden for dette tidsrum ikke er indgivet en anmodning om tilbagegivelse af barnet, som stadig er under behandling, og

3) barnet er faldet til i sine nye omgivelser.

*Stk. 3.* Stk. 1, nr. 1 og 4, gælder ikke, hvis barnet ulovligt er ført her til landet eller ulovligt tilbageholdes her, medmindre

1) barnet har haft bopæl her, i mere end 1 år efter at indehaveren af forældremyndigheden har fået eller burde have fået kendskab til barnets bopæl og der ikke inden for dette tidsrum er indgivet en anmodning om tilbagegivelse af barnet eller

2) en anmodning om tilbagegivelse af barnet er blevet afslået.

*Stk. 4.* Stk. 1-3 kan fraviges ved overenskomst med fremmed stat.

### Sagsbehandling

**§ 449.** Finder familieretten det ikke muligt at behandle en sag på forsvarlig måde, uden at sagsøgte har advokatbistand, kan retten beskikke den pågældende part en advokat. Familieretten pålægger samtidig med sagens afslutning parten at erstatte statskassens udgifter i forbindelse med beskikkelsen.

**§ 449 a.** Familieretten kan opfordre en part til at føre bevis og kan pålægge en part at afgive forklaring.

*Stk. 2.* I sager om omstødelse af ægteskab, der anlægges af Familieretshuset, skal de sagsøgte give møde efter de regler, som gælder for vidner.

**§ 449 b.** Udebliver en part uden lovligt forfald fra et retsmøde, hvortil parten er indkaldt for at afgive forklaring, eller vægrer parten sig uden lovlig grund ved at svare, eller har svaret ikke tilstrækkelig bestemthed, finder § 344, stk. 2, anvendelse. Det samme gælder, hvis en part undlader at efterkomme familierettens opfordring til at føre bevis.

*Stk. 2.* Familieretten kan afvise sagen, hvis sagsøger udebliver eller vægrer sig ved at svare.

**§ 449 c.** Retsmøder foregår for lukkede døre. Ved offentlig gengivelse af rettens afgørelser må der ikke ske offentliggørelse af navn, stilling eller bopæl for nogen af de personer, der er nævnt i afgørelsen, eller på anden måde offentliggørelse af de pågældendes identitet. Overtrædelse af de nævnte forbud straffes med bøde eller under skærpende omstændigheder med fængsel indtil 6 måneder.

*Stk. 2.* For sager om faderskab og medmoderskab finder § 456 m, stk. 1 og 2, dog anvendelse.

**§ 449 d.** Statskassen afholder udgifter ved bevisførelse, ved børnesagkyndig deltagelse i sagsforberedelsen, ved samtaler med børn og ved udpegning af en person til at bistå barnet, jf. §§ 450-450 c. Familieretten kan pålægge en part at erstatte disse udgifter helt eller delvis, hvis det i øvrigt pålægges parten at betale sagsomkostninger.

*Stk. 2.* For sager om faderskab og medmoderskab finder § 456 l dog anvendelse.

**§ 449 e.** Når en sag afsluttes, sender familieretten afgørelsen med sagens akter til Familieretshuset.

*Særlig om behandlingen af sager efter forældreansvarsloven og om separation, skilsmisse og omstødelse af ægteskab*

**§ 450.** Familieretten kan i sager om forældremyndighed, barnets bopæl og samvær udpege en børnesagkyndig til at deltage i forberedende møder. Familieretten kan med henblik på at opnå forlig anmode den børnesagkyndige om at afholde en samtale med parterne eller barnet og om at indhente oplysninger, medmindre en part modsætter sig dette.

**§ 450 a.** Familieretten kan i sager om forældremyndighed, barnets bopæl og samvær træffe bestemmelse om bevisførelse, herunder om at tilvejebringe børnesagkyndige erklæringer og sagkyndige erklæringer om forældre. Om nødvendigt kan familieretten pålægge en part at give møde og afgive forklaring efter de regler, som gælder for vidner.

**§ 450 b.** Samtaler med børn efter § 34 i forældreansvarsloven i sager om forældremyndighed, barnets bopæl og samvær afholdes, uden at parterne er til stede, medmindre familieretten bestemmer andet. Parterne skal forud for afholdelsen af samtalen orienteres om samtalens karakter og betydning, medmindre det vurderes at være unødvendigt.

*Stk. 2.* Familieretten anmoder en børnesagkyndig fra Børnenemheden i Familieretshuset om at afholde samtalen. Familieretten kan dog anmode en anden børnesagkyndig om at afholde samtalen, hvis det konkret vurderes at være nødvendigt.

*Stk. 3.* Inden sagen afgøres, skal parterne gøres bekendt med hovedindholdet af samtalen, medmindre afgørende hensyn til barnet taler imod det.

**§ 450 c.** Familieretten kan udpege en person til at bistå barnet under behandlingen af en sag om forældremyndighed, barnets bopæl og samvær. Den, der udpeges, har adgang til sagens akter og mulighed for at være til stede under retsmøder og samtaler efter §§ 450 og 450 b.

**§ 450 d.** Omstændigheder, som er eller kunne være gjort gældende i en tidligere sag om separation, skilsmisse eller omstødelse af ægteskab eller i en tidligere sag om forældremyndighed eller barnets bopæl, der har været realitetsbehandlet, kan ikke benyttes som søgsmålsgrundlag i en ny sag.

*Den forenklede familiesagsproces*

**§ 451.** Familieretten kan bestemme, at en sag, der er indbragt for familieretten til afgørelse efter § 27 i lov om familieretshuset, og en sag om prøvelse af en afgørelse truffet af Familieretshuset skal behandles i den forenklede familiesagsproces, jf. § 452.

*Stk. 2.* Familieretten kan af egen drift eller efter anmodning fra en part bestemme, at en sag ikke fortsat skal behandles i den forenklede familiesagsproces.

*Stk. 3.* Familierettens afgørelse efter stk. 1 om, hvordan sagen skal behandles, kan ikke indbringes for højere ret.

**§ 452.** En sag i den forenklede familiesagsproces behandles som udgangspunkt på det grundlag, som familieretten har modtaget fra Familieretshuset. Familieretten kan træffe bestemmelse om yderligere oplysning af sagen.

*Stk. 2.* Sagen afgøres på skriftligt grundlag, hvis familieretten finder det ubetænkeligt at undlade mundtlig forhandling.

*Stk. 3.* Familieretten kan pålægge en part at svare på en henvendelse fra familieretten inden for en nærmere angiven frist.

*Stk. 4.* Familieretten kan bestemme, at der i forbindelse med behandlingen af sagen skal afholdes en samtale med barnet efter § 450 b.

*Stk. 5.* Reglerne i §§ 353-355 og 357 finder ikke anvendelse.

*Stk. 6.* Retsmægling efter kapitel 27 kan alene finde sted, hvis der foreligger særlige omstændigheder.

*Stk. 7.* Familieretten kan give en part, der opfylder de økonomiske betingelser efter § 325, fri proces, hvis parten undtagelsesvis har behov for advokatbistand.

*Stk. 8.* Familieretten udarbejder en fortegnelse over parternes påstande, anbringender og beviser. Familieretten kan bestemme, at der ikke skal udarbejdes en fortegnelse, hvis sagen behandles på skriftligt grundlag eller det findes forsvarligt at afholde hovedforhandlingen på det foreliggende grundlag.

*Anke og kære*

**§ 453.** En dom afsagt af familieretten i en sag, hvor en afgørelse truffet af Familieretshuset er indbragt for familieretten, kan kun ankes med Procesbevillingsnævnets tilladelse.

*Stk. 2.* Procesbevillingsnævnet kan give tilladelse til anke af en dom efter stk. 1, hvis sagen er af principiel karakter eller særlige grunde i øvrigt taler derfor. Ansøgning om tilladelse skal indgives til nævnet inden 4 uger efter afsigelsen af dommen. Nævnet kan dog undtagelsesvis meddele tilladelse, hvis ansøgning indgives senere, men inden 1 år efter afsigelsen.

*Stk. 3.* Stk. 1 og 2 finder tilsvarende anvendelse for kendelser, dog således at ansøgningsfristerne i stk. 2 er henholdsvis 2 uger og 6 måneder.

**§ 454.** Ankefristen er 4 uger, jf. § 372, stk. 1. Der kan ikke i medfør af § 372, stk. 2, meddeles tilladelse til efter ankefristens udløb at anke en dom, der går ud på separation, skilsmisse eller omstødelse af ægteskab, eller hvorved et ægteskab er kendt ikkebestående. Tilladelse kan dog meddeles til særskilt anke af vilkår, jf. stk. 2.

*Stk. 2.* Domme, der går ud på separation, skilsmisse eller omstødelse af ægteskab, kan ankes særskilt, for så vidt angår vilkårene eller enkelte af disse. Angår anken kun vilkårene, kan den ret, hvortil anke er sket, kun ændre dommens bestemmelse om separation, skilsmisse eller omstødelse, hvis påstand herom fremsættes i et processkrift, der indleveres til retten inden ankefristens udløb.

*Stk. 3.* For sager om faderskab og medmoderskab finder § 456 o dog anvendelse.

**§ 454 a.** Ved anke til landsretten finder § 410, stk. 1-6, tilsvarende anvendelse, når sagen har været behandlet i den forenklede familiesagsproces.

**§ 455.** Under anke og kære sker sagsbehandlingen i landsretten med de fornødne lempelser efter samme regler, som er fastsat i dette kapitel for behandlingen ved familieretten og i øvrigt efter reglerne i kapitel 36 og 37.

*Stk. 2.* Skal der under landsrettens behandling af en sag om forældremyndighed, barnets bopæl og samvær afholdes samtale med barnet efter § 450 b, afholdes samtalen af en børnesagkyndig fra Børneenheden i Familieretshuset, medmindre landsretten bestemmer, at samtalen skal afholdes af en anden børnesagkyndig.

**§ 456.** Afvises en sag, hvor anmodning om skilsmisse blev indgivet til Familieretshuset inden udløbet af en frist herfor, som er fastsat i lov om ægteskabs indgåelse og opløsning, eller hæves en sådan sag uden anmodning herom fra sagsøgeren, kan sagsøgeren, selv om fristen i mellemtiden er udløbet, inden 4 uger efter at sagen blev afvist eller hævet, anmode familieretten om at genoptage behandlingen af sagen.

*Stk. 2.* Bestemmelsen i stk. 1 finder tilsvarende anvendelse, hvis en sag om omstødelse af ægteskab, der er anlagt inden udløbet af en frist for sagsanlæg, som er fastsat i lov om ægteskabs indgåelse og opløsning, afvises eller hæves uden anmodning herom fra sagsøgeren.

Kapitel 42 a

*Sager om faderskab og medmoderskab*

**§ 456 a.** Reglerne i dette kapitel anvendes på sager om faderskab og medmoderskab til børn, herunder spørgsmål om genoptagelse af sådanne sager.

**§ 456 b.** Sag kan indbringes for familieretten her i landet, hvis

1)  moderen eller barnet har bopæl her,
2)  en person, som i medfør af § 456 e, stk. 1, nr. 3, er part i sagen, har bopæl eller ophold her eller personens dødsbo behandles eller har været behandlet her eller
3)  faderskabet eller medmoderskabet er registreret efter børnelovens kapitel 1 eller 1 a, anerkendt efter børnelovens §§ 14 eller 19 eller fastslået ved dom.

*Stk. 2.* Sag efter anmodning fra en person, som efter børnelovens § 6 eller § 6 a har ret til at få prøvet, om den pågældende er barnets far eller medmor, kan dog kun indbrin-

ges for familieretten her i landet, hvis moderen og barnet har bopæl her.

*Stk. 3.* Reglerne i stk. 1 og 2 kan fraviges ved overenskomst med fremmed stat.

**§ 456 c.** Forlader en af parterne retskredsen, før nogen af dem har afgivet forklaring, kan sagen henvises til videre behandling ved den familieret, der nu er rette værneting. Familieretten kan i øvrigt med samtykke fra præsidenten for vedkommende landsret henvise sagen til behandling ved en anden familieret, hvis dette kan antages at forenkle eller fremskynde sagens behandling.

**§ 456 d.** (Ophævet)

**§ 456 e.** Sagens parter er
1) barnet eller dets dødsbo,
2) moderen eller hendes dødsbo og
3) den eller de personer eller dødsboer, som familieretten efter børnelovens § 17 skal inddrage.

*Stk. 2.* Er en part umyndig, optræder værgen på partens vegne i sagen. Parterne kan i øvrigt optræde på egen hånd uden hensyn til værgemål. Finder familieretten det påkrævet, at der for en part beskikkes en særlig værge, jf. værgemålslovens §§ 47-49, kan denne beskikkes af familieretten.

**§ 456 f.** Meddelelse om sagens indbringelse for familieretten gives ved familierettens foranstaltning til parterne. Inddrages en person under sagen som part, gives meddelelse ligeledes til den pågældende.

*Stk. 2.* Er en part død, gives meddelelsen til dødsboet.

**§ 456 g.** Familieretten kan beskikke en advokat for en part, hvis den pågældende har behov for det. Beskikkelse skal ske for en inddraget person, når der efter indkaldelse ved bekendtgørelse i Statstidende eller i tilfælde, hvor den opgivne forælder er død, ikke gives møde af den pågældende eller dødsboet.

**§ 456 h.** Familieretten drager omsorg for sagens oplysning.

*Stk. 2.* Familieretten træffer selv bestemmelse om afhøring af parter og vidner og om tilvejebringelse af udtalelser fra sagkyndige og andre bevismidler. Familieretten indkalder selv parter og vidner.

*Stk. 3.* Politiet yder familieretten bistand til sagens oplysning, herunder ved eftersøgning af opgivne fader- eller medmodermuligheder.

*Stk. 4.* Bestemmelserne i denne lov om virkningerne af en parts udeblivelse eller møde uden at rejse indsigelse gælder ikke i sager efter dette kapitel.

*Stk. 5.* Indkaldelse af parterne til at overvære afhøring af vidner eller andre parter kan undlades, når familieretten finder parternes møde uden betydning for sagen. Der skal altid gives parterne meddelelse om tid og sted for det retsmøde, i hvilket en sådan afhøring skal foregå, jf. dog stk. 6. I meddelelsen angives, at vedkommende part ikke behøver at give møde, medmindre parten selv ønsker det.

*Stk. 6.* Familieretten kan undlade at indkalde en part eller bestemme, at parten skal være udelukket fra at overvære et retsmøde helt eller delvis, såfremt hensynet til en anden part

eller til sagens oplysning undtagelsesvis gør det påkrævet. Inden sagen afgøres, skal den pågældende gøres bekendt med de fremkomne oplysninger.

*Stk. 7.* Familieretten træffer bestemmelse om gennemførelse af retsgenetiske undersøgelser, jf. børnelovens § 18. Bestemmelserne i § 178 finder tilsvarende anvendelse.

**§ 456 i.** Moderen har pligt til at møde i familieretten og afgive forklaring om, hvem der er eller kan være barnets far eller medmor, jf. børnelovens § 16. Reglerne i § 171, stk. 2, nr. 1, og §§ 177-180 finder tilsvarende anvendelse.

*Stk. 2.* Den eller de personer, som i medfør af § 456 e, stk. 1, nr. 3, er parter i sagen, har pligt til at møde i familieretten og dér afgive forklaring om, hvorvidt de har haft seksuelt forhold til moderen i den periode, hvor hun blev gravid, eller om de i medfør af børnelovens §§ 27, 27 a eller 27 b har samtykket til den assisterede reproduktion. Reglerne i § 171, stk. 2, nr. 1, og §§ 177-180 finder tilsvarende anvendelse.

*Stk. 3.* Der kan tillægges en part rejsegodtgørelse efter reglerne i § 188.

**§ 456 j.** Anerkendelser for familieretten fremlægges til retsbogen.

**§ 456 k.** Familieretten træffer afgørelse uden hensyn til parternes påstande og anbringender.

*Stk. 2.* Kun familieretten kan træffe bestemmelse om, at en person ikke længere skal være inddraget som part i sagen.

*Stk. 3.* Sagen hæves, når
1) faderskabet eller medmoderskabet er anerkendt, jf. børnelovens § 19,
2) ingen af de personer, der i medfør af § 456 e, stk. 1, nr. 3, er parter i sagen, bliver dømt som far eller medmor,
3) barnet er afgået ved døden, jf. dog børnelovens § 7, stk. 2, eller
4) ingen fader- eller medmodermuligheder er oplyst, kan identificeres eller findes.

**§ 456 l.** Udgifter ved bevisførelse i henhold til § 456 h afholdes af statskassen. Familieretten kan pålægge en part at erstatte disse udgifter helt eller delvis, såfremt det i øvrigt pålægges parten at betale sagsomkostninger.

**§ 456 m.** Retsmøderne foregår for lukkede døre. Efter moderens ønske kan en medarbejder fra kommunen give møde med hende.

*Stk. 2.* Ved offentlig gengivelse af domme må der ikke ske offentliggørelse af navn, stilling eller bopæl for nogen af de i dommen nævnte personer eller på anden måde offentliggørelse af de pågældendes identitet. Overtrædelse af forbuddet straffes med bøde eller under skærpende omstændigheder med fængsel i indtil 6 måneder.

*Stk. 3.* Ved forkyndelse af meddelelse om sagens anlæg og tilsigelser i henhold til § 159 samt af domme optages moderens og barnets navn kun i bekendtgørelsen i Statstidende, såfremt familieretten i særlige tilfælde træffer bestemmelse herom.

*Stk. 4.* Er barnet bortadopteret, og kender forældrene ikke adoptanternes navn, må adoptanternes, parternes og vidners navne ikke optages i udskrifter af retsbogen eller familieretens afgørelser.

**§ 456 n.** Når faderskabet eller medmoderskabet er fastslået eller sagen hævet, sender familieretten snarest muligt meddelelse til Familieretshuset. Meddelelsen skal være ledsaget af kopi af den til retsbogen fremlagte anerkendelse eller en kopi af dommen, en kopi af retsbogen og kopi af de i sagen fremlagte personlige attester.

*Stk. 2.* Familieretten sørger for dommens forkyndelse.

**§ 456 o.** Anke sker ved meddelelse til familieretten. Meddelelse kan ske mundtligt til retsbogen. Familieretten sender meddelelsen eller i de i 2. pkt. nævnte tilfælde en kopi af retsbogen og sagens akter til landsretten.

*Stk. 2.* Reglerne i dette kapitel finder med de fornødne lempelser anvendelse under anke.

*Stk. 3.* Uanset ankefrister kan landsretten under anken inddrage enhver, der for familieretten har været inddraget som part. Opstår der spørgsmål om inddragelse af andre personer, kan sagen hjemvises til fornyet behandling ved familieretten.

Kapitel 42 b

*Særregler om tvangsfuldbyrdelse af forældremyndighed, barnets bopæl og samvær*

**§ 456 p.** Fuldbyrdelse efter reglerne i dette kapitel kan kun ske under hensyn til barnet og skal varetage barnets bedste. Fuldbyrdelse kan endvidere kun ske, hvis der ikke er behov for af hensyn til barnet at henvise sagen til Familieretshuset til vurdering af, om den aftale afgørelse, der søges fuldbyrdet, skal ændres eller ophæves.

**§ 456 q.** Domme og kendelser om forældremyndighed, barnets bopæl og samvær samt retsforlig, afgørelser og aftaler, der kan fuldbyrdes efter § 478, stk. 1, nr. 1-3, fuldbyrdes af familieretten efter reglerne i dette kapitel. Det samme gælder anmodninger om udlevering af et barn til forældremyndighedsindehaveren eller bopælsforælderen efter § 596, stk. 2, § 449 c og kapitel 45, 46 og 53 gælder også for sager efter 1. og 2. pkt., dog således at familieretten træder i stedet for fogedretten.

*Stk. 2.* De domme, kendelser, retsforlig, afgørelser, aftaler og anmodninger, der er nævnt i stk. 1, kan fuldbyrdes ved anvendelse af tvangsbøder, jf. § 456 r, stk. 3, eller ved anvendelse af umiddelbar magt ved tilbageholdelse af den forælder, der har barnet, et andet sted end barnets opholdssted eller ved afhentning af barnet, jf. § 456 r, stk. 5. Familieretten er ikke bundet af rekvirentens anmodning ved valg af fuldbyrdelsesmåde. Samvær med andre end barnets forældre kan kun fuldbyrdes ved anvendelse af tvangsbøder.

*Stk. 3.* Familieretten kan i tvivlstilfælde udsætte fuldbyrdelsen på indhentelse af en børnesagkyndig erklæring.

*Stk. 4.* Familieretten kan ændre omfang, tid og sted for samværet og vilkårene herfor under fuldbyrdelsessagen.

*Stk. 5.* Familieretten kan fastsætte erstatningssamvær for et samvær, der ikke har kunnet udøves under fuldbyrdelsessagen.

**§ 456 r.** Familieretten kan tilkalde en repræsentant fra kommunen til at varetage barnets interesser under sagen. Familieretten kan efter omstændighederne give en kortere udsættelse af tidspunktet for barnets udlevering eller samværets udøvelse.

*Stk. 2.* Et barn, som har den fornødne alder og modenhed, skal under en samtale have mulighed for at give udtryk for sine egne synspunkter, medmindre det er til skade for barnet. Afholdes en samtale med barnet, skal der deltage en børnesagkyndig eller en repræsentant fra kommunen. § 450 b, stk. 1, 1. pkt., og stk. 3, finder tilsvarende anvendelse. Den børnesagkyndige skal komme fra Børneenheden i Familieretshuset, medmindre der foreligger særlige omstændigheder.

*Stk. 3.* Tvangsbøder fastsættes som daglige eller ugentlige bøder, der løber, indtil barnet udleveres. Ved fuldbyrdelsen af bestemmelser om udøvelse af samvær kan der dog fastsættes en enkelt bøde, der forfalder, når en bestemmelse om udøvelse af samvær på et nærmere angivet tidspunkt ikke efterkommes. Bødens størrelse fastlægges i forhold til indkomsten hos den forælder, der har barnet, og bøden fastsættes som minimum til 1.500 kr.

*Stk. 4.* Inden fuldbyrdelse ved anvendelse af umiddelbar magt gennem afhentning af barnet, jf. stk. 5, udsætter familieretten kortvarigt sagen med henblik på gennemførelse af børnesagkyndig rådgivning efter § 32 a i forældreansvarsloven, medmindre der foreligger særlige omstændigheder.

*Stk. 5.* Skal der anvendes umiddelbar magt, skal dette som udgangspunkt ske ved tilbageholdelse af den forælder, der har barnet, et andet sted end barnets opholdssted. Er dette ikke muligt, skal familieretten vurdere, om der er grundlag for at gennemføre fuldbyrdelsen ved afhentning af barnet. Gennemføres fuldbyrdelsen ved afhentning af barnet, skal der deltage en børnesagkyndig fra Børneenheden i Familieretshuset og en repræsentant fra kommunen til at varetage barnets interesser, medmindre der foreligger ganske særlige omstændigheder. Den børnesagkyndige skal til brug for familierettens afgørelse foretage en vurdering af, om fuldbyrdelsen sker af hensyn til barnet og varetager barnets bedste.

Kapitel 43

*Værgemålssager*

**§ 457.** Reglerne i dette kapitel anvendes på sager om
1)   værgemål,
2)   prøvelse af Familieretshusets værgemålsafgørelser og
3)   rettens værgebeskikkelse.

**§ 458.** Sagerne indbringes for byretten på det sted, hvor den, som begæres sat under værgemål eller er under værgemål, har hjemting. Har denne ikke hjemting her i riget, indbringes sagen for Københavns Byret.

**§ 459.** Som parter anses

1)  den, som begæres sat under værgemål eller er under værgemål,

2)  den, der har anmodet om værgemålet, og

3)  den, der har anmodet om, at Familieretshusets afgørelse indbringes for retten.

*Stk. 2.* Endvidere kan de i værgemålslovens § 16, stk. 1, nr. 2 og 3, nævnte personer indtræde som part under sagen.

**§ 460.** Giver den, der begæres sat under værgemål eller er under værgemål, ikke møde ved advokat, beskikker retten en advokat for denne. Retten kan beskikke advokat for andre parter, hvis de har behov herfor.

**§ 461.** Retten sørger for sagens oplysning og træffer bestemmelse om afhøring af parter og vidner og om tilvejebringelse af lægeerklæringer, erklæringer fra institutioner, udtalelser fra andre sagkyndige samt andre oplysninger. Retten indkalder selv parter og vidner.

*Stk. 2.* Når særlige omstændigheder taler for det, kan retten bestemme, at den, der begæres sat under værgemål eller er under værgemål, ikke må overvære bevisførelsen eller en del af denne. Den pågældende skal, inden sagen afgøres, gøres bekendt med de fremkomne oplysninger, medmindre dette vil stride mod de hensyn, der har ført til udelukkelsen.

**§ 462.** Retten kan bestemme, at retsmøderne skal foregå for lukkede døre.

*Stk. 2.* Retten kan forbyde offentlig gengivelse af forhandlingerne i retten. Overtrædelse af forbuddet straffes med bøde.

**§ 463.** Anmodning om prøvelse af Familieretshusets afgørelse om værgemål har ikke opsættende virkning, medmindre retten bestemmer andet.

**§ 464.** Rettens værgemålsafgørelse træffes ved dom. En foreløbig afgørelse om værgemål træffes dog ved kendelse. Beskikkelse af værge sker ved beslutning eller kendelse.

**§ 465.** Udgifter ved bevisførelse i henhold til § 461 afholdes af statskassen. Retten kan pålægge en part at erstatte disse udgifter helt eller delvis, såfremt det i øvrigt pålægges parten at betale sagsomkostninger.

**§ 466.** Anke kan iværksættes af dem, der efter bestemmelsen i § 459 kan optræde som parter under byrettens behandling af sagen.

*Stk. 2.* Anke sker ved meddelelse til byretten. Meddelelsen kan ske mundtligt til retsbogen. Retten sender meddelelsen og sagens akter til landsretten.

*Stk. 3.* Under anke behandles sagen i landsretten efter samme regler, som er fastsat i dette kapitel for byretsbehandlingen.

*Stk. 4.* Anke har kun opsættende virkning, når det bestemmes af den ret, hvis afgørelse ankes, eller af den ret, til hvilken anke sker.

**§ 467.** (Ophævet)

Kapitel 43 a

*Prøvelse af administrativt bestemt frihedsberøvelse*

**§ 468.** Reglerne i dette kapitel finder, når andet ikke er bestemt ved lov, anvendelse ved frihedsberøvelse uden for strafferetsplejen, der ikke er besluttet af en dømmende myndighed.

**§ 469.** Begærer den, der administrativt er berøvet sin frihed, eller den, som handler på hans vegne, at frihedsberøvelsens lovlighed prøves af retten, skal den myndighed, som har besluttet frihedsberøvelsen eller nægtet at ophæve den, forelægge sagen for byretten på det sted, hvor den, om hvis frihedsberøvelse, der er spørgsmål, har bopæl (hjemting), jf. § 235. Sager om tvangsindlæggelse, tvangstilbageholdelse, tilbageførsel, tvangsfiksering, beskyttelsesfiksering, oppegående tvangsfiksering og aflåsning af døre i afdelingen i henhold til lov om anvendelse af tvang i psykiatrien samt sager om tvangsindlæggelse, tilbageholdelse og tilbageførsel efter §§ 10 og 12 i lov om anvendelse af tvang ved somatisk behandling af varigt inhabile forelægges dog, så længe patienten ikke er udskrevet, for byretten på det sted, hvor vedkommende sygehus eller afdeling er beliggende.

*Stk. 2.* Forelæggelsen for retten skal finde sted inden 5 søgnedage efter begæringens fremsættelse og sker ved fremsendelse af sagens akter med fornødne oplysninger om den beslutning, hvis lovlighed kræves prøvet, herunder angivelse af den bestemmelse, i medfør af hvilken beslutningen er truffet, en kortfattet redegørelse for de omstændigheder, der påberåbes som grundlag for den, og henvisning til de i sagen foreliggende bevisligheder, der vil kunne have betydning for rettens afgørelse. Indbringes sagen for en domstol, der ikke er rette værneting, henviser dommeren sagen til rette værneting.

*Stk. 3.* Begæring om sagens indbringelse for retten hindrer ikke frihedsberøvelsens iværksættelse eller opretholdelse, medmindre retten bestemmer det.

*Stk. 4.* Begæring om sagens indbringelse for retten efter reglerne i dette kapitel skal fremsættes inden 4 uger efter frihedsberøvelsens ophør. Senere fremsættelse af begæringen kan indtil 6 måneder efter frihedsberøvelsens ophør undtagelsesvis tillades at retten, når der foreligger særlig grund til at afvige fra fristen. I sager om tvangsindlæggelse, tvangstilbageholdelse, tilbageførsel, tvangsfiksering, beskyttelsesfiksering, oppegående tvangsfiksering og aflåsning af døre i afdelingen i henhold til lov om anvendelse af tvang i psykiatrien samt sager om tvangsindlæggelse, tilbageholdelse og tilbageførsel efter §§ 10 og 12 i lov om anvendelse af tvang ved somatisk behandling af varigt inhabile regnes fristerne dog fra det psykiatriske patientklagenævns eller Tvangsbehandlingsnævnets afgørelse i sagen.

*Stk. 5.* Er lovligheden af den pågældende frihedsberøvelse stadfæstet ved dom, kan begæring om fornyet prøvelse ikke rejses med pligt for den besluttende myndighed efter denne paragraf, forinden der er forløbet sådan frist, som måtte være fastsat i vedkommende særlige lov.

*Stk. 6.* Krav om erstatning af det offentlige for ulovlig frihedsberøvelse skal efter begæring pådømmes under sagen om frihedsberøvelsens lovlighed. Retten kan dog udskyde

erstatningsspørgsmålet til behandling efter afgørelsen om frihedsberøvelsens lovlighed.

**§ 470.** Som parter anses den, om hvis frihedsberøvelse der er spørgsmål, den, der handler på hans vegne, samt den besluttende myndighed.

*Stk. 2.* Retten beskikker en advokat til at varetage dens tarv, hvis frihedsberøvelse sagen angår, medmindre han selv har antaget en advokat. Når der skønnes at være fornøden anledning dertil, kan retten endvidere beskikke en advokat for den besluttende myndighed eller andre parter.

*Stk. 3.* Dommeren bestemmer snarest muligt tid for sagens foretagelse, hvorom parterne underrettes med et af dommeren fastsat varsel. Meddelelsen skal indeholde oplysning om, at sagen i tilfælde af udeblivelse uden lovligt forfald kan fremmes til dom på det foreliggende grundlag. Dommeren påser i øvrigt, at sagen fremmes mest muligt.

*Stk. 4.* Er frihedsberøvelsen iværksat, skal den frihedsberøvede bringes til stede i retten, hvis retten bestemmer det. Det samme gælder, hvis han selv fremsætter ønske herom, medmindre retten efter de foreliggende oplysninger om hans tilstand finder, at fremstilling ikke bør finde sted. Retten bestemmer, om den frihedsberøvede skal bringes til stede umiddelbart for den dømmende ret, eller om det må anses for tilstrækkeligt, at der gives den frihedsberøvede lejlighed til at udtale sig over for retten på opholdsstedet eller over for den dømmende ret ved anvendelse af telekommunikation.

**§ 471.** Retten drager omsorg for sagens oplysning og træffer selv bestemmelse om afhøring af parter og vidner samt om tilvejebringelse af udtalelser fra sagkyndige og af andre bevismidler.

*Stk. 2.* Når særlige omstændigheder taler derfor, kan retten bestemme, at den frihedsberøvede eller den, der handler på hans vegne, skal forlade retssalen under bevisførelsen eller under en del af denne. Når den pågældende atter er indladt i retssalen, skal han gøres bekendt med det under hans fraværelse forefaldne.

*Stk. 3.* Såfremt retten anser det for fornødent, at en til vedkommende hospital eller anstalt knyttet person afhøres som vidne i retten, bør den pågældende i almindelighed ikke kræves afhørt uden for den retskreds, i hvilken han bor eller opholder sig, eller i hvilken hospitalet eller anstalten er beliggende. På samme måde bør en til den besluttende myndighed knyttet person i almindelighed ikke kræves afhørt uden for den retskreds, i hvilken han bor eller opholder sig, eller i hvilken den besluttende myndighed har sit sæde.

*Stk. 4.* Retten indkalder selv parter og vidner. Politiet skal på begæring bistå retten med fremskaffelse af oplysninger om parters og vidners bopæle eller opholdssteder eller andre af retten nærmere angivne forhold.

**§ 472.** Efter at parterne har haft lejlighed til at udtale sig, og bevisførelsen er sluttet, afgør retten ved dom, om frihedsberøvelsen som lovlig bør stå ved magt, eller om den vil være at ophæve.

*Stk. 2.* Udebliver nogen af parterne uden oplyst lovligt forfald, afgør retten, om frihedsberøvelsens lovlighed kan prøves på det foreliggende grundlag, eller om udsættelse skal finde sted.

**§ 473.** Retten kan bestemme, at der ved offentlig gengivelse af forhandlingen i retten og af dommen ikke må ske offentliggørelse af navn, stilling eller bopæl for nogen af de under sagen nævnte personer eller på anden måde offentliggørelse af de pågældendes identitet. Overtrædelse af sådant forbud straffes med bøde.

**§ 474.** Udgifter ved bevisførelse i henhold til § 471 afholdes af statskassen. Retten kan pålægge en part at erstatte disse udgifter helt eller delvis, såfremt det i øvrigt pålægges parten at betale sagsomkostninger.

**§ 475.** Anke sker ved meddelelse til dommeren. Ankefristen er 4 uger fra dommens afsigelse. Byretten sender meddelelsen om anken samt sagens akter til landsretten, der berammer mundtlig forhandling af sagen i et retsmøde, til hvilket parterne indkaldes af retten med et af denne bestemt varsel. Bestemmelserne i § 372, stk. 2, 4.-8. pkt., finder tilsvarende anvendelse.

*Stk. 2.* Om sagens behandling i landsretten gælder tilsvarende regler som fastsat for byretsbehandlingen.

*Stk. 3.* Landsrettens dom kan ikke ankes til Højesteret. Bestemmelserne i § 371, stk. 1, 2. pkt., og stk. 2, finder dog tilsvarende anvendelse.

*Stk. 4.* Anke har kun opsættende virkning, når det bestemmes af den ret, hvis afgørelse påankes, eller af den ret, til hvilken anke sker.

## Kapitel 43 b
### *Prøvelse af beslutning om adoption uden samtykke*

**§ 475 a.** Reglerne i dette kapitel finder anvendelse på sager, som indbringes for retten efter adoptionslovens § 11.

**§ 475 b.** Sagen indbringes for byretten på det sted, hvor den, der har forlangt beslutningen prøvet af retten (klageren), har hjemting. Har klageren ikke hjemting her i riget, indbringes sagen for retten på det sted, hvor barnet har hjemting. Har hverken klageren eller barnet hjemting her i riget, indbringes sagen for den ret, som justitsministeren bestemmer.

*Stk. 2.* Sagen skal indbringes for retten, senest 3 uger efter at Ankestyrelsen har modtaget en anmodning om, at afgørelsen prøves af retten. Ankestyrelsen sender sagens akter til retten med oplysning om den afgørelse, der forlanges prøvet, samt en kort redegørelse for de omstændigheder, der påberåbes, og for de beviser, der kan have betydning for sagens afgørelse.

*Stk. 3.* Indbringes sagen for en domstol, der ikke er rette værneting, henviser dommeren sagen til rette værneting.

*Stk. 4.* Er anmodning om beslutningens prøvelse af retten modtaget efter udløbet af den i adoptionslovens § 11, stk. 1, nævnte frist, afvises sagen, medmindre overskridelsen er undskyldelig, eller særlige grunde i øvrigt taler for at behandle sagen. Afgørelsen træffes ved kendelse.

**§ 475 c.** Som parter anses Ankestyrelsen, forældrene, barnet, barnets plejefamilie, hvis Ankestyrelsens afgørelse er

truffet efter § 9, stk. 4, i adoptionsloven, og indehaveren af forældremyndigheden, hvis denne er en anden end forældrene og forældremyndigheden ikke følger af § 32 a, stk. 2, i adoptionsloven. Forældrene optræder på egen hånd, selv om de er umyndige.

*Stk. 2.* Retten beskikker en advokat for sagens parter undtagen Ankestyrelsen, medmindre de pågældende selv har antaget en advokat.

*Stk. 3.* Retten kan beskikke en værge for barnet, der i så fald indtræder som part i sagen.

**§ 475 d.** Udebliver klageren uden lovligt forfald, afgør retten, om beslutningen kan prøves uden hans tilstedeværelse, eller om sagen skal udsættes.

*Stk. 2.* Klageren skal i forbindelse med indkaldelsen til retsmødet gøres bekendt med reglen i stk. 1.

**§ 475 e.** Retten drager omsorg for sagens oplysning og træffer selv bestemmelse om afhøring af parter og vidner samt om tilvejebringelse af udtalelser fra sagkyndige og af andre bevismidler.

*Stk. 2.* Når særlige omstændigheder taler derfor, kan retten bestemme, at parterne ikke må overvære bevisførelsen eller en del af denne. Parterne skal, inden sagen afgøres, gøres bekendt med indholdet af bevisførelsen, medmindre det vil stride mod de hensyn, der har ført til udelukkelsen.

**§ 475 f.** Retten afgør ved dom, om beslutningen skal opretholdes eller ophæves.

**§ 475 g.** Retsmøderne foregår for lukkede døre.

*Stk. 2.* Ved offentlig gengivelse af domme må der ikke ske offentliggørelse af navn, stilling eller bopæl for nogen af de i dommen nævnte personer eller på anden måde offentliggørelse af de pågældendes identitet. Overtrædelse straffes med bøde.

*Stk. 3.* Kender forældrene eller værgen ikke den, der søger adoption, må den adoptionssøgendes og vidners navne ikke optages i udskrifter af retsbogen eller rettens afgørelser.

**§ 475 h.** Udgifter ved bevisførelse i henhold til § 475 e afholdes af statskassen. Retten kan pålægge en part at erstatte disse udgifter helt eller delvis, såfremt det i øvrigt pålægges parten at betale sagsomkostninger.

**§ 475 i.** Ankefristen er 4 uger ved anke til landsret og 4 uger ved anke til Højesteret. Der kan ikke i medfør af § 372, stk. 2, meddeles tilladelse til at anke dommen efter ankefristens udløb.

*Stk. 2.* Anke til landsret sker ved meddelelse til byretten. Meddelelsen kan ske mundtligt til retsbogen. Retten sender meddelelsen og sagens akter til landsretten.

*Stk. 3.* Landsrettens dom kan ikke ankes til Højesteret. Bestemmelserne i § 371, stk. 1, 2. pkt., og stk. 2, finder dog tilsvarende anvendelse.

*Stk. 4.* Om kære gælder reglerne i kapitel 37. Der kan dog ikke i medfør af § 394, stk. 2, meddeles tilladelse til at kære de i § 475 h, stk. 4, nævnte kendelser efter kærefristens udløb.

*Stk. 5.* Om sagens behandling i landsretten og Højesteret gælder tilsvarende regler som fastsat for byretsbehandlingen.

## Kapitel 44

### *Fremgangsmåden ved at erhverve mortifikations- eller ejendomsdom*

**§ 476.** Når nogen vil søge ejendomsdom efter forudgående offentlig indkaldelse, kommer bestemmelserne i lov om mortifikation af værdipapirer §§ 3-7 og § 8, stk. 1, til anvendelse med de lempelser, der følger af forholdenes forskellighed.

*Stk. 2.* Angår sagen en fast ejendom, anlægges den ved byretten på det sted, hvor ejendommen ligger.

*Stk. 3.* Det har sit forblivende ved den gældende rets regler om adgangen til at søge sådan ejendomsdom såvel som om retsvirkningerne af den.

**§ 477.** Om adgang til erhvervelse af mortifikationsdom på servitutter, brugsrettigheder og grundbyrder har det sit forblivende ved reglerne i lov nr. 67 af 14. april 1905, dog at der i stedet for den i nævnte lovs § 4 omhandlede bevilling til erhvervelse af mortifikationsdom uden særlig indstævning træder en tilladelse meddelt af vedkommende ret ved kendelse.

## Tredje afsnit.

## Betalingspåkrav

### Kapitel 44 a

**§ 477 a.** Reglerne i dette kapitel kan anvendes ved inddrivelse af forfaldne pengekrav på højst 100.000 kr., når fordringshaveren ikke forventer, at skyldneren har indsigelser mod kravet eller vil gøre modkrav gældende. Renter og omkostninger medregnes ikke ved opgørelsen af kravets værdi.

*Stk. 2.* Er der angivet flere skyldnere i samme betalingspåkrav, anvendes reglerne i §§ 477 d- 477 f for hver skyldner for sig.

**§ 477 b.** Inddrivelsen indledes ved indlevering af betalingspåkrav til fogedretten i en retskreds, hvor der er værneting efter kapitel 22 og 23. Såfremt fordringshaveren anmoder om, at udlæg iværksættes uden fornyet anmodning, jf. stk. 4, nr. 2, skal betalingspåkravet dog indleveres til fogedretten i en retskreds, hvor der endvidere er værneting efter § 487, stk. 1 og stk. 2, 1. pkt.

*Stk. 2.* Før betalingspåkravet indleveres til fogedretten, skal der til skyldneren være sendt en påkravsskrivelse, der opfylder betingelserne i § 10, stk. 2 og 3, i lov om inkassovirksomhed, og den frist, der er nævnt i § 10, stk. 3, i lov om inkassovirksomhed, skal være udløbet, jf. dog § 11 i lov om inkassovirksomhed.

*Stk. 3.* Betalingspåkravet skal indeholde
1) parternes navn og adresse, herunder angivelse af en postadresse i Det Europæiske Økonomiske Samarbejdsområde, hvortil meddelelser til fordringshaveren vedrørende sagen kan sendes, og hvor forkyndelse kan ske,

2)  angivelse af den ret, ved hvilken inddrivelsen indledes,

3)  fordringshaverens krav og

4)  en kort fremstilling af de faktiske og retlige omstændigheder, hvorpå kravet støttes.

*Stk. 4.* Betalingspåkravet skal endvidere indeholde oplysning om,

1)  hvorvidt fordringshaveren ønsker betalingspåkravet forkyndt for skyldneren, såfremt udlæg er udelukket efter § 490 eller konkurslovens §§ 12 c, 31 eller 207,

2)  hvorvidt fordringshaveren ønsker, at udlæg iværksættes uden fornyet anmodning fra fordringshaveren, såfremt skyldneren ikke fremsætter indsigelser, og

3)  hvorvidt fordringshaveren ønsker, at retssagsbehandling indledes på grundlag af betalingspåkravet uden indlevering af stævning, såfremt skyldneren fremsætter indsigelser.

*Stk. 5.* Domstolsstyrelsen kan fastsætte nærmere regler om betalingspåkravets udformning, herunder om anvendelse af særlige blanketter og om indlevering af kopier af betalingspåkravet.

*Stk. 6.* Fogedretten vejleder om udfyldning af blanketter.

**§ 477 c.** Opfylder betalingspåkravet ikke kravene i §§ 477 a og 477 b, afvises sagen ved en beslutning, der meddeles fordringshaveren, jf. dog stk. 3. Det samme gælder, hvis fordringshaverens krav er uklart eller ikke findes begrundet i sagsfremstillingen eller sagsfremstillingen må antages i væsentlige henseender at være urigtig. Efter fordringshaverens anmodning træffes afgørelsen om afvisning ved kendelse.

*Stk. 2.* Fogedretten kan indrømme fordringshaveren en frist til at afhjælpe mangler som nævnt i stk. 1.

*Stk. 3.* Fremgår det af det foreliggende, hvilken fogedret der er kompetent, kan der i stedet for afvisning ske henvisning til denne fogedret.

*Stk. 4.* Fogedretten træffer afgørelse om betaling af sagsomkostninger og giver betalingspåkravet påtegning herom.

**§ 477 d.** Fogedretten lader betalingspåkravet vedhæftet den i stk. 3 nævnte vejledning forkynde for skyldneren på grundlag af de oplysninger, som betalingspåkravet indeholder, medmindre udlæg er udelukket efter § 490 eller konkurslovens §§ 12 c, 31 eller 207 og fordringshaveren har anmodet om, at forkyndelse i så fald undlades, jf. § 477 b, stk. 4, nr. 1.

*Stk. 2.* Fogedretten kan afvise sagen, hvis angivelsen af skyldnerens navn og adresse, jf. § 477 b, stk. 3, nr. 1, er unøjagtig, således at forkyndelse ikke kan foretages på grundlag af fordringshaverens oplysninger. § 477 c, stk. 1, 3. pkt., og stk. 2, finder tilsvarende anvendelse.

*Stk. 3.* Domstolsstyrelsen udarbejder en vejledning til skyldneren om retsvirkningerne af betalingspåkravet og om, hvad skyldneren bør foretage sig til varetagelse af sine interesser.

**§ 477 e.** Hvis skyldneren har indsigelser mod kravet, skal skyldneren skriftligt give fogedretten meddelelse herom inden 14 dage fra forkyndelsen af betalingspåkravet. Såfremt forkyndelsen sker i udlandet, på Færøerne eller i Grønland, er fristen dog 4 uger.

*Stk. 2.* Fremkommer der ikke rettidigt indsigelser mod kravet, giver fogedretten betalingspåkravet påtegning herom og underretter parterne. Såfremt fordringshaveren har anmodet om foretagelse af udlæg uden fornyet anmodning, jf. § 477 b, stk. 4, nr. 2, iværksætter fogedretten tvangsfuldbyrdelse på grundlag af betalingspåkravet, der sidestilles med en anmodning om tvangsfuldbyrdelse. Såfremt fordringshaveren ikke har anmodet om foretagelse af udlæg uden fornyet anmodning, sender fogedretten udskrift af betalingspåkravet til fordringshaveren.

*Stk. 3.* Når betalingspåkravet har fået påtegning efter stk. 2, 1. pkt., har det samme bindende virkning som en dom.

*Stk. 4.* Inden 4 uger efter, at fogedretten har givet betalingspåkravet påtegning om, at der ikke rettidigt er fremkommet indsigelser, kan skyldneren ved skriftlig anmodning til fogedretten kræve sagen genoptaget. Fogedretten kan undtagelsesvis genoptage sagen, hvis anmodning indgives senere, men inden 1 år efter, at fogedretten har givet betalingspåkravet påtegning om, at der ikke rettidigt er fremkommet indsigelser. Fogedretten kan betinge genoptagelse af, at skyldneren betaler de sagsomkostninger, der er pålagt skyldneren, eller stiller sikkerhed for betalingen.

*Stk. 5.* Genoptages sagen, annullerer fogedretten påtegningen efter stk. 2, 1. pkt., og går frem efter § 477 f.

**§ 477 f.** Fremkommer der rettidigt indsigelser mod kravet, jf. § 477 e, stk. 1, og har fordringshaveren anmodet om, at retssagsbehandling indledes uden indlevering af stævning, jf. § 477 b, stk. 4, nr. 3, iværksætter retten retssagsbehandling på grundlag af betalingspåkravet, der sidestilles med en stævning. I sager, hvor betalingspåkravet overstiger 50.000 kr., kan retten beslutte, at sagsøger inden 14 dage fra modtagelsen af underretning om indsigelsen skal indlevere et supplerende processkrift, der skal opfylde kravene i § 348, stk. 2, nr. 4-6. Har fordringshaveren ikke anmodet om, at retssagsbehandling indledes uden indlevering af stævning, sendes betalingspåkravet til fordringshaveren, og skyldneren underrettes herom.

**§ 477 g.** Fogedrettens afgørelser kan kæres efter reglerne i kapitel 53.

### Fjerde afsnit.

### Tvangsfuldbyrdelse

#### Kapitel 45

*Grundlaget for tvangsfuldbyrdelse*

**§ 478.** Tvangsfuldbyrdelse kan ske på grundlag af

1)  domme og kendelser afsagt af domstole eller af andre myndigheder, hvis afgørelser efter lovgivningen kan tvangsfuldbyrdes, betalingspåkrav med påtegning efter § 477 e, stk. 2, samt beslutninger om sagsomkostninger truffet af de nævnte myndigheder,

2)  forlig indgået for de under nr. 1 nævnte myndigheder samt forlig indgået under vilkårsforhandling i henhold til lov om ægteskabs indgåelse og opløsning,

3) aftaler om forældremyndighed, der er anmeldt til eller godkendt af Familieretshuset eller familieretten, afgørelser om forældremyndighed, barnets bopæl eller samvær, der er truffet af Familieretshuset, aftaler om barnets bopæl eller samvær, der er indgået over for Familieretshuset, samt aftaler om barnets bopæl eller samvær, når det udtrykkeligt i aftalen er bestemt, at den kan tjene som grundlag for fuldbyrdelse,

4) udenretlige skriftlige forlig om forfalden gæld, når det udtrykkeligt er bestemt i forliget, at det kan tjene som grundlag for fuldbyrdelse,

5) gældsbreve, der ikke er omfattet af nr. 4, når det udtrykkeligt er bestemt i dokumentet, at det kan tjene som grundlag for fuldbyrdelse,

6) pantebreve; for så vidt angår ejerpantebreve og skadesløsbreve, dog kun når gældens størrelse og forfaldstidens indtræden er erkendt af skyldneren eller klart fremgår af omstændighederne,

7) veksler for så vidt angår vekselretlige krav og checks for så vidt angår regreskrav, og

8) afgørelser omfattet af forbrugerklagelovens § 34, som er truffet af Forbrugerklagenævnet eller godkendte private tvistløsningsorganer.

*Stk. 2.* Udlæg kan endvidere ske for krav, som i lovgivningen er tillagt udpantningsret.

*Stk. 3.* Retten til tvangsfuldbyrdelse tilkommer også den, der har håndpant i en fordring.

*Stk. 4.* I de i stk. 1, nr. 4-7, nævnte tilfælde kan fuldbyrdelse foretages hos enhver, der ved sin underskrift på dokumentet har forpligtet sig som skyldner, selvskyldnerkautionist eller pantsætter. I de tilfælde, der er nævnt i stk. 1, nr. 4 og 5, kan underskriften være tilføjet digitalt. I de i stk. 1, nr. 6, nævnte tilfælde kan fuldbyrdelse endvidere foretages hos den, der som skyldner, selvskyldnerkautionist eller pantsætter har forpligtet sig ved et digitalt pantebrev, der er eller har været tinglyst eller registreret i skibsregisteret eller i Dansk Internationalt Skibsregister.

**§ 479.** Justitsministeren kan fastsætte bestemmelser, hvorefter afgørelser af udenlandske domstole og myndigheder om borgerlige krav og vedtagelser om sådanne krav kan fuldbyrdes her i riget, såfremt de kan fuldbyrdes i den stat, hvor afgørelsen er truffet, eller efter hvis ret vedtagelsen skal bedømmes, og såfremt fuldbyrdelsen ikke vil være åbenbart uforenelig med landets retsorden.

*Stk. 2.* Justitsministeren kan fastsætte regler om fuldbyrdelse af de i stk. 1 nævnte afgørelser og vedtagelser, herunder om behandlingen af indsigelser.

**§ 480.** Domme kan fuldbyrdes, når fuldbyrdelsesfristen er udløbet, medmindre dommen forinden er anket. Fristen er 14 dage efter dagen for dommens afsigelse, medmindre andet er bestemt i dommen. Domme om samvær og om betaling af børne- eller ægtefællebidrag kan fuldbyrdes straks, medmindre andet er bestemt i dommen.

*Stk. 2.* Det kan i dommen bestemmes, at dommen skal kunne fuldbyrdes, selv om den ankes inden fuldbyrdelsesfristens udløb.

*Stk. 3.* Den ret, til hvilken dommen ankes efter fuldbyrdelsesfristens udløb, kan tillægge anken opsættende virkning.

*Stk. 4.* Bestemmelser i dommen om kortere fuldbyrdelsesfrist end 14 dage og bestemmelser i henhold til stk. 2 kan betinges af forudgående sikkerhedsstillelse.

*Stk. 5.* Reglerne i stk. 1-4 finder tilsvarende anvendelse på afgørelser om sagsomkostninger.

**§ 481.** Kendelser kan fuldbyrdes straks, medmindre andet er bestemt i kendelsen, jf. dog § 480, stk. 5.

*Stk. 2.* De i § 178 nævnte kendelser kan først fuldbyrdes, når fristen til at forlange kendelsen omgjort er udløbet, eller sådan anmodning er afslået at retten.

**§ 481 a.** Betalingspåkrav med påtegning efter § 477 e, stk. 2, kan fuldbyrdes straks.

**§ 482.** De i § 478, stk. 1, nr. 2, nævnte forlig kan fuldbyrdes, når kravet er forfaldet, medmindre andet er bestemt i forliget.

**§ 483.** (Ophævet)

**§ 484.** Fristen for fuldbyrdelse på grundlag af de i § 478, stk. 1, nr. 4-7, nævnte dokumenter er 14 dage efter den dag, da ydelsen kunne kræves betalt, medmindre andet er bestemt i dokumentet. Kortere fuldbyrdelsesfrist end 4 søgnedage kan dog ikke aftales.

**§ 485.** For krav, som er tillagt udpantningsret, er fuldbyrdelsesfristen 7 dage efter dagen for meddelelse om forretningen, jf. § 493, stk. 3.

**§ 486.** Anmodning om tvangsfuldbyrdelse kan først indgives efter udløbet af de i §§ 480-484 nævnte frister. Forkyndelse af meddelelse efter § 493, stk. 3, kan tidligst ske dagen efter sidste rettidige betalingsdag.

*Stk. 2.* Fogedretten kan dog bestemme, at et krav skal kunne fuldbyrdes, selv om fristerne i §§ 480-485 endnu ikke er udløbet, eller selv om forkyndelse af meddelelse efter § 493, stk. 3, ikke er sket, hvis skyldneren samtykker, eller det må antages, at muligheden for at opnå dækning ellers vil blive væsentligt forringet. Det samme gælder, hvis en dom er anket inden fuldbyrdelsesfristens udløb. Fuldbyrdelsen kan betinges af forudgående sikkerhedsstillelse.

## Kapitel 46

*Fremgangsmåden ved udlæg og tvangsfuldbyrdelse af andre krav end pengekrav*

**§ 487.** Anmodning om tvangsfuldbyrdelse kan fremsættes over for fogedretten i en af følgende retskredse:

1) hvor skyldneren har hjemting, jf. §§ 235, 236, 238, 239 og 240,

2) hvorfra skyldneren driver erhvervsmæssig virksomhed,

3) hvor der findes pant for den fordring, for hvilken udlæg søges,

4) hvor genstanden for fuldbyrdelse af andre krav end pengekrav findes.

*Stk. 2.* Er ingen fogedret kompetent efter stk. 1, eller er det under en tidligere forretning ikke lykkedes at opnå dæk-

ning af hele kravet, kan anmodning om fuldbyrdelse fremsættes over for fogedretten i en retskreds, hvor skyldneren opholder sig eller træffes eller har aktiver. Skal der i anledning af anmodning om fuldbyrdelse foretages foranstaltninger ved en anden fogedret end den, hvortil anmodning er indgivet, fremsættes ny anmodning over for vedkommende fogedret.

*Stk. 3.* Anmodning kan fremsættes over for andre fogedretter end angivet i stk. 1 og 2, hvis muligheden for fuldbyrdelse ellers vil blive væsentligt forringet.

*Stk. 4.* Den fogedret, hvortil anmodning er indgivet i overensstemmelse med stk. 1-3, kan henvise anmodningen til en anden fogedret, hvis det findes væsentligt mere hensigtsmæssigt, at forretningen foretages ved denne fogedret.

**§ 488.** Ved indgivelsen af anmodning om tvangsfuldbyrdelse gives de oplysninger, som er nødvendige til sagens behandling. Anmodningen skal være skriftlig, hvis fogedretten bestemmer det.

*Stk. 2.* Ved fremsættelse af anmodning i henhold til § 478, stk. 1, nr. 1-3, skal udskrift af afgørelsen, betalingspåkravet med påtegning, forliget, bevillingen, den anmeldte eller godkendte forældremyndighedsaftale eller aftalen om barnets bopæl eller samvær indleveres til fogedretten. Ved fremsættelse af anmodning i henhold til et af de i § 478, stk. 1, nr. 4-7, nævnte dokumenter skal det originale dokument indleveres, medmindre fogedretten anser det for unødvendigt. Ved udenretlige skriftlige forlig og gældsbreve, der er underskrevet digitalt, skal en skriftlig repræsentation af dokumentet indleveres til fogedretten. Ved digitale pantebreve, der er eller har været tinglyst eller registreret i skibsregisteret eller i Dansk Internationalt Skibsregister, skal anmodningen i stedet indeholde en præcis henvisning til dokumentet i tingbogen, bilbogen, andelsboligbogen, personbogen, skibsregisteret eller Dansk Internationalt Skibsregister.

*Stk. 3.* Fogedretten kan indrømme en frist til at tilvejebringe de i stk. 1 og 2 nævnte oplysninger og dokumenter.

**§ 489.** Er fogedretten ikke kompetent efter reglerne i § 487, eller foreligger der ikke tilstrækkeligt grundlag for tvangsfuldbyrdelse, eller mangler de i § 488 nævnte oplysninger og dokumenter, afviser fogedretten anmodningen om tvangsfuldbyrdelse og giver meddelelse herom til den, der har fremsat den.

*Stk. 2.* Fremgår det af det foreliggende, hvilken fogedret der er kompetent, kan der i stedet for afvisning ske henvisning til denne fogedret.

**§ 490.** En fordringshaver, der ikke har fået tilstrækkeligt udlæg til at dække sin fordring, kan først, når der er forløbet 6 måneder siden sidste forretning, på ny begære afholdt forretning til foretagelse af udlæg. Fogedretten kan også i øvrigt afvise at foretage udlægsforretning hos en skyldner, såfremt fogedretten er bekendt med, at der inden for de sidste 6 måneder har været afholdt en forretning, hvor det ikke har været muligt at opnå dækning.

*Stk. 2.* Bestemmelsen i stk. 1 gælder ikke, hvis der er rimelig grund til at antage, at skyldneren ejer aktiver, hvori udlæg kan foretages, eller der i øvrigt foreligger særlige om-

stændigheder, som gør det rimeligt at afholde udlægsforretning.

*Stk. 3.* Er udlægsforretning afskåret efter reglen i stk. 1, men har fordringshaveren anmodet om, at forretningen alligevel gennemføres med henblik på afbrydelse af forældelse, giver fogedretten skyldneren skriftlig meddelelse om det af fogedretten opgjorte krav inklusive renter og omkostninger og om formålet med kravets fremsættelse. Fremkommer skyldneren ikke med skriftlige indsigelser inden for en af fogedretten fastsat frist, har fogedrettens meddelelse samme virkning med hensyn til afbrydelse af forældelse som afholdelse af udlægsforretning. Fremkommer skyldneren med skriftlige indsigelser inden for den fastsatte frist, afholdes udlægsforretning efter de almindelige regler.

**§ 491.** Fogedretten fastsætter tid og sted for forretningen og giver meddelelse herom til den, der har fremsat anmodningen om fuldbyrdelse. Har den pågældende ikke pligt til at give møde, jf. § 492, stk. 2, gives sådan meddelelse dog kun, hvis han har anmodet herom.

*Stk. 2.* Domstolsstyrelsen kan fastsætte regler om afholdelse af fogedforretninger uden for sædvanlig kontortid.

*Stk. 3.* Fogedretten kan foretage forretninger uden for retskredsen, hvis særlige grunde taler derfor.

*Stk. 4.* Fogedretten kan lade et vidne overvære forretningen og bistå fogedretten med en eventuel vurdering. Vederlag til vidnet afholdes af statskassen efter regler, der fastsættes af Domstolsstyrelsen.

**§ 492.** Udebliver den, der har fremsat anmodningen om tvangsfuldbyrdelse, fra forretningen, afviser fogedretten forretningen.

*Stk. 2.* Den, der har fremsat anmodning om tvangsfuldbyrdelse af et pengekrav, behøver dog ikke give møde, hvis kravet ikke overstiger 2.500 kr. bortset fra renter og omkostninger, der påløber efter fremsættelsen af anmodningen, eller hvis kravet er omfattet af § 478, stk. 2.

*Stk. 3.* Finder fogedretten det i de i stk. 2 nævnte tilfælde nødvendigt, at fordringshaveren er til stede under forretningen, kan den enten indkalde ham til mødet eller udsætte forretningen til et senere møde og indkalde ham hertil. Udebliver han fra et møde, hvortil han er indkaldt, afviser fogedretten forretningen. Indkaldelsen skal indeholde oplysning om virkningerne af udeblivelse.

**§ 493.** Fogedretten underretter så vidt muligt skyldneren om tid og sted for forretningen. Skal forretningen foretages uden for rettens kontor, angives tid og sted så bestemt som foreneligt med tilrettelæggelsen af rettens arbejde. Underretningen kan ske ved tilsigelse til forretningen, jf. § 494.

*Stk. 2.* Underretning kan undlades, hvis fogedretten finder det ubetænkeligt at foretage forretningen uden forudgående meddelelse til skyldneren, eller hvis det må antages, at muligheden for at opnå dækning ellers vil blive væsentligt forringet. Fogedretten kan i sidstnævnte tilfælde betinge fuldbyrdelsen af forudgående sikkerhedsstillelse.

*Stk. 3.* Forlanges fuldbyrdelse på grundlag af udpantningsret, skal meddelelse om forretningen forkyndes for skyldneren, medmindre andet er bestemt i lovgivningen.

Meddelelsen skal indeholde oplysninger om kravets grundlag og størrelse og sidste rettidige betalingsdag. Ved senere forretninger for samme krav gives alene meddelelse efter reglerne i stk. 1 og 2.

**§ 494.** Fogedretten kan med et af denne fastsat varsel tilsige skyldneren til forretningen, såfremt denne foretages i den retskreds, hvor skyldneren har bopæl eller opholdssted, eller hvorfra han driver erhvervsmæssig virksomhed, eller i en tilstødende retskreds. Foretages forretningen ved Københavns Byret, retten på Frederiksberg, retten i Glostrup eller retten i Lyngby, kan skyldneren tilsiges, såfremt denne har sådan tilknytning til en af disse retskredse. Det kan i tilsigelsen pålægges skyldneren at møde personligt. Tilsigelsen skal indeholde oplysning om varslet og om virkningerne af udeblivelse.

*Stk. 2.* Udebliver skyldneren, uanset at lovlig tilsigelse er forkyndt for ham, uden anmeldt lovligt forfald, kan fogedretten ved kendelse bestemme, at han skal tages i forvaring af politiet, indtil han kan fremstilles i fogedretten. Det samme gælder, hvor skyldneren ikke giver personligt møde, uagtet dette er pålagt ham. Bestemmelserne i § 178, stk. 3-11, finder tilsvarende anvendelse.

*Stk. 3.* Anser fogedretten det for overvejende sandsynligt, at der ikke under forretningen kan opnås hel eller delvis dækning af kravet, bør den i almindelighed ikke træffe bestemmelse om fremstilling ved politiet. Det samme gælder, hvis fremstilling ved politiets foranstaltning ikke vil stå i rimeligt forhold til gældens størrelse.

*Stk. 4.* Er skyldneren en forening, et selskab eller lignende, kan foreningens eller selskabets direktør eller forretningsfører eller i fornødent fald et medlem af bestyrelsen tilsiges efter foranstående regler, hvis vedkommende har bopæl eller opholdssted i retskredsen eller en tilstødende retskreds, eller foreningen eller selskabet har hjemting i eller driver erhvervsmæssig virksomhed fra en af disse retskredse. Reglen i stk. 1, 2. pkt., finder tilsvarende anvendelse.

**§ 495.** Forretningen kan foretages, selv om skyldneren ikke giver møde eller træffes. På rettens kontor kan der dog, hvis skyldneren ikke er mødt, ikke foretages udlæg i andet end fast ejendom eller andele i andelsboligforeninger eller aktier eller anparter i boligaktieselskaber eller boliganpartsselskaber omfattet af kapitel III i lov om andelsboligforeninger og andre boligfællesskaber i henhold til pantebrev, jf. § 478, stk. 1, nr. 6, eller for krav omfattet af § 478, stk. 2, som er sikret ved lovbestemt pant i det udlagte.

*Stk. 2.* Foretages forretningen, uden at skyldneren giver møde eller træffes, opfordrer fogedretten hans ægtefælle eller andre personer over 18 år, som er til stede, og som må antages at have kendskab til skyldnerens forhold, til at varetage hans interesser under forretningen.

*Stk. 3.* Finder fogedretten det ønskeligt, at skyldneren er til stede, kan forretningen udsættes.

**§ 496.** Inden tvangsfuldbyrdelsen gennemføres, opfordrer fogedretten skyldneren eller den, der varetager hans interesser, jf. § 495, stk. 2, til frivilligt at opfylde kravet.

*Stk. 2.* Fordringshaveren kan ikke afvise afdrag på fordringen.

**§ 497.** Skyldneren skal give de oplysninger, som fogedretten finder nødvendige til gennemførelse af tvangsfuldbyrdelsen. Ved fuldbyrdelse af pengekrav skal han således give oplysning om sine og sin husstands økonomiske forhold. Fogedretten skal pålægge skyldneren at tale sandhed og gøre ham bekendt med strafansvaret for afgivelse af urigtig erklæring.

*Stk. 2.* Undlader skyldneren at give de krævede oplysninger, kan fogedretten ved kendelse bestemme, at skyldneren ved politiets foranstaltning skal tages i forvaring, indtil han indvilliger i at opfylde sin pligt. Skyldneren kan dog ikke holdes i forvaring i samme sag ud over 6 måneder, uafbrudt eller sammenlagt.

*Stk. 3.* Bestemmelserne i § 178, stk. 3-11, finder tilsvarende anvendelse for personer, der tages i forvaring efter stk. 2.

**§ 498.** Fogedretten kan undersøge skyldnerens husrum og gemmer samt hans person, hvis sådan undersøgelse er nødvendig for gennemførelse af tvangsfuldbyrdelsen.

*Stk. 2.* Fogedretten kan anvende den for fuldbyrdelsen nødvendige magt. Politiet yder efter anmodning fogedretten bistand hertil.

**§ 499.** Tredjemand kan indtræde som part under forretningen, for så vidt angår spørgsmålet, om forretningens foretagelse vil stride imod hans ret. Indtrædelsen sker ved en erklæring herom til fogedretten.

**§ 500.** Fogedretten vejleder i fornødent omfang den, der ikke møder med advokat, om hans retsstilling.

*Stk. 2.* Retten kan give en person, der opfylder de økonomiske betingelser efter § 325, fri proces, hvis den pågældende har behov for advokatbistand for fogedretten.

**§ 501.** Fremsættes der indsigelser mod grundlaget for fuldbyrdelsen, og findes det efter den bevisførelse, der kan ske ved fogedretten, jf. stk. 2-4, betænkeligt at fremme forretningen, nægter fogedretten at efterkomme fordringshaverens anmodning.

*Stk. 2.* Indsigelser mod rigtigheden af domme og kendelser samt betalingspåkrav med påtegning efter § 477 e, stk. 3, og indsigelser mod indenretlige forlig, som angår rettens virksomhed, jf. § 270, stk. 2, kan ikke gøres gældende under tvangsfuldbyrdelsen.

*Stk. 3.* Indsigelser mod veksler og checks kan kun gøres gældende, såfremt

1) den, der har fremsat anmodning om tvangsfuldbyrdelse, er enig heri,
2) indsigelsen angår selve vekslens eller checkens indretning og indhold eller andre betingelser i veksel- eller checkloven for at kunne gøre henholdsvis veksel- eller checkretten gældende,
3) indsigelsen går ud på, at skyldneren ved underskrivelsen var umyndig eller på grund af sindssygdom, herunder svær demens, eller hæmmet psykisk udvikling, forbigående sindsforvirring eller en lignende tilstand manglede evnen til at handle fornuftmæssigt, at under-

skriften er falsk, at vekslens eller checkens indhold er forfalsket efter underskrivelsen, eller at vekslen eller checken er underskrevet på skyldnerens vegne uden fornøden fuldmagt, eller

4) indsigelsen fremsættes af en forbruger og angår en veksel, der er benyttet i forbindelse med en forbrugeraftale, jf. § 2 i lov om forbrugeraftaler, eller en check, der er benyttet til opnåelse af kredit i forbindelse med en forbrugeraftale.

*Stk. 4.* Fogedretten kan nægte en bevisførelse, som på grund af dens omfang eller beskaffenhed eller af andre særlige grunde bør ske under almindelig rettergang.

*Stk. 5.* Fogedrettens afgørelse træffes efter anmodning ved kendelse.

**§ 502.** Fogedretten kan udsætte forretningen, hvis

1) den dom, som søges fuldbyrdet, er anket efter fuldbyrdelsesfristens udløb,

2) et retsforhold, hvis fastsættelse vil få indflydelse på forretningens udfald, er under behandling ved en ret eller en administrativ myndighed, eller

3) der foreligger andre særlige grunde.

*Stk. 2.* Findes det af hensyn til fordringshaverens fyldestgørelse betænkeligt at udsætte forretningen, kan fogedretten i stedet betinge udlæg af, at fordringshaveren stiller sikkerhed, eller bestemme, at der ikke skal kunne iværksættes tvangsauktion over udlagte aktiver, før en bestemt afgørelse er truffet, eller en frist er udløbet. Sådan frist kan eventuelt forlænges.

**§ 503.** Fogedretten træffer bestemmelse om betaling af omkostninger ved gennemførelsen af kravet. Aftaler mellem parterne om omkostninger af disses størrelse er ikke bindende for fogedretten. Det kan kun pålægges skyldneren at betale omkostninger i forbindelse med fordringshaverens møde under forretningen, hvis det efter reglerne i § 492 har været nødvendigt for fordringshaveren at give møde, eller fogedretten i øvrigt finder det rimeligt, at fordringshaveren har givet møde. Omkostninger ved behandlingen af tvister for fogedretten erstattes kun, hvis dette efter tvistens art og arbejdets omfang findes rimeligt.

**§ 504.** Forretningen kan genoptages, når parterne er enige derom, eller når fogedretten finder det påkrævet, navnlig fordi

1) skyldneren eller tredjemand anmoder om, at et udlæg må blive ophævet med den begrundelse, at det strider mod tredjemands ret,

2) udlægshaveren anmoder om, at der må blive truffet ny bestemmelse om udlevering, opbevaring eller administration af det udlagte, jf. §§ 520, 523 og 525,

3) udlægshaveren kræver foretaget en udførlig registrering af de i § 518, stk. 2 og 3, nævnte aktiver eller en vurdering af det udlagte,

4) skyldneren ikke har været til stede under forretningen og han nu anmoder om adgang til at benytte sine rettigheder efter §§ 509-516, eller

5) skyldneren ønsker fastslået, at et udlæg er bortfaldet som følge af omstændigheder, der er indtruffet efter udlæggets foretagelse, eller fordi grundlaget for tvangsfuldbyrdelsen ved dom er ophævet eller erklæret ugyldigt.

**§ 505.** Den, som har anmodet om tvangsfuldbyrdelse af en fordring eller et krav, som viser sig ikke at bestå, skal betale skyldneren erstatning for tab og godtgørelse for tort samt, hvis frihedsberøvelse er sket, for lidelse. Sådant ansvar påhviler ligeledes fordringshaveren, hvis der i øvrigt ved fogedretten er truffet foranstaltninger til tvangsfuldbyrdelse, uden at betingelserne herfor har været til stede, og dette kan lægges fordringshaveren til last.

*Stk. 2.* Har fogedretten truffet bestemmelse om fremstilling eller tilbageholdelse af skyldneren, uden at betingelserne herfor har været til stede, eller en forretning ved en fejltagelse foretaget hos en anden end skyldneren, har skyldneren eller den, hos hvem forretningen er foretaget, krav på erstatning og godtgørelse i samme omfang som efter stk. 1, 1. pkt. Beløbet betales af staten og skal godtgøres statskassen af den, som har anmodet om forretningen, hvis han er ansvarlig efter reglerne i stk. 1.

*Stk. 3.* Krav efter stk. 1 og 2 må fremsættes over for fogedretten eller de almindelige domstole senest tre måneder efter det tidspunkt, da vedkommende blev i stand til at gøre kravet gældende. Fogedrettens afgørelse træffes ved kendelse. Fogedretten kan henskyde kravet til søgsmål ved de almindelige domstole.

*Stk. 4.* Afgørelser efter stk. 3, jf. stk. 2, kan kæres både af parterne og af Domstolsstyrelsen.

**§ 506.** Retten kan tillade, at en part eller rettergangsfuldmægtig deltager ved anvendelse af telekommunikation i et retsmøde, hvor der ikke skal være mundtlig forhandling om et omtvistet spørgsmål, medmindre sådan deltagelse er uhensigtsmæssig.

*Stk. 2.* Retten kan tillade, at en part, der er repræsenteret i retten, deltager ved anvendelse af telekommunikation i et retsmøde, hvor der skal være mundtlig forhandling om et omtvistet spørgsmål, medmindre sådan deltagelse er uhensigtsmæssig.

*Stk. 3.* Retten kan tillade, at en part, der ikke er repræsenteret i retten, eller en rettergangsfuldmægtig deltager ved anvendelse af telekommunikation i et retsmøde, hvor der skal være mundtlig forhandling om et omtvistet spørgsmål, hvis sådan deltagelse af særlige grunde er hensigtsmæssig.

*Stk. 4.* I det i § 497 omhandlede tilfælde kan skyldneren uanset stk. 1-3 ikke deltage i retsmødet ved anvendelse af telekommunikation uden billede, og § 192 finder tilsvarende anvendelse.

Kapitel 47

*Udlæggets genstand og retsvirkninger*

**§ 507.** Pengekrav fuldbyrdes ved udlæg i en så stor del af skyldnerens formue, som efter fogedrettens skøn er nødvendig til dækning af kravet samt af omkostninger ved forretningen og det udlagtes opbevaring indtil auktionen.

*Stk. 2.* Anmodning om fuldbyrdelse kan begrænses til en del af fordringen, medmindre fogedretten finder, at opdeling af fordringen strider mod skyldnerens interesser.

*Stk. 3.* Fogedretten vurderer det udlagte, hvis en af parterne forlanger det, eller fogedretten finder vurdering påkrævet.

*Stk. 4.* Kræves til vurderingen særlig sagkyndig bistand, som ikke kan ydes af et vidne, jf. § 491, stk. 4, bestemmer fogedretten, hvem af parterne der foreløbigt eller endeligt skal betale omkostningerne ved vurderingen. Foretagelse af vurdering kan gøres afhængig af, at der forinden stilles sikkerhed for omkostningerne.

**§ 508.** Udlæg kan foretages i rede penge samt i fast ejendom, løsøre, fordringer og andre aktiver, hvis identitet kan fastslås, men ikke i fremtidige erhvervelser. Udlæg kan foretages, selv om aktiverne i forvejen er behæftet.

**§ 509.** Udlæg kan ikke foretages i aktiver, bortset fra fast ejendom, der er nødvendige til opretholdelse af et beskedent hjem og en beskeden levefod for skyldneren og hans husstand, jf. dog stk. 2.

*Stk. 2.* En andel i en andelsboligforening eller en aktie eller anpart i et boligaktieselskab eller et boliganpartsselskab omfattet af kapitel III i lov om andelsboligforeninger og andre boligfællesskaber, der er forbundet med brugsret til en bolig, kan kun undtages fra udlæg i medfør af stk. 1, hvis boligen efter sin størrelse og indretning alene opfylder de sædvanlige krav til en beskeden bolig, der under hensyn til skyldneren og hans husstand med rimelighed kan stilles, og aktivet ved tvangsfuldbyrdelse må antages ikke at indbringe et beløb, der klart overstiger udgiften ved overtagelse af en passende almen bolig eller leje- eller andelsbolig.

*Stk. 3.* Udlæg kan ikke foretages i aktiver af indtil 3.000 kroners værdi, som er nødvendige til skyldneren eller hans husstands erhverv eller uddannelse.

*Stk. 4.* Skyldneren kan ikke gyldigt give samtykke til udlæg i de i stk. 1 og 3 nævnte aktiver.

**§ 510.** Særskilt udlæg kan kun foretages i tilbehør til fast ejendom, skib eller luftfartøj, som omfattes af tinglysningslovens §§ 37, 37 a eller 38, sølovens § 47, stk. 1-3, eller lov om registrering af rettigheder over luftfartøjer § 22, med samtykke fra skyldneren og andre, som har rettigheder over tilbehøret. Skyldnerens samtykke kan tilbagekaldes, indtil udlæg er foretaget. Reglen gælder, uanset om tilbehøret er pantsat.

*Stk. 2.* En panthaver, som har særskilt pant i tilbehøret, kan dog foretage udlæg i dette, hvis ingen bedre stillede rettigheder er til hinder herfor.

*Stk. 3.* Stk. 1 og 2 finder tilsvarende anvendelse på særskilt udlæg i forbedringer i andelslejligheder eller aktie- og anpartslejligheder i et selskab omfattet af kapitel III i lov om andelsboligforeninger og andre boligfællesskaber samt inventar, der er særligt tilpasset eller installeret i sådanne lejligheder, jf. tinglysningslovens § 42 j, stk. 8.

*Stk. 4.* Stk. 1 og 2 finder tilsvarende anvendelse på en fiskerirettighed, der efter søloven § 47, stk. 4, omfattes af en rettighed over et registreret skib.

**§ 511.** Udlæg kan ikke foretages i endnu ikke udbetalt løn eller andet vederlag for personligt arbejde, medmindre der er forløbet mere end 7 dage efter slutningen af den periode, i hvilken lønnen er indtjent, eller efter at vederlaget er fortjent.

*Stk. 2.* Særskilt udlæg i krav på leje af fast ejendom kan ikke foretages, før kravet er forfaldet.

*Stk. 3.* Skyldnerens medkontrahent ifølge en gensidigt bebyrdende kontrakt kan uanset udlæg i skyldnerens ret betale til skyldneren og træffe aftale med denne om ændring i kontraktforholdet, hvis dette er nødvendigt for at undgå nærliggende fare for tab eller væsentlig ulempe. Medkontrahenten kan i disse tilfælde modsætte sig udlægget helt eller delvis, hvis han har rimelig interesse deri.

**§ 512.** Udlæg kan ikke foretages i retten til ydelser, der ikke kan kræves betalt til andre end den berettigede personligt.

*Stk. 2.* Udlæg kan ikke foretages i krav på underholdsbidrag i henhold til lovgivningen om ægteskab og om børns retsstilling.

*Stk. 3.* Udlæg kan ikke foretages i krav på pension eller i krav på understøttelse eller anden hjælp fra det offentlige eller fra stiftelser eller andre velgørende institutioner, medmindre der er forløbet tre måneder fra den dag, beløbet kunne fordres udbetalt. Reglerne om fritagelse for retsforfølgning i lov om tilsyn med pensionskasser samt i lov om forsikringsaftaler og lov om visse civilretlige forhold m.v. ved pensionsopsparing i pengeinstitutter berøres ikke heraf.

**§ 513.** Udlæg kan ikke foretages i erstatning for invaliditet eller tab af forsørger eller i godtgørelse i forbindelse hermed, hvis beløbet tilkommer skadelidte eller den, som har mistet en forsørger. Er beløbet udbetalt, kan udlæg dog ske, medmindre summen ved indsættelse på særskilt konto i bank eller sparekasse eller på anden måde er holdt klart adskilt fra skyldnerens øvrige formue. Tilsvarende gælder om renter og udbytte af kapitalen.

*Stk. 2.* I krav på godtgørelse for ikke-økonomisk skade, som ikke falder ind under stk. 1, kan udlæg først foretages, når beløbet er udbetalt.

*Stk. 3.* Udlæg kan ikke foretages i krav på erstatning for tab af arbejdsfortjeneste, medmindre der er forløbet 7 dage fra den dag, beløbet kunne fordres udbetalt.

*Stk. 4.* Udlæg kan dog foretages i de i stk. 1 og 2 nævnte beløb og krav, efter at kravet og dets størrelse er anerkendt eller fastslået af domstolene, hvis skyldneren under forretningen giver samtykke hertil, eller hvis skyldneren har stillet aktivet som pant for vedkommende fordring.

**§ 514.** Udlæg kan ikke foretages i gaver, hvis giveren, da gaven blev givet, har bestemt, at udlæg ikke kan foretages. Udlæg kan heller ikke foretages i uhævede renter eller udbytte af en sådan gave indtil 6 måneder efter forfaldsdagen.

*Stk. 2.* Udlæg kan ikke foretages i aktiver, som skyldneren i øvrigt har erhvervet på vilkår som nævnt i stk. 1, hvis erhvervelsen og vilkåret er led i en tilsvarende ordning for en flerhed af personer og hensynet til ordningens formål taler afgørende imod at tillade udlæg.

*Stk. 3.* Udlæg kan dog foretages i de i stk. 1 og 2 nævnte aktiver, hvis skyldneren har fri rådighed over dem, eller hvis der ikke er truffet rimelige foranstaltninger til at hindre skyldnerens råden.

*Stk. 4.* Vilkår om, at modtageren af en gave ikke kan råde over denne, antages at omfatte udelukkelse af udlæg, medmindre andet fremgår af omstændighederne.

**§ 515.** Udlæg kan ikke foretages i genstande, som har en særlig personlig betydning for skyldneren eller medlemmer af hans husstand, medmindre genstandene har en sådan værdi, at de ikke findes rimeligt at holde dem uden for fuldbyrdelsen af fordringshaverens krav.

*Stk. 2.* Udlæg kan ikke foretages i hjælpemidler, som er nødvendige på grund af legemlige mangler eller sygdom.

**§ 516.** Udlæg kan ikke foretages i beløb, som forud er udbetalt personer, der udfører offentlige hverv, vidner eller skønsmænd som godtgørelse for udgifter og ulempe ved udførelsen af hvervet.

**§ 517.** Skyldneren eller den, der varetager hans interesser, jf. § 495, stk. 2, har ret til at påvise de aktiver, i hvilke udlæg skal foretages.

*Stk. 2.* Udlæg kan dog altid foretages i rede penge. Udlæg for krav, der er sikret ved pant, kan altid foretages i pantet.

*Stk. 3.* Skyldneren kan ikke forlange, at udlæg skal foretages i fast ejendom, behæftede aktiver, aktiver, hvis værdi er usikker, eller aktiver, hvis opbevaring eller afhændelse er særlig vanskelig, hvis han ejer andre aktiver, hvori udlæg kan ske.

*Stk. 4.* I øvrigt bestemmer fogedretten, hvilke aktiver der skal foretages udlæg i, og påser herunder, at udlægget så vidt muligt sker i de aktiver, skyldneren og hans husstand bedst kan undvære.

**§ 518.** Fogedretten optegner de aktiver, hvori udlæg er foretaget. Foretages vurdering, angives vurderingssummen.

*Stk. 2.* Udlæg i fast ejendom omfatter, medmindre andet fremgår af fogedrettens optegnelser, tillige det i tinglysningslovens §§ 37 og 38 nævnte tilbehør. Udlæg i to eller flere af de i tinglysningslovens § 37 a nævnte ejendomme omfatter, medmindre andet fremgår af fogedrettens optegnelser, tillige det i tinglysningslovens § 37 a nævnte tilbehør. Optegnelse af de enkelte tilbehørsgenstande er kun nødvendig, hvis fordringshaveren anmoder om det. Omfatter udlægget tilbehøret, indgår også aktiver af denne beskaffenhed, som senere tilføres ejendommen, under udlægget.

*Stk. 3.* Bestemmelsen i stk. 2 finder tilsvarende anvendelse, hvor der i forbindelse med udlæg i et skib eller luftfartøj foretages udlæg i det i sølovens § 47 eller § 22 i lov om registrering af rettigheder over luftfartøjer nævnte tilbehør eller i de i sidstnævnte lovs § 24 nævnte reservedele.

*Stk. 4.* Udlæg i en andel i en andelsboligforening eller i en aktie eller anpart i et boligaktieselskab eller et boliganpartsselskab omfattet af kapitel III i lov om andelsboligforeninger og andre boligfællesskaber omfatter, medmindre andet fremgår af fogedrettens optegnelser, tillige forbedringer i lejligheden samt inventar, der er særligt tilpasset eller installeret i lejligheden, jf. tinglysningslovens § 42 j, stk. 4. Op-

tegnelse af de enkelte genstande er kun nødvendig, hvis fordringshaveren anmoder om det. Udlægget er ikke til hinder for, at forbedringer eller inventar som nævnt i 1. pkt. udskilles ifølge regelmæssig drift. Omfatter udlægget forbedringer og inventar, indgår også aktiver af denne beskaffenhed, som senere tilføres lejligheden, under udlægget.

**§ 519.** Skyldneren er uberettiget til at råde over de udlagte aktiver på en måde, som kan være til skade for udlægshaveren.

*Stk. 2.* Fogedretten gør skyldneren bekendt med udlæggets retsvirkninger, herunder at overtrædelse af bestemmelsen i stk. 1 kan medføre strafansvar. Er skyldneren ikke til stede, kan dette ske enten ved en skriftlig meddelelse eller ved tilkendegivelse til den, der varetager hans interesser, jf. § 495, stk. 2.

**§ 520.** Et udlæg i fast ejendom, der tillige omfatter det i tinglysningslovens §§ 37 og 37 a nævnte tilbehør til ejendommen, er ikke til hinder for, at skyldneren udskiller de nævnte aktiver ifølge en regelmæssig drift af ejendommen. Er anmodning om tvangsauktion indgivet, eller erklærer udlægshaveren at ville indgive sådan anmodning inden 14 dage, kan fogedretten dog efter udlægshaverens anmodning fratage skyldneren denne ret, hvis det skønnes nødvendigt af hensyn til udlægshaverens fyldestgørelse. Er indkaldelse sket til et møde som nævnt i § 563, stk. 1 eller 2, eller til tvangsauktion, kan fogedretten træffe sådan bestemmelse også efter anmodning af andre rettighedshavere.

*Stk. 2.* Fogedretten kan om fornødent træffe bestemmelse om administration af udlagt fast ejendom, registreret skib eller luftfartøj eller af en bolig- eller erhvervsenhed omfattet af brugsretten i henhold til en udlagt andel i en andelsboligforening eller en udlagt aktie eller anpart i et boligaktieselskab eller et boliganpartsselskab omfattet af kapitel III i lov om andelsboligforeninger og andre boligfællesskaber.

**§ 521.** Ved udlæg i rede penge overgives beløbet straks til fordringshaveren eller sendes til ham, hvis han ikke er mødt, jf. § 492, stk. 2. Fogedretten kan dog tage beløbet i forvaring, indtil fristen for kære af udlægget er udløbet, eller udlægget er stadfæstet.

**§ 522.** Modregning med krav, som kan tvangsfuldbyrdes, eller som anerkendes af den, der har anmodet om udlægget, eller hvis rigtighed på anden måde må anses for godtgjort, kan ske under forretningen, hvis de almindelige betingelser for modregning er opfyldt.

**§ 523.** Fogedretten kan bestemme, at løsøre, hvori udlæg er foretaget, skal fratages skyldneren, medmindre der er truffet bestemmelse efter § 525, stk. 1, eller tredjemands ret er til hinder herfor. Udleveres det udlagte til fordringshaveren til opbevaring, kan fogedretten gøre udleveringen afhængig af, at fordringshaveren stiller sikkerhed.

*Stk. 2.* Ved udlæg i værdipapirer og i fordringer, for hvilke skriftligt bevis er udstedt, tager fogedretten dokumentet i forvaring.

*Stk. 3.* Fogedretten kan pålægge skyldneren at udlevere det udlagte. Undlader skyldneren at efterkomme dette på-

læg, finder bestemmelsen i § 497, stk. 2, tilsvarende anvendelse.

*Stk. 4.* Er det aktiv, hvori udlæg er gjort, i tredjemands besiddelse, kan fogedretten give denne meddelelse om, at aktivet ikke må udleveres til skyldneren.

**§ 524.** Er udlæg foretaget i en fordring, frigøres skyldneren ifølge fordringen ved betaling til den, hos hvem udlæg er gjort, under samme betingelser som ved betaling efter overdragelse af fordringen.

**§ 525.** Ved udlæg i løsøre kan fogedretten bestemme, at det udlagte ikke må fratages skyldneren, så længe denne overholder en afdragsordning, der er fastsat af fogedretten og tiltrådt af skyldneren. Har fordringshaveren givet møde under forretningen, skal han have lejlighed til at udtale sig, forinden afdragsordningen fastsættes. Afdragsordningens varighed kan ikke overstige 10 måneder, medmindre fordringshaveren samtykker.

*Stk. 2.* Fogedretten kan bestemme, at udlæg i fast ejendom, der tjener til bolig for skyldneren eller hans husstand, ikke giver ret til at sætte ejendommen til auktion, så længe skyldneren overholder en afdragsordning, der er fastsat af fogedretten og tiltrådt af skyldneren.

*Stk. 3.* Bestemmelserne i stk. 1 og 2 gælder ikke ved udlæg på grundlag af pantebrev med pant i det udlagte.

*Stk. 4.* Bestemmelserne i stk. 2 og 3 finder tilsvarende anvendelse med hensyn til salg og auktion på grundlag af udlæg i en andel i en andelsboligforening eller i en aktie eller anpart i et boligaktieselskab eller et boliganpartsselskab omfattet af kapitel III i lov om andelsboligforeninger og andre boligfællesskaber, jf. § 559 a.

**§ 526.** Rækkefølgen mellem flere udlæg i samme aktiv afgøres på tidspunktet for indgivelsen af anmodning om udlæg. Anmodninger, der indkommer samme dag, stilles dog lige. Fortrinsret på grundlag af en ældre anmodning fortabes, hvis fordringshaveren forsømmer at søge forretningen fremmet.

*Stk. 2.* Udlæggets plads i rækkefølgen regnes dog efter tidspunktet for udlæggets foretagelse, hvis udlægget er foretaget af en anden myndighed end fogedretten.

*Stk. 3.* Bestemmelserne i stk. 1 og 2 finder ikke anvendelse ved udlæg i fast ejendom, registrerede skibe eller luftfartøjer samt fondsaktiver, jf. § 3, nr. 34, i lov om kapitalmarkeder.

*Stk. 4.* Udlæg i løsøre bortset fra registrerede skibe og luftfartøjer bortfalder et år efter foretagelsen, medmindre udlægshaveren forinden har forlangt tvangsauktion afholdt eller har været hindret heri ved anke, kære eller tredjemands ret. Udlægget bortfalder i så fald 8 uger efter hindringens ophør. Det samme gælder udlæg i fondsaktiver, jf. § 3, nr. 34, i lov om kapitalmarkeder, og i fordringer, hvis der for fordringen er udstedt omsætningsgældsbrev eller andet dokument, hvis særlige beskaffenhed medfører, at skyldneren ifølge fordringen ikke frigøres ved at betale til andre end ihændehaveren.

*Stk. 5.* Reglerne i stk. 1-4 gælder ikke for udlæg i biler m.v., som skal tinglyses efter reglerne i tinglysningslovens

kapitel 6 a, eller for udlæg i andele i andelsboligforeninger m.v., der skal tinglyses efter reglerne i tinglysningslovens kapitel 6 b.

**§ 527.** (Ophævet)

### Kapitel 48

*Særregler om tvangsfuldbyrdelse af andre krav end pengekrav*

**§ 528.** Skal den forpligtede (rekvisitus) fraflytte en fast ejendom eller give den berettigede (rekvirenten) en rådighed over denne, eller skal rekvisitus udlevere rørligt gods til rekvirenten, gennemtvinger fogedretten så vidt muligt umiddelbart, at pligten opfyldes.

**§ 529.** Skal rekvisitus udføre et arbejde eller foretage en handling, kan fogedretten tillade, at rekvirenten lader dette udføre af andre, og der kan herefter foretages udlæg for det beløb, udførelsen har kostet. Beløbet skal godkendes af fogedretten.

*Stk. 2.* Skal rekvisitus foretage en handling mod at få udgifterne herved dækket af rekvirenten, fastsætter fogedretten efter anmodning beløbets størrelse. Fogedretten kan lade et vidne overvære forretningen og bistå fogedretten med fastsættelsen. Hvis det findes påkrævet, kan fogedretten udmelde en eller flere sagkyndige. § 507, stk. 4, finder tilsvarende anvendelse.

*Stk. 3.* Stk. 2 finder tilsvarende anvendelse, hvis rekvirenten har ret til at foretage en handling mod at erstatte den herved forvoldte skade.

*Stk. 4.* Fogedretten kan betinge fuldbyrdelsen efter stk. 2 og 3 af forudgående sikkerhedsstillelse.

**§ 530.** Skal rekvisitus udstede eller underskrive et dokument, kan fogedretten gøre dette med samme virkning, som var det udstedt eller underskrevet af rekvisitus selv.

**§ 531.** Skal rekvisitus stille en sikkerhed, kan fogedretten udtage så mange af dennes aktiver som nødvendigt for at sikre rekvirentens ret, og i disse har rekvirenten herefter samme sikkerhed som i udlagte aktiver.

**§ 532.** Skal rekvisitus undlade noget, skal fogedretten så vidt muligt hindre rekvisitus i at foretage overtrædelseshandlinger og tilintetgøre, hvad der er foretaget i strid med rekvirentens ret.

**§ 533.** Kan tvangsfuldbyrdelse ikke ske efter §§ 528-532, eller ønsker rekvirenten ikke at benytte denne fremgangsmåde, anslår fogedretten rekvirentens interesse i dommens eller forligets opfyldelse i penge, som herefter inddrives ved udlæg. Ved fastsættelsen af beløbet skal fogedretten sikre, at rekvirenten ikke påføres tab. § 529, stk. 2, 2.-4. pkt., finder tilsvarende anvendelse.

*Stk. 2.* Bestemmelsen i stk. 1 kan ikke anvendes, såfremt der er indtrådt umulighed eller anden lignende omstændighed, som fritager rekvisitus for at fyldestgøre rekvirentens krav, uden at dette medfører erstatningspligt for ham.

*Stk. 3.* Anlægger rekvirenten straffesag efter § 535, kan rekvirentens pengekrav fastsættes under denne sag.

**§ 534.** Skal rekvisitus foretage flere handlinger, eller kan dommen eller forliget overtrædes ved flere handlinger, finder reglerne i §§ 528-533 anvendelse, hver gang dommen eller forliget tilsidesættes.

**§ 535.** Den, der forsætligt overtræder en dom, hvorved det er pålagt vedkommende at foretage eller undlade noget, kan under en af rekvirenten anlagt sag idømmes straf af bøde eller fængsel indtil 4 måneder. Tilsidesættelse af undladelsespligter kan straffes hver gang, der foreligger en særskilt tilsidesættelse af dommen.

*Stk. 2.* Sag efter stk. 1 kan ikke anlægges, hvis rekvirenten har opnået sin ret eller sikkerhed for den. I så fald skal en allerede anlagt sag hæves og fuldbyrdelsen af en idømt straf undlades eller standses. Reglerne i §§ 528-534 finder anvendelse, selv om straffesag er anlagt eller rekvisitus er idømt eller har udstået straf.

*Stk. 3.* Reglerne i stk. 1 og 2 finder ikke anvendelse ved undladelse af at efterkomme bestemmelser om forældremyndighed, barnets bopæl eller samvær.

Kapitel 48 a

*(Ophævet)*

Kapitel 49

*Almindelige bestemmelser for tvangsauktion*

**§ 538.** Udlæg til forauktionering giver ret til, efter de i det følgende opstillede regler, at sætte det udlagte til offentlig auktion og gøre sig betalt af auktionssummen, jf. dog §§ 557, 559 a og 559 b.

*Stk. 2.* De følgende regler anvendes på tvangsauktion, som sker uden forudgående udlæg, med de ændringer, som følger af forholdets natur.

**§ 538 a.** Fyldestgøres et krav, der er sikret ved håndpant, ikke rettidigt, kan panthaveren lade pantet bortsælge ved tvangsauktion. Finansielle instrumenter, jf. § 4 i lov om kapitalmarkeder, som har kurs på et dansk eller udenlandsk reguleret marked, sælges dog gennem et fondsmæglerselskab, jf. § 5, stk. 1, nr. 1, litra c, i lov om finansiel virksomhed.

*Stk. 2.* Inden panthaveren tager skridt til fyldestgørelse, skal han, medmindre pantsætterens bopæl er ham ubekendt, med en uges varsel ved anbefalet brev opfordre denne til at opfylde kravet, medmindre omgående salg er nødvendigt for at undgå eller begrænse et tab. Afkald på sådan opfordring er ikke gyldigt.

*Stk. 3.* Pantsatte fordringer kan inddrives af panthaveren, efterhånden som de forfalder.

*Stk. 4.* Reglerne i stk. 1, 1. pkt., stk. 2 og 3, finder tilsvarende anvendelse for adgangen til fyldestgørelse af krav, der er sikret ved virksomhedspant i fordringer, jf. tinglysningslovens § 47 c, stk. 3, nr. 1, og fordringspant, jf. tinglysningslovens § 47 d.

**§ 538 b.** Salg ved auktion af pantsatte genstande fra et fællesbo m.v., der behandles ved bobehandler, et dødsbo, der behandles ved bobestyrer, eller et konkursbo sker efter reglerne om tvangsauktion. Bobehandleren, bobestyreren eller kurator skal udføre, hvad der påhviler rekvirenten af en tvangsauktion, og fungerer tillige som inkassator, for så vidt ingen anden er udpeget hertil.

*Stk. 2.* I øvrigt sker salg af et bos aktiver ved offentlig auktion efter reglerne om offentlige auktioner, der ikke er tvangsauktioner.

**§ 539.** Auktion over fast ejendom afholdes i den retskreds, hvor ejendommen er beliggende. Det samme gælder tvangsauktion over andele i en andelsboligforening eller over aktier eller anparter i et boligaktieselskab eller et boliganpartsselskab omfattet af kapitel III i lov om andelsboligforeninger og andre boligfællesskaber. Andre auktioner afholdes i den retskreds, hvor udlægget er foretaget, medmindre den derværende fogedret bestemmer andet.

**§ 540.** Ved auktioners afholdelse er særlig tilkaldelse af vidner ikke fornøden.

*Stk. 2.* Politiet er forpligtet til på begæring at yde fogedretten bistand i overensstemmelse med, hvad der i § 498 er bestemt.

**§ 541.** Ved begæringen om tvangsauktion forholdes der efter de ovenfor i § 488 givne regler, dog at her desuden udskrift af udlægsforretningen må medfølge, medmindre tvangsauktionen skal foretages af den samme fogedret, som har foretaget udlægsforretningen, i hvilket tilfælde en simpel påberåbelse af udlægsforretningen med angivelse af dens datum er tilstrækkelig.

**§ 542.** Finder fogedretten, at grundlaget for tvangsauktionen er i orden, og at i øvrigt intet er til hinder for det udlagtes forauktionering, har fogedretten at foretage de til auktionens afholdelse fornødne skridt i henhold til den fremsatte begæring, navnlig ved at udstede de fornødne bekendtgørelser angående auktionen, i hvilken anledning fogedretten kan afkræve rekvirenten de nødvendige oplysninger.

*Stk. 2.* Fogedretten påser, at auktionen ikke afholdes, før den ordinære kærefrist på 4 uger er udløbet, jf. § 586, stk. 1. Fremlægges bevis for, at nogen af de oprindelige parter inden fristens udløb har kæret udlægsforretningen, stilles auktionen i bero.

*Stk. 3.* Dog kan fogedretten, når de udlagte genstande er udsatte for fordærvelse eller væsentlig værdiforringelse ved at henligge så længe, som iagttagelsen af foranstående bestemmelser ville kræve, eller når deres bevaring er forbundet med uforholdsmæssig bekostning, lade auktionen afholde til et tidligere tidspunkt, end de ovenangivne regler hjemler.

*Stk. 4.* Auktion over arvekrav må ikke uden arvingens samtykke foretages, inden arven kan kræves udbetalt.

**§ 543.** Til omkostninger ved forauktioneringen regnes ikke blot de egentlige auktionsudgifter, afgifter, inkassationssalær, leje af lokale, bekostning ved varernes opbevaring og deslige, men også fogedrettens udlæg til porto, bekendtgørelser m.v. Til auktionsomkostningerne henregnes endvidere ved tvangsauktioner over faste ejendomme udgifter ved disses bestyrelse og drift efter udlægget indtil det endelige salg, for så vidt den, der har udredet dem, har krav på andel i købesummen.

**§ 543 a.** Med hensyn til auktionssagens behandling finder § 506 tilsvarende anvendelse. Det gælder dog ikke ved afholdelse af auktion.

Kapitel 50

*Tvangsauktion over løsøre*

**§ 544.** Bekendtgørelse om auktion over udlagt løsøre skal ske mindst en uge før auktionens afholdelse, jf. dog § 556. Den skal i det mindste 2 gange indrykkes i et eller flere af de mere udbredte stedlige blade, således at den første bekendtgørelse sker med det nævnte varsel og den anden en af de nærmeste dage før auktionen. Fremdeles skal der om auktionen ske opslag ved plakater og foregå offentligt udråb, for så vidt sådant på auktionsstedet er sædvanligt ved frivillige auktioner. Første bekendtgørelse om auktion over skibe, der ikke omfattes af stk. 2, skal dog ske mindst 2 uger før auktionens afholdelse, og der skal tillige med samme varsel ske bekendtgørelse i Statstidende.

*Stk. 2.* Auktion over skibe, der er registreret i skibsregistret, luftfartøjer, der er registreret i nationalitetsregistret, samt skibe og luftfartøjer, der er registreret i tilsvarende udenlandske registre, skal bekendtgøres mindst 6 uger i forvejen i Statstidende og efter fogedrettens bestemmelse tillige i et eller flere andre blade og meddeles vedkommende registreringsmyndighed. Sådan meddelelse skal endvidere gives ved auktion over fragtfordringer knyttet til registreret skib. Såfremt auktionen angår et skib eller luftfartøj, registreret i en udenlandsk stat, må auktionen tillige bekendtgøres med mindst en måneds varsel på det sted, hvor det er registreret, i overensstemmelse med de dér gældende regler om offentlig bekendtgørelse af tvangsauktioner. Rekvirenten skal samtidig med begæringen om auktion indlevere bekræftet udskrift af det danske eller udenlandske register, indeholdende oplysning om de på skibet eller luftfartøjet hvilende registrerede rettigheder. Samtidig med den første bekendtgørelse skal fogedretten ved anbefalet brev, eventuelt ved luftpost, underrette ejeren og indehaveren af de nævnte rettigheder om auktionen, såfremt deres adresser fremgår af registret. Tilsvarende regler kommer til anvendelse på auktion over reservedelslagre, pantsat i forbindelse med et luftfartøj.

*Stk. 3.* Ved auktion over pantsatte fordringer skal fordringshaveren, skyldneren og kautionister samt så vidt mulig enhver anden, hvis rettigheder eller forpligtelser med hensyn til fordringen må antages at ville blive berørt af salget, underrettes om auktionen, for så vidt vedkommende har bekendt bopæl her i landet, jf. § 154. Vedtagelse om, at underretning frafaldes, er ugyldig.

**§ 545.** Bekendtgørelsen skal indeholde tydelig og nøjagtig angivelse af tiden og stedet, når og hvor auktionen holdes, samt en almindelig betegnelse af de genstande, som skal bortsælges, med fremhævelse af de særlig værdifulde iblandt dem.

**§ 546.** Auktionsrekvirenten antager en inkassator, som har at stille en af fogedretten nærmere bestemt sikkerhed. Det påhviler inkassator at være til stede ved auktionen og af-

gøre, om han vil give den enkelte bydende kredit eller ikke, samt at indkræve auktionspengene.

*Stk. 2.* Inkassator er som selvskyldner ansvarlig for, at beløbene af de af ham antagne bud bliver betalt, medmindre andet er vedtaget.

**§ 547.** Fogedretten har at påse, at der ved auktionsvilkårene, som i øvrigt forfattes af rekvirenten, indrømmes vederhæftige købere den på egen vis frivillige auktioner sædvanlige kredit, dog uden fogedrettens billigelse ikke ud over 3 måneder.

*Stk. 2.* Det beror på auktionsrekvirenten, om han ved auktionsvilkårene vil pålægge køberne at udrede auktionsomkostningerne, eller om han vil fritage køberne herfor og lade dem forlods udrede af auktionssummen; i førstnævnte tilfælde bliver det at ansætte til visse procent eller en vis andel af hver krone.

**§ 548.** Trykte auktionskataloger kan udstedes af rekvirenten med fogedrettens billigelse, når denne efter beskaffenheden eller værdien af de genstande, der skal sælges, finder sådant stemmende med alle parters interesse, og udredes udgifterne dertil i så fald af auktionsbeløbet.

*Stk. 2.* Finder fogedretten ikke udstedelse af trykte auktionskataloger nødvendig, står det dog enhver i tvangssalget interesseret frit for på egen bekostning at udstede sådanne, dog inden for de frister, som af fogedretten bestemmes.

**§ 549.** Ved auktionens begyndelse oplæses auktionsvilkårene, som tillige skal opslås til almindelig efterretning på et iøjnefaldende sted i lokalet eller, hvis auktionen afholdes under åben himmel, da der, hvor den holdes eller begyndes. I trykte auktionskataloger indføres auktionsvilkårene straks efter titelbladet.

*Stk. 2.* Når dette er iagttaget, kan de på auktionen bydende ikke påberåbe sig uvidenhed om auktionsvilkårene.

**§ 550.** Fogedretten opråber derefter de enkelte genstande til salg.

*Stk. 2.* Er auktionskataloger eller specificerede auktionsplakater udgivne, bortsælges tingene i den orden, disse angiver, medmindre fogedretten tilsteder afvigelser herfra; men i modsat fald er skyldneren berettiget til at bestemme den orden, hvori de udlagte genstande skal opråbes.

*Stk. 3.* Ved hver enkelt genstand optegnes i auktionsbogen eller det dertil hørende auktionskatalog auktionskøberens navn og budets størrelse.

*Stk. 4.* Hvis betalingen erlægges kontant ved hammerslaget, gøres derom bemærkning.

*Stk. 5.* Skønner fogedretten, at der kan opnås et væsentlig højere bud på en ny auktion, kan den bestemme, at der skal afholdes en anden og sidste auktion.

**§ 551.** Udlægshavere er ingen sinde berettigede til at modsætte sig, at ældre eller yngre udlægshavere i samme løsøre skrider til tvangsauktion efter de her opstillede regler. Dog bør, hvor auktionen afholdes ifølge begæring af en yngre udlægshaver, de af samme flydende omkostninger ikke komme en ældre udlægshaver til skade, ligesom beløbet bli-

ver at anvende til hans fyldestgørelse, forinden noget kan komme den yngre udlægshaver til gode (jf. § 554).

*Stk. 2.* Det afgøres efter de hidtil gældende retsregler, om panthavere kan modsætte sig vedkommende genstandes realisation.

*Stk. 3.* Ved auktion over registreret skib eller luftfartøj kan salg finde sted, såfremt de forud for udlægshaveren prioriterede, for fogedretten dokumenterede behæftelser dækkes gennem auktionssummen eller, i det omfang denne er berettiget hertil, overtages af køberen.

*Stk. 4.* Er udlæg foretaget i et registreret luftfartøj for erstatningskrav for skade, der her i riget er påført person eller gods på jorden, og er skaden forvoldt enten af dette fartøj eller af et andet, tilhørende samme ejer og behæftet med samme panterettigheder eller sikkerhedsrettigheder for fordringer stiftet ved aftale, lydende på et bestemt beløb eller et størstebeløb, kan salg dog finde sted, selv om auktionssummen er utilstrækkelig til fuld dækning af udlægshaveren og de forud prioriterede rettigheder. Det beløb, som skal tilfalde indehaveren af de sidstnævnte rettigheder, bliver da at nedsætte i det omfang, det er nødvendigt for at skaffe udlægshaveren fyldestgørelse, men skal dog mindst udgøre 80 pct. af auktionssummen med fradrag af omkostninger.

*Stk. 5.* De i stk. 4 fastsatte regler kommer dog ikke til anvendelse, såfremt den for skaden ansvarlige eller nogen på hans vegne har tegnet en ansvarsforsikring, som tilstrækkeligt og effektivt dækker hans erstatningsansvar.

*Stk. 6.* Er udlæg af reservedele pantsat i forbindelse med et luftfartøj, og finder tvangsauktion sted på grundlag af udlæg foretaget for et krav, som ikke er sikret på den nævnte måde, kan salg ikke finde sted, medmindre der på auktionen opnås et bud på 2/3 af lagerets værdi, således som denne fastsættes ved vurdering af sagkyndige af fogedretten udmeldte personer. Såfremt auktionssummen er utilstrækkelig til dækning af de foranstående rettigheder og udlægshaverens krav, kan det beløb, som skal medgå til dækning af de foranstående rettigheder, om fornødent nedsættes til 2/3 af auktionssummen med fradrag af omkostninger.

**§ 552.** Når auktionen er holdt i overensstemmelse med ovenstående regler, er den med hensyn til sit udfald bindende for alle dem, hvis rettigheder over det bortsolgte ifølge den borgerlige rets regler samt bestemmelsen i § 551 ophører ved tvangssalget.

**§ 553.** Inden 14 dage henholdsvis efter auktionen eller den fastsatte kredittids udløb har inkassator at aflægge regnskab til fogedretten over auktionsbeløbet og til fogedretten at indbetale, hvad der efter fradrag af, hvad der tilkommer ham selv, bliver tilovers, jf. dog konkurslovens § 89. I inkassationssalær må i reglen ikke beregnes mere end 4 pct. af de beløb, hvorpå der gives kredit, og 2 pct. af dem, der betales kontant; dog kan fogedretten, når inkassationen skønnes ikke at kunne fås udført for denne betaling, tillade, at inkassationssalæret sættes højere.

**§ 554.** Fogedretten har derefter uden ophold at udbetale auktionsrekvirenten den ham tilkommende del af auktionspengene og at afgive det mulig tiloversblevne til skyldneren,

medmindre flere hos fogedretten har anmeldt krav på deltagelse i det ved auktionen indkomne, eller det af tingbogen, hvoraf genpart i så henseende skal tilvejebringes, kan ses eller på anden måde, såsom ved skyldnerens forklaring, af fogedretten erfares, at sådant krav haves.

*Stk. 2.* I dette tilfælde har fogedretten at affatte et udkast til auktionssummens fordeling mellem samtlige vedkommende ifølge deres rettigheders beskaffenhed.

**§ 555.** Fogedretten skal ufortøvet meddele enhver af de i foregående paragraf omhandlede personer, som har bekendt bopæl inden riget, særskilt underretning (§ 154) om, at udkastet henligger til eftersyn på fogedrettens kontor. Har nogen af de nævnte personer ikke bekendt bopæl inden riget, er for hans vedkommende offentlig indkaldelse i Statstidende tilstrækkelig, medmindre han har ladet møde ved udlægsforretningen eller gjort anmeldelse for fogedretten ved en her i riget bosat fuldmægtig, i hvilket tilfælde underretning bør gives denne.

*Stk. 2.* Fremkommer der ikke inden 4 uger efter underretningens meddelelse eller efter bekendtgørelsen indsigelse imod fogedrettens udkast, iværksættes fordelingen af auktionsbeløbet, så snart det er indkommet, i overensstemmelse med udkastet, dog uden at nogens ret i øvrigt er prækluderet herved. Opstår der tvist om fordelingen, og lykkes det ikke fogedretten ved mægling at tilvejebringe enighed, afgør fogedretten tvisten ved kendelse. Angår tvisten fordeling af auktionsbeløbet for salg af et skib eller luftfartøj, skal fogedretten dog, hvis fogedrettens mægling er forgæves, henvise parterne til almindelig rettergang. Indsigelser mod fordelingen, der ikke behørig forfølges inden 14 dage, anses da som ikke fremkomne.

*Stk. 3.* Den del af auktionssummen, med hensyn til hvilken ingen uenighed er til stede, udbetales i overensstemmelse med udkastet; men den del, som er genstand for tvist, tilbageholdes indtil sagens endelige afgørelse. Det påhviler fogedretten at drage omsorg for de indkomne summers hensigtsmæssige bevaring og frugtbargørelse i mellemtiden.

**§ 556.** Er de udlagte genstande udsatte for hurtig fordærvelse eller tab i værdi, eller er deres bevaring forbundet med uforholdsmæssig bekostning, kan fogedretten lade auktion afholde med kortere bekendtgørelsesfrister, end de angivne regler medfører.

**§ 557.** Er udlæg foretaget i finansielle instrumenter, jf. § 4 i lov om kapitalmarkeder, som har kurs på et dansk eller udenlandsk reguleret marked, bortsælges disse ikke ved tvangsauktion. De nævnte finansielle instrumenter sælges efter anmodning fra udlægshaveren af fogedretten gennem et fondsmæglerselskab, jf. § 5, stk. 1, nr. 1, litra c, i lov om finansiel virksomhed.

**§ 558.** Når udlæg er givet i fordringer af anden beskaffenhed end de i foregående paragraf omhandlede, kan udlægshaveren, i stedet for at stille dem til auktion, efterhånden som de forfalder, lade dem indkræve hos den eller dem, der er pligtige at betale samme, ved en af ham antagen inkassator, som har at stille en af fogedretten nærmere bestemt sik-

kerhed. Rekvirenten er pligtig snarest muligt at underrette fogedretten om, hvem han har antaget til inkassator.

*Stk. 2.* Inkassator kan legitimere sig som berettiget til at indkræve fordringerne ved en udskrift af udlægsforretningen, forsynet med fogedrettens påtegning om, at han er antaget til og autoriseret som inkassator. Gøres der indsigelse mod det beregnede inkassationssalær af nogen i tvangssalget interesseret, fastsættes det af fogedretten under hensyn til det med inkassationen forbundne arbejde fra 1 til 6 pct. af det indkomne beløb.

**§ 559.** De pengebeløb, der indkommer, når der gås frem efter §§ 557 og 558, indbetales til fogedretten, som derefter har at gå frem efter reglerne i §§ 554 og 555.

**§ 559 a.** Er udlæg foretaget i en andel i en andelsboligforening, hvor der til andelen er knyttet retten til en bolig, kan denne ikke sælges ved tvangsauktion, før fogedretten efter anmodning fra udlægshaveren har forsøgt tvangssalg gennem andelsboligforeningen i overensstemmelse med § 6 b i lov om andelsboligforeninger og andre boligfællesskaber.

*Stk. 2.* En anmodning til fogedretten om at iværksætte tvangssalg gennem andelsboligforeningen skal være skriftlig og ledsaget af en udskrift af andelsboligbogen. Når fogedretten har modtaget anmodningen, indkalder den skyldneren og andelsboligforeningen til møde. På mødet vejleder fogedretten skyldneren om sagens videre forløb. I særlige tilfælde kan fogedretten på mødet meddele skyldneren en frist på indtil 4 uger til at afværge tvangsmæssigt salg af andelen. § 561, stk. 1, 2. og 3. pkt., stk. 2, stk. 3, 4. pkt., og stk. 4, finder tilsvarende anvendelse. Fogedretten underretter andelsboligforeningen, skyldneren og udlægshaveren om sin beslutning om, at andelen skal forsøges solgt gennem andelsboligforeningen i overensstemmelse med § 6 b i lov om andelsboligforeninger og andre boligfællesskaber.

*Stk. 3.* Må det på grundlag af andelsboligforeningens oplysninger antages, at der ved salg gennem foreningen ikke kan opnås en pris svarende til den højeste pris, der er tilladt efter andelsboligloven eller foreningens vedtægter, kan fogedretten beslutte, at salg skal ske gennem fogedretten på tvangsauktion.

*Stk. 4.* Sker salg gennem andelsboligforeningen i overensstemmelse med stk. 1 ikke inden den frist, der er fastsat i § 6 b i lov om andelsboligforeninger og andre boligfællesskaber, sælges andelen efter anmodning fra udlægshaveren gennem fogedretten på tvangsauktion.

*Stk. 5.* I de i stk. 3 og 4 nævnte tilfælde afholdes tvangsauktionen i overensstemmelse med reglerne i kapitel 51 med undtagelse af §§ 560 og 561, § 562, stk. 1 og 2, og stk. 3, 3. pkt., § 566, stk. 2, 2. og 3. pkt., og stk. 3, 2. og 3. pkt., § 568, § 569, stk. 1, 1. og 4. pkt., og stk. 2, § 570, stk. 1, 1. pkt., § 580 og § 582, 1. pkt. Når særlige hensyn til skyldneren taler derfor, kan fogedretten beskikke en advokat for skyldneren. § 500, stk. 2, finder tilsvarende anvendelse.

*Stk. 6.* Auktionen afholdes på de af justitsministeren efter forhandling med erhvervsministeren fastsatte tvangsauktionsvilkår vedrørende andelsboliger. Afgives flere bud svarende til den pris, der er den højst tilladte efter lov om andelsboligforeninger og andre boligfællesskaber eller andels-

boligforeningens vedtægter, afgør fogedretten ved lodtrækning, hvem der skal have fortrinsstilling.

**§ 559 b.** § 559 a finder tilsvarende anvendelse ved udlæg i aktier eller anparter i et boligaktieselskab eller et boliganpartsselskab omfattet af kapitel III i lov om andelsboligforeninger og andre boligfællesskaber.

**§ 559 c.** En anmodning til fogedretten om tvangsauktion over en andel i en andelsboligforening, som anvendes til andet end beboelse, skal være skriftlig og være ledsaget af en udskrift af andelsboligbogen. I øvrigt finder § 559 a, stk. 5 og 6, tilsvarende anvendelse.

Kapitel 51

*Tvangsauktion over fast ejendom*

**§ 560.** En anmodning til fogedretten om tvangsauktion skal være skriftlig og indeholde oplysning om ejendommens art, jf. § 563. Med anmodningen skal følge en attest om ejendomsvurderingen og en tingbogsattest. Hvor ejendommen består af flere matrikelnumre i samme retskreds, der er behæftet ensartet, er én tingbogsattest tilstrækkelig. Skal der på grund af uensartet behæftelse af ejendommen og dens tilbehør i henhold til § 572 foretages særskilt opråb af ejendommens tilbehør eller en del af dette, skal der desuden vedlægges en fortegnelse over det tilbehør, som skal opråbes særskilt.

*Stk. 2.* Indgives der flere auktionsbegæringer vedrørende samme ejendom, behandles disse af fogedretten i den rækkefølge, de er modtaget, således at en senere indgivet begæring ikke behandles, før en tidligere er bortfaldet.

**§ 561.** Når fogedretten har modtaget anmodning om tvangsauktion, indkalder den skyldneren til møde, såfremt ejendommen benyttes til beboelse for denne eller hans familie, eller hvis fogedretten i øvrigt finder, at der er behov for et møde. Dette afholdes så vidt muligt inden 7 dage efter anmodningens modtagelse. Indkaldelsen skal indeholde oplysning om formålet med mødet, jf. stk. 3, om adgangen til advokatbeskikkelse og antagelse af en sagkyndig samt opfordring til skyldneren om at medbringe kvitteringer og andre papirer af betydning for gældsforholdene i ejendommen. Indkaldelsen af skyldneren skal forkyndes eller sendes ved anbefalet brev. Kendes skyldnerens adresse ikke, bekendtgør fogedretten indkaldelsen i Statstidende.

*Stk. 2.* Fogedretten underretter rekvirenten og om fornødent kommunalbestyrelsen om indkaldelsen. Fogedretten kan indkalde rekvirenten til mødet med tilkendegivelse om, at auktionsbegæringen anses for bortfaldet, hvis han udebliver.

*Stk. 3.* På mødet vejleder fogedretten skyldneren om virkningerne af anmodningen om tvangsauktion og fastsætter så vidt muligt tidspunktet for et eventuelt forberedende møde og for auktionen. I særlige tilfælde kan fogedretten på mødet meddele skyldneren en frist på indtil 4 uger til at afværge auktionen. Har behandlingen af anmodningen om tvangsauktion været udsat efter § 560, stk. 2, kan sådan frist dog kun helt undtagelsesvis meddeles. Er skyldneren eller rekvirenten ikke mødt, underretter fogedretten i fornødent om-

fang den pågældende om de beslutninger, der er truffet på mødet.

*Stk. 4.* Fogedretten kan forlænge den i stk. 3 nævnte frist, når særlige omstændigheder taler herfor.

*Stk. 5.* I stedet for at indkalde skyldneren til et møde kan fogedretten, hvis den skønner det forsvarligt, skriftligt meddele denne, at der er indgivet anmodning om tvangsauktion. Meddelelsen skal indeholde oplysning om de i stk. 3, stk. 6 og § 562, stk. 1, nævnte muligheder.

*Stk. 6.* Fogedretten kan når som helst under auktionssagen beskikke en advokat for skyldneren. Fogedretten bør i almindelighed beskikke en advokat, når skyldneren, rekvirenten eller andre i ejendommen berettigede anmoder herom. Fogedretten kan træffe bestemmelse om, at udgifterne ved beskikkelsen helt eller delvis endeligt skal afholdes af statskassen, hvis behovet for advokatbistand er begrundet i skyldnerens personlige forhold og skyldneren opfylder de økonomiske betingelser efter § 325. I andre tilfælde pålægger fogedretten skyldneren eller, hvis auktionen gennemføres, auktionskøberen ud over auktionsbudet at erstatte statskassen udgifterne. Bestemmelsen i § 562, stk. 2, finder i så fald tilsvarende anvendelse.

**§ 562.** Når en eventuel frist efter § 561, stk. 3, er udløbet, kan fogedretten antage en sagkyndig person til inden for en frist på indtil 4 uger at foretage en vurdering af ejendommens salgsværdi på tvangsauktion og til gennem annoncering efter fogedrettens bestemmelse at fremskaffe liebhavere med henblik på ejendommens salg, så vidt muligt i fri handel. Fogedretten kan forlænge fristen, når særlige omstændigheder taler herfor. Fogedretten bør i almindelighed antage en sagkyndig, når skyldneren, rekvirenten eller andre i ejendommen berettigede anmoder herom. Den sagkyndige kan efter skyldnerens begæring antages inden udløbet af den i 1. pkt. nævnte frist efter § 561, stk. 3. Hvis der efter det, som er oplyst for fogedretten, er tvivl om den sagkyndiges upartiskhed, antages denne ikke.

*Stk. 2.* Antages der en sagkyndig, skal rekvirenten straks på fogedrettens anmodning stille sikkerhed for omkostningerne herved. I særlige tilfælde kan fogedretten dog indrømme rekvirenten en kort frist til at stille sikkerheden. Undlader rekvirenten at stille den krævede sikkerhed, anses auktionsbegæringen for bortfaldet.

*Stk. 3.* Rekvirenten eller, hvis en sagkyndig er antaget, den sagkyndige udarbejder en salgsopstilling til brug ved auktionen. Salgsopstillingen skal indeholde oplysning om salgsvilkårene og om andre forhold vedrørende ejendommen og auktionen, som må antages at være af væsentlig betydning for køber. Salgsopstillingen skal herunder indeholde de oplysninger, der er nævnt i § 566, stk. 2, og § 569, stk. 1, 1. pkt., samt efter fogedrettens bestemmelse de oplysninger, der er nævnt i § 566, stk. 3, 3. pkt. Skyldneren og de i ejendommen berettigede skal fremkomme med de oplysninger, som er nødvendige til udarbejdelse af salgsopstilling og øvrige auktionsvilkår. Undladelse heraf medfører, at den pågældende ikke kan få dækket sine omkostninger i anledning af auktionssagen.

*Stk. 4.* Ejendommens ejer og eventuelle brugere skal give den sagkyndige, rekvirenten og de i auktionen interesserede adgang til at besigtige ejendommen og det tilbehør, der skal sælges sammen med denne på auktionen.

**§ 563.** Fogedretten kan indkalde skyldneren, rekvirenten eller andre i ejendommen berettigede til et forberedende møde. De indkaldte kan opfordres til at medbringe sædvanlig dokumentation for de i § 569, stk. 1, nævnte oplysninger. Det skal i så fald anføres, at undladelse heraf eller udeblivelse fra mødet kan medføre, at den pågældende ikke kan få dækket sine omkostninger i anledning af auktionssagen.

*Stk. 2.* Mødet indkaldes i almindelighed med mindst 14 dages varsel. Bortfalder mødet, underretter fogedretten så vidt muligt de indkaldte herom.

**§ 563 a.** Rekvirenten skal tilbagekalde sin anmodning, hvis skyldneren inden auktionen betaler alle forfaldne krav, som er sikret ved rekvirentens pant i ejendommen, samt auktionssagens omkostninger.

*Stk. 2.* Har auktionen været afholdt, og er der begæret ny auktion, skal rekvirenten tilbagekalde sin anmodning, såfremt skyldneren inden den nye auktion betaler de i stk. 1 nævnte omkostninger samt forfaldne beløb og tilkendte omkostninger til alle, som opnåede dækning ved de ved auktionen afgivne bud. Skal et pantebrev forblive indestående, hvis auktionsbudet antages, kan andre fordringshavere end rekvirenten kun kræve betaling af forfaldne ydelser og omkostninger.

**§ 564.** Fogedretten indkalder med mindst 3 ugers varsel skyldneren, pant- og udlægshavere, servitutberettigede og andre, der berøres af ejendommens salg, til tvangsauktionen, jf. § 154. Indkaldelse kan dog undlades, hvis auktionen er berammet på det i § 563, stk. 1, nævnte møde.

*Stk. 2.* Indkaldelsen skal indeholde oplysning om tid og sted for auktionen, auktionsrekvirentens eller hans fuldmægtigs navn og adkomst til at stille ejendommen til salg, ejendommens beliggenhed og størrelse og ejerens navn. De interesserede skal opfordres til at medbringe sædvanlig dokumentation for de i § 569 nævnte oplysninger, og det skal anføres, at undladelse heraf kan medføre den i § 563, stk. 1, nævnte virkning. Med indkaldelsen skal følge den i § 562, stk. 3, nævnte salgsopstilling.

*Stk. 3.* Indkaldelsen skal indeholde oplysning om, hvor auktionsdokumenterne kan eftersees, og til hvem henvendelse kan rettes angående auktionen og ejendommens besigtigelse.

*Stk. 4.* Hvis rekvirentens anmodning om auktion ikke omfatter det til ejendommen hørende løsøre eller kun en del heraf, skal indkaldelsen indeholde oplysning herom og om pant- og udlægshaveres adgang til i medfør af § 568 at kræve løsøregenstande omfattet af auktionen.

*Stk. 5.* Fogedretten underretter rekvirenten om, hvem der er indkaldt i medfør af stk. 1.

**§ 565.** Rekvirenten kan ikke påføre de fordringshavere, der har prioriteter eller reelle rettigheder forud for ham, nogen udgift i anledning af auktionssagens fremme, men må selv bære omkostningerne herved, hvis han ikke på auktio-

nen får andel i budet. Den pågældende skal stille sikkerhed for omkostningerne efter fogedrettens bestemmelse.

*Stk. 2.* Hvis auktionen gennemføres, bæres omkostningerne ved inkassoskridt foretaget af en panthaver efter, at han har været indkaldt til et møde som nævnt i § 563, eller til tvangsauktion, af den pågældende panthaver.

**§ 566.** Rekvirenten eller, hvis en sagkyndig er antaget, den sagkyndige bekendtgør auktionen én gang i Statstidende med mindst 14 dages varsel.

*Stk. 2.* Bekendtgørelsen skal betegne auktionen som tvangsauktion og ud over tid og sted for auktionen indeholde oplysninger om alle forhold, der kan antages at have en væsentlig betydning for ejendommens værdi. Bekendtgørelsen skal særlig indeholde oplysninger om ejendommens matrikelnummer, nøjagtige adresse, ejendomsværdi, karakter, areal og anvendelse, herunder så vidt muligt oplysning om størrelsen af det bebyggede areal og dets indretning. Bekendtgørelsen skal indeholde de i § 564, stk. 3, nævnte oplysninger.

*Stk. 3.* Rekvirenten eller den sagkyndige skal endvidere bekendtgøre auktionen på internettet, således at bekendtgørelsen indeholder de oplysninger, der er nævnt i stk. 2, og sker på eller kan findes ved hjælp af en almindeligt anvendt portal, der giver adgang til de steder på internettet, hvor ejendomme udbydes til salg, og eventuelt tillige i et andet medie, der ogsaa er egnet til at skabe købsinteresse. I helt særlige tilfælde kan bekendtgørelse dog ske på anden vis. Ved auktioner over ejendomme, der anvendes til privat beboelse, kan fogedretten bestemme, at bekendtgørelsen skal indeholde eksempel på kontantbehov, årlige bruttoudgifter og skatteunderskud beregnet ved en given budsum.

**§ 567.** Bortfalder eller udsættes auktionen, skal rekvirenten eller, hvis en sagkyndig er antaget, den sagkyndige så vidt muligt aflyse denne ved bekendtgørelse én gang i de samme medier, hvori den har været bekendtgjort. Endvidere skal rekvirenten give underretning til alle, der har fået særskilt indkaldelse til auktionen.

**§ 568.** Omfatter rekvirentens anmodning om tvangsauktion ikke ejendommens løsøre eller kun en del heraf, kan en pant- eller udlægshaver, der foruden i ejendommen har pant i tilbehør, der ikke er omfattet af anmodningen, kræve, at auktionen skal omfatte dette. Har pant- eller udlægshaveren været indkaldt til et møde som nævnt i § 563, skal kravet senest fremsættes på mødet. En fortegnelse over tilbehøret skal være overgivet til fogedretten senest 7 dage før auktionen.

*Stk. 2.* Inddrages tilbehøret i medfør af stk. 1 under auktionen, fyldestgøres samtlige berettigede af ejendommen og tilbehøret i overensstemmelse med indholdet af deres udlægs- og panteret.

*Stk. 3.* Fremsættes det i stk. 1 nævnte krav af fordringshaveren ifølge et skadesløsbrev eller et ejerpantebrev, og bestrides fordringen i sin helhed, skal den pågældende inden auktionen stille en af fogedretten fastsat sikkerhed.

**§ 569.** Ved auktionsmødets begyndelse skal auktionsrekvirenten oplyse arten og størrelsen af de omkostninger, re-

stancer og mulige andre ydelser, køberen skal betale ud over auktionsbudet, og de i ejendommen berettigede skal oplyse størrelsen af deres krav med angivelse af, hvor stor en del der er forfalden. Endvidere gennemgås auktionsvilkårene, herunder salgsopstillingen, tingbogsattesten, tilførsler til auktionsbogen og sagens øvrige dokumenter i fornødent omfang. Auktionsdokumenterne skal i øvrigt kunne eftersees af de interesserede. Dog afgør fogedretten, om der skal gives oplysning om den i § 562, stk. 1, nævnte vurdering.

*Stk. 2.* Fogedretten påser, at auktionen er bekendtgjort efter § 566, herunder at den i § 566, stk. 3, nævnte bekendtgørelse efter indhold og valg af bekendtgørelsesmedie er egnet til at skabe købsinteresse. Fogedretten påser endvidere, at den i § 562, stk. 3, nævnte salgsopstilling efter sit indhold er egnet til at skabe købsinteresse.

**§ 570.** Auktionen afholdes på de af justitsministeren fastsatte vilkår (Justitsministeriets tvangsauktionsvilkår). Det kan i vilkårene bestemmes, i hvilket omfang de vilkå kunne fraviges ved de berettigedes vedtagelse, idet fogedretten dog skal påse, at der ikke vedtages usædvanlige eller byrdefulde betingelser, som må antages at ville afskrække køberne. Er der uenighed om vilkår, der kan fastsættes ved de berettigedes vedtagelse, afgøres tvisten af fogedretten ved kendelse. Det samme gælder spørgsmål om, hvorvidt auktionen kan fremmes på trods af indsigelse fra en person, der anser sig for ejendomsberettiget til ejendommen eller for at være indehaver af servitut eller anden rettighed over denne, der går forud for nogen, der skal have dækning gennem auktionssalget.

*Stk. 2.* Er der uenighed om, hvem der skal fyldestgøres af auktionssummen, eller i hvilken rækkefølge fyldestgørelsen skal ske, afgøres dette af fogedretten ved kendelse. Har tvistens afgørelse særlig betydning for auktionens gennemførelse, bør kendelsen afsiges inden auktionen. Ellers kan fogedretten bestemme, at den omstridte del af auktionssummen skal indbetales til fogedretten, jf. dog konkurslovens § 89 og § 61 i lov om skifte af dødsboer. I tilfælde af manglende frivillig indbetaling indkræver fogedretten beløbet, der tillægges udpantningsret. Fogedretten fordeler beløbet i overensstemmelse med reglerne i § 579.

*Stk. 3.* Fogedretten kan også uden for de i stk. 2 nævnte tilfælde udskyde afgørelsen af tvister til efter auktionen, når dette kan ske uden skade for auktionens gennemførelse.

**§ 571.** Skønner fogedretten, at der bør tilvejebringes yderligere oplysninger af væsentlig betydning for ejendommens salg, eller kan en kendelse ikke afsiges straks under auktionen, kan fogedretten udsætte auktionen. Udsættelse kan endvidere ske efter reglerne i § 502. Fogedretten fastsætter straks tidspunktet for en kendelses afsigelse og berammer så vidt muligt straks auktionen.

*Stk. 2.* Fogedretten bekendtgør en udsat auktion efter reglerne i § 566. Er auktionen ikke blevet berammet på første auktionsmøde, skal der desuden ske indkaldelse efter reglerne i § 564.

**§ 572.** Har panthaverne pant i ejendommen og i dennes tilbehør, men med indbyrdes afvigende prioritetsstilling, op-

råbes de uensartet behæftede dele af pantet først hver for sig og derefter samlet. Er det højeste bud, der fremkommer ved samlet opråb, højere end eller lig med summen af de højeste bud, der fremkommer ved særskilt opråb, antages det samlede bud. Auktionssummen fordeles i så fald efter forholdet mellem værdierne af de uensartet behæftede dele af pantet, som disse er fastsat gennem fogedrettens vurdering, medmindre det i auktionsvilkårene er fastsat, at auktionssummen skal fordeles efter forholdet mellem de højeste bud, der fremkom ved særskilt opråb.

§ 573. Påhviler der ejendommen servitutter, brugsrettigheder, aftægts-, livrente- eller lignende forpligtelser, som har prioritet forud for al pantegæld, opråbes ejendommen med forpligtelse til at overtage eller udrede sådan byrde ud over auktionsbudet, medmindre den berettigede samtykker i andet. Er en ydelse forfaldet inden den endelige auktion, skal den betales af køberen inden 7 dage efter auktionens slutning.

*Stk. 2.* Har sådanne byrder sekundær prioritet, kan fogedretten, hvis den skønner, at de ikke påvirker ejendommens salgsværdi nævneværdigt, bestemme, at de skal overtages af køberen ud over auktionsbudet. Ellers opråbes ejendommen først med forpligtelse til at overtage eller udrede byrden ud over auktionsbudet. Opnås der ikke et bud, der giver fuld dækning til de forud prioriterede krav, opråbes ejendommen uden sådan forpligtelse. I så fald kapitaliseres byrden efter lovgivningens almindelige regler, idet kapitalværdien om fornødent fastsættes ved fogedrettens skøn, efter at alle interesserede har haft lejlighed til at udtale sig. Den berettigede har ret til dækning af købesummen forud for senere prioriterede i det omfang, den strækker til. Beløbet skal betales på samme måde som pantehæftelser, der kan kræves udbetalt, og forrentes med en årlig rente, der er fastsat efter § 5, stk. 1 og 2, i lov om renter ved forsinket betaling m.v.

*Stk. 3.* Kan nogen gøre betingede eller uvisse krav gældende i ejendommen, kan den berettigede kræve, at der under hensyn til kravets art afsættes det fornødne beløb af købesummen til hans fyldestgørelse. Det afsatte beløb indbetales til fogedretten, der indsætter det til forrentning i et pengeinstitut.

*Stk. 4.* Er ejendommen et resultat af en sammenlægning eller arealoverførsel, ansætter fogedretten skønsmæssigt de før sammenlægningen eller arealoverførelsen bestående servitutters, brugsrettigheders, grundbyrders og lignende byrders andel i købesummen, såfremt de ikke fuldt dækkes. Fogedretten skal ved udøvelsen af dette skøn tage hensyn til forholdet mellem værdien af den del af ejendommen, som byrderne vedrører, og ejendommens samlede værdi.

§ 574. Fogedretten foretager opråb af ejendommen og optegner i fornødent omfang budene og de bydendes navne. Når der trods tre opfordringer ikke er fremsat overbud, standses opråbet, og resultatet indføres i auktionsbogen. Salg bekræftes ved hammerslag.

§ 575. Enhver, der får andel i auktionsbudet, kan kræve, at hammerslag gives den højestbydende, som kan opfylde auktionsvilkårenes krav om køberens sikkerhedsstillelse.

Fremsættes et sådant krav ikke, og får rekvirenten ikke del i auktionsbudet, eller fremkommer der intet bud, hæver fogedretten auktionen, medmindre ny auktion skal afholdes i medfør af § 576. Hæves auktionen, skal omkostningerne ved denne betales af rekvirenten, der ikke har regres herfor mod skyldneren.

§ 576. Skyldneren kan på auktionsmødet forlange ny auktion mod straks at stille sikkerhed for betalingen af de omkostninger, der er forbundet hermed, for så vidt de ikke måtte blive dækket ved et højere bud. Det samme kan enhver rettighedshaver, der ikke får fuld dækning ved budet.

*Stk. 2.* Skønner fogedretten, at et væsentlig højere bud kan opnås på en ny auktion, kan den bestemme, at ny auktion skal afholdes, medmindre den eller de rettighedshavere, der ikke opnår fuld dækning, samt skyldneren ønsker, at budet antages. Opnås der ikke et højere bud på den nye auktion, betales omkostningerne ved denne af statskassen.

§ 577. Skal ny auktion afholdes, bekendtgøres den efter reglerne i § 566 med angivelse af auktionens art. Er tidspunktet for auktionen ikke blevet fastsat på første auktionsmøde, eller skyldes auktionen auktionskøberens misligholdelse af auktionsvilkårene, skal der desuden ske indkaldelse efter reglerne i § 564.

*Stk. 2.* Flere auktioner end to kan kun afholdes, hvis fogedretten finder, at ganske særlige omstændigheder taler herfor, eller den begærede auktion er en misligholdelsesauktion. På en ny auktion, der ikke er misligholdelsesauktion, finder § 575 tilsvarende anvendelse.

§ 578. Gør en pant- eller udlægshaver, der ved auktionen har købt ejendommen til en pris, som ikke gav ham fuld dækning, sit krav gældende som personlig fordring mod skyldneren eller andre, kan retten nedsætte fordringen i det omfang, det ved senere salg af ejendommen eller på anden måde godtgøres, at auktionsbudet stod i misforhold til ejendommens værdi på auktionstidspunktet.

§ 579. Skal betalingen efter § 570, stk. 2, ske til fogedretten, laver denne et udkast til auktionssummens fordeling mellem de interesserede snarest efter, at hammerslag er givet. Udkastet sendes til de interesserede med opfordring til at fremsætte eventuelle indsigelser inden en af fogedretten fastsat frist. Fremkommer der ikke inden fristens udløb indsigelse imod udkastet, fordeles auktionssummen i overensstemmelse hermed, efterhånden som den indkommer, dog uden at nogens ret til andel i den i øvrigt prækluderes herved.

*Stk. 2.* Fremsættes der inden udløbet af den i stk. 1 nævnte frist indsigelse imod udkastet, indkalder fogedretten med mindst 14 dages varsel de interesserede til et møde. Indkaldelsen skal indeholde oplysning om, at sagens dokumenter ligger til eftersyn på fogedrettens kontor. Kan der ikke på mødet opnås enighed, afgør fogedretten spørgsmålet ved kendelse. Den del af auktionssummen, der ikke er genstand for tvist, udbetales i overensstemmelse med udkastet, mens den omtvistede del tilbageholdes af fogedretten indtil sagens endelige afgørelse. Det tilbageholdte beløb indsættes til forrentning i et pengeinstitut.

**§ 580.** Fogedretten skal udstede auktionsskøde til auktionskøberen eller den, der har erhvervet retten hertil, når det godtgøres, at auktionsvilkårene er opfyldt, eller at alle berettigede har fået, hvad de har krav på, eller samtykker i, at skødet udstedes. Oplyses det, at en kreditor, der har et tinglyst krav på dækning af købesummen, trods lovligt tilbud har nægtet eller erklæret sig ude af stand til at give fornøden kvittering til slettelse af tingbogen, kan beløbet indbetales til fogedretten, der i skødet anfører, at vedkommende dokument kan slettes ved skødets tinglysning. Det samme gælder, hvis pågældende kreditor ikke har bopæl her i riget eller ikke har opgivet nogen her bosiddende person som befuldmægtiget til at modtage beløbet på hans vegne. Det indbetalte beløb indsættes til forrentning i et pengeinstitut.

*Stk. 2.* Består det solgte af flere særskilte ejendomme, skal fogedretten efter anmodning fra køberen eller den, der træder i hans sted, udstede særskilt skøde eller overdragelsesdokument på hver enkelt ejendom, såfremt betingelserne herfor er opfyldt, jf. stk. 1. Det samme gælder, når en ejendom forlanges delt, og det godtgøres, at de lovbestemte betingelser herfor er opfyldt.

**§ 581.** Når auktionskøberen har opfyldt auktionsvilkårene, og appelfristen er udløbet, uden at underretning om appel er meddelt Tinglysningsretten, kan køberen kræve de rettigheder, der ikke fik dækning på auktionen, slettet af tingbogen.

*Stk. 2.* Er et digitalt pantebrev blevet slettet i tingbogen i medfør af stk. 1, kan den, der ifølge oplysningerne i tingbogen har ret til at gøre eventuelle personlige fordringer efter pantebrevet gældende over for skyldneren, kræve, at Tinglysningsretten konverterer det digitale pantebrev til et papirdokument. Papirdokumentet er at anse som et originalt gældsbrev.

**§ 582.** Fogedretten fastsætter, om fornødent ved kendelse, størrelsen af de salærer, honorarer og rejseomkostninger, der ifølge auktionsvilkårene skal betales af auktionskøberen ud over auktionsbudet. Størrelsen af salærer og honorarer fastsættes under hensyn til sagens beskaffenhed og omfanget af de pågældendes arbejde, herunder deres medvirken ved auktionssagens oplysning, jf. dog §§ 563 og 564, stk. 2.

Kapitel 52

*Tvister under tvangsauktionen*

**§ 583.** Under auktionssagen finder §§ 499, 500, stk. 1, og 501 anvendelse med de fornødne lempelser.

*Stk. 2.* De oprindelige parter kan ikke fremsætte indsigelser imod lovligheden af udlægsforretningen eller de retshandlinger, der ligger forud for denne.

*Stk. 3.* Omkostninger ved behandlingen af tvister under auktionen erstattes kun, hvis dette efter tvistens art og arbejdets omfang findes rimeligt. For så vidt angår omkostninger ved fogedrettens behandling af tvister efter auktionens afholdelse med henblik på udstedelse af skøde, finder reglerne i kapitel 30 anvendelse.

Kapitel 53

*Appel af fogedrettens afgørelser*

**§ 584.** Afgørelser, der er truffet af en fogedret, kan, medmindre andet er bestemt i loven, kæres til den landsret, i hvis kreds fogedretten ligger.

*Stk. 2.* Afgørelser om udlæg for krav, der har en økonomisk værdi af højst 20.000 kr., kan ikke kæres. Procesbevillingsnævnet kan dog give tilladelse til kære, hvis særlige grunde taler derfor.

*Stk. 3.* Ansøgning om kæretilladelse skal indgives til Procesbevillingsnævnet inden 4 uger efter afgørelsen. Nævnet kan dog undtagelsesvis meddele tilladelse, hvis ansøgning indgives senere, men inden 1 år efter afgørelsen.

*Stk. 4.* Fogedrettens afgørelse efter § 561, stk. 2-4, § 562, stk. 1-3, § 563, § 566, stk. 3, 3. pkt., § 569, stk. 1, 4. pkt., § 570, stk. 2, 3. pkt., og stk. 3, § 571, stk. 1, § 576, stk. 2, og § 577, stk. 2, kan ikke kæres.

**§ 584 a.** Fogedrettens afgørelser om omkostninger, der er fastsat til mere end 20.000 kr., kan særskilt kæres. Det samme gælder afgørelser, hvorved det er bestemt, at ingen af parterne skal betale sagsomkostninger til den anden part, hvis der er spørgsmål om tilkendelse af sagsomkostninger med mere end 20.000 kr.

*Stk. 2.* Procesbevillingsnævnet kan meddele tilladelse til kære af fogedrettens afgørelse om omkostninger, der efter stk. 1 ikke kan påkæres, hvis særlige grunde taler derfor.

*Stk. 3.* Beslutning efter § 334, stk. 4, om salær, der er fastsat til højst 20.000 kr., kan ikke kæres. Procesbevillingsnævnet kan dog give tilladelse til kære, hvis særlige grunde taler derfor.

*Stk. 4.* Ansøgning om kæretilladelse skal indgives til Procesbevillingsnævnet inden 2 uger efter afgørelsen. Nævnet kan dog undtagelsesvis meddele tilladelse, hvis ansøgningen indgives senere, men inden 6 måneder efter afgørelsen.

**§ 585.** Landsrettens afgørelse i en kæresag kan ikke kæres. Procesbevillingsnævnet kan dog meddele tilladelse til kære, hvis kæren vedrører spørgsmål af principiel karakter. Hvis særlige grunde taler for det, kan tilladelsen begrænses til en del af sagen.

*Stk. 2.* Ansøgning om kæretilladelse skal indgives til Procesbevillingsnævnet inden 4 uger efter afgørelsen. I andre sager end auktionssager kan nævnet dog undtagelsesvis meddele tilladelse, hvis ansøgning indgives senere, men inden 1 år efter afgørelsen.

**§ 586.** Kære skal ske inden 4 uger efter, at forretningen er foretaget, eller, hvis forretningen ikke foretages, inden 4 uger efter den afgørelse, som kæres.

*Stk. 2.* Er der meddelt tilladelse efter § 584, stk. 2 og 3, § 584 a, stk. 2-4, eller § 585, skal kære ske inden 4 uger efter, at tilladelsen er meddelt ansøgeren.

*Stk. 3.* Såfremt kæren går ud på ophævelse af auktion over et luftfartøj, der er registreret i en fremmed stat, som har tiltrådt Genèvekonventionen af 19. januar 1948, er fristen dog 6 måneder efter salgsdagen, dersom den kærende som grund for ophævelsen påberåber sig, at reglerne i § 544, stk. 2, ikke har været overholdt.

*Stk. 4.* Iværksættes kære efter fristens udløb, afvises kæren af den ret, hvortil afgørelsen kæres. Retten kan dog undtagelsesvis tillade kære indtil 1 år, i auktionssager dog indtil 6 måneder, efter afgørelsen. Kæreskriftet skal i så fald indleveres inden 4 uger efter tilladelsens meddelelse. Bestemmelserne i § 398 finder tilsvarende anvendelse. Landsrettens afgørelse kan kun indbringes for Højesteret efter reglerne i § 392, stk. 3-5.

**§ 587.** Reglerne i § 393 og §§ 395-398 a finder med de i stk. 2-4 nævnte ændringer tilsvarende anvendelse.

*Stk. 2.* Kære af afgørelser, der træffes i auktionssager efter auktionens slutning, har opsættende virkning. Ved kære af afgørelser, der træffes inden auktionens slutning, kan en bestemmelse om opsættende virkning betinges af, at kærende stiller sikkerhed for omkostningerne ved afholdelse af nyt auktionsmøde.

*Stk. 3.* Fogedrettens ophævelse af en arrest kan ikke hindres fra at træde i virksomhed ved anvendelse af kære. 1. pkt. finder tilsvarende anvendelse ved rettens ophævelse af et forbud eller påbud.

*Stk. 4.* Parterne kan under kæresagen fremsætte påstande, der ikke har været fremsat for fogedretten. Det gælder dog ikke ved kære af et i medfør af kapitel 40 meddelt forbud eller påbud.

*Stk. 5.* Under kære af et forbud eller påbud finder § 417, stk. 1, 2. pkt., tilsvarende anvendelse.

*Stk. 6.* Mundtlig forhandling foretages, hvis der efter sagens beskaffenhed findes at være grund dertil. Fremsætter begge parter begæring om mundtlig forhandling, skal begæringen i almindelighed imødekommes.

Kapitel 54

*Brugeligt pant*

**§ 588.** Misligholdes betalingsforpligtelsen i henhold til et pantebrev i fast ejendom, eller indtræder der anden væsentlig misligholdelse i henhold til et sådant pantebrev, kan panthaveren ved fogedrettens foranstaltning overtage brugen af ejendommen med henblik på at få dækning for sit krav gennem indtægterne ved ejendommens drift.

*Stk. 2.* Støtter panthaveren ret på et ejerpantebrev eller et skadesløsbrev, finder § 478, stk. 1, nr. 6, tilsvarende anvendelse.

*Stk. 3.* Overtagelse til brugeligt pant ved fogedrettens foranstaltning som følge af betalingsmisligholdelse kan ikke ske, før der er forløbet 2 uger efter, at panthaver har givet pantsætter skriftlig meddelelse om, at ejendommen kan tages til brugelighed på grundlag af misligholdelsen.

**§ 589.** Det skal af panthaverens anmodning fremgå, om hele ejendommen og eventuelt tillige det i tinglysningslovens §§ 37 og 37 a omhandlede tilbehør omfattes af anmodningen.

*Stk. 2.* Tages panthaverens anmodning til følge, registrerer fogedretten de aktiver, som overlades til panthaverens brug.

*Stk. 3.* Rekvirenten skal underrette de øvrige panthavere i ejendommen og den kommune, hvor ejendommen ligger, om sin overtagelse af brugen af ejendommen. Rekvirenten fremsender senest 14 dage efter forretningens foretagelse til fogedretten en fortegnelse over, hvem der har modtaget underretning.

*Stk. 4.* Med hensyn til sagens behandling i øvrigt finder reglerne i kapitel 55 tilsvarende anvendelse, idet anmodningen dog altid indgives til fogedretten på det sted, hvor pantet er beliggende. Pantsætteren skal underrettes om eller tilsiges til forretningen vedrørende ejendommens overtagelse til brugelighed, medmindre retten undtagelsesvis finder, at afgørende hensyn tilsiger, at sagen behandles uden sådan meddelelse. Underretning eller tilsigelse af pantsætter sker normalt med et varsel på mindst 7 dage og skal forkyndes for pantsætter. Er der ikke givet pantsætter sådan meddelelse, skal rekvirenten efterfølgende snarest muligt underrette pantsætter om forretningens foretagelse, jf. stk. 3, 2. pkt.

**§ 590.** Før forretningen fremmes, skal panthaver stille sikkerhed for de erstatningskrav, der kan følge af administrationen af pantet. Fogedretten træffer afgørelse om sikkerhedens størrelse.

*Stk. 2.* Sikkerheden frigives af fogedretten, når der er forløbet 8 uger efter, at fogedretten eller skifteretten og de øvrige panthavere i ejendommen har modtaget regnskabet, jf. § 594, stk. 1, uden at der over for fogedretten er fremsat krav om erstatning, eller når såvel skyldneren eller skifteretten som de øvrige panthavere samtykker heri. Fogedrettens afgørelse om erstatning træffes ved kendelse.

*Stk. 3.* Fogedretten kan ved landbrugsejendomme betinge forretningens fremme af, at panthaveren anviser en person, der besidder de nødvendige kvalifikationer til på panthaverens vegne at varetage ejendommens daglige drift.

**§ 591.** Panthaveren kan ikke kræve sig indsat i besiddelsen af den del af en fast ejendom, som tjener til bolig for pantsætteren eller dennes husstand. Fogedretten kan dog betinge pantsætterens eller dennes husstands ret til at forblive i en bolig af, at der til panthaveren betales et beløb, hvis størrelse og forfaldstid fastsættes af fogedretten under hensyn til sædvanlige lejevilkår for tilsvarende boliger.

*Stk. 2.* For så vidt angår det i tinglysningslovens § 37 omhandlede tilbehør finder § 509 og § 515 tilsvarende anvendelse.

**§ 592.** Så længe panthaveren har en ejendom til brug, har panthaveren ret til at oppebære ejendommens indtægter. Panthaveren er berettiget til at afhænde det i tinglysningslovens §§ 37 og 37 a omhandlede tilbehør og foretage andre dispositioner vedrørende ejendommen, for så vidt dette kan anses for et led i en regelmæssig drift af ejendommen.

*Stk. 2.* Panthaveren har pligt til at holde ejendommen og dens tilbehør i forsvarlig stand og behørigt forsikret samt til at betale skatter og afgifter vedrørende ejendommen, som forfalder, mens ejendommen er taget til brug. Panthaveren har pligt til at betale for ejendommens forsyning med el, gas, vand, varme og lignende, mens brugspanteforholdet består. Panthaver underretter inden 14 dage efter månedens udgang fogedretten og pantsætter om resultatet af ejendommens drift i den forløbne måned.

*Stk. 3.* Er den pantsatte ejendom udlejet, indtræder brugspanthaveren, mens brugspanteforholdet består, i udlejerens rettigheder og pligter i henhold til lejelovgivningen.

*Stk. 4.* Så længe brugspanteforholdet består, har brugspanthaveren pligt til at efterkomme påbud vedrørende ejendommen fra det offentlige i samme omfang som ejeren af ejendommen.

**§ 593.** Brugspanthaverens ret til at have ejendommen til brug ophører, når pantsætterens misligholdelse bringes til ophør, når en panthaver med en bedre eller sideordnet prioritet begærer ejendommen taget til brug, eller når det af pantsætteren eller en anden i ejendommen berettiget godtgøres, at brugspanthaveren tilsidesætter pligter efter § 592.

*Stk. 2.* Brugspanthaveren har ret til at betale forfaldne beløb til panthavere med bedre eller med sideordnet prioritet.

*Stk. 3.* Brugspanteforholdet bortfalder, når ejendommen bortsælges på tvangsauktion, når ejeren erklæres konkurs, eller når ejerens dødsbo tages under offentlig behandling som gældsfragåelsesbo.

**§ 594.** Når brugspanteforhold bringes til ophør eller bortfalder, skal brugspanthaveren snarest aflægge regnskab for sin administration af pantet over for fogedretten, pantsætteren og samtlige panthavere i ejendommen. Bortfalder brugspanteforholdet som følge af en konkurs eller offentlig dødsbobehandling, aflægges regnskabet til skifteretten.

*Stk. 2.* Regnskabet skal indeholde oplysninger om alle indtægter og udgifter oppebåret og afholdt af brugspanthaveren. Udgifter, som ikke kan oplyses endeligt, kan brugspanthaveren kun kræve godtgjort, for så vidt deres art og omtrentlige størrelse oplyses ved regnskabsaflæggelsen.

*Stk. 3.* Brugspanthaveren kan i regnskabet beregne sig et passende vederlag for sit eget og for sine ansattes arbejde vedrørende driften af ejendommen.

*Stk. 4.* Ophører brugspanteforholdet ikke som følge af tvangsauktion, og udviser brugspanteregnskabet et overskud, skal panthaveren udbetale dette til pantsætteren eller dennes bo.

*Stk. 5.* Tvist om regnskabet afgøres af fogedretten ved kendelse.

**§ 595.** Fogedrettens afgørelser efter dette kapitel kan kæres efter reglerne i kapitel 53.

Kapitel 55

*Umiddelbare fogedforretninger*

**§ 596.** Besiddelseskrav som nævnt i § 528 kan gennemtvinges af fogedretten ved en umiddelbar fogedforretning uden sædvanligt tvangsfuldbyrdelsesgrundlag, såfremt den berettigede (rekvirenten) i fogedretten kan godtgøre eller sandsynliggøre sit krav mod den forpligtede (rekvisitus).

*Stk. 2.* Bestemmelsen i stk. 1 finder tilsvarende anvendelse, når familierettens bistand er påkrævet til håndhævelse af forældremyndighed eller barnets bopæl. Fuldbyrdelse sker efter bestemmelserne i kapitel 42 b.

**§ 597.** Fremsættes der indsigelse mod rekvirentens krav, og kan rekvirenten ikke føre bevis for sin ret ved dokument-

bevis eller partsforklaring, nægter fogedretten at fremme anmodningen. Kan rekvirenten sandsynliggøre sin ret, og findes det af hensyn til rekvirentens fyldestgørelse betænkeligt at nægte at fremme forretningen, kan fogedretten gennemføre forretningen på betingelse af, at rekvirenten stiller sikkerhed for den skade og ulempe, som herved kan påføres rekvisitus. Sikkerheden frigives efter udløbet af den i § 600 nævnte frist, medmindre rekvisitus inden har anlagt sag eller iværksat kære.

*Stk. 2.* Fogedretten kan undtagelsesvis tillade anden bevisførelse end nævnt i stk. 1.

*Stk. 3.* Fogedretten kan efter begæring af rekvisitus afvise at fremme forretningen i de i § 226, stk. 1, nævnte tilfælde, og når retten af andre grunde finder det betænkeligt at fremme sagen.

*Stk. 4.* Fogedrettens afgørelse træffes efter anmodning ved kendelse.

**§ 598.** Anmodning om foretagelse af en umiddelbar fogedforretning indgives til fogedretten på det sted, hvor rekvisitus har hjemting, jf. §§ 235-240. Har rekvisitus ikke hjemting her i landet, finder § 487 tilsvarende anvendelse med de undtagelser, som følger af § 247.

*Stk. 2.* Med hensyn til sagens behandling finder § 248, § 348, § 349, § 491, § 492, stk. 1, § 493, stk. 1 og 2, § 494, stk. 1, 2 og 4, §§ 495-500, § 502, stk. 1, nr. 2, og §§ 503-506 tilsvarende anvendelse. Underretning eller tilsigelse af rekvisitus sker normalt med et varsel på mindst 7 dage. Rekvirentens anmodning og de af rekvirenten påberåbte bilag skal ledsage indkaldelsen i genpart.

**§ 599.** Fogedrettens afgørelser efter dette kapitel kan kæres efter reglerne i kapitel 53.

**§ 600.** Gøres det gældende, at rekvirentens krav ikke består, kan rekvisitus inden 3 måneder efter forretningens foretagelse anlægge civilt søgsmål med påstand om forretningens ophævelse og erstatning, for så vidt sådanne påstande ikke er nedlagt under appel af fogedrettens afgørelse.

**§§ 601-626.** (Ophævet)

**Femte afsnit.**

**De foreløbige retsmidler**

Kapitel 56

*Arrest*

**§ 627.** Fogedretten kan foretage arrest til sikkerhed for pengekrav, når
1) der ikke kan foretages udlæg for fordringen, og
2) det må antages, at muligheden for senere at opnå dækning ellers vil blive væsentligt forringet.

**§ 628.** Arrest kan ikke foretages, når det må antages, at fordringen ikke består.

*Stk. 2.* I luftfartøjer, fremmede statsskibe og skibsladninger, der tilhører fremmede stater, kan arrest kun foretages efter reglerne herom i anden lovgivning.

*Stk. 3.* Sager om arrest i skib med forbud mod skibets afsejling til sikring af et søretskrav behandles efter reglerne i sølovens kapitel 4.

**§ 629.** Inden arrestforretning påbegyndes eller arrest foretages, kan fogedretten bestemme, at fordringshaveren som betingelse for arrest skal stille sikkerhed for den skade og ulempe, som kan påføres skyldneren ved arresten.

*Stk. 2.* Fogedretten bestemmer sikkerhedens art og størrelse.

**§ 630.** Arrest kan afværges eller ophæves, såfremt skyldneren stiller en efter fogedrettens skøn tilstrækkelig sikkerhed for fordringshaverens fordring med tillæg af såvel forfaldne som anslåede renter samt sandsynlige omkostninger i forbindelse med arrestforretningen, arrestsagen og sagen vedrørende fordringen.

*Stk. 2.* Inden arrest foretages, opfordrer fogedretten skyldneren eller den, der varetager dennes interesser, jf. § 495, stk. 2, til at afværge arresten ved betaling eller sikkerhedsstillelse.

**§ 631.** Anmodning om arrest indgives skriftligt til fogedretten. Anmodningen skal indeholde oplysninger om de konkrete omstændigheder, som fordringshaveren vil påberåbe sig, og om de oplysninger, som i øvrigt er nødvendige for sagens behandling. Anmodningen skal være ledsaget af de dokumenter, der påberåbes.

*Stk. 2.* Med hensyn til sagens behandling finder reglerne i § 487, § 488, stk. 3, § 489, § 491, § 492, stk. 1, § 493, stk. 1 og 2, § 494, §§ 495-500, § 501, stk. 4 og 5, § 502, stk. 1, nr. 2 og 3, § 503, § 504, nr. 1 og 4, § 505, stk. 2-4, § 506, § 507, stk. 2-4, §§ 508-518, § 519, stk. 1, § 520, stk. 1, 1. pkt., § 523, stk. 2-4, og § 524 tilsvarende anvendelse.

**§ 632.** Arresten kan kun foretages i så stor en del af skyldnerens formue, som efter fogedrettens skøn er nødvendig til dækning af fordringen med tillæg af såvel forfaldne som anslåede renter og sandsynlige omkostninger i forbindelse med arrestforretningen, arrestsagen og sagen vedrørende fordringen.

*Stk. 2.* Fogedretten erklærer de arresterede aktiver for belagt med arrest og vejleder skyldneren om arrestens retsvirkninger, herunder at råden over aktiverne i strid med fordringshaverens ret kan medføre strafansvar.

*Stk. 3.* Er skyldneren ikke til stede, kan vejledning ske ved skriftlig meddelelse eller ved tilkendegivelse til den, der varetager skyldnerens interesser, jf. § 495, stk. 2.

**§ 633.** Fogedretten kan bestemme, at arresteret løsøre skal fratages skyldneren, når det må antages, at muligheden for at opnå dækning ellers vil blive væsentligt forringet. Løsøret opbevares då fordringshaverens bekostning af fogedretten eller af den, fogedretten bemyndiger dertil.

*Stk. 2.* Ved arrest i rede penge tages beløbet i forvaring af fogedretten.

**§ 634.** Fordringshaveren skal inden en uge efter arresten anlægge retssag om den fordring, for hvilken arrest er gjort, medmindre skyldneren under eller efter arrestforretningen frafalder forfølgning. Under denne sag skal fordringshaveren endvidere nedlægge særskilt påstand om stadfæstelse af arresten.

*Stk. 2.* Verserer der retssag om den pågældende fordring ved 1. instans, skal fordringshaveren inden en uge efter arresten anlægge arrestsag ved samme ret.

*Stk. 3.* Er der afsagt dom i 1. instans i retssagen om den pågældende fordring, anlægges arrestsagen ved den ret, der har afsagt dommen. Retten kan i tilfælde af anke udsætte arrestsagens behandling helt eller delvis.

*Stk. 4.* Skal retssag om den fordring, for hvilken arrest er gjort, anlægges ved udenlandsk domstol, skal sagen anlægges inden to uger efter arresten. Inden for samme frist anlægges arrestsagen her i landet.

*Stk. 5.* Verserer der retssag om den pågældende fordring ved udenlandsk domstol, hvis afgørelse må antages at få bindende virkning her i landet, skal påkendelse af en sag anlagt efter stk. 1 udsættes, indtil der er truffet retskraftig afgørelse i den udenlandske sag. Retten kan dog straks påkende spørgsmål om, hvorvidt arrestens foretagelse kan stadfæstes.

*Stk. 6.* Reglerne i stk. 1-5 finder tilsvarende anvendelse, når arrest er afværget ved sikkerhedsstillelse.

**§ 635.** Fordringshaverens forpligtelse til at anlægge retssag bortfalder, såfremt skyldneren, efter at arrest er foretaget, kommer under konkurs eller dør, og dødsboet tages under offentlig skiftebehandling uden gældsansvar for arvingerne.

*Stk. 2.* Fordringshaverens sikkerhedsstillelse i anledning af arresten frigives, såfremt der er forløbet 3 måneder efter arrestens foretagelse eller arrestsagens ophævelse, og der ikke fra boets side er anlagt retssag om erstatning.

**§ 636.** Under arrestsagen påkendes det, om arresten er lovligt gjort. Skyldneren kan under arrestsagen fremsætte alle indsigelser vedrørende arrestens lovlighed. Behandles spørgsmålet om den pågældende fordring særskilt, skal indsigelser mod fordringens rigtighed dog fremsættes under denne sag.

**§ 637.** Arresten kan ophæves ved dommen i arrestsagen eller ved dommen vedrørende fordringen. Arresten bortfalder, når ankefristen er udløbet, medmindre anke er iværksat eller andet er bestemt i dommen.

**§ 638.** Arresten kan kræves ophævet af fogedretten, såfremt fordringshaveren undlader at anlægge arrestsag eller sag vedrørende fordringen inden de i § 634 nævnte frister, eller såfremt nogen af disse sager afvises eller hæves.

*Stk. 2.* Arresten kan ophæves helt eller delvis på grund af omstændigheder, som er indtruffet efter arrestens foretagelse.

*Stk. 3.* Forinden arresten ophæves, skal fogedretten så vidt muligt give fordringshaveren lejlighed til at udtale sig.

**§ 639.** Den, som har opnået arrest på grundlag af en fordring, som viser sig ikke at bestå, skal betale skyldneren erstatning for tab og tort. Det samme gælder, når arresten bortfalder eller ophæves på grund af efterfølgende omstændigheder, såfremt det må antages, at fordringen ikke bestod.

*Stk. 2.* Viser fordringshaverens fordring sig alene at bestå for et mindre beløb, skal fordringshaveren betale skyldneren erstatning for det tab, der følger af, at arresten har haft for stor udstrækning.

*Stk. 3.* Er arresten ulovlig af andre grunde, skal fordringshaveren betale skyldneren erstatning for tab og tort, såfremt fordringshaveren burde have undladt at begære arrest.

*Stk. 4.* Krav efter stk. 1-3 kan gøres gældende som modkrav under arrestsagen eller sagen vedrørende fordringen eller under selvstændigt søgsmål. Selvstændigt søgsmål, der først kan anlægges, når arresten er ophævet efter § 638 eller endeligt bortfaldet efter § 635 eller § 637, skal anlægges inden 3 måneder efter ophævelsen eller bortfaldet.

*Stk. 5.* Reglerne i stk. 1-4 finder tilsvarende anvendelse, når arrest afværges ved sikkerhedsstillelse.

*Stk. 6.* Ophæves arresten under kære, kan der ved afgørelsen i kæresagen tillægges skyldneren erstatning efter reglerne i stk. 1-3.

**§ 640.** Fogedrettens afgørelse kan påkæres efter reglerne i kapitel 53. Kære har ikke opsættende virkning.

Kapitel 57

*Bistand til opretholdelse af forbud og påbud*

**§ 641.** Er der meddelt forbud eller påbud efter kapitel 40, yder fogedretten efter anmodning den, der har opnået forbuddet eller påbuddet (rekvirenten), bistand til opretholdelse af forbuddet eller påbuddet, herunder ved at hindre, at forbuddet overtrædes, ved at sikre, at påbuddet efterkommes, eller ved at tilintetgøre, hvad der er foretaget i strid med forbuddet eller påbuddet.

*Stk. 2.* Fogedretten kan beslaglægge rørligt gods, såfremt det anvendes eller har været anvendt ved overtrædelse af forbuddet eller påbuddet, eller såfremt der er bestemte grunde til at antage, at det vil blive anvendt til sådant formål.

*Stk. 3.* Det beslaglagte opbevares på rekvirentens bekostning af fogedretten eller af den, fogedretten bemyndiger hertil.

*Stk. 4.* Fogedretten kan betinge beslaglæggelse af, at rekvirenten stiller sikkerhed for de i stk. 3 nævnte omkostninger. Beslaglæggelse kan endvidere betinges af, at en sikkerhed, som retten har fastsat i medfør af § 415, forhøjes.

*Stk. 5.* Foretager fogedretten beslaglæggelse, skal fogedretten underrette den ret, som har meddelt forbuddet eller påbuddet, om afgørelsen.

**§ 642.** Anmodning om bistand eller beslaglæggelse efter § 641 indgives til fogedretten i den retskreds, hvor der efter § 487 er værneting, eller til fogedretten ved den byret, der har meddelt forbuddet eller påbuddet. Anmodningen skal vedlægges udskrift af kendelsen om forbud eller påbud.

*Stk. 2.* Med hensyn til sagens behandling finder § 248, § 344, § 348, § 349, § 360, stk. 3, § 491, stk. 1, 1. pkt., og stk. 3, § 492, stk. 1, § 493, stk. 1 og 2, § 494, stk. 1, 2 og 4, § 495, stk. 1, 1. pkt., og stk. 2 og 3, §§ 497-500, § 502, stk. 1, nr. 2 og 3, og § 506 tilsvarende anvendelse. Under behandlingen af en anmodning om bistand til sikring af opret-

holdelsen af et påbud finder endvidere reglerne i kapitel 48 tilsvarende anvendelse.

**§ 643.** Fogedretten træffer afgørelse om betaling af de omkostninger, der har været forbundet med fogedrettens behandling af sagen. Reglerne i kapitel 30 finder tilsvarende anvendelse. Hvis sag om den rettighed, der påstås krænket, allerede er anlagt ved en dansk domstol, kan fogedretten henskyde afgørelsen til afgørelsen om sagsomkostninger i den verserende sag.

**§ 644.** Fogedrettens afgørelser, der træffes ved kendelse, kan kæres efter reglerne i kapitel 53. Kære har ikke opsættende virkning.

**§§ 645-652.** (Ophævet)

Kapitel 57 a

*Bevissikring ved krænkelse af immaterialrettigheder m.v.*

**§ 653.** Efter anmodning fra rettighedshaveren eller en anden, der er beføjet til at påtale en krænkelse af en immaterialret eller en overtrædelse som nævnt i stk. 2 (rekvirenten), kan fogedretten træffe bestemmelse om, at der hos en anden (rekvisitus) skal foretages en undersøgelse med henblik på at sikre bevis for krænkelsen eller overtrædelsen og dennes omfang, hvis det sandsynliggøres, at rekvisitus har begået eller vil begå en sådan krænkelse, og der er grund til at antage, at bevis for krænkelsen eller overtrædelsen og dennes omfang kan findes i de lokaler, der ønskes undersøgt.

*Stk. 2.* Reglerne i dette kapitel finder anvendelse på bevissikring vedrørende

1) krænkelse af ophavsrettigheder eller beslægtede rettigheder, jf. ophavsretslovens §§ 2, 3, 65, 66, 67, 69, 70, 71 og 77,

2) overtrædelse af ophavsretslovens § 11, stk. 2, og §§ 73 og 74,

3) overtrædelser som nævnt i ophavsretslovens § 76, stk. 1, nr. 4 og 5, og § 78,

4) overtrædelse som nævnt i lov om radio- og fjernsynsvirksomhed § 91,

5) krænkelse af mønstre,

6) krænkelse af design, herunder EF-design,

7) krænkelse af varemærker, herunder EU-varemærker, og fællesmærker,

8) krænkelse af virksomhedernes navne,

9) krænkelse af patenter,

10) krænkelse af brugsmodeller,

11) krænkelse af rettigheder til halvlederprodukters udformning,

12) krænkelse af rettigheder til plantenyheder,

13) krænkelse af geografiske betegnelser m.v. og

14) overtrædelse af markedsføringslovens §§ 3 og 4 ved ulovlig produktefterligning.

*Stk. 3.* Undersøgelsen kan omfatte alt materiale, som må antages at være af betydning med henblik på at konstatere, om og i hvilket omfang krænkelser eller overtrædelser som nævnt i stk. 2 har fundet sted, herunder genstande bestemt for salg, maskiner og andet produktionsudstyr, bogføringsmateriale, fakturaer, ordresedler, reklamemateriale og andre

dokumenter, oplysninger på edb-anlæg, edb-programmer og elektroniske lagringsmidler.

*Stk. 4.* Fogedretten afslår helt eller delvis en anmodning om undersøgelse, hvis det under hensyn til privatlivets fred, erhvervshemmeligheder eller i øvrigt må antages, at undersøgelsen vil påføre rekvisitus skade eller ulempe, som står i misforhold til rettighedshaverens interesse i undersøgelsens gennemførelse.

*Stk. 5.* En undersøgelse må ikke omfatte materiale, der indeholder oplysninger om forhold, som rekvisitus i medfør af § 169, § 170 eller § 172 ville være udelukket fra eller fritaget for at afgive forklaring om som vidne.

**§ 653 a.** Anmodningen om undersøgelse indgives til fogedretten i den retskreds, i hvilken rekvisitus har hjemting, jf. §§ 235-240, eller i hvilken de lokaler, der skal være genstand for undersøgelse, er beliggende. Anmodningen skal være skriftlig og skal indeholde de oplysninger, som rekvirenten påberåber sig til støtte for anmodningen, samt de oplysninger, der i øvrigt er nødvendige for sagens behandling.

*Stk. 2.* Fogedretten fastsætter tid og sted for forretningen og giver meddelelse herom til rekvirenten og rekvisitus. Forudgående underretning af rekvisitus kan undlades, såfremt underretning må antages at medføre risiko for, at genstande, dokumenter, oplysninger på edb-anlæg eller andet, som er omfattet af anmodningen om undersøgelse, fjernes, tilintetgøres eller ændres.

*Stk. 3.* Rekvisitus skal, selv om denne ikke har modtaget forudgående underretning om forretningen, have adgang til at udtale sig, før fogedretten træffer afgørelse om, hvorvidt anmodningen om undersøgelse skal tages til følge, jf. dog stk. 4.

*Stk. 4.* Forretningen kan foretages, selv om rekvisitus ikke giver møde eller ikke træffes. I så fald opfordrer fogedretten andre personer over 18 år, som er til stede, og som må antages at have kendskab til rekvisiti forhold, til at varetage dennes interesser under forretningen. Er rekvisitus ikke forud blevet underrettet om forretningen, og træffes ingen på stedet, der kan varetage rekvisiti interesser, udsættes forretningen, medmindre der foreligger særlige omstændigheder.

*Stk. 5.* Er rekvisitus ikke forud blevet underrettet om forretningen, skal rekvisitus eller den, der varetager dennes interesser, jf. stk. 4, have adgang til at tilkalde en advokat. Ønsker rekvisitus eller dennes repræsentant at benytte sig af denne ret, udsættes forretningen, indtil advokaten er kommet til stede. Dette gælder dog ikke, såfremt en udsættelse af forretningen i dette øjemed vil medføre unødig forsinkelse eller en risiko som nævnt i stk. 2, 2. pkt.

*Stk. 6.* En afgørelse om gennemførelse af undersøgelse er betinget af, at rekvirenten stiller sikkerhed for den skade eller ulempe, som rekvisitus kan blive påført, medmindre fogedretten undtagelsesvis bestemmer andet. Fogedretten bestemmer sikkerhedens art og størrelse.

*Stk. 7.* Har rekvisitus ikke været til stede under forretningen, giver fogedretten uden unødigt ophold rekvisitus underretning om, hvad der er passeret. Rekvisitus kan i så fald inden 1 uge efter modtagelsen af underretningen kræve forretningen genoptaget. Materiale fra undersøgelsen kan ikke ud-

leveres til rekvirenten, før denne frist er udløbet. Kræver rekvisitus sagen genoptaget, kan materialet først udleveres, når fogedretten har truffet fornyet afgørelse i sagen.

*Stk. 8.* Fogedrettens afgørelser træffes ved kendelse og kan kæres efter reglerne i kapitel 53.

*Stk. 9.* En bevisførelse, som findes uforenelig med hensynet til forretningens fremme, kan afskæres.

**§ 653 b.** En undersøgelse gennemføres ved fogedrettens foranstaltning. I det omfang det må anses for nødvendigt med henblik på sikring af bevis, kan fogedretten beslaglægge genstande eller dokumenter, ligesom fogedretten eller den, retten bemyndiger hertil, kan tage fotografier, optage film samt fremstille kopier af dokumenter, oplysninger på edb-anlæg, edb-programmer og andet materiale.

*Stk. 2.* Fogedretten kan udpege en eller flere uvildige sagkyndige til at bistå sig ved undersøgelsens gennemførelse.

*Stk. 3.* Rekvirenten eller dennes repræsentant har på de betingelser, fogedretten måtte fastsætte, ret til at være til stede under undersøgelsen, men alene med henblik på at bistå fogedretten med oplysninger, identifikation af produkter og lignende. Fogedretten kan dog bestemme, at rekvirenten eller dennes repræsentant ikke må være til stede.

*Stk. 4.* I retsbogen gengiver fogedretten i fornødent omfang de iagttagelser, der er gjort under undersøgelsen, ligesom fogedretten udfærdiger en fortegnelse over beslaglagte genstande eller dokumenter og fremstillede kopier m.v. Materialet opbevares af fogedretten eller den, retten bemyndiger hertil. I det omfang andet ikke bestemmes af fogedretten, holdes materialet tilgængeligt for parterne, og fogedretten kan i samme omfang udlevere materiale eller kopier heraf til parterne. Har en uvildig sagkyndig medvirket, skal denne inden for en af fogedretten fastsat frist udfærdige en beskrivelse af undersøgelsen og dennes resultater. Fogedretten sender en kopi af beskrivelsen til parterne.

*Stk. 5.* Udgifter ved sagkyndig bistand og opbevaring af beslaglagte genstande m.v. samt andre særlige udgifter ved forretningens gennemførelse afholdes foreløbig af rekvirenten. Fogedretten kan bestemme, at rekvirenten skal stille sikkerhed for udgifternes betaling.

*Stk. 6.* I det omfang det må anses for nødvendigt for at gennemføre undersøgelsen, kan fogedretten skaffe sig adgang til rekviviti lokaler og gemmer. Fogedretten kan med henblik herpå anvende den nødvendige magt. Politiet yder efter anmodning fogedretten bistand hertil.

**§ 653 c.** Rekvirenten skal inden 4 uger efter modtagelsen af fogedrettens meddelelse om, at undersøgelsen er afsluttet, anlægge retssag vedrørende de krænkelser eller overtrædelser, som begrundede anmodningen om undersøgelse, medmindre rekvisitus frafalder forfølgning. Har rekvisitus ikke frafaldet forfølgning, og anlægges retssag ikke rettidigt, skal fogedretten og rekvirenten efter anmodning fra rekvisitus tilbagelevere beslaglagte genstande og dokumenter, fremstillede kopier og andet bevismateriale hidrørende fra undersøgelsen, og det under undersøgelsen fremkomne kan ikke anvendes som bevis for krænkelser eller overtrædelser.

*Stk. 2.* Ophæves en afgørelse om undersøgelse, efter at undersøgelsen er gennemført, gælder stk. 1, 2. pkt. tilsvarende.

*Stk. 3.* Viser det sig, at den af rekvirenten påberåbte ret ikke består eller ikke kan gøres gældende af rekvirenten, har rekvisitus krav på erstatning for tab og tort. Det samme gælder, såfremt det ikke godtgøres, at rekvisitus har gjort sig skyldig i krænkelser eller overtrædelser omfattet af anmodningen om undersøgelse.

*Stk. 4.* Krav om erstatning i medfør af stk. 3 kan gøres gældende som modkrav under en retssag anlagt af rekvirenten eller under et selvstændigt søgsmål. Anlægger rekvirenten ikke retssag i overensstemmelse med stk. 1, 1. pkt., skal et selvstændigt søgsmål om erstatning anlægges af rekvisitus inden 3 måneder efter, at fristen for rekvirentens søgsmål er udløbet. Ophæves en afgørelse om undersøgelse efter sagens genoptagelse, jf. § 653 a, stk. 7, 2. pkt., eller under kære, kan der ved afgørelsen herom tillægges rekvisitus erstatning efter stk. 3.

**§ 653 d.** Med hensyn til sagens behandling finder §§ 344 og 349, § 487, stk. 2-4, § 491, stk. 3, § 492, stk. 1, § 495, stk. 3, §§ 499 og 500, § 502, stk. 1, nr. 2 og 3, § 506 og § 643, tilsvarende anvendelse.

**Sjette afsnit.**

*(Ophævet)*

**Fjerde bog.**

**Strafferetsplejen**

———————

**Første afsnit.**

**Almindelige bestemmelser**

Kapitel 61

*Strafferetsplejens område*

**§ 683.** Alle spørgsmål om straf, som ikke i medfør af særlig hjemmel i lovgivningen afgøres uden særlig straffesag eller behandles i den borgerlige retspleies former eller henhører under særlige domstole, behandles efter de i denne bog fastsatte regler. Det samme gælder sager om oprejsning i anledning af strafferetlig forfølgning, jf. kapitel 93 a.

**§ 684.** Efter denne bogs regler behandles endvidere, uden hensyn til, om der samtidig nedlægges påstand om straf, sager, hvorunder det offentlige nedlægger påstand om:
1) særlige følger, der til fyldestgørelse for det almene er fastsat for overtrædelser af love om politivæsenet, bygningsvæsenet, landbovæsenet, skattevæsenet og lignende love;
2) ophævelse af en forening;
3) nogen af de i straffelovens kapitel 9 foreskrevne retsfølger af strafbare handlinger eller tilsvarende retsfølger foreskrevne i andre love;
4) fortabelse af rang, titel, orden eller hæderstegn;
5) forbrydelse af arveret;

6) mortifikation efter straffelovens § 270 eller pålæg efter straffelovens § 271, når ærekrænkelser påtales offentligt.

*Stk. 2.* I de i straffelovens § 78, stk. 3, omhandlede sager om rettighedsfortabelse medvirker ikke domsmænd. Mundtlig forhandling finder altid sted for byretten og skal under kæremål til landsretten anordnes, når der fremsættes begæring herom. Efter begæring finder behandlingen – derunder kendelsens afsigelse – sted for lukkede døre. For så vidt den pågældende ikke giver møde ved advokat, beskikker retten ham en offentlig forsvarer. Beskikkelse kan dog efter den pågældendes begæring undlades.

**§ 685.** Borgerlige retskrav på den sigtede, som følger af strafbare handlinger, kan forfølges i forbindelse med straffesagen, overensstemmende med de i kapitel 89 givne nærmere regler.

Kapitel 62

*Saglig kompetence*

**§ 686.** Straffesager behandles i 1. instans ved byretterne.

*Stk. 2.* Domsmænd medvirker i straffesager, hvor der bliver spørgsmål om højere straf end bøde, eller som i øvrigt skønnes at være af særlig indgribende betydning for tiltalte eller af særlig offentlig interesse, medmindre andet følger af stk. 3 og 4. Domsmænd medvirker endvidere, hvis sådan behandling er foreskrevet efter regler i andre love.

*Stk. 3.* Domsmænd medvirker ikke i
1) straffesager, som fremmes efter § 831,
2) straffesager, som behandles under medvirken af sagkyndige efter § 20 b, stk. 1, og
3) de i straffelovens § 60, stk. 1, nr. 3, og § 66, stk. 4, nævnte sager vedrørende betinget dømte, samt de i § 61, stk. 1, nævnte sager, hvor der alene kan blive spørgsmål om at idømme bøde i forbindelse med den betingede dom for det forhold, der er begået før den betingede dom.

*Stk. 4.* Nævninger medvirker i
1) straffesager, hvor der bliver spørgsmål om straf af fængsel i 4 år eller derover, for så vidt dette ikke er en følge af, at der bliver spørgsmål om fastsættelse af en fællesstraf efter reglerne i straffelovens § 40, stk. 1, og § 61,
2) straffesager, hvor der bliver spørgsmål om dom til anbringelse i institution i medfør af straffelovens § 68 eller dom til forvaring i medfør af straffelovens § 70, og
3) straffesager vedrørende politiske lovovertrædelser.

*Stk. 5.* Nævninger medvirker ikke i
1) straffesager vedrørende overtrædelse af straffelovens §§ 172, 173, 191, 286, 289 eller 290, medmindre sagen omfatter andre lovovertrædelser, der efter stk. 4 skal pådømmes under medvirken af nævninger, og
2) de i stk. 4, nr. 1, nævnte straffesager, som fremmes efter § 831.

**§ 687.** Tiltalte kan beslutte, at en straffesag, der skal behandles under medvirken af nævninger efter § 686, stk. 4, i

stedet skal behandles under medvirken af domsmænd, jf. dog stk. 4.

*Stk. 2.* Tiltaltes beslutning skal træffes i et retsmøde eller meddeles retten skriftligt. Det skal fremgå af meddelelsen, at tiltalte har haft lejlighed til at drøfte spørgsmålet med sin forsvarer. Hvis tiltalte ikke selv har valgt en forsvarer, skal retten beskikke en forsvarer for tiltalte, inden tiltalte beslutter, at sagen skal behandles som domsmandssag. Beslutningen skal meddeles senest 14 dage efter, at anklageskriftet er forkyndt for tiltalte. Retten kan forlænge fristen efter anmodning fra anklagemyndigheden eller tiltalte.

*Stk. 3.* Tiltalte kan ikke tilbagekalde et afkald på nævningebehandling, når afkaldet er meddelt retten. Tiltaltes afkald har også virkning for straffesagens behandling under anke.

*Stk. 4.* Ved samtidig forfølgning mod flere tiltalte som delagtige i en eller flere forbrydelser, kan en tiltalt ikke for sit vedkommende træffe beslutning om sagens behandling under medvirken af domsmænd i medfør af stk. 1, medmindre enten alle tiltalte træffer beslutning i medfør af stk. 1 eller anklagemyndigheden samtykker i sådan behandling, for så vidt angår vedkommende tiltalte.

**§ 688.** (Ophævet)

**§ 689.** Ved landsretterne behandles afgørelser i anledning af anke eller kære af byretternes domme, kendelser og beslutninger i straffesager.

*Stk. 2.* Nævninger medvirker i straffesager, hvor byrettens afgørelse er truffet under medvirken af nævninger, og hvor anken omfatter bedømmelsen af beviserne for tiltaltes skyld.

*Stk. 3.* Domsmænd medvirker i
1) straffesager, hvor byrettens afgørelse er truffet under medvirken af nævninger, og hvor anken ikke omfatter bedømmelsen af beviserne for tiltaltes skyld,
2) straffesager, hvor byrettens afgørelse er truffet under medvirken af domsmænd, og
3) straffesager, hvor der for landsretten bliver spørgsmål om højere straf end bøde, eller som i øvrigt skønnes at være af særlig indgribende betydning for tiltalte eller af særlig offentlig interesse.

*Stk. 4.* Domsmænd medvirker ikke i
1) straffesager, som behandles under medvirken af sagkyndige efter § 20 b, stk. 2, og
2) de i straffelovens § 60, stk. 1, nr. 3, og § 66, stk. 4, nævnte sager vedrørende betinget dømte.

**§ 690.** Under Højesteret hører alle afgørelser i anledning af anke eller kære af landsretternes domme, kendelser og beslutninger i straffesager.

*Stk. 2.* Nævninger og domsmænd medvirker ikke ved Højesterets behandling af straffesager, jf. § 3.

**§ 691.** Retten prøver af egen drift, om den har saglig kompetence til at behandle straffesagen, og om domsmænd eller nævninger skal medvirke ved sagens behandling. Er hovedforhandling under medvirken af domsmænd eller nævninger begyndt, selv om sagen burde have været behandlet uden disses medvirken, kan retten bestemme, at domsmænd eller nævninger fortsat skal medvirke.

*Stk. 2.* Afgørelser, hvorved en anmodning om behandling af en straffesag under medvirken af domsmænd, nævninger eller sagkyndige afslås, kan kæres.

**§§ 692-693.** (Ophævet)

Kapitel 63

*Værneting og forening af straffesager*

**§ 694.** Retsmøder under efterforskningen på begæring af politiet kan afholdes ved retten i enhver kreds, hvor oplysning i sagen må antages at kunne tilvejebringes, jf. dog stk. 2, sidste pkt., og stk. 3.

*Stk. 2.* Begæring fra sigtede eller forsvareren om retsmøder under efterforskningen indgives til den ret, hvor sagen behandles, eller hvor den kan forventes behandlet. Ved samme ret afgøres tvistigheder mellem politiet og forsvaret om efterforskningsskridt.

*Stk. 3.* Retsmøder med henblik på sagens behandling i medfør af § 831 eller med henblik på sagens afslutning ved tiltalefrafald afholdes ved retten i den kreds, hvor sigtede bor eller opholder sig, eller ved gerningsstedets værneting. Kan intet af disse værneting anvendes, vil sagen kunne behandles, hvor den sigtede er pågrebet.

**§ 695.** (Ophævet)

**§ 696.** Hovedforhandling skal med hensyn til alle i kongeriget begåede forbrydelser i reglen foregå ved den ret, i hvis kreds handlingen er foretaget. Udkræves flere handlinger til forbrydelsens begreb, er den ret værneting, i hvis kreds den sidste af dem er foretaget. Udgør flere i forskellige retskredse foretagne strafbare handlinger, som hver især ville begrunde værneting efter foranstående regler, tilsammen én forbrydelse, eller er en forbrydelse begået på grænsen af flere retskredse, eller er det uvist, i hvilken af flere bestemte retskredse en forbrydelse er begået, kan forfølgning ske ved en hvilken som helst af de retter, om hvilke der på grund af de angivne omstændigheder opstår spørgsmål.

**§ 697.** Som gerningsstedets værneting ved forbrydelser, der begås uden for kongerigets søerritorium om bord på dansk skib, eller af personer, som hører til sådant skib, anses den ret, til hvis kreds skibet ved sin hjemkomst til kongeriget ankommer for at losse eller lade.

**§ 698.** Ved den ret, i hvis kreds sigtede bor eller, hvis han ikke har bolig i riget, ved forfølgningens begyndelse opholder sig, eller, hvis han ikke findes i riget, ved den ret, i hvis kreds han sidst havde bolig eller opholdt sig, kan forfølges:
1) de under de danske domstoles påkendelse hørende forbrydelser, som begås uden for kongerigets grænser,
2) lovovertrædelser, der ikke pådømmes under medvirken af nævninger eller domsmænd,
3) andre forbrydelser, når der mangler sådanne oplysninger, som betinger anvendelse af § 696.

*Stk. 2.* Danske i udlandet ansatte embedsmænd, der ikke er det pågældende lands domsmyndighed undergivne, og de til de danske gesandtskaber i fremmede stater hørende personer anses ved anvendelsen af ovenstående regel som havende bolig i København, for så vidt de ikke måtte have

vedligeholdt bolig noget andet sted i riget. Det samme gælder om andre danske undersåtter, som ikke kan sagsøges i det land, hvor de har bopæl.

*Stk. 3.* Justitsministeren bestemmer, ved hvilken ret forbrydelser, begåede uden for den danske stat af personer, der hverken har eller har haft ophold i Danmark, vil være at forfølge.

**§ 699.** I de i § 698 ommeldte tilfælde kan sagen også forfølges ved den ret, i hvis kreds sigtede er blevet pågrebet.

**§ 699 a.** Sager, som er omfattet af § 20 b, stk. 1, og som har forbindelse med en hændelse, der har været genstand for søforklaring, kan forfølges ved den ret, for hvilken søforklaringen er afgivet.

**§ 700.** Forbrydelser, hvis påtale efter § 705 sker under én sag, forfølges under ét ved en ret, som er værneting for den forbrydelse, der nærmest har givet anledning til forfølgningen.

**§ 701.** Sager mod en forening til dens ophævelse i medfør af grundlovens § 78 forfølges ved den ret, i hvis kreds foreningen eller dens bestyrelse har sit sæde, eller, når sådant ikke med sikkerhed kan udfindes, hvor et af bestyrelsens medlemmer bor.

*Stk. 2.* På sager, hvorunder påstand alene nedlægges om nogen af de øvrige i § 684 omhandlede følger, finder reglerne i §§ 696-99 tilsvarende anvendelse.

**§ 702.** Afvigelse fra reglerne om værneting kan, så længe hovedforhandling endnu ikke er påbegyndt, på begæring, når særegne grunde taler derfor, besluttes af landsretten, dersom spørgsmålet angår landsretsnævningekredse eller byretskredse i samme landsretskreds, og i andre tilfælde af Højesteret.

*Stk. 2.* Når byrettens forhold tilsiger det, kan landsrettens præsident efter anmodning fra byretten inden hovedforhandlingens begyndelse beslutte, at en sag skal behandles ved en anden byret i landsretsnævningekredsen eller, hvis omstændighederne taler for det, ved en anden byret i landsretskredsen. Tiltalte, anklagemyndigheden og den ret, hvortil sagen påtænkes overført, skal forinden have lejlighed til at udtale sig om spørgsmålet. Landsretspræsidentens afgørelse om, at en sag skal overføres, kan af tiltalte og anklagemyndigheden kæres til Højesteret.

**§ 703.** Efter begæring kan retten meddele tilladelse til, at en begyndt forfølgning overflyttes til en anden ret, som efter foranstående regler er lovligt værneting, når dette på grund af vidners bopæl eller af anden særlig grund skønnes hensigtsmæssigt til sagens fremme. Beslutning herom tages af den ret, ved hvilken forfølgningen er begyndt, når den anden ret deri er enig, og ellers af den fælles overordnede ret. En beslutning, hvorved en begæring om sagens overflytning til en anden ret nægtes, kan påkæres.

**§ 704.** Når sigtede møder, prøver retten ikke af egen drift, om sagen er indbragt for rette værneting. Indsigelse er udelukket, når sigtede, førend hovedforhandlingen er begyndt, har haft adgang til at fremsætte den, uden at dette er sket.

*Stk. 2.* At enkeltstående retshandlinger uden for hovedforhandling ikke er foregået ved rette værneting, berøver dem ikke deres gyldighed.

*Stk. 3.* Er der strid mellem flere retters afgørelser af et værnetingsspørgsmål, kan det af påtalemyndigheden indbringes til afgørelse for landsretten, hvis retterne hører til samme landsretskreds, og i andre tilfælde for Højesteret. Herved finder i øvrigt reglerne i kapitel 82, 83 og 85 anvendelse, således at der ved fristernes beregning tages hensyn til den sidste afgørelse.

**§ 705.** Samtidig forfølgning mod samme sigtede for flere forbrydelser eller mod flere sigtede som delagtige i en eller flere forbrydelser bør ske under én sag, hvis dette kan ske uden væsentlig forhaling eller vanskelighed.

*Stk. 2.* Forenes en straffesag, der er omfattet af § 20 b, stk. 1, med en nævningesag, behandles sagen i sin helhed som nævningesag. Forenes en straffesag, der er omfattet af § 20 b, stk. 1, i øvrigt med en straffesag, der ikke er omfattet af § 20 b, stk. 1, medvirker der sagkyndige efter § 20 b, stk. 1, hvis den forbrydelse, der nærmest har givet anledning til forfølgningen, er omfattet af § 20 b, stk. 1. Retten kan dog bestemme, at der skal ske særskilt behandling af den del af sagen, der er omfattet af § 20 b, stk. 1, hvis forening ikke findes hensigtsmæssig.

**§ 706.** Retten kan på begæring eller i embeds medfør beslutte adskillelse af de straffesager, som er forenede i henhold til § 705. Det beror på retten, om de sager, som kun på grund af foreningen forfølges for den, efter adskillelsen fremdeles skal behandles ved den eller ikke; samme regel gælder, når foreningen ophører af anden grund, såsom frafald af forfølgning.

**§ 707.** Retten kan forene flere selvstændige straffesager til én sag med parternes samtykke. Samtykke kræves dog ikke i de tilfælde, der er nævnt i § 705, stk. 1. Reglen i § 705, stk. 2, finder tilsvarende anvendelse.

*Stk. 2.* Beslutningen tages af den ret, der skal behandle sagerne. Forfølges sagerne ved forskellige byretter i samme landsretskreds, og er der ikke enighed, tages beslutningen af landsretten. Forfølges sagerne ellers ved forskellige retter, og er der ikke enighed, tages beslutningen af Højesteret.

**§ 708.** Retten kan omgøre beslutninger, som den har truffet i medfør af §§ 706 og 707; dog kan en sags overgang til en anden ret kun besluttes overensstemmende med forskrifterne i § 707, stk. 2.

**§ 709.** Retterne er beføjede til i en fremmed retskreds, uden mellemkomst af retten i denne, at lade foretage forkyndelser samt at lade udføre anholdelsesbeslutninger, fængslingskendelser og befalinger om ved tvang at fremstille vidner eller skønsmænd for retten. Når det i øvrigt til undersøgelsens fremme findes hensigtsmæssigt, kan retten foretage embedshandlinger i en fremmed retskreds med samtykke af retten i denne eller af højere ret, og i påtrængende tilfælde uden sådant samtykke. Fornøden meddelelse skal snarest muligt ske til retten i den pågældende kreds.

## Kapitel 64
### *Gengivelse af forklaringer*

**§ 710.** Det væsentlige indhold af forklaringer, der afgives for en ret, optages i retsbogen, jf. dog § 712, stk. 1. Hvis den pågældende tidligere er afhørt for en ret, er en henvisning hertil tilstrækkelig, således at kun væsentlige afvigelser eller præciseringer medtages.

*Stk. 2.* Vidner og skønsmænd, hvis forklaring er blevet gengivet i retsbogen, har efter rettens nærmere bestemmelse adgang til at gennemse gengivelsen af forklaringen.

**§ 711.** Forklaringer, der ved byret afgives under hovedforhandling eller i sager, der behandles efter § 723 eller § 831, lydoptages, jf. dog stk. 2.

*Stk. 2.* Rettens formand kan bestemme, at der ikke skal ske lydoptagelse af en forklaring afgivet i et retsmøde som nævnt i stk. 1.

*Stk. 3.* Rettens formand kan bestemme, at der skal ske lydoptagelse af en forklaring afgivet i retsmøder, der ikke er omfattet af stk. 1.

*Stk. 4.* Rettens formand kan bestemme, at der ved lydoptagelse efter stk. 1 og 3 tillige optages billede.

**§ 712.** Er der af retten foretaget billed- eller lydoptagelse af en forklaring i medfør af § 711, stk. 1 eller 3, optages indholdet af forklaringen kun i retsbogen, hvis
1) rettens formand bestemmer det,
2) sigtede, tiltalte, forsvareren eller anklagemyndigheden anmoder om det,
3) en dom ankes, et spørgsmål i sagen indbringes for højere ret eller der indgives ansøgning til Procesbevillingsnævnet eller
4) der gives aktindsigt i medfør af § 41 d i indførsler i retsbogen vedrørende en forklaring.

*Stk. 2.* I de tilfælde, hvor en forklaring optages i retsbogen efter stk. 1, anses retsbogens gengivelse heraf som et bilag til en eventuel dom i sagen.

**§ 713.** Sigtede eller tiltalte har adgang til at se eller høre en billed- eller lydoptagelse af en forklaring, medmindre sigtede eller tiltalte ikke har adgang til at gøre sig bekendt med forklaringen. Sigtede eller tiltalte kan efter rettens nærmere bestemmelse se eller høre billed- eller lydoptagelsen hos retten eller forsvareren.

*Stk. 2.* Den, der efter §§ 41 f eller 41 h kan gives aktindsigt i indførsler i retsbogen vedrørende en forklaring, der er lydoptaget efter § 711 uden at være optaget i retsbogen, kan høre optagelsen hos retten, medmindre retten finder det betænkeligt.

*Stk. 3.* Efter anmodning kan retten under de betingelser, der er anført i stk. 2, tillade, at der til brug for meddelelse af aktindsigt efter §§ 41 f og 41 h mod betaling af udgifterne herved tilvejebringes en afskrift af en lydoptagelse af en forklaring. Domstolsstyrelsen kan fastsætte regler om opgørelsen af udgifterne ved tilvejebringelsen af afskrifter.

*Stk. 4.* Billed- og lydoptagelser er ikke i øvrigt genstand for aktindsigt.

*Stk. 5.* Medmindre højere straf er forskyldt efter lovgivningen i øvrigt, straffes med bøde den, der uberettiget videregiver billed- eller lydoptagelser.

**§ 714.** Rettens formand kan i de tilfælde, hvor der efter § 711 kan ske lydoptagelse, bestemme, at der skal ske lydoptagelse af rettens gengivelse af en forklaring. Ved lydoptagelsen finder § 218 a, stk. 5, § 712, stk. 1, nr. 1-3, og § 713, stk. 1 og 5, tilsvarende anvendelse. Ved meddelelse af aktindsigt i dommen, jf. § 41 b, eller i indførsler i retsbogen vedrørende en forklaring optages forklaringen i retsbogen. I de tilfælde, hvor en forklaring optages i retsbogen, anses retsbogens gengivelse heraf som et bilag til en eventuel dom i sagen. Lydoptagelsen er ikke i øvrigt genstand for aktindsigt.

**§§ 715-717.** (Ophævet)

## Kapitel 65
### *Påtalen*

**§ 718.** Retterne træder inden for strafferetsplejens område kun i virksomhed efter begæring af anklagemyndigheden eller en privat påtaleberettiget.

**§ 718 a.** Afgørelse om påtaleopgivelse, tiltalefrafald eller tiltalerejsning skal træffes inden rimelig tid efter det tidspunkt, hvor politiet har gjort sigtede bekendt med sigtelsen. Er sigtede varetægtsfængslet, eller er sigtede under 18 år, skal en afgørelse om påtaleopgivelse, tiltalefrafald eller tiltalerejsning træffes hurtigst muligt.

*Stk. 2.* Er afgørelse om påtaleopgivelse, tiltalefrafald eller tiltalerejsning ikke truffet, eller er der ikke anmodet om retsmøde med henblik på sagens behandling som tilståelsessag i medfør af § 831 inden 1 år og 6 måneder efter det tidspunkt, hvor politiet har gjort sigtede bekendt med sigtelsen, skal anklagemyndigheden skriftligt underrette sigtede om, hvorpå sagen beror, og hvornår afgørelse i sagen kan forventes truffet. Har sigtede en forsvarer, skal genpart af underretningen sendes til denne. Der skal ske underretning på ny, hvis der 1 år efter den seneste underretning fortsat ikke er truffet afgørelse om påtaleopgivelse, tiltalefrafald eller tiltalerejsning eller anmodet om retsmøde med henblik på sagens behandling som tilståelsessag i medfør af § 831.

**§ 718 b.** Er afgørelse om påtaleopgivelse, tiltalefrafald eller tiltalerejsning ikke truffet, eller er der ikke anmodet om retsmøde med henblik på sagens behandling som tilståelsessag i medfør af § 831 inden 1 år og 6 måneder efter det tidspunkt, hvor politiet har gjort sigtede bekendt med sigtelsen, kan sigtede indbringe sagen for retten.

*Stk. 2.* Hvis der efter en samlet vurdering af hensynet til den sigtede, forurettede, sagens beskaffenhed og omstændigheder samt sagens samfundsmæssige betydning er særlig grund til at kræve fremskyndelse af anklagemyndighedens afgørelse af tiltalespørgsmålet, kan retten undtagelsesvis fastsætte en frist herfor. Fristen skal være på mindst 3 måneder og højst 1 år. Hvis anklagemyndigheden ikke træffer afgørelse om tiltalespørgsmålet inden for den frist, som retten

har fastsat, anses påtale mod sigtede for opgivet af anklage-myndigheden, jf. dog stk. 3.

*Stk. 3.* Retten kan efter anmodning fra anklagemyndighe-den forlænge en frist fastsat efter stk. 2 med højst 1 år ad gangen, hvis der foreligger særlige omstændigheder. Ankla-gemyndighedens anmodning skal fremsættes over for retten senest 2 uger inden udløbet af den frist, som retten tidligere har fastsat. Hvis retten ikke finder grundlag for at forlænge fristen, anses påtale mod sigtede for opgivet af anklagemyn-digheden, medmindre denne træffer afgørelse om tiltale-spørgsmålet inden 2 måneder fra rettens afgørelse om ikke at forlænge fristen.

*Stk. 4.* Rettens afgørelse træffes ved kendelse. Hvis ret-tens afgørelse går ud på, at der ikke skal fastsættes en frist efter stk. 2, kan spørgsmålet på ny indbringes for retten, dog tidligst 1 år efter rettens afgørelse.

*Stk. 5.* Sigtedes anmodning efter stk. 1 skal indeholde en adresse, hvortil meddelelser kan sendes.

*Stk. 6.* I det retsmøde, der afholdes med henblik på be-handling af en anmodning efter stk. 1, skal sigtede være til stede, medmindre retten bestemmer andet. Indkaldelse af sigtede kan ske ved brev til den i medfør af stk. 5 angivne adresse. Udebliver sigtede fra et retsmøde, hvortil vedkommende er indkaldt, anses anmodningen for bortfal-det.

*Stk. 7.* Forurettede og eventuel bistandsadvokat underret-tes om retsmødet. Underretning af forurettede kan dog und-lades, når et større antal personer er forurettede.

**§ 719.** Offentlig påtale tilkommer politidirektøren, med-mindre andet følger af denne lov eller regler fastsat i medfør af denne lov.

*Stk. 2.* Statsadvokaten påtaler ankesager ved landsret.

*Stk. 3.* Justitsministeren eller den, som justitsministeren bemyndiger dertil, fastsætter i øvrigt nærmere regler om på-talens fordeling mellem rigsadvokaten, statsadvokaterne og politidirektørerne.

**§ 720.** Justitsministeren kan fastsætte, at offentlig påtale i nærmere angivne sager er betinget af justitsministerens eller rigsadvokatens beslutning.

*Stk. 2.* Hvis offentlig påtale efter lovgivningen er betinget af en begæring, kan påtale kun ske, såfremt begæring herom fremsættes af en efter § 725 berettiget. En anmeldelse fra den berettigede anses som en begæring om offentlig påtale, medmindre andet fremgår af anmeldelsen. Er privat påtale begyndt, kan offentlig påtale ikke begæres. Påtalemyndighe-den kan nægte at efterkomme en begæring om offentlig på-tale, der udelukker nogen medskyldig fra forfølgningen. An-går begæringen kun nogle af de skyldige uden at udelukke mulige medskyldige, kan påtalemyndigheden udstrække for-følgningen til disse, medmindre den berettigede efter at have haft lejlighed til at udtale sig herom modsætter sig dette. I så fald finder 4. pkt. anvendelse.

*Stk. 3.* Statsadvokaten og politidirektøren kan uanset be-stemmelserne i stk. 1 og 2 foretage uopsættelige handlinger, når forholdet må antages at være den, der kan beslutte eller begære påtale, ubekendt og omstændighederne gør det anta-geligt, at påtale vil blive besluttet eller begæret. Tilbagekal-

des en begæring efter stk. 2, inden der er afsagt dom, stand-ses forfølgningen, medmindre påtalemyndigheden skønner, at almene hensyn kræver, at forfølgningen fortsættes.

**§ 721.** Påtale i en sag kan helt eller delvis opgives i tilfæl-de,
1)   hvor tiltgitelsen har vist sig grundløs,
2)   hvor videre forfølgning i øvrigt ikke kan ventes at føre til, at sigtede findes skyldig, eller
3)   hvor sagens gennemførelse vil medføre vanskeligheder, omkostninger eller behandlingstider, som ikke står i ri-meligt forhold til sagens betydning og den straf, som i givet fald kan forventes idømt.

*Stk. 2.* Justitsministeren eller den, som justitsministeren bemyndiger dertil, fastsætter nærmere regler om kompeten-cen til at opgive påtale.

**§ 722.** Tiltale i en sag kan helt eller delvis frafaldes i til-fælde,
1)   hvor den påsigtede lovovertrædelse efter loven ikke kan medføre højere straf end bøde og forholdet er af ringe strafværdighed,
2)   hvor det i medfør af § 723, stk. 1, fastsættes som vilkår, at sigtede undergives hjælpeforanstaltninger efter § 52 i lov om social service,
3)   hvor sigtede var under 18 år på gerningstidspunktet, og der fastsættes vilkår efter § 723, stk. 1,
4)   hvor straffelovens § 10 b eller § 89 er anvendelig, når det skønnes, at ingen eller kun en ubetydelig straf ville blive idømt, og at domfældelse heller ikke i øvrigt vil være af væsentlig betydning,
5)   hvor sagens gennemførelse vil medføre vanskeligheder, omkostninger eller behandlingstider, som ikke står i ri-meligt forhold til sagens betydning og den straf, som i givet fald kan forventes idømt,
6)   hvor lovgivningen indeholder særlig hjemmel for, at tiltale kan frafaldes, eller
7)   hvor dette følger af bestemmelser fastsat af justitsmini-steren eller rigsadvokaten.

*Stk. 2.* I andre tilfælde kan tiltale kun frafaldes, hvis der foreligger særlig formildende omstændigheder eller andre særlige forhold, og påtale ikke kan anses for påkrævet af al-mene hensyn.

*Stk. 3.* Justitsministeren eller den, som justitsministeren bemyndiger dertil, fastsætter nærmere regler om kompeten-cen til at frafalde tiltale.

**§ 723.** Som vilkår for et tiltalefrafald kan fastsættes,
1)   at sigtede vedtager at betale en bøde eller indgår på konfiskation, og
2)   samme vilkår som i betingede domme.

*Stk. 2.* Vilkår kan kun fastsættes, såfremt den sigtede i ret-ten har afgivet en uforbeholden tilståelse, hvis rigtighed be-styrkes ved de i øvrigt foreliggende omstændigheder.

*Stk. 3.* Vilkårene fastsættes af den myndighed, der har ad-gang til at frafalde tiltalen. Vilkårene skal godkendes af ret-ten.

*Stk. 4.* Såfremt et vilkår overtrædes, kan sagen genopta-ges.

**§ 724.** Ved afgørelse om påtaleopgivelse eller tiltalefrafald underrettes sigtede, forurettede eller, hvis forurettede er afgået ved døden, forurettedes nære pårørende. Det samme gælder andre, der må antages at have en rimelig interesse heri. En afgørelse om påtaleopgivelse kan påklages til den overordnede anklagemyndighed efter reglerne i kapitel 10. Sigtede kan efter samme regler klage over en afgørelse om tiltalefrafald.

*Stk. 2.* Er der truffet afgørelse om påtaleopgivelse eller tiltalefrafald, kan strafforfølgning mod den, der har været sigtet, kun fortsættes efter den overordnede anklagemyndigheds bestemmelse, hvis meddelelse herom er forkyndt for den pågældende inden 2 måneder fra afgørelsens dato, medmindre sigtedes forhold har hindret rettidig forkyndelse, eller betingelserne for genoptagelse efter § 975 er til stede.

*Stk. 3.* Anses påtale for opgivet efter § 718 b, stk. 2 eller 3, kan den overordnede anklagemyndighed uanset stk. 2 kun træffe bestemmelse om, at strafforfølgning skal fortsættes, hvis betingelserne for genoptagelse i § 975 er opfyldt.

**§ 725.** Retten til privat påtale og fremsættelse af begæring om offentlig påtale tilkommer den forurettede. Er denne umyndig, finder reglerne i § 257 anvendelse. Når den forurettede er død, eller når en mod en afdød rettet handling er strafbar, tilkommer retten til privat påtale eller til at begære offentlig påtale den afdødes ægtefælle, forældre, børn eller søskende.

*Stk. 2.* Den, der efter stk. 1 er berettiget til at påtale eller begære påtale, kan give afkald på denne ret. Dette gælder, selv om en sag er anlagt eller begæring er fremsat.

**§ 726.** Lovovertrædelser, hvis offentlige påtale er betinget af en privat begæring, kan påtales af en efter § 725 berettiget, såfremt handlingen ikke kan medføre højere straf end fængsel i 4 måneder. Indledes offentlig forfølgning, finder reglerne i § 727, stk. 3, tilsvarende anvendelse.

**§ 727.** Såfremt en handling, der indeholder en lovovertrædelse, som er henvist til privat forfølgning, tillige indeholder en lovovertrædelse, der er undergivet offentlig påtale, kan påtalemyndigheden efter begæring af den private påtaleberettigede forfølge begge lovovertrædelser under ét. Den private kan i sådanne tilfælde på ethvert trin standse den efter begæring begyndte forfølgning.

*Stk. 2.* Offentlig påtale af en lovovertrædelse, der er henvist til privat forfølgning, kan ske, hvis almene hensyn kræver det. Dette gælder dog ikke, hvis der er afsagt dom i en privat straffesag om overtrædelsen, eller hvis retten til privat påtale vedrørende en overtrædelse, der er undergivet betinget offentlig påtale, alene følger af, at handlingen ikke kan medføre højere straf end fængsel i 4 måneder, jf. § 726, 1. pkt.

*Stk. 3.* Når offentlig forfølgning er indledt efter stk. 2, ophører den privates ret til at påtale. § 345 finder tilsvarende anvendelse. Den private kan tilslutte sig påtalemyndighedens forfølgning, hvis der straks afgives erklæring herom. Den private kan dog ikke kræve udsættelse af sagen, og det påhviler ikke tiltalte eller dennes forsvarer at afgive foreskrevne meddelelser til den private. Standser påtalemyndig-

heden den begyndte forfølgning, kan den private påtale eller fortsætte sin påtale.

**§ 728.** Forfølgning kan opgives, så længe der ikke er afsagt dom eller afsagt kendelse om skyldsspørgsmålet i en nævningesag. Opgives forfølgning, efter at hovedforhandling er begyndt, afsiger retten frifindelsesdom. I andre tilfælde udsteder retten efter anmodning skriftlig erklæring om, at en begyndt forfølgning er opgivet.

### Kapitel 66
### *Sigtede og hans forsvar*

**§ 729.** Under ordet »part«, hvor dette i denne lov anvendes i bestemmelser, der ikke særlig angår borgerlige sager, skal også den sigtede i en straffesag anses for indbefattet.

**§ 729 a.** Sigtede er berettiget til at vælge en forsvarer, jf. § 730. Offentlig forsvarer beskikkes efter reglerne i §§ 731-735.

*Stk. 2.* Retten meddeler forsvareren kopi af indførsler i retsbøgerne vedrørende sagen. Forsvareren kan gøre sigtede bekendt med kopierne, medmindre andet følger af §§ 748 og 856. Retten kan pålægge forsvareren ikke at overlevere kopierne til sigtede eller andre, hvis det må befrygtes, at kopierne vil blive benyttet på retsstridig måde.

*Stk. 3.* Forsvareren har adgang til at gøre sig bekendt med det materiale, som politiet har tilvejebragt til brug for den sag, som sigtelsen angår. Forsvareren skal have udleveret kopi af materialet, i det omfang det uden ulempe kan kopieres. Forsvareren må ikke uden politiets samtykke overlevere det modtagne materiale til sigtede eller andre. Politiet giver samtykke, hvis det findes ubetænkeligt. Med hensyn til materiale, der er omfattet af § 871, stk. 1 og stk. 2, nr. 5, kan samtykke dog kun nægtes af de i stk. 4 nævnte grunde.

*Stk. 4.* Hvis det er nødvendigt af hensyn til fremmede magter, til statens sikkerhed, til sagens opklaring, til tredjemand, herunder til et vidnes sikkerhed, eller til efterforskningen af en anden verserende sag om en lovovertrædelse, som efter loven kan straffes med fængsel i 6 år eller derover, eller som udgør en forsætlig overtrædelse af straffelovens kapitler 12 eller 13, kan politiet give forsvareren pålæg om ikke at videregive de oplysninger, som forsvareren har modtaget fra politiet. Pålægget kan udstrækkes, indtil tiltalte har afgivet forklaring under hovedforhandlingen.

**§ 729 b.** En sigtet uden forsvarer skal efter anmodning have adgang til hos politiet at gøre sig bekendt med indførsler i retsbøgerne vedrørende sagen, medmindre andet følger af §§ 748 og 856. Politiet udleverer efter anmodning kopi af indførslerne til sigtede, medmindre det må befrygtes, at kopierne vil blive benyttet på retsstridig måde.

*Stk. 2.* En sigtet uden forsvarer skal endvidere efter anmodning have adgang til at gøre sig bekendt med det materiale, som politiet har tilvejebragt til brug for den sag, som sigtelsen angår. Politiet kan dog afslå anmodningen af de i § 729 a, stk. 4, nævnte grunde. En begrænsning i sigtedes aktindsigt bortfalder senest inden hovedforhandlingen eller et retsmøde med henblik på sagens behandling i medfør af § 831 eller sagens afslutning ved tiltalefrafald. Politiet udle-

verer efter anmodning kopi af materialet til sigtede, hvis det findes ubetænkeligt. Med hensyn til materiale, der er omfattet af § 871, stk. 1 og stk. 2, nr. 5, kan udlevering dog kun nægtes af de i § 729 a, stk. 4, nævnte grunde.

**§ 729 c.** Retten kan efter anmodning fra politiet bestemme, at reglerne om forsvarerens og sigtedes ret til aktindsigt efter §§ 729 a og 729 b fraviges, hvis det er påkrævet af hensyn til
1) fremmede magter,
2) statens sikkerhed,
3) sagens opklaring,
4) tredjemands liv eller helbred,
5) efterforskning af en anden verserende sag om en lovovertrædelse, som efter loven kan straffes med fængsel i 6 år eller derover, eller som udgør en forsætlig overtrædelse af straffelovens kapitler 12 eller 13, eller
6) beskyttelse af fortrolige oplysninger om politiets efterforskningsmetoder.

*Stk. 2.* Afgørelse efter stk. 1 kan ikke træffes, hvis det giver anledning til væsentlige betænkeligheder for varetagelsen af sigtedes forsvar.

*Stk. 3.* Gør hensyn som nævnt i stk. 1 sig kun gældende for en del af materialet, skal forsvareren eller sigtede gøres bekendt med det øvrige indhold af materialet.

*Stk. 4.* Afgørelsen træffes ved kendelse. I kendelsen anføres de konkrete omstændigheder i sagen, der begrunder en fravigelse fra §§ 729 a og 729 b. Træffer retten afgørelse om, at fravigelsen skal gælde indtil videre, skal retten på ny vurdere fravigelsen, før hovedforhandlingen indledes. Træffer retten afgørelse om, at fravigelsen skal gælde i et nærmere fastsat tidsrum, kan afgørelsen forlænges ved senere kendelse. Rettens afgørelse kan kæres.

*Stk. 5.* Inden retten træffer afgørelse, skal der beskikkes en advokat for sigtede, og advokaten skal have lejlighed til at udtale sig. Advokaten beskikkes fra den særlige kreds af advokater, der er nævnt i stk. 6. Advokaten skal underrettes om alle retsmøder, der afholdes med henblik på at opnå rettens kendelse om fravigelse fra §§ 729 a og 729 b, og er berettiget til at overvære disse samt til at gøre sig bekendt med det materiale, som politiet har tilvejebragt til brug for den sag, som spørgsmålet angår. § 785, stk. 1, 2.-5. pkt., og stk. 2, finder tilsvarende anvendelse.

*Stk. 6.* Justitsministeren antager for hver landsrets område et antal advokater, der kan beskikkes efter stk. 5. Justitsministeren fastsætter nærmere regler om de pågældende advokater, herunder om vagtordninger, om vederlag for at stå til rådighed og om sikkerhedsmæssige spørgsmål.

**§ 729 d.** Når sagen er endeligt afsluttet, kan den, der har været sigtet, forlange at blive gjort bekendt med dokumenter, der vedrører sagen, herunder indførsler i retsbøgerne, efter reglerne i denne paragraf.

*Stk. 2.* Retten til aktindsigt omfatter ikke interne dokumenter. Som interne dokumenter anses
1) dokumenter, der ikke er afgivet til udenforstående,
2) voteringsprotokoller og andre referater af rettens rådslagninger og afstemninger og

3) brevveksling mellem forskellige enheder inden for politiet og anklagemyndigheden.

*Stk. 3.* Dokumenter omfattet af stk. 2, der afgives til udenforstående, mister deres interne karakter, medmindre afgivelsen sker af retlige grunde, til forskningsmæssig brug eller af andre lignende grunde.

*Stk. 4.* Retten til aktindsigt kan begrænses, i det omfang
1) ansøgeren efter reglerne i denne lovs anden og fjerde bog har været afskåret fra at gøre sig bekendt med oplysninger i sagen,
2) det er af afgørende betydning for statens sikkerhed, medmindre ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv taler imod,
3) fortrolighed følger af EU-retlige eller folkeretlige forpligtelser,
4) ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv findes at burde vige for afgørende hensyn til forholdet til fremmede magter eller mellemfolkelige institutioner eller
5) ansøgerens interesse i at kunne benytte kendskab til sagens dokumenter til varetagelse af sit tarv findes at burde vige for hensynet til forebyggelse, opklaring og forfølgning af lovovertrædelser eller for særlige hensyn til beskyttelse af medsigtede, vidner eller andre.

*Stk. 5.* Anmodning om aktindsigt indgives til politidirektøren. Politidirektørens afgørelse kan påklages til den overordnede anklagemyndighed efter reglerne i kapitel 10.

*Stk. 6.* Politidirektøren afgør snarest, om en anmodning om aktindsigt kan imødekommes. En anmodning om aktindsigt skal færdigbehandles inden 7 arbejdsdage efter modtagelsen, medmindre dette på grund af f.eks. sagens omfang eller kompleksitet undtagelsesvis ikke er muligt. Ansøgeren skal i givet fald underrettes om grunden til fristoverskridelsen og om, hvornår anmodningen kan forventes færdigbehandlet.

*Stk. 7.* Politidirektøren afgør, om aktindsigt skal gives i form af gennemsyn eller udlevering af kopi.

*Stk. 8.* Personnummer er ikke omfattet af retten til aktindsigt.

**§ 730.** Den, der sigtes for en forbrydelse, er berettiget til at vælge en forsvarer til at stå ham bi i overensstemmelse med de nedenfor nærmere givne regler. Er sigtede under 18 år, og har den pågældende ikke indgået ægteskab, tilkommer valget forældremyndighedens indehaver, som er berettiget til at optræde på sigtedes vegne.

*Stk. 2.* Kun de til møde for vedkommende ret berettigede advokater eller de særlig af justitsministeren til beskikkelse som offentlige forsvarere ved vedkommende ret antagne personer kan vælges til forsvarere. Dog kan retten, når det under hensyn til sagens karakter og øvrige omstændigheder findes forsvarligt, tillade, at der som forsvarer vælges en advokat fra andet nordisk land. Endvidere kan retten undtagelsesvis tilstede, at andre uberygtede personer over 18 år benyttes som forsvarere.

*Stk. 3.* Retten kan på ethvert tidspunkt under sagen ved kendelse afvise en valgt forsvarer, hvis betingelserne efter

§ 735, stk. 3, for at nægte at beskikke ham foreligger. Der skal i så fald på begæring beskikkes sigtede en offentlig forsvarer.

*Stk. 4.* Udelukkede fra at vælges er personer, der er indkaldt til at afhøres som vidner eller skønsmænd, eller som er begæret indkaldt i sådan egenskab, indtil retten har truffet afgørelse herom, eller hvis optræden ifølge § 60, stk. 1, nr. 3, ville medføre inhabilitet hos dommeren.

**§ 731.** Offentlig forsvarer bliver, for så vidt sigtede ikke selv har valgt en forsvarer, eller den valgte forsvarer udebliver, at beskikke,

a) når sigtede fremstilles for retten med henblik på varetægtsfængsling eller opretholdelse af anholdelsen,

b) når der, forinden tiltale er rejst, skal afhøres vidner, eller besigtigelse skal ske eller syn eller skøn afgives til brug under hovedforhandling, dog at retshandlingen ej bliver at udsætte efter forsvarers tilstedekomst, når det må befrygtes, at beviset derved ville spildes,

c) når der er spørgsmål om beslaglæggelse af en formue eller en del af denne, jf. § 802, stk. 3.

d) når tiltale er rejst i sager, der skal behandles under medvirken af nævninger eller domsmænd,

e) når tiltale er rejst i sager, i hvilke der bliver spørgsmål om højere straf end bøde,

f) når sagen ankes, og anken ikke straks afvises,

g) når der i anledning af kære eller begæring om genoptagelse skal finde mundtlig forhandling sted,

h) når vidners eller skønsmænds beedigede forklaring begæres til brug under en i udlandet indledet straffesag,

i) i alle tilfælde, hvor retten i medfør af § 29, stk. 1, og stk. 3, nr. 3, beslutter, at afhøring af sigtede skal foregå for lukkede døre,

j) når sager, hvor der er spørgsmål om fængselsstraf, fremmes i medfør af § 855, stk. 3, nr. 4.

*Stk. 2.* I det under litra e nævnte tilfælde og i det i § 831, stk. 4, nævnte tilfælde bliver offentlig forsvarer kun at beskikke, når den sigtede (eller hans værge) begærer det. Herom skal der gives sigtede lejlighed til at udtale sig.

**§ 731 a.** Inden en videoafhøring efter § 745 e eller § 183, stk. 3, skal der beskikkes en forsvarer for den, der er mistænkt eller senere måtte blive mistænkt i sagen, hvis den pågældende ikke selv har valgt en forsvarer eller den valgte forsvarer udebliver.

**§ 732.** I andre tilfælde end de i § 731 nævnte kan der, såvel før som efter at tiltale er rejst, beskikkes sigtede offentlig forsvarer, når retten efter sagens beskaffenhed, sigtedes person eller omstændighederne i øvrigt anser det for ønskeligt og sigtede ikke selv har skaffet sig bistand af en forsvarer.

*Stk. 2.* Begæring om beskikkelse af en offentlig forsvarer kan fremsættes såvel af sigtede som af politiet. Justitsministeren fastsætter regler om vejledning af sigtede om adgangen til at begære en forsvarer beskikket. Det skal af politirapporten fremgå, at den sigtede har modtaget behørig vejledning. Politiet drager omsorg for, at spørgsmålet indbringes for retten.

*Stk. 3.* Beslutninger, hvorefter forsvarer skal beskikkes, kan ikke påklages for højere ret. Imod beslutninger, hvorved beskikkelse af forsvarer nægtes, kan kære til højere ret finde sted.

**§ 733.** Til at beskikkes som offentlige forsvarere antager justitsministeren efter overenskomst et passende antal af de til møde for vedkommende domstol berettigede advokater eller, om fornødent, andre dertil egnede personer. I påtrængende tilfælde kan dog også en advokat, der ikke er antaget af justitsministeren, men dog berettiget til møde for vedkommende ret, beskikkes til forsvarer.

*Stk. 2.* I ankesager kan en advokat, der har været beskikket til forsvarer under behandlingen i den foregående instans, beskikkes til også at føre sagen for den overordnede ret, såfremt advokaten er mødeberettiget for denne ret.

*Stk. 3.* Efter sigtedes anmodning kan en advokat, der ikke er antaget af justitsministeren, beskikkes til forsvarer, såfremt advokaten er mødeberettiget for den pågældende ret og er villig til at lade sig beskikke. Er sagen berammet, eller forventes sagen berammet i forbindelse med beskikkelsen, skal advokaten oplyse retten om ledige mødetidspunkter.

**§ 734.** Til offentlig forsvarer må ingen beskikkes, der selv er forurettet ved forbrydelsen eller står i et sådant forhold til den forurettede, som ville udelukke en dommer fra at handle i sagen, eller der er kaldet til at forklare som vidne, skønsmand i sagen eller har handlet i den som anklager eller rettergangsfuldmægtig for den forurettede eller som politiembedsmand eller som dommer eller domsmand eller i en anden straffesag har været forsvarer for en sigtet, med hvis interesse i sagen den nu sigtedes står i strid, eller hvis beskikkelse ifølge § 60, stk. 1, nr. 3, ville medføre inhabilitet hos dommeren.

*Stk. 2.* Er flere personer sigtede under samme sag, kan forsvaret kun udføres af den samme person, når de sigtedes interesser under sagen ikke er modstridende.

**§ 735.** Forsvareren beskikkes af rettens præsident. Sagerne fordeles så vidt muligt mellem de antagne forsvarere efter omgang og under hensyn til de ledige mødetidspunkter, forsvarerne har oplyst til retten, jf. dog stk. 2 og 3.

*Stk. 2.* Sigtede skal have lejlighed til at angive, hvem sigtede ønsker som forsvarer. Rettens præsident kan fastsætte en frist herfor. Er den pågældende villig til at lade sig beskikke, imødekommes sigtedes ønske, medmindre andet følger af stk. 3.

*Stk. 3.* En person kan ikke beskikkes til forsvarer, hvis
1) der er påviselig risiko for, at den pågældende vil hindre eller modvirke sagens oplysning, eller
2) den pågældendes medvirken væsentligt vil forsinke sagens behandling.

*Stk. 4.* Efter anmodning træffes afgørelser efter stk. 3 af retten ved kendelse.

**§ 736.** Beskikkelsen kan tilbagekaldes, når
1) den pågældende ikke længere opfylder betingelserne efter §§ 733 og 734 for at kunne beskikkes,
2) betingelserne efter § 735, stk. 3, for at nægte at beskikke den pågældende kommer til at foreligge,

3) sigtede anmoder om beskikkelse af en ny forsvarer og ikke tidligere har haft lejlighed til at anmode om en bestemt forsvarer,

4) sigtede anmoder om beskikkelse af en ny forsvarer og dennes medvirken ikke vil forsinke sagens behandling eller

5) sigtede anmoder herom og selv har sørget for sit forsvar uden udgift for det offentlige, og uden at sagens behandling forsinkes.

*Stk. 2.* Efter anmodning træffes afgørelser efter stk. 1, nr. 2, af retten ved kendelse.

**§ 737.** Afgørelse om at afvise en valgt forsvarer i medfør af § 730, stk. 3, 1. pkt., om at nægte at beskikke en person til forsvarer i medfør af § 735, stk. 3, eller om at tilbagekalde en beskikkelse i medfør af § 736, stk. 1, nr. 2, kan påkæres til Den Særlige Klageret inden en uge efter, at afgørelsen er meddelt. Kæremålet behandles mundtligt, hvis der fremsættes anmodning herom eller retten bestemmer det. I øvrigt finder reglerne i §§ 968, stk. 1, 969, stk. 2, 970-972 og 974 tilsvarende anvendelse.

*Stk. 2.* Den Særlige Klagerets afgørelse kan ikke appelleres.

**§ 738.** Retten kan tillade, at flere valgte forsvarere optræder for samme sigtede. Retten kan endvidere undtagelsesvis beskikke flere offentlige forsvarere for sigtede. Sigtede er berettiget til selv tillige at tage ordet til sit forsvar.

*Stk. 2.* Den offentlige forsvarer, som er beskikket til at varetage sigtedes tarv under hovedforhandlingen, er beføjet til at give møde også under retshandlinger ved anden ret. Skal en sådan retshandling foregå uden for den retskreds, hvori han bor, kan på hans begæring en særlig forsvarer beskikkes til at møde ved samme. Dog bør i påtrængende tilfælde retshandlingen ikke udsættes herefter.

*Stk. 3.* Når forsvarerens hverv er endt, er han forpligtet til at aflevere til retten de ham udleverede udskrifter og genparter af sagens aktstykker.

**§ 739.** Misbruger en advokat eller nogen til forsvaret beskikket mand sin stilling til at modarbejde sagens oplysning, eller gør han sig skyldig i tilsidesættelse af de ham påhvilende pligter til at fremme sagen, bliver han at anse efter straffelovens kapitel 16.

**§ 740.** Beskikkelse af en offentlig forsvarer indskrænker ikke sigtedes ret til selv at drage omsorg for sit forsvar; men forsvareren behøver ikke sigtedes samtykke til at foretage de handlinger, som han anser for nødvendige eller hensigtsmæssige til dennes tarv.

**§ 741.** Der tilkommer den offentlige forsvarer vederlag af statskassen, herunder godtgørelse for rejseudgifter, som han med føje har haft i forbindelse med hvervet. Bestemmelserne i § 333, stk. 1, 2. pkt., og § 334, stk. 3 og 5, finder tilsvarende anvendelse.

*Stk. 2.* Når der efter sigtedes anmodning beskikkes en ny forsvarer i stedet for en beskikket forsvarer, som sigtede har ønsket, eller hvor sigtede har haft lejlighed til at anmode om en bestemt forsvarer, kan vederlaget til den nye forsvarer ikke overstige, hvad der ville tilkomme den tidligere forsvarer, hvis der ikke var blevet beskikket en ny forsvarer.

*Stk. 3.* Vederlaget fastsættes af den ret, der har foretaget beskikkelsen. Hvis der er fastsat takster efter stk. 4, fastsættes vederlaget på baggrund af disse. Vederlaget fastsættes ved dommen eller ved særskilt beslutning.

*Stk. 4.* Justitsministeren kan fastsætte takster for vederlag til offentlige forsvarere.

Kapitel 66 a

*Forurettede*

**§ 741 a.** I sager, der vedrører overtrædelse af straffelovens § 119, § 123, § 210, §§ 216-223, § 225, jf. §§ 216-223, § 232, § 237, jf. § 21, §§ 243-246, §§ 249 og 250, § 252, stk. 2, §§ 260- 262 a eller § 288, beskikker retten en advokat for den, der er forurettet ved lovovertrædelsen, når den pågældende fremsætter begæring om det, jf. dog stk. 2 og 3.

*Stk. 2.* I sager om overtrædelse af straffelovens § 210, § 216, § 222, stk. 2, eller § 223, stk. 1, skal beskikkelse ske, medmindre den pågældende efter at være vejledt om retten til beskikkelse af advokat frabeder sig det. Den forurettede skal have lejlighed til at tale med en advokat før politiets afhøring af forurettede, medmindre den pågældende efter at være blevet vejledt frabeder sig det. Det samme gælder i sager om overtrædelse af § 225, jf., § 216, § 222, stk. 2, eller § 223, stk. 1.

*Stk. 3.* I sager om overtrædelse af straffelovens § 119, § 123, §§ 218-221, § 222, stk. 1, § 223, stk. 2, § 232, § 237, jf. § 21, §§ 243-246, §§ 249 og 250, § 252, stk. 2, §§ 260-262 a eller § 288 kan beskikkelse af advokat dog afslås, hvis lovovertrædelsen er af mindre alvorlig karakter og advokatbistand må anses for åbenbart unødvendig. Det samme gælder i sager, der vedrører overtrædelse af straffelovens § 225, jf. §§ 218-221, § 222, stk. 1, eller § 223, stk. 2.

*Stk. 4.* Når særlige omstændigheder taler for det, kan retten efter anmodning beskikke en advokat for den forurettede, selv om lovovertrædelsen ikke er omfattet af stk. 1.

*Stk. 5.* Er den forurettede afgået ved døden som følge af forbrydelsen, kan retten efter anmodning beskikke en advokat for den forurettedes nære pårørende, når særlige hensyn taler for det og betingelserne efter stk. 1, 2 eller 4 er opfyldt.

*Stk. 6.* Fremsætter den forurettede ikke begæring om beskikkelse af advokat, kan der efter politiets begæring beskikkes en advokat for den forurettede under efterforskningen. Det samme gælder, når der ikke sker beskikkelse efter stk. 2.

**§ 741 b.** Politiet vejleder den forurettede eller, hvis den forurettede er afgået ved døden som følge af forbrydelsen, den forurettedes nære pårørende om reglerne om beskikkelse af en advokat. I de sager, der er nævnt i § 741 a, stk. 2, skal forurettede endvidere gøres bekendt med reglerne om advokatens medvirken, jf. § 741 a, stk. 2, 2. pkt., og stk. 2, 2. pkt., nedenfor. Vejledningen skal gives, inden den forurettede afhøres første gang, og skal gentages i forbindelse med og inden anden afhøring. Det skal af politirapporten fremgå, at den forurettede har modtaget behørig vejledning, og at offeret har fået udleveret relevant skriftligt materiale

vedrørende bistandsadvokatordningen m.v. Endvidere skal det fremgå, hvis den forurettede ikke har ønsket en advokat beskikket. Politiet drager omsorg for, at spørgsmål om beskikkelse efter § 741 a indbringes for retten.

*Stk. 2.* Er den forurettede villig til at udtale sig, er begæringen om beskikkelse af advokat ikke til hinder for, at politiet afhører den forurettede uden advokatens tilstedeværelse. I tilfælde, hvor beskikkelse skal ske efter § 741 a, stk. 2, gælder dette kun, hvis den forurettede anmoder om at blive afhørt uden advokatens tilstedeværelse.

*Stk. 3.* Politiet kan tilkalde eller kontakte en af de i § 733, stk. 1, nævnte advokater til at varetage hvervet som advokat for den forurettede, indtil retten måtte have beskikket en advokat.

*Stk. 4.* Justitsministeriet kan fastsætte nærmere regler om tilkaldeordningens gennemførelse.

**§ 741 c.** Advokaten har adgang til at overvære afhøringer af den forurettede såvel hos politiet som i retten og har ret til at stille yderligere spørgsmål til den forurettede. Advokaten har ret til at gøre indsigelse mod en bevisførelse i strid med retsplejelovens § 185, stk. 2. Advokaten underrettes om tidspunktet for afhøringer. Retsmøder, hvor forurettede skal afhøres, berammes så vidt muligt efter aftale med bistandsadvokaten. Advokaten underrettes om andre retsmøder, herunder retsmøder efter retsplejelovens § 831.

*Stk. 2.* Advokaten har adgang til at gøre sig bekendt med den forurettedes forklaring til politiet og andre dokumenter i sagen vedrørende den forurettede. Når der er rejst tiltale i sagen, har advokaten tillige adgang til at gøre sig bekendt med det øvrige materiale i sagen, som politiet har tilvejebragt. § 729 c finder dog tilsvarende anvendelse.

*Stk. 3.* Advokaten skal have udleveret kopi af materialet, i det omfang det uden ulempe kan kopieres. Advokaten må ikke uden politiets samtykke overlevere det modtagne materiale til den forurettede eller andre, og han må ikke uden politiets samtykke gøre den forurettede eller andre bekendt med indholdet af det i stk. 2, 2. pkt., nævnte materiale.

*Stk. 4.* Retten meddeler advokaten udskrift af dommen. Advokaten må ikke overlevere udskriften til den forurettede uden rettens samtykke.

*Stk. 5.* Stk. 1-4 finder tilsvarende anvendelse på en advokat, der er antaget af den forurettede eller den forurettedes nære pårørende.

**§ 741 d.** Om kompetencen til at beskikke advokat for den forurettede eller den forurettedes nære pårørende gælder samme regler som ved beskikkelse af forsvarer, jf. § 735.

**§ 741 e.** Politiet og anklagemyndigheden vejleder i fornødent omfang den forurettede eller, hvis den forurettede er afgået ved døden, den forurettedes nære pårørende om vedkommendes retsstilling og om sagens forventede forløb. Politiet og anklagemyndigheden informerer endvidere vedkommende om sagens gang.

*Stk. 2.* Justitsministeren eller den, som justitsministeren bemyndiger dertil, fastsætter nærmere regler om vejlednings- og informationspligten efter stk. 1.

**§ 741 f.** Anklagemyndigheden underretter den forurettede om den rejste tiltale eller en anmodning om retsmøde om behandling af sagen som tilståelsessag. Er den forurettede afgået ved døden, underrettes den forurettedes nære pårørende.

*Stk. 2.* Anklagemyndigheden underretter den forurettede om tidspunktet for hovedforhandlingen eller et retsmøde med henblik på behandling af sagen som tilståelsessag, hvis den forurettede har anmodet om det. Er den forurettede afgået ved døden, underrettes den forurettedes nære pårørende, hvis vedkommende har anmodet om det. Underretning kan undlades, hvis den forurettede eller den forurettedes nære pårørende skal møde som vidne eller har fået en advokat beskikket efter reglerne i dette kapitel.

*Stk. 3.* Anklagemyndigheden underretter den forurettede om en anke, hvis den forurettede har fremsat anmodning efter stk. 2. Er den forurettede afgået ved døden, underrettes den forurettedes nære pårørende om en anke, hvis vedkommende har fremsat anmodning efter stk. 2.

*Stk. 4.* Anklagemyndigheden underretter den forurettede om en sags genoptagelse, hvis den forurettede har fremsat anmodning efter stk. 2. Er den forurettede afgået ved døden, underrettes den forurettedes nære pårørende om en sags genoptagelse, hvis vedkommende har fremsat anmodning efter stk. 2.

**§ 741 g.** I sager, hvor der er afsagt dom om ubetinget fængselsstraf for en grovere overtrædelse af straffeloven, hvor vold, psykisk vold, trusler eller anden personfarlig kriminalitet indgår, eller en seksualforbrydelse, underrettes den forurettede efter anmodning om tidspunktet for den dømtes første uledsagede udgang og løsladelse og om eventuel undvigelse, hvis den dømte har været varetægtsfængslet før dom og ikke har været løsladt mellem dommens afsigelse og fuldbyrdelse. I sådanne tilfælde underrettes den forurettede desuden efter anmodning, hvis gerningsmanden under afsoning og på institutionens område med institutionens viden medvirker i optagelserne til et tv- eller radioprogram produceret til udsendelse her i landet, hvori den pågældende har en fremtrædende rolle, eller i et portrætinterview i et dansk dagblad. Det samme gælder ved medvirken i optagelserne af et sådant tv- eller radioprogram eller interview uden for institutionens område i tilfælde, hvor institutionen har meddelt tilladelse til udgang med viden herom. Er den forurettede afgået ved døden, underrettes den forurettedes nære pårørende efter anmodning. Underretning kan afslås, hvis væsentlige hensyn til gerningsmanden taler for det.

*Stk. 2.* Reglerne i stk. 1 finder tilsvarende anvendelse, hvis gerningsmanden er dømt til anbringelse efter straffelovens §§ 68, 69, 73 eller 74 a eller til forvaring efter straffelovens § 70.

*Stk. 3.* Justitsministeren kan fastsætte nærmere regler om underretningsordningen, herunder om, at afgørelser ikke kan påklages til en højere administrativ myndighed.

### Andet afsnit.

### Efterforskning, tvangsindgreb m.v.

#### Kapitel 67

*Almindelige bestemmelser om efterforskning*

**§ 742.** Anmeldelser om strafbare forhold indgives til politiet.

*Stk. 2.* Politiet iværksætter efter anmeldelse eller af egen drift efterforskning, når der er rimelig formodning om, at et strafbart forhold, som forfølges af det offentlige, er begået.

**§ 742 a.** Anmeldelse efter § 742, stk. 1, der alene vedrører tyveri af cykler og brugstyveri af cykler, skal indgives til politiet ved anvendelse af den digitale løsning, som politiet stiller til rådighed (digital selvbetjening).

**§ 743.** Efterforskningen har til formål at klarlægge, om betingelserne for at pålægge strafansvar eller anden strafferetlig retsfølge er til stede, og at tilvejebringe oplysninger til brug for sagens afgørelse samt forberede sagens behandling ved retten.

**§ 744.** Politiet udfærdiger snarest rapport om de afhøringer, der foretages, og om andre efterforskningsskridt, medmindre oplysning herom foreligger på anden måde.

**§§ 745-745 b.** (Ophævet)

**§ 745 c.** Forsvareren har adgang til at overvære politiets afhøringer af sigtede og ret til at stille yderligere spørgsmål. Efter begæring skal forsvareren underrettes om tidspunktet for afhøringerne. Er den sigtede varetægtsfængslet, og er der truffet bestemmelse om isolation, jf. § 770 a, må den sigtede ikke afhøres, uden at forsvareren er til stede, medmindre såvel den sigtede som forsvareren samtykker heri.

**§ 745 d.** Når en afhøring, en konfrontation, en fotoforevisning eller andet efterforskningsskridt af lignende betydning kan formodes at ville finde anvendelse som bevis under hovedforhandlingen, giver politiet meddelelse til forsvareren inden foretagelsen, således at forsvareren kan få lejlighed til at være til stede. Forsvareren har adgang til at stille forslag med hensyn til gennemførelsen af det pågældende efterforskningsskridt. Forsvarerens bemærkninger i så henseende skal tilføres politirapporten. Har forsvareren ikke mulighed for at komme til stede, eller er det ikke muligt for politiet at give forsvareren meddelelse, kan der kun foretages efterforskningsskridt, som ikke kan opsættes. Har forsvareren ikke været til stede, skal forsvareren uden ophold underrettes om det foretagne.

*Stk. 2.* Reglerne i stk. 1 kan fraviges efter bestemmelsen i § 729 c.

**§ 745 e.** Politiets afhøring af en person kan optages på video med henblik på anvendelse af optagelsen som bevis under hovedforhandlingen efter § 872 (videoafhøring) i følgende tilfælde:
1) Personen er under 13 år.
2) Personen er under 15 år, og efterforskningen vedrører en overtrædelse af
   a) straffelovens § 210 eller kapitel 24 eller

b) straffelovens §§ 237 eller 243-246, hvor personen eller en af dennes nærmeste er forurettet og den, der er mistænkt, er en af personens nærmeste.
3) Personen er under 18 år, og særlige omstændigheder taler for videoafhøring.
4) Personen er 18 år eller derover og har en alvorlig psykisk lidelse eller væsentlig funktionsnedsættelse, og særlige omstændigheder taler for videoafhøring.

*Stk. 2.* Forsvareren skal være til stede under videoafhøringen.

*Stk. 3.* Den, der er mistænkt, har ikke adgang til at overvære videoafhøringen. Den pågældende skal snarest muligt have adgang til sammen med sin forsvarer at gennemse videooptagelsen hos politiet. En begæring fra den, der er mistænkt, eller dennes forsvarer om, at der foretages genafhøring af personen, skal fremsættes snarest muligt herefter.

*Stk. 4.* Vil den, der er mistænkt, eller forsvareren modsætte sig, at videoafhøringen anvendes som bevis under hovedforhandlingen, skal den pågældende senest 4 uger efter videoafhøringens foretagelse indbringe spørgsmålet for retten. Retten kan se bort fra en fristoverskridelse, der må anses for undskyldelig.

**§ 746.** Retten afgør tvistigheder om lovligheden af politiets efterforskningsskridt samt om sigtedes og forsvarerens beføjelser, herunder om begæringer fra forsvareren eller sigtede om foretagelsen af yderligere efterforskningsskridt. Afgørelsen træffes på begæring ved kendelse.

*Stk. 2.* Ved tvistigheder om lovligheden af politiets afgørelser efter § 729 a, stk. 3, 1. pkt., eller § 729 b, stk. 2, 1. pkt., skal politiet redegøre for grundene til den afgørelse, der er truffet. Retten kan endvidere pålægge politiet over for retten at fremlægge det materiale, som tvisten angår.

*Stk. 3.* Bliver dommeren bekendt med, at en foranstaltning, der er iværksat af politiet i medfør af denne lov, og som kræver rettens godkendelse, ikke er forelagt retten inden udløbet af den herfor fastsatte frist, bestemmer han efter at have afkrævet politiet en redegørelse, om foranstaltningen skal opretholdes eller ophæves.

**§ 747.** Retsmøde afholdes, når der fremsættes anmodning om foranstaltninger, som kræver rettens medvirken.

*Stk. 2.* Efter anmodning afholdes endvidere retsmøde, når det er påkrævet for at sikre bevis, som
1) det ellers må befrygtes vil gå tabt,
2) ikke uden væsentlig ulempe eller forsinkelse vil kunne føres for den dømmende ret eller
3) må antages at være af betydning for efterforskningen eller af hensyn til en offentlig interesse.

*Stk. 3.* Retsmøde med henblik på at sikre bevis kan endvidere afholdes efter anmodning, hvis
1) sigtede er varetægtsfængslet, herunder i isolation,
2) sikringen af bevis vil kunne få betydning for spørgsmålet om varetægtsfængslingens eller isolationens ophævelse og
3) væsentlige praktiske hensyn ikke taler imod.

*Stk. 4.* Imødekommer retten en anmodning efter stk. 3, skal retsmødet afholdes snarest og så vidt muligt inden for 2 uger fra rettens modtagelse af anmodningen. Det samme

gælder en anmodning efter stk. 2, hvis anmodningen indeholder begæring herom.

**§ 748.** Sigtede underrettes så vidt muligt om alle retsmøder og er berettiget til at overvære dem. Dette gælder ikke retsmøder, der afholdes med henblik på at opnå rettens forudgående kendelse om foretagelse af foranstaltninger i henhold til kapitlerne 69-74. Det gælder endvidere ikke retsmøder, som afholdes med henblik på videoafhøring af en person efter § 183, stk. 3. Er sigtede varetægtsfængslet, kan fremstilling af ham undlades, hvis den vil være forbundet med uforholdsmæssigt besvær.

*Stk. 2.* Forsvareren underrettes om alle retsmøder og er berettiget til at overvære dem. Er det ikke muligt at give forsvareren meddelelse, kan der kun afholdes retsmøder, som ikke kan opsættes. For så vidt angår de i stk. 1, 2. pkt., nævnte retsmøder kan reglen dog fraviges, hvis hensynet til fremmede magter, til statens sikkerhed eller til sagens opklaring eller tredjemand undtagelsesvis gør det påkrævet. Afgørelsen træffes af retten efter politiets begæring. Forsvareren må kun med rettens samtykke videregive oplysninger, han har modtaget i retsmødet.

*Stk. 3.* Forsvareren er berettiget til at fremsætte bemærkninger og kort at få disse tilført protokollen, men dommeren bestemmer, på hvilket tidspunkt af retsmødet dette kan ske.

*Stk. 4.* Retten kan pålægge sigtede at indfinde sig til et retsmøde. Er pålægget ikke givet i et tidligere retsmøde, meddeles det ved en skriftlig tilsigelse. Tilsigelse sker med mindst aftens varsel. Retten kan dog fastsætte andet varsel eller pålægge sigtede at møde straks. Tilsigelsen skal indeholde oplysning om sigtelsens genstand. Udeblivelse kan kun medføre retsvirkninger, hvis tilsigelsen er lovlig forkyndt og indeholder oplysning om virkningerne af udeblivelse.

*Stk. 5.* Retten kan på begæring bestemme, at der ikke skal gives sigtede underretning om et retsmødes afholdelse, eller at sigtede skal være udelukket fra at overvære et retsmøde helt eller delvis, hvis hensynet til fremmede magter, til statens sikkerhed eller til sagens opklaring eller tredjemand undtagelsesvis gør det påkrævet.

*Stk. 6.* Har sigtede været udelukket fra at overvære et retsmøde, skal retten, hvis sigtede er til stede, og ellers politiet snarest gøre ham bekendt med, hvad der er tilført retsbogen. Hvis de særlige hensyn, som har begrundet udelukkelsen, fortsat er til stede, kan sigtede dog af retten afskæres herfra, ligesom retten kan pålægge forsvareren ikke at give sigtede underretning om, hvad der er passeret i retsmødet. Pålægget kan udstrækkes, indtil tiltalte har afgivet forklaring under hovedforhandlingen.

*Stk. 7.* Stk. 1-6 finder ikke anvendelse på retsmøder, der afholdes i henhold til § 729 c, eller hvor der fremlægges oplysninger, der efter § 729 c er undtaget fra forsvarerens adgang til aktindsigt, og hvor der efter § 784 beskikkes en advokat for den, som indgrebet vedrører.

**§ 748 a.** Retten kan tillade, at sigtede deltager i et retsmøde ved anvendelse af telekommunikation med billede, hvis sigtedes tilstedeværelse i retten ikke er nødvendig. Skal sigtede afgive forklaring, finder § 192 tilsvarende anvendelse.

En eventuel forsvarer skal deltage i retsmødet på samme sted som sigtede, medmindre retten finder det ubetænkeligt, at forsvareren i stedet møder frem i retten. 1. pkt. gælder ikke i de i § 760, stk. 2, og § 764, stk. 2, nævnte tilfælde.

*Stk. 2.* Retten kan tillade, at forsvareren deltager i et retsmøde ved anvendelse af telekommunikation med billede, hvis det er forsvarligt og sigtede ikke deltager i retsmødet.

*Stk. 3.* Retten kan tillade, at anklageren deltager i et retsmøde ved anvendelse af telekommunikation med billede, hvis betingelserne i stk. 2 er opfyldt.

**§ 748 b.** Retten kan bestemme, at en sigtet, der er undergivet varetægtsfængsling eller anden frihedsberøvende foranstaltning efter kapitel 70, deltager i et retsmøde om forlængelse af fristen for varetægtsfængslingen eller foranstaltningen ved anvendelse af telekommunikation med billede, når retten finder det ubetænkeligt henset til formålet med retsmødet og sagens øvrige omstændigheder. Dette gælder ikke for retsmøder, hvor der første gang skal tages stilling til forlængelse af en varetægtsfængsling eller varetægtsfængsling i isolation ud over de frister, som er nævnt i § 768 a, stk. 1 og 2, og § 770 c, stk. 3-5, eller når kæremål behandles mundtligt efter § 767, stk. 4, og § 770 e. Skal sigtede afgive forklaring, finder § 192 tilsvarende anvendelse.

*Stk. 2.* Deltager sigtede i et retsmøde om fristforlængelse ved anvendelse af telekommunikation med billede, skal forsvareren deltage i retsmødet på samme sted som sigtede, medmindre retten finder det ubetænkeligt, at forsvareren i stedet møder frem i retten eller deltager ved anvendelse af telekommunikation med billede fra et andet sted end sigtede. Deltager sigtede ikke i et retsmøde om fristforlængelse, kan retten tillade, at forsvareren deltager i retsmødet ved anvendelse af telekommunikation med billede, hvis det er forsvarligt.

*Stk. 3.* Deltager sigtede i et retsmøde om fristforlængelse ved anvendelse af telekommunikation med billede og deltager sigtede ikke i et retsmøde om fristforlængelse, deltager anklageren i retsmødet ved anvendelse af telekommunikation med billede, medmindre retten undtagelsesvis bestemmer andet.

**§ 749.** Politiet afviser en indgivet anmeldelse, hvis der ikke findes grundlag for at indlede efterforskning.

*Stk. 2.* Er der ikke grundlag for at fortsætte en påbegyndt efterforskning, kan beslutningen om at indstille efterforskningen træffes af politiet, såfremt der ikke har været rejst sigtelse. Er sigtelse rejst, finder bestemmelserne i § 721 og § 722 anvendelse.

*Stk. 3.* Afvises anmeldelsen, eller indstilles efterforskningen, underrettes den forurettede eller, hvis den forurettede er afgået ved døden, den forurettedes nære pårørende. Det samme gælder andre, der må antages at have en rimelig interesse heri. Afgørelsen kan påklages til den overordnede anklagemyndighed efter reglerne i kapitel 10.

**§ 749 a.** Anmeldelse af tyveri af cykler og brugstyveri af cykler, der ikke indgives ved digital selvbetjening som foreskrevet i § 742 a, afvises af politiet, jf. dog stk. 2 og 3. § 749, stk. 3, finder tilsvarende anvendelse.

*Stk. 2.* Hvis politiet finder, at der foreligger særlige forhold, der gør, at borgeren ikke må forventes at kunne anvende digital selvbetjening, skal politiet tilbyde, at anmeldelsen kan indgives på anden måde end ved digital selvbetjening.

*Stk. 3.* Politiet kan ud over de i stk. 2 nævnte tilfælde undlade at afvise en anmeldelse, der ikke er indgivet ved digital selvbetjening, hvis der ud fra en samlet økonomisk vurdering er klare fordele for politiet ved at modtage anmeldelsen på anden måde end digitalt, eller hvis det efter sagens karakter er hensigtsmæssigt at modtage anmeldelsen på anden måde end digitalt.

Kapitel 68

*Afhøringer og særlige efterforskningsskridt*

**§ 750.** Politiet kan foretage afhøringer, men kan ikke pålægge nogen at afgive forklaring, og ingen tvang må anvendes for at få nogen til at udtale sig. Enhver er dog pligtig på forlangende at opgive navn, adresse og fødselsdato til politiet. Undladelse heraf straffes med bøde.

**§ 751.** Det væsentlige indhold af de afgivne forklaringer tilføres rapporterne, og særlig vigtige dele af forklaringerne gengives så vidt muligt med den afhørtes egne ord.

*Stk. 2.* Der skal gives den afhørte mulighed for at gøre sig bekendt med gengivelsen af forklaringen. Den afhørtes eventuelle rettelser og tilføjelser medtages. Den afhørte gøres bekendt med, at han ikke har pligt til at underskrive rapporten.

*Stk. 3.* Fonetisk optagelse af forklaringer må kun finde sted, når den afhørte er gjort bekendt hermed.

**§ 752.** Inden politiet afhører en sigtet, skal han udtrykkeligt gøres bekendt med sigtelsen og med, at han ikke er forpligtet til at udtale sig. Det skal af rapporten fremgå, at disse regler er iagttaget.

*Stk. 2.* Justitsministeren fastsætter regler om, i hvilke tilfælde kommunalbestyrelsen skal underrettes om og have adgang til at overvære afhøringen af sigtede under 18 år. For mistænkte personer under 15 år gælder bestemmelsen i § 821 d.

*Stk. 3.* Spørgsmål til en sigtet må ikke stilles således, at noget, der er benægtet eller ikke erkendt, forudsættes tilstået. Løfter, urigtige foregivender eller trusler må ikke anvendes.

*Stk. 4.* Afhøringen må ikke forlænges alene for at opnå en tilståelse. Ved afhøringer, der ikke er ganske kortvarige, anføres i rapporten tidspunkterne for afhøringens begyndelse og afslutning.

*Stk. 5.* Sigtede må ikke rådføre sig med sin forsvarer eller andre angående den umiddelbare besvarelse af et stillet spørgsmål.

**§ 753.** Ved politiets afhøring af en person, der ikke er sigtet, finder bestemmelserne i §§ 173, stk. 1, 182 og 184, stk. 1 og 2, tilsvarende anvendelse.

**§ 754.** Ved afhøringer i retten finder § 752 tilsvarende anvendelse.

*Stk. 2.* Om fremgangsmåden ved afhøring af sigtede gælder regler svarende til dem, der er fastsat om vidner i § 183, stk. 1 og 2.

**§ 754 a.** Politiet må ikke som led i efterforskningen af en lovovertrædelse foranledige, at der tilbydes bistand til eller træffes foranstaltninger med henblik på at tilskynde nogen til at udføre eller fortsætte lovovertrædelsen, medmindre:
1) der foreligger en begrundet mistanke om, at lovovertrædelsen er ved at blive begået eller forsøgt,
2) efterforskningsskridtet må antages at være af afgørende betydning for efterforskningen og
3) efterforskningen angår en lovovertrædelse, som efter loven kan straffes med fængsel i 6 år eller derover.

*Stk. 2.* Foranstaltninger, der træffes med henblik på at tilskynde nogen til at udføre eller fortsætte en lovovertrædelse, omfattes ikke af stk. 1, hvis politiet ikke herved påvirker væsentlige omstændigheder ved lovovertrædelsen.

**§ 754 b.** De foranstaltninger, som er nævnt i § 754 a, må ikke bevirke en forøgelse af lovovertrædelsens omfang eller grovhed.

*Stk. 2.* Foranstaltningerne må alene udføres af polititjenestemænd. Civile personer kan dog efter aftale med politiet yde bistand til at udføre eller fortsætte den lovovertrædelse, der efterforskes, når den bistand, der ydes, er yderst beskeden i forhold til lovovertrædelsen.

**§ 754 c.** Foranstaltninger efter § 754 a sker efter rettens kendelse. Spørgsmålet herom forelægges for retten på det sted, hvor tiltale er eller kan forventes rejst, eller i øvrigt hvor politiets beslutning om at søge foranstaltningerne gennemført er truffet.

*Stk. 2.* I rettens kendelse anføres de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for foranstaltningernes gennemførelse er opfyldt. Kendelsen kan til enhver tid omgøres.

*Stk. 3.* Såfremt foranstaltningernes øjemed ville forspildes, dersom retskendelse skulle afventes, kan politiet træffe beslutning om at gennemføre foranstaltningerne. I så fald skal politiet snarest muligt og senest inden 24 timer fra foranstaltningernes iværksættelse forelægge sagen for retten. Retten afgør ved kendelse, om foranstaltningerne kan godkendes, samt om de kan opretholdes. Burde foranstaltningerne efter rettens opfattelse ikke være foretaget, skal retten give meddelelse herom til Justitsministeriet.

**§ 754 d.** Er der truffet foranstaltninger som nævnt i § 754 a, og rejses der tiltale for lovovertrædelsen, skal der gives forsvareren underretning om foranstaltningerne. Hvis hensynet til fremmede magter, til statens sikkerhed, til sagens opklaring eller til tredjemand undtagelsesvis gør det påkrævet, kan politiet give forsvareren pålæg om ikke at videregive oplysninger, som denne har modtaget i medfør af 1. pkt.

**§ 754 e.** Reglerne i §§ 754 a-754 d finder ikke anvendelse ved efterforskning af overtrædelser af straffelovens kapitel 12, §§ 111-115 og 118.

Kapitel 69

*Anholdelse*

**§ 755.** Politiet kan anholde en person, der med rimelig grund mistænkes for et strafbart forhold, der er undergivet offentlig påtale, såfremt anholdelse må anses for påkrævet for at hindre yderligere strafbart forhold, for at sikre hans foreløbige tilstedeværelse eller for at hindre hans samkvem med andre.

*Stk. 2.* Samme beføjelser har enhver, der træffer nogen under eller i umiddelbar tilknytning til udøvelsen af et strafbart forhold, der er undergivet offentlig påtale. Den anholdte skal snarest muligt overgives til politiet med oplysning om tidspunktet og grundlaget for anholdelsen.

*Stk. 3.* Finder opløb sted, hvorunder der øves eller trues med vold på person eller gods, eller er slagsmål, hvori flere har deltaget, resulteret i drab eller betydelig legemsbeskadigelse, og den eller de skyldige ikke med sikkerhed kan udpeges, kan politiet anholde enhver, der er til stede, og som kan mistænkes for strafbar deltagelse.

*Stk. 4.* Anholdelse må ikke foretages, hvis frihedsberøvelse efter sagens art eller omstændighederne i øvrigt ville være et uforholdsmæssigt indgreb.

*Stk. 5.* Efter politiets begæring kan beslutning om anholdelse træffes af retten.

**§ 756.** Den, der med rimelig grund mistænkes for overtrædelse af bestemmelser, som er fastsat i en betinget dom i henhold til straffelovens kapitel 7 eller 8, i dom eller kendelse efter straffelovens §§ 68, 69, 70 eller 72, ved betinget benådning, ved prøveløsladelse eller en foranstaltning, der er fastsat i medfør af § 765, kan anholdes af politiet, såfremt det er nødvendigt på den måde at sikre hans foreløbige tilstedeværelse.

**§ 757.** Når en sigtet, der er behørigt tilsagt til et retsmøde, udebliver uden oplyst lovligt forfald, kan retten beslutte, at han skal anholdes, såfremt det i tilsigelsen eller under mødet for retten er tilkendegivet, at han skal møde personligt og i udeblivelsestilfælde må vente at blive anholdt.

**§ 758.** Anholdelsen skal foretages så skånsomt, som omstændighederne tillader. Politiet kan under iagttagelse af bestemmelserne i § 792 e foretage besigtigelse og undersøgelse af den anholdtes legeme og tøj med henblik på at fratage vedkommende genstande, som kan benyttes til vold eller undvigelse, eller som i øvrigt kan medføre fare for den anholdte eller andre. Politiet kan tage sådanne effekter samt penge, der findes hos den anholdte, i bevaring. Under anholdelsen er den pågældende i øvrigt ikke undergivet andre indskrænkninger i sin frihed, end anholdelsens øjemed og ordenshensyn nødvendiggør.

*Stk. 2.* Politiet skal snarest muligt gøre den anholdte bekendt med sigtelsen og tidspunktet for anholdelsen. Af rapporten skal fremgå, at denne regel er iagttaget.

**§ 759.** Ransagning af hus, andre lokaliteter eller genstande for at eftersøge en mistænkt, der skal anholdes, kan foretages, når der er grund til at antage, at den pågældende opholder sig der.

*Stk. 2.* Bestemmelserne i § 795, stk. 1, 1. pkt., og §§ 796-800 finder tilsvarende anvendelse.

**§ 760.** Enhver, der anholdes, skal løslades, så snart begrundelsen for anholdelse ikke længere er til stede. Tidspunktet for løsladelsen skal fremgå af rapporten.

*Stk. 2.* Inden 24 timer efter anholdelsen skal den anholdte, der ikke forinden er løsladt, fremstilles for en dommer. Tidspunktet for anholdelsen og for fremstillingen i retten anføres i retsbogen.

*Stk. 3.* Har anholdelse fundet sted for et strafbart forhold, for hvilket varetægtsfængsling er udelukket, skal den anholdte inden retsmødets afslutning sættes på fri fod.

*Stk. 4.* Har anholdelse fundet sted for et strafbart forhold, for hvilket varetægtsfængsling ikke er udelukket, jf. i medfør af § 756, og findes anholdte ikke at kunne løslades straks, kan retten, når den på grund af de foreliggende oplysninger ikke umiddelbart er i stand til at anden grund ikke finder straks at kunne tage stilling til spørgsmålet om varetægtsfængsling, beslutte, at han foreløbig skal forblive under anholdelse. I beslutningen anføres de omstændigheder, der bevirker, at anholdelse opretholdes. Under den opretholdte anholdelse finder § 765 tilsvarende anvendelse. Sigtede skal have lejlighed til at angive eventuelle oplysninger, som han ønsker tilvejebragt.

*Stk. 5.* Den, over hvem anholdelsen er opretholdt, skal, såfremt han ikke forinden er løsladt, på ny fremstilles for en dommer, der inden 3 x 24 timer efter afslutningen af det første retsmøde træffer bestemmelse om, hvorvidt anholdte skal løslades eller varetægtsfængsles eller undergives foranstaltninger efter § 765.

**§ 761.** Ved pågribelse af en person med henblik på fuldbyrdelse af en straffedom eller forvandlingsstraffen for bøde finder reglerne i §§ 758, stk. 1, og 759 anvendelse.

Kapitel 70

*Varetægtsfængsling*

**§ 762.** En sigtet kan varetægtsfængsles, når der er begrundet mistanke om, at han har begået en lovovertrædelse, som er undergivet offentlig påtale, såfremt lovovertrædelsen efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, og

1) der efter det om sigtedes forhold oplyste er bestemte grunde til at antage, at han vil unddrage sig forfølgningen eller fuldbyrdelsen, eller

2) der efter det om sigtedes forhold oplyste er bestemte grunde til at frygte, at han på fri fod vil begå ny lovovertrædelse af den foran nævnte beskaffenhed, eller

3) der efter sagens omstændigheder er bestemte grunde til at antage, at sigtede vil vanskeliggøre forfølgningen i sagen, navnlig ved at fjerne spor eller advare eller påvirke andre.

*Stk. 2.* En sigtet kan endvidere varetægtsfængsles, når der foreligger en særligt bestyrket mistanke om, at han har begået

1) en lovovertrædelse, som er undergivet offentlig påtale, og som efter loven kan medføre fængsel i 6 år eller der-

over, og hensynet til retshåndhævelsen efter oplysningerne om forholdets grovhed skønnes at kræve, at sigtede ikke er på fri fod, eller

2) en overtrædelse af straffelovens § 119, stk. 1, § 123, § 134 a, § 192 a, stk. 2, § 218, § 222, § 225, jf. § 216, stk. 2, § 218 eller § 222, § 235, stk. 1, §§ 243-246, § 250 eller § 252 eller en overtrædelse af straffelovens § 232 over for et barn under 15 år, såfremt lovovertrædelsen efter oplysningerne om forholdets grovhed kan ventes at ville medføre en ubetinget dom på fængsel i mindst 60 dage og hensynet til retshåndhævelsen skønnes at kræve, at sigtede ikke er på fri fod.

*Stk. 3.* Varetægtsfængsling kan ikke anvendes, hvis lovovertrædelsen kan ventes at ville medføre straf af bøde eller fængsel i højst 30 dage, eller hvis frihedsberøvelsen vil stå i misforhold til den herved forvoldte forstyrrelse af sigtedes forhold, sagens betydning og den retsfølge, som kan ventes, hvis sigtede findes skyldig.

**§ 763.** Er der begrundet mistanke om, at en person har overtrådt vilkår, som er fastsat i en betinget dom i henhold til straffelovens kapitel 7 eller 8, ved betinget benådning eller ved prøveløsladelse, kan han varetægtsfængsles, hvis retten finder, at overtrædelsen er af en sådan beskaffenhed, at der foreligger spørgsmål om fuldbyrdelse af fængselsstraf eller indsættelse i anstalt, og

1) der efter det om den pågældendes forhold oplyste er bestemte grunde til at antage, at han vil unddrage sig følgerne af vilkårsovertrædelsen, eller

2) der efter det om hans forhold oplyste er bestemte grunde til at frygte, at han på fri fod fortsat vil overtræde vilkårene, og det under hensyn til overtrædelsernes beskaffenhed skønnes påkrævet, at disse forhindres ved, at han varetægtsfængsles.

*Stk. 2.* Det samme gælder, hvis der er begrundet mistanke om, at en person har overtrådt bestemmelser, der er fastsat i dom eller kendelse efter straffelovens §§ 68, 69, 70 eller 72.

**§ 764.** Efter anmodning fra anklagemyndigheden afgør retten, om sigtede skal varetægtsfængsles. Anmodning om fortsat varetægtsfængsling skal fremsættes skriftligt over for retten. Anmodningen skal angive den eller de fængslingsbestemmelser, som anklagemyndigheden påberåber sig, de faktiske omstændigheder, hvorpå anmodningen støttes, og de væsentligste efterforskningsskridt m.v., som forventes foretaget.

*Stk. 2.* En sigtet, der er til stede her i landet, afhøres i retten om sigtelsen og skal have lejlighed til at udtale sig, inden afgørelsen træffes, medmindre retten finder, at fremstillingen af særlige grunde må anses for nytteløs eller skadelig for sigtede. Er kendelse om varetægtsfængsling afsagt, uden at sigtede har haft lejlighed til at udtale sig i retten, skal han fremstilles i retten inden 24 timer efter, at han er indbragt her til landet, eller hindringen for hans fremstilling er ophørt.

*Stk. 3.* I det retsmøde, der afholdes til afgørelse af spørgsmålet om varetægtsfængsling, skal sigtede have adgang til bistand af en forsvarer. Er den sigtede til stede i retsmødet,

skal der gives ham lejlighed til en samtale med forsvareren inden afhøringen.

*Stk. 4.* Rettens afgørelse træffes ved kendelse. Varetægtsfængsles sigtede, anføres i kendelsen de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for varetægtsfængsling er opfyldt. Sker varetægtsfængsling efter § 762, stk. 1, nr. 3, anføres indtil efterforskningens afslutning endvidere de væsentligste efterforskningsskridt m.v., som forventes foretaget inden for fristen for varetægtsfængslingen. Opretholdes varetægtsfængsling ud over de frister, som er nævnt i § 768 a, stk. 1 og 2, anføres i kendelsen de særlige omstændigheder i sagen, hvorpå det støttes, at fortsat varetægtsfængsling er påkrævet. Er den sigtede til stede i retsmødet, skal han straks gøres bekendt med, hvilke bestemmelser om varetægtsfængsling retten har anvendt, og med de i kendelsen anførte grunde for varetægtsfængsling samt med sin adgang til at kære. Udskrift af en kendelse, hvorved nogen varetægtsfængsles, overgives på forlangende snarest muligt til den pågældende.

**§ 765.** Er betingelserne for anvendelse af varetægtsfængsling til stede, men kan varetægtsfængslingens øjemed opnås ved mindre indgribende foranstaltninger, træffer retten, hvis sigtede samtykker heri, i stedet for varetægtsfængsling bestemmelse derom.

*Stk. 2.* Retten kan således bestemme, at sigtede skal

1) undergive sig et af retten fastsat tilsyn,

2) overholde særlige bestemmelser vedrørende opholdssted, arbejde, anvendelse af fritid og samkvem med bestemte personer,

3) tage ophold i egnet hjem eller institution,

4) undergive sig psykiatrisk behandling eller afvænningsbehandling for misbrug af alkohol, narkotika eller lignende, om fornødent på hospital eller særlig institution,

5) give møde hos politiet på nærmere angivne tidspunkter,

6) hos politiet deponere pas eller andre legitimationspapirer,

7) stille en af retten fastsat økonomisk sikkerhed for sin tilstedeværelse ved retsmøde og ved fuldbyrdelsen af en eventuel dom.

*Stk. 3.* Angår sigtelsen grov personfarlig kriminalitet, skal retten bestemme, at sigtede ikke må opholde sig i eget hjem.

*Stk. 4.* Ved afgørelser i medfør af stk. 1-3 finder bestemmelserne i § 764 tilsvarende anvendelse.

*Stk. 5.* Hvis sigtede unddrager sig møde i retten eller fuldbyrdelse af dommen, kan retten, efter at der så vidt muligt er givet dem, afgørelsen vedrører, lejlighed til at udtale sig, ved kendelse bestemme, at en sikkerhed, der er stillet i medfør af stk. 2, nr. 7, er forbrudt. En forbrudt sikkerhed tilfalder statskassen, dog således at den forurettedes erstatningskrav kan dækkes af beløbet. Retten kan under særlige omstændigheder i indtil 6 måneder efter kendelsen bestemme, at en forbrudt sikkerhed, der er tilfaldet statskassen, helt eller delvis skal tilbagebetales.

*Stk. 6.* Justitsministeren kan efter forhandling med social- og indenrigsministeren og sundheds- og ældreministeren fastsætte regler om meddelelse af tilladelse til udgang m.v. til personer, der er anbragt i institution eller hospital m.v. i

medfør af stk. 2, nr. 3 eller 4, når der ikke i øvrigt er taget stilling hertil. Justitsministeren kan i den forbindelse fastsætte, at afgørelser, der træffes i medfør af disse regler, ikke kan indbringes for højere administrativ myndighed.

*Stk. 7.* Justitsministeren kan fastsætte regler om anvendelse af magt og sikringsmidler over for personer, der er anbragt i en institution eller på et hospital m.v. i medfør af stk. 2, nr. 3 eller 4, i forbindelse med transport, der forestås af kriminalforsorgens personale. Justitsministeren kan endvidere fastsætte regler om undersøgelse uden retskendelse af personer, der er anbragt i en institution eller på et hospital m.v. i medfør af stk. 2, nr. 3 eller 4, i forbindelse med transport, der forestås af kriminalforsorgens personale.

**§ 766.** Retten kan til enhver tid omgøre kendelser om varetægtsfængsling eller foranstaltninger, der træder i stedet herfor.

**§ 767.** Bortset fra tilfælde, hvor sigtede ikke er til stede her i landet, fastsættes der i kendelsen en frist for varetægtsfængslingens eller foranstaltningens længde. Fristen skal være så kort som muligt og må ikke overstige 4 uger. Fristen kan forlænges, men højst med 4 uger ad gangen. Forlængelsen sker ved kendelse, medmindre sigtede erklærer sig indforstået med forlængelsen. Reglerne i § 764 finder, indtil dom er afsagt i 1. instans, tilsvarende anvendelse på retsmøder og kendelser om fristforlængelse. Fremstilling af en sigtet, der er varetægtsfængslet eller undergivet anden frihedsberøvende foranstaltning, kan dog undlades, når han giver afkald derpå eller retten finder, at fremstillingen vil være forbundet med uforholdsmæssige vanskeligheder.

*Stk. 2.* Når anklagemyndigheden har indleveret anklageskrift til retten og retten har fastsat tidspunkt for hovedforhandlingen, kan retten ved udløb af en frist efter stk. 1 bestemme, at varetægtsfængslingen eller foranstaltningen skal fortsætte uden yderligere forlængelser, indtil der er afsagt dom i sagen. Træffer retten sådan bestemmelse, kan tiltalte tidligst 3 uger efter afgørelsen anmode retten om at ophæve varetægtsfængslingen eller foranstaltningen efter § 766 eller § 768. I så fald skal retten inden 7 dage træffe afgørelse herom. Hvis retten ikke imødekommer anmodningen, kan tiltalte tidligst 3 uger efter rettens afgørelse fremsætte en ny anmodning. Efter hovedforhandlingens begyndelse finder § 767, stk. 3, 4.-6. pkt., tilsvarende anvendelse. Bestemmelserne i 1.-5. pkt. finder tilsvarende anvendelse i tilståelsessager, hvor anklagemyndigheden har anmodet om retsmøde med henblik på sagens behandling som tilståelsessag i medfør af § 831 og retten har fastsat tidspunktet for retsmødet.

*Stk. 3.* Når en frist, der er fastsat efter stk. 1, udløber, efter at hovedforhandlingen er begyndt, fortsætter varetægtsfængslingen eller foranstaltningen uden yderligere forlængelser, indtil der er afsagt dom i sagen. Tiltalte kan efter udløbet af den før hovedforhandlingen fastsatte frist anmode retten om at ophæve varetægtsfængslingen eller en foranstaltning, der træder i stedet herfor, efter § 766 eller § 768. Hvis tiltalte efter fristens udløb anmoder retten om at ophæve varetægtsfængslingen eller en foranstaltning, der træder i stedet herfor, skal retten inden 7 dage træffe afgørelse herom. Hvis retten ikke imødekommer anmodningen, kan tiltalte tidligst

14 dage efter rettens afgørelse fremsætte en ny anmodning. Hvis der er spørgsmål om varetægtsfængsling efter § 762, stk. 2, træffes afgørelsen om eventuel ophævelse af en dommer eller afdeling, som ikke deltager i hovedforhandlingen, jf. § 60, stk. 3, medmindre en af betingelserne i § 60, stk. 3, 2. pkt., er opfyldt. Tiltaltes anmodning kan efter rettens bestemmelse behandles på skriftligt grundlag, hvis afgørelsen træffes af en dommer eller afdeling, som ikke deltager i hovedforhandlingen.

*Stk. 4.* Kæres en kendelse om fristforlængelse, hvorved varetægtsfængsling eller anden frihedsberøvende foranstaltning udstrækkes ud over 3 måneder, skal kæremålet efter begæring behandles mundtligt. Når kæremål én gang er blevet behandlet mundtligt, afgør den overordnede ret, om en senere begæring om mundtlig behandling skal imødekommes. Bestemmelsen i stk. 1, sidste pkt., finder tilsvarende anvendelse.

**§ 768.** Varetægtsfængsling eller foranstaltninger, der træder i stedet herfor, skal om fornødent ved rettens kendelse ophæves, når forfølgning opgives eller betingelserne for iværksættelse ikke længere er til stede. Finder retten, at undersøgelsen ikke fremmes med tilstrækkelig hurtighed, og at fortsat varetægtsfængsling eller anden foranstaltning ikke er rimelig, skal retten ophæve den.

**§ 768 a.** Medmindre retten finder, at der foreligger særlige omstændigheder, må varetægtsfængsling ikke finde sted i et sammenhængende tidsrum, der overstiger

1)  6 måneder, når sigtelsen angår en lovovertrædelse, som efter loven ikke kan medføre fængsel i 6 år, eller

2)  1 år, når sigtelsen angår en lovovertrædelse, som efter loven kan medføre fængsel i 6 år eller derover.

*Stk. 2.* Medmindre retten finder, at der foreligger helt særlige omstændigheder, må varetægtsfængsling, når arrestanten er under 18 år, ikke finde sted i et sammenhængende tidsrum, der overstiger

1)  4 måneder, når sigtelsen angår en lovovertrædelse, som efter loven ikke kan medføre fængsel i 6 år, eller

2)  8 måneder, når sigtelsen angår en lovovertrædelse, som efter loven kan medføre fængsel i 6 år eller derover.

*Stk. 3.* Fristerne nævnt i stk. 1 og 2 omfatter tidsrummet frem til hovedforhandlingens begyndelse i første instans.

**§ 769.** Bestemmelse om varetægtsfængsling eller anden foranstaltning har kun virkning indtil sagens afgørelse i retten. På begæring træffer retten efter afgørelsen bestemmelse om, hvorvidt tiltalte under eventuel appel, eller indtil fuldbyrdelse kan iværksættes, skal varetægtsfængsles eller forblive varetægtsfængslet eller undergives foranstaltninger, der træder i stedet herfor. Ved bestemmelsen herom finder reglerne i §§ 762, 764-766 og 768 tilsvarende anvendelse, medmindre tiltalte erklærer sig indforstået med at forblive varetægtsfængslet eller undergivet anden foranstaltning. Har den pågældende inden sagens afgørelse i retten været varetægtsfængslet eller undergivet andre foranstaltninger, men finder retten ikke grundlag for fortsat anvendelse heraf, kan retten på anklagemyndighedens begæring bestemme, at varetægtsfængslingen eller foranstaltningen skal være i kraft,

indtil afgørelse af varetægtsspørgsmålet foreligger fra den overordnede ret, hvortil sagen eller varetægtsspørgsmålet er indbragt.

*Stk. 2.* Er der afsagt dom i sagen, hvorved den tiltalte er idømt ubetinget fængsel i mere end 30 dage for en lovovertrædelse, som er undergivet offentlig påtale, kan den tiltalte endvidere varetægtsfængsles, når hensynet til retshåndhævelsen skønnes at kræve, at den tiltalte ikke er på fri fod, under hensyntagen til, at den tiltalte har tilknytning til en gruppe af personer, som er aktivt involveret i en verserende voldelig konflikt med en anden gruppe af personer, og at der inden for den gruppe, som den dømte har tilknytning til, som led i konflikten enten er anvendt skydevåben eller er anvendt våben eller eksplosivstoffer, som på grund af deres særdeles farlige karakter er egnet til at forvolde betydelig skade, eller er begået brandstiftelse omfattet af straffelovens § 180.

*Stk. 3.* Indbringes den afgørelse, der er truffet i sagen, for højere ret, og er der i medfør af stk. 1 eller 2 truffet afgørelse om anvendelse af varetægtsfængsling eller andre foranstaltninger efter afgørelsen, skal spørgsmålet om den fortsatte anvendelse heraf snarest forelægges den overordnede ret, hvortil afgørelsen er indbragt. Ved denne rets behandling af spørgsmålet om varetægtsfængsling eller andre foranstaltninger finder § 762, § 764, stk. 1, 3 og 4, §§ 765 og 766, § 767, stk. 1, 1.-4. pkt., og stk. 2 og 3, § 768 og § 769, stk. 2, tilsvarende anvendelse. Hvis retten har truffet afgørelse om, at ankesagen skal afgøres uden mundtlig hovedforhandling, kan retten ved udløb af en frist efter 2. pkt., jf. § 767, stk. 1, bestemme, at varetægtsfængslingen eller foranstaltningen skal fortsætte uden yderligere forlængelser, indtil der er afsagt dom i sagen. § 767, stk. 2, 2.-4. pkt., finder i så fald tilsvarende anvendelse.

**§ 770.** En varetægtsarrestant er alene undergivet de indskrænkninger, som er nødvendige til sikring af varetægtsfængslingens øjemed eller opretholdelse af orden og sikkerhed i varetægtsfængslet.

*Stk. 2.* Varetægtsarrestanter anbringes i varetægtsfængsel (arresthus), så vidt muligt på det sted, hvor straffesagen behandles. Anbringelse uden for varetægtsfængsel kan ske af helbredsmæssige grunde eller i medfør af § 777.

**§ 770 a.** Retten kan efter anmodning fra politiet bestemme, at en varetægtsarrestant skal udelukkes fra fællesskab med de øvrige indsatte (isolation), hvis

1) varetægtsfængslingen er besluttet i medfør af § 762, stk. 1, nr. 3, og

2) der er bestemte grunde til at antage, at varetægtsfængslingen i sig selv ikke er tilstrækkelig til at hindre arrestanten i at vanskeliggøre forfølgningen i sagen, herunder ved gennem andre indsatte at påvirke medsigtede eller ved trusler eller på anden lignende måde at påvirke andre.

**§ 770 b.** Isolation må kun iværksættes eller fortsættes, hvis

1) formålet hermed ikke kan tilgodeses ved mindre indgribende foranstaltninger, herunder ved at anbringe arrestanten i andet arresthus end bestemte andre indsatte eller på anden måde afskære arrestanten fra samvær med sådanne indsatte eller ved at etablere brevkontrol, besøgskontrol eller besøgsforbud,

2) indgrebet, herunder den særlige belastning, som indgrebet kan medføre på grund af arrestantens unge alder, fysiske eller psykiske svaghed eller personlige forhold i øvrigt, ikke står i misforhold til sagens betydning og den retsfølge, som kan ventes, hvis arrestanten findes skyldig, og

3) efterforskningen fremmes med den særlige hurtighed, som er påkrævet ved varetægtsfængsling i isolation, herunder ved benyttelse af mulighederne for bevissikring efter § 747.

*Stk. 2.* Hvis arrestanten er under 18 år, må isolation kun iværksættes eller fortsættes, hvis der i øvrigt foreligger helt særlige omstændigheder, som gør det påkrævet.

**§ 770 c.** Hvis sigtelsen angår en lovovertrædelse, som efter loven ikke kan medføre fængsel i 4 år, må isolation ikke finde sted i et sammenhængende tidsrum på mere end 14 dage.

*Stk. 2.* Hvis sigtelsen angår en lovovertrædelse, som efter loven kan medføre fængsel i 4 år eller derover, men ikke fængsel i 6 år, må isolation ikke finde sted i et sammenhængende tidsrum på mere end 4 uger.

*Stk. 3.* Hvis sigtelsen angår en lovovertrædelse, som efter loven kan medføre fængsel i 6 år eller derover, må isolation ikke finde sted i et sammenhængende tidsrum på mere end 8 uger. Retten kan dog undtagelsesvis tillade, at en isolation udstrækkes ud over 8 uger, hvis afgørende hensyn til forfølgningen gør fortsat isolation påkrævet, uanset den tid arrestanten hidtil har været isoleret, og lovovertrædelsen kan ventes at ville medføre straf af fængsel i mindst 2 år.

*Stk. 4.* Isolation må ikke finde sted i et sammenhængende tidsrum på mere end 6 måneder, medmindre sigtelsen angår en forsætlig overtrædelse af straffelovens kapitler 12 eller 13 eller en overtrædelse af straffelovens §§ 191 eller 237.

*Stk. 5.* Hvis arrestanten er under 18 år, må isolation ikke finde sted i et sammenhængende tidsrum på mere end 4 uger, medmindre sigtelsen angår en forsætlig overtrædelse af straffelovens kapitel 12 eller 13.

**§ 770 d.** Rettens afgørelse om isolation træffes ved særskilt kendelse herom. Træffer retten afgørelse om isolation, skal retten i kendelsen anføre

1) den konkrete vanskeliggørelse, der foreligger risiko for i sagen,

2) grundlaget i den konkrete sags oplysninger for at antage, at den i nr. 1 nævnte risiko foreligger, og

3) de konkrete omstændigheder, hvorpå det i øvrigt støttes, at betingelserne i §§ 770 a-770 c for isolation eller fortsat isolation er opfyldt.

*Stk. 2.* Ved rettens afgørelse om isolation finder reglerne i § 764, stk. 2-4, § 766, § 767, stk. 1, og §§ 768-769 i øvrigt tilsvarende anvendelse. Ved iværksættelse af isolation må den første frist for indgrebets længde dog ikke overstige 2 uger. Hvis arrestanten er under 18 år, kan fristen for isolation højst forlænges med 2 uger ad gangen.

*Stk. 3.* Politiets anmodning om fortsat isolation skal fremsættes skriftligt over for retten. Anmodningen skal være begrundet. Inden politiet fremsætter anmodning om forlængelse ud over 8 uger, jf. § 770 c, stk. 3, eller ud over 4 uger, hvis arrestanten er under 18 år, jf. § 770 c, stk. 5, skal Rigsadvokatens godkendelse indhentes. Hvis Rigsadvokatens godkendelse ikke foreligger, kan forlængelse af isolation ikke ske.

**§ 770 e.** Udstrækkes en isolation ud over 8 uger, skal kæremål herom efter anmodning behandles mundtligt. Stadfæstes afgørelsen om isolation, skal senere kæremål om fortsat isolation ligeledes behandles mundtligt efter anmodning, hvis isolationen ved den påkærede kendelse udstrækkes ud over 4 uger fra den seneste mundtlige behandling af kæremål om forlængelse af isolation. I andre tilfælde afgør kæreinstansen, om en anmodning om mundtlig behandling skal imødekommes. Bestemmelsen i § 767, stk. 1, sidste pkt., finder tilsvarende anvendelse.

**§ 771.** En varetægtsarrestant kan modtage besøg i det omfang, opretholdelse af orden og sikkerhed i varetægtsfængslet tillader det. Politiet kan af hensyn til varetægtsfængslingens øjemed modsætte sig, at varetægtsarrestanten modtager besøg, eller forlange, at besøg finder sted under kontrol. Nægter politiet besøg, skal varetægtsarrestanten underrettes herom, medmindre dommeren af hensyn til efterforskningen træffer anden bestemmelse. Varetægtsarrestanten kan kræve, at politiets afslag på besøg eller krav om kontrol forelægges retten til afgørelse. Arrestanten har altid ret til ukontrolleret besøg af sin forsvarer.

*Stk. 2.* Når særlige omstændigheder taler derfor, kan kriminalforsorgsområdet med politiets samtykke give en varetægtsarrestant udgangstilladelse med ledsager for et kortere tidsrum.

**§ 772.** En varetægtsarrestant har ret til at modtage og afsende breve. Politiet kan gennemse brevene inden modtagelsen eller afsendelsen. Politiet skal snarest muligt udlevere eller sende brevene, medmindre indholdet vil kunne være til skade for efterforskningen eller opretholdelse af orden og sikkerhed i varetægtsfængslet. Tilbageholdes et brev, skal spørgsmålet, om tilbageholdelsen bør opretholdes, straks forelægges retten til afgørelse. Opretholdes tilbageholdelsen, skal afsenderen straks underrettes, medmindre dommeren af hensyn til efterforskningen træffer anden bestemmelse.

*Stk. 2.* En varetægtsarrestant har ret til ukontrolleret brevveksling med retten, forsvareren, justitsministeren, direktøren for kriminalforsorgen og Folketingets Ombudsmand. Justitsministeren kan fastsætte regler om varetægtsarrestanters ret til at afsende lukkede breve til andre offentlige myndigheder eller enkeltpersoner.

**§ 773.** Såfremt politiet bestemmer, at der af hensyn til varetægtsfængslingens øjemed skal foretages andre begrænsninger i en varetægtsarrestants rettigheder, kan arrestanten forlange spørgsmålet om opretholdelsen af begrænsningerne forelagt retten til afgørelse.

**§ 774.** Hverken institutionens personale eller andre må benyttes til at udforske varetægtsarrestanter.

**§ 775.** Der kan ikendes varetægtsarrestanter disciplinærstraf i form af advarsel, bøde og strafcelle. De nævnte disciplinærstraffe kan anvendes i forening.

*Stk. 2.* Ved ikendelse af strafcelle som disciplinærstraf fastsættes varigheden til et tidsrum af højst 4 uger. For unge under 18 år fastsættes tidsrummet dog til højst 7 dage, medmindre sagen angår vold mod personale i institutionen.

*Stk. 3.* Under anbringelse i strafcelle er varetægtsarrestanten udelukket fra fællesskab i institutionen. Unge under 18 år kan dog deltage i beskæftigelse i institutionen, medmindre konkrete grunde taler herimod.

*Stk. 4.* Bestemmelserne i §§ 65 og 66 i lov om fuldbyrdelse af straf m.v. om anvendelse af håndjern og sikringscelle finder tilsvarende anvendelse på varetægtsarrestanter.

**§ 775 a.** Afgørelser vedrørende varetægtsarrestanter, der er truffet af en myndighed inden for kriminalforsorgen, kan ikke indbringes for højere administrativ myndighed, jf. dog § 776, 2. pkt.

**§ 776.** Justitsministeren fastsætter nærmere regler om behandlingen af varetægtsarrestanter. Justitsministeren kan i den forbindelse fastsætte regler om, at afgørelser, der er truffet af kriminalforsorgsområderne vedrørende varetægtsarrestanter, kan indbringes for Direktoratet for Kriminalforsorgen. Justitsministeren kan endvidere fastsætte regler om klagefrist, behandling af klagesager og opsættende virkning af klager. For indsatte i den undervisningspligtige alder fastsætter justitsministeren særlige regler om undervisning. For arrestanter, der er isoleret efter rettens bestemmelse, fastsætter justitsministeren særlige regler om øget personalekontakt, udvidet adgang til besøg, særlig adgang til eneundervisning og bestemte typer af arbejde samt tilbud om regelmæssige og længerevarende samtaler med præster, læger, psykologer eller andre. Justitsministeren fastsætter endvidere regler om den bistand, der i øvrigt ydes varetægtsarrestanter for at begrænse de erhvervsmæssige, sociale og personlige ulemper, der følger af varetægten. Justitsministeren kan herudover fastsætte nærmere regler om kriminalforsorgens adgang til at foretage konfiskation af genstande og penge hos varetægtsarrestanter, når genstandene eller pengene er ulovligt indført, erhvervet eller tilvirket i institutionen eller i øvrigt er medtaget, besiddet eller rådet over i strid med regler eller anvisninger for ophold i institutionen.

**§ 776 a.** Kriminalforsorgen kan fotografere og optage fingeraftryk af varetægtsarrestanter med henblik på senere identifikation.

*Stk. 2.* Justitsministeren kan fastsætte regler om gennemførelse af fotografering og optagelse af fingeraftryk efter stk. 1, herunder om opbevaring og destruktion.

**§ 777.** En varetægtsarrestant kan anbringes i en anstalt for personer, der udstår fængselsstraf eller forvaring, eller i hospital m.v., jf. straffelovens §§ 68 og 69, hvis den pågældende selv, anklagemyndigheden og kriminalforsorgsområdet samtykker heri. Hvis helbredsmæssige hensyn eller hensy-

net til andres sikkerhed gør det påkrævet, kan retten undtagelsesvis godkende en sådan anbringelse uden arrestantens samtykke. I institutionen behandles den frivilligt overførte varetægtsarrestant efter de regler, der gælder for personer, der er anbragt dér i henhold til dom, mens den tvangsmæssigt overførte varetægtsarrestant behandles efter reglerne om varetægtsarrestanter, i det omfang hensynet til orden og sikkerhed i institutionen gør det muligt. Arrestanten må dog ikke uden rettens godkendelse forlade institutionen, bortset fra de tilfælde, der er nævnt i § 771, stk. 2.

*Stk. 2.* Justitsministeren kan fastsætte regler om anvendelse af magt og sikringsmidler over for personer, der er anbragt på et hospital m.v. i medfør af stk. 1, i forbindelse med transport, der forestås af kriminalforsorgens personale. Justitsministeren kan endvidere fastsætte regler om undersøgelse uden retskendelse af personer, der er anbragt på et hospital m.v. i medfør af stk. 1, i forbindelse med transport, der forestås af kriminalforsorgens personale.

**§ 778.** Varetægtsarrestanters klager over fængselspersonalets adfærd indgives til kriminalforsorgsområdet eller til Direktoratet for Kriminalforsorgen. Har klageren ikke fået medhold, eller er der ikke truffet endelig afgørelse inden 2 uger efter indgivelsen, kan klagen indbringes for retten.

*Stk. 2.* Retten kan afvise at iværksætte en undersøgelse, hvis klagen findes åbenbart grundløs, hvis den angår forhold af uvæsentlig betydning, eller hvis den indgives mere end 4 uger efter, at det forhold, som klagen angår, har fundet sted. Rettens undersøgelse foretages i overensstemmelse med reglerne i § 1019 e, § 1019 h, stk. 2, § 1019 i og § 1019 j, stk. 1, 3, 4 og 6. Dommeren træffer bestemmelse om afhøring af klageren, indklagede og vidner samt om tilvejebringelse af udtalelser fra sagkyndige og af andre bevismidler.

*Stk. 3.* Når undersøgelsen er afsluttet, afgiver retten en redegørelse herfor, som sendes til klageren, til den, klagen angår, og til kriminalforsorgsområdet samt til Direktoratet for Kriminalforsorgen.

**§ 779.** (Ophævet)

## Kapitel 71

### *Indgreb i meddelelseshemmeligheden, observation, dataaflæsning, forstyrrelse eller afbrydelse af radio- eller telekommunikation og blokering af hjemmesider*

**§ 780.** Politiet kan efter reglerne i dette kapitel foretage indgreb i meddelelseshemmeligheden ved at

1) aflytte telefonsamtaler eller anden tilsvarende telekommunikation (telefonaflytning),
2) aflytte andre samtaler eller udtalelser ved hjælp af et apparat (anden aflytning),
3) indhente oplysning om, hvilke telefoner eller andre tilsvarende kommunikationsapparater der sættes i forbindelse med en bestemt telefon eller andet kommunikationsapparat, selv om indehaveren af dette ikke har meddelt tilladelse hertil (teleoplysning),
4) indhente oplysning om, hvilke telefoner eller andre tilsvarende kommunikationsapparater inden for et nærmere angivet område der sættes i forbindelse med andre telefoner eller kommunikationsapparater (udvidet teleoplysning),
5) tilbageholde, åbne og gøre sig bekendt med indholdet af breve, telegrammer og andre forsendelser (brevåbning) og
6) standse den videre befordring af forsendelser som nævnt i nr. 5 (brevstandsning).

*Stk. 2.* Politiet kan foretage optagelser eller tage kopier af de samtaler, udtalelser, forsendelser m.v., som er nævnt i stk. 1, i samme omfang som politiet er berettiget til at gøre sig bekendt med indholdet heraf.

**§ 781.** Indgreb i meddelelseshemmeligheden må kun foretages, såfremt

1) der er bestemte grunde til at antage, at der på den pågældende måde gives meddelelser eller foretages forsendelser til eller fra en mistænkt,
2) indgrebet må antages at være af afgørende betydning for efterforskningen og
3) efterforskningen angår en lovovertrædelse, som efter loven kan straffes med fængsel i 6 år eller derover, en forsætlig overtrædelse af straffelovens kapitler 12 eller 13 eller en overtrædelse af straffelovens §§ 124, stk. 2, 125, 127, stk. 1, 233, stk. 1, 235, 266, 281 eller en overtrædelse af udlændingelovens § 59, stk. 8, nr. 1-5.

*Stk. 2.* Er betingelserne i stk. 1, nr. 1 og 2, opfyldt, kan telefonaflytning og teleoplysning endvidere foretages, såfremt mistanken angår fredskrænkelser som omhandlet i straffelovens § 263, stk. 1.

*Stk. 3.* Er betingelserne i stk. 1, nr. 1 og 2, opfyldt, kan teleoplysning endvidere foretages, såfremt mistanken angår en

1) krænkelse som nævnt i § 2, stk. 1, nr. 1, i lov om tilhold, opholdsforbud og bortvisning,
2) overtrædelse af straffelovens § 279 a eller § 293, stk. 1, begået ved anvendelse af en telekommunikationstjeneste,
3) overtrædelse af artikel 14 eller 15 i Europa-Parlamentets og Rådets forordning (EU) nr. 596/2014 af 16. april 2014 om markedsmisbrug (forordningen om markedsmisbrug),
4) overtrædelse af artikel 3, stk. 1, eller artikel 5 i Europa-Parlamentets og Rådets forordning (EU) nr. 1227/2011 af 25. oktober 2011 om integritet og gennemsigtighed på engrosenergimarkederne eller
5) overtrædelse af artikel 38, stk. 1, artikel 39, artikel 40, jf. artikel 38, stk. 1, eller artikel 39, eller artikel 41 i Kommissionens forordning (EU) nr. 1031/2010 af 12. november 2010 om det tidsmæssige og administrative forløb af auktioner over kvoter for drivhusgasemissioner og andre aspekter i forbindelse med sådanne auktioner i medfør af Europa-Parlamentets og Rådets direktiv 2003/87/EF om en ordning for handel med kvoter for drivhusgasemissioner i Fællesskabet.

*Stk. 4.* Brevåbning og brevstandsning kan desuden foretages, hvis der foreligger en særligt bestyrket mistanke om, at der i forsendelsen findes genstande, som bør konfiskeres, el-

ler som ved en forbrydelse er fravendt nogen, som kan kræve dem tilbage.

*Stk. 5.* Aflytning efter § 780, stk. 1, nr. 2, og udvidet teleoplysning efter § 780, stk. 1, nr. 4, kan kun foretages, når mistanken vedrører en forbrydelse, som har medført eller som kan medføre fare for menneskers liv eller velfærd eller for betydelige samfundsværdier. Udvidet teleoplysning kan foretages, uanset betingelsen i stk. 1, nr. 1, ikke er opfyldt.

**§ 782.** Et indgreb i meddelelseshemmeligheden må ikke foretages, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og ulempe, som indgrebet må antages at forvolde den eller de personer, som det rammer, ville være et uforholdsmæssigt indgreb.

*Stk. 2.* Telefonaflytning, anden aflytning, brevåbning og brevstandsning må ikke foretages med hensyn til den mistænktes forbindelse med personer, som efter reglerne i § 170 er udelukket fra at afgive forklaring som vidne.

**§ 783.** Indgreb i meddelelseshemmeligheden sker efter rettens kendelse. I kendelsen anføres de telefonnumre, lokaliteter, adressater eller forsendelser, som indgrebet angår, jf. dog stk. 2. Endvidere anføres de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for indgrebet er opfyldt. Kendelsen kan til enhver tid omgøres.

*Stk. 2.* Angår efterforskningen en overtrædelse af straffelovens kapitel 12 eller 13 eller §§ 123 eller 180, § 183, stk. 2, §§ 191 eller 192 a, § 233, stk. 1, §§ 237 eller 245, § 246, jf. § 245, § 252, stk. 1, § 261, stk. 2, eller §§ 262 a eller 288, kan der i rettens kendelse i medfør af § 780, stk. 1, nr. 1 eller 3, ud over bestemte telefonnumre anføres den person, som indgrebet angår (den mistænkte). I så fald skal politiet snarest muligt efter udløbet af det tidsrum, inden for hvilket indgrebet kan foretages, underrette retten om de telefonnumre, som indgrebet har været rettet imod, og som ikke er anført i kendelsen. Hvis særlige forhold taler for det, skal underretning efter 2. pkt. ske senest 24 timer efter indgrebets iværksættelse. Underretning efter 2. og 3. pkt. skal indeholde en angivelse af de bestemte grunde, der er til at antage, at der fra de pågældende telefonnumre gives meddelelser til eller fra den mistænkte. Retten underretter den beskikkede advokat, jf. § 784, stk. 1, der herefter kan indbringe spørgsmålet om lovligheden af indgrebet for retten. Retten træffer afgørelse ved kendelse. Burde indgrebet efter rettens opfattelse ikke være foretaget, skal retten give meddelelse herom til Justitsministeriet.

*Stk. 3.* I kendelsen fastsættes det tidsrum, inden for hvilket indgrebet kan foretages. Dette tidsrum skal være så kort som muligt og må ikke overstige 4 uger. Tidsrummet kan forlænges, men højst med 4 uger ad gangen. Forlængelsen sker ved kendelse.

*Stk. 4.* Såfremt indgrebets øjemed ville forspildes, dersom retskendelse skulle afventes, kan politiet træffe beslutning om at foretage indgrebet. I så fald skal politiet snarest muligt og senest inden 24 timer fra indgrebets iværksættelse forelægge sagen for retten. Retten afgør ved kendelse, om indgrebet kan godkendes, samt om det kan opretholdes, og i bekræftende fald for hvilket tidsrum, jf. stk. 1, 2.-3. pkt., og stk. 3. Burde indgrebet efter rettens opfattelse ikke være

foretaget, skal retten give meddelelse herom til Justitsministeriet.

*Stk. 5.* Ved modtagelse af underretning i medfør af artikel 20 i konventionen af 29. maj 2000 om gensidig retshjælp i straffesager mellem Den Europæiske Unions medlemsstater skal politiet forelægge sagen for retten senest 48 timer fra modtagelsen af underretningen. Retten afgør ved kendelse, om indgreb i meddelelseshemmeligheden må finde sted, eller, hvis indgrebet allerede er iværksat, om indgrebet kan godkendes, og om det kan opretholdes. Bestemmelserne i dette kapitel finder tilsvarende anvendelse.

**§ 784.** Inden retten træffer afgørelse efter § 783, skal der beskikkes en advokat for den, som indgrebet vedrører, og advokaten skal have lejlighed til at udtale sig. Angår efterforskningen en overtrædelse af straffelovens kapitler 12 eller 13, beskikkes advokaten fra den særlige kreds af advokater, som er nævnt i stk. 2. Rettens beslutning om, at advokaten ikke skal beskikkes fra denne særlige kreds, kan påkæres til højere ret.

*Stk. 2.* Justitsministeren antager for hver landsrets område et antal advokater, der kan beskikkes i de i stk. 1, 2. pkt., nævnte sager. Justitsministeren fastsætter nærmere regler om de pågældende advokater, herunder om vagtordninger, om vederlag for at stå til rådighed og om sikkerhedsmæssige spørgsmål.

**§ 785.** En advokat, som er beskikket efter § 784, stk. 1, skal underrettes om alle retsmøder i sagen og er berettiget til at overvære disse samt til at gøre sig bekendt med det materiale, som politiet har tilvejebragt. Advokaten er endvidere berettiget til at få udleveret en genpart af materialet. Finder politiet, at materialet er af særlig fortrolig karakter, og at genpart heraf derfor ikke bør udleveres, skal spørgsmålet herom på begæring af advokaten af politiet indbringes for retten til afgørelse. Advokaten må ikke give de modtagne oplysninger videre til andre eller uden politiets samtykke sætte sig i forbindelse med den, over for hvem indgrebet er begæret foretaget. Den beskikkede advokat må ikke give møde ved anden advokat eller ved fuldmægtig.

*Stk. 2.* Bestemmelserne om beskikkede forsvarere i kapitel 66, § 746, stk. 1, og § 748 a, stk. 2, samt bestemmelserne i kapitel 91 om sagsomkostninger finder tilsvarende anvendelse på den beskikkede advokat. Retten kan bestemme, at den beskikkede advokat ikke senere under sagen kan virke som forsvarer for nogen sigtet.

**§ 786.** Det påhviler postvirksomheder og udbydere af telenet eller teletjenester at bistå politiet ved gennemførelsen af indgreb i meddelelseshemmeligheden, herunder ved at etablere aflytning af telefonsamtaler m.v., ved at give de i § 780, stk. 1, nr. 3 og 4, nævnte oplysninger samt ved at tilbageholde og udlevere forsendelser m.v.

*Stk. 2.* Uden for de i § 780, stk. 1, nr. 3, nævnte tilfælde kan retten efter begæring fra politiet med samtykke fra indehaveren af en telefon eller andet kommunikationsapparat give de i stk. 1 nævnte selskaber m.v. pålæg om at oplyse, hvilke andre apparater der sættes i forbindelse med det pågældende apparat.

*Stk. 3.* Bestemmelsen i § 178 finder tilsvarende anvendelse på den, som uden lovlig grund undlader at yde den bistand, som er nævnt i stk. 1, eller at efterkomme et pålæg, som er givet efter stk. 2.

*Stk. 4.* Det påhviler udbydere af telenet eller teletjenester at foretage registrering og opbevaring i 1 år af oplysninger om teletrafik til brug for efterforskning og retsforfølgning af strafbare forhold. Justitsministeren fastsætter efter forhandling med erhvervsministeren nærmere regler om denne registrering og opbevaring.

*Stk. 5.* Justitsministeren kan efter forhandling med erhvervsministeren fastsætte regler om telenet- og teletjenesteudbyderes praktiske bistand til politiet i forbindelse med indgreb i meddelelseshemmeligheden.

*Stk. 6.* Overtrædelse af stk. 4, 1. pkt., straffes med bøde.

*Stk. 7.* For overtrædelse af bestemmelser i forskrifter, der er fastsat i medfør af stk. 4, 2. pkt., og stk. 5 kan der fastsættes bestemmelser om bødestraf.

*Stk. 8.* Justitsministeren kan fastsætte regler om økonomisk godtgørelse til de i stk. 1 nævnte virksomheder for udgifter i forbindelse med bistand til politiet til gennemførelse af indgreb i meddelelseshemmeligheden.

**§ 786 a.** Som led i en efterforskning, hvor elektronisk bevismateriale kan være af betydning, kan politiet meddele udbydere af telenet eller teletjenester pålæg om at foretage hastesikring af elektroniske data, herunder trafikdata.

*Stk. 2.* Et pålæg om hastesikring i medfør af stk. 1 kan alene omfatte elektroniske data, som opbevares på det tidspunkt, hvor pålægget meddeles. I pålægget anføres, hvilke data der skal sikres, og i hvilket tidsrum de skal sikres (sikringsperioden). Pålægget skal afgrænses til alene at omfatte de data, der skønnes nødvendige for efterforskningen, og sikringsperioden skal være så kort som mulig og kan ikke overstige 90 dage. Et pålæg kan ikke forlænges.

*Stk. 3.* Det påhviler udbydere af telenet eller teletjenester som led i sikring efter stk. 1 uden ugrundet ophold at videregive trafikdata om andre telenet- eller teletjenesteudbydere, hvis net eller tjenester har været anvendt i forbindelse med den elektroniske kommunikation, som kan være af betydning for efterforskningen.

*Stk. 4.* Overtrædelse af stk. 1 og 3 straffes med bøde.

**§ 787.** Den beskikkede advokat kan forlange at overvære åbningen af breve og andre lukkede forsendelser. Dette gælder dog ikke, hvis åbningen ikke kan udsættes.

*Stk. 2.* Reglen i stk. 1 finder tillige anvendelse på en forsvarer.

**§ 788.** Efter afslutningen af et indgreb i meddelelseshemmeligheden skal der gives underretning om indgrebet, jf. dog stk. 4 og 5. Har den person, til hvem underretning efter stk. 2 skal gives, været mistænkt i sagen, skal der tillige gives underretning herom og om, hvilken lovovertrædelse mistanken har angået.

*Stk. 2.* Underretningen gives

1)   ved telefonaflytning og teleoplysning til indehaveren af den pågældende telefon,

2)   ved anden aflytning til den, der har rådighed over det sted eller det lokale, hvor samtalen er afholdt eller udtalelsen fremsat, og

3)   ved brevåbning og brevstandsning til afsenderen eller modtageren af forsendelsen.

*Stk. 3.* Underretningen gives af den byret, som har truffet afgørelse efter § 783. Underretningen gives snarest muligt, såfremt politiet ikke senest 14 dage efter udløbet af det tidsrum, for hvilket indgrebet har været tilladt, har fremsat begæring om undladelse af eller udsættelse med underretning, jf. stk. 4. Er der i medfør af § 784, stk. 1, beskikket en advokat, skal genpart af underretningen sendes til denne.

*Stk. 4.* Vil underretning som nævnt i stk. 1-3 være til skade for efterforskningen eller til skade for efterforskningen i en anden verserende sag om en lovovertrædelse, som efter loven kan danne grundlag for et indgreb i meddelelseshemmeligheden, eller taler hensynet til beskyttelse af fortrolige oplysninger om politiets efterforskningsmetoder eller omstændighederne i øvrigt imod underretning, kan retten efter begæring fra politiet beslutte, at underretning skal undlades eller udsættes i et nærmere fastsat tidsrum, der kan forlænges ved senere beslutning. Er der efter § 784, stk. 1, beskikket en advokat, skal denne have lejlighed til at udtale sig, inden retten træffer beslutning om undladelse af eller udsættelse med underretningen.

*Stk. 5.* Efter afslutningen af et indgreb i meddelelseshemmeligheden i form af udvidet teleoplysning efter § 780, stk. 1, nr. 4, skal der ikke gives underretning om indgrebet til indehaverne af de pågældende telefoner.

**§ 789.** Får politiet ved et indgreb i meddelelseshemmeligheden oplysning om en lovovertrædelse, der ikke har dannet og efter § 781, stk. 1, nr. 3, eller § 781, stk. 5, heller ikke kunne danne grundlag for indgrebet, kan politiet anvende denne oplysning som led i efterforskningen af den pågældende lovovertrædelse.

*Stk. 2.* Oplysninger, der er tilvejebragt ved et indgreb i meddelelseshemmeligheden, må ikke anvendes som bevis i retten vedrørende en lovovertrædelse, der ikke har dannet og efter § 781, stk. 1, nr. 3, eller § 781, stk. 5, heller ikke kunne danne grundlag for indgrebet.

*Stk. 3.* Retten kan bestemme, at stk. 2 ikke finder anvendelse, såfremt

1)   andre efterforskningsskridt ikke vil være egnede til at sikre bevis i sagen,

2)   sagen angår en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, og

3)   retten i øvrigt finder det ubetænkeligt.

*Stk. 4.* Stk. 2 er ikke til hinder for, at oplysninger, der er tilvejebragt ved et indgreb i meddelelseshemmeligheden, anvendes som bevis i retten i en sag om opløsning af en forening.

**§ 790.** Forsendelser, der har været tilbageholdt med henblik på brevåbning, skal snarest muligt befordres videre efter deres bestemmelse. Ønsker politiet at standse den videre befordring, skal begæring om brevstandsning indgives til retten inden 48 timer efter tilbageholdelsens iværksættelse.

**§ 791.** Båndoptagelser, fotokopier eller anden gengivelse af det, der ved indgrebet er kommet til politiets kendskab, skal tilintetgøres, hvis der ikke rejses sigtelse mod nogen for den lovovertrædelse, der dannede grundlag for indgrebet, eller hvis påtale senere opgives. Politiet underretter en i medfør af § 784, stk. 1, beskikket advokat, når tilintetgørelse har fundet sted.

*Stk. 2.* Er materialet fortsat af efterforskningsmæssig betydning, kan tilintetgørelse undlades eller udsættes i et nærmere fastsat tidsrum. Politiet indbringer spørgsmålet herom for retten, der, inden der træffes afgørelse, skal give den beskikkede advokat lejlighed til at udtale sig. Bestemmelserne i 2. pkt. finder ikke anvendelse på materiale, der er tilvejebragt som led i efterforskning af overtrædelser af straffelovens kapitel 12, §§ 111-115 og 118.

*Stk. 3.* Er der i forbindelse med telefonaflytning, anden aflytning eller brevåbning foretaget indgreb i den mistænktes forbindelse med personer, som efter reglerne i § 170 er udelukket fra at afgive forklaring som vidne, skal materiale om dette indgreb straks tilintetgøres. Dette gælder dog ikke, hvis materialet giver anledning til, at der rejses sigtelse for strafbart forhold mod den omhandlede person, eller at hvervet som forsvarer bliver frataget den pågældende, jf. §§ 730, stk. 3, og 736.

*Stk. 4.* I øvrigt skal politiet tilintetgøre materiale, som tilvejebringes ved indgreb i meddelelseshemmeligheden, og som viser sig ikke at have efterforskningsmæssig betydning.

**§ 791 a.** Politiet kan foretage fotografering eller iagttagelse ved hjælp af kikkert eller andet apparat af personer, der befinder sig på et ikke frit tilgængeligt sted (observation), såfremt
1) indgrebet må antages at være af væsentlig betydning for efterforskningen, og
2) efterforskningen vedrører en lovovertrædelse, der efter loven kan medføre fængselsstraf.

*Stk. 2.* Observation som nævnt i stk. 1 ved hjælp af fjernbetjent eller automatisk virkende tv-kamera, fotografiapparat eller lignende apparat må kun foretages, såfremt efterforskningen vedrører en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover.

*Stk. 3.* Observation af personer, der befinder sig i en bolig eller andre husrum, ved hjælp af fjernbetjent eller automatisk virkende tv-kamera, fotografiapparat eller lignende apparat eller ved hjælp af apparat, der anvendes i boligen eller husrummet, må dog kun foretages, såfremt
1) der er bestemte grunde til at antage, at bevis i sagen kan opnås ved indgrebet,
2) indgrebet må antages at være af afgørende betydning for efterforskningen,
3) efterforskningen angår en lovovertrædelse, der efter loven kan straffes med fængsel i 6 år eller derover, en forsætlig overtrædelse af straffelovens kapitler 12 eller 13 eller en overtrædelse af straffelovens §§ 124, stk. 2, 125, 127, stk. 1, 193, stk. 1, 266 eller 281 eller en overtrædelse af udlændingelovens § 59, stk. 8, nr. 1-5, og

4) efterforskningen vedrører en lovovertrædelse, som har medført eller som kan medføre fare for menneskers liv eller velfærd eller for betydelige samfundsværdier.

*Stk. 4.* Observation af et ikke frit tilgængeligt sted som nævnt i stk. 1-3, som den, der angiver at være forurettet ved lovovertrædelsen, har rådighed over, er ikke omfattet af reglerne i denne bestemmelse, såfremt den pågældende meddeler skriftligt samtykke til observationen.

*Stk. 5.* Må indgrebet antages at være af væsentlig betydning for efterforskningen, og vedrører efterforskningen en lovovertrædelse, der kan medføre fængsel i 1 år og 6 måneder eller derover, kan politiet foretage teleobservation ved
1) at indhente oplysninger fra udbydere af telenet eller teletjenester vedrørende lokaliseringen af en mobiltelefon, der antages benyttet af en mistænkt, eller
2) på anden måde ved hjælp af en gps eller et andet lignende apparat at registrere
   a) en mistænkts færden eller
   b) en anden persons færden, hvis den pågældende har tilknytning til en mistænkt eller til samme køretøj eller ejendom som en mistænkt el.lign.

*Stk. 6.* Det påhviler udbydere af telenet eller teletjenester at bistå politiet ved gennemførelse af teleobservation, herunder ved at give de i stk. 5, nr. 1, nævnte oplysninger.

*Stk. 7.* Observation må ikke foretages, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og ulempe, som indgrebet må antages at forvolde den eller de personer, som det rammer, ville være et uforholdsmæssigt indgreb.

*Stk. 8.* Reglerne i § 782, stk. 2, §§ 783-785, § 788, stk. 1, § 788, stk. 2, nr. 2, og § 788, stk. 3 og 4, § 789 samt § 791 finder tilsvarende anvendelse på de i stk. 2 og 3 omhandlede tilfælde. Reglerne i §§ 783-785, § 788, stk. 1, § 788, stk. 2, nr. 1, § 788, stk. 3 og 4, samt § 791 finder tilsvarende anvendelse på de i stk. 5 omhandlede tilfælde.

**§ 791 b.** Aflæsning af ikke offentligt tilgængelige oplysninger i et informationssystem ved hjælp af programmer eller andet udstyr (dataaflæsning) kan foretages, såfremt
1) der er bestemte grunde til at antage, at informationssystemet anvendes af en mistænkt i forbindelse med planlagt eller begået kriminalitet som nævnt i nr. 3,
2) indgrebet må antages at være af afgørende betydning for efterforskningen, og
3) efterforskningen angår en lovovertrædelse, som efter loven kan straffes med fængsel i 6 år eller derover eller en forsætlig overtrædelse af straffelovens kapitel 12 eller 13.

*Stk. 2.* Indgreb som nævnt i stk. 1 må ikke foretages, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og ulempe, som indgrebet må antages at forvolde den eller de personer, som det rammer, ville være et uforholdsmæssigt indgreb.

*Stk. 3.* Afgørelse om dataaflæsning træffes af retten ved kendelse. I kendelsen angives det informationssystem, som indgrebet angår. I øvrigt finder reglerne i § 783, stk. 1, 3. og 4. pkt., samt stk. 3 og 4, tilsvarende anvendelse.

*Stk. 4.* Efterfølgende underretning om et foretaget indgreb sker efter reglerne i § 788, stk. 1, 3 og 4. Underretningen gives til den, der har rådigheden over det informationssystem, der har været aflæst efter stk. 1. I øvrigt finder reglerne i § 782, stk. 2, §§ 784, 785, 789 samt 791 tilsvarende anvendelse.

**§ 791 c.** Politiet kan forstyrre eller afbryde radio- eller telekommunikation i et område, hvis der er afgørende grunde til det med henblik på at forebygge, at der i det pågældende område vil blive begået en lovovertrædelse, der efter loven kan straffes med fængsel i 6 år eller derover, eller en forsætlig overtrædelse af straffelovens kapitel 12 eller 13, og som kan medføre fare for menneskers liv eller velfærd eller for betydelige samfundsværdier.

*Stk. 2.* Indgreb som nævnt i stk. 1 må ikke foretages, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og ulempe, som indgrebet må antages at forvolde den eller de personer, som indgrebet rammer, ville være i uforholdsmæssigt indgreb.

*Stk. 3.* Indgreb efter stk. 1 sker efter rettens kendelse. I kendelsen anføres det område, som indgrebet angår, og de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for indgrebet er opfyldt. Kendelsen kan til enhver tid omgøres. Endvidere fastsættes det tidsrum, inden for hvilket indgrebet kan foretages. Tidsrummet kan forlænges. Forlængelsen sker ved kendelse.

*Stk. 4.* Såfremt indgrebets øjemed ville forspildes, dersom retskendelse skulle afventes, kan politiet træffe beslutning om at foretage indgrebet. I så fald skal politiet snarest muligt og senest inden 24 timer fra indgrebets iværksættelse forelægge sagen for retten. Retten afgør ved kendelse, om indgrebet kan godkendes, og om det kan opretholdes, samt i bekræftende fald for hvilket tidsrum, jf. stk. 3, 2. og 4.-6. pkt. Burde indgrebet efter rettens opfattelse ikke have været foretaget, skal retten give meddelelse herom til Justitsministeriet.

*Stk. 5.* I øvrigt finder reglerne i §§ 784 og 785 tilsvarende anvendelse.

**§ 791 d.** Der kan ske blokering af en hjemmeside, hvis der er grund til at antage, at der fra hjemmesiden begås en overtrædelse af straffelovens §§ 114-114 i, 119 eller 119 a.

*Stk. 2.* Afgørelse om blokering af en hjemmeside træffes af retten ved kendelse efter politiets begæring. I kendelsen anføres de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for indgrebet er opfyldt. Kendelsen kan til enhver tid omgøres.

*Stk. 3.* Blokering må ikke foretages, såfremt indgrebet står i misforhold til sagens betydning og den ulempe, som indgrebet må antages at medføre.

*Stk. 4.* Det påhviler udbydere af elektroniske kommunikationsnet og -tjenester og administratorer af internetdomæner at bistå politiet ved gennemførelsen af kendelser efter stk. 2. Afviser udbyderen eller administratoren uden lovlig grund at bistå politiet, finder bestemmelsen i § 178 tilsvarende anvendelse.

*Stk. 5.* Fremsætter den, mod hvem indgrebet retter sig, anmodning herom, skal politiet snarest muligt forelægge sagen

for retten. Retten afgør ved kendelse, om indgrebet skal opretholdes.

## Kapitel 72

### *Legemsindgreb*

**§ 792.** Som led i efterforskningen kan der efter reglerne i dette kapitel foretages legemsindgreb mod sigtede og andre ved

1) besigtigelse af legemets ydre, optagelse af fotografier, aftryk og lignende af legemets ydre samt visitation af det tøj, som den pågældende er iført (legemsbesigtigelse), og

2) nærmere undersøgelse af legemet, herunder af dets hulrum, udtagelse af spyt- eller blodprøver eller andre tilsvarende prøver, røntgenundersøgelse og lignende (legemsundersøgelse).

*Stk. 2.* Legemsindgreb mod anholdte personer kan tillige foretages efter § 758, stk. 1.

**§ 792 a.** Legemsbesigtigelse af en sigtet må kun foretages, såfremt

1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og

2) indgrebet må antages at være af væsentlig betydning for efterforskningen.

*Stk. 2.* Legemsundersøgelse af en sigtet må kun foretages, såfremt

1) der er begrundet mistanke om, at den pågældende har gjort sig skyldig i en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, eller i en overtrædelse af straffelovens § 124, stk. 4, eller § 249, 1. led, og

2) indgrebet må antages at være af afgørende betydning for efterforskningen.

**§ 792 b.** Uden for de tilfælde, der er nævnt i § 792 a, stk. 1, nr. 2, og stk. 2, kan optagelse af fingeraftryk og personfotografi samt udtagelse af spyt- eller blodprøve med henblik på senere identifikation endvidere foretages, hvis den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, eller for en overtrædelse af straffelovens § 235, stk. 2.

*Stk. 2.* Uden for de tilfælde, der er nævnt i § 792 a, stk. 2, nr. 1, kan udtagelse af blodprøver foretages, såfremt der er begrundet mistanke om, at den pågældende har gjort sig skyldig i en lovovertrædelse, i hvis gerningsindhold indtagelse af spiritus eller euforiserende stoffer er et led.

**§ 792 c.** Afgørelse om legemsbesigtigelse af en sigtet og legemsundersøgelse af en sigtet i form af nærmere undersøgelse af legemets ydre, sikring af prøver herfra og udtagelse af spyt- eller blodprøver træffes af politiet.

*Stk. 2.* Afgørelse om andre legemsundersøgelser af en sigtet træffes af retten ved kendelse, jf. dog stk. 5. I kendelsen anføres de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for indgrebet er opfyldt. Kendelsen kan til enhver tid omgøres.

*Stk. 3.* Såfremt indgrebets øjemed ville forspildes, hvis retskendelse skulle afventes, kan politiet træffe beslutning om at foretage indgrebet. I så fald skal politiet snarest muligt og senest inden 24 timer forelægge sagen for retten, der ved kendelse afgør, om indgrebet kan godkendes. Dette gælder dog ikke, såfremt der efter indgrebet meddeles skriftligt samtykke hertil.

*Stk. 4.* Inden retten træffer afgørelse efter stk. 2 eller stk. 3, 2. pkt., skal der være givet den, mod hvem indgrebet retter sig, adgang til at udtale sig. Offentlig forsvarer beskikkes, når sigtede begærer det. Sigtede skal vejledes om adgangen til forsvarerbeskikkelse.

*Stk. 5.* Såfremt den sigtede meddeler skriftligt samtykke til, at indgrebet foretages, kan beslutning om de former for legemsundersøgelse, der er nævnt i stk. 2, også træffes af politiet. Er der beskikket en forsvarer for sigtede, kræves tillige samtykke fra forsvareren.

**§ 792 d.** Legemsindgreb over for en person, der ikke er sigtet, er ikke omfattet af reglerne i dette kapitel, såfremt den pågældende meddeler samtykke til indgrebet. Samtykket skal så vidt muligt være skriftligt. I øvrigt må legemsindgreb over for en person, der ikke er sigtet, kun foretages efter reglerne i stk. 2 og 4.

*Stk. 2.* Legemsbesigtigelse, der ikke kræver afklædning, herunder optagelse af fotografier, aftryk og lignende af legemet og visitation af tøj, kan foretages over for en person, der ikke er sigtet, såfremt

1) efterforskningen vedrører en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, og
2) indgrebet må antages at være af afgørende betydning for efterforskningen.

*Stk. 3.* Afgørelse om legemsbesigtigelse efter stk. 2 træffes af retten ved kendelse. Bestemmelserne i § 792 c, stk. 2, 2. og 3. pkt., samt stk. 3 og stk. 4, 1. pkt., finder tilsvarende anvendelse. I stedet for direkte gennemtvingelse kan de i § 178 nævnte tvangsmidler anvendes til gennemførelse af legemsbesigtigelsen.

*Stk. 4.* Under efterforskning på gerningsstedet i umiddelbar tilknytning til udøvelsen af en alvorlig voldsforbrydelse eller fremsættelse af trussel herom samt i andre efterforskningssituationer, hvor der er begrundet mistanke om, at nogen tilstedeværende på sin person skjuler våben, kan politiet foretage visitation af tøjet hos alle personer, der træffes på stedet, med henblik på at finde våben.

**§ 792 e.** Legemsindgreb må ikke foretages, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og det ubehag, som indgrebet må antages at forvolde, ville være et uforholdsmæssigt indgreb.

*Stk. 2.* Legemsindgreb skal foretages så skånsomt, som omstændighederne tillader. Det skal herved bl.a. så vidt muligt iagttages, at et indgreb, der ellers kan føles krænkende for blufærdigheden, kun foretages af personer af samme køn som den undersøgte eller af sundhedspersonale. Kræver et sådant indgreb afklædning, må det så vidt muligt kun overværes af personer af samme køn som den undersøgte eller af sundhedspersonale.

*Stk. 3.* Legemsundersøgelse, jf. § 792, stk. 1, nr. 2, må kun foretages under medvirken af en læge. Lægen tager stilling til, om indgrebets gennemførelse under hensyn til den hermed forbundne smerte og risiko samt den undersøgte persons tilstand er lægeligt forsvarlig. Lægen kan delegere udtagelse af blodprøve til en medhjælp. Spytprøve i medfør af § 792 b, stk. 1, kan udtages uden medvirken af en læge.

**§ 792 f.** Politiet må ikke opbevare personfotografier med henblik på senere identifikation af personer, der ikke har været sigtet, eller som er frifundet, eller mod hvem påtale er opgivet.

*Stk. 2.* Politiet må ikke opbevare andet materiale og andre oplysninger, der er tilvejebragt ved legemsindgreb, og som vedrører personer, der ikke har været sigtet.

*Stk. 3.* Oplysninger og materiale, der er tilvejebragt ved indgreb, som retten nægter at godkende i medfør af § 792 c, stk. 3, 2. pkt., eller som retten i medfør af § 746, stk. 1, finder uhjemlede, skal straks tilintetgøres.

Kapitel 73

*Ransagning*

**§ 793.** Politiet kan efter reglerne i dette kapitel foretage ransagning af

1) boliger og andre husrum, dokumenter, papirer og lignende samt indholdet af aflåste genstande og
2) andre genstande samt lokaliteter uden for husrum.

*Stk. 2.* Undersøgelser af lokaliteter eller genstande, som er frit tilgængelige for politiet, er ikke omfattet af reglerne i dette kapitel.

*Stk. 3.* Ransagning for at eftersøge en mistænkt, der skal anholdes, eller en person, der skal pågribes med henblik på fuldbyrdelse af en straffedom eller forvandlingsstraffen for bøde, kan tillige finde sted efter §§ 759 og 761. Om undersøgelse af en persons legeme og visitation af det tøj, som den pågældende er iført, gælder reglerne i kapitel 72. Om undersøgelse af breve, telegrammer og lignende under forsendelse gælder reglerne i kapitel 71.

**§ 794.** Ransagning af husrum, andre lokaliteter eller genstande, som en mistænkt har rådighed over, må kun foretages, såfremt

1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og
2) ransagningen må antages at være af væsentlig betydning for efterforskningen.

*Stk. 2.* Ved ransagning af de i § 793, stk. 1, nr. 1, nævnte arter kræves tillige, enten at sagen angår en lovovertrædelse, der efter loven kan medføre fængselsstraf, eller at der er bestemte grunde til at antage, at bevis i sagen eller genstande, der kan beslaglægges, kan findes ved ransagningen.

*Stk. 3.* Findes der under ransagningen hos en mistænkt skriftlige meddelelser eller lignende, som hidrører fra en person, der efter reglerne i § 170 er udelukket fra at afgive forklaring som vidne i sagen, må der ikke foretages ransagning heraf. Det samme gælder materiale, som hidrører fra en person, der er omfattet af § 172, når materialet indeholder

oplysninger, som den pågældende efter § 172 er fritaget for at afgive forklaring om som vidne i sagen.

**§ 795.** Ransagning af husrum, andre lokaliteter eller genstande, som en person, der ikke er mistænkt, har rådighed over, er ikke omfattet af reglerne i dette kapitel, såfremt den pågældende meddeler skriftligt samtykke til ransagningen eller der i tilslutning til opdagelsen eller anmeldelsen af en forbrydelse gives samtykke af den pågældende. I øvrigt må ransagning hos en person, der ikke er mistænkt, kun ske, såfremt
1) efterforskningen vedrører en lovovertrædelse, der efter loven kan medføre fængselsstraf, og
2) der er bestemte grunde til at antage, at bevis i sagen eller genstande, der kan beslaglægges, kan findes ved ransagningen.

*Stk. 2.* Hos personer, som efter reglerne i § 170 er udelukket fra at afgive forklaring som vidne i sagen, er skriftlige meddelelser og lignende mellem den mistænkte og den pågældende person samt dennes notater og lignende vedrørende den mistænkte ikke genstand for ransagning. Hos personer, som er omfattet af § 172, er materiale, der indeholder oplysninger om forhold, som de pågældende efter § 172 er fritaget for at afgive forklaring om som vidne i sagen, ikke genstand for ransagning.

*Stk. 3.* § 189 finder tilsvarende anvendelse. Når ransagningen foretages hos en erhvervsvirksomhed, gælder dette også for andre, der i kraft af deres tilknytning til virksomheden har fået kendskab til sagen.

**§ 796.** Afgørelse om ransagning vedrørende de i § 793, stk. 1, nr. 2, nævnte genstande eller lokaliteter, som en mistænkt har rådighed over, træffes af politiet.

*Stk. 2.* Afgørelse om ransagning i andre tilfælde træffes ved rettens kendelse, jf. dog stk. 5 og 6. I kendelsen anføres de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for indgrebet er opfyldt. Kendelsen kan til enhver tid omgøres.

*Stk. 3.* Såfremt undersøgelsens øjemed ville forspildes, dersom retskendelse skulle afventes, kan politiet træffe beslutning om at foretage ransagningen. Fremsætter den, mod hvis husrum, lokaliteter eller genstande ransagningen retter sig, anmodning herom, skal politiet snarest muligt og senest inden 24 timer forelægge sagen for retten, der ved kendelse afgør, om indgrebet kan godkendes.

*Stk. 4.* Inden retten træffer afgørelse efter stk. 3, 2. pkt., skal der være givet den, mod hvis husrum, lokaliteter eller genstande ransagningen retter sig, adgang til at udtale sig. § 748, stk. 5 og 6, finder tilsvarende anvendelse.

*Stk. 5.* Såfremt ransagningen er rettet imod husrum, lokaliteter eller genstande, som en mistænkt har rådighed over, og denne meddeler skriftligt samtykke til, at ransagningen foretages, kan beslutning om ransagning også træffes af politiet.

*Stk. 6.* Bestemmelse om, at der i tilslutning til opdagelsen eller anmeldelsen af en forbrydelse skal ske ransagning af gerningsstedet, kan uanset bestemmelsen i stk. 2 også træffes af politiet, såfremt den person, der har rådighed over vedkommende husrum, lokalitet eller genstand, ikke er mis-

tænkt og det ikke er muligt straks at komme i kontakt med den pågældende. Der skal i så fald snarest muligt gives den pågældende underretning om ransagningen.

**§ 797.** Ransagning må ikke foretages, såfremt det efter undersøgelsens formål, betydning og den krænkelse og ulempe, som undersøgelsen må antages at forvolde, ville være et uforholdsmæssigt indgreb.

*Stk. 2.* Ved afgørelsen efter stk. 1 skal tillige lægges vægt på, om ransagningen er forbundet med ødelæggelse eller beskadigelse af ting.

**§ 798.** Ransagning skal foretages så skånsomt, som omstændighederne tillader, herunder så vidt muligt uden at forårsage ødelæggelse eller beskadigelse, og uden at indgrebet på grund af tidspunktet for foretagelsen eller den måde, hvorunder det foretages, giver anledning til unødig opsigt.

*Stk. 2.* Såfremt den person, der har rådighed over husrummet, lokaliteten eller genstanden, eller i dennes fravær andre personer træffes til stede, skal de pågældende gøres bekendt med ransagningens foretagelse og grundlaget herfor samt opfordres til at overvære ransagningen. Foretages ransagningen på grundlag af en retskendelse, skal denne på begæring forevises. Foretages ransagningen efter reglen i § 796, stk. 3, skal politiet vejlede den pågældende om adgangen til at få spørgsmålet indbragt for retten. Den person, der har rådighed over husrummet, lokaliteten eller genstanden, kan kræve, at et af den pågældende udpeget vidne er til stede under ransagningen, medmindre tidsmæssige eller efterforskningsmæssige grunde taler herimod. Såfremt ransagningens øjemed gør det påkrævet, herunder hvis der lægges hindringer i vejen for ransagningens gennemførelse, kan politiet bestemme, at de personer, der træffes til stede, fjernes, mens ransagningen foregår.

*Stk. 3.* Træffes der ingen til stede, når en ransagning som omhandlet i § 793, stk. 1, nr. 1, skal foretages, tilkaldes så vidt muligt to husfæller eller andre vidner til at overvære ransagningen. Efter foretagelsen af en ransagning som omhandlet i § 793, stk. 1, nr. 1, underrettes den person, der har rådighed over husrummet eller genstanden, herom og, hvis ransagningen er foretaget efter reglen i § 796, stk. 3, om adgangen til at få spørgsmålet indbragt for retten, eventuelt ved at politiet efterlader en skriftlig meddelelse på stedet.

**§ 799.** Såfremt det er af afgørende betydning for efterforskningen, at ransagningen foretages, uden at den mistænkte eller andre gøres bekendt hermed, kan retten, hvis efterforskningen angår en forsætlig overtrædelse af straffelovens kapitel 12 eller 13 eller en overtrædelse af straffelovens § 125 a, § 180, § 183, stk. 1 og 2, § 183 a, § 186, stk. 1, § 187, stk. 1, § 191, § 192 a, § 192 b, stk. 1-3, § 237, § 262 a, § 286, stk. 1, jf. § 276, § 286, stk. 1, jf. § 276 a, § 288 eller 289, ved kendelse træffe bestemmelse herom og om, at reglerne i § 798, stk. 2, 1.-4. pkt., og stk. 3, fraviges. Dette gælder dog ikke med hensyn til ransagning af husrum, andre lokaliteter eller genstande, som nogen, der efter reglerne i § 170 er udelukket fra eller efter reglerne i § 172 er fritaget for at afgive forklaring som vidne i sagen, har rådighed over.

*Stk. 2.* Reglerne i § 783, stk. 3 og 4, § 784, § 785 og § 788 finder anvendelse på de i stk. 1, 1. pkt., omhandlede tilfælde.

*Stk. 3.* Retten kan bestemme, at der inden for det tidsrum, der efter stk. 2 fastsættes i medfør af § 783, stk. 3, kan foretages gentagne ransagninger. Retten skal i den forbindelse fastsætte antallet af ransagninger. Hvis særlige grunde taler derfor, kan retten bestemme, at der kan foretages et ubestemt antal ransagninger.

**§ 800.** Får politiet ved en ransagning oplysning om en lovovertrædelse, der ikke har dannet og efter reglerne i henholdsvis § 794, stk. 1, nr. 1, og stk. 2, § 795, stk. 1, nr. 1, eller § 799, stk. 1, heller ikke kunne danne grundlag for indgrebet, kan politiet anvende denne oplysning som led i efterforskningen af den pågældende lovovertrædelse, men ikke som bevis i retten vedrørende lovovertrædelsen.

*Stk. 2.* Retten kan bestemme, at stk. 1 ikke finder anvendelse for oplysninger, som politiet har fået ved en ransagning foretaget i medfør af § 799, stk. 1, såfremt
1) andre efterforskningsskridt ikke vil være egnede til at sikre bevis i sagen,
2) sagen angår en lovovertrædelse, der efter loven kan medføre fængsel i 6 år eller derover, og
3) retten i øvrigt finder det ubetænkeligt.

*Stk. 3.* Stk. 1 er ikke til hinder for, at oplysninger, som politiet har fået ved en ransagning, anvendes som bevis i retten i en sag om opløsning af en forening.

Kapitel 74

*Beslaglæggelse og edition*

**§ 801.** Efter reglerne i dette kapitel kan der foretages beslaglæggelse
1) til sikring af bevismidler,
2) til sikring af det offentliges krav på sagsomkostninger, konfiskation og bøde,
3) til sikring af forurettedes krav på tilbagelevering eller erstatning, og
4) når tiltalte har unddraget sagens videre forfølgning.

*Stk. 2.* Genstande, som politiet tager i bevaring, som ingen har eller vedkender sig rådighed over, og hvorover ingen gør en ret gældende, er ikke omfattet af reglerne i dette kapitel.

*Stk. 3.* Om udlevering af breve, telegrammer og lignende under forsendelse samt om oplysning om forbindelse mellem telefoner m.v. gælder reglerne i kapitel 71. Om fratagelse af genstande og penge i forbindelse med anholdelse gælder endvidere bestemmelsen i § 758, stk. 1.

**§ 802.** Genstande, som en mistænkt har rådighed over, kan beslaglægges, såfremt
1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og
2) der er grund til at antage, at genstanden kan tjene som bevis eller bør konfiskeres, jf. dog stk. 2, eller ved lovovertrædelsen er fravendt nogen, som kan kræve den tilbage.

*Stk. 2.* Gods, som en mistænkt ejer, kan beslaglægges, såfremt
1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og
2) beslaglæggelse anses for nødvendig for at sikre det offentliges krav på sagsomkostninger, krav på konfiskation efter straffelovens § 75, stk. 1, 1. pkt., 2. led, og 2. pkt., og stk. 3, § 76 a, stk. 5, og § 77 a, 2. pkt., bødekrav eller forurettedes krav på erstatning i sagen.

*Stk. 3.* Beslaglæggelse af en mistænkts hele formue eller en del af denne, herunder formue, som den mistænkte senere måtte erhverve, kan foretages, såfremt
1) tiltale er rejst for en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, og
2) tiltalte har unddraget sig videre forfølgning i sagen.

*Stk. 4.* Skriftlige meddelelser eller lignende, som hidrører fra en person, der efter reglerne i § 170 er udelukket fra at afgive forklaring som vidne i sagen, kan ikke beslaglægges hos en mistænkt. Det samme gælder materiale, som hidrører fra en person, der er omfattet af § 172, når materialet indeholder oplysninger, som den pågældende efter § 172 er fritaget for at afgive forklaring om som vidne i sagen.

**§ 803.** Genstande, som en person, der ikke er mistænkt, har rådighed over, kan beslaglægges som led i efterforskningen af en lovovertrædelse, der er undergivet offentlig påtale, hvis der er grund til at antage, at genstanden kan tjene som bevis, bør konfiskeres eller ved lovovertrædelsen er fravendt nogen, som kan kræve den tilbage. Andre formueegoder, herunder penge, som en person, der ikke er mistænkt, har rådighed over, kan beslaglægges som led i efterforskningen af en lovovertrædelse, der er undergivet offentlig påtale, hvis der er grund til at antage, at disse formueegoder bør konfiskeres. § 189 finder tilsvarende anvendelse.

*Stk. 2.* Hos personer, som efter reglerne i § 170 er udelukket fra at afgive forklaring som vidne i sagen, er skriftlige meddelelser mellem den mistænkte og den pågældende person samt dennes notater og lignende vedrørende den mistænkte ikke genstand for beslaglæggelse. Hos personer, som er omfattet af § 172, er materiale, der indeholder oplysninger om forhold, som de pågældende efter § 172 er fritaget for at afgive forklaring om som vidne i sagen, ikke genstand for beslaglæggelse.

**§ 803 a.** En forenings formue og øvrige ejendele kan beslaglægges, hvis foreningen foreløbig forbydes af regeringen.

**§ 804.** Som led i efterforskningen af en lovovertrædelse, der er undergivet offentlig påtale, eller krænkelse som nævnt i § 2, stk. 1, nr. 1, i lov om tilhold, opholdsforbud og bortvisning kan der meddeles en person, der ikke er mistænkt, pålæg om at forevise eller udlevere genstande (edition), hvis der er grund til at antage, at en genstand, som den pågældende har rådighed over, kan tjene som bevis, bør konfiskeres eller ved lovovertrædelsen er fravendt nogen, som kan kræve den tilbage. Når pålæg meddeles en erhvervsvirksomhed, finder § 189 tilsvarende anvendelse for

andre, der i kraft af deres tilknytning til virksomheden har fået kendskab til sagen.

*Stk. 2.* Er en genstand udleveret til politiet efter pålæg om edition, finder reglerne om beslaglæggelse efter § 803, stk. 1, tilsvarende anvendelse.

*Stk. 3.* Er en genstand uden pålæg herom afleveret til politiet af de i stk. 1 nævnte grunde, finder § 807, stk. 5, anvendelse. Fremsættes der begæring om udlevering, og imødekommer politiet ikke begæringen, skal politiet snarest muligt og inden 24 timer forelægge sagen for retten med anmodning om beslaglæggelse. § 806, stk. 4, 2. pkt., og stk. 7, 1. pkt., finder i så fald anvendelse.

*Stk. 4.* Der kan ikke meddeles pålæg om edition, såfremt der derved vil fremkomme oplysning om forhold, som den pågældende ville være udelukket fra eller fritaget for at afgive forklaring om som vidne, jf. §§ 169-172.

*Stk. 5.* Justitsministeren kan fastsætte regler om økonomisk godtgørelse i særlige tilfælde for udgifter i forbindelse med opfyldelse af pålæg om edition.

**§ 805.** Beslaglæggelse må ikke foretages, og pålæg om edition må ikke meddeles, såfremt indgrebet står i misforhold til sagens betydning og det tab eller den ulempe, som indgrebet kan antages at medføre.

*Stk. 2.* Kan indgrebets øjemed opnås ved mindre indgribende foranstaltninger, herunder sikkerhedsstillelse, kan der med den, mod hvem indgrebet retter sig, træffes skriftlig aftale herom.

*Stk. 3.* Ved beslaglæggelse til sikkerhed for det offentliges krav på sagsomkostninger, krav på konfiskation efter straffelovens § 75, stk. 1, 1. pkt., 2. led, og 2. pkt., og stk. 3, § 76 a, stk. 5, og § 77 a, 2. pkt., bødekrav eller forurettedes krav på erstatning finder reglerne i §§ 509-516 tilsvarende anvendelse.

**§ 806.** Afgørelse om beslaglæggelse og om pålæg om edition træffes efter politiets begæring. Begæring om beslaglæggelse til sikring af erstatningskrav kan tillige fremsættes af forurettede.

*Stk. 2.* Afgørelsen træffes af retten ved kendelse, jf. dog stk. 9. I kendelsen anføres de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for indgrebet er opfyldt. Kendelsen kan til enhver tid omgøres.

*Stk. 3.* Retten kan efter politiets begæring i en kendelse om edition bestemme, at politiet fra virksomheder og personer, der er omfattet af § 1 i lov om forebyggende foranstaltninger mod hvidvask af udbytte og finansiering af terrorisme, kan indhente oplysninger, som de pågældende har rådighed over, om transaktioner på en konto, hvortil der er overført midler ved en transaktion, som er omfattet af kendelsen om edition, eller ved en transaktion, der udspringer af en transaktion, som er omfattet af kendelsen om edition. I kendelsen fastsættes det tidsrum, inden for hvilket indhentelse af oplysninger kan ske. Dette tidsrum skal være så kort som muligt og må ikke overstige 4 uger. Tidsrummet kan forlænges, men højst med 4 uger ad gangen. Forlængelsen sker ved kendelse. Politiet skal snarest muligt efter udløbet af det tidsrum, inden for hvilket indhentelse af oplysninger kan ske, underrette retten om de transaktioner, som politiet

har indhentet oplysninger om. Underretningen skal indeholde en angivelse af de bestemte grunde, der er til at antage, at transaktionerne udspringer af en transaktion, som er omfattet af kendelsen om edition.

*Stk. 4.* Såfremt indgrebets øjemed ville forspildes, hvis retskendelse skulle afventes, kan politiet træffe beslutning om beslaglæggelse og om edition, jf. dog stk. 6. Fremsætter den, mod hvem indgrebet retter sig, anmodning herom, skal politiet snarest muligt og senest inden 24 timer forelægge sagen for retten, der ved kendelse afgør, om indgrebet kan godkendes.

*Stk. 5.* Politiet kan træffe beslutning om beslaglæggelse efter § 803 a. Stk. 4, 2. pkt., finder tilsvarende anvendelse.

*Stk. 6.* Beslaglæggelse efter § 802, stk. 3, kan kun ske efter retskendelse. Det samme gælder beslaglæggelse af trykte skrifter eller lyd- eller billedprogrammer omfattet af medieansvarsloven, i anledning af hvis indhold ansvar skal gøres gældende.

*Stk. 7.* Inden retten træffer afgørelse efter stk. 4, 2. pkt., skal der være givet den, mod hvem indgrebet retter sig, adgang til at udtale sig. § 748, stk. 5 og 6, finder tilsvarende anvendelse.

*Stk. 8.* Inden retten træffer afgørelse om pålæg om edition efter § 804, skal der være givet den, der har rådighed over genstanden, adgang til at udtale sig. § 748, stk. 5 og 6, finder tilsvarende anvendelse. Bestemmelsen i 1. pkt. finder ikke anvendelse, hvis rettens afgørelse skal danne grundlag for en international retsanmodning om edition.

*Stk. 9.* Afgørelse om beslaglæggelse træffes af politiet, såfremt den, som indgrebet retter sig imod, meddeler skriftligt samtykke til indgrebet.

**§ 807.** Politiet iværksætter beslaglæggelse. Foretages beslaglæggelse på grundlag af en retskendelse, skal denne på begæring forevises for den, som indgrebet retter sig imod. Foretages beslaglæggelsen efter reglen i § 806, stk. 4 eller 5, skal politiet vejlede den pågældende om adgangen til at få spørgsmålet indbragt for retten.

*Stk. 2.* Politiet foranlediger ved henvendelse til den, som indgrebet retter sig imod, at en kendelse om edition opfyldes. Rettens kendelse skal på begæring forevises for den pågældende. Afviser den pågældende uden lovlig grund at efterkomme pålægget, finder bestemmelsen i § 178 tilsvarende anvendelse.

*Stk. 3.* Beslægges materiale hos personer, der er omfattet af § 172, kan den pågældende kræve, at det første gennemsyn af materialet skal foretages af retten. § 806, stk. 7, 1. pkt., finder tilsvarende anvendelse ved rettens gennemsyn. Indtil det første gennemsyn kan ske, opbevares materialet af politiet.

*Stk. 4.* Har retten afsagt kendelse om beslaglæggelse af en formue eller en del af en formue, jf. § 802, stk. 3, skal politiet sørge for, at der beskikkes en værge til at bestyre den beslaglagte formue. Politiet lader kendelsen om beslaglæggelse tinglyse efter reglerne i tinglysningslovens § 48. Kendelsen forkyndes for tiltalte efter reglerne i § 159.

*Stk. 5.* Genstande, som kommer i politiets besiddelse som følge af beslaglæggelse eller pålæg om udlevering, skal sna-

rest muligt optegnes og mærkes. Politiet skal på begæring udstede kvittering for modtagelsen.

**§ 807 a.** Samme beføjelser til beslaglæggelse som politiet, jf. § 806, stk. 4, har enhver, der træffer nogen under eller i umiddelbar tilknytning til udøvelsen af et strafbart forhold. Det beslaglagte skal snarest muligt overgives til politiet med oplysning om tidspunktet og grundlaget for beslaglæggelsen. Politiet forelægger sagen for retten i overensstemmelse med § 806, stk. 4, 2. pkt., medmindre det beslaglagte inden udløbet af 24 timer udleveres til den, mod hvem indgrebet er foretaget, eller denne meddeler skriftligt samtykke til beslaglæggelse i overensstemmelse med § 806, stk. 9.

**§ 807 b.** Beslaglæggelse efter § 802, stk. 1, og § 803, stk. 1, 1. pkt., medfører, at der hverken ved aftale eller kreditorforfølgning kan foretages dispositioner over det beslaglagte, som er i strid med indgrebets formål.

*Stk. 2.* Beslaglæggelse efter § 802, stk. 2, og § 803, stk. 1, 2. pkt., har, indtil der træffes afgørelse efter § 807 d, stk. 2 og 3, samme retsvirkning som arrest, jf. kapitel 56.

*Stk. 3.* Beslaglæggelse efter § 802, stk. 3, medfører, at tiltalte er uberettiget til at råde over formuen. Kreditorforfølgning kan alene foretages med hensyn til krav mod tiltalte, som bestod, før kendelsen om beslaglæggelse blev afsagt. 1. og 2. pkt. gælder også ved beslaglæggelse efter § 803 a.

**§ 807 c.** Indtil sagens afgørelse kan begæring om hel eller delvis ophævelse af beslaglæggelse fremsættes over for retten af den, der har interesse heri. Rettens afgørelse træffes ved kendelse, efter at de, som har interesse i afgørelsen, har haft adgang til at udtale sig.

**§ 807 d.** Rådighedsberøvelse som følge af beslaglæggelse efter § 802, stk. 1, § 803, stk. 1, 1. pkt., og § 803 a bortfalder senest, når sagen er endeligt sluttet ved dom, påtaleopgivelse eller tiltalefrafald, medmindre det beslaglagte konfiskeres. Er der tvist om, til hvem tilbagelevering skal ske, kan retten efter begæring træffe bestemmelse om, til hvem beslaglagte genstande skal udleveres. Afgørelsen træffes ved kendelse.

*Stk. 2.* Gods, der er beslaglagt efter § 802, stk. 2, og § 803, stk. 1, 2. pkt., eller sikkerhed, der er stillet efter § 805, stk. 2, anvendes først til fyldestgørelse af forurettedes krav på erstatning, dernæst det offentliges krav på sagsomkostninger, dernæst krav på konfiskation efter straffelovens § 75, stk. 1, 1. pkt., 2. led, og 2. pkt., og stk. 3, § 76 a, stk. 5, og § 77 a, 2. pkt., og dernæst bødekrav. Retten kan undtagelsesvis træffe bestemmelse om en afvigende rækkefølge for fyldestgørelse.

*Stk. 3.* Afgørelse om anvendelse af beslaglagt gods til fyldestgørelse af de i stk. 2 nævnte krav træffes efter begæring ved kendelse. Det samme gælder, hvis der efterfølgende opstår spørgsmål med hensyn til kendelsens fortolkning. Afgørelsen har retsvirkning som udlæg, jf. § 526, stk. 2. Sluttes sagen ved påtaleopgivelse eller frifindelse, bortfalder beslaglæggelsen.

*Stk. 4.* Nægter retten forfølgning af et erstatningskrav under straffesagen, jf. § 991, stk. 4, og § 992, stk. 1, kan retten i forbindelse hermed bestemme, at en beslaglæggelse til

sikring af dette krav bevarer sin gyldighed, jf. § 807 b, stk. 2, indtil erstatningsspørgsmålet er afgjort, forudsat at der inden 4 uger anlægges sag i den borgerlige retsplejes former eller indgives ansøgning i henhold til lov om erstatning fra staten til ofre for forbrydelser. Fastsættes der herefter et erstatningskrav, kan den ret, der har afsagt dom i straffesagen, efter begæring af forurettede bestemme, at erstatningskravet helt eller delvis skal fyldestgøres af provenuet fra det beslaglagte gods, herunder at fyldestgørelse skal ske forud for det offentliges krav på sagsomkostninger, krav på konfiskation og bødekrav. Denne afgørelse har retsvirkning som udlæg, jf. § 526, stk. 2. Sagen behandles i strafferetsplejens former.

*Stk. 5.* Beslaglæggelse efter § 802, stk. 3, bortfalder, når tiltalte ikke længere unddrager sig forfølgning, medmindre der er bestemte grunde til at antage, at tiltalte på ny vil unddrage sig forfølgningen. Afgørelse om beslaglæggelsens bortfald træffes af retten ved kendelse.

**§ 807 e.** Hvis det er af afgørende betydning for efterforskningen, at der foretages beslaglæggelse, uden at den mistænkte eller andre gøres bekendt hermed, kan retten ved kendelse træffe bestemmelse herom og om, at reglerne i § 807, stk. 1, 2. og 3. pkt., fraviges.

*Stk. 2.* Reglerne i § 783, stk. 3 og 4, § 784, § 785 og § 788 finder tilsvarende anvendelse på de i stk. 1 omhandlede tilfælde.

**§ 807 f.** Beløb, som en person har til gode hos en virksomhed, der er omfattet af § 1 i lov om forebyggende foranstaltninger mod hvidvask af udbytte og finansiering af terrorisme, kan beslaglægges midlertidigt som led i efterforskningen af en lovovertrædelse, der er undergivet offentlig påtale, hvis der er grund til at antage, at beløbet har tilknytning til hvidvask eller finansiering af terrorisme, og midlertidig beslaglæggelse anses for nødvendig for at sikre krav på konfiskation. § 805, stk. 1 og 2, finder tilsvarende anvendelse.

*Stk. 2.* Afgørelse om midlertidig beslaglæggelse træffes af politiet. § 806, stk. 4, 2. pkt., finder tilsvarende anvendelse.

*Stk. 3.* Politiet iværksætter midlertidig beslaglæggelse. Politiet skal snarest muligt og senest inden 24 timer underrette og vejlede den, som indgrebet retter sig mod, om adgangen til at få spørgsmålet indbragt for retten, medmindre politiet inden samme frist indgiver anmodning som nævnt i stk. 4.

*Stk. 4.* Hvis det er af afgørende betydning for efterforskningen, at der foretages midlertidig beslaglæggelse, uden at den, som indgrebet retter sig mod, eller andre gøres bekendt hermed, kan retten ved kendelse træffe bestemmelse herom. §§ 784, 785 og 788 finder tilsvarende anvendelse.

*Stk. 5.* § 807 b, stk. 1, finder tilsvarende anvendelse på midlertidig beslaglæggelse.

*Stk. 6.* Midlertidig beslaglæggelse bortfalder senest efter 1 uge.

## Kapitel 75

### Personundersøgelser

**§ 808.** Der skal tilvejebringes sådanne oplysninger om sigtedes personlige forhold, som må antages at være af betydning for sagens afgørelse vedrørende straffastsættelse eller anvendelse af anden retsfølge end straf.

*Stk. 2.* En nærmere undersøgelse vedrørende sigtedes personlige forhold, herunder navnlig hans tidligere og nuværende forhold i hjem, skole og arbejde samt hans legemlige og åndelige tilstand, skal i almindelighed foretages, når der kan blive spørgsmål om anvendelse af

1) betinget dom i henhold til straffelovens kapitel 7 eller 8,
2) tiltalefrafald på anden vilkår end vedtagelse af bøde og betaling af erstatning,
3) retsfølger, der træder i stedet for straf.

*Stk. 3.* Justitsministeren fastsætter regler om, i hvilke sager der i øvrigt skal foretages undersøgelser af den i stk. 2 omhandlede beskaffenhed.

**§ 808 a.** Politiet og anklagemyndigheden kan få terminaladgang til de nødvendige oplysninger i indkomstregisteret til brug for behandling af straffesager.

**§ 809.** Sigtede skal underkastes mentalundersøgelse, når dette findes at være af betydning for sagens afgørelse. Hvis han ikke udtrykkeligt samtykker i undersøgelsen, kan denne kun finde sted efter retskendelse. Er sigtede udeblevet fra et retsmøde trods lovlig indkaldelse og uden oplyst lovligt forfald, kan retten uden sigtedes tilstedeværelse bestemme, at sigtede skal underkastes mentalundersøgelse. Det skal fremgå af indkaldelsen til retsmødet, at udeblivelse uden oplyst lovligt forfald kan medføre, at retten træffer bestemmelse om mentalundersøgelse. Er sigtede fængslet, kan han ikke mentalundersøges uden rettens bestemmelse.

*Stk. 2.* Findes det påkrævet, at sigtede indlægges til mentalundersøgelse på hospital for sindslidende, i institution for personer med vidtgående psykiske handicap eller i anden egnet institution, træffer retten ved kendelse bestemmelse herom.

**§ 810.** Såfremt sigtede ikke samtykker i, at der søges tilvejebragt oplysninger om hans personlige forhold ved henvendelse til hans pårørende eller andre privatpersoner, kan dette kun ske, hvis retten finder det af væsentlig betydning for sagens afgørelse og ved kendelse træffer bestemmelse herom.

**§ 811.** Justitsministeren fastsætter nærmere regler om foretagelsen af personundersøgelser.

*Stk. 2.* Justitsministeren kan efter forhandling med social- og indenrigsministeren og sundheds- og ældreministeren fastsætte regler om meddelelse af tilladelse til udgang m.v. til personer, der er indlagt på hospital for sindslidende m.v. i medfør af § 809, stk. 2, når der ikke i øvrigt er taget stilling hertil. Justitsministeren kan i den forbindelse fastsætte, at afgørelser, der træffes i medfør af disse regler, ikke kan indbringes for højere administrativ myndighed.

*Stk. 3.* Justitsministeren kan fastsætte regler om anvendelse af magt og sikringsmidler over for personer, der er indlagt på et hospital for sindslidende m.v. i medfør af § 809, stk. 2, i forbindelse med transport, der forestås af kriminalforsorgens personale. Justitsministeren kan endvidere fastsætte regler om undersøgelse uden retskendelse af personer, der er indlagt på et hospital for sindslidende m.v. i medfør af § 809, stk. 2, i forbindelse med transport, der forestås af kriminalforsorgens personale.

## Kapitel 75 a

### Andre efterforskningsskridt

**§ 812.** Fotografier af en mistænkt må kun forevises for personer uden for politiet, såfremt

1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og
2) indgrebet må antages at være af væsentlig betydning for efterforskningen.

*Stk. 2.* Afgørelse om forevisning af fotografier træffes af politiet.

**§ 813.** Fotografier af en person, der ikke er mistænkt, må kun forevises for personer uden for politiet efter reglerne i § 814 eller § 815.

**§ 814.** Forevisning af fotografier af forurettede og andre vidner, der ikke har samtykket, så vidt muligt skriftligt, i forevisningen, må kun ske, såfremt

1) efterforskningen angår en forbrydelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, og
2) indgrebet må antages at være af afgørende betydning for efterforskningen.

*Stk. 2.* Afgørelse om forevisning af fotografier træffes af retten ved kendelse. I kendelsen anføres de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for indgrebet er opfyldt. Kendelsen kan til enhver tid omgøres.

*Stk. 3.* Såfremt indgrebets øjemed ville forspildes, dersom retskendelse skulle afventes, kan politiet træffe beslutning om at forevise fotografiet. Fremsætter den, mod hvem indgrebet retter sig, anmodning herom, skal politiet snarest muligt og senest inden 24 timer forelægge sagen for retten, der ved kendelse afgør, om indgrebet kan godkendes. Politiet skal vejlede den pågældende om adgangen til at få spørgsmålet indbragt for retten.

*Stk. 4.* Inden retten træffer afgørelse efter stk. 2 eller 3, skal der være givet den, mod hvem indgrebet retter sig, adgang til at udtale sig.

**§ 815.** Forevisning af fotografier, som opbevares af politiet med henblik på senere identifikation, jf. § 792 f, må uden for de tilfælde, der er omfattet af § 812 eller § 814, kun ske, såfremt efterforskningen angår en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, og den fotograferede

1) inden for de seneste 5 år er fundet skyldig i en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, eller

2) inden for de seneste 10 år er fundet skyldig i en lovovertrædelse, der efter loven kan medføre fængsel i 6 år eller derover.

*Stk. 2.* Afgørelse om forevisning af fotografier træffes af politiet.

**§ 816.** Forevisning af fotografier som nævnt i §§ 812-815 må ikke ske, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og ulempe, som indgrebet må antages at forvolde den, som det rammer, ville være et uforholdsmæssigt indgreb.

*Stk. 2.* Justitsministeren fastsætter nærmere regler om fremgangsmåden ved forevisning af fotografier.

**§ 817.** Forevisning af en mistænkt for personer uden for politiet (direkte konfrontation) må kun foretages, såfremt
1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og
2) indgrebet må antages at være af væsentlig betydning for efterforskningen.

*Stk. 2.* Forevisning af en sigtet i en konfrontationsparade for personer uden for politiet må dog kun foretages, såfremt den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover.

*Stk. 3.* Forevisning af en mistænkt ved direkte konfrontation eller af en sigtet i en konfrontationsparade kan ske uden for de tilfælde, der er omfattet af stk. 1 og 2, såfremt den pågældende giver samtykke hertil. Samtykket skal så vidt muligt være skriftligt.

*Stk. 4.* Forevisning af en mistænkt ved direkte konfrontation eller af en sigtet i en konfrontationsparade må ikke ske, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og ulempe, som indgrebet må antages at forvolde den, som det rammer, ville være et uforholdsmæssigt indgreb.

*Stk. 5.* Afgørelser om forevisning af en mistænkt eller sigtet som nævnt i stk. 1-3 træffes af politiet.

*Stk. 6.* Justitsministeren fastsætter nærmere regler om fremgangsmåden ved gennemførelse af konfrontationsparade.

**§ 818.** Politiet må kun offentliggøre signalement eller andre oplysninger, der er egnede til at fastlægge identiteten af en formodet gerningsmand, såfremt
1) den pågældende med rimelig grund er mistænkt for en lovovertrædelse, der er undergivet offentlig påtale, og
2) offentliggørelsen må antages at være af væsentlig betydning for efterforskningen, herunder for fastlæggelsen af den pågældendes identitet, eller for at forebygge yderligere lovovertrædelser.

*Stk. 2.* Offentliggørelse af et fotografi af den formodede gerningsmand må kun finde sted, såfremt der er begrundet mistanke om, at den pågældende har begået en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover.

*Stk. 3.* Offentliggørelse som nævnt i stk. 1 og 2 må dog ikke foretages, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og ulempe, som indgrebet må

antages at forvolde den, som det rammer, ville være et uforholdsmæssigt indgreb.

*Stk. 4.* Afgørelse om offentliggørelse som nævnt i stk. 1 og 2 træffes af politiet.

**§ 819.** Er der særligt bestyrket mistanke om, at en person, hvis identitet er politiet bekendt, har begået en lovovertrædelse, der efter loven kan medføre fængsel i 1 år og 6 måneder eller derover, kan politiet efterlyse den pågældende gennem presse, radio, fjernsyn eller ved anden form for offentlig efterlysning, såfremt dette må antages at være af afgørende betydning for strafforfølgningens gennemførelse eller for at forebygge yderligere lovovertrædelser af tilsvarende grovhed.

*Stk. 2.* Ved efterlysning som nævnt i stk. 1 kan der gives oplysninger om den påsigtede kriminalitet og om den sigtedes identitet, herunder navn, stilling og bopæl. Ved efterlysningen kan der tillige ske offentliggørelse af et fotografi af den pågældende.

*Stk. 3.* Efterlysning må ikke foretages, såfremt det efter indgrebets formål, sagens betydning og den krænkelse og ulempe, som indgrebet må antages at forvolde den, som det rammer, ville være et uforholdsmæssigt indgreb.

*Stk. 4.* Afgørelse om efterlysning træffes af politiet.

**§§ 820-821.** (Ophævet)

Kapitel 75 b

*Indgreb over for personer under 15 år*

**§ 821 a.** Politiet kan tilbageholde en mistænkt person under 15 år, hvis betingelserne i § 755, stk. 1, er opfyldt og tilbageholdelsens øjemed ikke kan opnås ved anvendelse af mindre indgribende foranstaltninger. § 755, stk. 2-5, samt § 758, stk. 1, og § 759 finder tilsvarende anvendelse.

*Stk. 2.* Politiet skal snarest muligt gøre den tilbageholdte bekendt med mistanken og tidspunktet for tilbageholdelsen. Af rapporten skal fremgå, at denne regel er iagttaget.

*Stk. 3.* Tilbageholdelsen skal foretages så skånsomt som muligt. Anbringelse må ikke ske i arresthus. Anbringelse i venterum, detentionslokale eller lignende må kun ske, når det er nødvendigt af sikkerhedsmæssige grunde, eller når det undtagelsesvis er påkrævet af hensyn til efterforskningen og anden anbringelse ikke er mulig.

*Stk. 4.* Tilbageholdelsen skal være så kortvarig som mulig. Tilbageholdelsen må kun udstrækkes ud over 6 timer, når væsentlige hensyn til efterforskningen gør dette påkrævet, og må i intet tilfælde udstrækkes ud over 24 timer. Anbringelse i venterum, detentionslokale eller lignende må dog i intet tilfælde udstrækkes ud over 6 timer. Tidspunktet for tilbageholdelsen og løsladelsen skal fremgå af rapporten.

**§ 821 b.** Indgreb, som efter denne lovs kapitel 71 om indgreb i meddelelseshemmeligheden, observation og dataaflæsning, kapitel 72 om legemsindgreb, kapitel 73 om ransagning, kapitel 74 om beslaglæggelse og edition og kapitel 75 a om andre efterforskningsskridt kan foretages mod personer, der er sigtede eller mistænkte, finder tilsvarende anvendelse over for mistænkte personer under 15 år. Dette gælder dog ikke med hensyn til optagelse af fingeraftryk og

personfotografi samt udtagelse af spyt- eller blodprøve med henblik på senere identifikation, jf. § 792 b, stk. 1. Politiet må endvidere ikke opbevare personfotografi, fingeraftryk eller andet materiale og andre oplysninger, der er tilvejebragt ved legemsindgreb, og som vedrører mistænkte personer under 15 år, med henblik på senere identifikation.

*Stk. 2.* Indgreb, som efter denne lovs kapitel 71 om indgreb i meddelelseshemmeligheden, observation og dataaflæsning, kapitel 72 om legemsindgreb, kapitel 73 om ransagning, kapitel 74 om beslaglæggelse og edition og kapitel 75 a om andre efterforskningsskridt kan foretages mod personer, der ikke er sigtede eller mistænkte, finder tilsvarende anvendelse over for personer under 15 år.

*Stk. 3.* Hvis foretagelsen af et indgreb som nævnt i stk. 1 og 2 er betinget af, at den pågældende meddeler samtykke til indgrebet, skal indehaveren af forældremyndigheden samtykke i indgrebets foretagelse.

**§ 821 c.** Ved vurderingen af, om tilbageholdelse eller andre straffeprocessuelle indgreb over for personer under 15 år ville være et uforholdsmæssigt indgreb, skal der lægges vægt på den særlige belastning, som indgrebet på grund af den pågældendes unge alder må antages at indebære.

**§ 821 d.** Når en mistænkt person under 15 år tilbageholdes, skal politiet snarest muligt underrette kommunalbestyrelsen med henblik på, at en repræsentant fra kommunalbestyrelsen kommer til stede. Det samme gælder, når afhøring skal ske og mistanken angår en overtrædelse af strafferloven eller et forhold, der efter anden lov kan medføre fængselsstraf. En repræsentant fra kommunalbestyrelsen skal så vidt muligt have adgang til at overvære afhøringer, der foretages af politiet.

*Stk. 2.* Underretning efter stk. 1 om tilbageholdelse kan undlades, hvis tilbageholdelsen har været af ganske kort varighed. Underretning efter stk. 1 om afhøring kan undlades, hvis afhøringen foretages i direkte forbindelse med, at mistænkte af politiet træffes under eller i umiddelbar tilknytning til udøvelsen af et strafbart forhold, der i almindelighed alene ville medføre straf af bøde. Giver politiets oplysninger grundlag for at antage, at barnet kan have behov for særlig støtte, skal underretning dog altid gives.

*Stk. 3.* Politiet skal snarest muligt underrette indehaveren af forældremyndigheden over den pågældende om tilbageholdelsen eller afhøringen. Indehaveren af forældremyndigheden skal så vidt muligt have adgang til at overvære afhøringen. Underretning om tilbageholdelsen eller afhøringen kan dog udsættes og adgang til at overvære afhøringen nægtes, hvis dette er påkrævet af hensyn til efterforskningen eller må antages at stride mod væsentlige hensyn til barnet. Nægtes indehaveren af forældremyndigheden adgang til at overvære en afhøring, skal politiet snarest muligt underrette kommunalbestyrelsen herom med henblik på, at en repræsentant fra kommunalbestyrelsen kommer til stede.

**§ 821 e.** Efter anmodning fra forældremyndighedens indehaver eller fra politiet kan der beskikkes en advokat for en person under 15 år, når den pågældende efter sagens karak-

ter og omfang må antages at have et ganske særligt behov for advokatbistand og
1) den pågældende skal afhøres i anledning af mistanke om en lovovertrædelse, der i almindelighed ville medføre fængselsstraf, eller
2) der skal iværksættes et indgreb, som efter lovens almindelige regler forudsætter, at der er rejst sigtelse mod den pågældende.

*Stk. 2.* I de tilfælde, der er nævnt i § 792 c, stk. 4, skal der beskikkes advokat efter anmodning.

**§ 821 f.** Er der beskikket advokat for en person under 15 år i medfør af § 821 e, finder reglerne i § 729 a, stk. 2-4, og §§ 729 c og 745 c-748 anvendelse med hensyn til den beskikkede advokat.

*Stk. 2.* Om beskikkelse af advokat for mistænkte personer under 15 år gælder de samme regler som ved beskikkelse af forsvarer, jf. § 735.

**§ 821 g.** For mistænkte personer under 15 år uden en beskikket advokat finder reglerne i §§ 729 b og 729 d tilsvarende anvendelse.

**§§ 822-830.** (Ophævet)

## Tredje afsnit.

### Tiltale og hovedforhandling i 1. instans

#### Kapitel 76

*Tilståelsessager*

**§ 831.** Afgiver sigtede i et retsmøde efter § 694, stk. 3, en uforbeholden tilståelse i en straffesag, hvor lægdommere ellers skulle have medvirket, kan sagen straks fremmes til dom, uden at der udarbejdes anklageskrift, hvis
1) tilståelsens rigtighed bestyrkes ved de i øvrigt foreliggende oplysninger,
2) sigtede og anklageren giver samtykke,
3) retten ikke finder det betænkeligt at afgøre sagen uden hovedforhandling og
4) der ikke bliver spørgsmål om anvendelse af straffelovens §§ 68, 69, 70 eller 73.

*Stk. 2.* Inden retten afsiger dom, skal sigtede gøres bekendt med det forhold, tiltalen angår, og have lejlighed til at udtale sig. Er der behov for at skaffe yderligere oplysninger i sagen, sker dette efter reglerne i kapitel 67 og 68, og sigtede skal have lejlighed til at udtale sig om disse oplysninger.

*Stk. 3.* Er sigtede anholdt eller varetægtsfængslet under retsmødet, skal den forsvarer, der er beskikket efter § 731, stk. 1, litra a, have lejlighed til at gøre sig bekendt med sagen, drøfte den med sigtede og udtale sig over for retten, inden sigtede giver samtykke efter stk. 1, nr. 2. Forsvareren skal være til stede i retten, når sigtede giver sit samtykke.

*Stk. 4.* Er sigtede ikke anholdt eller varetægtsfængslet under retsmødet, skal sigtede tilbydes at få beskikket en forsvarer, inden sigtede giver samtykke efter stk. 1, nr. 2. Hvis der efter sigtedes ønske beskikkes en forsvarer, finder stk. 3 tilsvarende anvendelse.

*Stk. 5.* Afsigelse og forkyndelse af dom sker efter de regler, som gælder for andre domme, der afsiges af byretten i straffesager.

*Stk. 6.* En sag, der er omfattet af § 684, stk. 1, nr. 2, kan ikke behandles som tilståelsessag.

*Stk. 7.* Oplysning om det forhold, som den pågældende tiltales for, og om, at sigtede og anklagemyndigheden har samtykket i, at sagen fremmes som tilståelsessag, skal tilføres retsbogen. Hvis sigtede ikke ønsker at få beskikket en forsvarer, jf. stk. 4, skal dette også tilføres retsbogen.

*Stk. 8.* Retten kan tillade, at sigtede deltager i et retsmøde efter stk. 1 ved anvendelse af telekommunikation med billede, hvis sigtedes tilstedeværelse i retten ikke er nødvendig og der alene bliver spørgsmål om bøde eller fængsel indtil 1 år, konfiskation, rettighedsfrakendelse, tvangsbøder eller erstatning. Reglen i § 192 finder tilsvarende anvendelse. En eventuel forsvarer skal deltage i retsmødet på samme sted som sigtede, medmindre retten finder det ubetænkeligt, at forsvareren i stedet møder frem i retten.

**§ 832.** I sager om lovovertrædelser, der ikke skønnes at ville medføre højere straf end bøde, kan anklagemyndigheden i et bødeforelæg tilkendegive sigtede, at sagen kan afgøres uden retssag, hvis sigtede erklærer sig skyldig i overtrædelsen og erklærer sig rede til inden en nærmere angiven frist at betale en i bødeforelægget angivet bøde. Fristen kan efter anmodning forlænges af anklagemyndigheden.

*Stk. 2.* Reglerne i § 834, stk. 1, nr. 2 og 3, og stk. 2, om krav til indholdet af anklageskrift finder tilsvarende anvendelse på bødeforelæg.

*Stk. 3.* En sigtet under 18 år kan i umiddelbar forbindelse med lovovertrædelsen vedtage en bøde uden samtykke fra indehaveren af forældremyndigheden.

*Stk. 4.* Hvis sigtede vedtager bøden, bortfalder videre forfølgning, jf. dog § 724, stk. 2, og § 832 a, stk. 2. Vedtagelsen har samme gentagelsesvirkning som en dom.

*Stk. 5.* Justitsministeren fastsætter regler om konfiskation efter tilsvarende regler som i stk. 1-3. Reglen i § 724, stk. 2, finder tilsvarende anvendelse.

**§ 832 a.** Har sigtede i umiddelbar forbindelse med lovovertrædelsen vedtaget en bøde og eventuelt konfiskation, jf. § 832, er vedtagelsen ikke til hinder for, at anklagemyndigheden efter anmodning nedsætter bøden som følge af sigtedes særlig lave indtægt.

*Stk. 2.* I de tilfælde, der er nævnt i stk. 1, kan sigtede inden 14 dage fra vedtagelsen tilbagekalde sin vedtagelse ved meddelelse til politiet. Er sigtede under 18 år, kan også indehaveren af forældremyndigheden tilbagekalde vedtagelsen.

*Stk. 3.* Politiet vejleder sigtede om reglerne i stk. 1 og 2. Er sigtede under 18 år, vejleder politiet også indehaveren af forældremyndigheden om reglerne i stk. 1 og 2.

*Stk. 4.* Justitsministeren kan fastsætte nærmere regler om vejledning efter stk. 3.

## Kapitel 77

### *Tiltale og forberedelse af hovedforhandling i 1. instans*

**§ 833.** Tiltalerejsning og forberedelse af hovedforhandling i 1. instans sker efter reglerne i dette kapitel, medmindre andet er bestemt i kapitel 79 om nævningesager eller i kapitel 80 om sager, hvor der ikke medvirker lægdommere.

**§ 834.** Anklagemyndigheden rejser tiltale ved et anklageskrift, som skal indeholde
1) navnet på den ret, ved hvilken sagen anlægges,
2) tiltaltes navn og adresse samt så vidt muligt personnummer eller lignende og
3) oplysninger om det forhold, der rejses tiltale for.

*Stk. 2.* Oplysninger efter stk. 1, nr. 3, skal omfatte
1) den regel, der påstås overtrådt, og forbrydelsens kendetegn, som de fremgår af reglen,
2) forbrydelsens navn, hvis loven indeholder angivelse heraf,
3) straffehjemmelen,
4) en kort beskrivelse af det forhold, der rejses tiltale for, med sådan angivelse af tid, sted, genstand, udførelsesmåde og andre nærmere omstændigheder, som er nødvendig for en tilstrækkelig og tydelig beskrivelse, og
5) i givet fald de strafforhøjelses- eller strafnedsættelsesgrunde, der vil blive påberåbt.

*Stk. 3.* Alternativ, herunder subsidiær, tiltale er tilladt.

*Stk. 4.* Anklageskriftet må ikke indeholde en fortegnelse over beviser, der agtes ført, eller en redegørelse for sagens retlige spørgsmål.

**§ 835.** Anklagemyndigheden indleverer anklageskriftet til retten. Ved indleveringen er straffesagen indledt ved retten.

*Stk. 2.* Anklagemyndigheden sender kopi af anklageskriftet til tiltalte straks efter indledning af sagen. Retten skal senest samtidig med forkyndelse af indkaldelse, jf. § 844, stk. 2, forkynde kopi af anklageskriftet for den pågældende.

*Stk. 3.* Anklagemyndigheden eller retten sender kopi af anklageskriftet til forsvareren straks efter indledning af sagen, eller så snart forsvareren er beskikket for tiltalte.

**§ 836.** Inden hovedforhandlingen kan anklagemyndigheden berigtige angivelser i anklageskriftet eller udvide tiltalen til andre strafbare forhold end de forhold, der er nævnt i anklageskriftet. Berigtigelser og udvidelser sker ved indlevering og forkyndelse af yderligere eller nyt anklageskrift.

*Stk. 2.* Under hovedforhandlingen kan anklagemyndigheden med rettens samtykke udvide tiltalen til andre strafbare forhold end det forhold, der er nævnt i anklageskriftet, hvis tiltalte samtykker, eller hvis det forhold, der er spørgsmål om at inddrage, er begået under selve hovedforhandlingen. Udvidelsen sker efter rettens bestemmelse ved tilføjelse på anklageskriftet eller tilførsel i retsbogen. Det samme gælder om berigtigelser, som anklagemyndigheden under hovedforhandlingen foretager i anklageskriftet.

*Stk. 3.* Hvis tiltalte ikke samtykker i udvidelser af tiltalen, må anklagemyndigheden rejse ny sag mod tiltalte.

**§ 837.** Samtidig med indleveringen af anklageskriftet eller snarest muligt derefter skal anklagemyndigheden til retten indlevere

1) en udskrift af de retslige undersøgelses- og bevishandlinger, der er foretaget i sagen,

2) sagens øvrige dokumenter og andre synlige bevismidler og

3) en fortegnelse over de beviser, som anklagemyndigheden ønsker at føre.

*Stk. 2.* Vidner og skønsmænd skal angives med navn og adresse. Det skal endvidere i bevisfortegnelsen angives, om de nævnte vidner og skønsmænd agtes afhørt under hovedforhandlingen, eller om allerede afgivne forklaringer agtes benyttet.

*Stk. 3.* Politijenestemænd, der har udført foranstaltninger som nævnt i § 754 a, og politijenestemænd med en særlig tjenestefunktion, hvor det af hensyn til denne særlige tjenestefunktion er nødvendigt at hemmeligholde identiteten, kan betegnes med et andet navn end deres eget og uden angivelse af bopæl.

*Stk. 4.* Fængselsbetjente kan betegnes med fornavn, tjenestested og det identifikationsnummer, der er knyttet til ansættelsen.

*Stk. 5.* Ønskes skønsmænd udmeldt, fremsættes anmodning herom til retten.

**§ 838.** Anklagemyndigheden skal uden ophold sende forsvareren en kopi af bevisfortegnelsen uden angivelse af adresser og en udskrift af de undersøgelses- og bevishandlinger, der er foretaget i sagen. Anklagemyndigheden skal i øvrigt så vidt muligt gøre sagens dokumenter og andre synlige bevismidler tilgængelige på hensigtsmæssig og betryggende måde og underrette forsvareren herom.

*Stk. 2.* Anklagemyndigheden kan give forsvareren pålæg om ikke at videregive oplysninger om et vidnes bopæl eller navn, stilling og bopæl til tiltalte, hvis anklagemyndigheden agter at anmode retten om at bestemme, at disse oplysninger ikke må meddeles tiltalte, jf. § 856, stk. 2. Forsvareren kan indbringe pålægget for retten.

**§ 839.** Inden udløbet af den frist, som anklagemyndigheden har anført på anklageskriftet, skal forsvareren til retten og til anklagemyndigheden indlevere

1) dokumenter og andre synlige bevismidler, som forsvareren agter at anvende, og

2) en fortegnelse over de beviser, som forsvareren agter at føre.

*Stk. 2.* Retten kan efter anmodning forlænge fristen.

*Stk. 3.* Reglerne i § 837, stk. 2-5, finder tilsvarende anvendelse.

*Stk. 4.* Hvis forsvareren vil anmode om, at bevis, som er opført i anklagemyndighedens bevisfortegnelse, tilvejebringes på anden måde, skal forsvareren skriftligt anmode retten herom inden den frist, der er anført i anklageskriftet. Forsvareren skal sende en kopi af anmodningen til anklagemyndigheden.

*Stk. 5.* Reglen i stk. 4 finder tilsvarende anvendelse, hvis forsvareren vil anmode om, at sagen flyttes, jf. §§ 702 eller 703.

*Stk. 6.* Antager forsvareren, at sagen, således som den er anlagt, ikke kan behandles, eller at anklagemyndigheden har overset en omstændighed, som ikke vedrører beviserne i sagen, og som indebærer, at tiltalte ikke kan dømmes, bør forsvareren straks gøre anklagemyndigheden opmærksom herpå.

**§ 840.** En person kan ikke indkaldes som vidne, hvis oplysninger om personens identitet ikke indgår i sagen i medfør af § 729 a, stk. 3, 1. pkt., eller § 729 b, stk. 2, 1. pkt., eller er undtaget fra forsvarerens og sigtedes adgang til aktindsigt i medfør af § 729 c.

**§ 841.** Hvis en af parterne vil modsætte sig modpartens bevisførelse eller en anmodning efter § 837, stk. 5, eller § 839, stk. 2-5, skal parten uden ophold forelægge sagen for retten til afgørelse. Inden retten træffer afgørelse, skal parterne så vidt muligt have lejlighed til at udtale sig mundtligt eller skriftligt.

*Stk. 2.* Retten træffer efter anmodning fra anklagemyndigheden eller forsvareren bestemmelse om, ved hvilken byret enkelte retshandlinger skal foretages, med henblik på at optage bevis til brug under hovedforhandlingen. Retten kan ligeledes efter anmodning bestemme, om tiltalte, hvis denne er fængslet, skal bringes til et retsmøde, der skal finde sted i anden retskreds end den, hvor tiltalte sidder fængslet, om beskikkelse af forsvarer til at varetage tiltaltes tarv under retsmøde uden for vedkommende ret og lignende.

**§ 842.** Ønsker nogen af parterne at gøre brug af andre beviser end dem, der er anført i vedkommende parts bevisfortegnelse, eller vil parten frafalde at føre nogen af disse, eller ønsker parten et bevis optaget på anden måde end anført i bevisfortegnelsen, skal parten snarest muligt skriftligt meddele dette til retten og til modparten. Reglerne i §§ 837-841 finder tilsvarende anvendelse.

**§ 843.** Ønskes vidner eller skønsmænd afhørt inden hovedforhandlingen, skal anklagemyndigheden indgive anmodning herom til retten. Er der fare for, at et bevis ikke vil kunne optages, hvis dette skal afvente, at reglerne i §§ 837-842 iagttages, indgiver anklagemyndigheden uden andre forberedende skridt, end omstændighederne tillader, anmodning til retten og underretter forsvareren.

*Stk. 2.* Under samme betingelse og med samme forpligtelse som anført i stk. 1 kan forsvareren anmode om bevishandlinger umiddelbart over for retten, der afgør, om betingelsen er opfyldt.

*Stk. 3.* En part kan indgive anmodning efter stk. 1 og 2 til en anden ret end den ret, hvor hovedforhandlingen skal finde sted. Parten skal i så fald snarest muligt underrette den ret, hvor hovedforhandlingen skal finde sted.

*Stk. 4.* Bevisoptagelse efter stk. 1-3 sker efter reglerne i kapitel 67 og 68. De nødvendige udskrifter af retsbogen om bevisoptagelsen sendes snarest muligt til anklagemyndigheden og forsvareren. Udskrift af retsbogen sendes endvidere til den ret, hvor hovedforhandlingen skal finde sted, hvis bevisoptagelsen er sket ved en anden ret.

**§ 843 a.** Retten skal fremme enhver sag med den hurtighed, som dens beskaffenhed kræver og tillader. Hovedforhandlingen skal berammes hurtigst muligt og så vidt muligt inden for 2 uger fra anklagemyndighedens indlevering af anklageskrift til retten og til et sådant tidspunkt, at sagen kan gennemføres inden for rimelig tid. Er sigtede varetægtsfængslet, skal hovedforhandlingen gennemføres hurtigst muligt.

*Stk. 2.* Det påhviler anklagemyndigheden og forsvareren at tilrettelægge deres virke på en sådan måde, at sagen kan gennemføres inden for rimelig tid.

**§ 843 b.** Efter anmodning kan retten, hvis det findes hensigtsmæssigt, forud for anklagemyndighedens indlevering af anklageskrift forhåndsberamme hovedforhandling i sagen.

**§ 844.** Retten underretter anklagemyndigheden om tidspunktet for hovedforhandlingen. Retten underretter endvidere anklagemyndigheden og tiltalte om eventuel forsvarerbeskikkelse.

*Stk. 2.* Retten sørger for, at en indkaldelse med oplysning om tid og sted for hovedforhandlingen forkyndes for tiltalte med mindst 4 dages varsel. Retten kan dog fastsætte et kortere varsel.

*Stk. 3.* Er tiltalte fængslet eller anholdt, sørger anklagemyndigheden for, at tiltalte bringes til retten.

*Stk. 4.* Vidner og skønsmænd, som skal afhøres under hovedforhandlingen, indkaldes i tide af retten. Er et vidne fængslet eller hensat i forvaring, sørger anklagemyndigheden for, at den pågældende bringes til retten.

**§ 845.** Retten kan efter anmodning fra anklagemyndigheden, forsvareren eller et vidne forud for hovedforhandlingen træffe afgørelse om

1) nægtelse af adgang til et offentligt retsmøde for bestemte personer eller grupper af personer efter § 28 b, stk. 3,
2) dørlukning efter § 29, stk. 1 og 3, og § 29 a,
3) referatforbud efter § 30,
4) navneforbud efter § 31, stk. 1,
5) hvordan og ved hvem afhøring af et barn under 15 år eller en person, der er blevet videoafhørt, skal ske, jf. § 183, stk. 3,
6) at tiltalte skal forlade retslokalet, mens et vidne afhøres, jf. § 856, stk. 1, 4 eller 8,
7) at et vidnes bopæl eller navn, stilling og bopæl ikke må oplyses for tiltalte, jf. § 856, stk. 2,
8) at en politijenestemands navn og bopæl ikke skal oplyses, jf. § 856, stk. 6, eller
9) at en fængselsbetjents fulde navn eller bopæl skal oplyses, jf. § 856, stk. 7.

*Stk. 2.* Anklagemyndigheden skal senest samtidig med indlevering af bevisfortegnelsen underrette forsvareren og retten om, hvorvidt der foreligger sådanne spørgsmål som nævnt i stk. 1.

**§ 846.** Retten kan på et hvilket som helst tidspunkt inden hovedforhandlingen af egen drift eller efter anmodning ved kendelse beslutte at afvise sagen helt eller delvis, hvis en eller flere af sagens forhold

1) på grund af fejl må afvises under hovedforhandlingen,
2) ikke er undergivet offentlig påtale eller
3) ikke er strafbart, eller hvis straf er udelukket ved forældelse eller anden lignende grund.

*Stk. 2.* Inden retten træffer afgørelse efter stk. 1, skal anklagemyndigheden have lejlighed til at udtale sig. Hvis der er tale om en afhjælpelig mangel, skal anklagemyndigheden have lejlighed til at afhjælpe mangelen.

*Stk. 3.* Finder retten, at sagen ikke skal behandles under medvirken af lægdommere, afsiger retten kendelse herom efter om fornødent at have givet anklagemyndigheden og forsvareren lejlighed til at udtale sig.

**§ 847.** Retten kan udsætte hovedforhandlingen, inden den er begyndt, hvis dette er nødvendigt af hensyn til retten selv eller på grund af andre omstændigheder, herunder tiltaltes flugt, hindringer for anklagemyndigheden, tiltalte, forsvareren, vidner eller skønsmænd, ændringer i tiltalen eller anmeldelse af nye beviser.

*Stk. 2.* En part, der ønsker hovedforhandlingen udsat efter stk. 1, skal snarest muligt anmode retten herom.

**§ 848.** Retsmøder, som afholdes inden hovedforhandlingen, er ikke offentlige. Reglerne i § 748 a finder tilsvarende anvendelse.

*Stk. 2.* Anmodninger til retten, som ikke fremsættes mundtligt i et retsmøde, indleveres skriftligt til retten. Er tiltalte fængslet, kan tiltaltes henvendelse til retten fremsættes over for fængselsbestyreren, som skal gøre notat herom i en dertil indrettet bog. Udskrift sendes uden ophold til retten og i de i §§ 839 og 842 omhandlede tilfælde også til anklagemyndigheden.

**§ 849.** Retten kan, hvis det findes hensigtsmæssigt, indkalde parterne til et forberedende retsmøde med henblik på sagens nærmere tilrettelæggelse. På mødet kan der behandles spørgsmål af betydning for sagens fremme, herunder eventuelle forberedelsesskridt, der skal foretages inden hovedforhandlingen, tvister om bevisførelsen og hovedforhandlingens tilrettelæggelse. På mødet kan også parternes stilling til sagens faktiske og retlige omstændigheder søges fastlagt, herunder hvilke omstændigheder der ikke bestrides, og hvilke omstændigheder der skal føres bevis for.

*Stk. 2.* Afholdelse af møde efter stk. 1, før anklagemyndigheden har indleveret anklageskrift til retten, kan kun ske efter anmodning fra en part.

*Stk. 3.* Retten kan anmode parterne om inden for en frist fastsat af retten at redegøre skriftligt for deres hovedsynspunkter i sagen eller deres synspunkter vedrørende spørgsmål, der kan behandles på et møde efter stk. 1.

**§ 850.** I særlige tilfælde, hvor retten under hensyn til sagens beskaffenhed finder det hensigtsmæssigt, kan den pålægge anklagemyndigheden at fremsende en skriftlig forelæggelse til retten inden en nærmere fastsat frist. Retten fastsætter endvidere en frist for forsvarernes eventuelle bemærkninger hertil. Er der sket skriftlig forelæggelse, skal parterne give en mundtlig sammenfatning heraf i retten.

Kapitel 78

*Hovedforhandling i 1. instans*

§ 851. For hovedforhandling i straffesager i 1. instans gælder reglerne i dette kapitel, medmindre andet er bestemt i kapitel 79 om nævningesager eller i kapitel 80 om sager, i hvilke der ikke medvirker lægdommere.

§ 852. Anklageren og den beskikkede forsvarer skal være til stede under hele hovedforhandlingen, indtil sagen er optaget til dom. Det er dog ikke udelukket, at forskellige personer udfører anklagerens eller den beskikkede forsvarers hverv i sagen.

*Stk. 2.* Rettens formand kan tillade, at en beskikket forsvarer ikke er til stede i retten under behandlingen af forhold, der klart ikke angår den pågældende forsvarers klient.

*Stk. 3.* Udebliver anklageren enten ved hovedforhandlingens begyndelse eller i løbet af denne, udsættes sagen. Det samme gælder, når den beskikkede forsvarer udebliver, eller når den valgte forsvarer ikke møder, medmindre omstændighederne måtte gøre det muligt at beskikke en forsvarer, som straks kan udføre hvervet.

§ 853. Medmindre andet er bestemt i loven, skal tiltalte personlig være til stede i retten under hele hovedforhandlingen, indtil sagen er optaget til dom. Rettens formand kan dog tillade tiltalte at forlade retten, før sagen er optaget til dom, hvis det findes ubetænkeligt, at tiltalte ikke er til stede.

§ 854. Retten kan tillade, at tiltalte deltager i hovedforhandlingen ved anvendelse af telekommunikation med billede, hvis tiltaltes tilstedeværelse i retten ikke er nødvendig og der alene bliver spørgsmål om bøde eller fængsel indtil 1 år, konfiskation, rettighedsfrakendelse, tvangsbøder eller erstatning.

*Stk. 2.* Skal tiltalte afgive forklaring, finder reglen i § 192 tilsvarende anvendelse.

*Stk. 3.* Har retten givet tilladelse som nævnt i stk. 1, skal forsvareren deltage i retsmødet på samme sted som tiltalte, medmindre retten finder det ubetænkeligt, at forsvareren i stedet møder frem i retten.

§ 855. Udebliver tiltalte ved begyndelsen eller i løbet af hovedforhandlingen, og kan den pågældende ikke straks bringes til stede, udsættes sagen, medmindre retten beslutter at fremme hovedforhandlingen helt eller delvis efter stk. 2 og 3.

*Stk. 2.* Er tiltalte udeblevet trods lovlig indkaldelse og uden oplyst lovligt forfald, kan retten bestemme, at der skal ske afhøring af vidner og skønsmænd, der er mødt, hvis retten finder, at dette er foreneligt med hensynet til tiltalte, og hvis udsættelse af afhøringen vil være til væsentlig ulempe for de mødte eller medføre væsentlig udsættelse af sagen. Afhøring kan dog kun ske, hvis tiltaltes forsvarer er mødt.

*Stk. 3.* En hovedforhandling skal, hvis anklagemyndigheden fremsætter begæring herom, fremmes til dom i tiltaltes fravær, hvis retten ikke finder tiltaltes tilstedeværelse nødvendig,

1) når tiltalte er undveget, efter at anklageskriftet er forkyndt for den pågældende,

2) når tiltalte efter at være mødt ved sagens begyndelse har forladt retten uden rettens tilladelse,

3) når der under sagen alene er spørgsmål om ubetinget fængselsstraf i 1 år eller derunder, konfiskation, udvisning, rettighedsfrakendelse eller erstatning og tiltalte har givet samtykke til gennemførelse af hovedforhandlingen,

4) når tiltalte ikke idømmes højere straf end ubetinget fængsel i 6 måneder eller andre retsfølger end konfiskation, udvisning, førerretsfrakendelse eller erstatning, eller

5) når retten skønner, at behandlingen af sagen utvivlsomt vil føre til tiltaltes frifindelse.

*Stk. 4.* Medmindre tiltalte har samtykket heri, kan hovedforhandlingen kun gennemføres i medfør af stk. 3, nr. 4, hvis tiltalte har været lovligt indkaldt og det af indkaldelsen fremgår, at udeblivelse uden oplyst lovligt forfald kan medføre, at tiltalte dømmes for de forhold, som tiltalen angår.

§ 856. Rettens formand kan uden for de tilfælde, der er nævnt i stk. 2, nr. 2, beslutte, at tiltalte skal forlade retslokalet, mens et vidne eller en medtiltalt afhøres, når særegne grunde taler for, at en uforbeholden forklaring ellers ikke kan opnås.

*Stk. 2.* Retten kan, hvis det må antages at være uden betydning for tiltaltes forsvar, på anmodning bestemme,

1) at et vidnes bopæl ikke må oplyses for tiltalte, hvis afgørende hensyn til vidnets sikkerhed taler for det, eller

2) at et vidnes navn, stilling og bopæl ikke må oplyses for tiltalte, hvis afgørende hensyn til vidnets sikkerhed gør det påkrævet.

*Stk. 3.* Afgørelse efter stk. 2 træffes på grundlag af en samlet vurdering af sagens omstændigheder, herunder eventuelle oplysninger om vidnets forudgående tilknytning til tiltalte og oplysninger om sagens karakter.

*Stk. 4.* Er det truffet bestemmelse efter stk. 2, nr. 2, kan retten yderligere bestemme, at tiltalte skal forlade retslokalet, mens vidnet afhøres.

*Stk. 5.* En politijenestemand, der har udført foranstaltninger som nævnt i § 754 a, kan afgive forklaring uden at oplyse sit eget navn og bopæl.

*Stk. 6.* Rettens formand kan bestemme, at navn og bopæl på en politijenestemand, der afgiver forklaring som vidne, ikke skal oplyses, hvis afgørende hensyn til vidnets særlige tjeneste funktion taler for det og oplysningerne må antages at være uden betydning for tiltaltes forsvar.

*Stk. 7.* En fængselsbetjent kan afgive forklaring uden at oplyse navn og bopæl, medmindre rettens formand bestemmer, at oplysningerne må antages at have betydning for tiltaltes forsvar. I stedet oplyses den pågældendes fornavn og tjenestested og det identifikationsnummer, der er knyttet til ansættelsen.

*Stk. 8.* Rettens formand kan bestemme, at tiltalte skal forlade retslokalet, når en politijenestemand, der har udført foranstaltninger som nævnt i § 754 a, eller en politijenestemand med en særlig tjenestefunktion afhøres, hvis dette er påkrævet af hensyn til hemmeligholdelsen af politijeneste-

mandens identitet og det må antages at være uden væsentlig betydning for tiltaltes forsvar.

*Stk. 9.* Rettens formand afgør, om tiltalte skal forlade retslokalet under den forudgående forhandling om anmodninger fremsat efter stk. 2, 4 og 6-8.

*Stk. 10.* Når tiltalte som følge af en beslutning efter stk. 1, 4 eller 8, ikke har overværet afhøringen af et vidne eller en medtiltalt, skal tiltalte, når denne på ny kommer til stede i retslokalet, have oplysning om, hvem der har afgivet forklaring i tiltaltes fravær, og om indholdet af forklaringen, for så vidt den angår tiltalte. Retten afgør, om gengivelsen af forklaringen skal ske før eller efter, at tiltalte selv har afgivet forklaring. Oplysning om vidnets bopæl eller navn, stilling og bopæl skal dog ikke meddeles tiltalte, hvis retten har truffet bestemmelse om hemmeligholdelse efter stk. 2, nr. 1 eller 2. Oplysning om en politltjenestemands navn og bopæl skal endvidere ikke meddeles tiltalte, hvis retten har truffet bestemmelse om hemmeligholdelse efter stk. 6. Oplysning om en fængselsbetjents fulde navn og bopæl skal endvidere ikke meddeles tiltalte, medmindre rettens formand har truffet bestemmelse om, at oplysningerne må antages at have betydning for tiltaltes forsvar efter stk. 7.

*Stk. 11.* Afgørelse om hemmeligholdelse af et vidnes navn, stilling og bopæl, jf. stk. 2, nr. 2, og stk. 4, eller en politltjenestemands navn og bopæl, jf. stk. 6 og 8, eller om meddelelse af oplysninger om en fængselsbetjents fulde navn eller bopæl, jf. stk. 7, træffes ved kendelse. I kendelsen anføres de konkrete omstændigheder i sagen, hvorpå det støttes, at betingelserne for hemmeligholdelse er opfyldt. Kendelsen kan til enhver tid omgøres. Rettens afgørelse efter stk. 2, nr. 2, og stk. 4 og 6-8, kan kæres.

**§ 857.** Når tiltalte fjernes fra retssalen i henhold til § 151, kan forhandlingen fortsættes, hvis rettens formand ikke finder en udsættelse nødvendig.

*Stk. 2.* Tiltalte skal, så snart tiltaltes adfærd gør det muligt, på ny føres ind i retslokalet. Rettens formand skal oplyse tiltalte om, hvad der er sket i tiltaltes fravær. Tiltalte skal endvidere, hvis det på dette tidspunkt af sagen endnu er muligt, have adgang til at udtale sig om det, der er kommet frem.

**§ 858.** Når hovedforhandlingen er begyndt, fortsættes den så vidt muligt uafbrudt, indtil retten har truffet endelig afgørelse i sagen.

*Stk. 2.* Har hovedforhandlingen været afbrudt, bestemmer rettens formand, om og i hvilket omfang det, der allerede er foretaget, skal gentages, når hovedforhandlingen genoptages.

**§ 859.** Hvis en udsættelsesgrund indtræder, mens hovedforhandlingen er udsat, skal den, der ønsker udsættelse, snarest muligt underrette rettens formand, for at denne kan bestemme, om sagen skal udsættes yderligere. Hvis sagen udsættes, giver retten meddelelse til alle, der berøres af udsættelsen.

**§ 860.** Rettens formand indleder hovedforhandlingen med at oplyse, hvilken sag retten skal behandle. Derefter sikrer retten sig tiltaltes identitet.

**§ 861.** Anklageren oplæser anklageskriftet, hvorefter rettens formand gør tiltalte bekendt med, at tiltalte ikke har pligt til at udtale sig.

*Stk. 2.* Rettens formand spørger tiltalte, om denne kan erkende sig skyldig i eller nægter de forhold, som tiltalen angår.

*Stk. 3.* Retten kan pålægge anklageren at forelægge sagen.

**§ 862.** Hvis der opstår spørgsmål om, hvorvidt der foreligger fejl, som indebærer, at sagen ikke kan behandles, eller om, hvorvidt sagen er undergivet offentlig påtale, kan hovedforhandlingen begrænses til dette punkt, indtil spørgsmålet er afgjort.

*Stk. 2.* Det samme gælder, hvis der rejses spørgsmål om, hvorvidt et forhold i anklageskriftet overhovedet er strafbart, eller om, hvorvidt straf er udelukket på grund af forældelse eller af anden, lignende grund. Er retten enig, kan den straks afsige frifindelsesdom.

*Stk. 3.* Retten bør, hvor det kan ske, tillade afhjælpning af fejl, der hindrer, at sagen kan behandles. Retten kan udsætte hovedforhandlingen med henblik på denne afhjælpning. Hvis fejlen kun skal tages i betragtning, når den gøres gældende af tiltalte, må tiltalte gøre indsigelse, så snart der er lejlighed til det.

*Stk. 4.* Selv om retten inden hovedforhandlingen har nægtet at imødekomme en anmodning om afvisning af sagen efter § 846, kan spørgsmålet rejses på ny under hovedforhandlingen.

**§ 863.** Bevisførelsen indledes med, at rettens formand spørger, om tiltalte er villig til at afgive forklaring. I bekræftende fald bestemmer formanden, på hvilket tidspunkt under bevisførelsen forklaringen skal afgives.

*Stk. 2.* Når tiltalte afgiver forklaring, sker det ved, at anklageren stiller tiltalte spørgsmål om sagen. Derefter kan forsvareren stille spørgsmål til tiltalte. Anklageren, forsvareren og enhver af dommerne, nævningerne, domsmændene og de sagkyndige retsmedlemmer, jf. § 869, kan stille yderligere spørgsmål til tiltalte.

*Stk. 3.* Hvis tiltalte afgiver en fuldstændig tilståelse, afgør retten, om og i hvilken udstrækning yderligere bevisførelse skal finde sted.

**§ 864.** Retten kan beslutte at afslutte bevisførelsen enten i det hele eller om et enkelt punkt, inden alle beviserne er fremført. Retten kan endvidere beslutte at genoptage en sluttet bevisførelse.

*Stk. 2.* Hvis sagen omfatter flere lovovertrædelser, kan rettens formand lade hovedforhandlingen og rettens afgørelse af skyldsspørgsmålet foregå særskilt for hver enkelt lovovertrædelse.

**§ 865.** Bevisførelsen foregår i øvrigt først fra anklagemyndighedens og derefter fra forsvarerens side. Beviser, som retten af egen drift beslutter at føre, fremføres på det tidspunkt, som rettens formand bestemmer. Inden en part fører beviser, kan parten i korthed angive, hvilke beviser parten ønsker at føre, og hvad parten vil godtgøre med beviserne.

**§ 866.** Anklagemyndighedens vidner afhøres først af anklageren og derefter af forsvareren. Forsvarets vidner afhøres først af forsvareren eller af tiltalte og derefter af anklageren. Rettens formand kan træffe bestemmelse om en anden rækkefølge.

*Stk. 2.* Efter hvert enkelt vidnes forklaring og efter ethvert andet bevis har tiltalte adgang til at afgive forklaring, hvis beviset giver anledning til dette.

*Stk. 3.* Reglerne i stk. 1 og 2 gælder tilsvarende for afhøring af skønsmænd.

**§ 867.** Rettens formand er berettiget og forpligtet til at stille spørgsmål til den, som afhøres, når som helst der i sandhedens interesse er grund til dette.

**§ 868.** Vidner og skønsmænd, som afhøres efter rettens beslutning af egen drift i medfør af § 874, stk. 3, afhøres af rettens formand. Denne kan dog overlade afhøringen til parterne.

*Stk. 2.* Sker afhøringen ved rettens formand, kan parterne anmode om, at der stilles yderligere spørgsmål. Rettens formand kan overlade det til parterne selv at stille sådanne enkelte spørgsmål.

**§ 869.** En dommer, nævning eller domsmand eller et sagkyndigt retsmedlem er berettiget til at stille spørgsmål til vidner eller skønsmænd efter at have fået ordet af rettens formand.

**§ 870.** (Ophævet)

**§ 871.** Dokumenter, der påstås at have været genstand for eller at være frembragt ved forbrydelsen eller at have været brugt eller bestemt til dens udførelse, eller som yder umiddelbar oplysning om gerningen eller tiltaltes forhold til denne, skal oplæses, når bevisførelsen kræver det.

*Stk. 2.* Følgende dokumenter kan benyttes som bevismidler under hovedforhandlingen og skal da oplæses:

1)   Tilførsler til retsbøger om ransagninger, beslaglæggelser, besigtigelser og syns- og skønsforretninger, som er foretaget uden for hovedforhandlingen, og erklæringer til retten fra skønsmænd,

2)   tilførsler til retsbøger om forklaringer, som tiltalte har afgivet om sigtelsen, når tiltalte enten nu nægter at afgive forklaring eller den nu afgivne forklaring afviger fra den tidligere, eller når tiltalte er udeblevet, jf. § 855,

3)   tilførsler til retsbøger om forklaringer, som vidner eller skønsmænd har afgivet, når disse personer enten er døde eller af anden grund ikke kan afhøres på ny eller de i medfør af § 174, jf. § 207, er afhørt ved en anden ret end den, der nu behandler sagen, eller de er afhørt, uden at tiltalte har været til stede, jf. § 855, stk. 2, eller når den nu afgivne forklaring afviger fra den tidligere, eller når et vidne nægter at afgive forklaring og tvangsmidler efter § 178 ikke bør anvendes eller forgæves er anvendt,

4)   tilførsler til retsbøger af forklaringer såvel som erklæringer, som er afgivet af personer omfattet af Danske Lov 1-2-1 eller af personer, der har eksterritorialitets-

ret, hvis de pågældende ikke møder i retten under hovedforhandlingen,

5)   erklæringer og vidnesbyrd, som er udstedt i medfør af et offentligt hverv, herunder udskrifter af tiltaltes tidligere straffedomme, og

6)   tilførsler til politiets rapporter om forklaringer, som tiltalte har afgivet til politiet om sigtelsen, når forsvareren begærer det, i sager, der fremmes i tiltaltes fravær i medfør af § 855, stk. 3, nr. 4.

*Stk. 3.* Retten kan bestemme, at mundtlig afhøring af skønsmændene helt eller delvis skal træde i stedet for oplæsning af disses forklaringer eller skriftlige erklæringer efter stk. 2, nr. 1.

*Stk. 4.* Uden for de nævnte tilfælde kan dokumenter, som indeholder erklæringer eller vidnesbyrd, kun benyttes som bevismidler, hvis retten undtagelsesvis tillader dette. Udenretslige erklæringer om tiltaltes tidligere vandel må under ingen omstændigheder benyttes.

*Stk. 5.* Et vidnes forklaring til politirapport kan herudover efter rettens bestemmelse benyttes som bevismiddel, hvis parterne er enige herom og vidnet ville være forpligtet til at afgive forklaring, hvis den pågældende var blevet indkaldt som vidne i retten.

*Stk. 6.* Retten kan efter høring af parterne beslutte, at oplæsning af omfattende sagkyndige erklæringer eller andre dokumenter i sagen kan undlades. Retsformanden skal i så fald sikre, at rettens medlemmer gennemlæser disse dokumenter. Det skal fremgå af retsbogen, hvilke af de fremlagte bilag der er behandlet efter denne bestemmelse. Retten kan bestemme, at der helt eller delvis skal gives en mundtlig sammenfatning i retten af dokumenter, hvor oplæsning er undladt.

**§ 872.** En videoafhøring efter § 745 e eller § 183, stk. 3, kan anvendes som bevis under hovedforhandlingen.

**§ 873.** Oplæsning af tilførsler til retsbøger om forklaringer afgivet af tiltalte, vidner eller skønsmænd, fordi de nu afgivne forklaringer er i uoverensstemmelse med de tidligere afgivne, bør kun finde sted, når den pågældende har haft lejlighed til at udtale sig sammenhængende om det, som afhøringen vedrører, og der er stillet de yderligere spørgsmål, som den pågældende forklaring giver anledning til.

*Stk. 2.* Når dokumenter, der er nævnt i § 871, stk. 2, nr. 2 og 3, oplæses, skal grunden meddeles af rettens formand og tilføres retsbogen.

**§ 874.** Bevis, som er til stede, kan ikke nægtes ført med den begrundelse, at beviset ikke er anmeldt i så god tid, at modparten har haft tilstrækkelig tid til at forberede sig. Er dette imidlertid ikke sket, og udsætter retten ikke af den grund bevisførelsen til et senere tidspunkt, kan modparten, efter at beviset er ført, forlange en passende udsættelse. Retten kan dog nægte udsættelse, hvis beviset er uden betydning for sagen eller en udsættelse i øvrigt ikke vil tjene noget berettiget formål.

*Stk. 2.* Retten kan udsætte sagen med henblik på at føre bevis, som ikke er til stede, når retten finder, at bevisførelsen er ønskelig for sagens oplysning.

*Stk. 3.* Retten kan, når den anser det for nødvendigt for sagens fuldstændige oplysning, beslutte, at beviser skal føres, som ingen af parterne har ønsket ført, eller som den, der har anmeldt beviset, har erklæret at ville frafalde. Retten kan i den anledning udsætte sagen. De foranstaltninger, som er nødvendige for at gennemføre bevisførelsen, træffes af retten eller efter dens pålæg af anklagemyndigheden.

*Stk. 4.* Retten kan foretage besigtigelse af personer, genstande og lokaliteter, når det findes nødvendigt eller hensigtsmæssigt for sagens oplysning. Besigtigelser skal overværes af de personer, som ellers skal være til stede under hovedforhandlingen.

**§ 875.** Rettens afgørelse i anledning af uenighed mellem parterne om bevisførelsen eller indsigelser fra vidner eller skønsmænd, træffes efter anmodning ved kendelse.

**§ 876.** Inden retten afsiger dom eller kendelse under hovedforhandlingen, skal parterne have lejlighed til at udtale sig. Tiltalte har altid det sidste ord.

**§ 877.** Når bevisførelsen er sluttet, får først anklageren og derefter forsvareren og tiltalte ordet for at udtale sig om bevisførelsens resultat og om de retlige spørgsmål i sagen (proceduren). Når proceduren er afsluttet, optages sagen til dom.

**§ 878.** Parterne kan med rettens tilladelse helt eller delvis indlevere proceduren skriftligt til retten. I så fald skal parterne give en mundtlig sammenfatning af proceduren i retten.

*Stk. 2.* Retten kan i særlige tilfælde, hvor det under hensyn til sagens beskaffenhed findes hensigtsmæssigt, pålægge anklageren og forsvareren i forbindelse med proceduren at afgive en skriftlig oversigt over procedurens indhold med en angivelse af de hovedsynspunkter, der gøres gældende.

**§ 879.** Retten kan bestemme, at skyldspørgsmålet skal behandles og afgøres først.

**§ 880.** Ved afgørelsen af, om noget er bevist eller ikke, tages alene hensyn til de beviser, som er ført under hovedforhandlingen. Rettens bedømmelse af bevisernes vægt er ikke bundet ved lovregler.

**§ 881.** Ved afstemninger har hver dommer og hver domsmand 1 stemme. I sager, der behandles efter § 12, stk. 8, har, hvis undtagelsesvis kun 1 dommer medvirker, denne 2 stemmer. På samme måde har hver domsmand 1½ stemme, hvis der undtagelsesvis kun medvirker 2 domsmænd.

*Stk. 2.* Ved afstemning skal skyldsspørgsmålet sondres fra spørgsmålet om straffen og bringes til afstemning først. Stemmes der særskilt om strafforhøjelses- eller strafnedsættelsesgrunde, bliver stemmerne fra de medlemmer af retten, som har erklæret sig mod tiltaltes skyld, men er forblevet i mindretal, at regne til gunst for tiltalte.

**§ 882.** Hovedforhandlingen afsluttes ved rettens dom i sagen. Sagen betragtes dog som verserende ved retten, indtil dommens fuldbyrdelse kan begynde, eller i tilfælde af anke indtil anklagemyndigheden har indbragt sagen for landsretten.

**§ 883.** Dommen skal, for så vidt den ikke går ud på sagens afvisning, enten domfælde eller frifinde.

*Stk. 2.* Frifindelse skal ske, når
1) forholdet ikke er undergivet offentlig påtale,
2) forfølgningen opgives,
3) forholdet er forældet eller
4) tiltalte ikke findes skyldig.

*Stk. 3.* Retten kan ikke domfælde for noget forhold, der ikke omfattes af tiltalen.

*Stk. 4.* Derimod er retten ikke udelukket fra at henføre det påtalte forhold under en anden strafbestemmelse end den, anklagemyndigheden har påstået anvendt. Retten kan også fravige tiltalen med hensyn til de med lovovertrædelsen forbundne biomstændigheder (tid og sted m.v.). Dette kan kun ske, hvis retten med sikkerhed skønner, at tiltalte, også under forudsætning af sådan afvigelse fra tiltalen, har haft fyldestgørende adgang til forsvar. Finder retten, at dette ikke er tilfældet, eller nærer den tvivl i så henseende, skal den, inden dens afvigende bedømmelse lægges til grund for domfældelsen, give parterne lejlighed til at udtale sig og efter omstændighederne udsætte sagen i det tidsrum, der er nødvendigt for at varetage forsvaret.

**§ 884.** Domfældes tiltalte, skal retten i begrundelsen for dommen angive
1) de omstændigheder, som anses for bevist og lægges til grund for domfældelsen,
2) den regel, der er overtrådt, og
3) straffehjemmelen.

*Stk. 2.* Frifindes tiltalte, skal retten i begrundelsen angive
1) de omstændigheder, som er en betingelse for straf, og som anses for at mangle eller for ikke at være bevist, eller
2) de strafudelukkende omstændigheder, som anses for at foreligge, og
3) de lovbestemmelser, der er anvendt.

*Stk. 3.* Dommen skal endvidere indeholde en begrundelse for et eventuelt mindretals opfattelse. Reglerne i stk. 1 og 2 finder tilsvarende anvendelse på denne begrundelse.

**§ 885.** Der er tavshedspligt med hensyn til oplysninger om rettens rådslagning og afstemning, jf. straffelovens § 152 og §§ 152 c- 152 f.

## Kapitel 79
### *Nævningesager*

**§ 886.** Anklagemyndigheden udarbejder en ekstrakt af sagen, som skal indeholde de dokumenter, der er nævnt i § 837, stk. 1, og § 839, stk. 1. Anklagemyndigheden sender ekstrakten til retten og forsvareren så vidt muligt senest 2 uger før hovedforhandlingen. Domstolsstyrelsen fastsætter antallet af ekstrakter.

**§ 887.** Nævningerne indtager deres pladser i retslokalet i den rækkefølge, hvori de er udtaget, jf. § 79.

**§ 888.** Når nævningerne har indtaget deres pladser, udleverer anklageren en ekstrakt til hver af nævningerne. Eks-

trakterne må ikke benyttes uden for retslokalet, før voteringen begynder.

**§ 889.** Rettens formand påminder nævningerne om, at de ikke må have samtale eller forbindelse med nogen uden for retslokalet om sagen, indtil dommen er afsagt, og at de i retslokalet ikke må have forbindelse eller samtale med andre end dommerne.

*Stk. 2.* Rettens formand foreholder nævningerne, at de på ære og samvittighed skal love opmærksomt som nævninger at følge forhandlingen i retten og dømme således, som de hver især finder rigtigt efter loven og beviserne i sagen. Herpå svarer nævningerne hver for sig stående: »Det lover jeg på ære og samvittighed«.

*Stk. 3.* Indsigelser, der går ud på, at nævningerne ikke på behørig måde har aflagt løfte, skal fremsættes, før anklageren redegør nærmere for tiltalen.

**§ 890.** Inden bevisførelsen og proceduren om skyldsspørgsmålet redegør anklageren nærmere for tiltalen (forelæggelsen).

*Stk. 2.* Reglerne i § 854, § 871, stk. 6, og § 878 finder ikke anvendelse i nævningesager.

**§ 891.** Når proceduren om skyldsspørgsmålet er afsluttet, får tiltalte ordet, hvorefter sagen optages til kendelse om dette spørgsmål. Rådslagning og afstemning foretages af nævningerne og dommerne i fællesskab under ledelse af rettens formand.

*Stk. 2.* Ved afgørelsen af skyldsspørgsmålet skal der ses bort fra, om tiltalte på gerningstidspunktet befandt sig i en tilstand som nævnt i straffelovens § 16.

*Stk. 3.* Ved afstemningen om skyldsspørgsmålet har hver dommer og hver nævning 1 stemme. Nævningerne afgiver deres stemme først, idet retsformanden afkræver hver enkelt nævning dennes stemme i den rækkefølge, hvori nævningerne er udtaget. Dernæst stemmer dommerne, således at retsformanden afgiver sin stemme sidst.

*Stk. 4.* En afgørelse af skyldsspørgsmålet, der er ugunstig for tiltalte, kan kun vedtages med mindst 4 stemmer fra nævningerne og mindst 2 stemmer fra dommerne.

*Stk. 5.* Det skal fremgå af kendelsen om skyldsspørgsmålet, hvor mange henholdsvis nævninger og dommere der har stemt for henholdsvis frifindelse og domfældelse. Kendelsen skal endvidere indeholde en begrundelse for resultatet og, hvis der ikke er enighed, for eventuelle mindretals synspunkter. Reglen i § 884 finder tilsvarende anvendelse med hensyn til begrundelse af kendelsen.

*Stk. 6.* Kendelsen, der skal foreligge i skriftlig form, afsiges i et offentligt retsmøde. Kendelsen skal udleveres til tiltalte, anklager og forsvarer inden eventuel forhandling om fastsættelse af sanktionen.

**§ 892.** Hvis rettens kendelse efter § 891 går ud på, at tiltalte ikke er skyldig, afsiger retten straks frifindelsesdom.

**§ 893.** Hvis tiltalte ved rettens kendelse efter § 891 er fundet skyldig, får først anklageren og derefter forsvareren og tiltalte ordet for at udtale sig om sanktionen og andre punkter, der ikke tidligere har været grund til at inddrage i for-

handlingen. Parterne skal endvidere have lejlighed til at føre de beviser, som er nødvendige i den forbindelse. Parternes udtalelser må ikke rejse tvivl om spørgsmål, som er afgjort ved rettens kendelse om skyldsspørgsmålet.

**§ 894.** Når forhandlingen om sanktionen er afsluttet, får tiltalte ordet, hvorefter sagen optages til dom. Nævninger og dommere træder på ny sammen til rådslagning og afstemning om fastsættelse af sanktionen under ledelse af rettens formand.

*Stk. 2.* Ved afstemningen om sanktionsspørgsmålet har hver nævning 1 stemme, mens dommerne tilsammen har lige så mange stemmer som nævningerne. Dommerne har indbyrdes lige mange stemmer, medmindre der undtagelsesvis kun medvirker 5 nævninger. I så fald har den efter embedsalder yngste dommer 1 stemme mindre end de øvrige, medmindre der undtagelsesvis kun medvirker 2 dommere.

*Stk. 3.* Ved afgørelsen af sanktionen stemmer skiftevis 2 nævninger og 1 dommer, således at nævningerne stemmer først og retsformanden sidst. I øvrigt finder reglerne i §§ 214 og 216 tilsvarende anvendelse på rettens rådslagning og afstemning. Ved lige stemmetal gælder med hensyn til strafudmålingen det for tiltalte gunstigste resultat.

*Stk. 4.* Et eventuelt spørgsmål om, hvorvidt tiltalte på gerningstidspunktet befandt sig i en tilstand som nævnt i straffelovens § 16, afgøres efter reglerne i stk. 1-3 inden afgørelsen af sanktionsspørgsmålet. Er der stemmelighed om, hvorvidt tiltalte er omfattet af straffelovens § 16, er retsformandens stemme afgørende.

## Kapitel 80
### *Straffesager, i hvilke der ikke medvirker lægdommere*

**§ 895.** Hvis sigtede er til stede i retten, kan anklagemyndigheden med rettens tilladelse rejse tiltale mundtligt til retsbogen, og hovedforhandlingen kan foretages med det samme.

*Stk. 2.* I andre tilfælde rejser anklagemyndigheden tiltale ved et anklageskrift, der skal opfylde kravene i § 834.

**§ 896.** Anklagemyndigheden indleverer anklageskriftet til retten. Ved indleveringen er straffesagen indledt ved retten. Når anklageskrift er indleveret, fastsætter retten tid og sted for hovedforhandlingen, medmindre sagen behandles efter § 896 a eller straks afvises efter § 846.

*Stk. 2.* Retten forkynder en indkaldelse til hovedforhandlingen for tiltalte med mindst 4 dages varsel. Retten kan dog fastsætte et kortere varsel. Ved forkyndelsen skal der udleveres en kopi af anklageskriftet til tiltalte.

*Stk. 3.* Indkaldelsen skal angive
1) tid og sted for hovedforhandlingen, og
2) at tiltaltes udeblivelse uden oplyst lovligt forfald kan medføre, at tiltalte anholdes, jf. § 757, eller at tiltalte dømmes for de forhold, som tiltalen angår, uden mulighed for anke, jf. §§ 855 og 902.

*Stk. 4.* Forkyndelse kan undlades, når der under sagen ikke er spørgsmål om højere straf end bøde, jf. dog stk. 5. I så fald sender retten indkaldelsen og en kopi af anklageskriftet til tiltalte senest 2 uger før hovedforhandlingen.

*Stk. 5.* I bødesager, hvor der er fremsat erstatningskrav, skal tilsigelse dog forkyndes for tiltalte.

*Stk. 6.* Retten bestemmer, om vidner straks skal indkaldes, og om der skal træffes andre foranstaltninger med hensyn til bevisførelse. Ved tiltaltes møde i retten skal tiltalte have lejlighed til at angive de beviser, som tiltalte ønsker at føre.

**§ 896 a.** Retten kan uden afholdelse af retsmøde behandle sager, hvor der er udstedt bødeforelæg, hvis

1) det i bødeforelægget er angivet, at den pågældende, hvis bødeforelægget ikke vedtages, eller hvis vedtagelsen tilbagekaldes, jf. § 832 a, stk. 2, uden yderligere varsel kan blive dømt for det forhold, som bødeforelægget angår, uden mulighed for anke, jf. § 902, medmindre den pågældende inden for den frist, der er fastsat i bødeforelægget, har anmodet om, at sagen behandles ved et retsmøde, og

2) den pågældende ikke rettidigt har fremsat anmodning som nævnt i nr. 1.

**§ 897.** Når der ikke under sagen er spørgsmål om højere straf end bøde, skal retten, medmindre omstændighederne taler imod det, behandle sagen, som om tiltalte har tilstået det forhold, som den pågældende er tiltalt for, hvis tiltalte

1) udebliver fra hovedforhandlingen uden oplyst lovligt forfald,

2) nægter at afgive forklaring eller

3) har undladt at anmode om retsmøde, jf. § 896 a.

*Stk. 2.* En dom efter stk. 1 kan udfærdiges ved en påtegning på anklageskriftet.

*Stk. 3.* Hvis sagen behandles i en anden retskreds end den, som tiltalte bor eller opholder sig i, kan retten efter anmodning fra tiltalte, eller hvis tiltalte udebliver, bestemme, at tiltalte skal afhøres ved retten i den kreds, hvor tiltalte bor eller opholder sig.

*Stk. 4.* Hvis der i en sag, hvor der ikke er spørgsmål om højere straf end bøde, for tiltalte møder en person, der har skriftlig fuldmagt fra tiltalte og er villig til at meddele de nødvendige oplysninger, kan retten modtage den mødtes forklaringer og erklæringer og lægge dem til grund for afgørelsen, som om de var afgivet af tiltalte selv.

*Stk. 5.* Skal der afhøres vidner indkaldt af tiltalte i en sag, hvor hverken tiltalte eller en forsvarer er mødt, afhøres vidnerne af retten.

**§ 898.** Møder tiltalte og erkender sig skyldig i det forhold, der er rejst tiltale for, optages sagen til dom, uden at det i reglen er nødvendigt at tilvejebringe yderligere oplysninger.

*Stk. 2.* Nægter tiltalte sig skyldig, eller tilstår tiltalte kun delvis det forhold, der er rejst tiltale for, eller finder retten det i øvrigt nødvendigt, føres bevis i sagen. Er tiltalte uden forsvarer, skal retten undersøge, om yderligere oplysninger bør tilvejebringes, og give tiltalte lejlighed til at komme med anmodninger om sagens behandling.

*Stk. 3.* Bevisførelsen sker for den ret, der behandler sagen, medmindre retten beslutter andet i medfør af §§ 174 og 209. Hvis bevisførelsen ikke kan ske straks, udsætter retten sagen til et senere retsmøde. Retten underretter parterne om tid og

sted for nyt retsmøde og vejleder tiltalte om, at denne ikke kan forvente nogen anden indkaldelse til det nye retsmøde.

**§ 899.** En sag kan afgøres ved, at tiltalte i retten vedtager en nærmere bestemt bøde eller konfiskation af bestemte genstande eller et bestemt beløb, hvis

1) lovovertrædelsen efter loven kan straffes med bøde eller medføre konfiskation,

2) retten ikke finder grund til at betvivle tiltaltes skyld og

3) anklageren giver samtykke.

*Stk. 2.* Lovens fastsættelse af bødens størrelse er ikke bindende ved bødevedtagelse efter stk. 1.

*Stk. 3.* Hvis tiltalte vedtager en bøde eller konfiskation efter stk. 1, tilføres retsbogen oplysninger herom. En vedtagelse har samme virkning som en dom med hensyn til fuldbyrdelse og gentagelsesvirkning.

**§ 900.** En sag kan afgøres ved, at retten tildeler tiltalte en advarsel, hvis

1) retten finder, at tiltalte er skyldig,

2) sagen egner sig til afgørelse ved en advarsel på grund af lovovertrædelsens karakter, herunder navnlig fordi der er tale om et førstegangstilfælde af en ringe forseelse, og

3) tiltalte ikke protesterer.

*Stk. 2.* Oplysning om advarslen tilføres retsbogen.

## Kapitel 81

*(Ophævet)*

## Fjerde afsnit.

*(Ophævet)*

## Femte afsnit.

### Retsmidler mod trufne afgørelser

## Kapitel 82

*Anke til landsretten*

**§ 901.** Byrettens domme i straffesager kan ankes til landsretten af anklagemyndigheden eller af tiltalte i overensstemmelse med reglerne i dette kapitel. Anke sker til den landsret, i hvis kreds byretten ligger. Anken kan ud over dommen omfatte den forudgående behandling af sagen og de afgørelser, der er truffet under sagen.

**§ 902.** Anklagemyndigheden kan kun anke, når der efter loven kan idømmes andre offentligretlige følger end bøde eller konfiskation for lovovertrædelsen.

*Stk. 2.* Tiltalte kan kun anke, når tiltalte har givet møde i byretten og er idømt

1) mere end 20 dagbøder,

2) en bøde på over 6.000 kr.,

3) konfiskation af genstande af tilsvarende værdi eller

4) andre offentligretlige følger.

*Stk. 3.* Hvis sagen er fremmet i medfør af § 855, stk. 3, nr. 4, kan tiltalte anke, selv om tiltalte ikke har givet møde i byretten, hvis betingelserne i stk. 2 i øvrigt er opfyldt.

*Stk. 4.* Afgørelser efter §§ 899 og 900 kan ikke indbringes for højere ret.

**§ 903.** Procesbevillingsnævnet kan tillade anke af domme, der ikke kan ankes efter § 902, stk. 1-3, hvis sagen er af principiel karakter eller særlige grunde i øvrigt taler for det.

*Stk. 2.* Ansøgning om tilladelse til anke skal indgives til Procesbevillingsnævnet inden 14 dage efter dommens afsigelse. Hvis det er tiltalte, der vil anke, beregnes fristen som i § 904, stk. 2 og 3. Procesbevillingsnævnet kan undtagelsesvis meddele tilladelse, hvis ansøgning indgives senere, men inden 1 år efter dommens afsigelse. Hvis det er anklagemyndigheden, der ønsker at anke, skal den samtidig med ansøgningen til Procesbevillingsnævnet sende underretning om ansøgningen til tiltalte. Manglende underretning medfører ikke, at sagen kan afvises.

*Stk. 3.* Reglerne i stk. 1 og 2 finder tilsvarende anvendelse på tilladelse til anke af de afgørelser, der er nævnt i § 902, stk. 4.

*Stk. 4.* Hvis Procesbevillingsnævnet meddeler tiltalte eller anklagemyndigheden tilladelse til anke efter stk. 1 eller 3, indbringer anklagemyndigheden sagen for landsretten. Sagen skal indbringes inden 14 dage efter, at Procesbevillingsnævnet har underrettet anklagemyndigheden om tilladelsen. Hvis det er anklagemyndigheden, der har fået tilladelse til anke, skal anklagemyndigheden forkynde en meddelelse om anke for tiltalte, jf. § 907, stk. 2, inden udløb af den frist, der er anført i 2. pkt.

**§ 904.** Ankefristen er 14 dage og regnes fra dommens afsigelse, jf. dog stk. 2 og 3.

*Stk. 2.* Hvis dommen skal forkyndes efter § 219 a, stk. 5, regnes tiltaltes ankefrist fra forkyndelsen.

*Stk. 3.* Hvis sagen er afgjort efter § 897 og tiltalte ikke var til stede eller gjort bekendt med tidspunktet for dommens afsigelse, regnes tiltaltes ankefrist fra den dag, hvor retten har sendt en udskrift af dommen til tiltalte.

**§ 905.** Er en dom eller afgørelse anket efter §§ 902 eller 903, kan også modparten anke (kontraanke), når en sådan anke iværksættes inden 14 dage efter, at modparten har fået meddelelse om den anden parts anke, jf. dog stk. 2 og 3.

*Stk. 2.* Er en dom eller afgørelse anket af anklagemyndigheden efter § 902, jf. § 904, regnes tiltaltes frist for kontraanke uanset tidspunktet for anklagemyndighedens anke inden for ankefristen fra dagen efter udløb af ankefristen efter § 904, stk. 1.

*Stk. 3.* Hvis tiltalte har fået tilladelse til anke efter § 903, regnes anklagemyndighedens frist for kontraanke fra det tidspunkt, hvor Procesbevillingsnævnet har sendt anklagemyndigheden underretning om tilladelsen.

**§ 906.** Anklagemyndigheden kan anke både til fordel og til skade for tiltalte.

*Stk. 2.* Anke til fordel for tiltalte kan også iværksættes af tiltalte selv eller, hvis tiltalte er under 18 år, af tiltaltes værge.

*Stk. 3.* Hvis tiltalte er død, men forinden er idømt fængselsstraf, kan tiltaltes ægtefælle, slægtninge i op- eller nedstigende linje og søskende anke på tiltaltes vegne. Anklagemyndigheden kan i dette tilfælde også anke en dom til fordel for tiltalte.

*Stk. 4.* Tiltaltes forsvarer for byretten har pligt til efter anmodning at bistå tiltalte med råd om, hvorvidt tiltalte bør anke dommen, og til at bistå tiltalte med at iværksætte anke.

**§ 907.** Vil anklagemyndigheden anke til skade for tiltalte efter § 902, jf. § 904, eller kontraanke til skade for tiltalte over for tiltaltes anke efter samme bestemmelser, skal en meddelelse om anke være landsretten i hænde inden udløb af fristen for anklagemyndighedens anke eller kontraanke. Genpart af ankemeddelelsen sendes så vidt muligt samtidig til tiltalte med Digital Post eller med anbefalet brev og til byretten og tiltaltes forsvarer. Er tiltalte varetægtsfængslet eller undergivet anden foranstaltning, jf. § 769, kan genparten af ankemeddelelsen dog sendes til det varetægtsfængsel (arresthus) eller den institution, hvor tiltalte er anbragt.

*Stk. 2.* Vil anklagemyndigheden i andre tilfælde anke eller kontraanke til skade for tiltalte, skal anklagemyndigheden forkynde en meddelelse om anke for tiltalte inden udløb af fristen for anklagemyndighedens anke eller kontraanke.

*Stk. 3.* Anklagemyndigheden kan iværksætte anke til fordel for tiltalte, selv om ankefristen er udløbet. Sådan anke hindres heller ikke ved, at tiltalte har givet afkald på anke.

*Stk. 4.* Ankemeddelelsen skal indeholde oplysning om, at tiltalte eller forsvareren i givet fald senere vil blive underrettet om tidspunktet for hovedforhandlingen. En kopi af meddelelsen sendes til den byret, hvis afgørelse ankes.

**§ 908.** Vil tiltalte anke, må tiltalte give meddelelse herom inden udløb af ankefristen.

*Stk. 2.* Ankemeddelelsen kan ved personlig henvendelse fremsættes mundtligt til den pågældende byrets retsbog eller til den, som foretager forkyndelsen, og som i så fald skal gøre notat om anken i forkyndelsespåtegningen. Ellers indgives en skriftlig ankemeddelelse til anklagemyndigheden eller til byretten. Ankemeddelelsen skal være underskrevet af tiltalte. Er tiltalte fængslet, kan ankemeddelelsen også fremsættes mundtligt til den byrets retsbog, i hvis kreds fængslet ligger, eller over for fængselsbestyreren, som i så fald skal gøre notat om anken i en dertil indrettet bog. Hvis tiltaltes ankemeddelelse er fremsat til sidstnævnte bog eller til en retsbog eller er indgivet til retten, skal henholdsvis udskrift af tilførslen eller den modtagne ankemeddelelse uden ophold sendes til anklagemyndigheden.

*Stk. 3.* Har tiltalte anket efter § 902, jf. § 904, eller kontraanket over for anklagemyndighedens anke efter samme bestemmelser, sørger anklagemyndigheden for, at en meddelelse med det indhold, der er angivet i § 907, stk. 4, snarest muligt sendes til tiltalte efter fremgangsmåden i § 907, stk. 1. I andre tilfælde gives sådan meddelelse ved forkyndelse efter fremgangsmåden i § 907, stk. 2. Anklagemyndigheden underretter endvidere byretten om anken, medmindre ankemeddelelsen har passeret byretten.

**§ 909.** Afkald på anke kan finde sted, efter at dommen er afsagt. En anke kan frafaldes, så længe landsretten ikke har afsagt dom. Frafaldes anke, efter at hovedforhandling ved landsretten er begyndt, kan landsretten dog alligevel prøve de ankegrunde, som retten af egen drift skal tage i betragtning efter § 927.

**§ 910.** Landsretten afviser en anke, som ikke har fundet sted inden udløb af ankefristen, jf. § 904.

*Stk. 2.* Landsretten kan dog tillade anken, hvis den part, der anker, sandsynliggør, at den pågældende først efter udløb af ankefristen er blevet bekendt med den omstændighed, som anken støttes på, eller at overskridelse af fristen i øvrigt skyldes grunde, som ikke kan tilregnes den pågældende. Ankemeddelelsen skal iværksættes inden 14 dage efter, at den, der anker, er blevet bekendt med ankegrunden, eller efter, at de omstændigheder, som har medført overskridelsen af fristen, ikke længere er til stede. Ankemeddelelsen skal indeholde oplysning om begrundelsen for overskridelsen af fristen.

*Stk. 3.* Har tiltalte iværksat anke (kontraanke) i medfør af § 905, stk. 2, for sent, kan landsretten tillade anken, hvis der er rimelig grund til det.

**§ 911.** Hvis anke er sket inden udløbet af ankefristen, kan dommen ikke fuldbyrdes over for den, som anken vedrører.

*Stk. 2.* Er anke sket efter udløbet af ankefristen, kan landsretten efter anmodning beslutte, at fuldbyrdelse af dommen skal udsættes eller standses. Dette sker i hvert fald, hvis anke tillades efter § 910, stk. 2.

*Stk. 3.* Når en ansøgning efter § 903 er indgivet til Procesbevillingsnævnet, kan landsrettens præsident bestemme, at fuldbyrdelsen skal udsættes eller standses. Dette sker i hvert fald, hvis anke tillades.

**§ 912.** Anke kan støttes på,
1) at byretten har tilsidesat regler for sagens behandling eller anvendt disse forkert,
2) at straffens størrelse ikke står i passende forhold til lovovertrædelsen,
3) at byretten ved afgørelsen af, om tiltalte skal dømmes, har anvendt loven urigtigt, eller
4) at spørgsmålet om, hvorvidt tiltalte skal dømmes, er urigtigt afgjort som følge af fejlagtig bedømmelse af beviserne i sagen.

*Stk. 2.* Tilsidesættelse eller forkert anvendelse af regler for sagens behandling, som retten ikke påser af egen drift, kan kun benyttes som ankegrund efter stk. 1, nr. 1, hvis parten har fremsat indsigelse herom under sagens behandling i byretten.

*Stk. 3.* En anke anses for at omfatte bedømmelsen af beviserne for tiltaltes skyld, jf. stk. 1, nr. 4, medmindre andet fremgår af ankemeddelelsen.

**§ 913.** Den, der anker, skal i ankemeddelelsen anføre, hvad anken støttes på, jf. § 912. Hvor særlige grunde taler for det, kan landsretten give den pågældende adgang til at angive begrundelsen for anken efter ankefristens udløb.

**§ 914.** Når anke er sket, kan modparten anmode landsretten om straks at afvise ankesagen, hvis
1) de frister og fremgangsmåder, der er fastsat i dette kapitel, ikke er overholdt,
2) den, der anker, mangler beføjelse til at anke,
3) den påberåbte ankegrund utvivlsomt ikke kan føre til ophævelse af dommen eller
4) anke er udelukket efter § 902.

*Stk. 2.* Retten kan endvidere afvise sagen af egen drift af de i stk. 1 nævnte grunde.

*Stk. 3.* Afvisning efter stk. 1 eller stk. 2 sker ved kendelse, efter at der er givet den part, der anker, adgang til at udtale sig mundtligt eller skriftligt.

**§ 915.** Hvis landsretten ikke straks afviser anken, beskikker landsrettens præsident en forsvarer for tiltalte, hvis denne ikke selv har valgt en forsvarer.

**§ 916.** Retsmøder, som afholdes inden hovedforhandlingen, er ikke offentlige. Reglerne i § 748 a finder tilsvarende anvendelse.

*Stk. 2.* Anmodninger til retten, som ikke fremsættes mundtligt i et retsmøde, indleveres skriftligt til retten. Er tiltalte fængslet, kan tiltaltes henvendelse til retten fremsættes over for fængselsbestyreren, som skal gøre notat herom i en dertil indrettet bog. Udskrift sendes uden ophold til retten.

**§ 917.** Hvis anken omfatter bedømmelsen af beviserne for tiltaltes skyld, finder en fuldstændig ny hovedforhandling sted for landsretten. Anken forberedes, behandles og afgøres efter reglerne i kapitel 77-79, medmindre andet er bestemt i dette kapitel. Reglerne i §§ 926-930 a finder ikke anvendelse.

*Stk. 2.* Hvis anken ikke omfatter bedømmelsen af beviserne for tiltaltes skyld, behandles sagen efter reglerne i kapitel 78, medmindre andet er bestemt i dette kapitel. § 843 a og § 849 finder tilsvarende anvendelse. Reglerne i § 748 a finder tilsvarende anvendelse under hovedforhandlingen. Reglen i § 854 finder ikke anvendelse.

**§ 918.** Anklagemyndigheden udarbejder en ekstrakt, der skal indeholde
1) udskrift af byrettens dom,
2) udskrift af retsbogen vedrørende hovedforhandlingen ved byretten og
3) de dokumenter, der er nævnt i § 837, stk. 1, og § 839, stk. 1.

*Stk. 2.* Ekstrakten indsendes til landsretten og forsvareren så vidt muligt senest 2 uger før hovedforhandlingen. Hvis sagen behandles efter § 930 a, indsendes ekstrakten til landsretten og forsvareren senest samtidig med anklagerens første procedureindlæg. Landsrettens præsident fastsætter antallet af ekstrakter.

**§ 919.** I sager, hvor anken omfatter beviserne for tiltaltes skyld, udarbejder anklagemyndigheden snarest muligt et anklageskrift. Anklageskriftet skal opfylde kravene i § 834 og skal herudover indeholde en henvisning til byrettens dom.

*Stk. 2.* Er anke sket efter § 902, jf. § 904, sker underretning om anklageskriftet efter fremgangsmåden i § 907, stk. 1. I andre tilfælde forkyndes anklageskriftet for tiltalte.

*Stk. 3.* Forkyndes anklageskriftet inden udløbet af ankefristen, jf. § 904, er anden ankemeddelelse fra anklagemyndigheden ikke nødvendig.

**§ 920.** Hvis en frifindende dom er anket af anklagemyndigheden, kan landsretten afvise anken efter reglen i § 846, hvis retten finder,
1) at sagen ikke er undergivet offentlig påtale,

2)   at det påtalte forhold ikke er strafbart, eller
3)   at strafansvar er bortfaldet ved forældelse.

*Stk. 2.* Udebliver tiltalte uden oplyst lovligt forfald i et tilfælde, hvor dommen er anket af tiltalte, og hvor anken omfatter bevisbedømmelsen, kan retten ved kendelse afvise tiltaltes anke, hvis retten finder, at sagen ikke med nytte kan behandles, uden at tiltalte er til stede.

*Stk. 3.* Retten kan endvidere ved kendelse afvise tiltaltes anke, hvis anklageskrift eller indkaldelse på grund af tiltaltes forhold ikke på sædvanlig måde har kunnet forkyndes for tiltalte.

§ 921. Tiltalte har ret til at deltage i retsmøder vedrørende behandling af anken.

*Stk. 2.* Hvis anken ikke omfatter beviserne for tiltaltes skyld, kan sagen behandles, selv om tiltalte ikke møder. Sagen kan dog kun behandles, hvis tiltaltes forsvarer er mødt.

§ 921 a. Den indankede dom oplæses ved hovedforhandlingens begyndelse, medmindre retten finder det mere hensigtsmæssigt, at anklageren i stedet helt eller delvis redegør for den påankede doms indhold, eller at retten gør sig bekendt med dommens indhold på anden måde.

§ 922. Nye beviser kan føres for landsretten, hvis de vedrører omstændigheder, som retten kan tage stilling til i den pågældende sag.

*Stk. 2.* Anklagemyndigheden sørger for at fremskaffe sådanne beviser og giver straks meddelelse herom til forsvareren. Er der uenighed om, hvorvidt eller på hvilken måde en oplysning skal fremskaffes, eller vil dens fremskaffelse gøre det nødvendigt at udsætte sagen, træffer retten afgørelse. Beslutter retten af egen drift, at nye oplysninger skal fremskaffes, giver den pålæg herom til anklagemyndigheden.

§ 923. Tilførsler til retsbøger om forklaringer afgivet af vidner og skønsmænd under byretsbehandlingen kan ud over i de i § 871 nævnte tilfælde anvendes som bevismiddel, hvis ingen af parterne inden hovedforhandlingen har anmodet om ny afhøring.

§ 924. Hvis kun tiltalte har anket, kan retten ikke idømme en strengere straf end ved byrettens dom.

§ 925. Tilsidesættelse eller forkert anvendelse af regler for sagens behandling skal ikke medføre ophævelse af en anket dom, medmindre det må antages, at overholdelse af den pågældende regel kunne have medført, at sagen fik et andet udfald.

*Stk. 2.* Tilsidesættelse eller forkert anvendelse af regler for sagens behandling, som udelukkende er fastsat af hensyn til tiltalte, kan ikke føre til en ændring af en anket dom til skade for tiltalte.

§ 926. Hvis en part har støttet anken på forhold, der kan føre til, at landsretten afsiger ny realitetsdom, kan modparten, uanset at ankefristen for dennes vedkommende er udløbet, påstå dommen ophævet på grund af fejl, der kan føre til sagens hjemvisning til fornyet behandling. Hvis en part i et sådant tilfælde vil påstå dommen ophævet, må parten give

modparten meddelelse herom og om begrundelsen for påstanden i så god tid før hovedforhandlingen, at modparten får den nødvendige tid til at forberede sig.

*Stk. 2.* Landsretten kan, hvis særlige grunde taler for det, tillade en part at støtte en anke på forhold, som ikke er anført i partens ankemeddelelse, og som ikke er fremsat rettidigt efter § 913 eller efter stk. 1, 2. pkt., og som heller ikke skal tages i betragtning af landsretten af egen drift efter § 927. Retten udsætter sagen, hvis de nye forhold til støtte for anken gør yderligere forberedelse nødvendig for modparten.

§ 927. Landsretten kan i reglen kun afgøre, om dommen skal ændres eller ophæves af den eller de grunde, som er anført til støtte for anken. Herfra gælder dog følgende undtagelser:
1)   Hvis kun fejl ved sagens behandling er anført til støtte for anken, kan retten, når dommen ikke ophæves af denne grund, afgøre, om loven er urigtigt anvendt til skade for tiltalte, eller om den idømte straf er uforholdsmæssig høj.
2)   Når retten i et tilfælde, hvor tiltalte er domfældt, finder, at en væsentlig regel for sagens behandling, som har til formål at beskytte tiltalte, er tilsidesat, kan retten ophæve dommen og hjemvise sagen, hvis retten finder, at den begåede fejl gør domfældelsens rigtighed tvivlsom.

*Stk. 2.* Hvis en dom angår flere tiltalte eller flere lovovertrædelser begået af samme tiltalte, men kun er anket for en eller nogle tiltaltes eller lovovertrædelsers vedkommende, kan landsretten tage et forhold, som er anført til støtte for anken, i betragtning også i forhold til en tiltalt eller en lovovertrædelse, for hvis vedkommende dommen ikke er anket. Det samme gælder de forhold, som landsretten har taget i betragtning af egen drift efter stk. 1.

§ 928. Hvis landsretten kommer til det resultat, at den ankede afgørelse skal ændres, kan retten afsige ny realitetsdom, når det nødvendige grundlag herfor er til stede.

*Stk. 2.* Skal tiltalte i et tilfælde, hvor landsretten vil afsige ny realitetsdom, dømmes efter en straffebestemmelse, som ikke er anvendt i den dom, der er anket, og har anklagemyndigheden heller ikke for landsretten nedlagt påstand om anvendelse af denne bestemmelse, skal der være givet parterne adgang til at udtale sig herom.

§ 929. Finder retten, at den ankede afgørelse skal ændres, men at betingelserne for, at retten kan afsige realitetsdom, ikke er til stede, ophæver retten dommen. Hvis ophævelsesgrunden også helt eller delvis omfatter den behandling, som ligger til grund for dommen, ophæver retten også helt eller delvis denne behandling. Sagen hjemvises til ny behandling ved byretten, hvis den foreliggende fejl ikke er af en sådan karakter, at byretten burde have afvist sagen. Landsrettens hjemvisningsdom skal om nødvendigt angive, fra hvilket punkt den nye behandling skal begynde.

§ 930. Hvis der er afsagt hjemvisningsdom, skal anklagemyndigheden, hvis den ikke frafalder tiltale, snarest muligt på ny indbringe sagen for byretten.

*Stk. 2.* Hvis byretten finder det nødvendigt, kan den beslutte at genoptage behandlingen fra et tidligere punkt end angivet i hjemvisningsdommen. Inden ny dom afsiges, skal parterne have lejlighed til at udtale sig.

*Stk. 3.* Var sagen kun anket fra tiltaltes side, kan strengere straf ikke idømmes end ved den tidligere dom, medmindre betingelserne for genoptagelse er til stede.

**§ 930 a.** Retten kan med parternes samtykke bestemme, at ankesagen afgøres uden mundtlig hovedforhandling, når parterne nedlægger samstemmende påstande. Retten træffer i så fald bestemmelse om parternes udveksling af skriftlige procedureindlæg.

**§ 931.** Ved afstemningen i ankesager, der behandles under medvirken af domsmænd, jf. § 689, stk. 3, har hver dommer og hver domsmand 1 stemme. Hvis der undtagelsesvis kun medvirker 2 dommere, har hver af disse 1½ stemme. På samme måde har hver domsmand 1½ stemme, hvis der undtagelsesvis kun medvirker 2 domsmænd.

*Stk. 2.* Ved afstemningen om skyldsspørgsmålet i ankesager, der behandles under medvirken af nævninger, jf. § 689, stk. 2, har hver dommer og hver nævning 1 stemme. Nævningerne afgiver deres stemme først, idet retsformanden afkræver hver enkel nævning dennes stemme i den rækkefølge, hvori nævningerne er udtaget. Dernæst stemmer dommerne, således at retsformanden afgiver sin stemme sidst. En for tiltalte ugunstig afgørelse af skyldsspørgsmålet kan kun vedtages med mindst 6 stemmer fra nævningerne og mindst 2 stemmer fra dommerne.

*Stk. 3.* Ved afstemningen om sanktionsspørgsmålet i ankesager, der behandles under medvirken af nævninger, jf. § 689, stk. 2, har hver nævning 1 stemme, mens dommerne tilsammen har lige så mange stemmer som nævningerne. Dommerne har indbyrdes lige mange stemmer, medmindre der undtagelsesvis kun medvirker 8 nævninger. I så fald har den efter embedsalder yngste dommer 1 stemme mindre end de øvrige, medmindre der undtagelsesvis kun medvirker 2 dommere. Ved afgørelsen af sanktionen stemmer skiftevis 3 nævninger og 1 dommer, således at nævningerne stemmer først og retsformanden sidst. I øvrigt finder reglerne i §§ 214 og 216 tilsvarende anvendelse på rettens rådslagning og afstemning. Ved lige stemmetal gælder med hensyn til strafudmålingen det for tiltalte gunstigste resultat.

Kapitel 83

*Anke til Højesteret*

**§ 932.** Landsrettens domme i straffesager kan kun ankes med Procesbevillingsnævnets tilladelse. Sådan tilladelse kan meddeles, hvis sagen er af principiel karakter eller særlige grunde i øvrigt taler derfor. Tilladelsen kan begrænses til en del af sagen, herunder med hensyn til de grunde, hvorpå anken kan støttes, jf. § 933, stk. 2, hvis særlige grunde taler for det.

*Stk. 2.* Ansøgning om tilladelse til anke skal indgives til Procesbevillingsnævnet inden 14 dage efter dommens afsigelse. Hvis det er tiltalte, der vil anke, beregnes fristen efter reglerne i § 904, stk. 2 og 3, og § 904, stk. 3, finder tilsva-

rende anvendelse, hvis sagen er behandlet efter § 930 a. Procesbevillingsnævnet kan undtagelsesvis meddele tilladelse, hvis ansøgning indgives senere, men inden 1 år efter dommens afsigelse. Hvis det er anklagemyndigheden, der vil anke, skal den samtidig med ansøgningen til Procesbevillingsnævnet underrette tiltalte om ansøgningen. Manglende underretning medfører ikke, at sagen kan afvises.

*Stk. 3.* Når ansøgning om tilladelse til anke er indgivet, kan Højesteret beslutte, at fuldbyrdelse af dommen skal udsættes eller standses. Dette sker i hvert fald, når anke tillades.

**§ 933.** Ved iværksættelse af anken til Højesteret finder § 903, stk. 4, § 905, stk. 1 og 3, § 906, § 907, stk. 2-4, § 910, stk. 1 og 2, og § 913 tilsvarende anvendelse.

*Stk. 2.* Anke kan ske under henvisning til de grunde, der er nævnt i § 912, stk. 1, nr. 1-3. Reglen i § 912, stk. 2, finder tilsvarende anvendelse.

*Stk. 3.* Sager om opløsning af politiske foreninger kan altid indbringes for Højesteret.

**§ 934.** Så snart anklagemyndigheden har forkyndt ankemeddelelsen for tiltalte eller har modtaget dennes ankemeddelelse med tilhørende begrundelse, indsender anklagemyndigheden sagens akter og en udskrift af hovedforhandlingerne for byret og landsret til Højesteret med de bemærkninger eller anmodninger, som anklagemyndigheden finder nødvendige.

**§ 935.** Højesteret kan straks efter anmodning eller af egen drift ved kendelse afvise anken af de grunde, der er nævnt i § 914, stk. 1, nr. 1-3, eller fordi Procesbevillingsnævnets tilladelse efter § 932 ikke foreligger.

*Stk. 2.* Afviser Højesteret ikke straks anken, beskikker Højesterets præsident en forsvarer for tiltalte, hvis tiltalte ikke selv har valgt en forsvarer.

**§ 936.** Ved Højesterets behandling af anken finder reglerne i §§ 909, 916, 921, 922 og 924-930 a tilsvarende anvendelse.

*Stk. 2.* Skal vidner eller skønsmænd afhøres, kan Højesteret, når retten finder det nødvendigt af hensyn til sagens fuldstændige oplysning, bestemme, at de skal afhøres i Højesteret, jf. §§ 174 og 209. Ellers sker afhøring af vidner eller skønsmænd efter reglerne i kapitel 67 og 68 ved den byret, som Højesteret anmoder herom.

*Stk. 3.* Højesteret kan ligeledes, hvis det findes nødvendigt til sagens fuldstændige oplysning, bestemme, at vidner eller skønsmænd, der har været afhørt tidligere, indkaldes til personlig afhøring under hovedforhandlingen i Højesteret.

**§ 937.** Under hovedforhandlingen har den part, som anker, først ordet. I øvrigt foregår forhandlingen i de former, som Højesteret under iagttagelse af reglerne herom i kapitel 2, 3 og 16 nærmere fastsætter. Reglerne i § 748 a finder tilsvarende anvendelse.

*Stk. 2.* Afhøring af vidner for Højesteret foregår i overensstemmelse med reglerne i §§ 866-869.

**§§ 938-967.** (Ophævet)

Kapitel 84

*(Ophævet)*

Kapitel 85

*Kære til højere ret*

**§ 968.** Kendelser og andre beslutninger afsagt af byretten, som ikke, eller ikke for tiden, kan ankes i medfør af §§ 901-905, kan kæres til landsretten af enhver, over for hvem kendelsen eller beslutningen indeholder en afgørelse, medmindre andet er bestemt i loven.

*Stk. 2.* Personer, der er omfattet af § 172, stk. 1, 2 eller 4, kan med de i stk. 1 angivne indskrænkninger kære kendelser om dørlukning, referatforbud og navneforbud. Kendelser om dørlukning kan dog kun kæres, hvis den kærende har været til stede eller været repræsenteret ved en person som nævnt i 1. pkt. fra samme massemedie i det retsmøde, hvor retten behandlede spørgsmålet.

*Stk. 3.* Domme kan kun kæres i de tilfælde, der er nævnt i § 1013.

*Stk. 4.* Kendelser og andre beslutninger, der afsiges under hovedforhandlingen eller under dennes forberedelse, kan dog, medmindre andet er bestemt i loven, kun kæres, hvis kendelsen eller beslutningen
1) angår sagens berammelse,
2) går ud på, at sagen udsættes, afvises eller hæves,
3) angår fængsling, beslaglæggelse, ransagning eller lignende,
4) angår dørlukning, referat- eller navneforbud, billed- eller lydoptagelse eller tegning,
5) pålægger straf eller omkostninger eller
6) er rettet mod nogen, som ikke er part i sagen.

**§ 968 a.** Kendelser og andre beslutninger, der er afsagt af landsretten under behandling af en ankesag, kan kun kæres til Højesteret af sagens parter eller de personer, der er nævnt i § 968, stk. 2, under tilsvarende betingelser som anført i § 968 og med Procesbevillingsnævnets tilladelse. Sådan tilladelse kan meddeles, hvis kæremålet angår spørgsmål af principiel karakter eller særlige grunde i øvrigt taler derfor.

*Stk. 2.* Ansøgning om tilladelse til kære skal indgives til Procesbevillingsnævnet inden 14 dage efter kendelsens eller beslutningens afsigelse. Er det tiltalte, der vil kære, og har tiltalte ikke været til stede ved afsigelsen, regnes ansøgningsfristen fra forkyndelsen af afgørelsen. Procesbevillingsnævnet kan undtagelsesvis meddele tilladelse, hvis ansøgning indgives senere, men inden 1 år efter kendelsens eller beslutningens afsigelse. Hvis det er anklagemyndigheden, der vil kære, skal den samtidig med ansøgningen til Procesbevillingsnævnet give underretning om ansøgningen til den, som kendelsen eller beslutningen vedrører. Manglende underretning medfører ikke, at sagen kan afvises.

*Stk. 3.* Hvis Procesbevillingsnævnet meddeler tiltalte eller anklagemyndigheden tilladelse til kære efter stk. 1, indbringer anklagemyndigheden sagen for Højesteret. Sagen skal indbringes inden 14 dage efter, at Procesbevillingsnævnet har underrettet anklagemyndigheden om tilladelsen.

*Stk. 4.* Kendelser og andre beslutninger, der er afsagt af landsretten under behandling af en ankesag, og som retter

sig mod nogen, der ikke er part i sagen, kan kæres til Højesteret under tilsvarende betingelser som anført i § 968 uden tilladelse efter stk. 1, jf. dog § 1013, stk. 3.

**§ 969.** Hvor denne lov ikke bestemmer andet, er kæremålsfristen 14 dage, regnede fra afgivelsen af den beslutning, hvorom talen er, dog at bestemmelserne i § 910 finder tilsvarende anvendelse.

*Stk. 2.* Kæremål medfører ikke opsættelse af beslutningens udførelse, medmindre det modsatte bestemmes enten af den ret, som har afgivet beslutningen, eller af den ret, for hvilken kære rejses.

*Stk. 3.* Kære mod afgørelse om, at der skal gives underretning om indgreb i meddelelseshemmeligheden, jf. § 788, eller om, at materiale, der er tilvejebragt ved et sådant indgreb, skal tilintetgøres, jf. § 791, har opsættende virkning.

**§ 970.** Kæremål fremsættes skriftlig for den ret, hvis beslutning påklages, eller erklæres mundtlig til dennes retsbog. Rejses kæremål fra påtalemyndighedens side, lader denne uden ophold samme forkynde for sigtede, og, når nogen anden for det foreliggende spørgsmåls vedkommende er at betragte som modpart, tillige for sidstnævnte, medmindre påtalemyndigheden i retten i den pågældendes overværelse har erklæret at ville rejse sådant kæremål. Rejses kæremål af sigtede eller af nogen, der ikke er part i selve sagen, foranstalter retten under tilsvarende forudsætning påtalemyndigheden såvel som den, der ellers måtte være at betragte som modpart, underrettet om kæremålet.

*Stk. 2.* Er sigtede fængslet, og er der ikke lejlighed for ham til at rejse kæremål til retsbogen overensstemmende med foregående stykke, kan han fremsætte det til den byrets retsbog, i hvis kreds fængslet ligger, eller til fængselsbestyrerens bog, jf. § 848, stk. 2; udskrift af tilførslen bliver da uopholdelig at tilstille den ret, hvis beslutning påklages. Har sigtede forsvarer, er denne pligtig at bistå ham, således som bestemt i § 906, stk. 4.

**§ 971.** For så vidt den ret, hvis beslutning påkæres, ikke i medfør af § 222 eller § 178 omgør beslutningen således, at øjemedet med kæremålet dermed er opnået, indsender den uden ophold kæremålet til den overordnede ret, ledsaget af de fornødne udskrifter og andre dokumenter, disse sidste i bekræftede afskrifter, for så vidt originalerne ikke kan undværes, samt efter omstændighederne af de bemærkninger, hvortil der fra rettens side måtte findes anledning.

*Stk. 2.* Såvel den, der har rejst kæremål, som modparten kan indgive skriftlige udtalelser om sagen til den overordnede ret; herved gælder det samme, som i foregående paragrafs to sidste punktummer er bestemt om selve kæremålet.

**§ 972.** Den overordnede ret er ikke bundet ved den bedømmelse af de faktiske omstændigheder, hvorpå den påklagede beslutning er grundet. Finder den overordnede ret, at der skal indhentes nye oplysninger, giver retten pålæg herom til anklagemyndigheden. Reglen i § 922 finder herved tilsvarende anvendelse. Angår kæremålet en kendelse eller beslutning, der er truffet af en anden byret end den, hvor hovedforhandlingen i øvrigt foregår, kan landsretten give på-

læg om tilvejebringelse af nye oplysninger umiddelbart til den ret, hvis kendelse eller beslutning er kæret.

*Stk. 2.* Når særlige grunde findes at tale derfor, kan den overordnede ret undtagelsesvis på begæring eller af egen drift anordne mundtlig forhandling; forsvarer bliver i så fald altid at beskikke, medmindre sigtede selv har antaget en forsvarer, eller den forsvarer, som allerede er beskikket for ham, er beføjet til at møde for den overordnede ret og erklærer sig villig hertil. Reglerne i § 748 a finder tilsvarende anvendelse.

*Stk. 3.* Rettens afgørelse træffes ved kendelse og meddeles uden ophold alle vedkommende.

**§ 973.** Landsrettens afgørelse i en kæresag kan kun kæres til Højesteret med Procesbevillingsnævnets tilladelse. Sådan tilladelse kan meddeles, hvis kæremålet angår spørgsmål af principiel karakter eller særlige grunde i øvrigt taler derfor. Tilladelsen kan begrænses til en del af sagen, hvis særlige grunde taler for det. Reglerne i § 968 a, stk. 2 og 3, finder tilsvarende anvendelse.

**§ 973 a.** Omgørelse af en kendelse om dørlukning, der er kæret efter § 968, stk. 2, 1. pkt., eller § 968 a, stk. 1, er uden retsvirkning for det retsmøde, der er afholdt i den ret, hvis afgørelse er kæret.

**§ 974.** Beslutninger vedrørende forberedelsen af et kæremåls forhandling kan i lignende omfang som bestemt for ankesagers vedkommende træffes af rettens formand.

Kapitel 86

*Genoptagelse*

**§ 975.** Når retsforfølgning frafaldes, efter at tiltale er rejst, uden at der afsiges dom i sagen, kan ud over det i § 724, stk. 2, nævnte tilfælde tiltale kun rejses, når nye beviser af vægt senere kommer for dagen, eller de i § 976 angivne betingelser er til stede.

**§ 976.** Genoptagelse af en sag, som er pådømt ved Højesteret eller landsret, og hvorunder tiltalte er frifundet, kan finde sted efter rigsadvokatens begæring:

1) når han ifølge en tilståelse, tiltalte senere har afgivet, eller ander beviser, der senere er kommet for dagen, må antages, at han har begået forbrydelsen;

2) når falske forklaringer eller erklæringer er afgivne under sagen af vidner eller skønsmænd, eller falske eller forfalskede dokumenter er benyttede under samme, eller noget strafbart forhold, sigtende til at påvirke eller bestemme sagens udfald, er udvist enten af tiltalte eller af nogen, der i medfør af sit embede eller offentligt hverv har medvirket ved sagens behandling, og der efter omstændighederne er god grund til at antage, at sådant har bevirket eller medvirket til, at tiltalte har undgået domfældelse.

*Stk. 2.* Under tilsvarende betingelser kan genoptagelse finde sted, hvor tiltalte påstås at have gjort sig skyldig i en væsentlig større forbrydelse end den, hvorfor han er domfældt.

**§ 977.** På begæring af en domfældt kan genoptagelse af en ved Højesteret eller ved en landsret pådømt sag finde sted:

1) når nye oplysninger tilvejebringes, og det skønnes antageligt, at disse, om de havde foreligget under sagen, kunne have bevirket frifindelse eller anvendelse af en væsentlig mildere straffebestemmelse;

2) når noget sådant forhold oplyses som ommeldt i § 976, stk. 1, nr. 2, og det skønnes antageligt, at sådant kan have bevirket eller medvirket til domfældelsen;

3) når der i øvrigt foreligger særlige omstændigheder, der gør det overvejende sandsynligt, at de foreliggende bevisligheder ikke har været rigtigt bedømt.

*Stk. 2.* Bestemmelserne i § 906, stk. 2 og 3, 1. pkt., finder her tilsvarende anvendelse.

*Stk. 3.* Kommer omstændigheder, som antages at give tiltalte eller andre på hans vegne føje til at andrage på sagens genoptagelse, til rettens eller anklagemyndighedens kundskab, bør de derom underrette vedkommende.

**§ 978.** Genoptagelse kan ikke finde sted, så længe anke i medfør af lovens almindelige regler står åben, eller så længe en rejst ankesag henstår uafgjort.

*Stk. 2.* At straffen er udstået, er ikke til hinder for genoptagelse.

**§ 979.** Begæring om genoptagelse fremsættes for Den Særlige Klageret. I de i § 977, stk. 1, nr. 3, omhandlede tilfælde må begæringen fremsættes inden 5 år efter dommens afsigelse; har domfældte i medfør af dommen været underkastet frihedsberøvelse, kan begæring om genoptagelse dog altid fremsættes indtil 2 år efter hans løsladelse.

*Stk. 2.* Begæringen indgives skriftlig og må angive de omstændigheder, hvorpå den støttes, og de beviser, som formenes at skulle give sagen et andet udfald. Er tiltalte fængslet, kan hans begæring fremsættes overensstemmende med § 848 til byrettens retsbog eller fængselsbestyrerens bog. Er begæringen støttet på nogen sådan grund som nævnt i § 976, stk. 1, nr. 2, jf. § 977, stk. 1, nr. 2, må den så vidt muligt være ledsaget af udskrift af en over den pågældende afsagt straffedom. Udskrift af den tidligere dom bør medfølge.

**§ 980.** Findes i begæringen ingen grund opgivet, som efter loven kan bevirke genoptagelse, eller findes de påberåbte omstændigheder eller bevisligheder åbenbart betydningsløse, kan retten straks ved kendelse afvise begæringen.

*Stk. 2.* Finder retten ikke anledning til sådan afvisning, giver den, for så vidt der ikke allerede med begæringen er forelagt den en erklæring fra modparten, som efter omstændighederne skønnes fyldestgørende, denne lejlighed til at udtale sig skriftlig eller mundtlig.

**§ 981.** Finder retten, at yderligere oplysninger bør tilvejebringes, inden afgørelse træffes om, hvorvidt genoptagelse bør finde sted, giver den, for så vidt den ikke selv vil foranstalte disse tilvejebragt, de i så henseende fornødne pålæg. Skal vidner eller tiltalte afhøres, sker afhøringen efter reglerne i kapitel 67 og 68, medmindre retten anser det nødvendigt til sagens fuldstændige oplysning selv at modtage de pågældende forklaringer.

*Stk. 2.* Hvor begæringen om genoptagelse er støttet på, at et sådant strafbart forhold er begået som nævnt i § 976, stk. 1, nr. 2, jf. § 977, stk. 1, nr. 2, men en straffesag, som derom er rejst, endnu ikke er afsluttet, bliver, om fornødent, afgørelsen at udsætte, indtil sådan straffesag er endt.

*Stk. 3.* Beslutninger vedrørende forberedelsen af forhandlingen af en begæring om genoptagelse kan i lignende omfang som bestemt for ankesagers vedkommende træffes af rettens formand.

**§ 982.** Retten afgør ved kendelse, om begæringen skal tages til følge eller forkastes; tages den til følge, går kendelsen ud på, at ny hovedforhandling skal finde sted. Er domfældte død, skal retten altid uden ny hovedforhandling enten forkaste begæringen om genoptagelse eller afsige dom, hvorved den ældre dom ophæves.

**§ 983.** Den nye hovedforhandling foregår ved den landsret, som tidligere har dømt i sagen. Den forberedes og fremmes overensstemmende med de almindelige om hovedforhandling for landsret givne regler; om nævninger skal medvirke, bestemmes efter reglerne i § 689.

**§ 984.** Hvor genoptagelse er tilstået alene efter begæring af domfældte eller nogen af de i § 906, stk. 2 og 3, 1. pkt., nævnte personer, må den nye dom ikke i noget punkt afvige fra den tidligere dom til skade for ham. I andre tilfælde må sådan afvigelse ikke ske for de punkters vedkommende, som ikke berøres af genoptagelsesgrunden.

**§ 985.** Den Særlige Klagerets kendelse, hvorved genoptagelse tilstås eller nægtes, er endelig og upåankelig.

**§ 985 a.** Den Særlige Klageret kan efter rigsadvokatens begæring tillade, at retsforfølgning i en sag, som er pådømt ved en domstol uden for den danske stat, og hvor tiltalte er frifundet, finder sted her i landet, når betingelserne i § 976, stk. 1, nr. 1, er opfyldt.

*Stk. 2.* § 979, stk. 2, 1. og 4. pkt., § 980, § 981, stk. 1 og 3, § 982, 1. pkt., og § 985 finder tilsvarende anvendelse.

*Stk. 3.* Sagen behandles ved byretten efter de almindelige regler om hovedforhandling i 1. instans.

**§ 986.** Begæring om genoptagelse medfører ikke udsættelse eller standsning af dommens fuldbyrdelse, medmindre retten bestemmer det modsatte; det samme gælder om beslutning om genoptagelse, der træffes i henhold til § 976. Er genoptagelse besluttet i henhold til § 977, bliver fuldbyrdelsen altid at udsætte eller standse, hvis domfældte begærer det.

**§ 987.** Er en udebleven tiltalt blevet domfældt, uden at anke efter reglerne i kapitel 82 kan finde sted, kan domfældte begære sagen genoptaget til ny forhandling, når den pågældende godtgør, at have haft lovligt forfald og ved ham utilregnelige omstændigheder har været forhindret fra i tide at anmelde dette, eller at stævningen ikke rettidigt er kommet til domfældtes kundskab. Begæringen må fremsættes over for den ret, som har afsagt dom i sagen, inden sådan frist som bestemt i § 904, jf. § 910. Reglerne i §§ 979, stk. 2,-982 finder tilsvarende anvendelse. Nægtes genoptagelse, kan

spørgsmålet indbringes for Den Særlige Klageret efter reglerne om kære til Højesteret.

*Stk. 2.* Er en tiltalt blevet domfældt uden retsmøde efter § 897, stk. 1, nr. 3, kan domfældte begære sagen genoptaget til forhandling, når domfældte godtgør at have været forhindret i at anmode om et retsmøde på grund af omstændigheder, som ikke kan tilregnes den pågældende, eller at bødeforelægget ikke rettidigt er kommet til domfældtes kundskab. Reglerne i stk. 1, 2.-4. pkt., finder tilsvarende anvendelse.

*Stk. 3.* Hvis sagen i medfør af § 855, stk. 3, nr. 4, er fremmet i tiltaltes fravær, kan domfældte begære sagen genoptaget til ny forhandling, hvis domfældte er afskåret fra at anke dommen i medfør af § 902, stk. 3, jf. stk. 2, eller hvis den domfældte godtgør at have haft lovligt forfald og ved ham utilregnelige omstændigheder har været forhindret fra i tide at anmelde dette, eller at stævningen ikke rettidigt er kommet til domfældtes kundskab. Begæringen må fremsættes over for den ret, som har afsagt dom i sagen, inden 14 dage fra dommens forkyndelse efter § 219 a, stk. 5. Retten kan undtagelsesvis genoptage sagen, hvis begæring indgives senere, men inden 1 år efter dommens forkyndelse. Reglerne i stk. 1, 3. og 4. pkt., finder tilsvarende anvendelse.

*Stk. 4.* Udebliver domfældte under den nye hovedforhandling, hæver retten ved kendelse sagen, og den afsagte dom bliver stående ved magt.

*Stk. 5.* Under de i stk. 1, 1. pkt., anførte betingelser kan tiltalte begære genoptagelse af en ankesag, som er afvist på grund af hans udeblivelse. Er en anke afvist i medfør af § 920, stk. 3, kan tiltalte begære genoptagelse, når han godtgør, at det skyldes ham utilregnelige omstændigheder, at anklageskrift eller stævning ikke på sædvanlig måde har kunnet forkyndes for ham. Begæring om genoptagelse må fremsættes over for den ret, der har afvist anken. I øvrigt finder bestemmelserne i stk. 1, 2.- 4. pkt., tilsvarende anvendelse.

**§ 988.** Hvis en straffesag genoptages i medfør af § 987, stk. 3, kan tilførsler til retsbogen om forklaringer afgivet af vidner og skønsmænd under den forudgående behandling foruden i de i § 871 nævnte tilfælde anvendes som bevismiddel, hvis ingen af parterne inden hovedforhandlingen har anmodet om fornyet afhøring.

### Sjette afsnit.

### Regler om behandlingen af private straffesager og om forfølgning af borgerlige krav under straffesager

Kapitel 87

*(Ophævet)*

Kapitel 88

*Regler om behandlingen af private straffesager*

**§ 989.** Straffesager, der påtales af private, behandles efter reglerne om den borgerlige retspleje, jf. dog § 990.

**§ 990.** Når nogen ved en byrets dom i en sag, hvorunder en privat sagsøger i den borgerlige retsplejes former har påtalt en forbrydelse, som er undergivet privat påtale, er dømt

til fængsel, kan han rejse anke overensstemmende med de regler, som gælder i offentlige sager. Statsadvokaten har da overensstemmende med reglerne i kapitel 82 at indbringe sagen for landsretten, hvor ankesagen forberedes og behandles efter de for offentlige sager gældende regler. Statsadvokaten lader meddelelse om ankesagen forkynde for den private sagsøger, der har adgang til at slutte sig til forfølgningen for landsretten overensstemmende med bestemmelserne i § 727. Finder statsadvokaten, at en offentlig interesse kræver, at en byrets dom i en privat forfulgt straffesag (jf. 1. pkt.) gøres til genstand for påanke, kan han af egen drift iværksætte sådan, og foranstående regler finder da tilsvarende anvendelse.

*Stk. 2.* Foranstående regler finder tilsvarende anvendelse, hvor en landsrets dom i en privat straffesag kan påankes til Højesteret i medfør af reglerne i § 371 eller § 932.

*Stk. 3.* Den private sagsøger kan uanset denne sin stilling afhøres som vidne i sagen.

Kapitel 89

*Påtale af borgerlige krav under straffesager*

§ 991. I sager, som behandles efter kapitel 80 uden medvirken af domsmænd, kan der tilkendes den forurettede erstatning hos tiltalte for den ved forbrydelsen voldte skade, når den pågældende har fremsat begæring herom for retten. Der skal gives den forurettede lejlighed til at fremsætte erstatningskrav, for så vidt sagen efter sin beskaffenhed giver anledning hertil.

*Stk. 2.* I andre offentlige straffesager påhviler det anklagemyndigheden efter den forurettedes begæring at forfølge borgerlige krav, såfremt dette kan ske uden væsentlig ulempe.

*Stk. 3.* Særlige beviser vedrørende borgerlige krav i en nævningesag skal angives i bevisfortegnelsen, jf. §§ 837 og 839.

*Stk. 4.* Retten kan på ethvert trin nægte et borgerligt kravs forfølgning under straffesagen, når den finder, at dets behandling under denne ikke kan ske uden væsentlig ulempe.

*Stk. 5.* Den forurettede kan på ethvert trin indtil sagens optagelse til dom tage sin begæring efter nærværende paragrafs første og andet stykke tilbage men forbehold af adgang til at påtale kravet i den borgerlige retsplejes former.

§ 992. Finder retten, at de oplysninger, der foreligger til støtte for en påstand, som er fremsat i henhold til de foregående paragraffer, er ufuldstændige, eller at den domfældelse eller frifindelse, som finder sted for straffespørgsmålets vedkommende, ikke vil medføre en afgørelse i samme retning af den heromhandlede påstand, bliver denne ikke at tage under påkendelse.

*Stk. 2.* I ethvert tilfælde, hvor retten ikke har påkendt et under sagen påtalt borgerligt krav, står det den forurettede frit for at påtale dette i den borgerlige retsplejes former.

§ 993. Størrelsen af den erstatning, som tilkendes den forurettede, fastsættes af retten. Ved stemmegivningen om erstatningens størrelse bliver den sum gældende, som har over

halvdelen af stemmerne for sig, når dertil medregnes de stemmer, som er afgivne for et højere beløb.

§ 994. I sager, som forfølges af den forurettede, gøres borgerlige krav gældende på samme måde som påstanden om straf.

§ 995. Påankes dommen for straffepåstandens vedkommende, bliver også dens afgørelse vedrørende de under straffesagen påtalte borgerlige krav at prøve af den overordnede ret, for så vidt den afgørelse, der træffes for straffepåstandens vedkommende, må bestemme afgørelsen med hensyn til bemeldte krav. Ellers omfatter den overordnede rets prøvelse ikke de borgerlige krav, medmindre disse udtrykkelig er inddragne under anken, jf. dog næstsidste stykke.

*Stk. 2.* Også i henseende til anke har påtalemyndigheden at varetage den forurettedes tarv, når fornøden begæring fra denne foreligger. Reglerne i § 991, stk. 4, og § 992 finder også her tilsvarende anvendelse.

*Stk. 3.* Ved påanke, der omfatter også bevisbedømmelsen, bliver de for den underordnede ret rejste borgerlige krav at undergive den overordnede rets prøvelse, når ikke både tiltalte og den forurettede udtrykkelig har frafaldet dette; sådanne krav kan derhos i dette tilfælde fra nyt af inddrages under sagen i samme udstrækning, som om sagen var indbragt for vedkommende overordnede ret som første instans.

*Stk. 4.* Kære finder ikke sted over for rettens beslutninger vedrørende borgerlige krav.

§ 995 a. Retten kan give den forurettede fri proces, når det skønnes nødvendigt med advokatbistand ved opgørelsen af erstatningskravet og den forurettede opfylder de økonomiske betingelser efter § 325.

*Stk. 2.* Når omstændighederne taler for det, kan retten i sager, hvor en person er afgået ved døden som følge af en forbrydelse, beskikke en advokat for de pårørende til at bistå med opgørelsen af erstatningskrav.

§ 996. Over for rettens afgørelse angående et ved dommen påkendt borgerligt krav står særskilt anke i den borgerlige retsplejes former såvel tiltalte som den forurettede åben, når afgørelsen ville kunne påankes efter reglerne om den borgerlige retspleje.

§ 996 a. Under straffesager vedrørende forhold, der giver grundlag for omstødelse af ægteskab efter § 23 i lov om ægteskabs indgåelse og opløsning, skal påtalemyndigheden efter anmodning fra Familieretshuset nedlægge påstand om ægteskabets omstødelse. Bestemmelserne i §§ 991-996 finder tilsvarende anvendelse.

Syvende afsnit.

**Fuldbyrdelsen af domme i straffesager**

Kapitel 90

§ 997. Politidirektøren drager omsorg for straffedommes fuldbyrdelse såvel i henseende til straf som i henseende til dommens øvrige bestemmelser, derunder erstatning til den skadelidte, for så vidt denne begærer det. Han står herved

under statsadvokatens overtilsyn. Bøder, sagsomkostninger og konfiskationsbeløb inddrives dog af restanceinddrivelsesmyndigheden.

*Stk. 2.* Erstatning, der under straffesagen er tilkendt nogen, samt andre ydelser, der ved dommen er pålagt den skyldige, inddrives efter de i bogen om den borgerlige retspleje foreskrevne regler. For konfiskation gælder endvidere reglerne i § 90, stk. 2 og 3, § 91, stk. 2 og 3, § 92 og § 111, stk. 2 og 3, i lov om fuldbyrdelse af straf m.v.

*Stk. 3.* I domme, hvorved nogen tilholdes at opfylde en forpligtelse mod det offentlige, kan som tvangsmiddel fastsættes en fortløbende bøde, der tilfalder statskassen.

**§ 998.** Opstår der med hensyn til dommens fortolkning eller i andre henseender, jf. dog § 112, nr. 1, i lov om fuldbyrdelse af straf m.v., tvist mellem politidirektøren eller den denne overordnede myndighed og den, over for hvem der er spørgsmål om at fuldbyrde en straffedom, bliver spørgsmålet på dennes begæring at forelægge den ret, som har afsagt dom i sagen i første instans, men uden at den af statsadvokaten eller politidirektøren anordnede fuldbyrdelse af den grund behøver at udsættes, medmindre retten beslutter det.

*Stk. 2.* Rettens afgørelse træffes ved kendelse. Drejer tvisten sig om, hvorvidt den, over for hvem der er spørgsmål om at fuldbyrde straffen, er den domfældte, skal mundtlig forhandling og bevisførelse finde sted i et offentligt retsmøde, i hvilket den pågældende er til stede. I anden tilfælde træffes afgørelsen, efter at der, så vidt fornødent, er givet parterne lejlighed til at udtale sig mundtlig eller skriftlig.

*Stk. 3.* Byrettens afgørelse af det i foregående stykkes andet punktum nævnte spørgsmål kan påankes til landsretten. I øvrigt kan de i medfør af nærværende paragraf trufne afgørelser alene være genstand for kære.

**§ 999.** En straffedom kan ikke fuldbyrdes, før fristen for anke efter lovens almindelige regel er udløbet, eller ankeafkald er meddelt.

*Stk. 2.* Er domfældte varetægtsfængslet efter straffedommen, skal dommen fuldbyrdes, så snart det kan konstateres, at dommen er endelig.

*Stk. 3.* Er der grund til at antage, at den dømte vil forlade landet, inden fuldbyrdelse kan ske efter stk. 1, eller på anden måde søge at unddrage sig fuldbyrdelse, kan det i en bødedom bestemmes, at bøden straks kan inddrives, medmindre der stilles sikkerhed for dens betaling.

*Stk. 4.* For bødedomme, som ikke kan ankes, og bødeafgørelser efter § 899 gælder en fuldbyrdelsesfrist på 3 dage, medmindre en længere frist fastsættes i medfør af borgerlig straffelov. Fristen beregnes på den i § 904 angivne måde. Under tilsvarende omstændigheder som angivet i stk. 3 kan politidirektøren straks lade afgørelsen fuldbyrde, medmindre der stilles sikkerhed for bødens betaling.

*Stk. 5.* Med hensyn til erstatning, som er tilkendt ved en straffedom, gælder den i § 480, stk. 1, fastsatte fuldbyrdelsesfrist.

**§§ 1000-1001.** (Ophævet)

**§ 1002.** Efter at dom er afsagt, finder reglerne i kapitel 74 om beslaglæggelse til sikkerhed for det offentliges krav på

sagsomkostninger, krav på konfiskation efter straffelovens § 75, stk. 1, 1. pkt., 2. led, og 2. pkt., og stk. 3, og § 76 a, stk. 5, bødekrav eller forurettedes krav på erstatning i sagen tilsvarende anvendelse. Endvidere finder reglerne om ransagning i kapitel 73 og reglerne om edition i kapitel 74 tilsvarende anvendelse, hvis der er bestemte grunde til at antage, at der ved ransagning eller edition kan findes genstande eller værdier, som kan beslaglægges efter 1. pkt. Afgørelser efter 1. eller 2. pkt. træffes af den ret, som har afsagt dommen i 1. instans. I forbindelse med afgørelse om beslaglæggelse efter 1. pkt. skal der træffes afgørelse om, hvordan det beslaglagte skal anvendes, jf. 807 d, stk. 2 og 3.

*Stk. 2.* Har den, som er idømt ubetinget fængsel i 8 måneder eller mere, unddraget sig straffuldbyrdelsen, kan hans formue beslaglægges efter reglerne i kapitel 74. Foruden i de i § 807 d, stk. 5, nævnte tilfælde bortfalder beslaglæggelsen, når der er gået 10 år fra dommens afsigelse, medmindre retten efter begæring undtagelsesvis beslutter at opretholde den.

**§§ 1003-1005.** (Ophævet)

**§ 1006.** Ovenstående regler finder med de af forholdets natur eller særlige forskrifter følgende lempelser også anvendelse ved fuldbyrdelsen af kendelser, hvorved retten har pålagt vidner eller andre straf.

*Stk. 2.* Fuldbyrdelse af de i § 178 omtalte kendelser kan dog først finde sted, når fristen til at fremsætte begæring om kendelsens ophævelse i henhold til § 178 er forløbet, eller retten har nægtet at efterkomme en sådan begæring.

<div align="center">

**Ottende afsnit.**

**Sagsomkostninger m.v. i straffesager**

Kapitel 91

*Sagsomkostninger*

</div>

**§ 1007.** I straffesager, som forfølges af en offentlig myndighed, udredes omkostningerne ved sagens behandling og straffens fuldbyrdelse af det offentlige med forbehold af ret til at få dem erstattet efter nedenstående regler.

*Stk. 2.* Vederlag til en valgt forsvarer vedkommer ikke det offentlige; dog kan retten undtagelsesvis, når det efter sagens særlige omstændigheder findes rimeligt, at sigtede har valgt den pågældende til forsvarer, hos det offentlige tilkende denne et beløb, der ikke kan overstige, hvad der i sagen ville være blevet tilkendt en beskikket forsvarer. Udgifter, der foranlediges ved skridt, som en tredjemand foretager i sin interesse, er ligeledes det offentlige uvedkommende. Det samme gælder udgifter i anledning af beviser, som sigtede fremskaffer uden rettens foranstaltning; dog kan retten undtagelsesvis pålægge det offentlige at afholde sådanne udgifter helt eller delvis, når sigtede skønnes at have haft rimelig grund til at fremskaffe beviserne. Om udgifter, som udredes af det offentlige i medfør af dette stykke, gælder samme forbehold som i stk. 1 nævnt.

**§ 1007 a.** Er sigtede udeblevet trods lovlig indkaldelse og uden oplyst lovligt forfald, og fremmes hovedforhandlingen ikke til dom i tiltaltes fravær, jf. § 855, stk. 3, eller § 897,

stk. 1, nr. 1, skal sigtede erstatte det offentlige de nødvendige udgifter, som er medgået til behandlingen af det pågældende retsmøde.

**§ 1008.** Findes sigtede skyldig, eller kendes han ved dom uberettiget til oprejsning i anledning af strafferetlig forfølgning, er han pligtig til at erstatte det offentlige de nødvendige udgifter, som er medgået til sagens behandling. Justitsministeren kan fastsætte takster til brug ved opgørelsen af det beløb, som sigtede skal betale til dækning af udgifter til sagkyndig bistand ved sagens behandling.

*Stk. 2.* Har undersøgelsen været rettet på en anden forbrydelse end den eller på andre forbrydelser foruden den, for hvilken tiltalte dømmes, er han ikke pligtig til at erstatte de derved foranledigede yderligere omkostninger (jf. dog § 1010); kan en sondring ikke ske, bestemmer retten, om og hvor stort et afdrag der bør gøres.

*Stk. 3.* Udgifter, der er foranledigede ved anke, kære eller begæring om en genoptagelse, bliver ikkun da at udrede af tiltalte, når disse skridt enten har ført til et for ham ugunstigere udfald eller er iværksat af ham selv og ikke har ført til forandring til hans fordel. Er anke rejst eller genoptagelse begæret af nogen af de i § 906, stk. 3, 1. pkt., nævnte personer, er den pågældende under tilsvarende betingelser pligtig at erstatte de derved forvoldte udgifter.

*Stk. 4.* Omkostninger, som er forårsagede ved andres fejl eller forsømmelser, bør ikke falde domfældte til last. Retten kan også i dommen begrænse omkostningsansvaret, når den finder, at dette ellers ville komme til at stå i åbenbart misforhold til domfældtes skyld og vilkår, herunder når domfældte er omfattet af straffelovens § 16 eller § 69 og idømmes foranstaltninger efter straffelovens § 68 eller § 70.

*Stk. 5.* Rejsegodtgørelser og dagpenge til landsrettens personale i anledning af rettens møder uden for dens hovedsæde, rejsegodtgørelser og dagpenge til nævninger og domsmænd, rejsegodtgørelser og dagpenge til statsadvokaten, som foranlediges ved, at denne har embedskontor på et andet sted end det, hvor retten holdes, falder ikke domfældte til last.

**§ 1009.** Dømmes flere tiltalte som meddelagtige i den samme handling, har enhver især af dem at erstatte de udgifter, som hidrører fra forhold, der alene vedrører ham. Med hensyn til andre omkostninger pålægger retten de enkelte deltagere at udrede en i forhold til graden af deres deltagelse bestemt andel og kan tillige bestemme, at alle eller enkelte deltagere skal hæfte solidarisk.

**§ 1010.** Frifindes tiltalte, eller endes sagen i øvrigt uden at have ført til sigtedes domfældelse, påhviler der ham ingen pligt til at udrede omkostninger, undtagen for så vidt disse måtte være forårsagede ved hans tilregnelige og retsstridige handlinger eller undladelser, eller for så vidt § 1007 a finder anvendelse.

*Stk. 2.* Justitsministeren fastsætter regler om godtgørelse for udgifter til befordring til og fra retten til tiltalte, der frifindes.

**§ 1011.** Er straffesagen foranlediget ved tilregnelige og retsstridige handlinger af andre end sigtede, eller er særegne udgifter forårsagede ved sådanne handlinger eller undladelser, påhviler der den pågældende erstatningspligt for de omkostninger, hans forhold har medført.

*Stk. 2.* Overensstemmende hermed kan det af den overordnede ret, til hvilken anke har fundet sted, pålægges en dommer at bære omkostninger, efter at der er givet ham lejlighed til at fremføre sit forsvar.

*Stk. 3.* Bortfalder en straffesag, hvis offentlig forfølgning er betinget af den forurettedes begæring, fordi denne tager sin begæring tilbage, kan han efter statsadvokatens eller politidirektørens påstand tilpligtes at erstatte det offentlige de dette påførte udgifter.

**§ 1012.** Om erstatning af omkostninger træffer retten afgørelse ved dommen eller, når sagen endes uden dom, ved kendelse.

*Stk. 2.* Er spørgsmålet om erstatning af omkostninger ved enkelte retshandlinger eller afsnit i sagens behandling uafhængigt af sagens udfald, kan der straks derom træffes afgørelse ved kendelse.

*Stk. 3.* Tredjemand, hvem det pålægges at erstatte omkostningerne, bør der forinden være givet lejlighed til at udtale sig herom, for så vidt ikke særegne forskrifter er givne, såsom med hensyn til udeblevne vidner.

*Stk. 4.* I sager, der afgøres efter § 899 eller med udenretlig vedtagelse i medfør af § 832 eller færdselslovens § 119 a, kan tillige spørgsmålet om erstatning af omkostninger afgøres med vedtagelse. Omkostninger, der er vedtaget, kan inddrives efter samme regler, som gælder for afgørelser om omkostninger, der er truffet ved dom.

**§ 1013.** Når en dom er påanket, prøver den overordnede ret omkostningsspørgsmålet, for så vidt dettes afgørelse afhænger af ankens udfald, eller det særlig er inddraget under anken. En tilsvarende regel gælder, når kæremål rejses mod en kendelse, der har pålagt erstatning af omkostninger i forbindelse med straf eller lignende følger. I andre tilfælde kan kæremål rejses mod rettens afgørelse af omkostningsspørgsmålet, når afgørelsen er uafhængig af sagens udfald, og de pålagte omkostningers beløb kan antages at ville overstige 40 kr.

*Stk. 2.* Foranstående regler gælder også med hensyn til fastsættelse af vederlag til offentlige anklagere, hvor derom bliver spørgsmål, og til forsvarere.

*Stk. 3.* Landsrettens afgørelser om vederlag til forsvarere kan ikke kæres. Procesbevillingsnævnet kan dog meddele tilladelse til, at afgørelsen kæres til Højesteret, hvis kæremålet angår spørgsmål af principiel karakter eller andre særlige grunde i øvrigt taler for det. Reglerne i § 968 a, stk. 2 og 3, finder tilsvarende anvendelse.

*Stk. 4.* Pålagte omkostninger kan af restanceinddrivelsesmyndigheden inddrives efter reglerne i § 90, stk. 2 og 3, § 91, stk. 2 og 3, § 92 og § 111, stk. 2 og 3, i lov om fuldbyrdelse af straf m.v.

**§ 1014.** For så vidt der i straffesager bliver spørgsmål om afgifter til statskassen, kan fri proces meddeles overensstemmende med reglerne i kap. 31.

10. september 2019.   150   Nr. 938.

**§ 1014 a.** I sager om ændring eller ophævelse af foranstaltninger, jf. straffelovens § 72, betaler det offentlige udgifterne ved sagens behandling.

*Stk. 2.* Retten kan pålægge den dømte helt eller delvis at betale sagens omkostninger, når der efter den dømtes forhold og sagens omstændigheder i øvrigt er særlig anledning til det.

## Kapitel 92

### Offentlig omtale m.v. af straffesager

**§§ 1015-1016.** (Ophævet)

**§ 1016 a.** Ingen, som i embeds medfør er beskæftiget med en straffesag, må, så længe sagen ikke er pådømt eller bortfaldet, udtale sig uden for retten til offentligheden angående skyldsspørgsmålet.

**§ 1017.** Offentlig gengivelse af retsforhandlinger skal være objektiv og loyal.

*Stk. 2.* Med bøde eller fængsel indtil 4 måneder straffes den, som i tale eller skrift, beregnet på at virke i en videre kreds, forsætlig eller ved grov uagtsomhed:
1) giver væsentlig urigtig meddelelse om en straffesag, der endnu ikke er endeligt afgjort eller bortfaldet,
2) lægger hindringer i vejen for sagens oplysning eller
3) så længe endelig dom i en straffesag ikke er afsagt, fremsætter udtalelser, der er egnet til på uforsvarlig måde at påvirke dommerne, domsmændene eller nævningerne med hensyn til sagens afgørelse.

**§ 1017 a.** Såfremt hensynet til fremmede magter gør det påkrævet, at der ikke offentlig sker omtale af et forhold, der er genstand for offentlig undersøgelse, kan politiet begære rettens kendelse om, at offentlig omtale af sagen helt eller for visse dele vedkommende er forbudt. Forhandlingerne herom samt kendelsens afsigelse sker for lukkede døre.

*Stk. 2.* Kendelsen bortfalder, når der er rejst tiltale eller tiltale er frafaldet; vedrører sagen flere personer, kan kendelsen dog opretholdes, indtil undersøgelsen er afsluttet for alles vedkommende.

*Stk. 3.* Nærmere bestemmelser om, på hvilken måde de i nærværende paragraf omhandlede kendelser vil være at bringe til pressens kundskab, udfærdiges af justitsministeren.

*Stk. 4.* Overtrædelse af forbuddet straffes med bøde eller under skærpende omstændigheder med fængsel indtil 4 måneder.

**§ 1017 b.** Med bøde straffes den, der i forbindelse med omtale af en sag om overtrædelse af straffelovens § 210 og kapitel 24 om seksualforbrydelser eller i øvrigt med henblik på en sådan sag giver offentlig meddelelse om navn, stilling eller bopæl på den forurettede eller på anden måde offentliggør den pågældendes identitet.

*Stk. 2.* Bestemmelsen i stk. 1 er ikke til hinder for, at politiet offentliggør den forurettedes identitet, når dette findes påkrævet af hensyn til sagens opklaring eller i øvrigt til berettiget varetagelse af åbenbar almeninteresse. Ved forevis-

ning af fotografier af forurettede finder §§ 814 og 816 dog anvendelse.

**§ 1017 c.** Med bøde straffes den, som i forbindelse med omtale af en straffesag eller i øvrigt med henblik på en sådan sag giver offentlig meddelelse om en medvirkende lægdommers navn, stilling eller bopæl eller på anden måde offentliggør den pågældendes identitet.

**§ 1017 d.** Domme og kendelser i straffesager må kun gengives offentligt, når de er anonymiseret, således at sigtedes, tiltaltes, forurettedes eller vidners identitet ikke fremgår. Overtrædelse straffes med bøde.

*Stk. 2.* Bestemmelsen i stk. 1 finder ikke anvendelse på retsinformationssystemer, der er omfattet af databeskyttelseslovens § 9, eller på offentlig gengivelse, der bygger på et sådant retsinformationssystem.

### Niende afsnit.

## Kapitel 93

### Særlige bestemmelser om nogle forhør m.m.

**§ 1018.** Optagelse af forhør ved undersøgelsesret kan finde sted i samme omfang som hidtil dels angående stedfundne ildebrande, undvigelse af fanger, ulykkestilfælde, dødfundne personer o. desl., dels efter begæring af myndigheder til oplysning om trængendes forsørgelseshjem og undersøgelse af personlige forhold af retlig betydning.

*Stk. 2.* For så vidt der uden for strafferetsplejen er hjemmel for anvendelse af sådanne forholdsregler som de i 4. bog, 2. afsnit, omhandlede for andre offentlige formåls skyld, berøres de derom gældende regler ikke af denne lov.

### Tiende afsnit.

## Kapitel 93 a

### Erstatning i anledning af strafferetlig forfølgning

**§ 1018 a.** Den, der har været anholdt eller varetægtsfængslet som led i en strafferetlig forfølgning, har krav på erstatning for den derved tilføjede skade, såfremt påtale opgives eller tiltalte frifindes, uden at dette er begrundet i, at han findes utilregnelig. Erstatning ydes for økonomisk skade samt for lidelse, tort, ulempe og forstyrrelse eller ødelæggelse af stilling og forhold.

*Stk. 2.* Selv om betingelserne for at yde erstatning efter stk. 1 ikke er opfyldt, kan erstatning ydes, såfremt den under sagen anvendte frihedsberøvelse ikke står i rimeligt forhold til strafforfølgningens udfald eller det af andre særlige grunde findes rimeligt.

*Stk. 3.* Erstatning kan nedsættes eller nægtes, såfremt den sigtede selv har givet anledning til foranstaltningerne.

**§ 1018 b.** Efter samme regler som angivet i § 1018 a kan erstatning tillægges en sigtet, der som led i en strafferetlig forfølgning har været udsat for andre straffeprocessuelle indgreb.

**§ 1018 c.** Har der over for en person, der ikke har været sigtet, været iværksat indgreb som led i en strafferetlig forfølgning, kan erstatning ydes, hvis det findes rimeligt.

**§ 1018 d.** Der tilkommer den, der har udstået fængselsstraf eller været undergivet anden strafferetlig retsfølge, erstatning efter reglerne i § 1018 a, såfremt anke eller genoptagelse medfører bortfald af retsfølgen. I tilfælde af formildelse ydes der erstatning, såfremt den retsfølge, der er fuldbyrdet, er mere indgribende end den, der idømmes efter anke eller genoptagelse.

*Stk. 2.* Erstatning kan nægtes eller nedsættes, hvis den dømte ved sit forhold under sagen har givet anledning til domfældelsen.

**§ 1018 e.** Statsadvokaten træffer afgørelse vedrørende krav om erstatning i medfør af dette kapitel. Justitsministeren kan fastsætte, at nærmere angivne sager skal forelægges for rigsadvokaten eller justitsministeren til afgørelse. Krav fra en person, der har været sigtet, skal fremsættes inden to måneder efter meddelelse til sigtede om strafforfølgningens ophør eller efter afsigelse af en endelig dom. Har tiltalte ikke været til stede ved dommens afsigelse, beregnes fristen efter bestemmelserne i § 904, stk. 2 og 3. Krav fra andre skal fremsættes inden to måneder efter, at indgrebet er ophørt. Krav om erstatning fremsættes over for den politidirektør eller statsadvokat, der har haft ansvaret for efterforskningen i den sag, som har givet anledning til kravet.

*Stk. 2.* Fremsættes kravet efter udløbet af den i stk. 1 nævnte frist, kan det behandles, såfremt overskridelsen findes undskyldelig.

*Stk. 3.* Rigsadvokaten behandler klager over afgørelser truffet af statsadvokaterne vedrørende krav om erstatning. Rigsadvokatens afgørelse i en klagesag kan ikke påklages til justitsministeren. Klager over afgørelser truffet af statsadvokaterne indgives til vedkommende statsadvokat.

*Stk. 4.* Afgørelser vedrørende krav om erstatning truffet af Rigsadvokaten som 1. instans kan ikke påklages til justitsministeren.

*Stk. 5.* Fristen for klager over afgørelser vedrørende krav om erstatning er 4 uger efter, at klageren har fået meddelelse om afgørelsen. Fremkommer klagen efter udløbet af denne frist, skal den behandles, såfremt fristoverskridelsen må anses for undskyldelig.

*Stk. 6.* Bestemmelserne i stk. 3 og 5 finder tilsvarende anvendelse på afgørelser om aktindsigt. Justitsministeren behandler klager over afgørelser om aktindsigt truffet af Rigsadvokaten som 1. instans.

**§ 1018 f.** Imødekommes erstatningskravet ikke ved en afgørelse truffet af rigsadvokaten eller af justitsministeren, kan den erstatningssøgende inden to måneder efter meddelelse om afslaget begære kravet indbragt for den byret, som har pådømt straffesagen. Sagen indbringes for retten af vedkommende statsadvokat. Har straffesagen ikke været pådømt, indbringer statsadvokaten erstatningskravet for byretten i den retskreds, hvori den pågældende foranstaltning er besluttet, eller ved den erstatningssøgendes hjemting.

*Stk. 2.* På den erstatningssøgendes begæring beskikkes der en advokat for ham. De regler, der er fastsat for forsvarere, finder anvendelse for den beskikkede advokat.

*Stk. 3.* Erstatningssagen behandles i strafferetsplejens former. Retten kan dog nægte at behandle et erstatningskrav,

som fremsættes af nogen, der ikke har været sigtet, såfremt kravet ikke på rimelig måde vil kunne behandles i strafferetsplejens former. Det står herefter den forurettede frit for at fremsætte kravet i den borgerlige retsplejes former.

*Stk. 4.* Sagen behandles under medvirken af domsmænd, medmindre erstatningskravet er fremsat som følge af en sag vedrørende en lovovertrædelse, der efter loven ikke kan medføre højere straf end bøde eller fængsel i 4 måneder, eller af en sag, der er afgjort i retten uden medvirken af nævninger eller domsmænd.

**§ 1018 g.** Erstatningskravet falder i arv efter de almindelige regler herom, dog således at krav på godtgørelse for en ikke- økonomisk skade falder i arv, når det er fremsat i overensstemmelse med reglerne i § 1018 e.

**§ 1018 h.** Erstatningskrav, der på grundlag af dansk rets almindelige erstatningsregler rejses af sigtede, domfældte eller andre i anledning af strafferetlig forfølgning, behandles på begæring efter reglerne i dette kapitel.

## Kapitel 93 b

### Behandling af klager over politipersonalet

**§ 1019.** Den Uafhængige Politiklagemyndighed undersøger og træffer afgørelse vedrørende klager over politipersonalets adfærd i tjenesten (adfærdsklager).

*Stk. 2.* Rigspolitichefen yder efter anmodning fra Politiklagemyndigheden bistand til undersøgelsen.

*Stk. 3.* Politiet kan på egen hånd foretage uopsættelige undersøgelsesskridt. Politiet skal, snarest muligt efter at sådanne undersøgelsesskridt er foretaget, underrette Politiklagemyndigheden herom.

**§ 1019 a.** Klage indgives til Politiklagemyndigheden. Indgives klagen til politiet eller anklagemyndigheden, skal den straks videresendes til Politiklagemyndigheden, medmindre klagen er egnet til notitssagsbehandling efter § 1019 k. I så fald sender politiet en kopi af klagen til Politiklagemyndigheden.

*Stk. 2.* Klage over myndighedsmisbrug fra politiets side under behandlingen af en straffesag kan endvidere fremsættes mundtligt til retsbogen under straffesagens behandling.

*Stk. 3.* Klage skal indgives, senest 6 måneder efter at det forhold, som klagen angår, har fundet sted. Politiklagemyndigheden kan i særlige tilfælde se bort fra fristen.

**§ 1019 b.** Politiklagemyndigheden kan af egen drift iværksætte en undersøgelse efter reglerne i dette kapitel.

**§ 1019 c.** Politiklagemyndigheden undersøger sagen og sørger for, at alt relevant materiale tilvejebringes. Politiet stiller det materiale og de oplysninger til rådighed, som Politiklagemyndigheden anmoder om. Politiklagemyndigheden kan indhente oplysninger fra klageren, indklagede og andre.

**§ 1019 d.** Politiklagemyndigheden kan afvise en adfærdsklage, hvis det findes åbenbart, at der ikke er grundlag for at indlede eller fortsætte en undersøgelse. Det skal fremgå af afgørelsen, at den er truffet på dette grundlag.

**§ 1019 e.** Indklagede skal have udleveret en kopi af klagen eller en fremstilling af sagens omstændigheder og have adgang til at udtale sig herom.

**§ 1019 f.** Indklagede har ret til at møde med en bisidder. Politiklagemyndigheden kan bestemme, at udgifterne til bisidder betales af statskassen.

**§ 1019 g.** Indklagede har ikke pligt til at afgive forklaring til Politiklagemyndigheden, hvis forklaringen må antages at ville udsætte den pågældende for strafansvar eller disciplinæransvar.

*Stk. 2.* Politiklagemyndigheden vejleder indklagede om indholdet af stk. 1 og § 1019 e, § 1019 f og § 1019 l, stk. 1, nr. 2. Vejledningen skal gives snarest muligt, og senest inden indklagede afgiver forklaring første gang. Det skal af sagens materiale fremgå, at indklagede har modtaget behørig vejledning.

**§ 1019 h.** Politiklagemyndigheden kan bestemme, at forklaring skal afgives i retten.

*Stk. 2.* Retsmøde kan afholdes ved byretten i enhver retskreds, hvor oplysning i sagen må antages at kunne tilvejebringes.

**§ 1019 i.** Politiklagemyndigheden giver møde i retsmøder, hvor der skal afgives forklaring efter § 1019 h, stk. 1.

*Stk. 2.* Indklagede og klager skal så vidt muligt underrettes om retsmøder i sagen og have lejlighed til at være til stede.

*Stk. 3.* Indklagede har ikke pligt til at afgive forklaring, såfremt forklaringen antages at ville udsætte den pågældende for strafansvar eller disciplinæransvar. Retten vejleder indklagede herom.

*Stk. 4.* Sagen behandles i strafferetsplejens former uden medvirken af domsmænd.

**§ 1019 j.** Afgives forklaring i retten, jf. § 1019 h, beskikker retten en advokat for klageren og indklagede.

*Stk. 2.* I andre tilfælde kan retten, når særlige grunde taler derfor, efter begæring fra klageren eller indklagede beskikke en advokat for den pågældende. Politiklagemyndigheden vejleder om adgangen til at begære en advokat beskikket, og Politiklagemyndigheden sørger for, at en anmodning herom indbringes for retten. § 1019 h, stk. 2, finder tilsvarende anvendelse. Vejledningen skal gives snarest muligt, og senest inden den pågældende afgiver forklaring første gang. Det skal af sagens materiale fremgå, at den pågældende har modtaget behørig vejledning.

*Stk. 3.* Advokatbeskikkelse efter stk. 1 og 2 sker uden udgifter for klageren og indklagede.

*Stk. 4.* Den beskikkede advokat skal løbende have tilsendt kopi af det materiale, som Politiklagemyndigheden tilvejebringer som led i undersøgelsen. Advokaten må ikke uden tilladelse fra Politiklagemyndigheden overlevere det modtagne materiale til sin klient eller andre.

*Stk. 5.* Den beskikkede advokat har adgang til at overvære forklaringer, der afgives af klienten hos Politiklagemyndigheden, og har ret til at stille yderligere spørgsmål til sin kli-

ent. Advokaten underrettes om tidspunktet for afgivelse af forklaring, der så vidt muligt skal aftales med advokaten.

*Stk. 6.* Den beskikkede advokat har adgang til at overvære forklaringer, der afgives i retten, og har ret til at stille yderligere spørgsmål. Advokaten underrettes om tidspunktet for afholdelse af retsmøde, der så vidt muligt skal aftales med advokaten.

**§ 1019 k.** En adfærdsklagesag kan sluttes ved en samtale mellem en overordnet politititjenestemand og klageren (notitssagsbehandling). Notitssagsbehandling kan kun gennemføres, hvis klageren er indforstået hermed. Samtalen skal gennemføres hurtigst muligt efter klagens modtagelse.

*Stk. 2.* Indgives en adfærdsklage til politiet, kan politiet tilbyde klageren en notitssagsbehandling. I en sag, der er under behandling i Politiklagemyndigheden, kan denne myndighed bestemme, at sagen skal sendes til politiet med henblik på notitssagsbehandling, hvis det skønnes hensigtsmæssigt.

*Stk. 3.* Indhentes der som led i notitssagsbehandling en udtalelse fra indklagede, kan der ikke efterfølgende pålægges den pågældende disciplinæransvar for det eller de forhold, som indgår i notitssagsbehandlingen.

*Stk. 4.* Den overordnede politititjenestemand, der gennemfører samtalen efter stk. 1, skal udarbejde en notits om det passerede. Det skal fremgå af notitsen, at klageren er vejledt om betydningen af notitssagsbehandling, og at sagen kan forlanges afgjort af Politiklagemyndigheden. Det skal af notitsen endvidere fremgå, om klageren ønsker klagen afgjort af Politiklagemyndigheden.

*Stk. 5.* Politiet sender kopi af notitsen til Politiklagemyndigheden, den regionale statsadvokat og rigspolitichefen.

**§ 1019 l.** Behandlingen af en adfærdsklagesag sluttes, hvis

1) der er grundlag for at rejse sigtelse mod indklagede,
2) indklagede er mistænkt for et strafbart forhold og forlanger sagen behandlet som straffesag eller
3) det bestemmes, at sagen skal undersøges efter reglerne i lov om undersøgelseskommissioner.

*Stk. 2.* I de tilfælde, der er nævnt i stk. 1, nr. 1 og 2, behandles straffesagen efter reglerne i kapitel 93 c. Behandlingen af adfærdsklagesagen genoptages, hvis tiltale ikke rejses eller gennemføres til fældende dom.

**§ 1019 m.** Politiklagemyndigheden træffer afgørelse i klagesagen. Afgørelsen kan ikke indbringes for anden administrativ myndighed.

**§ 1019 n.** Politiklagemyndighedens afgørelse i klagesagen skal træffes, inden rimelig tid efter at myndigheden har modtaget klagen.

*Stk. 2.* Er afgørelsen ikke truffet inden 6 måneder efter modtagelse af klagen, skal Politiklagemyndigheden skriftligt underrette klageren og indklagede om, hvorpå sagen beror, og hvornår der kan forventes en afgørelse. Der skal gives underretning på ny, hvis de 6 måneder efter den seneste underretning fortsat ikke er truffet afgørelse.

**§ 1019 o.** Politiklagemyndigheden underretter vedkommende politidirektør og rigspolitichefen, når der indledes en adfærdsklagesag. Politiklagemyndigheden underretter endvidere vedkommende politidirektør og statsadvokat og rigspolitichefen om afgørelsen i adfærdsklagesager.

*Stk. 2.* Disciplinærundersøgelse i anledning af en klage indledes ikke, før behandlingen af adfærdsklagesagen er afsluttet.

**§ 1019 p.** Justitsministeren kan bestemme, at en undersøgelse ikke skal foretages efter reglerne i dette kapitel, hvis hensynet til statens sikkerhed eller forholdet til fremmede magter kræver det.

**§ 1019 q.** Politiklagemyndigheden kan behandle og afgøre en klage over en disposition, som politipersonale har truffet, hvis der er en nær sammenhæng mellem dispositionsklagen og en adfærdsklage, som Politiklagemyndigheden behandler.

**§ 1019 r.** Reglerne i dette kapitel finder tilsvarende anvendelse i forhold til adfærd udvist af forsvarspersonale i tjenesten, når personalet yder bistand til politiet efter §§ 24 a-24 d i lov om politiets virksomhed. De underretninger, som omtales i § 1019 o, stk. 1, sker i forhold til forsvarspersonale til vedkommende politidirektør, rigspolitichefen og Forsvarsministeriets Personalestyrelse.

*Stk. 2.* Den militære anklagemyndighed bistår Politiklagemyndigheden i sager omfattet af stk. 1.

Kapitel 93 c

*Straffesager mod politipersonale*

**§ 1020.** Anmeldelser om strafbare forhold begået af politipersonale i tjenesten indgives til Den Uafhængige Politiklagemyndighed. Indgives anmeldelsen til politiet eller anklagemyndigheden, videresendes den straks til Politiklagemyndigheden.

**§ 1020 a.** Politiklagemyndigheden iværksætter efter anmeldelse eller af egen drift efterforskning, når der er rimelig formodning om, at politipersonale i tjenesten har begået et strafbart forhold, som forfølges af det offentlige.

*Stk. 2.* Politiklagemyndigheden iværksætter endvidere efterforskning, når en person er afgået ved døden eller er kommet alvorligt til skade som følge af politiets indgriben, eller mens den pågældende var i politiets varetægt.

*Stk. 3.* Bestemmelserne i § 1019 o finder tilsvarende anvendelse.

**§ 1020 b.** Sager om overtrædelse af færdselslovens hastighedsbestemmelser, der er begået af politipersonale, efterforskes ikke af Politiklagemyndigheden, hvis
1) den pågældende erkender sig skyldig,
2) hastighedsovertrædelsen ikke skønnes at ville medføre anden sanktion end bøde eller betinget frakendelse af førerretten og
3) hastighedsovertrædelsen ikke involverer tredjemand.

*Stk. 2.* Politiklagemyndigheden efterforsker ikke sager, hvor politidirektøren har vurderet, at der i forbindelse med

politipersonales overtrædelse af færdselslovens hastighedsbestemmelser er tale om udrykningskørsel i et køretøj mærket med politiets kendetegn eller med synlige udrykningssignaler.

*Stk. 3.* Politidirektøren underretter Politiklagemyndigheden og rigspolitichefen om udenretligt vedtagne bøder og betingede frakendelser af førerretten i sager omfattet af stk. 1.

**§ 1020 c.** Ved behandlingen af de sager, der er nævnt i §§ 1020 og 1020 a, udøver Politiklagemyndigheden under efterforskningen de beføjelser, der ellers tilkommer politiet, jf. dog § 1020 d, stk. 3.

*Stk. 2.* Rigspolitichefen yder efter anmodning fra Politiklagemyndigheden bistand under efterforskningen.

*Stk. 3.* Politiet kan på egen hånd foretage uopsættelige efterforskningsskridt. Politiet skal, snarest muligt efter at sådanne efterforskningsskridt er foretaget, underrette Politiklagemyndigheden herom.

**§ 1020 d.** Offentlig påtale i de sager, der er nævnt i §§ 1020 og 1020 a, tilkommer statsadvokaten, medmindre påtale efter denne lov eller regler fastsat i medfør af loven tilkommer rigsadvokaten eller justitsministeren. Adgangen til at opgive påtale tilkommer påtalemyndigheden.

*Stk. 2.* Politiklagemyndigheden udøver ved behandlingen af de sager, der er nævnt i §§ 1020 og 1020 a, de beføjelser, der ellers tilkommer politiet efter § 749, stk. 1. Politiklagemyndighedens afgørelser efter 1. pkt. kan påklages til statsadvokaten.

*Stk. 3.* Statsadvokaten udøver ved behandlingen af de sager, der er nævnt i §§ 1020 og 1020 a, de beføjelser, der ellers tilkommer politiet efter § 749, stk. 2.

*Stk. 4.* Statsadvokaten varetager udførelsen af de sager, der er nævnt i §§ 1020 og 1020 a, ved byretterne og landsretterne.

**§ 1020 e.** Når efterforskningen er afsluttet, sender Politiklagemyndigheden sagen til statsadvokaten med henblik på afgørelse af tiltalespørgsmålet.

*Stk. 2.* Politiklagemyndigheden udarbejder en redegørelse til statsadvokaten om efterforskningen. Redegørelsen skal indeholde en gennemgang af efterforskningen og oplysning om de faktiske omstændigheder af betydning for sagens afgørelse. Redegørelsen kan indeholde en vurdering af vægten af de fremkomne beviser.

*Stk. 3.* Statsadvokaten kan anmode Politiklagemyndigheden om at foretage yderligere efterforskning.

*Stk. 4.* Politiklagemyndigheden kan påklage statsadvokatens afgørelser efter § 1020 d, stk. 1 og 3, til rigsadvokaten. Rigsadvokatens afgørelse i en klagesag kan ikke påklages til justitsministeren. Fristen for at klage er 4 uger, efter at Politiklagemyndigheden har fået meddelelse om afgørelsen. Fremkommer klagen efter udløbet af denne frist, skal den behandles, såfremt fristoverskridelsen må anses for undskyldelig.

**§ 1020 f.** Er der ikke inden 1 år fra modtagelsen af en anmeldelse om et strafbart forhold, der er omfattet af dette kapitel, truffet afgørelse om afvisning af anmeldelsen, indstil-

ling af efterforskningen, påtaleopgivelse, tiltalefrafald eller tiltalerejsning, eller er der ikke anmodet om retsmøde med henblik på sagens behandling som tilståelsessag i medfør af § 831, skal der gives skriftlig underretning til anmelder og de personer, der skal underrettes om statsadvokatens afgørelse efter § 1020 d, stk. 1 og 3, eller Politiklagemyndighedens afgørelse efter § 1020 d, stk. 2.

*Stk. 2.* Underretning efter stk. 1 skal ligeledes gives, hvis der ikke, inden 1 år efter at Politiklagemyndigheden har indledt efterforskning i sager omfattet af § 1020 a, stk. 2, er truffet afgørelse om indstilling af efterforskningen, påtaleopgivelse, tiltalefrafald eller tiltalerejsning eller er anmodet om retsmøde med henblik på sagens behandling som tilståelsessag i medfør af § 831.

*Stk. 3.* Der skal gives underretning på ny, hvis der 6 måneder efter den seneste underretning fortsat ikke er truffet afgørelse.

**§ 1020 g.** Retten beskikker en forsvarer, hvis det følger af bestemmelserne i kapitel 66 eller særlige grunde taler derfor.

**§ 1020 h.** Retten beskikker en advokat for den forurettede, hvis det følger af bestemmelserne i kapitel 66 a, eller efter anmodning fra den pågældende, hvis særlige grunde taler derfor.

*Stk. 2.* Er forurettede afgået ved døden, beskikker retten efter anmodning fra forurettedes nære pårørende en advokat for de pårørende, når forholdene taler derfor.

*Stk. 3.* Den advokat, der er beskikket efter stk. 1 eller 2, har adgang til det materiale, der er nævnt i § 741 c, stk. 2, 2. pkt., jf. 3. pkt., uanset om der er rejst tiltale i sagen.

*Stk. 4.* Bestemmelserne i kapitel 66 a finder i øvrigt tilsvarende anvendelse.

**§ 1020 i.** Statsadvokaten kan bestemme, at en straffesag, der omfatter flere forhold eller flere sigtede, i sin helhed skal efterforskes af Politiklagemyndigheden efter bestemmelserne i dette kapitel, hvis en sådan behandling er påkrævet med hensyn til et af forholdene eller en af de sigtede og en samlet efterforskning skønnes hensigtsmæssig.

*Stk. 2.* Politiklagemyndigheden kan behandle en klage over en disposition, som politipersonale har truffet, hvis der er en nær sammenhæng mellem dispositionsklagen og en igangværende efterforskning i Politiklagemyndigheden.

*Stk. 3.* Statsadvokaten træffer afgørelse i dispositionsklager omfattet af stk. 2.

**§ 1020 j.** Bestemmelserne i denne lov om behandlingen af straffesager finder i øvrigt tilsvarende anvendelse.

**§ 1020 k.** Justitsministeren kan bestemme, at en sag ikke skal behandles efter reglerne i dette kapitel, hvis hensynet til statens sikkerhed eller forholdet til fremmede magter kræver det.

**§ 1020 l.** Erstatningskrav, der rejses af en person, der er kommet alvorligt til skade som følge af politiets indgriben, eller mens den pågældende var i politiets varetægt, eller rejses af nære pårørende til en person, der er afgået ved døden som følge af politiets indgriben, eller mens afdøde var i po-

litiets varetægt, behandles på begæring efter fremgangsmåden i kapitel 93 a. Erstatningskrav skal dog fremsættes inden 2 måneder efter endelig afgørelse i en sag omfattet af § 1020 a, stk. 2, eller i en straffesag mod politipersonale i anledning af skade eller dødsfald som nævnt i 1. pkt.

*Stk. 2.* Udgifter til advokatbeskikkelse i sager, der er omfattet af stk. 1, afholdes af statskassen.

**§ 1020 m.** Reglerne i dette kapitel finder tilsvarende anvendelse i forhold til strafbare forhold begået af forsvarspersonale i tjenesten, når personalet yder bistand til politiet efter §§ 24 a-24 d i lov om politiets virksomhed. De underretninger, som omtales i § 1019 o, stk. 1, jf. § 1020 a, stk. 3, sker i forhold til forsvarspersonale til vedkommende politidirektør, rigspolitichefen eller Forsvarsministeriets Personalestyrelse.

*Stk. 2.* Den militære anklagemyndighed bistår Politiklagemyndigheden og statsadvokaten i sager omfattet af stk. 1. Efter indstilling fra Politiklagemyndigheden kan videre forfølgning af sager omfattet af stk. 1 overlades til den militære anklagemyndighed til behandling i den militære retsplejes former, hvis viden om militærfaglige forhold eller militærspecifikke regler er af særlig betydning for sagen, og hvis statsadvokaten og den militære anklagemyndighed er enige herom.

### Kapitel 93 d
*(Ophævet)*

### Femte bog.
### Slutnings- og overgangsbestemmelser

---

### Kapitel 94
*Slutningsbestemmelser*

**§ 1022.** Der kan pålægges selskaber m.v. (juridiske personer) strafansvar efter reglerne i straffelovens 5. kapitel for overtrædelse af denne lov.

**§ 1022 a.** (Ophævet)

**§ 1023.** Denne lov træder først i kraft, når love om lønninger m.m. for forskellige af de i første bog omhandlede embeds- og bestillingsmænd og om retsafgifter er udkommet, og der derhos er forløbet 6 måneder efter indrykkelsen i Lovtidende af en af justitsministeren derom udstedt bekendtgørelse, dog ikke senere end den 1. oktober 1919.

*Stk. 2.* Loven gælder ikke for Færøerne; men det vil ved særlig lov være at bestemme, i hvilken udstrækning dens bestemmelser skal gøres anvendelige dér. Østre Landsret træder i færøske appelsager i stedet for landsover- samt hof- og stadsretten.

**§ 1023 a.** De i §§ 1, 9, 11, 17, stk. 1, 19, 23, 26 og 58 ommeldte anordninger og bekendtgørelser udgår i betimelig tid før det tidspunkt, da loven træder i kraft. Fremdeles bliver der før det nævnte tidspunkt at drage omsorg for affattelsen af de i kapitel 7 og 8 omtalte lister.

Kapitel 95

*Overgangsbestemmelser*

**§§ 1024-1043.** (Udelades)

———

Lov nr. 201 af 18. maj 1960 (Faderskabssager)[12] indeholder følgende ikrafttrædelsesbestemmelse:

§ 2

*Stk. 1.* Denne lov træder i kraft den 1. januar 1961. Loven gælder ikke for Færøerne og Grønland. Loven finder kun anvendelse på sager vedrørende børn, der fødes efter lovens ikrafttræden, dog at bestemmelsen i § 456 r også finder anvendelse på sager om børn født før lovens ikrafttræden, herunder sager om børn, for hvis vedkommende én eller flere mænd er anset som bidragspligtige. I øvrigt gælder for disse sager de hidtil gældende regler.

*Stk. 2.* (Udelades)

———

Lov nr. 277 af 9. juni 1982 (Advokater m.v. Tilsyn med eksekutorer)[13] indeholder følgende ikrafttrædelsesbestemmelser:

§ 3

(Udelades)

§ 4

*Stk. 1.* Personer, der den 1. juli 1982 opfylder betingelserne for at få meddelt advokatbeskikkelse efter de hidtil gældende regler, kan beskikkes som advokat efter de i § 1 anførte regler, selv om de ikke opfylder kravene i retsplejelovens §§ 119, stk. 3, 4 og 6, som affattet i § 1, nr. 6.

*Stk. 2.* Personer, som justitsministeren har beskikket som advokat, og personer, som vil kunne beskikkes som advokat efter stk. 1, omfattes ikke af bestemmelsen i § 123 som affattet i § 1, nr. 6. Ansættelse hos eller virksomhed i fællesskab med sådanne advokater kan medregnes i den tid, der er nævnt i § 123, stk. 1.

———

Lov nr. 229 af 21. april 1999 (Beslaglæggelse, edition, fotoforevisning, konfrontation, efterlysning og observation samt prøvesagsordning for advokater m.v.)[14] indeholder følgende ikrafttrædelsesbestemmelse:

§ 2

*Stk. 1.* Loven træder i kraft den 1. juli 1999.

*Stk. 2-3.* (Udelades)

*Stk. 4.* Fotografier, der er optaget i medfør af § 792 a, og som ved lovens ikrafttræden opbevares af politiet med henblik på senere identifikation, kan fortsat anvendes med henblik på forevisning som nævnt i retsplejelovens § 815 som affattet ved denne lovs § 1, nr. 23, uanset betingelserne i § 815, stk. 1, nr. 1 eller nr. 2, ikke er opfyldt.

———

Lov nr. 461 af 7. juni 2001 (Ændringer som følge af børneloven m.v.)[15] indeholder følgende ikrafttrædelsesbestemmelse:

§ 10

*Stk. 1.* Lovens § 2, nr. 3 og 4, og §§ 3 og 9 træder i kraft den 1. januar 2002. Lovens § 1, § 2, nr. 1 og 2, og §§ 4-8 træder i kraft den 1. juli 2002.

*Stk. 2.* § 1 har virkning for sager om faderskab til børn, der fødes den 1. juli 2002 eller senere, samt for sager, der den 1. juli 2002 eller senere genoptages efter børnelovens § 22.[16]

———

Lov nr. 447 af 9. juni 2004 (Digital kommunikation i retsplejen, kendelser med begrænset sagsfremstilling, regler om vidneforvarede m.v.)[17] indeholder følgende ikrafttrædelsesbestemmelse:

§ 5

*Stk. 1.* Loven træder i kraft efter justitsministerens nærmere bestemmelse.[18] Lovens § 1, nr. 1, 2, 8-11 og 13-16, træder dog i kraft den 1. juli 2004.[19]

*Stk. 2.* (Udelades)

———

Lov nr. 538 af 8. juni 2006 (Politi- og domstolsreform)[20] indeholder følgende ikrafttrædelsesbestemmelser:

§ 105

*Stk. 1.* Loven træder i kraft den 1. januar 2007, jf. dog stk. 2-22 og § 106.

*Stk. 2-6.* (Udelades)

*Stk. 7.* Genoptages en sag, der er behandlet efter de hidtil gældende regler under medvirken af nævninger, efter den 1. januar 2008, finder en fuldstændig ny hovedforhandling sted for byretten. Det afgøres efter retsplejelovens §§ 686 og 687 som affattet ved denne lovs § 1, nr. 113, om lægdommere skal medvirke ved byrettens behandling af sagen.

*Stk. 8-22.* (Udelades)

§ 106

*Stk. 1-2.* (Udelades)

*Stk. 3.* Lovens § 1, nr. 61, 64, 66, 67, 68 og 130, og retsplejelovens § 831, stk. 8, og § 854 som affattet ved denne lovs § 1, nr. 132, træder i kraft efter justitsministerens nærmere bestemmelse.[21] (Udelades)

Lov nr. 520 af 6. juni 2007 (Revision af regler om advokaters virksomhed)[22]) indeholder følgende ikrafttrædelsesbestemmelser:

## § 2

*Stk. 1.* Loven træder i kraft den 1. januar 2008, jf. dog stk. 2.

*Stk. 2.* Retsplejelovens § 144 som affattet ved denne lovs § 1, nr. 22, træder i kraft den 1. juli 2007.

## § 3

*Stk. 1.* De hidtil gældende regler om gennemførelsen af en teoretisk efteruddannelse på områder af særlig betydning for advokater som betingelse for at få beskikkelse som advokat finder anvendelse for personer, der inden lovens ikrafttræden er påbegyndt eller har gennemført denne efteruddannelse. Disse personer kan således beskikkes som advokat, uanset at de ikke opfylder betingelsen i retsplejelovens § 119, stk. 2, nr. 5, herunder om en praktisk prøve i retssagsbehandling som affattet ved denne lovs § 1, nr. 3. Det er en forudsætning, at efteruddannelsen er afsluttet senest den 31. december 2009, og at eksamen er bestået senest den 31. januar 2011.

*Stk. 2.* Personer, der har bestået juridisk kandidateksamen før den 1. januar 1997, kan beskikkes som advokat, uanset at de ikke opfylder betingelsen i retsplejelovens § 119, stk. 2, nr. 5, som affattet ved denne lovs § 1, nr. 3.

*Stk. 3.* Retsplejelovens § 123, stk. 1, som affattet ved denne lovs § 1, nr. 9, finder ikke anvendelse for advokater, der inden lovens ikrafttræden er indtrådt i et fællesskab af advokater eller har erhvervet aktier eller anparter i et advokatselskab.

*Stk. 4.* Retsplejelovens § 126, stk. 5, som affattet ved denne lovs § 1, nr. 12, finder ikke anvendelse for autoriserede advokatfuldmægtige, der er tilmeldt den hidtil gældende teoretiske efteruddannelse på områder af særlig betydning for advokater som betingelse for at få beskikkelse som advokat. Dette gælder dog kun, indtil fuldmægtigene har gennemført den hidtil gældende efteruddannelses teoretiske kurser.

*Stk. 5.* En advokat eller en autoriseret fuldmægtig, der inden lovens ikrafttræden har påbegyndt behandlingen af en retssag for Sø- og Handelsretten, kan færdiggøre behandlingen af denne sag uanset bestemmelsen i retsplejelovens § 132 eller § 136, stk. 3, som affattet ved denne lovs § 1, nr. 15 og 19.

*Stk. 6.* Klager over vederlag, som en advokat eller et advokatselskab har forlangt for sit arbejde, der er indgivet inden lovens ikrafttræden, færdigbehandles efter de hidtil gældende regler i retsplejelovens kapitel 15 a.

*Stk. 7.* Ændringen af retsplejelovens § 143, stk. 1, som affattet ved lovforslagets § 1, nr. 20, medfører ikke ophørsbeskatning efter fondsbeskatningslovens § 2, stk. 1, jf. selskabsskattelovens § 5, stk. 4.

Lov nr. 505 af 12. juni 2009 (Behandling af værgemålssager, ajourføring af regler om advokaters virksomhed, digital-, tele- og videokommunikation, afskaffelse af hæftestraffen m.v.)[23]) indeholder følgende ikrafttrædelsesbestemmelser:

## § 8

*Stk. 1.* Loven træder i kraft den 1. januar 2010, jf. dog stk. 2 og 3.

*Stk. 2.* Lov for Færøerne om rettens pleje § 93, stk. 4, § 115 b, § 119, stk. 2, nr. 1, § 148 a, § 149, stk. 1-6, § 154, stk. 2, § 155, nr. 2, § 156 a, § 158, § 189, stk. 3, § 257, § 260, stk. 2, § 448 b, § 453, 3. pkt., § 456 f, stk. 2, § 456 o, stk. 2, 2. pkt., kapitel 43, § 469, stk. 1, 2. pkt., § 469, stk. 4, 3. pkt., § 470, stk. 3, 3. pkt., § 475 c, stk. 1, 2. pkt., § 535, stk. 1, 1. pkt., § 650, stk. 1, 1. pkt., § 721, stk. 1, nr. 1, § 726, stk. 2, § 730, stk. 1, 2. pkt., § 731, stk. 1, litra e, § 762, stk. 3, § 765, stk. 5, § 777, 1. pkt., § 802, stk. 1, 2. pkt., § 811, stk. 2, § 895, stk. 6, § 925, stk. 1, 1. pkt., § 990, stk. 1, 1. pkt., § 997, stk. 4, § 998, stk. 1, § 1017, stk. 2, § 1017 a, stk. 4, og § 1018 d, stk. 1, som affattet henholdsvis ændret ved denne lovs § 1, nr. 6-8, 47-52, 56, 58, 59, 66-74, 76-79, 82-86, 90 og 98, samt §§ 2-7 træder i kraft efter justitsministerens nærmere bestemmelse.[24]) (Udelades)

*Stk. 3.* (Udelades)

## § 9

(Udelades)

Lov nr. 715 af 25. juni 2010 (Udveksling af oplysninger om dna-profiler, fingeraftryk og køretøjer med stater uden for Den Europæiske Union)[25]) indeholder følgende ikrafttrædelsesbestemmelse:

## § 5

Justitsministeren fastsætter tidspunktet for lovens ikrafttræden og kan herunder fastsætte, at lovens §§ 1-4 træder i kraft på forskellige tidspunkter.

Lov nr. 1621 af 26. december 2013 (Sikkerhed i retssale)[26]) indeholder følgende ikrafttrædelsesbestemmelse:

## § 2

Justitsministeren fastsætter tidspunktet for lovens ikrafttræden og kan herunder fastsætte, at lovens § 1 træder i kraft på forskellige tidspunkter.

Lov nr. 551 af 2. juni 2014 om en fælles patentdomstol m.v.[27]) indeholder følgende ikrafttrædelsesbestemmelse:

**§ 3.** Erhvervs- og vækstministeren fastsætter tidspunktet for lovens ikrafttræden.

*Stk. 2.* Sager, som på tidspunktet for lovens ikrafttræden er under behandling af en dansk domstol, færdigbehandles af vedkommende danske domstol.

*Stk. 3.* Retsplejelovens § 225 a, stk. 2, som affattet ved denne lovs § 4, nr. 2, har virkning i 7 år fra ikrafttræden af aftalen.

*Stk. 4.* Erhvervs- og vækstministeren kan efter forhandling med justitsministeren forlænge perioden nævnt i stk. 3 med op til 7 år.

————

Lov nr. 1867 af 29. december 2015 (Digitalisering af retsprocessen i borgerlige sager, oprettelse af en domsdatabase m.v.)[28)] indeholder følgende ikrafttrædelsesbestemmelser:

§ 5

*Stk. 1.* Loven træder i kraft den 1. januar 2016.

*Stk. 2.* Loven finder anvendelse på alle sager, som anlægges, appelleres eller henvises efter lovens ikrafttræden. For sager, der er anlagt, appelleret eller henvist før lovens ikrafttræden, finder de hidtil gældende regler anvendelse, jf. dog stk. 3.

*Stk. 3.* § 1, nr. 2, 40, 41 og 47, finder anvendelse på sager, der er anlagt, appelleret eller henvist før lovens ikrafttræden.

*Stk. 4.* Domstolsstyrelsen kan fastsætte regler om, at sager i bestemte retskredse og retsinstanser, som anlægges, appelleres eller henvises i en nærmere fastsat periode efter lovens ikrafttræden, ikke skal anlægges eller behandles på domstolenes sagsportal. For disse sager finder de hidtil gældende regler anvendelse.

*Stk. 5.* Sager, som er anlagt før lovens ikrafttræden og appelleres efter lovens ikrafttræden, skal gøres tilgængelige på domstolenes sagsportal af den ret, hvis afgørelse appelleres.

*Stk. 6.* Retten kan beslutte, at en sag, som er anlagt før lovens ikrafttræden eller behandles efter de hidtil gældende regler, jf. stk. 4, 2. pkt., skal behandles efter reglerne i denne lov. Beslutningen kan ikke uden Procesbevillingsnævnets tilladelse indbringes for højere ret. Procesbevillingsnævnet kan dog meddele tilladelse til kære, hvis beslutningen angår spørgsmål af væsentlig betydning for sagens forløb eller af afgørende betydning for den, der ansøger om kæretilladelse, og der i øvrigt er anledning til at lade afgørelsen prøve af en højere ret. Ansøgning om kæretilladelse skal indgives til Procesbevillingsnævnet, inden 2 uger efter at beslutningen er truffet. Kære skal ske, inden 2 uger efter at tilladelsen er meddelt ansøgeren.

*Stk. 7.* Domstolsstyrelsen kan fastsætte regler om, at alle verserende borgerlige retssager og sager om optagelse af bevis om borgerlige krav skal behandles efter reglerne i denne lov.

§ 6

(Udelades)

————

Lov nr. 669 af 8. juni 2017 (Ændring af reglerne for lægdommere)[29)] indeholder følgende ikrafttrædelsesbestemmelse:

§ 2

*Stk. 1.* Loven træder i kraft den 1. juli 2017.

*Stk. 2.* Retsplejelovens § 70, nr. 1-4, som affattet ved denne lovs § 1 finder ikke anvendelse på personer, som er optaget på en grundliste, der er gældende ved lovens ikrafttræden. For disse personer finder de hidtil gældende regler anvendelse.

————

Lov nr. 1679 af 26. december 2017 (Begrænsning af pligten til at erstatte sagsomkostninger i straffesager)[30)] indeholder følgende ikrafttrædelsesbestemmelse:

§ 2

Loven træder i kraft den 1. januar 2018.

————

Lov nr. 1680 af 26. december 2017 (Selvstændig bestemmelse om indbrudstyveri)[31)] indeholder følgende ikrafttrædelsesbestemmelse:

§ 4

Loven træder i kraft den 1. januar 2018.

————

Lov nr. 130 af 27. februar 2018 (Begrænsning af surrogatfængsling i eget hjem)[32)] indeholder følgende ikrafttrædelsesbestemmelse:

§ 2

*Stk. 1.* Loven træder i kraft den 1. marts 2018.

*Stk. 2.* Regler fastsat i medfør af retsplejelovens § 765, stk. 5, jf. lovbekendtgørelse nr. 1101 af 22. september 2017, forbliver i kraft, indtil de ophæves eller afløses af forskrifter udstedt i medfør af § 765, stk. 6.

————

Lov nr. 503 af 23. maj 2018 (Konsekvensændringer som følge af databeskyttelsesloven og databeskyttelsesforordningen samt medieansvarslovens anvendelse på offentligt tilgængelige informationsdatabaser m.v.)[33)] indeholder følgende ikrafttrædelsesbestemmelse:

§ 32

*Stk. 1.* Loven træder i kraft den 25. maj 2018, jf. dog stk. 3.

*Stk. 2-3.* (Udelades)

Lov nr. 708 af 8. juni 2018 (Forsvarets bistand til politiet og udvidelse af politiklageordningen m.v.)[34] indeholder følgende ikrafttrædelsesbestemmelse:

§ 5

*Stk. 1.* Loven træder i kraft den 1. juli 2018, jf. dog stk. 2.
*Stk. 2.* (Udelades)
*Stk. 3.* Reglerne i retsplejelovens kapitel 93 b og 93 c som ændret ved denne lovs § 2 finder tilsvarende anvendelse i forhold til strafbare forhold begået af forsvarspersonale i tjenesten og adfærd udvist af forsvarspersonale i tjenesten, når personalet varetager politimæssige opgaver i henhold til regler udstedt i medfør af § 15 i lov om forsvarets formål, opgaver og organisation m.v.

Lov nr. 709 af 8. juni 2018 (Øget beskyttelse af vidner)[35] indeholder følgende ikrafttrædelsesbestemmelse:

§ 2

Loven træder i kraft den 1. juli 2018.

Lov nr. 710 af 8. juni 2018 (Vidneudelukkelse for patentrådgivere, obligatorisk digital selvbetjening ved ansøgning om fri proces m.v.)[36] indeholder følgende ikrafttrædelsesbestemmelse:

§ 2

*Stk. 1.* Loven træder i kraft den 1. juli 2018, jf. dog stk. 2.
*Stk. 2.* Justitsministeren fastsætter tidspunktet for ikrafttrædelsen af § 1, nr. 11.

Lov nr. 713 af 8. juni 2018 (Udvidet besøgsafskæring for bandemedlemmer m.v., tvungen opsparing, adgang til AMU-kurser, alkoholkontrol, udvidet adgang til konfiskation m.v.)[37] indeholder følgende ikrafttrædelsesbestemmelse:

§ 5

*Stk. 1.* Loven træder i kraft den 1. juli 2018, jf. dog stk. 2.
*Stk. 2-3.* (Udelades)

Lov nr. 714 af 8. juni 2018 (Nedbringelse af sagsbehandlingstiden i straffesager)[38] indeholder følgende ikrafttrædelsesbestemmelse:

§ 2

*Stk. 1.* Loven træder i kraft den 1. juli 2018.

*Stk. 2.* Lovens § 1, nr. 1, finder ikke anvendelse på advokater, der er antaget før lovens ikrafttræden. For sådanne advokater finder de hidtil gældende regler anvendelse.
*Stk. 3.* Lovens § 1, nr. 20, finder ikke anvendelse på anke af domme, der er afsagt før lovens ikrafttræden. For anke af sådanne domme finder de hidtil gældende regler anvendelse.
*Stk. 4.* Regler fastsat i medfør af retsplejelovens § 741, stk. 3, jf. lovbekendtgørelse nr. 1101 af 22. september 2017, forbliver i kraft, indtil de ophæves eller afløses af forskrifter udstedt i medfør af retsplejelovens § 741, stk. 4.
*Stk. 5.* Regler fastsat i medfør af retsplejelovens § 832, stk. 4, jf. lovbekendtgørelse nr. 1101 af 22. september 2017, forbliver i kraft, indtil de ophæves eller afløses af forskrifter udstedt i medfør af retsplejelovens § 832, stk. 5.

Lov nr. 715 af 8. juni 2018 (Retsvirkninger af et foreløbigt forbud mod eller en opløsning af en forening)[39] indeholder følgende ikrafttrædelsesbestemmelse:

§ 3

Loven træder i kraft dagen efter bekendtgørelsen i Lovtidende.[40]

Lov nr. 1540 af 18. december 2018 (Initiativer vedrørende forsvarsadvokater og advokattilsyn)[41] indeholder følgende ikrafttrædelsesbestemmelser:

§ 3

*Stk. 1.* Loven træder i kraft den 1. januar 2019, jf. dog stk. 2.
*Stk. 2.* Lovens § 1, nr. 2-5, 7 og 8, træder i kraft den 1. juli 2019.

§ 4

Lovens § 1, nr. 9 og 10, finder ikke anvendelse for afgørelser fra Advokatnævnet, der vedrører forhold begået inden lovens ikrafttræden.

Lov nr. 1541 af 18. december 2018 (Forhold for indsatte i kriminalforsorgens institutioner, varetægtssurrogat m.v.)[42] indeholder følgende ikrafttrædelsesbestemmelse:

§ 5

*Stk. 1.* Loven træder i kraft den 1. februar 2019.
*Stk. 2.* (Udelades)

Lov nr. 1544 af 18. december 2018 (Tilfældighedsfund som bevis i sager om opløsning af en forening)[43] indeholder følgende ikrafttrædelsesbestemmelse:

## § 2

Loven træder i kraft dagen efter bekendtgørelsen i Lovtidende.[44])

———

Lov nr. 1711 af 27. december 2018 (Ændringer som følge af lov om Familieretshuset og skærpet fokus på beskyttelsen af barnet i sager efter forældreansvarsloven)[45]) indeholder følgende ikrafttrædelsesbestemmelser:

### § 40

*Stk. 1.* Loven træder i kraft den 1. april 2019, jf. dog stk. 2-4.
*Stk. 2-3.* (Udelades)
*Stk. 4.* Justitsministeren fastsætter tidspunktet for ikrafttræden af § 15, nr. 2 og 3.[46])
*Stk. 5.* (Udelades)

### § 41

(Udelades)

### § 42

*Stk. 1.* De ændringer af retsplejeloven, der følger af denne lovs § 15, nr. 1 og 7-19, og de ændringer af lov om retsafgifter, der følger af denne lovs § 16, finder ikke anvendelse for sager, som er indbragt for retten før lovens ikrafttræden. For sådanne sager finder de hidtil gældende regler anvendelse.
*Stk. 2.* For aftaler anmeldt til, godkendt af eller indgået over for Statsforvaltningen og for afgørelser truffet af Statsforvaltningen før lovens ikrafttræden finder den hidtil gældende § 478, stk. 1, nr. 3, i retsplejeloven, jf. lovbekendtgørelse nr. 1101 af 22. september 2017 med senere ændringer, anvendelse.
*Stk. 3.* Kapitel 42 b i retsplejeloven som affattet ved denne lovs § 15, nr. 20, finder ikke anvendelse for behandlingen af anmodninger om fuldbyrdelse, som fogedretten har modtaget før lovens ikrafttræden, hvis anvendelse af disse regler findes uhensigtsmæssig. I disse tilfælde finder det hidtil gældende kapitel 48 a i retsplejeloven, jf. lovbekendtgørelse nr. 1101 af 22. september 2017 med senere ændringer, anvendelse.
*Stk. 4.* Første gang der beskikkes medlemmer til Procesbevillingsnævnet i medfør af § 23, stk. 2, i retsplejeloven som affattet ved denne lovs § 15, nr. 2, sker beskikkelsen af landsdommeren og dennes suppleant eller suppleanter for en periode på 2 år og 6 måneder. Dette medlem og dets suppleant eller suppleanter har ret til genbeskikkelse for yderligere 2 år.

### § 43

(Udelades)

Lov nr. 1719 af 27. december 2018 (Freds- og ærekrænkelser m.v.)[47]) indeholder følgende ikrafttrædelsesbestemmelse:

### § 5

*Stk. 1.* Loven træder i kraft den 1. januar 2019.
*Stk. 2.* Lovens § 1, § 2, nr. 2 og 3, og § 3 finder ikke anvendelse i forhold til handlinger begået før lovens ikrafttræden.

———

Lov nr. 329 af 30. marts 2019 (Selvstændig bestemmelse om psykisk vold)[48]) indeholder følgende ikrafttrædelsesbestemmelse:

### § 7

Loven træder i kraft den 1. april 2019.

———

Lov nr. 370 af 9. april 2019 (Sagsomkostninger til statslige myndigheder, indførelse af adgang til at klage over advarsler meddelt dommere og dommerfuldmægtige m.v.)[49]) indeholder følgende ikrafttrædelsesbestemmelse:

### § 2

*Stk. 1.* Loven træder i kraft den 12. april 2019, jf. dog stk. 2.
*Stk. 2.* Justitsministeren fastsætter tidspunktet for ikrafttræden af lovens § 1, nr. 13.

———

Lov nr. 463 af 29. april 2019 (Undersøgelse af arrestanter m.v. i forbindelse med transporter)[50]) indeholder følgende ikrafttrædelsesbestemmelse:

### § 3

Loven træder i kraft den 1. maj 2019.

———

Lov nr. 485 af 30. april 2019 (Udeblivelsesdomme i sager med påstand om udvisning og anvendelse af telekommunikation med billede i retsmøder)[51]) indeholder følgende ikrafttrædelsesbestemmelse:

### § 2

*Stk. 1.* Loven træder i kraft den 1. maj 2019.
*Stk. 2.* Lovens § 1, nr. 3 og 4, finder ikke anvendelse i straffesager, hvor der er foretaget forkyndelse af indkaldelse for tiltalte, jf. retsplejelovens § 844, stk. 2, før lovens ikrafttræden. Sådanne straffesager behandles efter de hidtil gældende regler.

10. september 2019. 160 Nr. 938.

————

Lov nr. 497 af 1. maj 2019 (Kontinuitet og enkle forløb for børn, der adopteres uden samtykke)[52] indeholder følgende ikrafttrædelsesbestemmelse:

**§ 7**

*Stk. 1.* Loven træder i kraft den 1. juli 2019.
*Stk. 2-4.* (Udelades)

————

Lov nr. 505 af 1. maj 2019 (Ophør af tvungen opfølgning efter udskrivning)[53] indeholder følgende ikrafttrædelsesbestemmelse:

**§ 3**

Loven træder i kraft den 1. juli 2019.

*Justitsministeriet, den 10. september 2019*

NICK HÆKKERUP

/ Henrik Hjort Elmquist

---

1) Bestemmelsen i § 8, stk. 6, træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2 i lov nr. 1621 af 26. december 2013.

2) Bestemmelsen i § 13, stk. 5, træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2 i lov nr. 1621 af 26. december 2013.

3) Bestemmelsen i § 27 b træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2 i lov nr. 1621 af 26. december 2013.

4) Bestemmelsen i § 79, stk. 4, træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2 i lov nr. 1621 af 26. december 2013.

5) Bestemmelsen i § 116 b træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 5 i lov nr. 715 af 25. juni 2010.

6) Bestemmelsen i § 130 a træder i kraft efter justitsministerens nærmere bestemmelse, jf. § 8, stk. 2, i lov nr. 505 af 12. juni 2009.

7) Bestemmelsen i § 143, stk. 11, som indsat ved lov nr. 1540 af 18. december 2018, ændringsnummer 3, træder i kraft efter justitsministerens nærmere bestemmelse, jf. § 8, stk. 2, i lov nr. 505 af 12. juni 2009.

8) Bestemmelserne i § 186, stk. 2, 2. pkt., og stk. 3-6, træder i kraft efter justitsministerens nærmere bestemmelse, jf. § 106, stk. 3, 1. pkt., i lov nr. 538 af 8. juni 2006.

9) Bestemmelserne i § 225, stk. 2, § 225 a, § 254 a, stk. 2, og § 411, stk. 5, træder i kraft på det tidspunkt, erhvervsministeren fastsætter, jf. § 3, stk. 1, i lov nr. 551 af 2. juni 2014.

10) Bestemmelsen i § 330, stk. 2, træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2, stk. 2, i lov nr. 710 af 8. juni 2018.

11) Bestemmelsen i § 368, stk. 5, 2. og 3. pkt. træder i kraft på det tidspunkt, justitsministeren fastsætter, jf. § 2, stk. 2, i lov nr. 370 af 9. april 2019.

12) Lovændringen vedrører § 225, nr. 8, § 335, stk. 2, § 423 og kapitel 42 a.

13) Lovændringen vedrører § 4, stk. 2, § 15, stk. 1-4, § 16, stk. 2, § 52, § 105, stk. 1, første bogs sjette afsnit, § 335 a, § 336 b, stk. 3, § 361 a, § 839, stk. 1, sidste pkt., § 886, stk. 1, 2. pkt., og § 967, 2. pkt.

14) Lovændringen vedrører § 6 a, § 16 a, stk. 1, 3. pkt., § 17, stk. 1, § 18 c, § 124, stk. 8, § 133, stk. 3 og 5, § 139, stk. 3, 4. pkt., § 213 b, stk. 1, 1. pkt., § 219 a, stk. 6, § 501, stk. 3, nr. 4, § 628, stk. 3, § 684, stk. 1, nr. 3, § 701, stk. 2, § 722, stk. 1, nr. 2, § 731, stk. 1, litra c, § 745, stk. 3, § 748, stk. 1, 2. pkt., overskriften til kapitel 71, § 786, stk. 4, § 791 a, kapitel 74, kapitel 75 a, kapitel 75 b, § 925, stk. 6, § 1002 og § 1017 b, stk. 2.

15) Lovændringen vedrører kapitel 42 a.

16) Ikrafttrædelsesbestemmelsens stk. 1, 2. pkt., og stk. 2, vedrører kapitel 42 a.

17) Lovændringen vedrører § 44 a, stk. 4, § 147 g, § 148 a, § 154, stk. 2, § 155, nr. 2, § 156 a, § 158, § 178, stk. 4-10, § 218 b, § 494, stk. 2, sidste pkt., § 497, stk. 3, § 561, stk. 1, 4. pkt., § 587, stk. 1, § 777, § 962, stk. 3, 5. pkt., og § 963, stk. 3, litra a, 2. pkt. De ændringer, der vedrører § 148 a, § 154, stk. 2, § 155, nr. 2, §§ 156 a og 158, og som følger af § 1, nr. 4-7, i lov nr. 447 af 9. juni 2004, er efterfølgende ophævet, jf. § 1, nr. 4 og § 4 i lov nr. 1242 af 18. december 2012, § 4 i lov nr. 1867 af 29. december 2015 og § 6 i lov nr. 670 af 8. juni 2017.

18) Ved bekendtgørelse nr. 1253 af 1. november 2018 er det bestemt, at § 1, nr. 12, i lov nr. 447 af 9. juni 2004, der vedrører § 561, stk. 1, 4. pkt., træder i kraft den 1. december 2018.

19) Ikrafttrædelsesbestemmelsens § 1, 2. pkt., vedrører § 44 a, stk. 4, § 147 g, § 178, stk. 4-10, § 218 b, § 494, stk. 2, sidste pkt., § 497, stk. 3, § 587, stk. 1, § 777, § 962, stk. 3, 5. pkt., og § 963, stk. 3, litra a.

20) Lovændringen vedrører kapitel 1, § 28, § 31 b, 1. pkt., § 32, stk. 3, 1. pkt., §§ 32 c og 32 d, § 33, stk. 2, § 34, stk. 2, nr. 2, § 39, stk. 1, 2. og 3. pkt., § 40, § 41 c, stk. 1-3, § 41 f, stk. 3, 1. pkt., overskriften til kapitel 4, § 42, stk. 2 og 4, § 43 a, stk. 1, nr. 4 og 5, § 44, stk. 3, § 44 a, stk. 4, § 44 c, stk. 1, § 45, stk. 2 og 3, § 48, stk. 2, § 52, stk. 1, § 53, § 54, stk. 1 og 2, § 54 a, stk. 1, 1. pkt., § 55, § 57, stk. 1, 1. pkt., § 58, stk. 2, 1. pkt., § 59, § 60, stk. 1, nr. 5 og 6, § 60, stk. 2 og 3, § 66, stk. 1, 1. pkt., § 68, § 71, nr. 6, § 74, stk. 2 og 3, § 78, 1. pkt., § 79, stk. 1 og 3, § 81, stk. 1-3, § 86 a, § 88, § 90, kapitel 9 b, § 100, stk. 2, § 101, stk. 1, 2. pkt., § 103, stk. 2, § 104, stk. 1 og 2, § 105, § 107, kapitel 11, § 121, stk. 4, 1. pkt., § 132, § 133, stk. 1, § 135, stk. 2, 1. og 2. pkt., § 136, stk. 3 og 4, § 139, stk. 1 og 3, § 147 d, stk. 1 og 3, § 147 e, stk. 1 og 3, § 147 f, stk. 2, 1. og 2. pkt., § 149, stk. 7, § 151, stk. 1, 7. pkt., § 152 a, § 174, stk. 2 og 3, § 181, 1. pkt., § 186, stk. 2, 3. pkt., og stk. 3-6, § 192, § 214, stk. 2, 1. pkt., og stk. 3-5, § 218, stk. 1-3, § 218 a, stk. 1 og 2, § 219, § 219 a, stk. 5 og 6, §§ 225-230, § 240, stk. 2, § 247, stk. 2, § 248, stk. 1, 2. pkt., § 297, § 321, stk. 1, 2. pkt., § 334, stk. 1, og stk. 5, 2. pkt., § 340, stk. 1, kapitel 33 og 34, § 367, stk. 1 og 2, § 368, stk. 3 og 5, § 369, stk. 4, § 370, § 372, stk. 1, § 378, stk. 3, § 380, stk. 1, 2. pkt., § 385, stk. 1 og 2, § 386, stk. 1 og 2, § 386 a, § 387, § 390, stk. 2, § 393, stk. 4, 2. pkt., § 394, stk. 1, § 398, stk. 2, 3. pkt., kapitel 39, § 470, stk. 4, 3. pkt., § 475 b, stk. 2, 1. pkt., § 476, stk. 2, § 494, stk. 1, 2. pkt., § 506, § 586, stk. 1, § 597, stk. 3, § 598, stk. 2, 1. pkt., § 631, stk. 2, § 646, stk. 2, 1. pkt., § 653 d, §§ 686-691, § 694, stk. 3, 1. pkt., § 698, stk. 1, nr. 2, § 699 a, § 700, § 702, stk. 1 og 2, § 704, stk. 3, 2. pkt., § 705, § 707, § 719, stk. 2, nr. 1, § 729 a, stk. 2 og 3, § 729 b, stk. 1 og 2, § 731, stk. 1, litra d og e, stk. 2, 1. pkt., § 735, § 741 c, stk. 1, 5. pkt., overskriften til fjerde bog, andet afsnit, § 748, stk. 8-10, § 754, stk. 2, fjerde bog, tredje og fjerde afsnit, kapitel 82-84, §§ 968 og 968 a, § 969, stk. 1, § 970, stk. 2, § 972, stk. 1 og 2, §§ 973 og 973 a, § 976, stk. 1, § 977, stk. 1 og 2, § 979, stk. 2, 2. pkt., § 983, § 984, 1. pkt., § 987, stk. 1, 2 og 4, § 988, § 990, stk. 1, 2. pkt., og stk. 2, § 991, stk. 1, 1. pkt., og stk. 3, § 993, § 999, stk. 4, § 1008, stk. 3, 2. pkt., § 1012, stk. 4, 1. pkt., § 1013, stk. 3, § 1018 e, stk. 1, 4. pkt., § 1018 f, stk. 1, 3. pkt., og § 1020 c, stk. 2.

21) Ikrafttrædelsesbestemmelsens stk. 3, 1. pkt., vedrører § 149, stk. 7, § 174, stk. 2 og 3, § 186, stk. 2, 3. pkt., og stk. 3-6, § 192, § 748, stk. 8-10, § 831, stk. 8, og § 854. Ved § 1, stk. 1, i bekendtgørelse nr. 980 af 25. september 2009 er det bestemt, at retsplejelovens § 149, stk. 7, § 174, stk. 2 og 3, § 192, § 831, stk. 8, og § 854 som affattet ved § 1, nr. 61, 64, 68 og 132, i lov nr. 538 af 8. juni 2006 træder i kraft den 1. november 2009.

22) Lovændringen vedrører § 119, stk. 2, nr. 3-5, og stk. 3-6, § 122, stk. 2, § 123, § 124, § 126, stk. 3 og 5, § 127 a, stk. 2, § 129, § 132, § 133, stk. 3-5, § 135, stk. 1, § 135 a, § 136, stk. 3, § 143, stk. 1 og 3-5, § 144, § 145, stk. 1 og 2, § 146, § 147, § 147 a, § 147 b, stk. 1 og 2, § 147 c, stk. 1-2 og 4-6, § 147 d, stk. 1 og 3, § 147 e, § 147 f, stk. 1, § 260, §§ 267 a-267 d, § 316, stk. 1, 2. pkt., § 327, stk. 1, nr. 3, § 361, stk. 5, og § 408, stk. 2.

23) Lovændringen vedrører § 130 a og § 143, stk. 6.

24) Ikrafttrædelsesbestemmelsens stk. 2 vedrører § 130 a og § 143, stk. 6.

25) Lovændringen vedrører § 116 b.

26) Lovændringen vedrører § 8, stk. 6, § 13, stk. 5, kapitel 1 b, § 79, stk. 4, og § 175, stk. 2, nr. 6. Ved bekendtgørelse nr. 664 af 19. maj 2015 om ikrafttræden af § 1, nr. 3 (delvist), og § 1, nr. 5, i lov om ændring af retsplejeloven (Sikkerhed i retssale) er det bestemt, at kapitel 1 b, med undtagelse af § 27 b, og § 175, stk. 2, nr. 6, træder i kraft den 1. juni 2015.

27) Lovændringen vedrører § 225, stk. 2, § 225 a, § 254 a, stk. 2, og § 411, stk. 5.

28) Lovændringen vedrører § 19, stk. 3, 1. pkt., § 20, stk. 2, § 38, § 39, stk. 1, 2. og 3. pkt., § 124 c, stk. 2, 2. pkt., § 148 a, § 148 b, § 153, § 154 a, stk. 1, § 197, stk. 1, 1. og 2. pkt., § 219, stk. 6, § 255 a, stk. 1, § 348, stk. 2, nr. 3, § 348, stk. 3, 2. pkt., § 348, stk. 4, 1. og 2. pkt., § 348, stk. 5, § 349, stk. 1, 1. pkt., § 351, stk. 2, nr. 2, § 351, stk. 5, 2. og 3. pkt., § 351, stk. 6, 1.-3. pkt., § 353, stk. 3, 1. pkt., § 355, stk. 2, 3. pkt., § 357, stk. 1, 3. pkt., § 357, stk. 2, 2. pkt., § 357, stk. 3, § 357, stk. 4, 1. pkt., § 357, stk. 5, § 360, stk. 6, § 368, stk. 6, 4. pkt., § 475, stk. 1, 4. pkt., § 372, stk. 2, 1. og 2. pkt., § 373, stk. 2, § 374, 3. pkt., § 375, 2. pkt., § 376, stk. 4, § 378, stk. 1, 2. pkt., § 380, stk. 1, 1. pkt., § 385, stk. 1, 1. pkt., § 385, stk. 2, § 386, stk. 1, 2. pkt., § 388, stk. 2, § 393, stk. 3, 3. pkt., § 396, stk. 1, nr. 1 og 2, § 410, stk. 2, 4. pkt., § 456 n, stk. 1, 2. pkt., § 456 o, stk. 1, 3. pkt., § 399, stk. 2, § 400, stk. 3, § 404, stk. 4, § 406, stk. 5, 1. pkt., § 410, stk. 2, 3. pkt., § 410, stk. 6 og 7, § 454, stk. 2, 2. pkt., og § 871, stk. 2, nr. 3.

29) Lovændringen vedrører § 70.

30) Lovændringen vedrører § 1008, stk. 4, 2. pkt.

31) Lovændringen vedrører § 799, stk. 1, 1. pkt.

32) Lovændringen vedrører § 765, stk. 3 og 4.

33) Lovændringen vedrører § 41 h, stk. 1, 2. pkt., § 741 g, stk. 3, og § 1017 d, stk. 2.

10. september 2019. 162 Nr. 938.

[34] Lovændringen vedrører § 1019 r og § 1020 m.
[35] Lovændringen vedrører § 28 b, stk. 3, § 174, stk. 2, 1. pkt., § 729 a, stk. 4, 1. pkt., § 741 c, stk. 2, 3. pkt., § 837, stk. 4, § 839, stk. 3, § 841, stk. 1, 1. pkt., § 845, stk. 1, nr. 1 og 6-9, § 856, stk. 7, 9, 10, 1. og 5. pkt., og stk. 11, 1. og 4. pkt., og § 1020 h, stk. 3.
[36] Lovændringen vedrører § 12, stk. 7, 2. pkt, § 12, stk. 8, 2. pkt., § 19, stk. 3, 3. pkt., § 170, stk. 1 og 2, 1. og 2. pkt., § 214, stk. 2, 1. pkt., § 225, stk. 2, nr. 5-7, og § 330, stk. 2.
[37] Lovændringen vedrører § 776, 6. pkt., og § 997, stk. 3, 2. pkt.
[38] Lovændringen vedrører § 333, stk. 1, 2. pkt., § 334, stk. 3, § 730, stk. 3, 1. pkt., § 733, § 735, § 736, § 737, stk. 1, 1. pkt., § 741, stk. 2 og 3, 2. pkt., § 809, stk. 1, § 832, stk. 3, 4, 1. pkt., og stk. 5, 1. pkt., § 832 a, § 843 a, stk. 1, 2. pkt., § 852, stk. 2, § 896 a, nr. 1, § 902, stk. 2, nr. 2, § 1007 a og § 1010, stk. 1, 1. pkt.
[39] Lovændringen vedrører § 803 a, § 804, stk. 3, 3. pkt., § 806, stk. 2, 1. pkt., stk. 4, 1. pkt., og stk. 5, § 807, stk. 1, 3. pkt., og stk. 3, 2. pkt., § 807 a, 3. pkt., § 807 b, stk. 3, og § 807 d, stk. 1, 1. pkt.
[40] Loven er bekendtgjort i Lovtidende den 9. juni 2018.
[41] Lovændringen vedrører § 126, stk. 6, § 143, stk. 2, 1 pkt., § 143, stk. 3-11, §§ 143 a-143 b, § 144, stk. 4, § 144 a, § 145, stk. 2, § 147 c, stk. 1, 2. pkt., § 147 c, stk. 3-11, § 147 e, stk. 1 og stk. 3, § 147 f, stk. 1, og § 147 g.
[42] Lovændringen vedrører § 765, stk. 7, § 775, stk. 1, 1. pkt., § 775, stk. 2-4, § 776, 4. pkt., § 776 a, § 777, stk. 2, og § 811, stk. 3.
[43] Lovændringen vedrører § 789, stk. 4, og § 800, stk. 3.
[44] Loven er bekendtgjort i Lovtidende den 19. december 2018.
[45] Lovændringen vedrører en ændring overalt i loven af »statsforvaltningen« til: »Familieretshuset«, »statsforvaltningens« til: »Familieretshusets«, og »Statsforvaltningen« til: »Familieretshuset«, § 23, stk. 2-4, § 25, stk. 2, 2. pkt., § 41 b, stk. 2, nr. 1, § 254 e, stk. 7, 3. pkt, § 327, stk. 1, nr. 1-4, stk. 2-6, § 328, stk. 5, § 336, stk. 3 og 4, § 372, stk. 2, 3. pkt., § 394, stk. 2, 1. pkt., kapitel 42, ændring overalt i kapitel 42 a af »retten« til: »familieretten«, »rettens« til: »familierettens«, »Retten« til: »Familieretten«, og »byret« til: »familieret«, § 456 c, stk. 1-4, § 456 d, § 456 o, stk. 1, 1. pkt. og stk. 3, 1. og 2. pkt., kapitel 42 b, § 478, stk. 1, nr. 3, § 480, stk. 1, 3. pkt., § 483, § 488, stk. 2, 1. pkt., kapitel 48 a, § 596, stk. 2, 1. pkt., og § 996 a, 1. pkt.
[46] Ved bekendtgørelse nr. 210 af 5. marts 2019 er det bestemt, at § 15, nr. 2 og 3, i lov nr. 1711 af 27. december 2018, der vedrører § 23, stk. 2 og 3, 2. pkt., træder i kraft den 1. april 2019.
[47] Lovændringen vedrører § 31 c, § 32 b, stk. 1, § 32 b, stk. 2, 1. pkt., § 339 a, stk. 2, § 684, stk. 1, nr. 6, § 781, stk. 2, § 791 a, stk. 5, og § 791 a, stk. 6.
[48] Lovændringen vedrører § 741 a, stk. 1 og 3, 1. pkt., § 741 g, stk. 1, 1. pkt., § 745 e, stk. 1, nr. 2, litra b og § 762, stk. 2, nr. 2.
[49] Lovændringen vedrører § 1 a, stk. 1, nr. 4-8, § 15, stk. 2, nr. 1 og stk. 2, § 35, stk. 2, § 48 a, § 55, § 59, § 94, stk. 1, 3. pkt, § 132, § 136, stk. 3, § 148 a, stk. 1, 1. pkt., § 148 b, stk. 4, § 153, stk. 2, § 225, stk. 1 og stk. 2, nr. 3, § 653, stk. 2, nr. 7, § 316, stk. 1, 2. pkt., § 368, stk. 5, 2. pkt., § 375, 2-4. pkt., § 377, stk. 2, 2. pkt., § 408, stk. 2, 1. og 2. pkt., § 412, stk. 1, 3. pkt., og § 510, stk. 3.
[50] Lovændringen vedrører § 765, stk. 7, 2. pkt., § 777, stk. 2, 2. pkt., og § 811, stk. 3, 2. pkt.
[51] Lovændringen vedrører § 748 a, stk. 3, § 785, stk. 2, 1. pkt., og § 855, stk. 3, nr. 3 og 4.
[52] Lovændringen vedrører § 475 b, stk. 2, og § 275 c, stk. 1 og 2.
[53] Lovændringen vedrører § 469, stk. 1, 2. pkt. og 4, 3. pkt.

10. september 2019.                           163                          Nr. 938.

**Bilag**

## INDHOLDSFORTEGNELSE

### Første bog. Domsmagten m.m.

*Første afsnit. Domstolenes ordning*

| | | | |
|---|---|---|---|
| Kap. 1. | Retterne | §§ | 1-20 b |
| Kap. 1 a. | Procesbevillingsnævnet | §§ | 22-27 |
| Kap. 1 b. | Sikkerhedsforanstaltninger ved retterne | §§ | 27 a-27 b |
| Kap. 2. | Retsmøder | §§ | 28-32 d |
| Kap. 3. | Retsbøger og sagens dokumenter | §§ | 33-39 |
| Kap. 3 a. | Aktindsigt | §§ | 41-41 h |
| Kap. 4. | Dommere, fuldmægtige m.m. | §§ | 42-58 |
| Kap. 5. | Tilfælde, hvor rettens personer skal eller kan vige deres sæde | §§ | 60-67 |

*Andet afsnit. Nævningers og domsmænds udtagelse*

| | | | |
|---|---|---|---|
| Kap. 6. | Almindelige bestemmelser | §§ | 68-71 |
| Kap. 7. | Grundlister | §§ | 72-73 |
| Kap. 8. | Nævninge- og domsmandslister | §§ | 74-78 |
| Kap. 9. | Udtagelse af nævninger for de enkelte sager | §§ | 79-87 |
| Kap. 9 a. | Udtagelse af domsmænd for de enkelte sager | §§ | 88-91 |

*Tredje afsnit. Udtagelse af sagkyndige retsmedlemmer*

| | | | |
|---|---|---|---|
| Kap. 9 b. | | §§ | 92-94 |

*Fjerde afsnit. Anklagemyndigheden*

| | | | |
|---|---|---|---|
| Kap. 10. | Anklagemyndigheden | §§ | 95-107 |

*Femte afsnit. Politiet*

| | | | |
|---|---|---|---|
| Kap. 11. | | §§ | 108-117 |

*Sjette afsnit. Den Uafhængige Politiklagemyndighed*

| | | | |
|---|---|---|---|
| Kap. 11 a. | | §§ | 118-118 e |

*Syvende afsnit. Advokater*

| | | | |
|---|---|---|---|
| Kap. 12. | Beskikkelse som advokat - Udøvelse af advokatvirksomhed | §§ | 119-130 a |
| Kap. 13. | Advokaternes møderet for domstolene - Autoriserede advokatfuldmægtige | §§ | 131-136 |
| Kap. 14. | Ophør af retten til at udøve advokatvirksomhed | §§ | 137-142 |
| Kap. 15. | Advokatsamfundet og Advokatnævnet | §§ | 143-145 a |
| Kap. 15 a. | Salærklager | §§ | 146-147 a |
| Kap. 15 b. | Disciplinærsager | §§ | 147 b-147 g |

### Anden bog. Fælles bestemmelser for borgerlige sager og straffesager

| | | | |
|---|---|---|---|
| Kap. 16. | Almindelige bestemmelser om procesmåden | §§ | 148-152 a |

| Kap. 17. | Meddelelser og forkyndelse af meddelelser | §§ 153-165 |
| Kap. 18. | Vidner | §§ 168-193 |
| Kap. 19. | Syn og skøn | §§ 196-210 |
| Kap. 20. | Rettens rådslagninger og afgørelser | §§ 214-223 b |

**Tredje bog. Den borgerlige retspleje**

*Første afsnit. Almindelige bestemmelser*
| Kap. 21. | Saglig kompetence | §§ 224-232 |
| Kap. 22. | Stedlig kompetence | §§ 235-248 |
| Kap. 23. | Sammenlægning og adskillelse af krav | §§ 249-254 |
| Kap. 23 a. | Gruppesøgsmål | §§ 254 a-254 k |
| Kap. 24. | Sagens parter | §§ 255-259 |
| Kap. 25. | Rettergangsfuldmægtige | §§ 260-267 d |
| Kap. 26. | Forligsmægling | §§ 268-270 |
| Kap. 27. | Retsmægling | §§ 271-279 |
| Kap. 28. | Om parternes og tredjemands forpligtelse til at fremlægge synbare bevismidler | §§ 297-301 |
| Kap. 29. | Afhøring af parter | §§ 302-305 |
| Kap. 29 a. | Oplysningspligt ved krænkelse af immaterialrettigheder m.v. | §§ 306-307 |
| Kap. 30. | Sagsomkostninger | §§ 311-322 |
| Kap. 31. | Retshjælp og fri proces | §§ 323-336 |

*Andet afsnit. Rettergangsmåden*
| Kap. 32. | Almindelige bestemmelser | §§ 336 a-347 |
| Kap. 33. | Sagsforberedelse i 1. instans | §§ 348-361 |
| Kap. 34. | Hovedforhandling i 1. instans | §§ 362-366 |
| Kap. 35. | Genoptagelse | § 367 |
| Kap. 36. | Anke | §§ 368-388 |
| Kap. 37. | Kære | §§ 389-398 a |
| Kap. 38. | Ekstraordinær genoptagelse og anke | § 399 |
| Kap. 39. | Behandling af sager om mindre krav | §§ 400-410 |
| Kap. 40. | Midlertidige afgørelser om forbud og påbud i en borgerlig sag | §§ 411-430 |
| Kap. 41. | (Ophævet) | |
| Kap. 42. | Familieretlige sager | §§ 448-456 |
| Kap. 42 a. | Sager om faderskab og medmoderskab | §§ 456 a-456 o |
| Kap. 42 b. | Særregler om tvangfuldbyrdelse af forældremyndighed, barnets bopæl og samvær | §§ 456 p-456 r |
| Kap. 43. | Værgemålssager | §§ 457-466 |
| Kap. 43 a. | Prøvelse af administrativt bestemt frihedsberøvelse | §§ 468-475 |
| Kap. 43 b. | Prøvelse af beslutning om adoption uden samtykke | §§ 475 a-475 i |
| Kap. 44. | Fremgangsmåden ved at erhverve mortifikations- eller ejendomsdom | §§ 476-477 |

*Tredje afsnit. Betalingspåkrav*
| Kap. 44 a. | | §§ 477 a-477 g |

*Fjerde afsnit. Tvangsfuldbyrdelse*

| Kap. 45. | Grundlaget for tvangsfuldbyrdelse | §§ | 478-486 |
| Kap. 46. | Fremgangsmåden ved udlæg og tvangsfuldbyrdelse af andre krav end pengekrav | §§ | 487-506 |
| Kap. 47. | Udlæggets genstand og retsvirkninger | §§ | 507-526 |
| Kap. 48. | Særregler om tvangsfuldbyrdelse af andre krav end pengekrav | §§ | 528-535 |
| Kap. 48 a. | (Ophævet) | | |
| Kap. 49. | Almindelige bestemmelser for tvangsauktion | §§ | 538-543 a |
| Kap. 50. | Tvangsauktion over løsøre | §§ | 544-559 c |
| Kap. 51. | Tvangsauktion over fast ejendom | §§ | 560-582 |
| Kap. 52. | Tvister under tvangsauktionen | § | 583 |
| Kap. 53. | Appel af fogedrettens afgørelser | §§ | 584-587 |
| Kap. 54. | Brugeligt pant | §§ | 588-595 |
| Kap. 55. | Umiddelbare fogedforretninger | §§ | 596-600 |

*Femte afsnit. De foreløbige retsmidler*

| Kap. 56. | Arrest | §§ | 627-640 |
| Kap. 57. | Bistand til opretholdelse af forbud og påbud | §§ | 641-644 |
| Kap. 57 a. | Bevissikring ved krænkelse af immaterialrettigheder m.v. | §§ | 653-653 d |

*Sjette afsnit. (Ophævet)*

**Fjerde bog. Strafferetsplejen**

*Første afsnit. Almindelige bestemmelser*

| Kap. 61. | Strafferetsplejens område | §§ | 683-685 |
| Kap. 62. | Saglig kompetence | §§ | 686-691 |
| Kap. 63. | Værneting og forening af straffesager | §§ | 694-709 |
| Kap. 64. | Gengivelse af forklaringer | §§ | 710-714 |
| Kap. 65. | Påtalen | §§ | 718-728 |
| Kap. 66. | Sigtede og hans forsvar | §§ | 729-741 |
| Kap. 66 a. | Forurettede | §§ | 741 a-741 g |

*Andet afsnit. Efterforskning, tvangsindgreb m.v.*

| Kap. 67. | Almindelige bestemmelser om efterforskning | §§ | 742-749 a |
| Kap. 68. | Afhøringer og særlige efterforskningsskridt | §§ | 750-754 e |
| Kap. 69. | Anholdelse | §§ | 755-761 |
| Kap. 70. | Varetægtsfængsling | §§ | 762-778 |
| Kap. 71. | Indgreb i meddelelseshemmeligheden, observation, dataaflæsning, forstyrrelse eller afbrydelse af radio- eller telekommunikation og blokering af hjemmesider | §§ | 780-791 d |
| Kap. 72. | Legemsindgreb | §§ | 792-792 f |
| Kap. 73. | Ransagning | §§ | 793-800 |
| Kap. 74. | Beslaglæggelse og edition | §§ | 801-807 f |
| Kap. 75. | Personundersøgelser | §§ | 808-811 |
| Kap. 75 a. | Andre efterforskningsskridt | §§ | 812-819 |

Kap. 75 b.        Indgreb over for personer under 15 år                        §§   821 a-821 g

*Tredje afsnit. Tiltale og hovedforhandling i 1. instans*
Kap. 76.          Tilståelsessager                                             §§   831-832 a
Kap. 77.          Tiltale og forberedelse af hovedforhandling i 1. instans     §§   833-850
Kap. 78.          Hovedforhandling i 1. instans                                §§   851-885
Kap. 79.          Nævningesager                                                §§   886-894
Kap. 80.          Straffesager, i hvilke der ikke medvirker lægdommere         §§   895-900
Kap. 81.          (Ophævet)

*Fjerde afsnit. (Ophævet)*

*Femte afsnit. Retsmidler mod trufne afgørelser*
Kap. 82.          Anke til landsretten                                         §§   901-931
Kap. 83.          Anke til Højesteret                                          §§   932-937
Kap. 84.          (Ophævet)
Kap. 85.          Kære til højere ret                                          §§   968-974
Kap. 86.          Genoptagelse                                                 §§   975-988

*Sjette afsnit. Regler om behandlingen af private straffesager og om forfølgning af borgerlige krav under straffesager*
Kap. 87.          (Ophævet)
Kap. 88.          Regler om behandlingen af private straffesager               §§   989-990
Kap. 89.          Påtale af borgerlige krav under straffesager                 §§   991-996 a

*Syvende afsnit. Fuldbyrdelsen af domme i straffesager*
Kap. 90.                                                                       §§   997-1006

*Ottende afsnit. Sagsomkostninger m.v. i straffesager*
Kap. 91.          Sagsomkostninger                                             §§   1007-1014 a
Kap. 92.          Offentlig omtale m.v. af straffesager                        §§   1016 a-1017 d

*Niende afsnit.*
Kap. 93.          Særlige bestemmelser om nogle forhør m.m.                    §    1018

*Tiende afsnit.*
Kap. 93 a.        Erstatning i anledning af strafferetlig forfølgning          §§   1018 a-1018 h
Kap. 93 b.        Behandling af klager over politipersonalet                   §§   1019-1019 r
Kap. 93 c.        Straffesager mod politipersonale                             §§   1020-1020 m
Kap. 93 d.        (Ophævet)

**Femte bog. Slutnings- og overgangsbestemmelser**

Kap. 94.          Slutningsbestemmelser                                        §§   1022-1023 a
Kap. 95.          Overgangsbestemmelser (Udeladt)                              §§   1024-1043