

# SØ- OG HANDELSRETTEN
# KENDELSE

**afsagt den 29. maj 2018**

**Sag BS-7796/2018-SHR**

3SHAPE TRIOS A/S
(advokat Mikkel Vittrup)
(advokat Peter Nørgaard)
og

3SHAPE A/S
(advokat Mikkel Vittrup)
(advokat Peter Nørgaard)
og

3Shape, Inc.
(advokat Mikkel Vittrup)
(advokat Peter Nørgaard)

mod

Align Technology, Inc.
(advokat Kenneth Kvistgaard-Aaholm)

Denne afgørelse er truffet af dommer Mette Skov Larsen.

**Sagens baggrund og parternes påstande**

3SHAPE TRIOS A/S, 3SHAPE A/S og 3Shape, Inc. (herefter: 3Shape) har anlagt sag ved Sø- og Handelsretten den 6. marts 2018 mod den amerikanske virksomhed Align Technology, Inc. (herefter: Align).

Denne kendelse vedrører alene spørgsmålet om, hvorvidt stævningen er behørigt forkyndt for Align.

Sagsøger, *3Shape*, har *principalt* nedlagt påstand om, at stævning af 6. marts 2018 i sag nr. BS-7796/2018-SHR er forkyndt for Align Technology, Inc., og at sagen udsættes med 14 dage på modtagelse af svarskrift fra Align Technology, Inc., *subsidiært* at stævning af 6. marts 2018 fremsendes til forkyndelse for Align Technology, Inc. via den centrale myndighed i Amerikas Forenede Stater.

Sagsøgte, *Align*, har nedlagt påstand om, at sagen udsættes på behørig forkyndelse af stævningen.


**Oplysningerne i sagen**

Den 6. marts 2018 anlagde 3Shape nærværende sag ved Sø- og Handelsretten mod Align. 3Shape sendte samtidig via UPS en kopi af stævning og bilag sammen med en engelsk oversættelse af stævningen til Aligns adresse i USA.

Den 8. marts 2018 modtog en ansat hos Align på Aligns adresse i Californien, USA, stævningen med engelsk oversættelse samt sagens bilag.

Det er ubestridt, at såvel Align som Aligns advokater (i såvel Danmark som i USA) har modtaget kopi af stævning og bilag sammen med en engelsk oversættelse af stævningen.


<u>Retsgrundlaget</u>

Reglerne om forkyndelse findes i retsplejelovens kapitel 17. De almindelige regler om forkyndelse fremgår af §§ 155-157a.

Af retsplejelovens § 158 fremgår om forkyndelse i udlandet, at

> "Har den pågældende kendt bopæl eller opholdssted i udlandet, og kan forkyndelse ikke ske her i riget efter § 155, stk. 1, nr. 4 og 5, jf. § 157, eller § 155, stk. 1, nr. 4 og 5, jf. stk. 2, sker forkyndelse ved brevforkyndelse eller

> på den måde, der er foreskrevet ved konvention eller ved vedkommende lands lov"

Det fremgår af retsplejelovens § 163, stk. 2, at

> "Er det dokument, der skal forkyndes kommet vedkommende i hænde, anses forkyndelse for sket, selv om forkyndelsen ikke er foretaget i overensstemmelse med reglerne i §§ 155-157a."

Bestemmelsen blev indført ved lov nr. 66 af 8. marts 1972 om ændring af retsplejeloven (Forkyndelser m.v.) og trådte i kraft den 1. juli 1972.

Af forslag til Lov om ændring af retsplejeloven L 7 fremsat den 19. oktober 1971 fremgår af bemærkningerne til retsplejelovens §§ 159-165, at

> "… Bestemmelserne svarer i alt væsentligt til retsplejerådets udkast. I § 163 er dog indsat et nyt stk. 2, hvorefter forkyndelse anses for sket, når den meddelelse, der skal forkyndes, er kommet vedkommende i hænde, selv om forkyndelsen ikke er sket i overensstemmelse med reglerne i §§ 155-157. Meddelelsen anses i disse tilfælde for forkyndt på det tidspunkt, meddelelsen kommer den pågældende i hænde. Det forekommer urimeligt, at en sag må udsættes, for at der kan foretages ny forkyndelse, når den pågældende meddelelse utvivlsomt er kommet vedkommende i hænde. En tilsvarende bestemmelse findes i den svenske rättegångsbalk kapitel 33, § 14."

