# Forslag til Lov om ændring af retsplejeloven.

*(Forkyndelser m. v.)*

Fremsat den 19. oktober 1971 af *justitsministeren*.

**§ 1.** I lov om rettens pleje, jfr. lovbekendtgørelse nr. 609 af 19. december 1969, som ændret senest ved lov nr. 153 af 16. april 1971, foretages følgende ændringer:

**1.** I *§ 57* indsættes som *stk. 2-4:*

"*Stk. 2.* En forkyndelse er gyldig, selv om stævningsmanden har handlet uden for den retskreds, i hvilken han er ansat.

*Stk. 3.* Polititjenestemænd og sognefogeder kan uden særlig beskikkelse foretage forkyndelser i straffesager.

*Stk. 4.* Justitsministeren kan fastsætte regler om, i hvilket omfang politiet skal foretage eller medvirke ved forkyndelser."

**2.** *Kapitel 17* affattes således:

"Kapitel 17. **Forkyndelser m. v.**

**§ 153.** I borgerlige sager skal processuelle meddelelser forkyndes, medmindre andet er bestemt i denne lov.

*Stk. 2.* I straffesager skal forkyndelse kun ske, når det er bestemt i denne lov.

**§ 154.** Meddelelser fra retten gives på den måde, som rettens formand bestemmer, medmindre loven indeholder anden forskrift herom.

*Stk. 2.* Rettens beslutning om, hvorledes meddelelser skal gives, er ikke genstand for kære.

**§ 155.** Forkyndelse sker ved, at den meddelelse, der skal forkyndes, med eventuelle bilag

1) sendes eller afleveres til den pågældende, der samtidig anmodes om at bekræfte modtagelsen på en genpart af dokumentet eller, hvis forkyndelsen foretages ved rettens eller anklagemyndighedens foranstaltning, et særligt modtagelsesbevis (brevforkyndelse),

2) sendes til den pågældende i brev med afleveringsattest (postforkyndelse) eller

3) afleveres til den pågældende af en stævningsmand (stævningsmandsforkyndelse).

**§ 156.** Ved brevforkyndelse anses meddelelsen for forkyndt, hvis genparten eller modtagelsesbeviset er underskrevet af den pågældende personlig. Forkyndelse anses for sket den dag, modtageren anfører at have modtaget meddelelsen. Er ingen modtagelsesdag anført, eller er den angivne modtagelsesdag senere end datoen i poststemplet på tilbagesendelsen, anses forkyndelse for sket på poststemplets dato.

**§ 157.** For postforkyndelse og stævningsmandsforkyndelse gælder følgende regler:

1) Forkyndelse bør så vidt muligt ske for den pågældende personlig på hans bopæl, midlertidige opholdssted eller arbejdssted. Forkyndelse for den pågældende personlig er dog gyldig, uanset hvor den sker.

2) Træffes den pågældende ikke, kan forkyndelse ske

   a) på bopælen eller opholdsstedet for personer, der hører til husstanden, eller, hvis den pågældende bor til leje i en andens bolig, for udlejeren eller dennes ægtefælle, for så vidt de pågældende træffes på bopælen eller opholdsstedet, eller

   b) på den pågældendes arbejdssted over for arbejdsgiveren eller dennes repræsentant eller for så vidt angår selvstændige næringsdrivende på den pågældendes kontor, værksted eller forretningslokale over for personer, der er ansat i virksomheden.

*Stk. 2.* Forkyndelse efter stk. 1, nr. 2, kan ikke ske for personer under 18 år.

*Stk. 3.* Ved postforkyndelse overgives forsendelsen og ved stævningsmandsforkyndelse en genpart af meddelelsen og eventuelle bilag til den, for hvem forkyndelsen sker. Sker forkyndelse ikke over for vedkommende personlig, anføres på forsendelsen eller genparten af meddelelsen, hvornår og over for hvem forkyndelse er sket.

*Stk. 4.* Nægter en person, for hvem forkyndelse kan ske efter stk. 1, nr. 2, uden rimelig grund at modtage forkyndelse, eller undlader han, efter at forkyndelse er sket, at overlevere, hvad han har modtaget ved forkyndelsen, til vedkommende, selv om dette kunne være sket uden væsentlig udgift eller besvær, kan han ved kendelse tilpligtes at erstatte omkostninger, der er en følge af hans nægtelse eller undladelse.

**§ 158.** Har den pågældende kendt bopæl eller opholdssted i udlandet, og kan forkyndelse ikke ske her i riget efter § 155, nr. 2 og 3, jfr. § 157, sker forkyndelse ved brevforkyndelse eller på den måde, der er foreskrevet ved konvention eller ved vedkommende lands lov.

**§ 159.** Forkyndelse kan foretages i Statstidende, såfremt

1) den pågældendes bopæl eller opholdssted eller hans arbejdssted her i landet ikke kan oplyses, eller

2) vedkommende fremmede myndighed nægter eller undlader at efterkomme en anmodning om forkyndelse efter § 158.

*Stk. 2.* Forkyndelse sker ved, at en bekendtgørelse indeholdende et uddrag af meddelelsen og en bemærkning om, at meddelelsen kan fås ved henvendelse til retten, indrykkes i Statstidende. I bekendtgørelsen skal endvidere anføres, af hvilken grund denne forkyndelsesform anvendes.

*Stk. 3.* I de i stk. 1, nr. 2, nævnte tilfælde, skal meddelelsen tillige tilsendes den pågældende med posten.

**§ 160.** I borgerlige sager kan en part give afkald på at få underretning om processuelle meddelelser ved forkyndelse. Parterne kan endvidere udpege en person, over for hvem forkyndelse kan ske efter reglerne i §§ 155-157. Reglen i § 157, stk. 4, finder dog kun anvendelse, hvis den pågældende har erklæret sig villig til at modtage forkyndelse.

**§ 161.** Har en part i en borgerlig sag antaget en advokat til at udføre sagen, kan forkyndelse vedrørende sagen ske for advokaten.

**§ 162.** Når der i et retsmøde træffes beslutning om tidspunktet for et nyt møde eller for en retshandlings foretagelse, anses beslutningen for at være forkyndt for de personer, der er til stede i retsmødet.

*Stk. 2.* Beslutningen anses endvidere for at være forkyndt for personer, der har været lovligt tilsagt til mødet, men som enten er udeblevet eller uberettiget har forladt mødet, forinden beslutningen blev truffet. Retten bør dog give de pågældende meddelelse om beslutningen, hvis denne må antages at være af særlig interesse for dem.

**§ 163.** En forkyndelse er gyldig, selv om meddelelsen ikke kommer til vedkommendes kundskab.

*Stk. 2.* Er det dokument, der skal forkyndes, kommet vedkommende i hænde, anses forkyndelse for sket, selv om forkyndelsen ikke er foretaget i overensstemmelse med reglerne i §§ 155-157.

**§ 164.** Medmindre andet er bestemt i den militære retsplejelov, sker forkyndelse for militærpersoner efter reglerne i dette kapitel. Forkyndelse for personer, der er indkvarteret på militært område, kan dog altid ske ved den pågældendes militære afdelings foranstaltning.

**§ 165.** Justitsministeren fastsætter nærmere regler om forkyndelse, herunder om vederlag herfor.
*Stk. 2.* I sager, der behandles af retten, afholdes vederlaget for forkyndelse af statskassen. I øvrigt betales vederlaget forud af den, der begærer forkyndelsen foretaget.
*Stk. 3.* Polititjenestemænd har ikke krav på vederlag for forkyndelse i straffesager."

**3.** I *§ 175, stk. 1*, indsættes som *2. pkt.:*
"Indkaldelsen skal forkyndes for vidnet."

**4.** *§ 178, stk. 2, 3. pkt.*, ophæves, og i stedet indsættes:
"Kendelse, hvorved bøde eller erstatning er pålagt et fraværende vidne, skal forkyndes for den pågældende. Begæring om omgørelse af en sådan afgørelse skal fremsættes i det første retsmøde, i hvilket vidnet møder, eller, hvis vidnet ikke senere møder, inden 14 dage efter, at afgørelsen er forkyndt for vidnet eller kommet til hans kundskab."

**5.** I *§ 219, stk. 4, 1. pkt.*, og *§ 737, stk. 2, 2. pkt.*, udgår: "jfr. dog § 956, stk. 1, og § 965, stk. 1, 2. pkt.".

**6.** I *§ 356, 1. pkt.*, ændres "§ 166" til: "§ 162".

**7.** I *§ 544, stk. 3, 1. pkt., § 555, stk. 1, 1. pkt., § 561, stk. 2, 1. pkt.* og *§ 581, stk. 1, sidste pkt.*, ændres "§ 165" til: "§ 154".

**8.** I *§ 794, stk. 1, 2. pkt.*; ændres "§ 160" til: "§ 159".

**9.** I *§ 932, stk. 1, 2. pkt.*, indsættes efter "Tilsigelsen": "' der skal forkyndes,".

**10.** I *§ 948, stk. 2*, ændres "§§ 153-159" til: "§§ 155-158".

**§ 2.** Loven træder i kraft den 1. juli 1972.

# Bemærkninger til lovforslaget.
## Almindelige bemærkninger.

Lovforslaget tilsigter en revision af reglerne i retsplejeloven om forkyndelse. Den væsentligste ændring i forhold til gældende ret er indførelsen af en ny form for forkyndelse (brevforkyndelse), hvorved den meddelelse, der skal forkyndes, sendes med posten eller afleveres til den pågældende, der samtidig anmodes om at bekræfte modtagelsen skriftligt.

Retsplejerådet har i flere år arbejdet med en almindelig revision af retsplejelovens regler om behandling af borgerlige sager og har herunder også behandlet reglerne om forkyndelse. Efter anmodning fra justitsministeriet afgav rådet den 14. december 1970 en særudtalelse vedrørende forkyndelse. Udtalelsen, der indeholder et udkast til lov om ændring af retsplejeloven, er optaget som *bilag 1* til lovforslaget.

Efter de gældende regler sker forkyndelse som hovedregel ved stævningsmænd eller ved politiets foranstaltning. I borgerlige sager og til dels også i straffesager kan forkyndelse endvidere ske gennem postvæsenet ved brev med afleveringsattest (postforkyndelse), men denne forkyndelsesform anvendes kun i begrænset omfang, jfr. afsnit II i retsplejerådets udtalelse.

Da det i længere tid havde været forbundet med visse vanskeligheder at få det nødvendige antal stævningsmænd, angiveligt fordi vederlaget på 5 kr. pr. forkyndelse, der havde været uændret siden 1961, ikke længere fandtes at yde en rimelig betaling for arbejdet med forkyndelserne, overvejede justitsministeriet i foråret 1971, om der burde ske en principiel omlægning af vederlagsordningen.

Under henvisning til overvejelserne om ændring af forkyndelsesreglerne med udvidet anvendelse af postforkyndelse og brevforkyndelse, gennemførtes der alene - inden for rammerne af det bestående system - en forhøjelse af vederlaget fra 5 kr. til 7 kr. pr. forkyndelse, ligesom der indførtes bestemmelser om ydelse af kørselsgodtgørelse til stævningsmænd efter reglerne for statens tjenestemænd, jfr. justitsministeriets bekendtgørelse nr. 201 af 4. maj 1971.

Ved landsretterne, sø- og handelsretten i København og Københavns byret foretages forkyndelser i borgerlige sager og en del af forkyndelserne i straffesager af vagtmestre. I forbindelse med honorargennemgangen har lønningsrådet anbefalet, at der ikke fortsat udbetales vederlag til vagtmestrene for forkyndelse. Da arbejdet imidlertid ikke kunne udføres som en del af vagtmestrenes tjenestepligter uden en udvidelse af antallet af vagtmestre, og da justitsministeriet med baggrund i den forventede nedgang i antallet af forkyndelser ved stævningsmand ikke anså det for hensigtsmæssigt at ansætte flere vagtmestre, har den af lønningsrådet anbefalede ordning endnu ikke kunnet gennemføres.

Det var en forudsætning for justitsministeriets beslutning om fortsat udbetaling af vederlag til vagtmestrene og for den nævnte forhøjelse af forkyndelsesvederlaget, at der blev gennemført nye regler for forkyndelse, der ville formindske antallet af stævningsmandsforkyndelser.

Retsplejerådets forslag har været forelagt for præsidenterne for østre landsret, vestre landsret, søog handelsretten i København, Københavns byret og Århus by- og herredsret samt for Den danske Dommerforening, Foreningen af politimestre i Danmark, Foreningen af dommerfuldmægtige i Danmark, Foreningen af politiassessorer og politifuldmægtige i Danmark, advokatrådet, rigsadvokaten, rigspolitichefen og politidirektøren i København.

