IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DENSYS LTD., *Plaintiff,* § § § | | |
| v. | § § § § | CIVIL NO. 6-19-CV-00680-ADA |
| 3SHAPE TRIOS A/S and 3SHAPE A/S, *Defendants.* | § § § § | |

### ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS

Before the Court are: Defendants 3Shape Trios A/S and 3Shape A/S's joint Motion to Dismiss (ECF No. 9), and the response and reply thereto. The Court, having considered the Motion and applicable law, finds that the Motion should be **DENIED**, as discussed below.

### I. INTRODUCTION

Plaintiff brings this action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. Plaintiff is an Israeli company headquartered in Jerusalem, Israel. The Defendants are Danish corporations headquartered in Copenhagen, Denmark. Plaintiff filed its Complaint with the Court on November 26, 2019, and attempted to serve the Defendants on January 6, 2020, by submitting a request for service to the Clerk of the Court. The Clerk then mailed a copy of the Summons and Complaint to Defendants' Danish headquarters, located at Holmens Kanal 7, 1060 Copenhagen, Denmark, via Federal Express on January 14, 2020. Federal Express marked the documents as delivered to Defendants on January 16, 2020.

Defendants contend that this method of service was improper under United States, Danish, and international law and move to dismiss the case.

## II.  LEGAL STANDARDS

Courts cannot exercise jurisdiction over an improperly served defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Accordingly, Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of an action for insufficient service of process. Once a defendant has challenged the validity of service, the plaintiff bears the burden of establishing the validity of service. *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (*per curiam*).

Federal Rule of Civil Procedure Rule 4(h) governs service on corporations and provides that foreign corporations "must be served . . . in any manner prescribed by Rule 4(f) for serving an individual" if service is completed "at a place not within any judicial district of the United States." FED. R. CIV. P. 4(h). Under Rule 4(f), a party may serve a corporation using one of three methods:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.
> FED. R. CIV. P. 4(f)(1)-(3).

Under Rule 4(f)(1), the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention") is one internationally agreed-upon means of service reasonably calculated to give notice. Eighty-three countries are Hague signatories, including the

2

United States and Denmark. (*See* ECF No. 10, Ex A.) The Hague Service Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," if the destination country is a signatory member. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (quoting Hague Service Convention, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 1). Accordingly, "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) (quoting *Schlunk*, 486 U.S. at 699). "[C]ompliance with the [Hague Service Convention] is mandatory in all cases to which it applies." *Schlunk*, 486 U.S. at 705.

The Hague Service Convention approves of several methods for service of judicial documents abroad. For example, process may be served via request through a signatory's Central Authority. Hague Service Convention, Art. 2–7. The Hague Service Convention also allows service through diplomatic or consular agents and methods independently agreed upon between signatories. Hague Service Convention, Art. 8, 11. Additionally, "[p]rovided the State of destination does not object, the [Hague Service Convention] shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." *Id.*, Art. 10(a). The Supreme Court further explained in *Water Splash*, "in cases governed by the Hague Service Convention, service by mail [per Article 10(a)] is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." 137 S. Ct. at 1513.

## III. ANALYSIS

### A. No Objection Under Article 10(a)

Under the first condition of the *Water Splash* standard, service by mail under Article 10(a) is valid only if "the receiving state has not objected to service by mail." 137 S. Ct. at 1513. Both Defendants and Plaintiff concede that Denmark has not formally objected to service by mail under Art. 10(a) of the Hague Service Convention. ECF No. 10 at 4; ECF No. 9 at 5. Both parties cite a 2003 Service Questionnaire response by the Danish Ministry of Justice, stating that "[a]s for Article 10(a) Denmark has not declared that it objects to this method of transmission." ECF No. 9, Ex. D at 3. Furthermore, both parties also cite a 2014 letter from the Danish Ministry of Justice, that reiterates that same language. ECF No. 10, Ex. C at 3. Accordingly, the Court finds that Plaintiff has sufficiently shown that Denmark has not objected to service by mail and that Plaintiff's service was proper under the first condition of the *Water Splash* standard for service by mail under Article 10(a).

