**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| DENSYS LTD., | |
| Plaintiff, | Civil Action No.  6:19-cv-00680 |
| v. | JURY TRIAL DEMANDED |
| 3SHAPE TRIOS A/S and 3SHAPE A/S, | |
| Defendants. | |

**DEFENDANTS 3SHAPE TRIOS A/S AND 3SHAPE A/S'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants 3Shape Trios A/S and 3Shape A/S, (collectively, "3Shape"), hereby answer Plaintiff Densys Ltd.'s ("Densys") Complaint, and present their current affirmative defenses and counterclaims, as follows:

**NATURE OF THE ACTION[1]**

1.      This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent any response is required, 3Shape admits that Plaintiff purports to bring this action under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  3Shape denies all allegations of infringement made anywhere in the complaint, and, for efficiency, does not repeat that denial in response to every such allegation.  To the extent there are any remaining allegations in paragraph 1 not addressed by the foregoing, 3Shape denies them.

---

[1] For ease of cross-reference, 3Shape adopts the headings and paragraph numbers from Densys's Complaint.  Unless explicitly admitted, 3Shape denies any and all factual allegations and/or legal conclusions presented in Densys's headings.

## THE PARTIES

2.      3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 2 and therefore denies them.

3.      Admitted that 3Shape Trios A/S is a Danish corporation with its principal place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.  Admitted that 3Shape Trios A/S develops hardware and software for 3Shape's Trios intraoral scanners ("Trios") and hardware for 3Shape Scan Bodies, and imports and sells what Densys identifies as the "Accused Products" (*i.e.,* Trios and 3Shape Scan Bodies) to 3Shape's United States customers.  3Shape denies that 3Shape Trios A/S performs any of the other alleged activities with respect to the Accused Products.  The remaining statements and allegations contained in paragraph 3 are argument, opinions, and legal conclusions and therefore require no response.  To the extent a response is required, 3Shape denies the remaining statements and allegations contained in paragraph 3.

4.      Admitted that 3Shape A/S is a Danish corporation with its principal place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.  3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  The remaining statements and allegations contained in paragraph 4 are argument, opinions, and legal conclusions and therefore require no response.  To the extent a response is required, 3Shape denies the remaining statements and allegations contained in paragraph 4.

5.      3Shape admits that the Complaint purports to refer to Defendants individually and collectively as "3Shape."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 5 not addressed by the foregoing, 3Shape denies them.

## JURISDICTION AND VENUE

6.      This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 6 not addressed by the foregoing, 3Shape denies them.

7.      This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 7 not addressed by the foregoing, 3Shape denies them.

8.      This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 8 not addressed by the foregoing, 3Shape denies them.

9.      This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 9 not addressed by the foregoing, 3Shape denies them.

10.      This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 10 not addressed by the foregoing, 3Shape denies them.

11.      This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.

To the extent there are any remaining allegations in paragraph 11 not addressed by the foregoing, 3Shape denies them.

12.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 12 not addressed by the foregoing, 3Shape denies them.

13.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape denies that either Defendant has substantial, continuous, and systematic contacts with this State or judicial district.  3Shape denies that either Defendant has any operations in this State or judicial district.  3Shape denies that either Defendant employs Texas residents in this State or this judicial district.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 13 not addressed by the foregoing, 3Shape denies them.

## 3SHAPE'S CONTRACTS WITH TEXAS RESIDENTS

14.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 14 not addressed by the foregoing, 3Shape denies them.

15.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in

this context.  To the extent there are any remaining allegations in paragraph 15 not addressed by the foregoing, 3Shape denies them.

16.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape denies that either Defendant employs Texas residents in this State or this judicial district.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 16 not addressed by the foregoing, 3Shape denies them.

### 3SHAPE'S CONTRACTS WITH IN-STATE DISTRIBUTORS AND RESELLERS

17.     3Shape admits that Mr. Christoffer Melchior testified at the evidentiary hearing in *Certain Color Intraoral Scanners and Related Hardware and Software*, Inv. No. 337-TA-1091 (the "1091 Investigation").  3Shape admits that Mr. Melchior was Vice President of Global Sales and Customer Care with 3Shape A/S at the time of this testimony.  3Shape admits that Mr. Melchior testified that 3Shape Trios A/S "sells [T]rios scanners to 3Shape's U.S. resellers" during the hearing for 1091 Investigation.

18.     3Shape admits that Mr. Melchior testified that "3Shape does after-sales support…if the reseller cannot solve a technical issue for an end user" during the 1091 Investigation.  3Shape denies that either Defendant has "entered into contracts related to its after-sales product support obligations in the State of Texas and this judicial district."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 18 not addressed by the foregoing, 3Shape denies them.