Det fremgår af Konvention af 15. november 1965 om forkyndelse i udlandet af retslige og udenretslige dokumenter i sager om civile eller kommercielle spørgsmål (Haagerforkyndelseskonventionen) artikel 5 bl.a., at

> "Den centrale myndighed i modtagerstaten foretager eller lader foretage forkyndelse af dokumentet enten
>
> - a) ved anvendelse af en af de fremgangsmåder, der i modtagerstatens lovgivninger foreskrevet for forkyndelse af dokumenter i indenlandske sager for personer, som opholder sig på dens territorium,
> - b) ved anvendelse af en særlig fremgangsmåde, som rekvirenten har anmodet om, forudsat at den ikke er uforenelig med modtagerstatens lovgivning.
> …"

Det fremgår endvidere af samme konventions artikel 10 a, at

> "Medmindre modtagerstaten modsætter sig det, er konventionen ikke til hinder for adgangen til at sende retslige dokumenter direkte med posten til personer i udlandet"

USA har ikke modsat sig, at retslige dokumenter fremsendes direkte med posten.

**Parternes synspunkter**

For sagsøger, *3Shape*, er der i det væsentlige procederet i overensstemmelse med påstandsdokumentet af 8. maj 2018, hvoraf fremgår bl.a.:

> "<u>1 Indledning</u>
>
> 1.1 Sagens genstand
>
> Denne formalitetsprocedure vedrører, hvorvidt 3Shapes stævning af 6. marts 2018 er forkyndt over for Align.
>
> Ifølge 3Shape skal retten tage stilling til:
>
> i. om retsplejelovens § 163, stk. 2, finder anvendelse i forhold til forkyndelsen af 3Shapes stævning over for Align i USA, og
>
> ii. om Haagerkonventionen er til hinder for, at 3Shapes stævning forkyndes over for Align i USA, når stævningen sendes pr. post.
>
> …
>
> <u>3 Forkyndelse er lovlig efter dansk ret</u>
>
> 3Shape gør gældende, at der er sket lovlig forkyndelse efter retsplejeloven, da der er enighed om, at stævning, bilag og engelsk oversættelse af stævningen er modtaget af Align, jf. § 163, stk. 2.
>
> 3.1 Retsplejelovens regler om forkyndelse
>
> De danske regler om forkyndelse findes i retsplejelovens kapitel 17 … Formålet med reglerne er at sikre, at et dokument kommer frem til den rette modtager, således at modtageren har mulighed for at gøre sig bekendt med indholdet af dokumentet. Det fremgår blandt andet af forarbejderne til retsplejelovens regler om forkyndelse …:

"Formålet med forkyndelse er at sikre, at en meddelelse (stævning, indkaldelse m.v.) kommer adressaten eller hans pårørende m.v. i hænde og få bevis herfor."

Udgangspunktet er, at forkyndelse skal ske efter retsplejelovens § 155, som oplister en række fremgangsmåder til forkyndelse, der skal sikre varetagelsen af ovennævnte formål, herunder blandt andet brevforkyndelse, postforkyndelse og stævningsmandsforkyndelse. Ved lov nr. 1242 af 18. december 2012 blev reglerne udvidet med blandt andet regler om telefonforkyndelse (§ 155, stk. 1, nr. 6) og digital forkyndelse (§ 155, stk. 1, nr. 2 og 3).

Såfremt modtageren af den processuelle meddelelse har kendt bopæl i udlandet, og forkyndelse ikke kan ske efter § 155, skal forkyndelse ske ved brevforkyndelse eller på den måde, der er foreskrevet ved konvention eller ved lov i modtagerens land, jf. § 158.