Flertallet af de hørte myndigheder m. v. finder det værdifuldt, at der skabes mulighed for at kunne iværksætte forkyndelse af meddelelser ved brevforkyndelse, men finder det tvivlsomt, om denne form for forkyndelse vil kunne anvendes i det omfang, retsplejerådet forudsætter. Det anføres i udtalelserne, at brevforkyndelse vil være uegnet i de mange tilfælde, hvor modtageren ikke kan forventes at ville tilbagesende modtagelsesbeviset eller genparten. Dette gælder således i incasso- og fogedsager samt i straffesager for så vidt angår forkyndelser for tiltalte. Endvidere vil denne forkyndelsesform medføre en forøgelse af kontorarbejdet på dommerkontorerne. Endelig er det nødvendigt at arbejde med længere berammelsesfrister, idet der må være tid til at iværksætte anden form for forkyndelse, hvis den, over for hvem forkyndelse skal ske, ikke bekræfter modtagelsen. Man mener derfor ikke, at brevforkyndelse bør gøres til den principale forkyndelsesform, der skal anvendes, medmindre særlige hensyn taler herimod. Det foreslås i stedet, at de 3 forkyndelsesformer (brevforkyndelse, postforkyndelse og stævningsmandsforkyndelse) opstilles sideordnet, således at den, der iværksætter forkyndelse, selv kan vælge den form, der er bedst egnet i det foreliggende tilfælde eller i den pågældende gruppe af sager. De hørte myndigheder har så godt som alle givet udtryk for, at forkyndelse ved stævningsmand virker tilfredsstillende.

Lovforslaget svarer i det væsentlige til retsplejerådets udkast. I overensstemmelse med de afgivne udtalelser er reglerne dog udformet således, at det overlades til den, der iværksætter forkyndelsen, at bestemme forkyndelsesformen. Efter justitsministeriets opfattelse bør det imidlertid tilstræbes at anvende brevforkyndelse i videst mulig omfang. Justitsministeriet vil efter lovens ikrafttræden ved enkelte retter iværksætte en forsøgsordning, hvorefter brevforkyndelse anvendes i alle tilfælde, hvor særlige hensyn ikke taler imod anvendelse af denne forkyndelsesform.

Lovforslagets gennemførelse må antages at medføre en vis formindskelse af statens udgifter til forkyndelse. Det er dog ikke muligt at opgøre, hvor stor besparelsen vil blive, idet dette vil afhænge af, i hvilket omfang reglerne om brev- og postforkyndelse vil blive anvendt.

I *bilag 2* er de gældende regler og ændringerne heri opstillet som paralleltekster.

Retsplejeloven er efter lovbekendtgørelse nr. 609 af 19. december 1969 ændret ved lov nr. 3 af 8. januar 1970 (Nedlæggelse af retten i Sakskøbing), lov nr. 10 af 29. januar 1970 (Ophævelse af udpantningsfristen), lov nr. 168 af 29. april 1970 (Forhøjelse af grænsen for underretssager), § 2 i lov nr. 203 af 27. maj 1970 (Domstolskontrol med frihedsberøvelser m. v.) og lov nr. 153 af 16. april 1971 (Forhøjelse af ydelser til lægdommere og vidner m. v.).

Copyright © 2011 Thomson Reuters Professional A/S

## Bemærkninger til lovforslagets enkelte bestemmelser.
### Til nr. 1.
### Til § 1.
Gældende bestemmelser § 153, stk. 3, § 154, 2. pkt., § 156, stk. 1, nr. 3 og § 158, stk. 3 og 5.

Af systematiske grunde foreslås disse regler placeret i § 57 sammen med reglerne om beskikkelse af stævningsmænd.

Bestemmelserne i *stk. 2 og 3* er i overensstemmelse med de gældende regler i § 153, stk. 3, og § 154, 2. pkt.

De gældende regler om politiets medvirken ved forkyndelser findes i retsplejelovens § 156, stk. 1, nr. 3, og § 158, stk. 3 og 5.

Spørgsmålet om, i hvilket omfang politiet skal foretage forkyndelse i straffesager og om politiets bistand i tilfælde, hvor brev-, post- eller stævningsmandsforkyndelse har været forgæves, behandles for tiden i justitsministeriets udvalg angående politiets fremtidige struktur med henblik på en begrænsning af politiets arbejdsbyrde i forbindelse med forkyndelser. Under hensyn hertil og til, at regler herom formentlig mest hensigtsmæssigt kan fastsættes administrativt, foreslås i *stk. 4* indsat en bemyndigelse for justitsministeren til at fastsætte regler om dette spørgsmål. Politititjenestemænd vil med hjemmel i denne bestemmelse kunne bemyndiges til at foretage forkyndelse i borgerlige sager uden forudgående beskikkelse i tilfælde, hvor anden forkyndelsesform har vist sig forgæves. Bestemmelsen giver mulighed for at begrænse politiets forkyndelser i straffesager eventuelt således, at politiet helt fritages for at foretage forkyndelser i visse grupper af sager. Bestemmelsen giver endvidere mulighed for en indskrænkning af politiets bistand i tilfælde, hvor forkyndelse ikke har kunnet iværksættes i overensstemmelse med reglerne i §§ 155-157.

### Til nr. 2.
### Til § 153.
Gældende bestemmelse § 153, stk. 1 og 2.

Efter § 153, stk. 1, skal processuelle meddelelser i borgerlige sager, for så vidt ikke loven eller overenskomst mellem parterne medfører undtagelse, foregå ved stævningsmand eller i visse tilfælde ved politiet. Efter § 153, stk. 2, gælder det samme i straffesager med hensyn til visse nærmere angivne meddelelser til sigtede, vidner og syns- og skønsmænd. Påbudet om forkyndelse gentages dog i de fleste tilfælde i de bestemmelser, hvor de pågældende meddelelser er omtalt.

Bestemmelserne i § 153, stk. 1 og 2, er ikke medtaget i retsplejerådets udkast, idet der efter rådets opfattelse i de enkelte bestemmelser, som foreskriver, at der skal gives meddelelse, bør tages stilling til, om meddelelsen skal forkyndes.

For så vidt angår borgerlige sager finder justitsministeriet imidlertid, at denne ændring bør afvente retsplejerådets kommende betænkning om behandling af borgerlige sager og betænkning fra udvalget angående revision af reglerne om udlæg og udpantning m. v. I de lovudkast, der er indeholdt i disse betænkninger, vil der være taget stilling til, hvilke meddelelser der skal forkyndes. Den gældende bestemmelse i § 153, stk. 1, foreslås derfor opretholdt indtil videre med enkelte sproglige ændringer, jfr. *stk. 1*.

Den gældende bestemmelse i § 153, stk. 2, om, hvilke meddelelser i straffesager, der skal forkyndes, foreslås derimod i overensstemmelse med retsplejerådets indstilling ophævet og erstattet af en ny bestemmelse i *stk. 2*, hvorefter forkyndelse kun skal ske i straffesager, når det er bestemt i retsplejeloven. I forbindelse hermed foreslås der i de bestemmelser, hvor påbudet om forkyndelse efter § 153, stk. 2, ikke er gentaget, indsat bestemmelser om forkyndelse. Dette gælder retsplejelovens § 175, stk. 1, § 178, stk. 2 og § 932, stk. 1, jfr. forslagets nr. 3, 4 og 9. Efter den gældende bestemmelse i § 153, stk. 2, nr. 1, skal der ske forkyndelse for sigtede af bevisfortegnelse. Denne bestemmelse, der formentlig har sammenhæng med procesordningen før retsplejeloven, efterleves ikke i praksis, idet reglerne i § 832, stk. 2, og § 840 om forkyndelse for tiltalte af anklageskrift og stævning antages udtømmende at angive, hvilke forpligtelser anklagemyndigheden har med hensyn til forkyndelse af processkrifter for tiltalte. Efter § 835 skal en genpart af bevisfortegnelsen sendes til forsvareren.

### Til § 154.
Gældende bestemmelse § 165.

Retsplejerådets udkast § 153.

Bestemmelsen svarer bortset fra sproglige ændringer til gældende ret.

### Til § 155.
Retsplejerådets udkast § 155, stk. 1, og § 156.

Efter retsplejerådets forslag skulle forkyndelse fremtidig ske ved brevforkyndelse, medmindre det på forhånd måtte antages, at modtageren ikke ville tilbagesende genparten eller modtagelsesbeviset, eller andre grunde talte imod at anvende brevforkyndelse. Rådet har lagt vægt på denne forkyndelsesforms enkle karakter og de ringe omkostninger, der er forbundet dermed.

Efter de udtalelser, der er afgivet om retsplejerådets forslag, har justitsministeriet ikke ment at burde følge dette forslag. Man har i stedet i § 155 indsat en bestemmelse, der giver den, der iværksætter forkyndelsen, mulighed for at vælge mellem brevforkyndelse, postforkyndelse og stævningsmandsforkyndelse. Der henvises i øvrigt til de almindelige bemærkninger.

### Til § 156.
Retsplejerådets udkast til § 155, stk. 2.

Bestemmelsen svarer til rådets udkast.

### Til § 157.
Gældende bestemmelser §§ 155-157, § 158, stk. 1 og 2, og §§ 163 a-e.

Retsplejerådets udkast § 157.

Bestemmelsen svarer i alt væsentligt til retsplejerådets udkast. *Stk. 1, nr. 2, litra a*, er dog ændret således, at forkyndelse, såfremt adressaten bor til leje, kan ske både for udlejeren og dennes ægtefælle.

Ved bestemmelsen indføres en udvidet adgang til at foretage forkyndelse på arbejdspladsen. Som anført i rådets udtalelse bør forkyndelse dog normalt ske på bopælen, hvis der kan træffes nogen dér, over for hvem forkyndelse kan ske.

### Til § 158.
Gældende bestemmelse § 159.

Retsplejerådets udkast § 158.

Efter retsplejerådets forslag kan forkyndelse i udlandet kun ske, hvis det ikke er muligt at gennemføre forkyndelse efter §§ 155-157, herunder brevforkyndelse ved at sende et brev til adressen i udlandet. Dette skyldtes, at brevforkyndelse efter rådets forslag skulle være den principale forkyndelsesform. Da justitsministeriet som ovenfor nævnt ikke har ment at burde følge rådet på dette punkt, er bestemmelsen ændret således, at forkyndelse, såfremt post- eller stævningsmandsforkyndelse ikke kan ske her i riget, enten kan ske ved brevforkyndelse eller på den måde, der er foreskrevet ved konvention eller ved vedkommende lands lov.

### Til §§ 159-165.
Gældende bestemmelser § 153, stk. 4 og 5, og §§ 160-164, 166 og 167.

Retsplejerådets udkast §§ 159-165.

Bestemmelserne svarer i alt væsentligt til retsplejerådets udkast. I *§ 163* er dog indsat et nyt *stk. 2*, hvorefter forkyndelse anses for sket, når den meddelelse, der skal forkyndes, er kommet vedkommende i

Thomson Reuters LFF1971-1972.1.7

hænde, selv om forkyndelsen ikke er sket i overensstemmelse med reglerne i §§ 155-157. Meddelelsen anses i disse tilfælde for forkyndt på det tidspunkt, meddelelsen kommer den pågældende i hænde. Det forekommer urimeligt, at en sag må udsættes, for at der kan foretages ny forkyndelse, når den pågældende meddelelse utvivlsomt er kommet vedkommende i hænde. En tilsvarende bestemmelse findes i den svenske rättegångsbalk kapitel 33, § 14.

### Til nr. 3, 4 og 9.
Ændringerne er en følge af ophævelsen af den gældende bestemmelse i retsplejelovens § 153, stk. 2. Der henvises til bemærkningerne til nr. 2 (§ 153).

### Til nr. 5.
Ændringerne er en følge af den ændring af retsplejelovens § 956, stk. 1, der er sket ved § 1, nr. 8, i lov nr. 153 af 16. april 1971.

### Til nr. 6-8 og 10.
Ændringerne er begrundet i den forskydning af paragraffølgen, der sker ved forslagets nr. 2.

Copyright © 2011 Thomson Reuters Professional A/S

**Bilag 1.**
RETSPLEJERÅDET
*14. december 1970.*

## Forkyndelser.

### I. De gældende forkyndelsesregler i hovedtræk.

Reglerne om forkyndelse findes i retsplejelovens kapitel 17 (§§ 153-167). Forkyndelser sker som hovedregel ved stævningsmand eller gennem postvæsenet. Politibetjente og sognefogeder kan dog ifølge § 153, stk. 3, uden særlig beskikkelse som stævningsmand foretage forkyndelse i straffesager.