### B. United State Law

Under the second condition of the *Water Splash* standard, service by mail under Article 10(a) is valid only if "service by mail is authorized under otherwise-applicable law." 137 S. Ct. at 1513. Plaintiff argues that Defendants were properly served under the laws of the United States in accordance with Rule 4(h)(2) and Rule 4(f)(2)(c)(ii). ECF No. 10 at 10–12. Defendants argue that Plaintiff's service did not comply with Rule 4(f)(2)(c)(ii) because the applicability of the Hague Service Convention precludes service under Rule 4(f)(2)(c)(ii). ECF No. 16 at 5–6.

Service is valid under Rule 4(f)(2) only "if there is no internationally agreed means [such as the Hague Service Convention], or if an international agreement allows but does not specify other means." FED. R. CIV. P. 4(f)(2). Defendants contend that because Denmark is a signatory of

4

the Hauge Service Convention, there is an internationally agreed means of service, and therefore, service under Rule 4(f)(2) is inappropriate. ECF No. 16 at 5–6. However, the Supreme Court has held that Article 10(a) of the Hague Convention allows service by mail to defendants outside of the United States. *Water Splash*, 137 S. Ct. at 1513. The Court found that "[s]ubmitting a request to a central authority is not . . . the only method of service approved by the [Hague Service] Convention," and that "Article 10(a) [of the Hague Service Convention] encompasses service by mail." *Id.* at 1508, 1513. Additionally, a plain reading of Rule 4(f)(2) does not preclude service pursuant to Rule(f)(2)(c)(ii) merely because an "international agreed means" of service exists, as Defendants suggest. ECF No. 16 at 5. Instead, Rule 4(f)(2) provides that service under Rule (f)(2)(c)(ii) is also available "if an international agreement allows, but does not specify other means" of service. FED. R. CIV. P. 4(f)(2). As discussed above, Article 10(a) of the Hague Service Convention allows service by mail. Thus, mailed service by the Clerk of the Court under Rule 4(f)(2)(c)(ii) is another means of service allowed by, but not specified by, the Hague Service Convention. Accordingly, the Court finds that Plaintiff's service under Rule 4(f)(2)(c)(ii) was proper.

**C. Danish Law**

Service in a foreign country under Rule 4(f)(2)(c) is only proper provided that such service is not "prohibited by the foreign country's laws." FED. R. CIV. P. 4(f)(2)(c). The majority view of this rule holds that a method of service is not "prohibited" unless it is *expressly prohibited* by a foreign country's laws. *See West v. Velo Enter. Co.*, No. 5:13-CV-00024-OLG, 2013 WL 12086781, at *2 (W.D. Tex. Aug. 29, 2013); *SignalQuest, Inc. v. Tien–Ming Chou & Oncque Corp.*, 284 F.R.D. 45, 48 (D.N.H. May 22, 2012); *Fujitsu Ltd. v. Belkin Int' l, Inc.*, 10–CV–03972–LHK, 2011 WL 3903232, at *2 (N.D. Cal. Sept. 6, 2011).

Plaintiff argues that service by mail is not expressly prohibited by Danish law. ECF No. 10 at 7–10. Defendants argue that service by mail is improper under Danish law. ECF No. 9 at 5–6. Plaintiff relies on a signed Declaration from an experienced Danish lawyer and lecturer providing English translations of applicable Danish statutes. ECF No. 10, Ex. Declaration of Kenneth Kvitstgaard-Aaholm ("Decl."). Additionally, Defendants have provided a certified translation of a ruling from the Danish Maritime and Commercial Court. ECF No. 16, Ex. G.

In Denmark, the general rules for service are set out in Chapter 17 of the Administration of Justice Act, Sections 155 to 157a. *Id.* at 3; ECF No. 10, Ex. Decl. at 4. Section 155 provides that service may be effected by "by forwarding a document to the person concerned by letter as recorded delivery (service by post)." ECF No. 10, Ex. Decl. at 5. Section 157a further provides that service by letter to a corporation "may also be effected to employees . . . provided that service is made at the place where the [corporation] operates its business." *Id.* at 8. A facial reading of these statutes indicates that service by mail is generally not prohibited under Danish law. Thus, Plaintiff's service by mail appears to be proper.