19.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 19 not addressed by the foregoing, 3Shape denies them.

20.      3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 20 not addressed by the foregoing, 3Shape denies them.

21.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 21 not addressed by the foregoing, 3Shape denies them.

22.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 22 not addressed by the foregoing, 3Shape denies them.

23.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently

defined in this context.  To the extent there are any remaining allegations in paragraph 23 not addressed by the foregoing, 3Shape denies them.

24.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape admits that 3Shape Trios A/S and Henry Schein Services GmbH are parties to a contract regarding Trios.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 24 regarding the activities of the entity which Densys refers to as "Henry Schein Dental."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 24 not addressed by the foregoing, 3Shape denies them.

25.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 25 regarding the activities of the entity which Densys refers to as "Henry Schein Dental."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 25 not addressed by the foregoing, 3Shape denies them.

26.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 26 regarding the activities of the entity which Densys refers to as "Henry Schein Dental."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in

paragraph 26 not addressed by the foregoing, 3Shape denies them.

27.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape admits that 3Shape Trios A/S and Henry Schein Services GmbH are parties to a contract regarding Trios.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 27 regarding the activities of the entity which Densys refers to as "Henry Schein Dental."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 27 not addressed by the foregoing, 3Shape denies them.

28.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape admits that 3Shape Trios A/S and Patterson Dental Holdings Inc. are parties to a contract regarding Trios.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 28 regarding the activities of the entity which Densys refers to as "Patterson Dental."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 28 not addressed by the foregoing, 3Shape denies them.

29.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 29 regarding the activities of the entity which Densys refers to as "Patterson Dental."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 29 not

addressed by the foregoing, 3Shape denies them.

30.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape admits that 3Shape Trios A/S and Patterson Dental Holdings Inc. are parties to a contract regarding Trios.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 30 regarding the activities of the entity which Densys refers to as "Patterson Dental."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 30 not addressed by the foregoing, 3Shape denies them.

31.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape admits that 3Shape Trios A/S and Dental Planet are parties to a contract regarding Trios.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 31 regarding the activities of the entity which Densys refers to as "Dental Planet."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 31 not addressed by the foregoing, 3Shape denies them.

32.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 32 regarding the activities of the entity which Densys refers to as "Dental Planet."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 32 not addressed by the foregoing, 3Shape denies them.

**3SHAPE'S CONTRACTS WITH 3SHAPE'S IN-STATE TERRITORY MANAGERS**

33.     Denied that either Defendant contracts with or employs any Texas resident for any of the alleged activities mentioned in paragraph 33.

34.     Denied that either Defendant contracts with or employs any Texas resident for any of the alleged activities mentioned in paragraph 34.

**3SHAPE'S CONTRACTS WITH 3SHAPE'S IN-STATE CUSTOMERS**

35.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 35 regarding the activities of any entity other than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 35 not addressed by the foregoing, 3Shape denies them.

36.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 36 regarding the activities of any entity other than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 36 and therefore denies them.

37.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 37 regarding the activities of any entity other

than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 37 not addressed by the foregoing, 3Shape denies them.

38.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 38 regarding the activities of any entity other than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 38 not addressed by the foregoing, 3Shape denies them.

39.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 39 regarding the activities of any entity other than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 39 not addressed by the foregoing, 3Shape denies them.

40.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape denies that a lab must enter any contracts to be designated as a "3Shape Ready Lab."  3Shape denies that Summit Dental Lab, Creative Dental, BNR Dental Lab, Medina Dental Restorations, Palmer Dental Ceramics, Link Dental Ventures, Watson Dental Lab, and Midtex Dental Lab are "listed on 3Shape's website" as identified in paragraph

40 – *i.e.,* https://www.3Shape.com/en/services/ready-programs.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 40 regarding the activities of any entity other than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 40 not addressed by the foregoing, 3Shape denies them.

41.     3Shape denies that a lab must enter any contracts to be designated as a "3Shape Ready Lab."  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 41 not addressed by the foregoing, 3Shape denies them.

42.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape denies that a lab must enter any contracts to be designated as a "3Shape Ready Lab."  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 42 regarding the activities of any entity other than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 42 not addressed by the foregoing, 3Shape denies them.

43.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape denies that a lab must enter any contracts to be designated as a "3Shape Ready Lab."  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 43 regarding the activities of any entity other

than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 43 not addressed by the foregoing, 3Shape denies them.

### 3SHAPE'S IN-STATE MARKETING EFFORTS

44.     3Shape denies that it has any domestic agents or employees.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 44 not addressed by the foregoing, 3Shape denies them.

45.     3Shape denies that it has any agents that reside in the United States.  3Shape admits that 3Shape Inc. is a U.S.-based sister company to the Defendants.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 45 not addressed by the foregoing, 3Shape denies them.

46.     3Shape admits that in the 1091 Investigation, Mr. Melchior testified that 3Shape Inc. is the "country organization for the United States" and that 3Shape Inc. "reports to" him. Specifically, the General Manager of 3Shape Inc. reports to Mr. Melchior.

47.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 47 not addressed by the foregoing, 3Shape denies them.

48.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 48 not addressed by the foregoing, 3Shape denies them.

49.     Denied that either Defendant contracts with or employs any "Territory Manager" for any of the alleged activities mentioned in paragraph 49.

50.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 50 regarding the activities of any entity other than 3Shape.  Otherwise, this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 50 not addressed by the foregoing, 3Shape denies them.

51.     3Shape admits that www.3Shape.com allows end users of 3Shape products to update their software subscriptions.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 51 not addressed by the foregoing, 3Shape denies them.

52.     3Shape admits it offers training and videos through its website.  3Shape admits that paragraph 52 purports to display a screenshot of a training found at https://ww2.3Shape.com/en/knowledge-center/webinars#myModal.  3Shape denies the remaining statements and allegations contained in paragraph 52.

53.     3Shape admits that 3Shape A/S includes a training department titled "3Shape

Academy."  3Shape admits paragraph 53 purports to include a screenshot of a registration form for a "TRIOS Refresher Course" that allows enrollees to identify their Country as "United States of America" and their State as "Texas."  3Shape denies that any registered participant in the "TRIOS Refresher Course" has ever chosen "Texas" as their state.  3Shape denies the remaining statements and allegations contained in paragraph 53.

54.     3Shape lacks sufficient knowledge or information to admit or deny the remaining statements and allegations contained in paragraph 54 and therefore denies them.

55.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 55 not addressed by the foregoing, 3Shape denies them.

56.     3Shape admits that user manuals for Trios and 3Shape Scan Bodies are available through www.3Shape.com.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 56 not addressed by the foregoing, 3Shape denies them.

57.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 57 and therefore denies them.

58.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 58 not addressed by the foregoing, 3Shape denies them.

59.     3Shape admits that it maintains a YouTube channel that includes videos regarding

the Accused Products.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 59 not addressed by the foregoing, 3Shape denies them.

60.     3Shape admits that it maintains a YouTube channel that includes videos regarding the Accused Products.  3Shape admits paragraph 60 includes links to YouTube videos titled "3Shape Trios Scan Strategy – Full Arch" and "3Shape Trios implant scanning with 3Shape scan bodies."  To the extent there are any remaining allegations in paragraph 60 not addressed by the foregoing, 3Shape denies them.

61.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 61 and therefore denies them.

62.     3Shape admits it attends and hosts events in the United States.  3Shape admits paragraph 62 purports to cite https://www.3shape.com/en/events, which provides a listing of "3Shape Events."  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 62 not addressed by the foregoing, 3Shape denies them.

63.     3Shape admits that certain 3Shape employees have attended events related to dentistry in the State of Texas.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 63 not addressed by the foregoing, 3Shape denies them.

64.     3Shape admits that certain 3Shape employees have attended events related to

dentistry in the State of Texas.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 64 not addressed by the foregoing, 3Shape denies them.

65.     3Shape admits that certain 3Shape employees have attended events related to dentistry in the State of Texas.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 65 not addressed by the foregoing, 3Shape denies them.

66.     3Shape denies Densys's characterizations of Mr. Melchior's testimony; the actual testimony speaks for itself.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 66 not addressed by the foregoing, 3Shape denies them.

67.     3Shape denies that it has offered for sale or sold the Accused Products at trade shows or conferences in the United States.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 67 not addressed by the foregoing, 3Shape denies them.

68.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 68 and therefore denies them.

69.     3Shape admits that certain 3Shape employees attended the 2014 American Dental Association conference in San Antonio.  3Shape denies that it could have "marketed" 3Shape

Scan Bodies at that conference.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 69 not addressed by the foregoing, 3Shape denies them.

70.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 70 not addressed by the foregoing, 3Shape denies them.

71.     3Shape denies that it offered to sell or sold any product at this conference.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 71 not addressed by the foregoing, 3Shape denies them.

72.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 72 not addressed by the foregoing, 3Shape denies them.

73.     3Shape denies that it offered to sell or sold any product at this conference.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 73 not addressed by the foregoing, 3Shape denies them.

74.     This paragraph contains legal conclusions to which no response is required or

legal terms of art or other terminology which have not been sufficiently defined in this context. 3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 74 regarding the activities of third parties, and therefore denies them.  To the extent there are any remaining allegations in paragraph 74 not addressed by the foregoing, 3Shape denies them.

75.     3Shape denies that Mr. Carl Horrocks is or has ever been employed by either Defendant.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 75 not addressed by the foregoing, 3Shape denies them.

## 3SHAPE'S EMPLOYMENT OF TEXAS RESIDENTS

76.     Denied that either Defendant recruits, contracts with, or employs any Texas resident for any of the alleged activities mentioned in paragraph 76.

## 3SHAPE'S IN-STATE PATENT INFRINGEMENT

77.     3Shape denies the statements and allegations contained in paragraph 77.

78.     3Shape denies the statements and allegations contained in paragraph 78.

## 3SHAPE'S IMPORTATION OF INFRINGING PRODUCTS INTO THE STATE OF TEXAS

79.     3Shape admits it previously stipulated in the 1091 Investigation that "3Shape Trios A/S sold for importation and imported into the United States at least one unit of each of the models of the 3Shape Trios A/S Products' listed in appendix A to the parties' joint stipulation."

80.     3Shape denies the statements and allegations contained in paragraph 80; the International Trade Commission vacated the decision cited by Densys's complaint and the findings therein.

81.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape denies that either Defendant has "shipped" the Accused Products "from outside of the United States directly to one or more shipping addresses located in the State of Texas."  3Shape admits that 3Shape Trios A/S is the importer of record for units of the Accused Products shipped into the United States.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 81 not addressed by the foregoing, 3Shape denies them.

82.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  3Shape denies that either Defendant has acted as a manufacturer of the Accused Products.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 82 not addressed by the foregoing, 3Shape denies them.

83.     Denied.

84.     3Shape admits that in the Public Version of 3Shape's Responsive Post-Hearing Brief filed in the 1091 Investigation, 3Shape stated that "3Shape Trios A/S owns the Trios scanners at all times before and after they are shipped to the U.S."  3Shape denies Densys's characterizations of this statement; the actual brief speaks for itself.

85.     Denied.

86.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 86 not addressed by the foregoing,

3Shape denies them..

87.     3Shape denies that 3Shape A/S performs any of the alleged activities with respect to the Accused Products.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 87 not addressed by the foregoing, 3Shape denies them.

**BACKGROUND**

88.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 88 and therefore denies them.

89.     Admitted that 3Shape Trios A/S designs and develops "Trios branded scanners." Denied that either Defendant manufactures "Trios branded scanners."  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 89 not addressed by the foregoing, 3Shape denies them.

90.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any allegations in paragraph 90 not addressed by the foregoing, 3Shape denies them.

91.     3Shape admits that paragraph 91 purports to include a screenshot stating that "3Shape Trios module supports the following indications:  bridges (up to 5 units); diagnostic wax-ups and digital temps; implants (single abutments); implant bars and bridges (up to 3 units); implant planning and surgical guides (only available after a purchase of the add-on module);

inlays; onlays; orthodontics and splints (only available after a purchase of the add-on module; post & core; removable partial dentures; single crowns; veneers." 3Shape denies the remaining statements and allegations contained in paragraph 91.

92.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 92, and therefore denies them.

93.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 93, and therefore denies them.

94.     Admitted that 3Shape Trios A/S designs and develops 3Shape Scan Bodies. Denied that either Defendant manufactures 3Shape Scan Bodies.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 94 not addressed by the foregoing, 3Shape denies them.

95.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any allegations in paragraph 95 not addressed by the foregoing, 3Shape denies them.

96.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any allegations in paragraph 96 not addressed by the foregoing, 3Shape denies them.

97.     The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in

this context.  To the extent there are any allegations in paragraph 97 not addressed by the foregoing, 3Shape denies them.

<h2 style="text-align:center">3SHAPE'S WILLFUL PATENT INFRINGEMENT</h2>

98.     Denied that 3Shape had knowledge of either Asserted Patent before Trios was first developed, made, or sold.

99.     3Shape denies Densys's characterizations of Dr. Fisker's testimony; the actual testimony speaks for itself.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 99 not addressed by the foregoing, 3Shape denies them.

100.     3Shape denies Densys's characterizations of Dr. Fisker's testimony; the actual testimony speaks for itself.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 100 not addressed by the foregoing, 3Shape denies them.

101.     3Shape lacks sufficient knowledge or information to admit or deny the statements and allegations contained in paragraph 101 and therefore denies them.

102.     Admitted that Mr. Deichmann is currently co-CEO of 3Shape A/S, a Board of Directors Member of various 3Shape companies, and co-founder of 3Shape.  Denied that Mr. Deichmann is currently the CFO of any 3Shape company.

103.     3Shape lacks sufficient knowledge or information to admit or deny the and allegations contained in paragraph 103 and therefore denies them.

104.     Admitted that Mr. Clausen is currently co-CEO of 3Shape A/S, a Board of

Directors Member of various 3Shape companies, and co-founder of 3Shape.  3Shape lacks

sufficient knowledge or information to admit or deny the remaining statements and allegations

contained in paragraph 104 and therefore denies them.

105.    3Shape is not aware of any "Mr. Tais."  This paragraph contains legal conclusions

to which no response is required or legal terms of art or other terminology which have not been

sufficiently defined in this context.  To the extent there are any remaining allegations in

paragraph 105 not addressed by the foregoing, 3Shape denies them.

106.    Admitted that Mr. Throup was President and CEO of 3Shape A/S as of March 22,

2012.  Denied that Mr. Thorup is currently a Board of Directors Member of any 3Shape entity.

Admitted that an attorney claiming to represent Densys sent a letter to Mr. Thorup dated March

22, 2012.  Denied that said letter was attached to Densys's Complaint as an exhibit.  The

remainder of this paragraph contains legal conclusions to which no response is required or legal

terms of art or other terminology which have not been sufficiently defined in this context.  To the

extent there are any remaining allegations in paragraph 106 not addressed by the foregoing,

3Shape denies them.

107.    Admitted that 3Shape A/S and 3Shape Trios A/S are sister companies that are

both held by the same parent company – 3Shape Holding A/S.  The remainder of this paragraph

contains legal conclusions to which no response is required or legal terms of art or other

terminology which have not been sufficiently defined in this context.  To the extent there are any

remaining allegations in paragraph 107 not addressed by the foregoing, 3Shape denies them.

108.    Admitted that the March 22, 2012 letter referenced in Densys's complaint was

addressed to Holmens Kanal 7, 1060 Copenhagen K, Denmark.  Admitted that this is was the

mailing address of both Defendants as of March 22, 2012 and remains both Defendants' current

mailing address.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 108 not addressed by the foregoing, 3Shape denies them.

109.    Admitted that Mr. Thorup was formerly involved in "management" ("direktion" is the Danish word for "management") of the companies named in paragraph 109.  3Shape denies the remaining statements and allegations contained in paragraph 109.

110.    Denied.

111.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 111 not addressed by the foregoing, 3Shape denies them.

### UNITED STATES PATENT NO. 6,402,707

112.    3Shape admits that the face of U.S. Patent No. 6,402,707 ("the '707 patent") includes the title "Method and System for Real Time Intra-orally Acquiring and Registering Three-dimensional Measurements and Images of Intra-oral Objects and Features" and purports to indicate an issue date of June 11, 2002.  3Shape admits that the patent states on its face that the inventor is Maurice M. Ernst.  3Shape further admits that the Complaint purports to attach a copy of the '707 patent as Exhibit 1.  3Shape denies that the '707 patent was duly and legally issued. The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 112 not addressed by the foregoing, 3Shape denies them.

113.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 113 not addressed by the foregoing, 3Shape denies them.  3Shape reserves all rights to challenge the validity of the '707 patent.

114.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 114 not addressed by the foregoing, 3Shape denies them.

115.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 115 not addressed by the foregoing, 3Shape denies them..

116.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 116 not addressed by the foregoing, 3Shape denies them.

## UNITED STATES PATENT NO. 9,222,768

117.     3Shape admits that the face of U.S. Patent No. 9,222,768 ("the '768 patent") includes the title "Supplemental Scene Reference Surface Devices for Three-dimensional Mapping" and purports to indicate an issue date of December 29, 2015.  3Shape admits that the patent states on its face that the inventors are Maurice Moshe Ernst, Micha Geffen, Uri Raz, Udi Cohen, and Uri Neta.  3Shape further admits that the Complaint purports to attach a copy of the

'768 patent as Exhibit 2.  3Shape denies that the '768 patent was duly and legally issued.  The remainder of this paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.  To the extent there are any remaining allegations in paragraph 117 not addressed by the foregoing, 3Shape denies them.

118.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 118 not addressed by the foregoing, 3Shape denies them.  3Shape reserves all rights to challenge the validity of the '768 patent.

119.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 119 not addressed by the foregoing, 3Shape denies them.

120.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 120 not addressed by the foregoing, 3Shape denies them.

121.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 121 not addressed by the foregoing, 3Shape denies them.

**RESPONSE TO DENSYS'S CLAIMS FOR RELIEF**

**Count I – Infringement of United States Patent No. 6,402,707**

122.    3Shape repeats, realleges, and incorporates by reference, as if fully set forth here, the responses of the preceding paragraphs, as set forth above.

123.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 123 not addressed by the foregoing, 3Shape denies them.

124.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 124 not addressed by the foregoing, 3Shape denies them.

125.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 125 not addressed by the foregoing, 3Shape denies them.

126.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 126 not addressed by the foregoing, 3Shape denies them.

127.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 127 not addressed by the foregoing, 3Shape denies them.

128.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 128 not addressed by the foregoing, 3Shape denies them.

129.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 129 not addressed by the foregoing, 3Shape denies them.

130.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 130 not addressed by the foregoing, 3Shape denies them.

131.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 131 not addressed by the foregoing, 3Shape denies them.

132.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 132 not addressed by the foregoing, 3Shape denies them.

133.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 133 not addressed by the

foregoing, 3Shape denies them.

134.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 134 not addressed by the foregoing, 3Shape denies them.

135.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 135 not addressed by the foregoing, 3Shape denies them.

136.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 136 not addressed by the foregoing, 3Shape denies them.

137.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 137 not addressed by the foregoing, 3Shape denies them.

138.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 138 not addressed by the foregoing, 3Shape denies them.

139.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.

To the extent there are any remaining allegations in paragraph 139 not addressed by the foregoing, 3Shape denies them.

140.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 140 not addressed by the foregoing, 3Shape denies them.

141.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 141 not addressed by the foregoing, 3Shape denies them.

142.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 142 not addressed by the foregoing, 3Shape denies them.

143.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 143 not addressed by the foregoing, 3Shape denies them.

144.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 144 not addressed by the foregoing, 3Shape denies them.

145.    Paragraph 145 contains no allegations.  To the extent any portions of paragraph

145 are construed as allegations, 3Shape denies them.

146.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 146 not addressed by the foregoing, 3Shape denies them.

147.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 147 not addressed by the foregoing, 3Shape denies them.

148.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 148 not addressed by the foregoing, 3Shape denies them.

149.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 149 not addressed by the foregoing, 3Shape denies them.

150.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 150 not addressed by the foregoing, 3Shape denies them.

151.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context.

To the extent there are any remaining allegations in paragraph 151 not addressed by the foregoing, 3Shape denies them.

152.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 152 not addressed by the foregoing, 3Shape denies them.

153.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 153 not addressed by the foregoing, 3Shape denies them.

154.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 154 not addressed by the foregoing, 3Shape denies them.

155.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 155 not addressed by the foregoing, 3Shape denies them.

156.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 156 not addressed by the foregoing, 3Shape denies them.

157.    This paragraph contains legal conclusions to which no response is required or

legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 157 not addressed by the foregoing, 3Shape denies them.

158.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 158 not addressed by the foregoing, 3Shape denies them.

## Count II – Infringement of United States Patent No. 9,222,768

159.     3Shape repeats, realleges, and incorporates by reference, as if fully set forth here, the responses of the preceding paragraphs, as set forth above.

160.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 160 not addressed by the foregoing, 3Shape denies them.

161.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 161 not addressed by the foregoing, 3Shape denies them.

162.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 162 not addressed by the foregoing, 3Shape denies them.

163.     This paragraph contains legal conclusions to which no response is required or

legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 163 not addressed by the foregoing, 3Shape denies them.

164.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 164 not addressed by the foregoing, 3Shape denies them.

165.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 165 not addressed by the foregoing, 3Shape denies them.

166.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 166 not addressed by the foregoing, 3Shape denies them.

167.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 167 not addressed by the foregoing, 3Shape denies them.

168.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 168 not addressed by the foregoing, 3Shape denies them.

169.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 169 not addressed by the foregoing, 3Shape denies them.

170.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 170 not addressed by the foregoing, 3Shape denies them.

171.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 171 not addressed by the foregoing, 3Shape denies them.

172.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 172 not addressed by the foregoing, 3Shape denies them.

173.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 173 not addressed by the foregoing, 3Shape denies them.

174.    This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 174 not addressed by the

foregoing, 3Shape denies them.

175.     This paragraph contains legal conclusions to which no response is required or legal terms of art or other terminology which have not been sufficiently defined in this context. To the extent there are any remaining allegations in paragraph 175 not addressed by the foregoing, 3Shape denies them.

## JURY DEMANDED

176.     Paragraph 176 contains no allegations.  To the extent any portions of paragraph 176 are construed as allegations, 3Shape denies them.

## DENSYS'S PRAYER FOR RELIEF

3Shape denies that Densys is entitled to any of the relief requested by the Complaint, or any other remedy or relief whatsoever.

## 3SHAPE'S AFFIRMATIVE DEFENSES

Without any admission as to burden of proof, burden of persuasion, or the truth of any of the allegations in Densys's Complaint, 3Shape currently asserts the following defenses. Discovery has not yet begun and 3Shape has not had sufficient time or opportunity to collect and review all of the information that may be relevant to the matters raised herein.  Accordingly, 3Shape reserves the right to assert additional defenses, as warranted by the facts learned through investigation and discovery.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE: NON-INFRINGEMENT

3Shape has not imported, sold for importation, or sold within the United States after importation, any product that is covered by any valid and enforceable claim of the '707 or '768

patents.  3Shape does not directly or indirectly infringe any valid or enforceable claim of the

patents, either literally or under the doctrine of equivalents, either before, at, or after the time of

importation or sale.  3Shape does not induce infringement by any other party or non-party and

does not contribute to infringement by any other party or non-party.  Densys has not met and

cannot meet its burden of proof to show direct or indirect infringement, either literally or under

the doctrine of equivalents.

### THIRD DEFENSE: INVALIDITY

The claims of the '707 and '768 patents are invalid under one or more provisions of the

U.S. Patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116,

119, 132, 251, 256 and/or 282.

Specifically, one or more claims of the Asserted Patents are invalid for failure to satisfy

the requirements of 35 U.S.C. § 101.  In particular, one or more claims of the Asserted Patents

do not relate to a new and useful process, machine, manufacture, or composition of matter, or

any new and useful improvement thereof.

One or more claims of the Asserted Patents are also invalid under 35 U.S.C. §§ 102 or

103 as anticipated by or obvious over one or more of the prior art references cited by the

examiner during prosecution of the Asserted Patents and related applications, disclosed during

prosecution of those applications, that will be disclosed in 3Shape's Notice of Prior Art, and/or

combinations thereof.

Further, one or more claims of the Asserted Patents are invalid for failure to comply with

the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description,

failure to particularly point out and distinctly claim the alleged invention, failure to enable a

person of ordinary skill in the art to make and use the alleged invention without undue

experimentation, failure to disclose the best mode of practicing the alleged invention, and/or failure to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

Because discovery has not begun and the claims have yet to be construed, 3Shape reserves the right to rely on additional prior art for the purposes of this defense insofar as it identifies such art during the course of this investigation.  3Shape also reserves the right to rely on additional grounds of invalidity as it identifies such grounds during the course of this investigation.

**FOURTH DEFENSE: DISCLAIMER AND PROSECUTION HISTORY ESTOPPEL**

Based on admissions and statements made (a) to the USPTO during prosecution of the Asserted Patents or related patent applications, and (b) in the specifications of the Asserted Patents, Densys cannot rely on the doctrine of equivalents or advance certain constructions that were disclaimed during prosecution of the patents or that are otherwise preclude by the doctrine of prosecution history estoppel.

**FIFTH DEFENSE: EQUITABLE ESTOPPEL, WAIVER, AND ACQUIESCENCE**

Densys's infringement claims are barred, in whole or in part, by the doctrines of equitable estoppel, waiver, and acquiescence.  Specifically, as one example, Densys purported to have knowledge of 3Shape's alleged infringement of at least the '707 patent as of March 22, 2012, the date the letter referenced in Densys's complaint was allegedly sent to 3Shape's Mr. Thorup on behalf of Densys.  However, Densys waited over seven (7) years after sending that letter to re-raise those allegations of infringement in its complaint here.  Densys has no reasonable excuse or explanation for this unreasonable delay.

**SIXTH DEFENSE: LICENSE AND EXHAUSTION**

Densys's infringement claims fail to the extent the Accused Products are expressly or impliedly licensed under the Asserted Patents, and to the extent Densys's alleged rights in the patents have been exhausted.

### SEVENTH DEFENSE: LACK OF STANDING

Densys does not have standing to assert claims for patent infringement under 35 U.S.C. § 271(a), (b), and (c).

### EIGHTH DEFENSE: LIMITATION ON DAMAGES

Densys is not entitled to damages for any alleged infringement committed more than six years prior to filing its complaint under 35 U.S.C. § 286.

### ADDITIONAL DEFENSES

3Shape reserves the right to amend this Answer to include other affirmative defenses that 3Shape may learn of during the course of this action, including without limitation, unenforceability and inequitable conduct as they become known throughout the course of discovery, that Plaintiff has failed to aver any facts supporting the conclusion that they have suffered any irreparable injury or harm under 35 U.S.C. § 283, and that Plaintiff has failed to aver any facts supporting that this is an exceptional case and/or an award of attorney's fees under 35 U.S.C. § 285.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed with prejudice and that Defendants be awarded the costs of this action, its attorneys' fees, and all other relief that this Court deems just and proper.

### 3SHAPE'S COUNTERCLAIMS

1.     Counterclaim-Plaintiffs 3Shape Trios A/S and 3Shape A/S (collectively, "3Shape") are Danish corporations with their principal places of business at Holmens Kanal 7,

1060 Copenhagen K, Denmark.

2.      Upon information and belief, Counterclaim-Defendant Densys Ltd. ("Densys") is an Israeli company with its principal place of business at Ha-Marpe 3, AVX building, Har Hotzvim, Jerusalem 97774, Israel.

3.      3Shape's counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      This Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.      This Court has personal jurisdiction over Densys because Densys has availed itself of the rights and privileges of this forum by bringing this civil action in this judicial district and because, upon information and belief, Densys conducts substantial business in, and has regular and systematic contact with, this judicial district.

6.      Venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**COUNT I: DECLARATORY JUDGMENT OF INVALIDITY OF THE '707 PATENT**

7.      3Shape restates and realleges each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

8.      3Shape is entitled to a declaration that the asserted claims of the '707 patent are invalid pursuant to at least 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256 and/or 282.

**COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '707 PATENT**

9.      3Shape restates and realleges each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

10.     3Shape is entitled to a declaration that it does not infringe the asserted claims of the '707 patent.

## COUNT III: DECLARATORY JUDGMENT OF INVALIDITY OF THE '768 PATENT

11.     3Shape restates and realleges each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

12.     3Shape is entitled to a declaration that the asserted claims of the '768 patent are invalid pursuant to at least 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256 and/or 282.

## COUNT IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '768 PATENT

13.     3Shape restates and realleges each of the foregoing paragraphs of the Counterclaims as if fully set forth herein.

14.     3Shape is entitled to a declaration that it does not infringe the asserted claims of the '768 patent.

## <u>3SHAPE'S PRAYER FOR RELIEF</u>

WHEREFORE, 3Shape respectfully requests that this Court enter a judgment in its favor and against Densys as follows:

   a.     Dismissing the Complaint with prejudice and entering judgment for 3Shape;

   b.     Declaring that the '707 patent is invalid;

   c.     Declaring that 3Shape has not infringed any valid and enforceable claim of the '707 patent;

   d.     Declaring that the '768 patent is invalid;

   e.     Declaring that 3Shape has not infringed any valid and enforceable

claim of the '768 patent;

f.      Awarding 3Shape its reasonable attorney's fees, costs, and

expenses incurred in this action; and

g.      Awarding any such other and further relief as this Court may deem

proper.

Dated: June 18, 2020                           Respectfully submitted,

                                               /s/ Max Ciccarelli
                                               Bruce S. Sostek (No. 18855700)
                                               bruce.sostek@tklaw.com
                                               Max Ciccarelli (No. 00787242)
                                               max.ciccarelli@tklaw.com
                                               Thompson & Knight LLP
Of counsel:                                    One Arts Plaza
                                               1722 Routh Street
Goutam Patnaik                                 Suite 1500
David J. Shaw                                  Dallas, TX 75201-2533
Bryan Cannon                                   Tel: 214.969.1237
Kristie Butler                                 Fax: 214.880.3252
Pepper Hamilton LLP
2000 K Street, N.W.
Suite 600                                      *Counsel for Defendants*
Washington, D.C. 20006-1865                    *3Shape A/S and 3Shape Trios A/S*
Tel: 202.220.1200
Fax: 202.220.1465

William D. Belanger
Frank D. Liu
Brittanee L. Petrik
Pepper Hamilton LLP
19th Floor, High Street Tower
125 High Street
Boston, MA 02110-2736
Tel: 617.204.5100
Fax: 617.204.5150