3.2 Retsplejelovens § 163, stk. 2

De nævnte fremgangsmåder fraviges imidlertid af den centrale bestemmelse i retsplejelovens § 163, stk. 2, hvorefter forkyndelse anses for sket, hvis det er dokumenteret, at den processuelle meddelelse er kommet frem til den rette modtager, og formålet med reglerne således er opfyldt. Denne regel reducerer i praksis retsplejelovens regler om forkyndelse til et spørgsmål om dokumentation for modtagelsen, jf. således Jens Dinesen i Juristen 1986 …:

"§ 163, stk. 2, har således reelt såvel uden- som indenlands forvandlet forkyndelsessystemet til en hovedregel om bevis for personlig modtagelse uanset formen (…)".

Dette understøttes også af bestemmelsens forarbejder.

Retsplejelovens § 163, stk. 2, blev indført ved lov nr. 66 af 8. marts 1972 …I lovforslaget til loven fremgår følgende af bemærkningerne til bestemmelsen …:

"I § 163 er dog indsat et nyt stk. 2, hvorefter forkyndelse anses for sket, når den meddelelse, der skal forkyndes, er kommet vedkommende i hænde, selv om forkyndelsen ikke er sket i overensstemmelse med reglerne i §§ 155-157. Meddelelsen anses i disse tilfælde for forkyndt på det tidspunkt, meddelelsen kommer den pågældende i hænde. <u>Det forekommer urimeligt, at en sag må udsættes, for at der kan foretages ny forkyndelse, når den pågældende meddelelse utvivlsomt er kommet vedkommende i hænde.</u> En tilsvarende bestemmelse findes i den svenske rättegångsbalk kapitel 33, § 14." (understregning tilføjet)

På den baggrund valgte lovgiver at indsætte bestemmelsen i stk. 2 som en undtagelse til de øvrige fremgangsmåder til forkyndelse.

Retsplejelovens § 163, stk. 2, indebærer, at forkyndelse i dansk ret kan ske ved en hvilken som helst meddelelsesform, når det kan dokumenteres, at meddelelsen, der skal forkyndes, er modtaget af modtageren, jf. citatet fra Jens Dinesen ovenfor. Man har således fravalgt et rent formelt system, hvor alene fremsendelsesmåden er afgørende, og derimod valgt et system, hvor det afgørende er, at meddelelsen rent faktisk er kommet frem. Reglen er udtryk for sund, dansk pragmatisme. Hele formålet med at benytte fremgangsmåderne i § 155 er jo allerede opnået, hvis der er dokumentation for, at meddelelsen er kommet frem.

Dette formål gør sig ikke mindre gældende, når der er tale om processuelle udlændinge, sådan som det er tilfældet med Align.

3.3 Anvendelse af retsplejelovens § 163, stk. 2, i forhold til processuelle udlændinge

Aligns advokater gør med henvisning til landsrettens afgørelse i U 1997.896 HK … gældende, at retsplejelovens § 163, stk. 2, ikke finder anvendelse i forhold til forkyndelse i udlandet, det vil sige, at der over for processuelle udlændinge gælder et rent formelt system, selv om formålet med forkyndelse er opnået. Landsretten undlod i den konkrete sag at anvende retsplejelovens § 163, stk. 2, i forhold til en processuel udlænding med henvisning til, at der ikke er henvist til § 158 i § 163, stk. 2.

3Shape er ikke enig i, at denne kendelse er udtryk for gældende ret.

For det første blev Vestre Landsrets afgørelse omgjort af Højesteret i U 1997.896 HK …, hvor der ikke blev taget stilling til anvendelsesområdet for § 163, stk. 2.

For det andet må Vestre Landsrets afgørelse ses på baggrund af de specielle forhold i sagen, hvor der var tale om forkyndelse for en person, der skiftevis opholdt sig i henholdsvis USA (Californien) og Mexico. Højesteret nåede frem til, at der trods de specielle omstændigheder i sagen var sket forkyndelse.

For det tredje kan det ikke tillægges væsentlig betydning, at bestemmelsen i retsplejelovens § 158 ikke indeholder en henvisning til § 163, stk. 2. Bestemmelsen i retsplejelovens § 158 anviser blot, hvilke regler der kan anvendes i forhold til processuelle udlændinge, hvor der ikke kan ske forkyn-

delse i Danmark. Her foreskrives 1) anvendelse af brevforkyndelse, 2) regler foreskrevet ved konvention eller 3) de relevante regler i de pågældende lands lov. Brevforkyndelse (§ 155, stk. 1, nr. 1) er netop en af de regler, der kan fraviges med retsplejelovens § 163, stk. 2, såfremt der er dokumentation for modtagelsen. En henvisning er derfor overflødig. Der er ikke i lovens ordlyd eller forarbejder grundlag for at konkludere, at lovgiver skulle have ønsket at undtage processuelle udlændinge fra anvendelsesområdet for § 163, stk. 2.

En sådan fortolkning ville også føre til underlige resultater, da § 158 ikke kun omhandler forkyndelse i udlandet, men også forkyndelse over for udlændinge i Danmark. Hvis en processuel udlænding med fast bopæl uden for Danmark (eksempelvis i USA) for tiden opholder sig i Danmark, så anviser § 158, at man kan bruge de gængse forkyndelsesformer, eksempelvis stævningsmandsforkyndelse, jf. henvisningen til § 155, stk. 1, nr. 5, i § 158. Hvis § 163, stk. 2, skulle forstås så snævert som Align hævder, så ville det udelukke anvendelse af § 163, stk. 2, også over for en sådan personer, der faktisk opholder sig her i landet. Dette kan ikke være rigtigt.

For det fjerde har Østre Landsret efterfølgende i U 2005.3302 ØK … fastslået, at § 163, stk. 2, kan anvendes i forhold til personer, der ikke bor i Danmark.

I U 2005.3302 ØK anså landsretten en intern email fra et advokatkontor som tilstrækkelig dokumentation for, at en meddelelse var kommet frem til rette vedkommende, der boede i Sverige. Align har i skriftvekslingen anført, at Østre Landsret ikke har taget stilling til problemstillingen. Dette bestrides af 3Shape. Sagen anvender klart § 163, stk. 2, i forhold til en udlænding, der opholdt sig i udlandet. Sagen var i øvrigt en straffesag, og i en sådan sag må man formode, at landsretten har været ekstra opmærksom på spørgsmålet om, hvorvidt der er sket korrekt forkyndelse. Straffesager er desuden undergivet et officialprincip; og til forskel fra civile sager, hvor der gælder et forhandlings- og dispositionsprincip, finder retsplejelovens § 338, ikke anvendelse i straffesager. Landsretten har således skullet tage stilling til spørgsmålet, uanset om den tiltalte eller dennes forsvarer har gjort indsigelser og procederet spørgsmålet eller ej. Alligevel havde Østre Landsret ikke nogen betænkeligheder ved at anvende § 163, stk. 2, i forhold til udlændinge.

På tidspunktet for afsigelsen af Østre Landsrets kendelse i 2005, har landsretten været bekendt med landsrettens afgørelse gengivet i U 1997.896. Dels fordi kendelsen var trykt i Ugeskrift for Retsvæsen, dels fordi kendelsen var en af de få afgørelser på daværende tidspunkt, der omtalte anvendelsesområdet for § 163, stk. 2, i forhold til udlændinge, dels fordi kendelsen

var omtalt i den kommenterede retsplejelov fra 2004 … Desuagtet valgte Østre Landsret alligevel at anvende retsplejelovens § 163, stk. 2, i forhold til forkyndelse i udlandet. På den baggrund mener 3Shape ikke, at landsrettens afgørelse U 1997.896 kan tages til indtægt som gældende ret på nuværende tidspunkt.

Ovennævnte fortolkning af § 163, stk. 2, har også støtte i den juridiske litteratur, jf. således Jens Dinesen i Juristen 1986 …:

"Ifølge retsplejelovens § 158 kan forkyndelse i udlandet altid ske ved brevforkyndelse, jf. § 155, nr. 1. Det kan forekomme noget tvivlsomt, om denne bestemmelse er i strid med Haagerkonventionens regler om, at territorialstaten kan modsætte sig fremsendelse gennem postvæsenet, og den almindelige folkeretlige regel, som må antages at have fundet udtryk heri

(…)

Under alle omstændigheder må en sådan forkyndelse efter retsplejelovens formulering formentlig tillægges retsvirkning her i landet, og det samme må være tilfældet for så vidt angår ethvert andet tilfælde, hvor adressaten bevisligt har fået dokumentet i hænde, jfr. § 163, stk. 2. Bemærkningerne til bestemmelsen giver ikke anledning til at opfatte henvisningen til §§ 155-157 som udelukkende dens anvendelse i § 158-situationen, hvis forkyndelsesmåder i realiteten svarer og delvis bygger på en henvisning til de indenlandske, jfr. Herved retsplejerådets referat af de tilsvarende svenske regler i FT 197172 A sp. 77."

På baggrund af ovenstående er det 3Shapes synspunkt, at det vil være en uhensigtsmæssig formalistisk tolkning af retsplejelovens § 163, stk. 2, i strid med formålet med reglerne om forkyndelse, såfremt stævningen ikke anses for at være forkyndt over for Align, når der er enighed mellem parterne om, at Align har modtaget stævningen.

Det er ikke noget hensyn at tage til Align i den foreliggende situation. Align har bekræftet, at man har modtaget stævning, bilag og engelsk oversættelse af stævningen. Alligevel indtager Align et formelt standpunkt om, at der alene kan ske forkyndelse over for Align ved anvendelse af reglerne i Haagerkonventionen. Men en forkyndelse af stævningen gennem anvendelse af reglerne i Haagerkonventionen vil alene føre til, at man opnår det resultat, som Align er enig i allerede foreligger, nemlig dokumentation for at Align har modtaget stævningen. Denne adfærd fra Aligns side er formentlig begrundet i taktiske overvejelser vedrørende de sager, som Align har anlagt mod 3Shape i USA, hvilket de danske domstole ikke bør støtte op om.

<ins>4 Ingen konventionsmæssige forpligtelser til hinder for forkyndelse</ins>

Dette forhold skal kun omtales kort, da parterne nu synes at være enige herom, og da 3Shape forstår Aligns synspunkter således, at Align ikke længere bestrider, at Haagerkonventionens regler er overholdt. Retten skal imidlertid formentlig af egen drift påse, om der er folkeretlige regler til hinder for at statuere, at forkyndelse i udlandet har fundet sted, og at forkyndelse via posten kan ske i USA uden at krænke landets suverænitet.

Nogle lande anser forkyndelse via posten som en krænkelse af deres suverænitet, jf. herom Jens Dinesen i Juristen 1986 … Dette spørgsmål er nu i vidt omfang løst med Haagerkonventionens artikel 10, litra a, hvorefter konventionen ikke er til hinder for forkyndelse via posten, medmindre der tages forbehold. Ligesom Danmark har USA ikke taget forbehold over for artikel 10, litra a, jf. den amerikanske erklæring til konventionen … Forkyndelse via posten kan derfor ske, hvis dette er hjemlet i staten, hvor sagen føres. I Danmark er der hjemmel hertil i retsplejelovens § 163, stk. 2, der omfatter enhver fremsendelsesform, hvis blot der er dokumentation for modtagelsen, jf. ovenfor.

Det skal i den forbindelse fremhæves, at vendingen "med posten" som anvendt i artikel 10, litra a, ikke er det samme som den danske postforkyndelsesform, jf. retsplejelovens § 155, stk. 1, nr. 4, der kun kan anvendes af offentlige myndigheder, jf. i det hele bekendtgørelse nr. 816 af 25. juni 2013 om forkyndelse … Artikel 10, litra a, omfatter således også forkyndelse med private kurerfirmaer, jf. punkt 56 i udtalelserne fra den særlige kommission under Haagerkonferencen, der i 2003 udarbejdede en række anbefalinger vedrørende forståelse af konventionen …:

"The SC considered the increasing use of private courier services for the expeditious transmission of documents in a variety of business settings and heard reports that such couriers have been used to serve process under Article 10(a) of the Convention. In light of that, the SC concluded that for the purposes of Article 10(a) the use of a private courier was the equivalent of the postal channel."

Denne forståelse støttes af den officielle håndbog til Haagerkonventionen…

Endelig skal det for en ordens skyld bemærkes, at da USA - ligesom Danmark - ikke har taget noget forbehold over for artikel 10, litra a, om oversættelse af det retslige dokument, der er tale om, er det for så vidt ligegyldigt for spørgsmålet om forkyndelse, om Align har modtaget stævningen på engelsk eller kun på retssproget (dansk). I nærværende sag har Align dog ubestridt modtaget stævningen på både dansk og engelsk.

<u>5 Konklusion - 3Shapes påstande</u>

Sammenfattende gør 3Shape derfor gældende:

Forkyndelse må anses for sket over for Align i USA, jf. retsplejelovens § 163, stk. 2, da stævningen, inklusive bilag, er modtaget af Align.

Der er ikke nogen folkeretlige forpligtelser til hinder for, at Sø- og Handelsretten anser stævningen for forkyndt, da USA ikke har modsat sig forkyndelse via posten, jf. Haagerkonventionens artikel 10, litra a.

Sø- og Handelsretten skal derfor give 3Shape medhold i sin principale påstand.

Såfremt Sø- og Handelsretten måtte nå frem til, at stævningen ikke er forkyndt for Align i USA, skal 3Shape anmode Sø- og Handelsretten om at fremsende stævningen, inklusive bilag til forkyndelse i USA via den relevante, centrale myndighed i USA, jf. 3Shapes subsidiære påstand. 3Shape vil i den forbindelse fremsende en oversættelse af stævning til brug for dette formål."

For sagsøgte, Align, er der i det væsentlige procederet i overensstemmelse med påstandsdokumentet af 8. maj 2018, hvoraf fremgår bl.a.:

"<u>2 Indledende bemærkninger</u>

Formalitetsproceduren i denne sag vedrører alene spørgsmålet om, hvorvidt der er sket behørig forkyndelse for Align af stævning og bilag i sagen.

…

<u>4 Anbringender</u>

Til støtte for de nedlagte påstande gør Align overordnet gældende, at der ikke er sket behørig forkyndelse af stævningen.

<u>4.1 Udgangspunktet</u>

Al dansk forkyndelse skal ske efter reglerne i retsplejelovens §§ 155-162. For en virksomhed beliggende i udlandet skal forkyndelse ske "*ved brevforkyndelse eller på den måde, der er foreskrevet ved konventionen eller ved vedkommende lands lov*", jf. retsplejelovens § 158. Det er den bestemmelse, der er relevant for forkyndelse overfor Align, der er beliggende i Californien, USA.

Ingen af disse forkyndelsesformer er imidlertid anvendt af 3Shape i denne sag, idet 3Shape blot ved et privat kurérfirma har leveret en pakke til Align. Det forhold, at der er kvitteret for modtagelsen af pakken, inden man kendte dens indhold, jf. sagens bilag 40, ændrer ikke herved.

Det gøres således gældende, at den forkyndelsesform, der er anvendt af 3Shape i denne sag, hverken honorerer kravene til brevforkyndelse efter dansk ret, eller den måde, der er foreskrevet ved konventionen eller ved vedkommende lands lov.

Så vidt ses af 3Shapes processkrifter, er 3Shape reelt enig i det synspunkt, men forlader sig i det hele på princippet i retsplejelovens § 163, stk. 2.

4.2 Særligt om Haagerforkyndelseskonventionen

Forkyndelse foreskrevet ved Haagerforkyndelseskonventionen fremgår af dennes artikel 5 … Konventionsforkyndelse skal herefter ske ved

1) fremsendelse til Justitsministeriet til forkyndelse efter den fremmede stats regler,
2) frivillig forkyndelse gennem dansk ambassade eller konsulat,
3) brevforkyndelse eller
4) fremsendelse direkte til den embedsmand i udlandet, der skal foretage forkyndelsen.

Ingen af disse forkyndelsesmåder er iværksat af 3Shape i denne sag, og det er heller ikke gjort gældende.

3Shape har derimod henvist til "undtagelsen" i Haagerforkyndelseskonventionen artikel 10, litra a … om postforkyndelse, om end 3Shapes seneste indlæg for retten synes at indikere, at det ikke er artikel 10, litra a, der påberåbes som sådan, men nærmere et ikke nærmere specificeret samspil mellem retsplejelovens § 163, stk. 2 og artikel 10, litra a.

Align gør imidlertid gældende, at USA's manglende forbehold over for artikel 10, litra a i Haagerforkyndelseskonventionen er uden betydning. Artikel 10, litra a er således ikke en undtagelse, der tilsidesætter de almindelige forkyndelsesregler, der er fastsat i retsplejeloven. Bestemmelsen fastslår alene, at konventionen ikke i sig selv er til hinder for forkyndelse per brev i et konventionsland, medmindre det land, hvori forkyndelsen skal ske, har taget forbehold. Dette ses udtrykkeligt af formuleringen af artikel 10, litra a. Bestemmelsen forudsætter åbenbart, at forkyndelse per brev i øvrigt er

en lovlig forkyndelsesform i det land, hvorfra forkyndelse foretages, altså i denne sag i Danmark. En sådan hjemmel findes imidlertid ikke i Danmark.

3Shapes fortolkning af Haagerforkyndelseskonventionen ville således indføre en forkyndelsesform, der ikke er hjemlet ved retsplejeloven, nemlig forkyndelse ved at en privat part blot fremsender et brev. Dette synes at være en åbenbart forkert fortolkning af konventionen.

Postforkyndelse kan efter retsplejeloven alene ske med rettens medvirken, jf. § 3, stk. 2 i bekendtgørelse nr. 816 af 25. juni 2013 om forkyndelse … Levering ved privat kurér af en pakke – uanset at denne indeholder stævning og bilag – fra 3Shapes advokat til Align i San Jose, Californien, kan således ikke indebære, at der er sket postforkyndelse.

Det bestrides således, at den forkyndelsesform, der er anvendt af 3Shape i denne sag, er forkyndelse på den måde, der er foreskrevet efter Haagerforkyndelseskonventionen, uanset USA's manglende forbehold over for anvendelsen af konventionens artikel 10, litra a.

4.3 Retsplejelovens § 163, stk. 2

Den eneste undtagelse til reglerne i retsplejelovens §§ 155-162 er retsplejelovens § 163, stk. 2. Efter denne begrænsede undtagelse skal forkyndelse anses for sket i de tilfælde, hvor det kan fastslås, at de dokumenter, der skal forkyndes, er kommet modtageren i hænde uanset om forkyndelsen ikke er sket efter (visse af) de formelle regler for forkyndelse.

Det gøres gældende, at retsplejelovens § 163, stk. 2 ikke finder anvendelse i denne sag.

Retsplejelovens § 163, stk. 2 lyder "*[e]r det dokument, der skal forkyndes, kommet vedkommende i hænde, anses forkyndelse for sket, selv om forkyndelsen ikke er foretaget i overensstemmelse med reglerne i §§ 155-157a*" [vor fremhævelse]. Det følger altså udtrykkeligt af ordlyden, at bestemmelsen kun er en undtagelse til bestemmelserne i §§ 155-157a. Som anført ovenfor er Align en i udlandet beliggende virksomhed, og retmæssig forkyndelse kan derfor alene ske efter reglen i retsplejelovens § 158.

Undtagelsen finder derfor ikke anvendelse i denne sag, hvilket har solid støtte i retspraksis. Landsrettens afgørelse i den sag, der er refereret i UfR 1997.896 H …, tager udtrykkeligt stilling til spørgsmålet, og er udtryk for gældende ret om dette spørgsmål. I den sag, som 3Shape har henvist til, UfR 2005.3302 Ø…, er spørgsmålet om rækkevidden af undtagelsen ikke

udtrykkelig genstand for diskussion, og denne afgørelse ændrer derfor ikke på forholdet.

3Shapes synspunkt om, at retsplejelovens § 163, stk. 2 finder anvendelse i denne sag, er således i direkte strid med bestemmelsens ordlyd såvel som retspraksis.

Skal rækkevidden af retsplejelovens § 163, stk. 2 fortolkes i strid med sin egen klokkeklare ordlyd, skal der være stærke argumenter for, at der fra lovgivers side har været tale om en lapsus. Det er der imidlertid ingen indikationer af overhovedet. Tværtimod synes det at være med velberådet hu, at bestemmelsen ikke omfatter de tilfælde, der er reguleret af § 158; tillod Danmark forkyndelse efter princippet i § 163, stk. 2 i disse tilfælde, ville der således være risiko for, at Danmark kommer i strid med sine konventionsmæssige forpligtelser. Forkyndelse, der alene består i "faktisk kendskab", er således eksempelvis ikke omfattet af Haagerforkyndelseskonventionen.

Af disse grunde finder retsplejelovens § 163, stk. 2 ikke anvendelse.

3Shape forsøger at få Aligns adfærd til at fremstå som obstruktion. Det bestrides, at dette er tilfældet, men det er under alle omstændigheder irrelevant for den objektive juridiske afgørelse af tvisten. Faktum er herudover, at reglerne i retsplejeloven er nøje udformet med henblik på at sikre en retfærdig proces. Forkyndelsesreglerne er klare, og 3Shape kunne blot fra starten have iværksat retmæssig forkyndelse efter de lovhjemlede processer i stedet for bevidst at anvende en ulovhjemlet fremgangmåde ud fra en "går den, så går den-betragtning". Havde 3Shape valgt den vej, kunne forkyndelsen være sket retmæssigt på nuværende tidspunkt. Det forekommer i øvrigt paradoksalt, at 3Shape søger at få sanktioneret en omgåelse af reglerne ved at angive, at Align skulle handle med ikke agtværdige motiver, i lyset af, at anlæggelse af sagen for Sø- og Handelsretten alene bunder i 3Shapes forsøg på at obstruere igangværende processer i USA.

5 Opsamling

Forkyndelse overfor Align kan alene ske med hjemmel i retsplejelovens § 158. Undtagelsen i retsplejelovens § 163, stk. 2 finder ikke anvendelse på de tilfælde, der reguleres i § 158, og er derfor ikke anvendelig i denne sag.

Haagerforkyndelseskonventionen artikel 10, litra a giver ikke særskilt hjemmel til, at forkyndelse kan ske blot ved fremsendelse af brev via privat kurer, og den type forkyndelse er heller ikke i øvrigt hjemlet i retsplejeloven.

> Samlet set kan forkyndelse derfor alene ske efter retsplejelovens § 158, hvilket ubestridt ikke er sket.
> …"

**Rettens begrundelse og resultat**

Det er ubestridt, at der ikke ved fremsendelse af stævningen med UPS til Align er sket brevforkyndelse efter reglerne i retsplejeloven, ligesom der heller ikke i øvrigt er sket forkyndelse efter retsplejelovens § 158.

Spørgsmålet er herefter alene, om retsplejelovens § 163, stk. 2 finder anvendelse i en situation som den foreliggende, hvor der er tale om forkyndelse i udlandet.

Bestemmelsen, som senest blev ændret ved lov nr. 1242 af 18. december 2012, hvor der blev tilføjet en henvisning til retsplejelovens § 157a, henviser ikke til retsplejelovens § 158, og der findes ingen støtte i forarbejderne for, at bestemmelsen tillige skulle kunne anvendes i forbindelse med forkyndelse i udlandet.

Uanset at de hensyn, som ligger bag bestemmelsen i retsplejelovens § 163, stk. 2, tillige gør sig gældende i denne sag, hvor Align ubestridt har modtaget stævningen, er det således rettens opfattelse, at bestemmelsen ikke finder anvendelse ved forkyndelse i udlandet, og stævningen kan derfor ikke anses for forkyndt for Align.

Som følge heraf udsættes sagen på behørig forkyndelse af stævningen.

### THI BESTEMMES:

Sagen udsættes på behørig forkyndelse af stævningen.

Mette Skov Larsen

Publiceret til portalen d. 29-05-2018 kl. 10:02
Modtagere: Sagsøger 3SHAPE TRIOS A/S, Advokat (H) Mikkel Vittrup,
Advokat (H) Kenneth Kvistgaard-Aaholm, Sagsøger 3SHAPE A/S, Advokat
Peter Nørgaard

Publiceret til portalen d. 29-05-2018 kl. 10:02
Modtagere: Sagsøger 3SHAPE TRIOS A/S, Advokat (H) Mikkel Vittrup,
Advokat (H) Kenneth Kvistgaard-Aaholm, Sagsøger 3SHAPE A/S, Advokat
Peter Nørgaard