Ifølge § 57 beskikkes i hver underretskreds samt ved landsretterne og sø- og handelsretten i København af vedkommende præsident eller dommer det fornødne antal stævningsmænd. Ved instruks nr. 64 af 9. marts 1939, som ændret ved bekendtgørelse nr. 126 af 1. april 1947, er fastsat regler om stævningsmændenes virksomhed.

Efter § 153, stk. 1, skal forkyndelser og andre processuelle meddelelser i borgerlige sager, for så vidt loven eller overenskomst mellem parterne ikke medfører undtagelse, ske ved en stævningsmand. Efter § 153, stk. 2, gælder det samme i straffesager med hensyn til forkyndelser for sigtede, vidner og syns- og skønsmænd af en række nærmere i loven angivne dokumenter.

Om iværksættelse af forkyndelse gælder efter § 156, at forkyndelse så vidt muligt skal ske for den pågældende personlig, normalt på hans bopæl eller opholdssted. Forkyndelse for den pågældende personlig er dog gyldig, uanset hvor den sker.

Kan forkyndelse ikke ske for den pågældende personlig på hans bopæl eller opholdssted, kan den iværksættes for hans ægtefælle, børn over 18 år, tjenestefolk eller andre til husstanden hørende voksne personer, som er til stede der. Kan sådanne personer ikke træffes, kan forkyndelse ske for vedkommendes husværd, principal, husbonde, læremester eller arbejdsherre, for så vidt denne træffes til stede der. Forkyndelse kan endvidere foregå på den pågældendes kontor, værksted eller andet fast forretningssted for en til kontoret hørende, på værkstedet arbejdende eller i forretningen ansat voksen person, som findes til stede, og for skipperes og søfolks vedkommende på det skib, hvortil de hører, for en til skibet hørende voksen person, der findes til stede.

Ved forkyndelsen afleveres en genpart af den pågældende meddelelse til den, over for hvem forkyndelse sker.

Kan stævningsmanden ikke foretage forkyndelse i overensstemmelse med de ovennævnte regler, sendes sagen til politiet, der snarest muligt skal søge forkyndelsen iværksat. Lykkes det ikke for politiet at foretage forkyndelse, fordi den pågældende ikke kan træffes i retskredsen, eller fordi han ikke har bolig eller opholdssted der, tilbagesendes sagen til den, der har anmodet om forkyndelse, med eventuel oplysning om bolig eller opholdssted.

Er det ikke muligt ved politiets hjælp at finde frem til vedkommendes bopæl eller opholdssted, iværksættes forkyndelsen efter § 160 ved 2 gange foretagen indrykkelse i Statstidende.

De personer, over for hvem forkyndelse kan ske, kan i reglen ikke vægre sig ved at modtage den. Nægter nogen ubeføjet at modtage forkyndelsen, eller forsømmer han, hvor forkyndelse er sket, at levere vedkommende den genpart, der er overleveret ved forkyndelsen, uagtet dette kunne ske uden udgift eller væsentlig besvær, kan han tilpligtes at erstatte de omkostninger, der er forvoldt ved hans vægring eller undladelse. En forkyndelse er ifølge § 162 lovlig, selv om den ikke er kommet til den pågældendes kundskab.

Har vedkommende bekendt bolig eller opholdssted i udlandet, og kan forkyndelse ikke ske her i landet efter de almindelige regler, sker forkyndelse ifølge § 159 i vedkommende land på den måde, der er foreskrevet ved stedets lov eller ved traktat, jfr. justitsministeriets vejledning af 28. januar 1970 om Haagerkonventionen af 15. november 1965 om forkyndelse af retslige og udenretslige dokumenter i sager om civile eller kommercielle spørgsmål.

Efter § 161 kan parterne i en borgerlig sag vedtage, at et opgivet sted skal anses som bopæl, og dette bliver da, hvis der forefindes nogen, der er villig til at modtage forkyndelse, at behandle som den virkelige bopæl.

Benytter begge parter i en borgerlig sag advokat til at udføre sagen, kan meddelelser til advokaterne under sagen efter § 164 ske umiddelbart fra den ene advokat til den anden uden stævningsmænds mellemkomst blot imod simpelt modtagelsesbevis.

Meddelelse, som under et retsmøde gives vedkommende personlig til retsbogen, kan ifølge § 163 altid træde i stedet for forkyndelse. Når der af retten i et behørigt afholdt møde træffes beslutning om tidspunktet for et nyt møde eller for en retshandlings iværksættelse, anses efter § 166 de personer, der er til stede og påhører beslutningen, for at have fået tilstrækkelig underretning derom. Personer, som har været lovligt tilsagt til mødet, men som enten er udeblevet eller uberettiget har forladt retsmødet, forinden beslutningen blev taget, har intet krav på særlig forkyndelse eller meddelelse om det nye møde eller tidspunktet for de besluttede retshandlingers iværksættelse. Retten bør dog give dem meddelelse om beslutningen, for så vidt denne antages at være af interesse for dem.

I sager, der behandles af retten, afholdes vederlaget til stævningsmænd af statskassen, jfr. retsplejelovens § 153, stk. 4, og justitsministeriets utrykte cirkulæreskrivelse af 22. september 1969 (citeret i Niels Harbou og P. Stampe Jakobsen: Lov om retsafgifter). Ved bekendtgørelse nr. 465 af 22. september 1969 § 1 er der fastsat regler om størrelsen af vederlaget. Vederlag for foretagelse af de i retsplejeloven nævnte forkyndelser er herefter 5 kr. for hver person, for hvem forkyndelse sker.

Efter reglerne i §§ 163 a-c kan der i visse tilfælde ske forkyndelse gennem postvæsenet ved brev med afleveringsattest i stedet for ved stævningsmand. I borgerlige sager kan postforkyndelse benyttes efter partens valg. I straffesager kan postforkyndelse kun anvendes ved forkyndelse af tilsigelser af tiltalte i politisager, indkaldelse af vidner, beslutninger, hvorved der udmeldes syns- eller skønsmænd, og indkaldelse af disse. Den ret, der behandler sagen, foranstalter overlevering til postvæsenet af det dokument, der skal forkyndes. Dette gælder dog ikke med hensyn til dokumenter, der udgår fra anklagemyndigheden. Forkyndelsen sker ved aflevering i lukket brev af en bekræftet genpart af det, der ønskes forkyndt. Finder aflevering af brevet sted, anfører postbudet på afleveringsattesten, hvornår, hvor og til hvem afleveringen er sket. Er afleveringen ikke sket til vedkommende selv, anføres tillige, hvad der i så fald er foretaget. Har aflevering ikke kunnet foretages, tilbagesendes afleveringsattesten med oplysning herom.

### II. Forkyndelsesreglernes anvendelse i praksis.

Retsplejerådet indhentede i sommeren 1968 fra 18 retskredse fordelt over hele landet oplysning om, i hvilket omfang der i retskredsen benyttes postforkyndelse.

Svarene viser, at postforkyndelse anvendes i meget forskelligt omfang i de forskellige retskredse. Hovedindtrykket var imidlertid, at postforkyndelse kun har fået en begrænset udbredelse.

Næsten alle kredse gav udtryk for, at stævningsmandssystemet virkede godt, og at stævningsmandsforkyndelse giver resultat i flere tilfælde end postforkyndelse. Som begrundelse herfor anføres bl. a., at stævningsmanden gør en større indsats end postbudet for at få iværksat forkyndelse. Han udfører sin virksomhed på de tider af dagen, hvor folk erfaringsmæssigt er hjemme, og træffes ingen hjemme første gang, forsøger han igen senere. Han forsyner endvidere embedet med flere oplysninger end postvæsenet. Der gives f. eks. oplysning om ny adresse eller ferieadresse, hvis forkyndelse ikke kan gennemføres, og

om, at forkyndelse vel er sket, men at den pågældende ikke kan møde f. eks. på grund af sygdom.

Med hensyn til postforkyndelse anføres, at denne forkyndelsesform medfører større kontorarbejde for embedet. Endvidere har man ikke den samme sikkerhed for, at det rette dokument og de rette bilag er kommet frem til den pågældende. Kan postforkyndelse ikke gennemføres, skal der ske forkyndelse bagefter ved stævningsmand. Dette medfører, at der må anvendes længere berammelsestid, og undertiden, at et berammet møde må aflyses, hvilket er særligt uheldigt, hvis der er tilsagt flere til mødet. Postforkyndelse forsøges kun på de almindelige postomdelinger, og på dette tidspunkt vil der ofte ikke være nogen hjemme. Endelig anføres, at postvæsenets ekspedition ikke altid er tilfredsstillende. (Her tænkes formentlig på, at afleveringsattesten ikke er korrekt udfyldt, således at det f. eks. ikke fremgår, over for hvem forkyndelse er sket).

Enkelte kredse gav udtryk for, at advokaterne anvendte stævningsmandsforkyndelse, dels af tradition og dels af hensyn til stævningsmanden.

## III. Norsk og svensk ret.
### Norge.

Reglerne om forkyndelse findes i domstolslovens kapitel 9 (§§ 159-197).

Det er i reglen vedkommende ret, der skal sørge for, at forkyndelse sker. Undtagelsesvis påhviler forkyndelsen dog anklagemyndigheden eller en af parterne i en civil sag. Forkyndelse sker som hovedregel ved et stevnevitne (§ 165).

Om forkyndelse ved postvæsenet er udfærdiget en lov af 30. april 1926, der dog efter det oplyste ikke er sat i kraft.

I en række tilfælde er der i lovgivningen hjemmel til at foretage forkyndelse ved anbefalet brev. Dette gælder således domstolslovens § 195 (omtalt nedenfor), skjønnslovens § 29 (forkyndelse for parterne af udfaldet af skønsforretningen), tvangsfuldbyrdelseslovens §§ 13, 17, 102, 109 og 179 (forkyndelse af påkrav m. m., der udgår fra banker, offentlige myndigheder o. lign.) samt tvangsfuldbyrdelseslovens § 56 (forkyndelser, der udgår fra fogedmyndighederne).

Forkyndelse kan foregå underhånden, når modtageren giver modtagelsesbevis. Er modtageren ikke offentlig tjenestemand eller sagfører, skal underskriften på modtagelsesbeviset være bekræftet af en dommer, retsskriver, notar, sagfører eller stevnevitne (§ 179). Bestemmelsen har efter det oplyste kun praktisk betydning i forhold til advokater.

Hvor lovgivningen ikke påbyder forkyndelse, skal meddelelsen gives på den måde, som i hvert enkelt tilfælde findes mest hensigtsmæssig. Bevidnelse af en offentlig myndighed eller modtagelsesbevis er bevis for, at meddelelsen er givet. Modbevis er ikke udelukket (§ 186).

Meddelelser, som gives til vedkommende personlig i et retsmøde vedrørende indholdet af retsbogen træder i stedet for forkyndelse (§ 187).

Om iværksættelse af forkyndelsen gælder:

Forkyndelsen skal så vidt muligt foregå for vedkommende personligt, helst på hans bopæl eller faste arbejdsplads. Foregår den for ham personlig, er den dog gyldig, hvor som helst han træffes (§ 168).

Træffes den pågældende ikke på bopælen, kan forkyndelse ske dér for en voksen person, der hører til husstanden, eller hvis en sådan ikke træffes, for den, hos hvem den pågældende bor, eller en af dennes husstand. Forkyndelsen kan endvidere ske for husejeren eller den, som på hans vegne fører tilsyn med huset, for så vidt de bor dér.

På arbejdspladsen kan forkyndelsen også ske for arbejdsherren eller en arbejdsformand eller, hvis arbejdspladsen er et kontor, for en på kontoret ansat. (§ 169).

For en forretningsdrivende, som har fast forretningssted, kan forkyndelsen altid ske på forretningsstedet, hvis sagen har sit udspring i forretningen. Træffes han ikke selv, kan forkyndelsen ske for en dér ansat person.

Kan fast forretningssted ikke påvises, kan forkyndelse foregå på det sidste faste forretningssted for en voksen person, som stadig er til stede der, såfremt der ikke er gået mere end 6 måneder, siden det sidst blev benyttet (§ 170).

Har en person, som opholder sig i riget, hverken bopæl eller fast forretningssted, og har man forgæves søgt ham personlig, kan forkyndelse foregå på hans midlertidige opholdssted for en voksen person af samme husstand, eller for den, han opholder sig hos, eller for en voksen person af dennes husstand (§ 171).

Forkyndelse ved anbefalet brev anses, såfremt modtagelsestidspunktet ikke kan oplyses, foretaget to uger efter indleveringen til postvæsenet (§ 178).

Forkyndelse for personer, der har kendt bopæl eller opholdssted i udlandet sker normalt efter de dér gældende regler (§ 180).

Har en part ikke bopæl, fast arbejdsplads eller forretningssted i riget, hvor forkyndelse kan ske, og har han heller ikke en befuldmægtiget med bopæl eller kontor på tingstedet eller i nærheden af dette, kan retten, om fornødent gennem forkyndelse, pålægge ham at opgive en sådan person, for hvem forkyndelse kan ske. Gør han det ikke, kan forkyndelse ske ved anbefalet brev til hans sidste kendte adresse (§ 195).

Kan forkyndelse ikke ske på nogen af de fastsatte måder, kan retten, medmindre anden fremgangsmåde er foreskrevet i den øvrige lovgivning, bestemme, at en afskrift af det, som skal forkyndes, skal opslås på tingstedet tillige med en meddelelse om, at det pågældende skrift kan afhentes på rettens kontor. Er der tale om et skrift, hvor sagen rejses, skal der tillige så vidt muligt på den pågældendes sidste kendte opholdssted nedlægges meddelelse om, at skriftet kan afhentes på rettens kontor. Endvidere skal der ske bekendtgørelse i "Norsk Lysningsblad" og i et eller flere blade på hans sidst kendte bopæl eller opholdssted her eller i udlandet. Har retten formodning om, hvor han opholder sig, skal den søge at give ham underretning ved anbefalet brev eller gennem bekendtgørelse i et blad, som er udbredt på stedet (§ 181).

### Sverige.

Reglerne om forkyndelse findes i rättegångsbalkens kap. 33, §§ 4-27.

Forkyndelse inden for retsplejen sker som hovedregel ved rettens foranstaltning. En part kan dog få lov til at sørge for forkyndelsen, hvis retten finder, at dette kan ske uden ulempe. Inden for strafferetsplejen sørger anklagemyndigheden selv i et vist omfang for forkyndelsen (§ 4).

Med hjemmel i § 5 er der af kongen i en delgivningskundgørelse fastsat nærmere regler om, hvorledes forkyndelse skal ske.

Forkyndelse bør herefter ske ved, at det pågældende dokument sendes med brev eller bud med anmodning om skriftligt at bekræfte modtagelsen.

Må det antages, at skriftlig bekræftelse ikke vil blive afgivet, bør forkyndelse ske gennem postvæsenet i overensstemmelse med nærmere angivne regler (postforkyndelse). Reglerne om postforkyndelse svarer til de danske regler om forkyndelse ved brev med afleveringsattest. Postforkyndelsen kan også anvendes af anklagemyndigheden.

Bor den pågældende ikke på et sted, hvor postforkyndelse kan iværksættes, anvendes forkyndelse ved stævningsmand eller anden bemyndiget person. (Stævningsmandsforkyndelse).

Forkyndelse skal iværksættes ved, at dokumentet i original eller bekræftet afskrift overgives den pågældende. Forkyndelse anses for foretaget, selv om han vægrer sig ved at modtage dokumentet. Er dokumentet, som skal forkyndes, bilagt kort, rids eller andre bilag af vidtløftig karakter, kan retten bestemme, at bilagene i stedet for at overleveres, skal være tilgængelige på rettens kontor (§ 6).

Har den pågældende kendt bopæl inden for riget, og træffes han ikke dér, kan forkyndelse ske for et voksent medlem af den husstand, han tilhører, eller, om en sådan ikke træffes, for hans husvært, dersom denne bor i samme hus, eller for en portner eller en anden, som på værtens vegne fører tilsyn med huset og har bopæl der. Driver han virksomhed med fast kontor, og træffes han ikke dér i den sædvanlige arbejdstid, kan forkyndelse ske på kontoret for en dér ansat person. Meddelelse om, at forkyndelse er sket på denne måde, skal straks med posten sendes til den pågældende til hans sædvanlige adresse (§ 8).

Regler om postforkyndelse findes i postreglementet. Herefter skal forsendelsen i reglen afleveres i forbindelse med den almindelige postombæring. Træffes ingen, som kan modtage forsendelsen, skal postbudet undersøge, hvornår han kan træffe adressaten eller anden, til hvem forsendelsen kan afleveres. Er der grund til at tro, at forsendelsen kan afleveres i forbindelse med senere postombæringer, medtages forsendelsen også ved disse. Må det antages, at forsendelsen kan udleveres på et andet tidspunkt af dagen, sendes den med særskilt bud. Forsendelsen må ikke ligge mere end 4 dage, ankomstdagen ikke medregnet. For hver forsendelse betales et beløb svarende til portoen for anbefalet brev med modtagelsesbevis. For tiden 3 kr. 25 øre. Sker udsendelse med særligt bud, betales ekstra. Antallet af postforkyndelser udgjorde i 1967 ca. 475.000. Gennemsnitsprisen for en forsendelse var 3 kr. 57 øre.

Den, over for hvem forkyndelse sker, indestår for, at dokumentet snarest kommer rette vedkommende i hænde (§ 10).

Har den pågældende kendt bopæl eller opholdssted i udlandet, skal forkyndelse ske efter reglerne på dette sted (§ 11).

Har den pågældende hverken kendt bopæl i Sverige eller i udlandet, og kan der ikke skaffes oplysning om, hvor han opholder sig, kan retten bestemme, at forkyndelse skal ske ved opslag ved rettens kontor og bekendtgørelse i bladene. Er forkyndelse en gang sket på denne måde, kræves der ikke ved ny forkyndelse i samme sag bekendtgørelse i bladene. Tilsvarende regler gælder, hvor den pågældende har kendt bopæl i riget, men hverken pågældende eller nogen, for hvem forkyndelse kan ske, træffes, og det ikke kan fås oplyst, hvor den pågældende opholder sig. Retten kan dog i disse tilfælde i stedet bestemme, at dokumentet i lukket kuvert skal afleveres på den pågældendes bopæl (§ 12).

Forkyndelse efter §§ 8,11 og 12 kan ikke ske med hensyn til stævninger i straffesager, og forkyndelse efter §§ 8 og 12 må ikke ske med hensyn til stævninger i borgerlige sager, medmindre sagsøgte er unddveget eller holder sig skjult (§ 13).

Er det dokument, der skal forkyndes, kommet den pågældende i hænde, anses forkyndelse for sket, selv om den ikke er iværksat i overensstemmelse med de ovennævnte regler (§ 14).

Tilkendegivelser under retsmøder anses for forkyndt for de tilstedeværende (§ 15).

Har en part, som ikke har bopæl i riget, ikke opgivet en befuldmægtiget i riget, for hvem forkyndelse kan ske, anmoder retten ham om, når han første gang henvender sig til retten, at opgive en sådan befuldmægtiget. Gør han ikke det, kan fremtidig forkyndelse ske ved et brev til hans sidst kendte adresse (§ 22).

Forkyndelse kan også ske ved stævningsmænd, der ansættes af underretterne, eller ved andre nærmere angivne personer, herunder politiet (§§ 24 og 25).

Den 29. juni 1969 er gennemført en ny lov om delgivning og en lov om visse ændringer i forkyndelsesbestemmelserne i rättegångsbalkens kap. 33 (S.F.S. 1970: 428 og 429). Endvidere er der udfærdiget en ny delgivningskundgørelse (S.F.S. 1970: 467).

Formålet med de nye regler, der træder i kraft den 1. januar 1971, er især at gennemføre fælles regler for forkyndelse inden for retsplejen og forvaltningen. Herudover er den væsentligste ændring, at forkyndelse ved almindeligt brev med anmodning om bekræftelse af modtagelsen gøres til hovedreglen. Kan det ikke antages, at bekræftelse vil blive afgivet, skal som regel anvendes postforkyndelse, og kun hvis de nævnte forkyndelsesmåder ikke kan anvendes, skal stævningsmandsforkyndelse anvendes. Det forudsættes, at der som hovedregel anvendes stævningsmænd og kun i anden række politipersonale. Desuden gennemføres ændrede regler om forkyndelse ved kundgørelse.

## IV. Retsplejerådets forslag.

Formålet med forkyndelse er at sikre, at en meddelelse (stævning, indkaldelse m. v.) kommer adressaten eller hans pårørende m. v. i hænde og at få bevis herfor. Kan dette opnås på flere måder, bør den billigste og mest enkle måde vælges.

Bevis for modtagelse opnås i dag ved, at meddelelsen afleveres af en særlig stævningsmand eller af politiet eller ved at sende meddelelsen med posten på den måde, at postbudet attesterer, at meddelelsen er afleveret til adressaten eller hans pårørende.

Som nævnt ovenfor side 10 anvender man i Sverige som hovedregel den fremgangsmåde at sende meddelelsen med posten i et almindeligt brev og anmode adressaten om at bekræfte modtagelsen skriftligt. Denne forkyndelsesmåde, som i det efterfølgende vil blive betegnet som brevforkyndelse, kunne efter rådets opfattelse med fordel indføres i dansk ret.

Brevforkyndelse har flere fordele. Den er betydelig billigere end de i dag anvendte forkyndelsesformer, idet der kun bliver tale om 2 forsendelser til normal takst d. v. s. ialt 1,20 kr. eller 1,60 kr. Forkyndelse ved brev med afleveringsattest koster 2,60 kr. eller 2,80 kr. og stævningsmandsforkyndelse 5 kr. Brevforkyndelse vækker endvidere ringe opmærksomhed og er derfor også en fordel for adressaten. Denne forkyndelsesmåde har endvidere den fordel, at den ikke er afhængig af, om der kan træffes nogen, over for hvem forkyndelse kan ske, og er adressaten flyttet, kan brevet eftersendes til den ny adresse.

Brevforkyndelse forudsætter, at adressaten bekræfter modtagelsen, og denne forkyndelsesmåde bør derfor ikke forsøges, hvis det på forhånd er klart eller sandsynligt, at adressaten ikke vil medvirke. Efter de svenske erfaringer kan man imidlertid regne med, at langt de fleste, der modtager en meddelelse fra retten, vil kvittere for modtagelsen. Der kan også være andre situationer, hvor brevforkyndelse er uhensigtsmæssig. Dette gælder således tilfælde, hvor forkyndelse er nødvendigt for at afbryde en forældelsesfrist, der næsten er udløbet, hvor der skal afholdes et retsmøde med kort varsel, eller hvor der i forbindelse med forkyndelsen skal gives adressaten en vejledning eller afæskes ham en udtalelse. Endelig medfører anvendelsen af brevforkyndelse ved indkaldelser og tilsigelser, at der må arbejdes med længere berammelsesfrister, da et forgæves forsøg på brevforkyndelse må følges op af en anden forkyndelsesform.

Efter rådets opfattelse bør brevforkyndelse imidlertid på grund af sin enkle karakter og de ringe omkostninger, der er forbundet dermed, anvendes i alle tilfælde, hvor de ovennævnte hensyn ikke på afgørende måde taler mod anvendelsen af denne forkyndelsesform.

Kan brevforkyndelse ikke anvendes, bør man som hovedregel anvende postforkyndelse (brev med afleveringsattest). Kritikken af de gældende regler om postforkyndelse er omtalt ovenfor s. 8-9. Det anføres især, at postforkyndelse ikke kan gennemføres i nær så mange tilfælde som stævningsmandsforkyndelse, hovedsagelig fordi postforkyndelser kun forsøges på en enkelt postomdeling, der foretages på et tidspunkt af dagen, hvor det ofte ikke er muligt at træffe nogen hjemme.

Retsplejerådet har ført forhandlinger med postvæsenet for at få oplyst, om denne mangel kunne afhjælpes. Postvæsenet har været positivt indstillet herover for, og det er stillet i udsigt, at følgende ordning kunne gennemføres:

1. Udbringning af stævningsbreve sker på de almindelige postomdelinger samme dag eller dagen efter, at brevet er modtaget på omdelingsposthuset.

Thomson Reuters
LFF1971-1972.1.7

2. Kan brevet ikke afleveres på disse omdelinger, fordi der ikke er nogen hjemme, over for hvem forkyndelse kan ske, udbringes brevet samme dag eller næste dag efter reglerne om ekspresforsendelse. Udbringning sker på det tidspunkt, hvor der er størst sandsynlighed for at træffe adressaten eller andre, til hvem stævningsbrevet kan afleveres. Udbringning som ekspresforsendelse i indleveringsposthusets postdistrikt skal dog kun finde sted i bydistriktet eller på steder i landdistriktet, der ligger inden for en afstand af 2 km fra posthuset.

Et udkast til vejledning for udbringning af stævningsbreve er optaget som bilag.

Gebyret for udbringning af ekspresforsendelser er 3 kr. Bor adressaten i det postdistrikt, hvor forsendelsen indleveres, gælder denne takst dog kun, såfremt adressestedet ligger i by- eller omegnsdistriktet eller i landdistriktet inden for en afstand af 2 km fra indleveringsposthuset. I andre tilfælde betales efter regning.

Der kan formentlig fastsættes en fælles takst for alle forkyndelser på ca. 3,50 kr. (+ alm. porto). Gebyret vil også dække udbringning som ekspresforsendelse, i det omfang udbringning på denne måde skal finde sted.

Følges de skitserede retningslinier bliver postforkyndelse betydelig mere effektiv. De andre ulemper ved postforkyndelse kan ikke tillægges afgørende betydning. Det forøgede kontorarbejde, som postforkyndelse medfører, og risikoen for, at det rette dokument og de rette bilag ikke kommer frem til adressaten, kan formindskes væsentligt, hvis postforkyndelse anvendes i større omfang og arbejdsgangen derfor sættes i fastere rammer.

Selv om brevforkyndelse og postforkyndelse anvendes i videst muligt omfang, vil der blive en del tilfælde, hvor man fortsat må anvende stævningsmandsforkyndelse. Dette gælder således tilfælde, hvor adressaten skal have mundtlig vejledning eller afæskes en udtalelse, hvor det er af afgørende betydning, at forkyndelse foretages hurtigt, og formentlig også i tilfælde, hvor adressaten er vanskelig at træffe og ikke kan forventes at ville bekræfte modtagelsen af en meddelelse, der sendes i almindeligt brev. Tilbage vil således blive de vanskelige og tidskrævende forkyndelser. Under hensyn hertil og til, at kun et ringe antal meddelelser fremtidig vil blive forkyndt ved stævningsmænd, kan man næppe opretholde den gældende betaling på 5 kr. pr. forkyndelse.

Retsplejerådet har ikke taget stilling til politiets medvirken ved forkyndelse, idet man er bekendt med at dette spørgsmål behandles i justitsministeriets udvalg angående politiets fremtidige struktur. Rådet er dog af den opfattelse, at det i borgerlige sager kun undtagelsesvis vil være påkrævet med politiets bistand. Regler om politiets bistand i forbindelse med forkyndelse findes i § 153, stk. 3 og 5, § 156, stk. 1, nr. 3, § 158, stk. 3 og 5, og § 160, stk. 1.

Retsplejelovens kap. 17 indeholder en række detaljerede regler om forkyndelse, som efter rådets opfattelse med fordel kunne fastsættes administrativt. Enkelte bestemmelser kunne af systematiske grunde overflyttes til andre kapitler, og visse regler må anses for overflødige.

Bestemmelsen i § 153, stk. 3, om, at politibetjente og sognefogeder uden særlig beskikkelse kan foretage forkyndelse i straffesager, foreslås indsat i § 57, der omhandler beskikkelse af stævningsmænd. Det samme gælder reglen i § 154, 2. pkt., hvorefter gyldigheden af en forkyndelse ikke svækkes derved, at stævningsmanden har handlet uden for den retskreds, i hvilken han er ansat.

Bestemmelsen i § 154, 1. pkt., om, at enhver beskikket stævningsmand med fuld retsvirkning kan iværksætte forkyndelse under iagttagelse af de i loven givne forskrifter, kan formentlig udgå som overflødig. Det samme gælder bestemmelsen i § 155, stk. 3, hvorefter en stævningsmand kan tilkalde endnu en stævningsmand eller en anden god mand som vidne. Reglen anvendes så vidt vides ikke i praksis. Også bestemmelserne i § 158, stk. 4, og § 163 d, stk. 2, sidste pkt., om

beviskraften af stævningsmandens og postbudets påtegning synes at kunne udgå.

De nærmere regler om fremsættelse af anmodning om forkyndelse, hvornår og hvor forkyndelsen skal ske, hvad stævningsmanden skal foretage sig, hvis de modtagne oplysninger ikke fører til forkyndelse, og påtegning på og tilbagesendelsen af den forkyndte meddelelse synes med fordel at kunne overlades til administrativ fastsættelse, enten i en bekendtgørelse eller i instruksen for stævningsmænd. Disse regler findes i dag i følgende bestemmelser: § 155, stk. 1 og 2, § 156, stk. 1, nr. 1, 3. pkt., nr. 4, og stk. 2, § 158, stk. 1, 2. led, stk. 2, 2. pkt. (stævningsmandsforkyndelse) og § 163 a, stk. 2, § 163 b, § 163 c, stk. 2, og § 163 d, stk. 1 og 2, 1-4. pkt. og stk. 3, 1. pkt. (postforkyndelse).

Efter retsplejelovens § 157, stk. 1, behøver bemyndigelsen til at foretage forkyndelse ikke godtgøres for den, for hvem forkyndelse sker. Efter rådets opfattelse bør stævningsmanden forsynes med legitimation, der på forlangende kan forevises, og det foreslås derfor, at der i de administrative regler optages en bestemmelse herom.

### Kapitel 17. Meddelelser og forkyndelser.

**§ 153.** Meddelelser fra retten sker på den måde, som rettens formand bestemmer, medmindre loven foreskriver, at meddelelsen skal forkyndes eller gives på anden særlig måde.

*Stk. 2.* Rettens beslutning om, hvorledes meddelelser skal gives, er ikke genstand for kære.

**§ 154.** Skal en meddelelse efter denne lov forkyndes, skal forkyndelsen foregå efter reglerne i §§ 155-165.

**§ 155.** Forkyndelse sker ved, at den meddelelse, der skal forkyndes, med eventuelle bilag sendes med posten eller afleveres til den pågældende, der samtidig anmodes om at bekræfte modtagelsen på en genpart af dokumentet. Foretages forkyndelse ved rettens eller anklagemyndighedens foranstaltning, kan i stedet for genpart anvendes et særligt modtagelsesbevis. (Brevforkyndelse).

*Stk. 2.* Meddelelsen anses for forkyndt, hvis genparten eller modtagelsesbeviset er underskrevet af den pågældende personlig. Forkyndelse anses for sket den dag, modtageren anfører at have modtaget meddelelsen. Er ingen modtagelsesdag anført, eller er den angivne modtagelsesdag senere end datoen i poststemplet på tilbagesendelsen, anses forkyndelse for sket på poststemplets dato.

**§ 156.** Forkyndelse kan ske gennem postvæsenet ved brev med afleveringsattest (postforkyndelse) eller ved stævningsmand (stævningsmandsforkyndelse), hvis det må antages, at modtageren ikke vil tilbagesende genparten eller modtagelsesbeviset, eller andre grunde taler mod at anvende brevforkyndelse.

**§ 157.** For postforkyndelse og stævningsmandsforkyndelse gælder følgende regler:

1) Forkyndelse bør så vidt muligt ske for den pågældende personlig på hans bopæl, midlertidige opholdssted eller arbejdssted. Forkyndelse for den pågældende personlig er dog gyldig, uanset hvor den sker.

2) Træffes den pågældende ikke, kan forkyndelse ske

a) på bopælen (opholdsstedet) for personer, der hører til husstanden, eller, hvis den pågældende bor til leje i en andens bolig, for udlejeren, for så vidt de pågældende træffes på bopælen (opholdsstedet),

b) på den pågældendes arbejdssted over for arbejdsgiveren eller dennes repræsentant eller for så vidt angår selvstændige næringsdrivende på den pågældendes kontor, værksted eller andet fast forretningslokale over for personer, der er ansat i virksomheden.

*Stk. 2.* Forkyndelse efter stk. 1, nr. 2, kan ikke ske for personer under 18 år.

*Stk. 3.* Ved postforkyndelsen overgives forsendelsen og ved stævningsmandsforkyndelse en genpart af meddelelsen og eventuelle bilag til den, for hvem forkyndelsen sker. Sker forkyndelse ikke over for vedkommende personlig, anføres på forsendelsen eller genparten af meddelelsen, hvornår og over for hvem forkyndelse er sket.

Copyright © 2011 Thomson Reuters Professional A/S

*Stk. 4.* Nægter en person, for hvem forkyndelse kan ske efter stk. 1, nr. 2, uden rimelig grund at modtage forkyndelse, eller undlader han, efter at forkyndelse er sket, at overlevere, hvad han har modtaget ved forkyndelsen, til vedkommende, selv om dette kunne være sket uden væsentlig udgift eller besvær, kan han ved kendelse tilpligtes at erstatte omkostninger, der er en følge af hans nægtelse eller undladelse.

**§ 158.** Har vedkommende kendt bopæl eller opholdssted i udlandet, og kan forkyndelse ikke ske efter reglerne i §§ 155-157, sker forkyndelse på den måde, der er foreskrevet ved konvention eller ved vedkommende lands lov.

**§ 159.** Forkyndelse kan foretages i Statstidende, såfremt
1) vedkommendes bopæl eller opholdssted eller arbejdssted her i landet ikke kan oplyses,
2) forkyndelse efter § 158 skal ske i udlandet og vedkommende fremmede myndighed nægter eller undlader at efterkomme en anmodning herom.

*Stk. 2.* Forkyndelse sker ved, at en bekendtgørelse indeholdende et uddrag af meddelelsen og en bemærkning om, at meddelelsen kan fås ved henvendelse til retten, indrykkes i Statstidende. I bekendtgørelsen skal endvidere anføres, af hvilken grund denne forkyndelsesform anvendes.

*Stk. 3.* I de i stk. 1, nr. 2, nævnte tilfælde, skal meddelelsen tillige tilsendes den pågældende med posten.

**§ 160.** I borgerlige sager kan en part give afkald på at få underretning om processuelle meddelelser ved forkyndelse. Parterne kan endvidere vedtage, at forkyndelse kan ske over for en anden person i overensstemmelse med reglerne i §§ 155-157. Reglen i § 157, stk. 4, finder dog kun anvendelse, hvis den pågældende har erklæret sig villig til at modtage forkyndelse.

**§ 161.** Benytter en part i en borgerlig sag advokat til at udføre sagen, kan forkyndelse for denne træde i stedet for forkyndelse for parten.

**§ 162.** Når der i et retsmøde træffes beslutning om tidspunktet for et nyt møde eller for en retshandlings foretagelse, anses beslutningen for at være forkyndt for de personer, der er til stede i retsmødet.

*Stk. 2.* Beslutningen anses endvidere for forkyndt for personer, der har været lovligt tilsagt til mødet, men som enten er udeblevet eller uberettiget har forladt mødet, forinden beslutningen blev truffet. Retten bør dog give de pågældende meddelelse om beslutningen, hvis dette må antages at være af særlig interesse for dem.

**§ 163.** En forkyndelse er gyldig, selv om meddelelsen ikke kommer til vedkommendes kundskab.

**§ 164.** Medmindre andet er bestemt i den militære retsplejelov, sker forkyndelse for militærpersoner efter reglerne i dette kapitel. Forkyndelse for kaserneret personel kan dog altid ske ved den pågældendes militære afdelings foranstaltning.

**§ 165.** Justitsministeren fastsætter nærmere regler om forkyndelse, herunder om vederlag herfor.

*Stk. 2.* I sager, der behandles af retten, afholdes vederlaget for forkyndelse af statskassen. I øvrigt betales vederlaget forud af den, der begærer forkyndelsen foretaget.

*Stk. 3.* Politibetjente har ikke krav på vederlag for forkyndelse i straffesager.

## Bemærkninger til lovforslagets enkelte bestemmelser.
### Til § 153.
Gældende bestemmelse § 165.

Bestemmelsen svarer bortset fra sproglige ændringer ganske til gældende lovs § 165. Reglen i § 165 om, at det er tilladt at tilstille meddelelse med posten, er dog udeladt som overflødig.

### Til § 154.
Gældende bestemmelse § 153, stk. 1 og 2.

§ 153, stk. 1 og 2, indeholder regler om, i hvilke tilfælde der i henholdsvis borgerlige sager og straffesager skal ske forkyndelse. I borgerlige sager skal f. s. v. ikke loven eller overenskomst mellem parterne medfører undtagelse, processuelle meddelelser gives ved forkyndelse efter reglerne i kap. 17. I straffesager gælder det samme med hensyn til en række nærmere angivne tilsigelser m. v. til sigtede, vidner og syns- og skønsmænd. Påbudet om forkyndelse gentages dog i de fleste tilfælde i de bestemmelser i fjerde bog, hvor de pågældende tilsigelser m. v. er omtalt.

Efter rådets opfattelse bør der i de enkelte bestemmelser, som foreskriver, at der skal gives meddelelse, tages stilling til, om meddelelsen skal forkyndes, således at kap. 17. alene indeholder regler om, hvorledes forkyndelse skal ske. Som følge heraf er i § 154 optaget en bestemmelse om, at såfremt en meddelelse skal forkyndes, skal det ske efter reglerne i de følgende paragraffer. Fremgangsmåden medfører, at der må foretages ændring af en del andre bestemmelser i retsplejeloven.

### Til § 155.
Bestemmelsen indeholder regler om brevforkyndelse. Der henvises herom til bemærkningerne side 11-12.

Brevforkyndelse vil kunne anvendes, selv om forkyndelse foretages af andre end retten og anklagemyndigheden. I disse tilfælde skal bekræftelsen af modtagelsen dog altid ske på en genpart af den meddelelse, der forkyndes.

Brevforkyndelse vil endvidere kunne anvendes uanset meddelelsens art. Man har således ikke gentaget den gældende regel om, at visse meddelelser i straffesager kun kan forkyndes ved stævningsmand. Om brevforkyndelse i de enkelte tilfælde skal anvendes, må afgøres ved en afvejning af de grunde, der taler for og imod anvendelsen af denne forkyndelsesform, jfr. nærmere bemærkninger side 12.

### Til §§ 156 og 157.
Gældende bestemmelse § 153, stk. 1, §§ 155-157, § 158, stk. 1 og 2, og §§ 163 a-e.

Bestemmelserne indeholder regler om postforkyndelse og stævningsmandsforkyndelse.

Efter *§ 156* foretages postforkyndelse eller stævningsmandsforkyndelse kun, hvis det må antages, at modtageren ikke vil bekræfte modtagelsen eller andre grunde taler imod at anvende brevforkyndelse. Der henvises herom til de almindelige bemærkninger.

*§ 157* indeholder regler om, hvorledes postforkyndelse og stævningsmandsforkyndelse skal iværksættes.

I *stk. 1 og 2* fastslås, over for hvem forkyndelse kan ske. Der er indført en udvidet adgang til at foretage forkyndelse på arbejdspladsen, ligesom der er foretaget enkelte præciseringer.

*Nr. 1* vedrørende forkyndelse for den pågældende personlig svarer i det væsentlige til gældende lovs § 156, stk. 1, nr.1, 2. pkt. I overensstemmelse med det ovenfor anførte har man nævnt forkyndelse på arbejdspladsen ved siden af forkyndelse på bopælen eller opholdsstedet. Det vil dog normalt være rigtigst at foretage forkyndelse på bopælen, hvis der kan træffes nogen dér, over for hvem forkyndelse kan ske.

*Nr. 2a)*, der svarer til gældende lovs § 156, stk. 1, nr. 2, 1. og 3. pkt., omhandler forkyndelse på bopælen eller opholdsstedet for andre end den, forkyndelsen angår. Efter de gældende regler kan forkyndelse på bopælen ske over for ægtefælle, børn over 18 år, tjenestefolk eller andre til husstanden hørende voksne personer, som er til stede dér; er sådanne ikke at træffe, da for vedkommendes husvært, principal, husbonde, læremester eller arbejdsherre, f. s. v. de træffes til stede dér. Bestemmelsen må forstås således, at de pågældende skal træffes i den pågældendes bolig, hvilket, hvis der er tale om en ejendom med flere lejligheder, vil sige den pågældendes lejlighed, jfr. f. s. v. angår forkyndelse for husværter justitsministeriets skrivelse af 26. november 1954 (ministerialtidende 1954 nr. 161).

Den gældende regel om forkyndelse på opholdsstedet er subsidiær, idet den kun kan anvendes, hvis den pågældende ikke har bopæl, kontor, værksted eller andet forretningslokale i riget og ikke hører til et herværende skib. Forkyndelse kan iværksættes over for den, hos hvem han er til huse. Forkyndelse antages dog også at kunne ske for personer, der hører til husstanden, navnlig ægtefælle og børn.

Efter rådets forslag fastsættes der fælles regler for forkyndelse på bopælen og opholdsstedet. Forkyndelse kan som hovedregel kun ske for personer, der hører til samme husstand som den, forkyndelsen vedrører. Bor den pågældende til leje i en andens bolig, kan forkyndelse dog også ske over for udlejeren (logiværten). Det er i alle tilfælde en betingelse, at den, over for hvem forkyndelse sker, træffes på bopælen (opholdsstedet) og er fyldt 18 år. De foreslåede regler svarer formentlig til den måde, på hvilken de gældende bestemmelser er praktiseret.

*Nr. 2b)*, der svarer til gældende lovs § 156, stk. 1, nr. 2, 2. pkt., omhandler forkyndelse på arbejdsstedet. F. s. v. angår selvstændige næringsdrivende svarer reglen fuldstændigt til de gældende regler. Forkyndelse på arbejdsstedet for andre end selvstændige næringsdrivende kan efter gældende ret kun ske for skipperes og søfolks vedkommende. Forkyndelse kan i disse tilfælde ske på det skib, hvortil de hører, for en til skibet hørende person, der findes til stede.

Efter rådets opfattelse bør der åbnes mulighed for i alle tilfælde at foretage forkyndelse på arbejdsstedet, men kun for arbejdsgiveren eller dennes repræsentant, og ikke som efter den nuværende regel om søfolk for enhver til skibet (virksomheden) hørende voksen person. En sådan regel vil næppe betyde noget stort antal forkyndelser på arbejdspladserne. Postforkyndelse og stævningsmandsforkyndelse skal efter forslaget som hovedregel kun anvendes, hvis det må antages, at den pågældende ikke vil medvirke til brevforkyndelse. Endvidere må det som ovenfor nævnt anses for rigtigst at foretage forkyndelse på bopælen, hvis der kan træffes nogen der, over for hvem forkyndelse kan ske, idet forkyndelse på arbejdspladsen kan medføre visse ulemper for såvel den pågældende som arbejdsgiveren. På den anden side synes det ikke rimeligt at se bort fra denne mulighed for forkyndelse, hvis forkyndelse ikke kan gennemføres på anden måde. Bestemmelsen må forstås således, at den kan anvendes ikke alene, hvis den, forkyndelsen angår, ikke er til stede på arbejdspladsen, men også hvis han på grund af arbejdspladsens størrelse kun vanskeligt kan komme til stede.

Bestemmelsen i *stk. 3* svarer ganske til gældende ret (§ 158, stk. 1, 1. pkt., og stk. 2, 1. pkt., og § 163 c, stk. 1). Man har dog foreslået indsat en regel om, at det, såfremt forkyndelse ikke sker over for vedkommende personlig, på forsendelsen eller genparten af meddelelsen skal anføres, over for hvem forkyndelse er sket.

Reglen i *stk. 4* svarer i det hele til de gældende bestemmelser, jfr. § 157, stk. 2, og 163 d, stk. 3, sidste pkt.

**Til § 158.**
Gældende bestemmelse § 159.
Bestemmelsen svarer i det væsentlige til gældende ret. Henvisningen til § 155 betyder dog, at forkyndelse i udlandet kun kan ske, hvis det ikke er muligt at gennemføre brevforkyndelse ved at sende et brev til adressen i udlandet. Endvidere har man ikke medtaget den gældende bestemmelse om, at retten i borgerlige sager efter begæring skal udstede anmodningen om forkyndelse. Efter rådets forslag skal forkyndelse normalt foretages af retten. Endvidere kræver disse anmodninger om forkyndelse ikke mere særlige forudsætninger, jfr. justitsministeriets vejledning af 28. januar 1970.

**Til § 159.**
Gældende bestemmelse § 160.
Bestemmelsen, der indeholder regler om forkyndelse i Statstidende, svarer i det væsentlige til gældende ret.

Rådet har drøftet, om denne forkyndelsesform i det hele taget burde opretholdes. Det må formentlig erkendes, at det er yderst sjældent, at de personer, forkyndelsen angår, læser Statstidende, ikke mindst hvis de pågældende bor i udlandet.

Spørgsmålet blev for så vidt angår forkyndelse i Statstidende i faderskabssager drøftet i folketinget i forbindelse med behandlingen af lov nr. 253 af 4. juni 1969 om ændring af lov om rettens pleje (Fri proces m. v.). Det blev foreslået helt at afskaffe forkyndelse i Statstidende i faderskabssager. Bestemmelsen blev dog bevaret, efter at justitsministeren i folketinget havde udtalt, at det af retsplejemæssige hensyn er nødvendigt, at der sker en forkyndelse, og at det i enkelte tilfælde kan have praktisk værdi. Denne udtalelse må formentlig gælde med hensyn til alle forkyndelser i Statstidende.

Efter *stk. 1* kan forkyndelse foretages i Statstidende såfremt
1. vedkommendes bopæl eller opholdssted eller arbejdssted her i landet ikke kan oplyses eller
2. forkyndelse efter § 158 skal ske i udlandet og vedkommende fremmede myndighed nægter eller undlader at efterkomme en anmodning herom.

Disse regler svarer til de gældende bestemmelser. I nr. 1 har man dog i konsekvens af forslagets § 157 medtaget arbejdsstedet her i landet.

Derimod har man ikke i forslaget medtaget bestemmelsen om, at der kan ske forkyndelse i Statstidende, hvis i en straffesag sigtede, som vides at opholde sig i udlandet (formentlig med kendt opholdssted), har undraget sig forfølgning ved flugt. Bestemmelsen anvendes efter det oplyste ikke i praksis. I sådanne tilfælde vil man, såfremt der ikke er grundlag for udlevering, formentlig enten forsøge forkyndelse i udlandet eller stille sagen i bero, til tiltalte vender tilbage til landet.

*Stk. 2* svarer til gældende ret, idet man dog har fundet det tilstrækkeligt med bekendtgørelse en gang i Statstidende.

*Stk. 3* gentager i lidt kortere form de gældende regler. Man har bl. a. fundet det upåkrævet at foreskrive, at meddelelsen skal sendes i anbefalet brev.

**Til § 160.**
Gældende bestemmelse § 161.
I *1. pkt.* er i overensstemmelse med, hvad der antages i praksis, indsat en bestemmelse om, at en part i en borgerlig sag kan give afkald på at få underretning om processuelle meddelelser ved forkyndelse.

Reglerne i *2. og 3. pkt.* svarer i det væsentlige til bestemmelsen i gældende lovs § 161.

**Til § 161.**
Gældende bestemmelse § 164.
Bestemmelsen svarer i det væsentlige til gældende ret, idet man dog ikke har ment at burde indskrænke dens anvendelse til tilfælde, hvor begge parter benytter advokat. Den fremgangsmåde, der er anvist i § 164, svarer stort set til, hvad der følger af §§ 155-157 i rådets forslag.

**Til § 162.**
Gældende bestemmelser §§ 163 og 166.
Bestemmelsen svarer bortset fra sproglige ændringer ganske til reglen i § 166.

Ifølge § 163 kan meddelelser, som under retsmøde i sagen gives vedkommende person, altid træde i stedet for forkyndelse. De i denne paragraf omhandlede tilfælde vil formentlig alle være omfattet af forslagets § 162.

**Til § 163.**
Gældende bestemmelse § 162.
Reglen svarer til gældende ret.

**Til § 164.**
Gældende bestemmelse § 167.

Reglen svarer til gældende ret. Man har dog ikke medtaget bestemmelsen i § 167 om, at der skal ske anmeldelse til vedkommende militære afdelingschef, som foranlediger pågældendes møde for retten, hvor sådant gøres fornødent.

Det er efter rådets opfattelse uheldigt med en anmeldelse i sager, hvor forkyndelse ikke skal ske gennem de militære afdelinger efter reglerne i den militære retsplejelov (d. v. s. borgerlige sager, der ikke angår militære tjenesteforhold, og borgerlige straffesager, hvori tiltale er rejst, inden tiltalte er mødt til tjeneste). Forsvarsministeriet har underhånden erklæret sig enig heri. Man vil fortsat være indstillet på efter anmodning at foranledige, at den pågældende møder i retten.

**Til § 165.**
Gældende bestemmelse § 153, stk. 4 og 5.

I *stk. 1* gives bemyndigelse for justitsministeren til at fastsætte nærmere regler om forkyndelse, herunder om vederlag herfor. I disse regler kan bl. a. optages en del af de bestemmelser, der i dag findes i lovteksten, jfr. ovenfor side 13.

*Stk. 2 og 3* svarer til gældende ret.

**Vejledning for udbringning af stævningsbreve.**

1. Aflevering sker på de almindelige postomdelinger samme dag eller dagen efter, at brevet er modtaget på omdelingsposthuset.
2. Kan brevet ikke afleveres på disse omdelinger, fordi der ikke er nogen hjemme, til hvem stævningsbrevet kan afleveres, udbringes brevet samme dag eller næste dag efter reglerne om ekspresforsendelse. Udbringning sker på det tidspunkt, hvor der er størst sandsynlighed for at træffe adressaten eller andre, til hvem stævningsbrevet kan afleveres. Udbringning som ekspresforsendelse i indleveringsposthusets postdistrikt finder dog kun sted i bydistriktet eller på steder i landdistriktet, der ligger inden for en afstand af 2 km fra posthuset.
3. Brevet skal så vidt muligt afleveres til adressaten personlig.
4. Er adressestedet modtagerens bopæl eller opholdssted, kan brevet afleveres til personer, der hører til husstanden, eller, hvis den pågældende bor til leje i en andens bolig, til udlejeren (logiværten), for så vidt de nævnte personer træffes på bopælen (opholdsstedet) og er voksne (fyldt 18 år).
5. Er adressestedet adressatens arbejdssted, kan brevet afleveres på arbejdsstedet til arbejdsgiveren eller dennes repræsentant.
6. Er adressaten selvstændig næringsdrivende, og er adressestedet adressatens kontor, værksted eller andet fast forretningslokale, kan brevet afleveres i virksomheden til en voksen person, der er ansat i virksomheden.
7. Afleveres brevet, udfyldes afleveringsattesten i overensstemmelse med den trykte tekst. Er brevet afleveret til en af de i nr. 4-6 nævnte personer, anføres den pågældendes navn, og i hvilken egenskab han har modtaget brevet (f. eks. til adressatens 19-årige datter, frøken _____, der hører til adressatens husstand - til adressatens logivært, hr. _____ - til adressatens arbejdsgiver, hr. _____ - til frøken _____, der er voksen og ansat i adressatens virksomhed). Afleveringsattesten underskrives af postbudet.
8. Den, til hvem afleveringen sker, opfordres til at medunderskrive afleveringsattesten. Vægrer den pågældende sig herved, gives der attesten påtegning herom.
9. Afleveres brevet ikke til adressaten personlig, anføres på brevet, hvornår og til hvem det er afleveret. Påtegningen underskrives af postbudet.
10. Kan der ikke ske aflevering efter foranstående regler anføres på brevet: "Kan ikke afleveres i overensstemmelse med vejledningen". Endvidere anføres en kort angivelse af grunden til, at det ikke kan afleveres. Er adressaten flyttet, anføres så vidt muligt den ny adresse. Påtegningen underskrives af postbudet.
11. Afleveringsattesten og brevet, hvis aflevering ikke har fundet sted, tilbagesendes snarest til afsenderen.
12. Brevet må ikke henlægges i brevkassen og heller ikke lægges til afhentning eller eftersendes.

**Bilag 2.**
**I dette bilag opføres i venstre spalte de i lovforslagets § 1, nr. 1 og 2, nævnte bestemmelser i den nugældende formulering, medens de foreslåede ændringer opføres i højre spalte.**
**Gældende formulering.**
Se § 154,2. pkt.
  Se § 153, stk. 3.

**Kapitel 17. Forkyndelser og meddelelser.**
**§ 153.** Forkyndelser og andre processuelle meddelelser i borgerlige sager skal, for så vidt ikke loven eller overenskomst mellem parterne medfører undtagelse, foregå ved en stævningsmand eller i de i § 156, nr. 3, angivne tilfælde ved politiet.

*Stk. 2.* På samme måde foregår i straffesager med de i §§ 159, 160 og 163 e hjemlede undtagelser:
1) forkyndelse for sigtede af tilsigelse eller stævning til møde for retten, af anklageskrift, bevisfortegnelse, domsudskrift, ankemeddelelse eller kæremål og af den i sidste stykke af § 948 ommeldte tilkendegivelse,
2) forkyndelse for vidner og syns- eller skønsmænd af indkaldelse til afhørelse, for syns- eller skønsmænd af den beslutning, hvorved de er udmeldte, og for udeblevne vidner eller syns- eller skønsmænd af den i § 178 ommeldte kendelse.

*Stk. 3.* Politibetjente og sognefogeder kan dog uden særlig beskikkelse iværksætte forkyndelse i straffesager.

*Stk. 4.* Justitsministeren fastsætter regler om vederlag for forkyndelse. I sager, der behandles af retten, afholdes vederlaget af statskassen. I øvrigt betales vederlaget forud af den, der begærer forkyndelsen foretaget.

*Stk. 5.* Politibetj??ente har ikke krav på vederlag for forkyndelse i straffesager.

**§ 154.** Enhver beskikket stævningsmand kan med fuld retsvirkning iværksætte forkyndelser under iagttagelse af de i loven givne forskrifter. Gyldigheden af det foretagne svækkes ikke derved, at stævningsmanden har handlet uden for den retskreds, i hvilken han er ansat.

**§ 155.** Det, der skal forkyndes på den i § 153 foreskrevne måde, gives i dobbelt udfærdigelse til den, der skal iværksætte forkyndelsen. Begæring eller pålæg om foretagelse af forkyndelser kan rettes umiddelbart til en stævningsmand. Skal forkyndelse i en borgerlig sag ske på et andet sted end det, hvor parten opholder sig, eller i en straffesag i en anden underretskreds end den, hvor retten, fra hvilken forkyndelsen udgår, har sit sæde, eller udgår den i en sådan sag fra landsretten eller statsadvokaten, kan udfærdigelserne sendes til underretten i den kreds, hvor forkyndelsen skal ske. Vedkommende underret er da pligtig at overgive dem til stævningsmanden eller - i straffesager - politiet.

*Stk. 2.* Begæringen eller pålægget om forkyndelse skal efterkommes snarest muligt, i byerne senest inden 24 timer, på landet senest inden 48 timer efter modtagelsen. Om tiden, på hvilken begæringen eller pålæget er modtaget, skal stævningsmanden - i borgerlige sager efter forlangende af vedkommende part - undertegne en ham forelagt skriftlig tilståelse.

*Stk. 3.* Når forretningen udføres af en stævningsmand, kan denne tilkalde endnu en stævningsmand eller en anden god mand som vidne.

**§ 156.** Ved iværksættelse af forkyndelsen gælder følgende regler:
1) Forkyndelsen bør så vidt muligt søges iværksat for den pågældende personlig, ordentligvis på hans bopæl eller midlertidige opholdssted. Forkyndelse for den pågældende personlig er gyldig, uanset hvor den sker. Dog kan den i intet fald ske i kirken eller på andet sted, medens gudstjeneste eller kirkelige handlinger foregår der.

2) Kan forkyndelsen ikke ske for den pågældende personlig på hans bolig her i riget, kan den gyldig iværksættes for hans ægtefælle, børn over 18 år, tjenestefolk eller andre til husstanden hørende voksne personer, som er til stede der; er sådanne ikke at træffe, da for vedkommende husvært, principal, husbonde, læremester eller arbejdsherre, for så vidt denne træffes til stede der. Forkyndelsen kan endvidere foregå på den pågældendes kontor, værksted eller andet fast forretningslokale for en til kontoret hørende, på værkstedet arbejdende eller i forretningen ansat voksen person, som findes til stede, og for skipperes og søfolks vedkommende på det skib, hvortil de hører, for en til skibet hørende voksen person, der findes til stede. Har den pågældende ikke bopæl, kontor, værksted eller andet forretningslokale i riget og ikke hører til et herværende skib, kan forkyndelsen ske på hans midlertidige opholdssted i riget for dem, hos hvem han er til huse.

3) Har stævningsmanden ikke kunnet iværksætte forkyndelsen på nogen af de ovenfor angivne måder, skal han i forbindelse med det eventuelt tilkaldte vidne (§ 155, stk. 3) påtegne udfærdigelsen attest herom og straks overlevere den til politiet, der snarest muligt skal søge at iværksætte forkyndelsen.

4) Forkyndelser, som sker på vedkommendes bolig eller sædvanlige opholdssted, skal foregå imellem kl. 7 morgen og kl. 8 aften. På søn- og helligdage må de ikke foregå i tiden fra kl. 9 formiddag til kl. 4 eftermiddag. Juleaften må de ikke foregå efter kl. 6 eftermiddag.

*Stk. 2.* Udføres forretningen af en stævningsmand, skal denne, hvis de af ham modtagne opgivelser ikke leder til forkyndelsens iværksættelse, efter evne søge sådan underretning, at forkyndelsen kan ske.

**§ 157.** Bemyndigelsen til den enkelte forretning behøver ikke at godtgøres for den eller dem, for hvem forkyndelsen sker.

*Stk. 2.* De personer, for hvem forkyndelse i henhold til reglerne i § 156, nr. 2, foretages, kan i reglen ikke vægre sig ved at modtage den. Nægter nogen ubeføjet at modtage forkyndelsen, eller forsømmer han, hvor forkyndelsen er sket, at levere vedkommende den ved forkyndelsen overleverede genpart, uagtet dette kunne ske uden udgift eller væsentligt besvær, kan han ved kendelse under sagen tilpligtes at erstatte de ved hans vægring eller undladelse forvoldte omkostninger.

**§ 158.** Det ene eksemplar af den udfærdigelse som forkyndes, overgives til den eller dem, for hvem forkyndelsen sker, medens det andet eksemplar tilbagegives eller med første post afsendes til den, der har begært eller beordret forkyndelsen.

*Stk. 2.* Førstnævnte eksemplar skal, hvis forkyndelsen ikke er sket for vedkommende personlig, inden afleveringen forsynes med en påtegning, der indeholder angivelse af den dag, forkyndelsen er sket. Sidstnævnte eksemplar skal i alle tilfælde forsynes med en påtegning, der indeholder angivelse af den dag, på hvilken, det sted, hvor, og de personer, for hvem forkyndelsen er sket, og, hvis forkyndelsen ikke er sket for vedkommende selv, tillige med påtegning om, hvorledes der i den anledning er forholdt, samt hvad der er opgivet om hans opholdssted.

*Stk. 3.* Er det ikke lykkedes politiet at iværksætte forkyndelsen, fordi den pågældende ikke har kunnet antræffes i retskredsen, og ej heller har bolig eller midlertidigt opholdssted der, tilbagegives udfærdigelsen med påtegning om det stedfundne samt om, hvad der er politiet bekendt angående hans bolig eller opholdssted.

*Stk. 4.* Påtegningen afgiver bevis for det, som ifølge den er foregået; dog er modbevis ikke udelukket.

*Stk. 5.* Går politiets opgivelse ud på, at pågældende har bopæl eller opholdssted andetsteds i riget, bliver forkyndelsen efter foranstaltning af den, der har begært eller beordret den, at iværksætte der i overensstemmelse med de foranstående regler.

**§ 159.** Har vedkommende bekendt bolig eller opholdssted i udlandet og kan forkyndelse ikke ske her i riget overensstemmende med § 156,

sker forkyndelse eller meddelelse på den ved stedets love eller ved traktat hjemlede måde. Fornøden begæring herom, som vedkommende part i borgerlige sager kan fordre udstedt af retten, tilstilles den pågældende fremmede myndighed.

**§ 160.** Er det ikke lykkedes ved politiet at opspørge vedkommendes bopæl eller opholdssted, eller har i en straffesag en sigtet, som vides at opholde sig i udlandet, unddraget sig forfølgning ved flugt, iværksættes forkyndelsen ved 2 gange foretagen indrykkelse i Statstidende. Det er i sådant fald tilstrækkeligt, at udfærdigelsens indhold indrykkes i udtog med bemærkning, at den selv henligger til modtagelse på vedkommende rets skriverkontor. I bekendtgørelsen skal det udtrykkelig bemærkes, hvorpå det støttes, at denne forkyndelsesmåde benyttes.

*Stk. 2.* Ovenstående regel gælder også når den pågældende fremmede myndighed har vægret sig ved at efterkomme den til samme ifølge § 159 rettede begæring; dog skal i så fald udfærdigelsen tillige tilstilles vedkommende med posten i betalt brev, der skal anbefales. Postembedsmanden har at forsyne det ene eksemplar af udfærdigelsen med påtegning om, at ligelydende eksemplar er afsendt til nærmere betegnet adresse i betalt og anbefalet brev. Påtegningen afgiver bevis herfor, indtil modbevis føres.

**§ 161.** I borgerlige sager kan parterne vedtage, at et opgivet sted skal agtes for bopæl, og dette bliver da, for så vidt der sammesteds forefindes nogen, der er villig til at modtage forkyndelsen, ved anvendelsen af de foregående regler at behandle som den virkelige bopæl.

**§ 162.** En forkyndelse, der er sket overensstemmende med de i §§ 156-161 givne regler, anses lovlig, uagtet den ikke ved de trufne foranstaltninger måtte komme til pågældendes kundskab.

**§ 163.** Meddelelse, som under retsmøde i sagen gives vedkommende personlig til retsbogen, kan altid træde i stedet for forkyndelse.

**§ 163a.** I borgerlige sager kan derhos efter partens valg de i § 153 omhandlede forkyndelser i stedet for ved stævningsmand ske gennem postvæsenet ved brev overensstemmende med reglerne i §§ 163 b-163 d.

*Stk. 2.* Den ret, til hvilken stævning er udtaget, eller som har afsagt den pågældende dom, eller som forkyndelsen i øvrigt vedrører, foranstalter overleveringen til postvæsenet af det dokument, der ønskes forkyndt. Forkyndelse ved brev kan dog ikke finde sted til sådanne adressesteder, til hvilke der ikke af postvæsenet udbringes almindelige breve, således ikke til skibe, medmindre disse ligger ved bolværk.

**§ 163 b.** Foruden det dokument, der ønskes forkyndt, skal på retskontoret indleveres så mange af vedkommende part eller hans advokat bekræftede genparter af dokumentet, som svarer til antallet af de personer, for hvilke forkyndelse skal finde sted. Retten meddeler originaldokumentet påtegning om indleveringsdagen og påtegner dette og genparterne det samme løbenummer samt årstal.

**§ 163 c.** Forkyndelsen iværksættes ved aflevering i lukket brev af en i overensstemmelse med forskriften i § 163 b bekræftet genpart af det, der ønskes forkyndt.

*Stk. 2.* I dette øjemed overgiver retten genparten til postvæsenet i en lukket konvolut, der på forsiden skal være forsynet med tydelig og nøjagtig angivelse af navn og adresse på den person, for hvem forkyndelsen skal finde sted, retskontorets navn og adresse og forkyndelsesdokumentets løbenummer og årstal samt tydelig være påtegnet ordet "afleveringsattest" og derhos være ledsaget af en behørig udfyldt afleveringsattest-blanket, hvoraf eksemplarer fås til købs på posthusene. Retten kan, for så vidt det dokument, der skal forkyndes, ikke er en indkaldelse, som det påhviler retten selv at udstede, forlange, at såvel konvolut som afleveringsattest-blanket overgives den i så vidt muligt udfyldt stand.

**§ 163 d.** Afleveringen sker ved et postbud (landpostbud) til de for postforsendelsers ombringelse fastsatte tider og til en person, for hvem stævning til adressaten lovligt kan forkyndes på det angivne adressested.

*Stk. 2.* Finder aflevering af brevet sted, anføres på afleveringsattesten i overensstemmelse med den trykte teksts anvisning oplysning om den dag og time, på hvilken, det sted, hvor, og den person, til hvem afleveringen er sket. Er afleveringen ikke sket til vedkommende selv, anføres tillige, hvad der i så fald er foretaget. Den, til hvem afleveringen er sket, skal opfordres til at medunderskrive attesten, men den omstændighed, at dette ikke er iagttaget, medfører ikke, at forkyndelsen er ulovlig. Afleveringsattesten underskrives af vedkommende postbud (landpostbud) og tilbagesendes snarest af postvæsenet til vedkommende ret. Afleveringsattesten afgiver bevis for det, som ifølge den er foregået; dog er modbevis ikke udelukket.

*Stk. 3.* Har postbudet (landpostbudet) ikke kunnet aflevere brevet på adressestedet i overensstemmelse med de ovenfor nævnte regler, skal han give brevet påtegning herom, hvorefter det af postvæsenet snarest tillige med den tilhørende afleveringsattest tilbagesendes til vedkommende ret, der så hurtigt som muligt sætter parten i kundskab herom. I tilfælde af ubeføjet vægring ved at modtage brevet finder reglen i § 157, stk. 2, 2. pkt., anvendelse.

**§ 163 e.** I straffesager kan forkyndelse af

1)  de i § 932 omhandlede tilsigelser af tiltalte i politisager,
2)  indkaldelser af vidner,
3)  beslutninger, hvorved der udmeldes syns- eller skønsmænd, og indkaldelser af disse

ske gennem postvæsenet. Bestemmelserne i § 163 a, stk. 2, § 163 c og § 163 d finder tilsvarende anvendelse, dog at retten ikke medvirker ved forkyndelse af dokumenter, der udgår fra anklagemyndigheden.

**§ 164.** Benytter begge parter i en borgerlig sag advokat til at udføre sagen, kan meddelelser til advokaterne under sagens gang ske umiddelbart fra den ene advokat til den anden uden stævningsmænds mellemkomst, blot imod simpelt modtagelsesbevis.

*Stk. 2.* Meddelelsen kan gyldigt afleveres på advokatens kontor til enhver tid, dette er åbent, og modtagelsesbeviset kan udstedes af advokatens der tilstedeværende fuldmægtig eller andre kontorbetjente.

**§ 165.** De fra retten udgående meddelelser, for hvilke loven ingen særlig forskrift indeholder, sker på den måde, som rettens formand i hvert enkelt tilfælde finder hensigtsmæssigt, og uden at hans beslutninger herom er genstand for kære. Det er tilladt at tilstille meddelelsen med posten.

**§ 166.** Når der af retten i et behørigt afholdt møde træffes beslutning om tidspunktet for et nyt møde eller for en retshandlings iværksættelse, anses de personer, der er til stede og påhører beslutningen, for at have fået tilstrækkelig underretning derom. Personer, som har været lovligt tilsagte til mødet, men som enten er udeblevet, eller uberettiget har forladt mødet, forinden beslutningen der toges, har intet krav på særlig forkyndelse eller meddelelse om det nye møde eller om tidspunktet for de besluttede retshandlingers iværksættelse. Dog bør retten ikke undlade ved budsendelse eller med posten at give dem meddelelse om beslutningen, for så vidt denne antages at være af interesse for dem.

**§ 167.** Indkaldelser og meddelelser til militære, hvilke med de af forholdets natur flydende lempelser bliver at forkynde efter de i dette kapitel givne regler, skal tillige anmeldes for afdelingschefen, som foranlediger pågældendes møde for retten, hvor sådant gøres fornødent. Forkyndelse for kaserneret personel kan ske gennem den pågældendes militære afdeling ved dennes foranstaltning.

**Forslaget.**

**1.** I *§ 57* indsættes som *stk. 2-4*:

"*Stk. 2.* En forkyndelse er gyldig, selv om stævningsmanden har handlet uden for den retskreds, i hvilken han er ansat.

*Stk. 3.* Politibetjentemænd og sognefogeder kan uden særlig beskikkelse foretage forkyndelser i straffesager.

Copyright © 2011 Thomson Reuters Professional A/S

*Stk. 4.* Justitsministeren kan fastsætte regler om, i hvilket omfang politiet skal foretage eller medvirke ved forkyndelser."

**2.** *Kapitel 17* affattes således:

"Kapitel 17. **Forkyndelser m. v.**

**§ 153.** I borgerlige sager skal processuelle meddelelser forkyndes, medmindre andet er bestemt i denne lov.

*Stk. 2.* I straffesager skal forkyndelse kun ske, når det er bestemt i denne lov.

Se forslagets nr. 1. (§ 57, stk. 3).

**§ 165.** Justitsministeren fastsætter nærmere regler om forkyndelse, herunder om vederlag herfor.

*Stk. 2.* I sager, der behandles af retten, afholdes vederlaget for forkyndelse af statskassen. I øvrigt betales vederlaget forud af den, der begærer forkyndelsen foretaget.

*Stk. 3.* Polititjenestemænd har ikke krav på vederlag for forkyndelse i straffesager.

Se forslagets nr. 1. (§ 57, stk. 2).

**§ 155.** Forkyndelse sker ved, at den meddelelse, der skal forkyndes, med eventuelle bilag

1) sendes eller afleveres til den pågældende, der samtidig anmodes om at bekræfte modtagelsen på en genpart af dokumentet eller, hvis forkyndelsen foretages ved rettens eller anklagemyndighedens foranstaltning, et særligt modtagelsesbevis (brevforkyndelse),
2) sendes til den pågældende i brev med afleveringsattest (postforkyndelse) eller
3) afleveres til den pågældende af en stævningsmand (stævningsmandsforkyndelse).

**§ 156.** Ved brevforkyndelse anses meddelelsen for forkyndt, hvis genparten eller modtagelsesbeviset er underskrevet af den pågældende personlig. Forkyndelse anses for sket den dag, modtageren anfører at have modtaget meddelelsen. Er ingen modtagelsesdag anført, eller er den angivne modtagelsesdag senere end datoen i poststemplet på tilbagesendelsen, anses forkyndelse for sket på poststemplets dato.

**§ 157.** For postforkyndelse og stævningsmandsforkyndelse gælder følgende regler:

1) Forkyndelse bør så vidt muligt ske for den pågældende personlig på hans bopæl, midlertidige opholdssted eller arbejdssted. Forkyndelse for den pågældende personlig er dog gyldig, uanset hvor den sker.
2) Træffes den pågældende ikke, kan forkyndelse ske
    a) på bopælen eller opholdsstedet for personer, der hører til husstanden, eller, hvis den pågældende bor til leje i en andens bolig, for udlejeren eller dennes ægtefælle, for så vidt de pågældende træffes på bopælen eller opholdsstedet, eller
    b) på den pågældendes arbejdssted over for arbejdsgiveren eller dennes repræsentant eller for så vidt angår selvstændige næringsdrivende på den pågældendes kontor, værksted eller forretningslokale over for personer, der er ansat i virksomheden.

*Stk. 2.* Forkyndelse efter stk. 1, nr. 2, kan ikke ske for personer under 18 år.

*Stk. 3.* Ved postforkyndelse overgives forsendelsen og ved stævningsmandsforkyndelse en genpart af meddelelsen og eventuelle bilag til den, for hvem forkyndelsen sker. Sker forkyndelse ikke over for vedkommende personlig, anføres på forsendelsen eller genparten af meddelelsen, hvornår og over for hvem forkyndelse er sket.

*Stk. 4.* Nægter en person, for hvem forkyndelse kan ske efter stk. 1, nr. 2, uden rimelig grund at modtage forkyndelse, eller undlader han, efter at forkyndelse er sket, at overlevere, hvad han har modtaget ved forkyndelsen, til vedkommende, selv om dette kunne være sket uden væsentlig udgift eller besvær, kan han ved kendelse tilpligtes at erstatte omkostninger, der er en følge af hans nægtelse eller undladelse.

**§ 158.** Har den pågældende kendt bopæl eller opholdssted i udlandet, og kan forkyndelse ikke ske her i riget efter § 155, nr. 2 og 3, jfr. § 157, sker forkyndelse ved brevforkyndelse eller på den måde, der er foreskrevet ved konvention eller ved vedkommende lands lov.

**§ 159.** Forkyndelse kan foretages i Statstidende, såfremt

1) den pågældendes bopæl eller opholdssted eller hans arbejdssted her i landet ikke kan oplyses, eller
2) vedkommende fremmede myndighed nægter eller undlader at efterkomme en anmodning om forkyndelse efter § 158.

*Stk. 2.* Forkyndelse sker ved, at en bekendtgørelse indeholdende et uddrag af meddelelsen og en bemærkning om, at meddelelsen kan fås ved henvendelse til retten, indrykkes i Statstidende. I bekendtgørelsen skal endvidere anføres, af hvilken grund denne forkyndelsesform anvendes.

*Stk. 3.* I de i stk. 1, nr. 2, nævnte tilfælde, skal meddelelsen tillige tilsendes den pågældende med posten.

**§ 160.** I borgerlige sager kan en part give afkald på at få underretning om processuelle meddelelser ved forkyndelse. Parterne kan endvidere udpege en person, over for hvem forkyndelse kan ske efter reglerne i §§ 155-157. Reglen i § 157, stk. 4, finder dog kun anvendelse, hvis den pågældende har erklæret sig villig til at modtage forkyndelse.

**§ 163.** En forkyndelse er gyldig, selv om meddelelsen ikke kommer til vedkommendes kundskab.

*Stk. 2.* Er det dokument, der skal forkyndes, kommet vedkommende i hænde, anses forkyndelse for sket, selv om forkyndelsen ikke er foretaget i overensstemmelse med reglerne i §§ 155-157.

Se forslagets § 162.

Se forslagets § 157.

**§ 161.** Har en part i en borgerlig sag antaget en advokat til at udføre sagen, kan forkyndelse vedrørende sagen ske for advokaten.

**§ 154.** Meddelelser fra retten gives på den måde, som rettens formand bestemmer, medmindre loven indeholder anden forskrift herom.

*Stk. 2.* Rettens beslutning om, hvorledes meddelelser skal gives, er ikke genstand for kære.

**§ 162.** Når der i et retsmøde træffes beslutning om tidspunktet for et nyt møde eller for en retshandlings foretagelse, anses beslutningen for at være forkyndt for de personer, der er til stede i retsmødet.

*Stk. 2.* Beslutningen anses endvidere for at være forkyndt for personer, der har været lovligt tilsagt til mødet, men som enten er udeblevet eller uberettiget har forladt mødet, forinden beslutningen blev truffet. Retten bør dog give de pågældende meddelelse om beslutningen, hvis denne må antages at være af særlig interesse for dem.

**§ 164.** Medmindre andet er bestemt i den militære retsplejelov, sker forkyndelse for militærpersoner efter reglerne i dette kapitel. Forkyndelse for personer, der er indkvarteret på militært område, kan dog altid ske ved den pågældendes militære afdelings foranstaltning.