However, even if Plaintiff's service by mail was not authorized under Section 155 and 157a, the Court still finds that Plaintiff's service by mail was not expressly prohibited under Danish law. Section 163(2) of the Administration of Justice Act provides that "[i]f the document to be served has been received by the recipient, the document is regarded as having been served, even if the service has not been effected in compliance with the rules set out in Section 155-157 a." *Id.* at 9; ECF No. 16, Ex. G at 4. The comments attached to the bill that enacted Section 163(2) further explain that "it seems unreasonable that a case must be deferred in order to serve the document once again, in instances where the document in question undoubtedly has been received by the relevant person." ECF No. 10, Ex. Decl. at 10; ECF No. 16, Ex. G at 4.

6

Additionally, Plaintiff's witness attests that it is a regular custom and practice in Denmark for litigators to rely on Section 163(2) to effect service of process by mail, and Danish legal commenters have noted that Section 163(2) has "transformed the service system into a general rule of proof of personal reception regardless of the form of service." ECF No. 10, Ex. Decl. at 10; *Id.*, Ex. H; ECF No. 16, Ex. G at 6. Accordingly, the Court finds that Plaintiff has sufficiently established that, under Danish law, proof of personal reception is sufficient to show valid service of process.

Both parties appear to agree that Defendants received Plaintiff's service. A receipt from Federal Express indicates that service was delivered and signed for at Defendants' corporate headquarters. ECF No. 10, Ex. G. Furthermore, Defendants acknowledge that the service was delivered, and Defendants have never claimed that they did not receive the served documents. ECF No. 9 at 1. Accordingly, this Court finds that Defendants did receive the served documents, and therefore, Plaintiff's service by mail was not expressly prohibited under Danish law.

**D. Evidentiary Objections**

Defendants argue that the Court may not rely on the translation of various Danish statues provided in Mr. Kvistgaard-Aaholm's Declaration because Mr. Kvistgaard-Aaholm has not properly authenticated the translations under Federal Rules of Evidence 604 and 901. ECF No. 16 at 3. However, "[t]he content of foreign law is a question of law." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 713 (5th Cir. 1999). Additionally, in determining foreign law, a court "may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." FED. R. CIV. P. 44.1. Here, Plaintiff's witness submitted English translations of several relevant Danish statutes and a translation of relevant explanatory notes. ECF No. 10, Ex. Decl. at 4–9. Defendants have made

no objection to the accuracy of the translations of Danish law put forth by Plaintiff's witness. In fact, Defendants' exhibits set forth substantially similar translations to those provided by Plaintiff's witness. *See Id.* at 9; ECF No. 16, Ex. G at 4. Additionally, Defendants' claim that Danish courts have adopted a position contrary to Plaintiff's witness is not supported by the exhibits Defendants provide. ECF No. 16 at 4–5; *Id.*, Ex. G. For example, the holding of the translated Danish opinion provided by Defendants specifically finds that Section 163(2) does not apply to foreign defendants sued in Danish courts. *Id.* at 13. However, that holding does not extend to Danish defendants sued in foreign courts, as is the case here. *Id.* Accordingly, the Court finds that it may consider Plaintiff's witness's translation of applicable Danish law. *See Forzley v. AVCO Corp. Electronics Div.*, 826 F.2d 974, 979 n.7 (11th Cir. 1987) (finding that the submission of an unofficial English translation of Saudi Arabian law satisfied Rule 44.1 "[a]bsent any specific objection to the accuracy of the translation"). Additionally, the Court finds that Plaintiff has sufficiently proven that its service by mail was not prohibited by Danish law. *See Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of the Republic of Venezuela*, 575 F.3d 491, 498 n.8 (5th Cir. 2009) (holding that foreign law was sufficiently proven where party submitted English translations of relevant statutes and opposing party had not alleged that the translation was inaccurate or misrepresented foreign law).

In sum, this Court finds that Plaintiff has met its burden and shown that Defendants were properly served under the applicable provisions of United States law, the Hague Service Conventions, and Danish law. Accordingly, Defendants' Motion to Dismiss for improper service of process is **DENIED**.

## IV. CONCLUSION

Accordingly, it is **ORDERED** Defendants 3Shape Trios A/S and 3Shape A/S's Motion to Dismiss is **DENIED**.

**SIGNED** this 4th day of June, 2020**.**

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE